UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREG GALEN, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  - *against* –<br><br>MOORE CAPITAL MANAGEMENT, LP, MOORE CAPITAL ADVISORS, LLC, MOORE ADVISORS, LTD., and JOHN DOES 1-10,<br><br>        Defendants. | Docket No.<br>10 Civ. 3617 (WHP)<br><br>**ECF CASE** |
| RICHARD WHITE, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  - *against* –<br><br>MOORE CAPITAL MANAGEMENT, LP, MOORE CAPITAL ADVISORS, LLC, MOORE ADVISORS, LTD., CHRISTOPHER PIA, and JOHN DOES 1-10,<br><br>        Defendants. | Docket No.<br>10 Civ. 03634 (WHP)<br><br>**ECF CASE** |
| KEITH KORNELL, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  - *against* –<br><br>MOORE CAPITAL MANAGEMENT, LP, MOORE CAPITAL ADVISORS, LLC, MOORE ADVISORS, LTD., CHRISTOPHER PIA, and JOHN DOES 1-10,<br><br>        Defendants. | Docket No.<br>10 Civ. 4232<br><br>**ECF CASE** |

| | |
|---|---|
| LAWRENCE WAXMAN, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>  - *against* –<br><br>MOORE CAPITAL MANAGEMENT, LP, MOORE CAPITAL ADVISORS, LLC, MOORE ADVISORS, LTD., CHRISTOPHER PIA, and JOHN DOES 1-10,<br><br>         Defendants. | Docket No.<br>10 Civ. 4273<br><br>**ECF CASE** |

## JOINT RULE 26(f) REPORT

Plaintiffs Greg Galen, Richard White, Keith Kornell and Lawrence Waxman (collectively "Plaintiffs") and defendants Moore Capital Management, L.P., Moore Capital Advisors, LLC, Moore Advisors, Ltd., and Christopher Pia (collectively "Defendants"), having conferred by and through their respective counsel by teleconference on June 18, 2010, hereby submit this joint report regarding the matters set forth in Fed. R. Civ. P. 26(f) (the "Joint Report").

  **I.**  **Rule 26(a)(1) Initial Disclosures**.  The parties agreed that required disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be made not later than 14 days after the filing of Plaintiffs' consolidated complaint (the "Consolidated Complaint").

  **II.**  **Document Preservation**.  The parties agreed to take appropriate steps to preserve documents and electronically stored information relevant to the claims and defenses of any party in this action.

1

**III.** **Electronically Stored Information**.  The parties are negotiating and expect to submit for the Court's approval a proposed order governing the production of electronically stored information.

**IV.** **Protective Order**.  The parties are negotiating and expect to submit for the Court's approval a proposed order governing the production of confidential documents and electronically stored information in this case.  The parties anticipate that such proposed order will incorporate the full range of protections available to protect privileged documents under Federal Rule of Evidence 502.

**V.** **Case Management Schedule**.  The parties jointly propose the following preliminary case management schedule:

  a. Consolidated Complaint:

   i. Plaintiffs' position is that the Consolidated Complaint shall be filed within thirty (30) days of the [Proposed] Pre-Trial Order No. 1.

   ii. Defendants' position is that the Consolidated Complaint shall be filed within twenty (20) days after entry of the Joint Report.

  b. Defendants' Motions to Dismiss—Shall be filed within thirty (30) days after the filing of the Consolidated Complaint.

  c. Plaintiffs' Opposition to Motions to Dismiss—Shall be filed within thirty (30) days after the filing of Defendants' Motions to Dismiss.

  d. Defendants' Reply In Further Support of Motions to Dismiss—Reply papers, if any, shall be filed within twenty (20) days after the filing of Plaintiffs' Opposition.

The parties jointly propose that the setting of further case management deadlines in this matter should await the Court's decision on Defendants' anticipated motions to dismiss.

The parties further jointly request that the Court schedule a case management conference after deciding Defendants' motions to dismiss in order to address scheduling and planning issues relating to matters such as scheduling the briefing for class certification, discovery deadlines (including deadlines for expert disclosures) and the setting of a trial date.

**VI.** **Discovery**.

**Plaintiffs' Position**.  Plaintiffs' position is that document discovery should begin immediately and continue on a rolling basis.  Plaintiffs will respond to Defendants' June 22, 2010 letter requesting permission to move for a protective order on or before June 29, 2010 in accordance with this Court's individual practices.  In commodity futures manipulation cases like this one, courts have routinely denied motions to stay discovery and have ordered production of defendant's documents previously produced to governmental entities.  *See, e.g.*, *In re Dairy Farmers of America, Inc. Cheese Antitrust Litigation*, 09-cv-03690 (N.D. Ill. (Hibbler, J.) (court declined to adopt defendants' proposed case management order providing for a stay of discovery pending the resolution of dismissal motions and ordered defendants to produce documents previously produced to the CFTC) (Minute Entry filed March 3, 2010 and Docket No. 75); *Hershey, et al. v. Pacific Investment Mgt. Co. LLC, et al.*, 05-CV-04681 (N.D. Ill.) (Guzman, J.) (denying motion to stay discovery pending resolution of dismissal motions) (Minute Entry filed Aug. 22, 2006).

