UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
                                   :
IN RE: PLATINUM AND PALLADIUM      :    10 Civ. 3617 (WHP)
COMMODITIES LITIGATION             :
                                   :    MEMORANDUM & ORDER
----------------------------------X
                                   :
THIS DOCUMENT RELATES TO:          :
                                   :
ALL ACTIONS                        :
                                   :
----------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/21/11

WILLIAM H. PAULEY III, District Judge:

        Plaintiffs are purchasers and sellers of platinum and palladium futures contracts as well as the metals themselves. They seek leave to file their Third Amended Complaint (the "Complaint") in this consolidated action under seal. Their request is accompanied by a heavily redacted version of the Complaint for public filing. Defendants are Moore Capital and related entities, Christopher Pia, a portfolio manager, and MF Global. They support the proposed redactions.[1] (Letter from Christopher Lovell to the Court dated Nov. 16, 2011) (ECF No. 79.) Nevertheless, Plaintiffs' request for leave to file the Complaint under seal is denied without prejudice. Because the absurd and overbroad redactions need to be seen to be believed, this Court has docketed the redacted Complaint for public view at ECF No. 80.

        On November 30, 2010, this Court entered an Order granting in part and denying in part Defendants' motion for a stay of discovery pending the resolution of their motion to dismiss the First Amended Complaint. In that Order, this Court directed Defendants to provide

---

[1] This action is stayed with respect to MF Global, and it has expressed no opinion on the redactions.

Plaintiffs with documents they previously produced to the Commodity Futures Trading Commission. Because those documents contained sensitive information, this Court authorized Defendants to redact any personal employee information or proprietary trading information unrelated to the allegations in the pleadings.

This Court approved the parties' Confidentiality Stipulation and Protective Order on January 10, 2011. Defendants then produced to Plaintiffs approximately 250,000 pages of material previously provided to the CFTC, designating all of it as confidential under the Protective Order. Plaintiffs now propose to redact all references to confidential CFTC material from the Complaint. The proposed redactions render the Complaint incomprehensible and uninformative.

Despite their sweeping redactions, Plaintiffs claim to recognize the "strong presumption of public access to court records" in federal litigation. Standard Chartered Bank Int'l (Americas) Ltd. v. Calvo, 757 F. Supp. 2d 258, 259 (S.D.N.Y. 2010). As this Court explained in Standard Chartered Bank, courts must be leery of confidentiality requests that "permit the parochial interest of one party to trump the public interest in the efficient and transparent administration of justice." 757 F. Supp. 2d at 260. Recently, the Judicial Conference of the United States reaffirmed this principle, acknowledging that "sealing an entire case file is a last resort." Judicial Conference of the United States, Judicial Conference Policy on Sealed Cases (Sept. 13, 2011).

While Plaintiffs purport to withhold only certain discreet information from the Complaint, their copious redactions would have the practical effect of sealing the entire case. For instance, an interested citizen reading the proposed redacted Complaint would have no idea

what to make of page fifty-five, where the only visible words are "[o]n or about March 31, 2008 [redacted] MF Global" and "[o]n or about April 17, 2008 [redacted]." And even if that citizen pressed forward, he would surely be flummoxed by Paragraph 172 of the redacted Complaint, which provides "[o]n [readacted] out of the [redacted] ([redacted] %) bang the close trading days, [redacted]." In yet another exercise in wantonness, Plaintiffs propose redacting even the paragraph number 172 itself from the public Complaint.

As these examples demonstrate, Plaintiff's proposed redactions would make public monitoring of this action an exercise in futility akin to Waiting for Godot. But "[w]ithout monitoring . . . the public could have no confidence in the conscientiousness, reasonableness, or honesty of judicial proceedings." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006) (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995)). And because the proposed redactions do not protect law enforcement, classified information, or legitimate privacy interests, they simply have no place in this presumptively public lawsuit. See Standard Chartered Bank, 757 F. Supp. 2d at 260.

For the foregoing reasons, Plaintiffs' request for leave to file the Third Amended Complaint under seal is denied without prejudice. If Plaintiffs wish to renew their application to file the Third Amended Complaint under seal, they must submit a proposed public version that withholds only personal employee information and bona fide proprietary trade secrets by December 5, 2011. Otherwise, Plaintiffs are directed to file an unredacted version of the Complaint with the Clerk of the Court on December 6, 2011.

Dated: November 21, 2011
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*All Counsel of Record*