# Exhibit A-3

# ESCROW AGREEMENT

**THIS ESCROW AGREEMENT**, dated as of March ___, 2014 (this "Agreement"), is entered by and among; defendants Moore Capital Management, LP; Moore Capital Management, LLC; Moore Capital Advisors, LLC; Moore Advisors, Ltd.; Moore Macro Fund, LP; Moore Global Fixed Income Master Fund, LP ("Defendants"); Akin Gump Strauss Hauer & Feld, as counsel for Defendants ("Akin Gump"); F.W. DeVito, Inc. Retirement Plan Trust ("DeVito Trust"), Frederick DeVito, Mary DeVito, David W. DeVito and Russell W. Andrews ("Plaintiffs"), individually, and as representatives of the certified Class in the Litigation (as defined below); Doyle Lowther LLP, ("Physical Lead Class Counsel"); and A.B. Data, Inc., in the capacity of Escrow Agent (as defined below).

## RECITALS:

**WHEREAS,** Defendants and the Plaintiffs are parties to a certified class action litigation captioned *In Re: Platinum and Palladium Commodities Litigation* (Platinum/Palladium Physical Action) (WHP) (S.D.N.Y.) (the "Litigation") filed in the United States District Court for the Southern District of New York ("Court");

**WHEREAS,** Defendants, other parties named as defendants in the Litigation, and Plaintiffs have reached an agreement with respect to the settlement and resolution of the Litigation as reflected in the Stipulation and Agreement of Settlement among such parties, dated March 21, 2014 (the "Settlement Agreement), a true and correct copy of which is attached hereto as Exhibit 1.

**WHEREAS,** the Settlement Agreement has been submitted to, and is subject to the approval of, the Court; and

**WHEREAS,** the Settlement Agreement contemplates the execution and delivery of this Agreement and the deposit of cash by Defendants into an escrow account to be controlled and disbursed by the Escrow Agent in accordance with the terms of the Settlement Agreement.

**NOW THEREFORE**, in consideration of the foregoing, the mutual covenants and agreements set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties hereto, hereby agree as follows:

## AGREEMENT:

1. Definitions:

    (a) All capitalized terms used herein and not otherwise defined shall have meaning ascribed thereto in the Stipulation and Agreement of Settlement.

    (b) "Bank" shall mean The Huntington National Bank.

1

104767534 v5

(c) "Business Day" means any day other than a Saturday or a Sunday or a day on which banks located in New York, New York generally are authorized or required by law to close.

(d) "Code" means the Internal Revenue Code of 1986, as amended.

(e) "Escrow Agent" means A.B. Data, Inc. or any successor escrow agent appointed pursuant to Section 9 hereof.

(f) "Escrow Account" means an account established by Escrow Agent with the Bank to directly receive Defendants' deposit of the Settlement Funds, as more specifically described in Section 3 below.

(g) "Escrow Funds" means (i) the one hundred fifty thousand dollars ($150,000) deposited by the Defendants into the Escrow Account, (ii) any and all earnings and/or interest from investment of the Settlement Funds, and (iii) any additional proceeds from the Settlement that may be deposited into the Escrow Account.

(h) "Regulations" means the income tax regulations, including temporary regulations promulgated under the Code, as such regulations are amended from time to time.

(i) "Settlement" means the settlement of the Litigation pursuant to the terms of the Settlement Agreement.

(j) "Tax Expenses" shall have the meaning ascribed thereto in Section 8(c) below.

(k) "Taxes" shall have the meaning ascribed thereto in Section 8(c) below.

(l) "Terminating Event" shall have the meaning ascribed thereto in Section 7 below.

(m) "Written Direction" shall mean a written notification, signed by both Physical Lead Class Counsel, and by Akin Gump, substantially in the form attached hereto as Exhibit B.

2. Appointment of and Acceptance by Escrow Agent. Physical Lead Class Counsel, on behalf of the Plaintiffs and Class members and themselves, and Akin Gump, on behalf of Defendants, hereby appoint A.B. Data Ltd. to serve as Escrow Agent under the terms and conditions of this Agreement. Escrow Agent hereby accepts such appointment, and agrees to control and disburse the Escrow Funds, subject to and in accordance with the terms and conditions of the Settlement Agreement.

