UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In Re: Platinum And Palladium Commodities Litigation* | MASTER FILE<br>No. 10 Civ. 3617 (WHP) |
| This Document Relates To:<br><br>Platinum/Palladium Futures Action | |

# FUTURES PLAINTIFFS' REPLY MEMORANDUM
# IN FURTHER SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF
# <u>AMENDED CLASS ACTION SETTLEMENT</u>

The Futures Plaintiffs[1] (sometimes "Plaintiffs") respectfully submit this reply memorandum (a) in further support of their motion pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for preliminary approval of the Stipulation and Agreement of Settlement executed on March 17, 2014 ("Amended Settlement") [Docket Nos. 162 and 141] and (b) in response to the Limited Objection To Plaintiffs' Motion for Preliminary Approval of Proposed Settlement with Joseph Welsh ("Limited Objection") filed by the MF Global, Inc. ("MFGI") SIPA Trustee James W. Giddens ("Trustee") on April 7, 2014.  See Docket No. 175.

## PRELIMINARY STATEMENT

The Court either should find that non-settling Defendant MFGI does not have standing to assert its Limited Objection or should overrule the Limited Objection for the following reasons.

*First*, non-settling Defendant MFGI has failed its burden to show the "formal legal prejudice" necessary to establish standing to object even to final approval much less to preliminary approval of the Amended Settlement.  See "I" below.

*Second*, even assuming *arguendo* that MFGI has standing to object to the Amended Settlement, its "limited objection" is actually a self-described request for "clarification" that, in reality, seeks an **improper advisory opinion** or prediction from the Court on a matter that is not now before the Court and that neither this Court nor any other court may ever be called to rule upon.  See "II" below.  This "clarification" does not need to be addressed in connection with this Court's decision to grant preliminary or final approval of the Amended Settlement and judicial economy and justiciability counsel against trying to address the issue.  *Id*.

*Third*, nothing in MFGI's Limited Objection has even attempted to establish that the

---

[1] "Futures Plaintiffs" refers to Richard White, Harry Ploss and The Stuart Sugarman Trust.

1

Amended Settlement is somehow not "within the reasonable range of approval." *See* "III" below.

*Fourth*, if, notwithstanding the foregoing, the Court is inclined to hear MFGI's Limited Objection, such objection should be overruled because MFGI has failed to show that it is entitled to the finding which it seeks to insert into the [Proposed] Final Order and Judgment. *See* "IV" below. That premature finding is that the Amended Settlement supposedly may **never,** within any set of circumstances, have "any preclusive effect on any claim or in any proceeding against MF Global Inc." *Id*.

## BACKGROUND[2]

On November 8, 2011, a notice of suggestion of bankruptcy was filed by Defendant MFGI, which notified the Court and the parties of the automatic stay as to Defendant MFGI. Docket No. 75. On or about May 31, 2012, the Futures Plaintiffs submitted a claim on behalf of the Futures Class in the SIPA liquidation of MF Global, Inc.

On March 17, 2014, Plaintiffs executed the Amended Settlement with the Settling Defendants. Docket No. 162. Defendant MFGI was not part of the Settlement. *Id* at p. 32. On March 18, 2014, Plaintiffs moved for preliminary approval of the Amended Settlement with the Settling Defendants. Docket No. 162; *see also* Docket No. 141.[3]

---

[2] Plaintiffs set forth a full procedural history of the Futures Action in their preliminary approval motion. Docket No. 162 at pp. 8-12.

[3] On April 4, 2014, the Lead Plaintiffs in the MF Global, Inc. Commodity Customer Class Action filed a motion to intervene and limited objections. Docket No. 173. A corrected copy of the motion to intervene was filed on April 7, 2014. Docket No. 174.
    On April 9, 2014, the Court entered a Scheduling Order. Docket No. 179. The Scheduling Order set a telephone conference for April 24, 2014 at 10:30 a.m. in order to establish a briefing schedule for opposing the motion to intervene and to set a date for a hearing on preliminary approval of the proposed settlements. *Id*. The Scheduling Order did not reference MFGI's Limited Objection. *Id.* Accordingly, Plaintiffs are only responding to the Limited Objection at this time.

