**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | |
| *In Re: Platinum and Palladium Commodities Litigation*<br><br>This Document Relates To:<br><br>    All Actions | MASTER FILE<br>No. 10 Civ. 3617 (WHP) |

### DECLARATION OF DAVID ZENSKY IN SUPPORT OF DEFENDANTS' RESPONSE TO SUSAN LEVY'S OPPOSITION TO PRELIMINARY APPROVAL AND BRIEF IN FURTHER SUPPORT THEREOF

1. I am a partner at Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), counsel for the Moore Defendants, and submit this declaration in support of Defendants' Response to Susan Levy's Opposition to Preliminary Approval and Brief in Further Support Thereof (the "Response").[1]

2. Except where otherwise stated, I make this declaration on the basis of my own personal knowledge, my review of pleadings, filings, and other relevant documents available to me, and information provided to me by my colleagues at Akin Gump. I am fully familiar with the facts set forth herein.

3. I led and personally conducted all of the negotiations on behalf of the Moore Defendants leading to the Amended Settlements with the Futures and Physical Plaintiffs currently pending before the Court (the "Settlement Negotiations").

---

[1] All capitalized terms not defined herein have the meaning ascribed to them in the Response.

1

4. These Settlement Negotiations took place over the course of a year and a half, and were the most drawn-out, painstaking, and arduous settlement negotiations I have been a party to in my twenty-seven years as a litigator. Indeed, the current, as-filed stipulation of settlement was the forty-fifth draft exchanged between the parties.

5. The Settlement Negotiations included two days of mediation before Retired Judge Daniel Weinstein in the summer of 2012 that did not result in a settlement, and the exchange of numerous analyses and rebuttal analyses prepared by Plaintiffs' and Defendants' expert economists.

6. Class Counsel had available hundreds of thousands of pages of produced documents, deposition transcripts, and other discovery, portions of which they utilized during the course of the Settlement Negotiations. Class Counsel also had ample time to review and assess the confidential mediations submissions made by Defendants.

7. At all times the Settlement Negotiations were entirely non-collusive and conducted at arms-length. All parties had numerous "asks" that were rejected and ultimately excluded from the Settlement and Amended Settlement. Any suggestion to the contrary by Ms. Levy is wholly without merit.

8. Ms. Levy's Objection to preliminary approval of the amended settlement asserts, *inter alia*, that the Moore Defendants "allegedly earned approximately $50 million from this scheme." Levy Opp. at ¶ 8. Presumably, this claim was lifted from an allegation in the Fifth Amended Complaint in this Action, which asserts that the Moore Funds "made approximately $54,000,000 in profits from the platinum and palladium trading." Fifth Amended Complaint ¶ 287. In fact, as the discovery produced to Class Counsel and the Class Plaintiffs shows, the Moore Defendants

ultimately incurred millions of dollars in cumulative realized *losses* from the platinum and palladium trading at issue in the case.

9. I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 8, 2014
      New York, NY

                                               David M. Zensky