HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of MF Global Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re: Platinum And Palladium Commodities Litigation* | MASTER FILE<br>No. 10 Civ. 3617 (WHP) |
| This Document Relates To:<br><br>     ALL ACTIONS | |

**TRUSTEE'S RESPONSE IN FURTHER SUPPORT OF HIS LIMITED
OBJECTION TO PLAINTIFFS' MOTION FOR PRELIMINARY
<u>APPROVAL OF PROPOSED SETTLEMENT WITH JOSEPH WELSH</u>**

64142379_2

James W. Giddens (the "Trustee"), as Trustee for the liquidation of the business of MF Global Inc. ("MFGI") under the Securities Investor Protection Act of 1970 as amended, 15 U.S.C. sections 78aaa *et seq.* ("SIPA")[1], by and through his undersigned counsel, respectfully submits this response in further support of his limited objection (the "Limited Objection") to the Motion[2] and in response to the Platinum and Palladium Futures Plaintiffs' Reply Memorandum in Further Support of Motion for Preliminary Approval of Amended Class Action Settlement (the "Reply")[3]

## PRELIMINARY STATEMENT

1.  The Limited Objection was filed after attempts to negotiate a clarification that nothing contained the Settlement Agreements, including the stipulated judgment and any admission of Welsh, will be afforded any preclusive effect on the claims the Plaintiffs' asserted against MFGI in the present litigation or the general creditor claim filed in the MFGI SIPA proceeding based on the same allegations failed. The Limited Objection was filed to avoid the prejudice to the Trustee inherent in the cost and delay of further proceedings on this issue when it could be resolved quickly and easily here. In their response, Plaintiffs have not addressed the Trustee's argument that the Plaintiffs' settlement with Welsh cannot have any collateral estoppel effect on the Plaintiffs' claims against MFGI because (i) the issues of Welsh's liability and negligence were not actually litigated and (ii) MFGI did not have a full and fair opportunity to litigate these issues.

---

[1] For convenience, subsequent references to SIPA will omit "15 U.S.C."

[2] Capitalized Terms not defined herein shall have the meaning ascribed to them in the Motion or the Limited Objection.

[3] The Physicals Plaintiffs joined in the Reply. *See* ECF No. 184.

64142379_2

    2.  Plaintiffs without taking a position on the merits of the Trustee's collateral estoppel argument, instead argue that the question should be reserved for a future date. However, courts routinely enter at the orders at the preliminary approval stage clarifying that a settlement will have no effect on pending or future litigation. The Limited Objection was asserted at this time in the hopes that it could be quickly clarified and the [Proposed] Final Order and Judgment revised before it was provided to the class and the Plaintiffs offer no legitimate reason why the issue should not be addressed at this time.[4]

## RESPONSE

### I.  A Clarification of the Proposed Order and Judgment is Appropriate Here.

    3.  Orders clarifying that a settlement will have no effect on pending or future litigation are routinely entered by courts approving settlements (including at the preliminary approval stage). *See, e.g., Alberto v. GMRI, Inc.*, No. CIV. 07-1895, 2008 WL 4891201, at *13 (E.D. Cal. Nov. 12, 2008) (approving class action settlement but clarifying in the final approval that the settlement affected only the class members and had "no other effect on any pending or future litigation"); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. CV-07-5944-SC, 2014 U.S. Dist. LEXIS 26890, at *67 (N.D. Cal. Jan. 8, 2014) (granting preliminary approval of class action settlement but clarifying that the settlement "has no binding effect on the Court or on the Non-Settling Defendants for any other purpose"). Furthermore, courts have even stated, as the Trustee requests here, that a settlement will not receive even *preliminary approval* without the clarification that the settlement will not affect the legal rights of non-settling parties. *See Ross Dev. Corp. v. Fireman's Fund Ins. Co.*, 809 F. Supp. 2d 449, 462 (D.S.C. 2011) (declining to

---

[4] To the extent that the Plaintiffs object to the Trustee's proposed language as too broad, the Trustee is willing to revise the proposed language in order to address the Plaintiffs' concerns. However, the Plaintiffs have failed to provide any suggested alternative language to date.

approve settlement agreement between the insured and his insurer because it could extinguish the rights of a non-settling party unless the parties made several assurances within 14 days); *Adderley v. NFL Players Ass'n*, No. C 07-00943, 2009 U.S. Dist. LEXIS 115741, at *7-8 (N.D. Cal. Nov. 23, 2009) (granting preliminary approval only after a clarification that claims against non-settling parties were not released).  The Trustee asks the Court to clarify the [Proposed] Final Order and Judgment at this juncture, in accordance with common practice in such settlements, to ensure that the settlement does not prejudice the Trustee's rights and to allow appropriate modifications at the earliest possible time.  Such orders are routinely entered by courts approving (or refusing to approve) settlements similar to the settlement the Plaintiffs have presented and do not constitute advisory opinions.

