UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| *In Re: Platinum and Palladium Commodities Litigation*<br><br>This Document Relates To:<br><br>  All Actions | MASTER FILE<br>No. 10 Civ. 3617 (WHP) |

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO COMMODITY CUSTOMERS' MOTION TO INTERVENE AND LIMITED OBJECTION TO SETTLEMENT

AKIN GUMP STRAUSS HAUER & FELD LLP
David M. Zensky, Esq.
Jamison A. Diehl, Esq.
Nicholas C. Adams, Esq.
One Bryant Park
New York, New York 10036

*Counsel for Defendants Moore Capital
Management LP, Moore Capital Management, LLC,
Moore Capital Advisors, LLC, Moore Advisors,
Ltd., Moore Macro Fund, LP, Moore Global Fixed
Income Master Fund, LP and Louis Bacon*

KOBRE & KIM LLP
Andrew C. Lourie, Esq.
Leanne Bortner, Esq.
1919 M Street NW
Washington, DC 20036

*Counsel for Defendant Joseph Welsh*

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kerri Ann Law, Esq.
Jade A. Burns, Esq.
1177 Avenue of the Americas
New York, New York 10036

*Counsel for Defendant Christopher L. Pia*

HUGHES HUBBARD & REED LLP
Marc A. Weinstein, Esq.
Jesse L. Jensen, Esq.
One Battery Park Plaza
New York, New York 10004

*Counsel for Defendant Eugene Burger*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................................1

ARGUMENT ...............................................................................................................................3

   I.   LEGAL STANDARD FOR INTERVENTION ................................................................3

   II.   THE CUSTOMER REPRESENTATIVES' INTERESTS IN THE POLICY ARE
   SPECULATIVE AND CONTINGENT ...........................................................................4

   III.   THE CUSTOMER REPRESENTATIVES INTERESTS IN THE POLICIES WILL
   NOT BE IMPAIRED OR PREJUDICED BY APPROVAL OF THE AMENDED
   SETTLEMENTS .............................................................................................................7

   IV.   DEFENDANT WELSH HAS ASSIGNED HIS CLAIMS UNDER THE D&O
   POLICIES, BUT HAS NOT ASSIGNED HIS CLAIMS UNDER THE E&O POLICY ..........9

   V.   INDEPENDENT OF THE FACT THAT THE CUSTOMER REPRESENTATIVES
   HAVE NO RIGHT TO INTERVENE, NOTHING IN THE SETTLEMENT REQUIRES OR
   PERMITS THE COURT TO DETERMINE THE EXTENT OF WELSH'S RIGHTS – AND
   THUS PLAINTIFFS' RIGHTS – UNDER THE D&O POLICIES AS A CONDITION OF
   APPROVAL ..................................................................................................................10

CONCLUSION.............................................................................................................................12

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Brennan v. N.Y.C. Bd. of Educ.*,
   260 F.3d 123 (2d Cir. 2001)....................................................................................3

*Butler, Fitzgerald & Potter v. Sequa Corp.*,
   250 F.3d 171 (2d Cir. 2001)..................................................................................3, 4

*Clarendon Place Corp. v. Landmark Ins. Co.*,
   182 A.D.2d 6 (1st Dep't 1992) ...............................................................................7

*Katz v. Berisford Int'l PLC*,
   No. 96 Civ. 8695, 2000 WL 1760965 (S.D.N.Y. Nov. 30, 2000) ...........................6

*Mastercard Int'l, Inc. v. Visa Int'l Service Ass'n Inc.*,
   471 F.3d 377 (2d Cir. 2006)....................................................................................3

*In re MF Global Holdings Ltd.*,
   469 B.R. 177 (Bankr. S.D.N.Y. 2012)...................................................................4, 5

*In re NASDAQ Market-Makers Antitrust Litig.*,
   187 F.R.D. 465 (S.D.N.Y. 1998) .............................................................................3

*R Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*,
   467 F.3d 238 ...........................................................................................................3

*Restor-a-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*,
   725 F.2d 871 (2d Cir. 1984).....................................................................................6

*Tillman v. Fireman's Fund Ins. Co.*,
   590 F. Supp. 246 (S.D.N.Y. 1984)...........................................................................5

*Washington Elec. Coop. Inc. v. Mass. Mun. Wholesale Elec. Co.*,
   922 F.2d 92 (2d Cir. 1990)....................................................................................4, 6

