**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In Re: Platinum and Palladium Commodities Litigation*<br><br>This Document Relates To:<br><br>    All Actions | MASTER FILE<br>No. 10 Civ. 3617 (WHP) |

**DECLARATION OF ANDREW C. LOURIE IN SUPPORT OF DEFENDANTS'**
**MEMORANDUM IN OPPOSITION TO COMMODITY CUSTOMERS' MOTION**
**TO INTERVENE AND LIMITED OBJECTION TO SETTLEMENT**

    1.  I am a partner at Kobre & Kim LLP ("Kobre & Kim"), counsel for Joseph F. Welsh III, a defendant in the above captioned matter, and submit this declaration in support of Defendants' Opposition to Commodity Customers' Motion to Intervene and Limited Objection to the Proposed Settlements in the Futures and Physical Actions.

    2.  Except where otherwise stated, I make this declaration on the basis of my own personal knowledge, my review of pleadings, filings, and other relevant documents available to me, and information provided to me by my colleagues at Kobre & Kim. I am fully familiar with the facts set forth herein.

    3.  Joseph Welsh is a former employee of MF Global Inc. ("MFGI").

    4.  After the Third Amended Complaint was filed against him in 2011, Mr. Welsh sought coverage for defense and other costs under a number of insurance policies, including (i) The Directors, Officers and Corporate Liability Insurance Policy, No. 14-MGU-11-A23957 ("The

1

D&O Primary Policy") issued by US Specialty Insurance Company ("US Specialty") and (i) The Professional Liability Policy, No: 1-18001-00-10 issued by MFG Assurance Company Limited("MFGA")  ("The Professional Liability Policy" or "the E&O Policy").

5.   On April 16, 2012, counsel for HCC Global Financial Products, LLC as Administrator for US Specialty informed Mr. Welsh that subject to the usual reservation of rights, US Specialty acknowledged coverage for the Class Action Matter.  On or about May 18, 2012 LVL Claims Services, LLC ("LVL") as Claims Administrator for MFGA agreed to cover defense costs and did so for some period of time.

6.   MFGA subsequently denied coverage for Mr. Welsh under the E&O Policy on July 18, 2012. US Specialty denied coverage for Mr. Welsh under the D&O Primary Policy on July 23, 2012.  Mr. Welsh disputed both denials.

7.   Mr. Welsh entered into a settlement agreement with MFGA in February 2013, releasing MFGA from all further claims.  On April 19, 2013, the Bankruptcy Court amended and expanded its prior Consent Order to the extent necessary to allow MFGA to fund the settlement and pay prior defense costs. *See In re MF Global Holdings Ltd et al*., No. 11-15059, Order Amending and Expanding Consent Order (Bankr. S.D.N.Y. 2013).  Per this settlement with MFGA, Mr. Welsh is prohibited from assigning his rights to the E&O Policy, and has not done so in this action.

8.   Welsh did not resolve his coverage dispute with the D&O carriers.  As part of this Class Action Settlement, Welsh assigned whatever rights he may have under the D&O policy to Plaintiffs according to the terms as set out in the Stipulation and Agreement of Settlement.

9. I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 8, 2014
      New York, NY

Andrew C. Lourie
(Andrew.lourie@kobrekim.com)
Kobre & Kim LLP
1919 M Street, NW
Washington, DC 20036
Tel: + 1 202 664 1900