# Exhibit 5

Case 1:13-cv-03617-WHP Document 19-15 Filed 05/09/14 Page 2 of 3

# COVINGTON & BURLING LLP

BEIJING   BRUSSELS   LONDON   NEW YORK
SAN DIEGO   SAN FRANCISCO   SEOUL
SHANGHAI   SILICON VALLEY   WASHINGTON

P. BENJAMIN DUKE
THE NEW YORK TIMES BUILDING
620 EIGHTH AVENUE
NEW YORK, NY 10018-1405
T 212.841.1072
pbduke@cov.com

May 5, 2014

BY ECF

Ms. Catherine O'Hagan Wolfe
Clerk of the Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Sapere Wealth Mgmt. LLC, et al. v. MF Global Holdings Ltd., Plan Administrator, et al.* (12-4732-bk); *In re MF Global Holdings Ltd.* (12-4797-bk (consolidated with 12-4827-bk)).

Dear Ms. Wolfe:

      We represent Appellee MF Global Holdings Ltd., Plan Administrator ("MFGH"), in connection with the above-referenced appeals. We submit this letter-brief in response to your letter dated April 22, 2014, directing the parties to address whether the appeal has been mooted by recent events in connection with the SIPA liquidation of MF Global Inc. ("MFGI").

      It is our understanding that the SIPA Trustee for the Liquidation of MFGI has now made payment in full to Appellants for all of their outstanding net equity claims as former customers of MFGI. Accordingly, because Appellants are no longer even arguably aggrieved by the order of the Bankruptcy Court challenged by Appellants on this appeal, MFGH respectfully submits that Appellants' appeal is now moot and should be dismissed.

      As stated in our previous Rule 28(j) letter to the Court dated November 15, 2013, the Bankruptcy Court entered an order on November 6, 2013 authorizing the SIPA Trustee to advance general estate property in amounts sufficient to pay all MFGI commodity customer net equity claims in full (the "Reallocation Order"). (*See* Dkt. No. 131, Ex. A at 3.). In their responsive Rule 28(j) letter dated November 19, 2013, Appellants acknowledged that the Reallocation Order "may render the current appeal moot in the near future," since the "practical effect" of full payment of Appellants' net equity claims "would mean that [Appellants] would no longer be purs[u]ing payment of [their] net equity claims through the MFGI SIPA Liquidation." (*See* Dkt. No. 134, at 2.) At that time, however, Appellants noted that they had not yet actually received such payment and that the Reallocation Order was not yet a final order. *Id.*

COVINGTON & BURLING LLP

Ms. Catherine O'Hagan Wolfe
May 5, 2014
Page 2

On February 20, 2014, however, the District Court affirmed the Reallocation Order and no further appeal was taken, rendering the order final. (*See* Ex. A, Order, Dkt. No. 38, *In re MF Global Inc.*, No. 13 Civ. 8893 (VM) (S.D.N.Y. Feb. 20, 2014).) Moreover, on March 14, 2014, the District Court issued an order (the "Assignment Order") in the underlying class actions, *In re MF Global Holdings Ltd. Investment Litigation*, No. 12-MD-2338 (VM), and *DeAngelis v. Corzine*, No. 11-Civ-7866 (VM), approving the commodity customers class assignment of their net equity claims to the SIPA Trustee on behalf of the MFGI general estate to the extent that the advances under the Reallocation Order were used to pay commodity customer net equity claims in full. (Ex. B at 2-3.) On April 4, 2014, the SIPA Trustee announced commencement of the "final, 100 percent distribution to fully satisfy all claims of former MFGI public customers." (*See* Ex. C.) As Appellants have previously acknowledged, completion of the final distribution to Appellants eliminates the deficit associated with the alleged shortfall in their MFGI customer accounts.

On this appeal, Appellants have contended that they acquired so-called "vested rights" in certain insurance policy proceeds as an instantaneous result of the alleged "shortfall" of funds in customer accounts at the time of MFGI bankruptcy. We note that Appellants' acknowledgment that their appeal would become moot if they received full payment of their net equity claims, irrespective of the source of those funds, is fundamentally at odds with their "vested rights" argument. In light of recent events, however, MFGH respectfully submits that it is unnecessary for this Court to address that issue or otherwise reach the merits of this appeal.

Rather, because Appellants have now received the full amount of their net equity claims, they are no longer even arguably "persons aggrieved" by the Bankruptcy Court order at issue on this appeal. *See In re Cosmopolitan Aviation Corp.*, 763 F.2d 507, 513–14 (2d Cir. 1985) (bankruptcy appellant must "show that he is a 'person aggrieved,' that he is 'directly and adversely affected pecuniarily by the' challenged order of the bankruptcy court") (internal quotation marks omitted). Accordingly, the appeal should be dismissed as moot.

We thank the members of the Panel for their attention.

Respectfully submitted,

s/ P. Benjamin Duke

cc: all parties (via ECF)