On June 18, and June 21, 2010, Plaintiffs served requests on Defendants pursuant to Fed. R. Civ. P.  26 and 34 seeking production of, *inter alia*, Defendants' document production to the Commodity Futures Trading Commission ("CFTC").  Defendants' document production to the

CFTC has already been segregated from Defendants' records and is readily accessible such that the burden of production is extremely small.

**Defendants' Position**.  Defendants believe that apart from the initial disclosures required by Fed. R. Civ. P. 26(a)(1), all discovery should be stayed pending the determination of Defendants' Motion to Dismiss Plaintiffs' Consolidated Complaint, the filing of which Plaintiffs have consented to.  By letter dated June 22, 2010, Defendants formally requested permission to move for such a stay.  Stays of discovery pending the resolution of a motion to dismiss are frequently granted in this district.  *See, e.g., Integrated Sys. and Power, Inc. v. Honeywell Int'l Inc.*, No. 09 CV 5874, 2009 WL 2777076 (S.D.N.Y. Sept. 1 2009); *Avnet Inc. v. Am. Motorists Ins. Co.*, 115 F.R.D. 588 (S.D.N.Y. 1987); *Rivera v. Heyman*, No. 96 CV 4489, 1997 WL 86394; *Dove v. Atlantic Capital Corp.*, 963 F. 2d 15 (2d Cir. 1992).  Defendants dispute Plaintiffs' statement above regarding the burden associated with producing documents already produced to the CFTC for a variety of reasons, including but not limited to those set forth in Defendants' June 22, 2010 letter to the Court.

VII.   **Discovery Limitations**.  The parties agree that the presumptive limit of depositions set forth in Fed. R. Civ. P. 30(a)(2)(A)(i) should be expanded.  Plaintiffs' position is that the number of fact depositions should be expanded to 35 per side without further leave of Court.  Plaintiffs' further position is that any deposition noticed pursuant to Fed. R. Civ. P. 30(b)(6) should count as one deposition against the foregoing limits notwithstanding the number of witnesses designated to testify.  Defendants' position is that the number of fact depositions should be expanded to 25 per side without further leave of Court.  Defendants disagree with Plaintiffs' position that a Fed. R. Civ. P. 30(b)(6) deposition, no matter how broad, shall be treated as a single deposition.

Nothing contained herein shall prevent any party from seeking leave of the Court to take additional depositions upon a showing of good cause, or to expand the duration of any deposition beyond one day of seven hours limitation set forth in Fed. R. Civ. P. 30(d)(1) if needed to complete the fair deposition of a witness.  Furthermore, nothing contained herein shall prevent or limit any party from objecting to discovery notices or requests, or from seeking relief from the Court with regard to any party's discovery notices or requests, or prevent or limit any party from seeking relief from the Court with regard to limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

**VIII.   Settlement**.   The parties raised the issue of settlement and concluded that it was premature to explore settlement.

Dated:  New York, New York
        June 23, 2010


By:         /s/
        Christopher Lovell
        **Lovell Stewart Halebian Jacobson LLP**
        61 Broadway Suite 501
        New York, New York 10006
        Telephone:   (212) 608-1900
        *Counsel for Plaintiffs Galen and Kornell*

By:         /s/
        Vincent Briganti
        **Lowey Dannenberg Cohen & Hart, P.C.**
        White Plains Plaza
        One North Broadway
        White Plains, New York 10601-2310
        Telephone:   (914) 997-0500
        *Counsel for Plaintiffs White and Waxman*

By:         /s/
        David M. Zensky
        **Akin Gump Strauss Hauer & Feld LLP**
        One Bryant Park
        New York, New York 10036

5

Telephone:   (212) 872-1000
*Counsel for Defendants Moore Capital Management L.P.,
  Moore Capital Advisors, LLC & Moore Advisors, Ltd.*

By:   _____/s_____
Jennifer L. Rochon
**Kramer Levin Naftalis & Frankel LLP**
1177 Avenue of the Americas
New York, New York 10036
Telephone:   (212) 715-9100
*Counsel for Defendant Christopher Pia*


Dated: _____, 2010                **SO ORDERED**:

                                       _____
                                       Honorable William H. Pauley III
                                       United States District Judge