3. Establishment of Escrow Account. The Escrow Agent has established an escrow account with the Bank. The name of the Escrow Account is: *In Re: Platinum and Palladium Commodities Litigation Physical Fund (QSF)*. The wire instructions for the Escrow Account have been provided to Physical Lead Class Counsel and Akin Gump.

4. Deposit of Escrow Funds. No later than fourteen (14) calendar days after the Scheduling Order is entered, Defendants shall deposit via wire transfer directly into the Escrow Account an amount in cash equal to one hundred fifty thousand dollars ($150,000). Promptly upon receipt of

2

notification and confirmation of the foregoing funds, as well as any Welsh Settlement Consideration, Escrow Agent shall confirm in writing to Physical Lead Class Counsel and Akin Gump their receipt into the Escrow Account.

5. <u>Investment of the Escrow Funds</u>.

    (a)    The Escrow Funds shall be invested and reinvested in any one or a combination of the following investment options pursuant to Written Directions signed by both Physical Lead Class Counsel and Akin Gump: (i) obligations issued or guaranteed by the United States of America or its agencies or instrumentalities with maturity dates of one year or less; (ii) certificates of deposit with maturity dates of ninety (90) days or less issued by any United States bank having combined capital, surplus and undistributed profits of at least $15,000,000,000, (iii) repurchase agreements fully collateralized by securities described in clause (i); (iv) money market funds having a rating in the highest investment category granted thereby by a nationally recognized credit rating agency at the time of acquisition; or (v) demand deposits with any United States bank having combined capital, surplus and undistributed profits of at least $15,000,000,000.  In the event no written investment instructions are received by the Escrow Agent, the Escrow Funds shall be invested and reinvested in (i) above.  The Escrow Funds shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as the Escrow Funds are fully distributed or upon further order(s) of the Court.

    (b)    To the extent practicable, monies and income credited to the Escrow Account shall be invested in such a manner so as to be available for uses at the times where monies are expected to be disbursed by the Escrow Agent as set forth herein.

    (c)    The Escrow Agent shall have no responsibility for any investment losses resulting from the investment, reinvestment or liquidation of the Escrow Funds if done in accordance with the terms of this Agreement.

6.    <u>Disbursement of Escrow Funds</u>.  Subject to the terms hereof, Escrow Agent shall only disburse the Escrow Funds in accordance with the following:

    i)    Escrow Agent shall transfer and distribute the Escrow Funds in accordance with a Written Direction signed by both Physical Lead Class Counsel and Akin Gump.

    ii)    Escrow Agent shall otherwise dispose of the Escrow Funds as the Court may direct by an order issued in the Litigation.

    iii)    Escrow Agent shall withhold from such transfer and distribution amounts necessary for payment of or reserves for payment of Taxes, associated Tax Expenses (if any) and expenses of Escrow Agent in connection herewith.

    iv)    Notwithstanding anything in this Paragraph 6, upon entry of the Scheduling Order, up to $150,000.00 in the aggregate of the Settlement Fund may be disbursed upon instruction by Physical Lead Class Counsel from the Escrow Account and used for Class notice and administration expenses without further order of the Court.

7. <u>Termination of Settlement Agreement</u>.  If the Settlement in this action is not approved or the Settlement Agreement is terminated, canceled, or voided for any reason (a "<u>Terminating Event</u>"), all Escrow Funds paid into the Escrow Account by Defendants (and all interest and/or earnings incurred thereon) shall be refunded to Defendants net of any disbursements from the Escrow Account in accordance with Section 6 of this Agreement.  In such case, the refund shall occur within five (5) Business Days of (i) Physical Lead Class Counsel and Akin Gump providing Written Directions notifying Escrow Agent of the Terminating Event, (ii) receipt of notice by the Court in the Litigation notifying the Escrow Agent of a Terminating Event or (iii) receipt of an order issued by the Court in the Litigation directing that the Escrow Funds be refunded to Defendants.  Physical Lead Class Counsel of Akin Gump will promptly notify the Escrow Agent upon occurrence of a Terminating Event.  The refund to Defendants shall be reduced by any Taxes and Tax Expenses (as those terms are defined below) paid or owed, as applicable, to the date of the Terminating Event, unless otherwise set forth in the applicable Court order.