On April 7, 2014, the Trustee filed the Limited Objection.  Docket No. 175.

## ARGUMENT

**I.     Non-Settling Defendant MFGI Does Not Have Standing to Object Because It Has Failed to Establish Any Legal Prejudice That Would Result From Approval of the Amended Settlement**

The general rule is that a non-settling party (like non-settling Defendant MFGI) **does not** have standing to object to a settlement between other parties.  *See, e.g., In re NASDAQ Mkt. Makers Antitrust Litig.*, 176 F.R.D. 99, 103 (S.D.N.Y. 1997) ("*NASDAQ*"); *see also* 2 Herbert B. Newberg, Newberg on Class Actions § 11.54 (2d ed. 1985) ("[t]he general rule, of course, is that a non-settling party does not have standing to object to a settlement between other parties.").  A limited exception to the foregoing general rule exists where a settlement, if approved, would cause the non-settling party to suffer "formal legal prejudice."  *Id*.

The burden is on the non-settling defendant (here, MFGI) to establish that it will suffer formal legal prejudice.  *See, e.g., Zupnick v. Fogel*, 989 F.2d 93, 98 (2d Cir. 1993) (non-settling defendant must "demonstrate" formal legal prejudice).  However, non-settling Defendant MFGI has failed even to assert any legal prejudice let alone establish that it will suffer "formal legal prejudice" if the Amended Settlement is approved.  Limited Objection, *passim*.

"Courts have repeatedly held that a settlement which does not prevent the later assertion of a non-settling party's claims…does not cause plain legal prejudice to the non-settling party." *See, e.g., Agretti v. ANR Freight Sys., Inc.*, 982 F.2d 242, 247 (7th Cir. 1992) citing cases; *see also* 2 Newberg, *supra,* § 11.54 (Supp. 1992).  Here, MFGI's only "objection" is actually a request for clarification that "nothing contained in the Settlement Agreements, including the stipulated judgment and any admissions of Welsh, will be afforded any preclusive effect on any claim or in any proceeding against MFGI or the Trustee."  *Id.* ¶1.  However, MFGI fails even to

3

assert (let alone establish) that anything in the Amended Settlement or the [Proposed] Final Order would prevent MFGI from "later asserting" that the Amended Settlement does not have any preclusive effect as to MFGI or the Trustee.  Limited Objection, *passim*.  Thus, even though non-settling Defendant MFGI has the burden to establish "formal legal prejudice," Plaintiffs have shown that no such legal prejudice exists here.

Accordingly, the Court should find that non-settling defendant MFGI has failed to establish the requisite standing to assert its "limited objection" to the Amended Settlement.

## II. Non-Settling Defendant MFGI's Request for "Clarification" Seeks an Improper Advisory Opinion and Does Not Need to Be Addressed by This Court as Part of the Settlement Approval Process

Non-settling Defendant MFGI has not objected to the fairness, reasonableness or adequacy of the Amended Settlement.  Limited Objection, *passim*.  Instead, the Limited Objection seeks **only** "to clarify that nothing contained in the Settlement Agreements, including the stipulated judgment and any admission of Welsh, will be afforded any preclusive effect on any claim or in any proceeding against MFGI or the Trustee."  *Id*. ¶1.

In other words, what Defendant MFGI seeks is a premature prediction or an improper advisory opinion by this Court **now** that the Amended Settlement and/or the [Proposed] Final Order cannot, as a matter of law, ever have any preclusive effect against MFGI or the Trustee. *See, e.g., Vapne v. Meissner*, 99 CIV. 9525 (WHP), 2001 WL 492410 at *2 (S.D.N.Y. Mar. 28, 2001) (Pauley, J.) ("it is beyond the power of federal courts to render [] advisory opinions"). Courts have refused to issue advisory opinions about the effects of settlements on other litigation.  *See, e.g., In re GTI Capital Holdings*, LLC, 409 Fed.Appx. 68, 69 (9th Cir. 2010) ("Appellants appear to be seeking on appeal an advisory opinion about the effects of the settlement agreement on other litigation.  We lack jurisdiction to render advisory opinions").  In

4

any event, MFGI's request for a prediction is a matter that **simply does not have to be decided** in connection with this Court's consideration of preliminary or final approval of the Amended Settlement.