        4.        To support their argument that the clarification sought by the Trustee would be an impermissible advisory opinion, Plaintiffs cite a single four-sentence summary order dismissing an appeal that constituted a request for an opinion on the effects of a settlement agreement on "*other* litigation."  *In re GTI Capital Holdings, LLC*, 409 F. App'x 68 (9th Cir. 2010) (emphasis added).  That case did not involve a non-settling party to that litigation seeking to clarify the effects of a settlement on the non-settling parties: the appellants were contesting a settlement between a trustee and a bank, and the appeal sought an opinion on that settlement's effects on a separate lawsuit brought by the appellants against that bank.  *See* Brief for Appellees, *In re GTI Capital Holdings, LLC*, 409 F. App'x 68 (9th Cir. 2010) (No. 09-60003), 2009 WL 2445215.  The case cited by Plaintiffs is irrelevant to the order sought by the Trustee.

**II.**        **The Trustee has Standing to Assert the Limited Objection.**

        5.        MFGI may suffer legal prejudice as a result of the Proposed Settlement and therefore has standing to assert the Limited Objection. Although a non-settling defendant does not have standing to object to a settlement between other parties in all circumstances, the

Plaintiffs admit that a non-settling defendant, such as the Trustee, has standing to object when a proposed settlement would cause the non-settling defendant to suffer "formal legal prejudice." *Zupnick v. Fogel*, 989 F.2d 93, 98 (2d Cir.1993); *In re WorldCom, Inc. Sec. Litig.*, No. 02 Civ. 3288, 2005 WL 613107, at *6 (S.D.N.Y. Mar. 15, 2005); *see also* Reply at 3.  Courts have found that a non-settling defendant will be deemed to suffer legal prejudice when a proposed settlement will prejudice the non-settling defendants' legal rights or its ability to assert claims or defenses in other actions.  *See, e.g., In re Stanwich Fin. Servs. Corp.*, 377 B.R. 432 (Bankr. D. Conn. 2007) (holding that a party had standing to object to a settlement when the settlement would expose the party to the risk of the elimination of an affirmative defense in a separate proceeding); *In re Johns-Manville Corp.*, 340 B.R. 49, 57 (S.D.N.Y. 2006) (finding that a non-settling defendant had standing when a proposed settlement prejudiced the parties affirmative defenses and rights).

      6.      The Plaintiffs have not argued, as we submit they cannot, that the proposed settlement and judgment with Welsh can legitimately have any preclusive effect on the claims they have asserted against MFGI in this court and in the SIPA proceeding.  Accordingly, if MFGI's rights in any potential action are unaffected by the Proposed Settlement and any issues related to Welsh's actions remain to be fully litigated, then MFGI's objection is unneeded. But if the Plaintiffs' position is that the Proposed Settlement has or may have a preclusive effect in any future proceeding against MFGI, which would result in legal prejudice to the Trustee, then the Trustee has standing to assert the Limited Objection.

      7.      In addition, the Court has the authority, even without an objection, to review the proposed settlement for its impact on non-settling parties.

## RESERVATION OF RIGHTS

      8.      The Trustee reserves all rights to object on any other basis to the Settlement Agreements and Final Judgments.

64142379_2

**CONCLUSION**

      For the reasons stated herein, the Trustee respectfully requests clarification of the [Proposed] Order and Judgment and such other and further relief as is just.

Dated: New York, New York
       May 8, 2014

      HUGHES HUBBARD & REED LLP

      By: /s/ James B. Kobak, Jr.
         James B. Kobak, Jr.
         Vilia B. Hayes
         Dustin P. Smith
         One Battery Park Plaza
         New York, NY 10004
         Telephone: (212) 837-6000
         Facsimile: (212) 422-4726

      Attorneys for James W. Giddens,
      Trustee for the SIPA Liquidation of
      MF Global Inc.