OTHER AUTHORITIES

Fed. R. Civ. P. 19.....................................................................................................3

Fed. R. Civ. P. 24...........................................................................................3, 4 and 6

Defendants Moore Capital Management, LP, Moore Capital Management, LLC, Moore Capital Advisors, LLC, Moore Advisors, Ltd., Moore Macro Fund, LP, Moore Global Fixed Income Master Fund, LP, Louis M. Bacon, Christopher L. Pia, and Eugene Burger (together, the "Moore Defendants) and Joseph Welsh ("Welsh") hereby submit this memorandum of law in response to the Motion to Intervene and Limited Objection to Plaintiffs' Motion for Preliminary Approval of Proposed Settlements in the Futures and Physical Actions (the "Motion to Intervene") filed by Lead Plaintiffs (the "Customer Representatives") in the MF Global, Inc. Commodity Customer Class Action (the "Customer Action"). *See* Docket No. 173. For the background relating to the Customer Action and to the MF Global bankruptcy proceedings generally, the Defendants respectfully refer the Court to the Future Plaintiffs' memorandum in opposition to the Customer Representatives' Motion to Intervene (the "Plaintiffs' Opposition"), which is being filed concurrently herewith, and to Futures Plaintiffs' April 17, 2014 response to the Limited Objections raised by the SIPA Trustee in his Limited Objection [*see* Docket No. 180].

## PRELIMINARY STATEMENT

The Customer Representatives' Motion to Intervene should be denied for the following simple reasons:

1. The Customer Representatives have no cognizable legal interests in the insurance policies at issue. Judge Glenn already has ruled in the MF Global bankruptcy that the Customer Representatives "**do not have a vested right**" in the Directors & Officers insurance policy (No. 14-MGU-11-A23947) with effective dates of May 31, 2011 through May 31, 2012 issued by U.S. Specialty Insurance Company ("U.S. Specialty") and related excess policies (together, the "D&O Policies"), to which Welsh has assigned his claims, causes of action and interests under the terms of the stipulations and agreements of settlement reached with class plaintiffs.[1]   Rather the Customer Representatives are simply plaintiffs

---

[1]The Stipulation and Agreement of Settlement, Dated March 17, 2014 [Docket No. 141] ("Futures Settlement"), along with Stipulation and Agreement of Settlement, Dated March 21,

pursuing unrelated, disputed/contingent claims against other former MF Global executives, who the Customer Representatives contend might be entitled to coverage under the same policies as Welsh in the event they ultimately obtain a judgment against or settlement with such individuals.  The Customer Representatives' request to intervene to block an aspect of the parties' settlements is a transparent and legally unsupportable attempt to simply obstruct other potential, valid claims against the D&O Policies.

2.  The Customer Representatives will suffer no legal prejudice if the Amended Settlements are approved.  The Welsh liability judgment (the "Welsh Judgment") entered in connection with the Amended Settlements, and any final order and judgment entered by this Court approving the Amended Settlements and Welsh Judgments, **do not** adjudicate the scope or substance of Welsh's rights, if any, under the D&O Policies, whether Welsh has any right to or interest in the proceeds of the D&O Policies, or any priority of payment under the D&O Policies.  In this regard, the Amended Settlements expressly reserve issues of Welsh's coverage rights, if any, and contemplates the filing by Futures Plaintiffs of a separate action to adjudicate such rights.

3.  Therefore, the Customer Representatives can suffer **no legal prejudice** as a result of the mere assignment by Welsh of his rights, whatever they may be, under the D&O Policies. Nothing in the Amended Settlements, the proposed Scheduling order or the proposed Final Approval Order will prevent the Customer Representatives – or the relevant insurers  themselves – from later asserting in an appropriate proceeding in an appropriate forum that (a) Welsh was in fact not covered by the D&O Policies generally or specifically with respect to the class plaintiffs' claims being settled here, or (b) the Customer Representatives' lawsuit, if and when it results in a judgment or settlement in their favor, has some purported legal priority to the proceeds of the D&O Policies.

4.  With respect to any errors and omissions policy issued to MF Global, Inc. by MFG Assurance Company Limited (the "E&O Policy"), the Amended Settlements **do not** purport or attempt to assign Welsh's rights, title or interest in the E&O Policy.   This objection, like the rest of the Customer Representatives' assertions in opposition to preliminary approval of the Settlement, is frivolous.

For these reasons, and as shown more fully below and in the Plaintiffs' Opposition, the

Customer Representatives' Intervention Motion should be summarily denied and the Scheduling

Order should be issued.