8. <u>Preparation and Payment of Taxes</u>.

(a) The Defendants and Plaintiffs agree that the Escrow Account is to be treated for federal income tax purposes as a qualified settlement fund within the meaning of Section 468B of the Code and the regulations promulgated thereunder.  The Defendants, Plaintiffs and Escrow Agent will take all steps necessary to ensure that the Escrow Account will qualify as and will remain a qualified settlement fund within the meaning of Section 468B of the Code and the Regulations promulgated thereunder.  The Defendants and Plaintiffs agree that A.B. Data Ltd. shall, in addition to serving as Escrow Agent, also be appointed tax administrator as defined under Section 1.468B-2(k)(3) of the Regulations (the "<u>Tax Administrator</u>") of the Escrow Account and as such will file such federal, state or local returns, pay such federal, state or local taxes, comply with applicable federal, state or local information reporting requirements and otherwise generally comply with the rules and regulations applicable to qualified settlement funds under the Code, relevant Regulations and relevant provisions of state and local tax law.  The Tax Administrator and the Escrow Agent shall be empowered to take all such actions, including such actions as may be inconsistent with those expressly set forth above, as deemed necessary to ensure that the Escrow Account is treated as a qualified settlement fund under Section 468B of the Code and the Regulations promulgated thereunder. Further, the Tax Administrator may request that the parties petition the Court to amend, either in whole or in part, any administrative provision of this Escrow Agreement, which causes unanticipated tax consequences or liabilities inconsistent with the foregoing.

(b) The Tax Administrator shall, on behalf of the Escrow Agent, apply for an employer identification number for the Escrow Account in accordance with Section 1.468B-2(k)(4) of the Regulations and provide the Escrow Agent with the appropriate IRS Form W9 as soon as available.

(c) It is further intended that all transfers to the Escrow Account by the Defendants will satisfy the "all events test" and the "economic performance" requirement of Section 461(h)(1) of the Code. The Escrow Account shall be subject to annual U.S. federal income tax as provided in Section 468B(b) of the Code and the Regulations promulgated thereunder. All taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by

4

each Escrow Account ("Taxes") shall be paid out of such Escrow Account. Expenses and costs incurred in connection with the operation and implementation of this Section 8(d) (including, without limitation, reasonable and customary out-of-pocket expenses of tax attorneys and/or accountants and reasonable and customary mailing and distribution costs and expenses relating to filing (or failing to file) the returns described herein) ("Tax Expenses"), shall be paid in accordance with Section 12 below. Further, Taxes shall be treated as, and considered to be, a cost of administration of the Settlement Agreement and shall be timely paid out of each Escrow Account without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Physical Class Members any monies necessary to pay such amounts including the establishment of adequate reserves for any Taxes and (as well as any amounts that may be required to be withheld under Section 1.468B-2(l) of the Regulations under Information Reporting and Withholding Requirements, all as directed by terms of the Settlement and/or orders.

(d) The Tax Administrator, and, as required, the Defendants, shall jointly and timely make (or cause to be jointly and timely made) the "relation-back election" (as defined in Section 1.468B-1(j)(2)) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations (or any successor regulations). It shall be the responsibility of the Tax Administrator to timely and properly prepare, and deliver the necessary documentation (including but not limited to the disclosures and elections referred to above) for signature by all necessary parties, and thereafter to cause the appropriate filing to occur through either in the qualified settlement fund income tax return and through supplying the Defendants a copy of the executed election statement for inclusion in its income tax return.

(e) The parties hereto acknowledge that the Tax Administrator shall not be held accountable for any fines, penalties or interest associated with late filings and/or late payments as a result of the failure or refusal of others to cooperate with the Tax Administrator causing such filings and/or payments not to occur on a timely basis. The Tax Administrator may retain or hire a qualified third party or parties (each a "Qualified Third Party") to perform any of its duties or responsibilities specified herein or in Section 468B of the Code. The fees or costs of such Qualified Third Party shall be billed to the Tax Administrator and shall be paid from amounts on deposit in the Settlement Fund; provided, however, that in no event shall the fees or costs paid to such Qualified Third Parties exceed $50,000 in the aggregate.

(f) Defendants, Physical Plaintiffs and Physical Lead Class Counsel are not responsible and shall have no liability therefore or for any reporting requirements that may relate thereto. The parties hereto agree to exercise their commercially reasonable efforts to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Paragraph.