On the contrary, as stated in "I" above, MFGI has failed to explain how approval of the Amended Settlement would prevent MFGI from later asserting that the Amended Settlement cannot be given any preclusive effect against MFGI whenever (and if ever) someone seeks to attempt to so use the Amended Settlement. Limited Objection, *passim*. Furthermore, the parties to the Amended Settlement **are not seeking** to have the Court make a prediction or finding on preliminary approval, final approval or otherwise that collateral estoppel or issue preclusion would be applicable as to MFGI. It is MFGI that is improperly seeking to inject that prediction into the preliminary approval process.

In sum, there is no need for the Court to decide, as part of the preliminary or final settlement approval process, whether or not the Amended Settlement, if approved, may or may not be used to establish some preclusive effect against MFGI at some point in the future.

**III.    Non-Settling Defendant MFGI Does Not Dispute That the Amended Settlement Is "Within the Reasonable Range of Approval"**

"The settlement of complex class action litigation is favored by the Courts." *In re Warner Chilcott Ltd. Securities Litig.*, 06-cv-11515 (WHP), 2008 WL 5110904 at *1 (S.D.N.Y. Nov. 20, 2008) (Pauley, J.). After a proposed class action settlement is reached, a court must determine whether the proposed settlement warrants preliminary approval. *In re Currency Conversion Fee Antitrust Litig.*, 01 MDL 1409, 2006 WL 3247396, at *5 (S.D.N.Y. Nov. 8, 2006) (Pauley, J.). This Court has previously held that:

> [W]here the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls

5

within the reasonable range of approval, preliminary approval is granted.
*Id. citing NASDAQ,* 176 F.R.D. at 102.  A class action settlement is entitled to a presumption of fairness, adequacy and reasonableness when "…there were arm's length negotiations between experienced counsel after meaningful discovery." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 116 (2d Cir. 2005) *cert. denied*, 544 U.S. 1044 (2005).

Defendant MFGI has not argued that the Amended Settlement was the result of collusive negotiations and has not otherwise argued against preliminary approval of the Amended Settlement.  Limited Objection, *passim*.  In fact, the relief sought by the Limited Objection is unrelated to preliminary approval because it consists of a request to add a single sentence to ¶15 of the [Proposed] Final Order and Judgment.  Limited Objection, ¶5.[4]  However, Plaintiffs will not be seeking entry of the [Proposed] Final Order and Judgment **until final approval**.  At this preliminary approval stage, Plaintiffs are seeking entry of the [Proposed] Scheduling Order, which provides for, among other things, notice of the Amended Settlement to the Futures Plaintiffs.  Docket No. 162 at p. 42.

Accordingly, even if the Court finds that Defendant MFGI has demonstrated "formal legal prejudice," finds that its limited objection is not a request for an improper advisory opinion and further finds that MFGI's limited objection is otherwise cognizable in connection with this settlement approval process, the Limited Objection has still entirely failed to argue (let alone establish) that the Amended Settlement is not "within the reasonable range of approval" such that Plaintiffs' motion for **preliminary approval** should be denied.

---

[4] The sentence that non-settling Defendant MFGI proposes to add to ¶15 of the [Proposed] Final Order and Judgment is as follows:  "Neither the judgment nor the Settlement Agreement, including any admissions contained therein, shall have any preclusive effect on any claim or in any proceeding against MF Global Inc."  Limited Objection, Exhibit A.

6

IV.   **Non-Settling Defendant MFGI Has Failed To Establish That the Amended Settlement May Never Be Given Any Preclusive Effect on "Any Claim" Or In "Any Proceeding" Against MFGI**

Again, non-settling Defendant MFGI is not objecting to the fairness, reasonableness or adequacy of the Amended Settlement. Limited Objection, *passim*. Rather, MFGI seeks to "clarify" the [Proposed] Final Order and Judgment by adding the following language to Paragraph 15:

> Neither the judgment nor the Settlement Agreement, including any admissions contained therein, shall have any preclusive effect on any claim or in any proceeding against MF Global Inc.