---

2013 [Docket No. 168-1] ("Physical Settlement") are hereafter referred to as the "Amended Settlements."

**ARGUMENT**

**I.   LEGAL STANDARD FOR INTERVENTION**

In *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171 (2d Cir. 2001), the Second

Circuit adopted the following four-part test for evaluating motions to intervene under Rule 24:

"[T]he  applicant must (1) file a timely motion; (2) claim an interest relating to the property or

transaction that is the subject of the action; (3) be so situated that without intervention the

disposition of the action may impair that interest; and (4) show that the interest is not already

adequately represented by existing parties."  *Id.* at 176; s*ee also Mastercard Int'l, Inc. v. Visa

Int'l Service Ass'n Inc.*, 471 F.3d 377, 389 (2d Cir. 2006).  Although the decision  of whether to

allow intervention under Rule 24 is within the discretion of the court, *see Brennan v. N.Y.C. Bd.

of Educ.*, 260 F.3d 123, 128 (2d Cir. 2001), the Second Circuit has held that "[f]ailure to satisfy

*any* one of these [four] requirements is sufficient ground to deny the application."  *R Best

Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 241 (2d Cir. 2006 (emphasis in

original) (internal quotations omitted).   The putative intervenor has the burden of showing a

right to intervene.  *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 490 (S.D.N.Y.

1998).

The Second Circuit has equated Rule 24(a)(2) to being the procedural counterpart of

being a necessary party under Rule 19(a)(1), and has held that "if a party is not 'necessary' under

Rule 19(a), then it cannot satisfy the test for intervention as of right under Rule 24(a)(2)."

*Mastercard Int'l*, 471 F.3d 389-390; *see also* Fed. R. Civ. P. 19(a)(1).  In this case, the Customer

Representatives are not necessary parties because the Court will unquestionably be able to

provide complete relief to the parties to the Amended Settlements in the absence of the Customer

Representatives.

3

In any event, because the Customer Representative cannot satisfy the essential elements

for intervention, they are barred from intervening in this action.[2]

## II.    THE CUSTOMER REPRESENTATIVES' INTERESTS IN THE POLICY ARE SPECULATIVE AND CONTINGENT

To qualify for intervention as of right, a putative intervenor must have an interest in the

proceeding that is "direct, substantial and legally protectable." *Washington Elec. Coop. Inc. v.*

*Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990).   "An interest that is remote

from the subject matter of the proceeding, or that is contingent upon the occurrence of a

sequence of events before it comes colorable" will not satisfy Rule 24(a).  *Id.*  Thus, a party does

not possess a direct interest in the subject matter of the lawsuit where such interest depends on a

contingency or series of contingencies.  Here, the Customer Representatives lack a legally

cognizable interest in the outcome of this commodities class action litigation to permit

intervention.  Indeed, their request to intervene to block the parties' settlement is no different

than if the Customer Representatives had tried to intervene on the side of the defendants to try to

prevent the plaintiffs from succeeding in their claims against Welsh on the merits.

In the MF Global Holdings, Ltd. Bankruptcy, the Customer Representatives attempted to

argue that the proceeds of the D&O Policies had been transformed into property of the MF

Global estate by virtue of the Customer Representatives' claims against certain non-debtor

former directors and officers of MG Global, and that the proceeds of the D&O Policies should

---

[2] The Customer Representatives' motion is also untimely and can be summarily denied on these grounds alone.  The Amended Settlements were presented for preliminary approval in September, 2013, and were only re-submitted due to the Court's request for certain modest changes.  Courts routinely deny motions to intervene on grounds of timeliness alone for comparable delays. *See Butler, Fitzgerald & Potter*, 250 F.3d at 182 (summarizing specific findings of four courts).

not be used to pay individual insureds' defense costs – including those of Welsh – because such use would reduce the availability of funds to pay claims against the Debtors.

Judge Glenn recognized the contingent and speculative nature of the Customer Representatives' interests in the D&O Policies when he held that that the Customer Representatives "**do not have a vested right in any of the proceeds of the Policies**." *In re MF Global Holdings Ltd.*, 469 B.R. 177, 196 (Bankr. S.D.N.Y. 2012) (emphasis added).[3]  Indeed, it is undisputed that the Customer Representatives are "strangers" to the D&O Policies; rather, it is the former MF Global executives they are suing (*e.g.*, John Corzine), if anyone, that, like Welsh, have potential rights to coverage under the D&O Policies.