9. Resignation and Removal of Escrow Agent.

(a) Escrow Agent may resign from the performance of its duties hereunder at any time by giving thirty (30) days prior written notice of its resignation to Physical Lead Class Counsel and Akin Gump or may be removed, with or without cause, by Physical Lead Class Counsel and Akin Gump by them collectively furnishing thirty (30) days prior written notice to

5

Escrow Agent. Such resignation or removal shall take effect upon the earlier of: (a) the appointment of a successor Escrow Agent as provided below, or (b) thirty (30) days after the written notice referenced above is received by Physical Lead Class Counsel and Akin Gump.

(b) Upon any such notice of resignation or removal, Physical Lead Class Counsel and Akin Gump shall jointly appoint a successor Escrow Agent hereunder. Upon the acceptance in writing of any appointment as Escrow Agent hereunder by a successor Escrow Agent, such successor Escrow Agent shall thereupon succeed to and become vested with all the rights, powers, privileges and duties of the retiring Escrow Agent, and the retiring Escrow Agent shall be discharged from its duties and obligations under this Agreement, but shall not be discharged from any liability for actions taken as Escrow Agent hereunder prior to such succession.

(c) The retiring Escrow Agent shall transmit all records pertaining to the Escrow Funds and shall transfer all Escrow Funds to the successor Escrow Agent, after making copies of such records as the retiring Escrow Agent deems advisable. If Physical Lead Class Counsel and Akin Gump fail to designate a successor Escrow Agent within thirty (30) days of receiving Escrow Agent's written notice of resignation, Escrow Agent may, at its sole discretion and option, petition any court of competent jurisdiction for the appointment of a successor Escrow Agent. Notwithstanding anything to the contrary in the foregoing, the Escrow Agent or any successor escrow agent shall continue to act as Escrow Agent until a successor is appointed and qualified to act as Escrow Agent hereunder.

10. **Conflicting Demands or Claims**. In the event Escrow Agent receives or becomes aware of conflicting demands or claims with respect to some or all of the Escrow Funds or the rights of any of the parties hereto, Escrow Agent shall have the right to discontinue any or all further acts with respect to the Escrow Funds in question until such conflict is resolved. Escrow Agent shall have the further right to commence or defend an action or proceeding for the resolution of such conflict. The Escrow Agent shall have the option, after 30 calendar days' notice to the other parties of its intention to do so, to file an action in interpleader requiring the parties to answer and litigate any claims and rights among themselves.

11. **Liability of Escrow Agent**. The duties and obligations of Escrow Agent shall be determined by the express provisions of this Agreement, and no implied duties or obligations shall be inferred or otherwise imposed upon or against Escrow Agent, and Escrow Agent shall not be liable except for the performance of such duties and obligations as are specifically set out in this Escrow. Escrow Agent shall be protected in acting upon any written notice, request, waiver, consent, certificate, receipt, authorization, power of attorney or other paper or document which Escrow Agent in good faith believes to be genuine and what it purports to be, including, but not limited to, items requesting or authorizing release, disbursement or retainage of the subject matter of this Agreement and items amending the terms of this Agreement. It is expressly understood that Escrow Agent is obligated only to receive, hold and invest the Escrow Funds as set forth in this Agreement, and to disburse the same in accordance with the Written Instructions given under the provisions of this Agreement. Escrow Agent shall not be liable or responsible to anyone for any damages, losses or expenses unless the same shall be caused by the gross negligence, bad faith, fraud, or willful misconduct of Escrow Agent (provided that, if any Escrow Funds are placed in the wrong account or otherwise misplaced due to the Escrow Agent's mistake, said Escrow Funds shall be returned or reimbursed to the Escrow Account by

6

the Escrow Agent). In any event, Escrow Agent's liability shall not exceed the return or reimbursement of the Escrow Account, plus interest accruing thereon, as it is then constituted as set forth in the preceding sentence. The other parties to this Agreement agree to and hereby waive any suit, claim demand or cause of action of any kind which it or they may have or may assert against Escrow Agent arising out of or relating to the execution or performance by Escrow Agent under this Agreement, unless such suit, claim, demand or cause of action is based upon gross negligence, bad faith, fraud, or willful misconduct of Escrow Agent. The other parties to this Agreement further agree to indemnify and hold harmless Escrow Agent against and from any and all claims, demands, costs, liabilities and expenses, including reasonable attorneys' fees and expenses, which may be asserted against Escrow Agent or to which it may be exposed or which it may incur by reason of its execution or performance under this Agreement, except those resulting from gross negligence, bad faith, fraud, or willful misconduct. This Paragraph shall survive the termination of this Agreement for any reason.