Limited Objection, Ex. A at ¶15.

The underlying premise for the above "clarification" sought by MFGI is that the Amended Settlement and/or [Proposed] Final Order and Judgment may never, under any circumstances, "have any preclusive effect on any claim or in any proceeding against MF Global, Inc." Limited Objection ¶¶6-9. However, MFGI's request is not only premature and otherwise deficient for the reasons set forth in "I," "II" and "III" above, the cases relied on by MFGI are distinguishable from the circumstances here and fall well short of conclusively establishing that the Amended Settlement may **never** have any preclusive effect of any kind as to MFGI on "any claim" or in "any proceeding." Limited Objection, ¶5 and Ex. 1.[5]

---

[5] *Cf. Muse v. Allstate Ins. Co.,* 525 F.2d 936 (9th Cir. 1990) (Unpublished Opinion) (plaintiff bicyclist's $181,000 settlement with driver in accident, which substantially exceeded amount offered by the Insurer under $15,000 policy, and in which parties agreed to share in excess proceeds recovered, was not approved by Insurer, did not constitute a "final judicial determination" of Insurer's liability prior to filing of a bad faith action as required to fall within exception to a California Supreme Court decision which otherwise abrogated causes of action against insurers for bad faith refusal to settle claims under California law); *Uzdavines v Weeks Marine, Inc.,* 418 F3d 138, 141 (2d Cir. 2005) (affirming judgment of Labor Review Board denying death benefits under Longshore Harbor Workers' Compensation Act to widow of decedent allegedly exposed to asbestos working on a "bucket dredge"; Court states the Act covered only land based maritime employees; fact that the employer previously settled a

**CONCLUSION**

The Futures Plaintiffs respectfully request that the Court (a) find that the Trustee does not have standing to assert the Limited Objection, or (b) overrule the Limited Objection.

Dated: New York, New York
April 17, 2014

Respectfully submitted,

*/s/ Christopher Lovell*
Christopher Lovell
Jody Krisiloff
Christopher M. McGrath
**LOVELL STEWART HALEBIAN JACOBSON LLP**
61 Broadway, Suite 501,
New York, New York 10006
Telephone:   (212) 608-1900
Facsimile:    (212) 719-4775

*Counsel for Futures Plaintiffs and the Futures Class*

---

separate disability claim of the husband "assuming arguendo" that he was covered by the Act was not binding on employer regarding the death benefits claim; and the Supreme Court recently ruled that a "dredge" is a "vessel" so Act did not cover widow's claim); *Boguslavsky v Kaplan*, 159 F.3d 715, 717 (2d Cir. 1998) (affirming summary judgment dismissal of some of plaintiff's *pro se* securities law claims in district court under Section 10(b), Rules 10b-5 and Rule 10(b)(10) since plaintiff previously raised and litigated same in prior NASD arbitration; however, plaintiff was not collaterally estopped from pursuing other securities law claims under Sections 20(a) and 29(b) since those claims could not be litigated before NASD); *In re A.W. Lawrence & Co., Inc.* 289 B.R. 20 (N.D.N.Y. 2003) (summary judgment reversed and remanded; material questions of fact existed as to whether $50,000 check made payable to Debtor AWLC from Mrs. Lawrence, the wife of Debtor's principal, and endorsed over to Creditor Burstein was a settlement payment to Burstein pursuant to a prior state court action or instead, was a payment for Debtor's purchase of a sail boat; creditor Burstein was wrongly prevented from presenting evidence at trial to refute AWLC's claimed ownership of the boat and whether AWLC had an interest in the $50,000; a settlement agreement between Debtor and Mrs. Lawrence in a second adversary proceeding in which Burstein was not a party and in which Debtor and Mrs. Lawrence agreed to "split any monies recovered" relating to the $50,000 was suspiciously collusive and not entitled to collateral estoppel effect.)

8