\* \* \* \*

As a general rule, liability coverage is granted solely to the insured and "only the insured has a cause of action against the insurers and a right to sue under the policy." *Tillman v. Fireman's Fund Ins. Co.*, 590 F. Supp. 246, 249 (S.D.N.Y. 1984).   Thus, in the absence of statutory or applicable policy provisions to the contrary, "one who suffers injury within the provisions of a liability insurance policy is not in privity of contract with the insurer of the alleged tortfeasor, and cannot bring an action directly against the insurer on the claim." *Id.* (internal quotations omitted).

Here, the primary D&O policy issued by U.S. Specialty expressly provides coverage for *loss* arising from *claims* made against the *insureds* during the *policy period*, or *discovery period*

---

[3]  Although the Customer Representatives repeatedly contend that the proceeds of the D&O Policies are proceeds of the MF Global estate, (*see* Intervention Motion at 3, 8, 12, 14) Judge Glenn specifically reserved on this issue in determining that the Customer Representatives had no contractual interests or other vested rights in the D&O Policies.  *In re MF Global Holdings,* 469 B.R. at 181,196.

as applicable.[4]   The Customer Representatives are not *insureds* under the D&O Policies, and, not surprisingly, do not suggest that they have provided any *notice* of *claim* for coverage under the D&O Policies.  Further, the D&O Policies only cover actual *loss*, defined to include damages, settlements, judgments or other amounts an *insured* is legally obligated to pay as a result of a *claim*.  The Customer Representatives, however, point to no adjudicated award of damages or judgment of liability or final negotiated settlement.  Indeed, no one has been found liable for the claims that the Customer Representatives have asserted, and it remains to be seen whether anyone (or who) ever will.  Further, the relevant insurers have denied coverage as to the individual insureds against whom the Customer Representatives have brought their separate damages claims.  Therefore, even if there were *loss* as defined under the D&O Policies, the insurers potentially could continue to deny coverage and not pay any *loss* under the D&O Policies.

Plainly, the Customer Representatives' interest in the D&O Policies, even if cognizable, would rest upon multiple contingencies:  (i) adjudication of liability and damages, or final settlements, in separate lawsuits against non-debtor individual insureds; and (ii) a determination that such judgment(s) or settlement(s) are covered under the Policies.  As Judge Glenn found, the Customer Representatives' interests in the D&O Policies are speculative and contingent, at best.

Courts have rejected such a contingent posture as a basis for satisfying the direct interest requirement under Rule 24(a)(2).  *See Washington Elec.*, 922 F.2d at 97 (finding that an interest based on a double contingency "cannot be described as direct or substantial"); *Restor-a-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 875 (2d Cir. 1984) (concluding that insurer's interest was non-direct where it depended upon both plaintiffs successful recovery

---

[4] Italicized words are as defined in the applicable D&O Policies.

against the insured and a determination in a second litigation that such judgment was covered under the proposed intervenor's policy).  In particular, New York courts recognize that the "possibility that a party will establish an interest in a judgment through a pending lawsuit in another court is a contingent interest," and not one giving rise to an intervention right.  *See Katz v. Berisford Int'l PLC*, No. 96 Civ. 8695, 2000 WL 1760965, at *5 (S.D.N.Y. Nov. 30, 2000).

Accordingly, given the absence of any legally cognizable interest in the D&O Policies at issue, there is no justiciable controversy between the Customer Representatives and the relevant insurers at this time to provide the Customer Representatives with standing to intervene.  *See Clarendon Place Corp. v. Landmark Ins. Co.*, 182 A.D.2d 6, 9 (1st Dep't 1992).

## III.    THE CUSTOMER REPRESENTATIVES INTERESTS IN THE POLICIES WILL NOT BE IMPAIRED OR PREJUDICED BY APPROVAL OF THE AMENDED SETTLEMENTS

Even if the Customer Representatives had a sufficient legal interest relating to this action, disposition of the proceedings, including preliminary and final approval of the Amended Settlements, without the involvement of the Customer Representatives will have no influence on the Customer Representatives' ability to protect their interests.  First, as discussed above, the Customer Representatives have no vested rights or cognizable legal interests in the D&O Policies.  Second, even if the Customer Representatives did have any cognizable legal interests in the D&O Policies, approval of the Amended Settlements would not in any way impair or prejudice those interests.