12. <u>Compensation of Escrow Agent</u>. Escrow Agent shall be entitled to reasonable compensation as agreed among Escrow Agent, Physical Lead Class Counsel and Akin Gump, as well as reimbursement for its reasonable costs and expenses incurred in connection with the performance of its obligations under this Agreement (including, without limitation, reasonable attorneys' fees and legal expenses). Physical Lead Class Counsel shall be solely responsible for effectuating payment to the Escrow Agent to which it is entitled under this Section, and any such compensation shall be from the Escrow Funds.

13. <u>Reports and Accounting</u>. Escrow Agent will provide reports as requested to Physical Lead Class Counsel and Akin Gump reflecting income and disbursement activity in the Escrow Account for the period and year to date. The Escrow Agent shall further issue a final report and accounting that summarizes the income, expenses, and disbursements associated with the administration of the Escrow Account and such other reports as request may reasonably require from time to time. Escrow Agent shall provide copies of the final report and accounting as requested to the parties.

14. <u>Notices</u>. All notices and other communications hereunder shall be in writing and shall be deemed to have been validly served, given or delivered five (5) days after deposit in the United States mail, by certified mail with return receipt requested and postage prepaid, when delivered personally, one (1) day after delivery to any overnight courier, or when transmitted by facsimile transmission facilities, and addressed to the party entitled to be notified as follows:

    If to Physical Lead Class Counsel, then to:

        John Lowther
        **DOYLE LOWTHER LLP**
        10200 Willow Creek Road, Suite 150
        San Diego, California 92131
        Telephone: (858) 935-9960
        Facsimile: (858) 939-1939
        john@doylelowther.com

   If to Akin Gump, then to:

    David Zensky
    **AKIN GUMP STRAUSS HAUER & FELD**
    One Bryant Park
    New York, New York 10036
    Tel: (212) 872-1000
    dzensky@akingump.com

   If to Escrow Agent, then to:

    Anya Verkhovskaya
    c/o Bank & Tax
    **A.B. Data Ltd.**
    625 Marquette Avenue, Suite 880
    Minneapolis, Minnesota 55402
    Tel: (612) 359-2859
    anya.verkhovskaya@abdata.com

or to such other address as each party may designate for itself by like notice.

15. <u>Rights to Accounts</u>.  Neither the Plaintiffs nor any Class Members shall have any right or title to or interest in any portion of the Escrow Funds except as provided by order of the Court and as set forth in the Settlement Agreement.

16. <u>Amendment or Waiver</u>.  This Agreement may be changed, waived, discharged or terminated only by a writing signed by all of the parties to this Agreement.  No delay or omission by any party in exercising any right with respect hereto shall operate as a waiver.  A waiver on any one occasion shall not be construed as a bar to, or waiver of, any right or remedy on any future occasion.  Escrow Agent agrees to negotiate an amendment of this Agreement with respect to the treatment, designation and/or use of the Escrow Funds, including, without limitation, the tax treatment of the Escrow Funds, should such amendment be deemed warranted by Physical Lead Class Counsel and Defendants.

17. <u>Governing Law</u>.  This Agreement shall be construed and interpreted in accordance with the internal laws of the State of New York without giving effect to the conflict of laws principles thereof.

18. <u>Entire Agreement</u>.  The Settlement Agreement, including this Agreement, constitutes the entire agreement between the parties relating to the holding, investment and disbursement of the Escrow Funds and set forth in their entirety the obligations and duties of Escrow Agent with respect to the Escrow Funds.

19. <u>Binding Effect/Assignment</u>.  All of the terms of this Agreement, as may be amended from time to time in accordance with the terms hereof, shall be binding upon, inure to the benefit of and be enforceable by the parties hereto and their respective heirs, successors and permitted

8

assigns.  No party may assign any of its rights or obligations under this Agreement without the prior written consent of the other parties hereto.