Specifically, the assignment provision in the Futures Settlement provides that "Welsh irrevocably assigns, transfers and otherwise conveys to the Futures Plaintiffs and the Futures Class the entirety of Welsh's claims, causes of action, rights, title, interest in, and any other entitlement to any benefits, of any nature whatsoever from, under, or by any reason of, or against

the Relevant Insurers . . . ."  Futures Settlement, Section 3(b)(ii).  Approval of the Amended

Settlements is not an adjudication on the merits of Welsh's right, title or interests in the D&O

Policies.  The Amended Settlements expressly reserve such issues, and contemplate the filing of

an action to recover against the Insurers, if necessary, to collect under the D&O Policies.

Disposition of the instant proceedings without the participation of the Customer Representatives

therefore will not operate to bar under the doctrines of *res judicata* or collateral estoppel any

future attempts by the Customer Representatives (or the Relevant Insurers) to pursue their

concerns.

    The lack of any preclusive effect is demonstrated by the Customer Representatives' main

contention, which is that Welsh "unequivocally has no right" under the D&O Policies because

this class action was commenced in 2010.  Motion to Intervene at 2-3.  But the Customer

Representatives overlooked the fact that Welsh was first named as a defendant in an amended

complaint filed in 2011, thereby triggering the 2011 policies.  Nevertheless, nothing about the

parties' settlement adjudicates even that issue; and nothing about this Settlement would prevent

the insurers or the Customer Representatives from arguing in a later case with the proper parties

present that Welsh is not covered.

    The Customer Representatives' proposed intervention is nothing more than an aggressive

and opportunistic procedural step intended avoid Judge Glenn's ruling in the MF Global

bankruptcy, and to eliminate other potential claimants that might be entitled to coverage under

the D&O Policies.  The Customer Representatives, however, are seeking to intervene in the

**wrong action** as the relevant insurers are not even parties to these proceedings, and the rights

that the Customer Representatives seek to protect are not even implicated.  This Court has not

been asked to resolve any entitlement to recovery under the D&O Policies; and, indeed, without the relevant insurers, it could not do so.

Rather, all that Final Order approving the Settlement would do with regard to Welsh is recognize his assignment of his rights to seek payment of the Welsh Judgment being entered against him, **whatever those rights may or may not be**, to the class plaintiffs, and to enter the Welsh Judgment, to which the Customer Representatives do not object.  The mere consummation of that assignment does not impair the rights of the Customer Representatives and is not something that they have any rights whatsoever to oppose.

## IV.   DEFENDANT WELSH HAS ASSIGNED HIS CLAIMS UNDER THE D&O POLICIES, BUT HAS NOT ASSIGNED HIS CLAIMS UNDER THE E&O POLICY

Defendant Welsh is a former employee of MF Global, Inc.  After the Third Amended Complaint was filed against him in 2011, Welsh sought coverage for defense and other costs under a number of insurance policies, including (i) the primary D&O policy issued by US Specialty and (ii) the E&O Policy issued by MFGA. *See* Declaration of Andrew Louie ("Lourie Decl.") at ¶ 4.

On April 16, 2012, counsel for HCC Global Financial Products, LLC as Administrator for US Specialty informed Welsh that subject to the usual reservation of rights, US Specialty acknowledged coverage for the Class Action Matter.  *Id*. at ¶ 5.  On May 18, LVL Claims Services, LLC as Claims Administrator for MFGA agreed to cover defense costs.  *Id.* at ¶ 5. However, MFGA subsequently denied coverage for Welsh under the E&O Policy on July 18, 2012; and US Specialty soon followed suit denying coverage for Welsh under its D&O policy on July 23, 2012.  *Id.* at ¶ 6.

Defendant Welsh disputed both denials.  *Id.* at ¶ 6.  He entered into a settlement agreement with MFGA in February 2013, releasing MFGA from all further claims.  *Id.* at ¶ 7. On April 19, 2013, the Bankruptcy Court amended and expanded the prior Consent Order to the extent necessary to allow MFGA to fund the settlement and pay prior defense costs.  *See* Order Amending and Expanding Consent Order, *In re MF Global Holdings Ltd.*, No. 11-15059 (Bankr. S.D.N.Y. Apr. 19, 2013), ECF No. 1348.  Thus, Welsh is prohibited pursuant to his settlement with MFGA from assigning his rights to the E&O Policy, and he has not attempted to do so here.