20. <u>Counterparts</u>.  This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  This Agreement may be executed and delivered in counterpart signature pages and delivered via facsimile or .pdf transmission, and any such counterpart executed and delivered via facsimile or .pdf transmission shall be deemed an original for all intents and purposes.

*{Signature page follows.}*

104767534 v5

IN WITNESS WHEREOF, Physical Lead Class Counsel, on behalf of the Plaintiffs and Physical Class members and themselves, Akin Gump, on behalf of Defendant and themselves, and Escrow Agent have each caused this Agreement to be executed under seal as of the date first above written.

Dated: March 21, 2014

**Physical Lead Class Counsel:**

By: _____
John Lowther
**DOYLE LOWTHER LLP**
10200 Willow Creek Road, Suite 150
San Diego, California 92131
Telephone: (858) 935-9960

**Counsel for Defendants Moore Capital Management, LP;**
**Moore Capital Management, LLC;**
**Moore Capital Advisors, LLC;**
**Moore Advisors, Ltd.;**
**Moore Macro Fund, LP; and**
**Moore Global Fixed Income Master Fund, LP:**

By: _____
David Zensky
**AKIN GUMP STRAUSS HAUER & FELD**
One Bryant Park
New York, New York 10036
Tel: (212) 872-1000

**Escrow Agent:**
**A.B. Data Ltd.**

By:_____
Name:   Anya Verkhovskaya
Title:    Partner and COO

104767534 v5

**IN WITNESS WHEREOF**, Physical Lead Class Counsel, on behalf of the Plaintiffs and Physical Class members and themselves, Akin Gump, on behalf of Defendant and themselves, and Escrow Agent have each caused this Agreement to be executed under seal as of the date first above written.

Dated: March 21, 2014

| | |
|---|---|
| **Physical Lead Class Counsel:** | Counsel for Defendants Moore Capital Management, LP; |
| By: _____ | Moore Capital Management, LLC; |
| John Lowther | Moore Capital Advisors, LLC; |
| **DOYLE LOWTHER LLP** | Moore Advisors, Ltd.; |
| 10200 Willow Creek Road, Suite 150 | Moore Macro Fund, LP; and |
| San Diego, California 92131 | Moore Global Fixed Income |
| Telephone: (858) 935-9960 | Master Fund, LP: |
| | |
| | By: _____ |
| | David Zensky |
| | **AKIN GUMP STRAUSS HAUER & FELD** |
| | One Bryant Park |
| | New York, New York 10036 |
| | Tel: (212) 872-1000 |

**Escrow Agent:**
**A.B. Data Ltd.**
By: _____
Name:  Anya Verkhovskaya
Title:  Partner and COO

# EXHIBIT A

# Settlement Agreement

104767534 v5

# EXHIBIT B

## JOINT WRITTEN DIRECTION

*In Re: Platinum and Palladium Commodities Litigation*, 10-cv-3617 (Platinum/Palladium Physical Action) (WHP) (S.D.N.Y.)  **ACCOUNT** # _____

In accord with the Escrow Agreement, dated _____, 2014 and the Settlement Agreement referenced in the Escrow Agreement, Physical Lead Class Counsel and Akin Gump direct A.B. Data Ltd., as the Escrow Agent, to take the following action with respect to the Escrow Funds:

The Escrow Agent shall _____
_____
_____
_____.

DATED: _____, 201\_\_.

| Physical Lead Class Counsel: | Counsel for Defendants Moore Capital Management, LP; |
|---|---|
| By: _____ | Moore Capital Management, LLC; |
| By: _____ | Moore Capital Advisors, LLC; |
| John Lowther | Moore Advisors, Ltd.; |
| **DOYLE LOWTHER LLP** | Moore Macro Fund, LP; and |
| 10200 Willow Creek Road, Suite 150 | Moore Global Fixed Income |
| San Diego, California 92131 | Master Fund, LP: |
| Telephone: (858) 935-9960 | |
| | By: _____ |
| | David Zensky |
| | **AKIN GUMP STRAUSS HAUER & FELD** |
| | One Bryant Park |
| | New York, New York 10036 |
| | Tel: (212) 872-1000 |

12