In contrast, Welsh has never reached a settlement with the D&O carriers and has not released any of his rights under the D&O Policies.  In connection with entering the Amended Settlements, Welsh consented to a $35 million judgment against him in the Futures Settlement, a $7 million judgment against him in the Physical Settlement, and properly assigned his rights, if any, under the D&O Policies to Plaintiffs.

Accordingly, the Amended Settlements provide for assignment by Defendant Welsh of his rights and claims under the D&O Policies.  They does not provide for an assignment by Welsh of his rights or claims under the E&O Policy.  Nor do class plaintiffs claim that Welsh's assignment includes any assignment respecting the E&O Policy and, in fact, class plaintiffs will not seek to enforce the Welsh Judgment under or against the E&O Policy.

## V.    INDEPENDENT OF THE FACT THAT THE CUSTOMER REPRESENTATIVES HAVE NO RIGHT TO INTERVENE, NOTHING IN THE SETTLEMENT REQUIRES OR PERMITS THE COURT TO DETERMINE THE EXTENT OF WELSH'S RIGHTS – AND THUS PLAINTIFFS' RIGHTS – UNDER THE D&O POLICIES AS A CONDITION OF APPROVAL

As noted in the Futures Plaintiffs' Memorandum in Support of Motion for Preliminary Approval of Amended Class Action Settlement ("Preliminary Approval Memo"), "[b]ecause Defendant Welsh's insurers have previously denied Defendant Welsh coverage under the

policies, **there might be no collection of any monies on such judgment**." Preliminary Approval Memo at 16 (emphasis added). Indeed, the Futures Settlement expressly disclaims any (i) "representation or warranties about the existence of, or amount of, coverage under the Policy and related excess policies," Futures Settlement, Section 3(b)(iii), or that "any or all of the Welsh Consideration will ultimately be collected or that Defendant Welsh has a meritorious cause of action against any Relevant Insurer." Futures Settlement, Section 3(b)(vi).[5] Quite appropriately then, the settlements provide that the Plaintiffs may not terminate the respective settlements based on any actual or perceived inability to recover on the Welsh Judgment. *See* Futures Settlement, Section 16(d); Physical Settlement, Section 16(d). In this regard, the Moore Defendants paid additional substantial consideration to the class plaintiffs in order to quite the litigation against Welsh precisely for the reason that the Plaintiffs' potential recovery against the insurers will only be decided in a subsequent proceeding at a later date.

Thus, the Amended Settlements **do not** require or even permit the Court to address whether Welsh has any rights, title or interests to coverage under the D&O Policies, or to handicap in any way whether the class plaintiffs will succeed in seeking recovery from the relevant insurers. Instead, the Amended Settlements expressly provide that the class plaintiffs will, if necessary, "promptly pursue claims against the Relevant Insurers" in separate actions. Futures Settlement, Section 3(b)(v); Physical Settlement, Section 3(b)(v).

---

[5] Identical provisions are contained in the Physical Settlement. *See* Physical Settlement Section 3.

## CONCLUSION

For the foregoing reasons and for the additional reasons enumerated in Plaintiffs'

Opposition, the Customer Representatives' Motion to Intervene should be denied.

Dated: May 8, 2014
        New York, New York

By:   /s/ David M. Zensky

AKIN GUMP STRAUSS HAUER & FELD LLP
David M. Zensky, Esq.
Jamison A. Diehl, Esq.
Nicholas C. Adams, Esq.

*Counsel for Defendants Moore Capital Management*
*LP, Moore Capital Management, LLC, Moore*
*Capital Advisors, LLC, Moore Advisors, Ltd., Moore*
*Macro Fund, LP, Moore Global Fixed Income*
*Master Fund, LP and Louis Bacon*

By:   /s/ Kerri Ann Law

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kerri Ann Law, Esq.
Jade A. Burns, Esq.
1177 Avenue of the Americas
New York, New York 10036

*Counsel for Defendant Christopher L. Pia*

By:   /s/ Marc A. Weinstein

HUGHES HUBBARD & REED LLP
Marc A. Weinstein, Esq.
Jesse L. Jensen, Esq.
One Battery Park Plaza
New York, New York 10004

*Counsel for Defendant Eugene Burger*

12

By:   /s/ Andrew C. Lourie

KOBRE & KIM LLP
Andrew C. Lourie, Esq.
Leanne Bortner, Esq.
1919 M Street NW
Washington, DC 20036

*Counsel for Defendant Joseph Welsh*

13