# LOVELL STEWART HALEBIAN JACOBSON LLP

61 Broadway, Suite 501
New York, New York 10006
www.lshllp.com

Telephone                                                                           Facsimile
212.608.1900                                                                      212.719.4775

June 30, 2014

**BY ECF AND U.S. MAIL**

Honorable William H. Pauley III
United States District Court Judge
500 Pearl Street, Room 2210
New York, New York 10007-1312

Re:     *In Re: Platinum and Palladium Commodities Litig.,* 10-cv-3617 (WHP) (S.D.N.Y.)

Dear Judge Pauley:

As an attorney for the Futures Plaintiffs ("Plaintiffs"), I am respectfully submitting this supplemental authority letter in order to provide the Court with a courtesy copy of the recent decision by the United States Court of Appeals for the Second Circuit in *Bhatia v. Piedrahita*, 13-1642-CV, 2014 WL 2883924 (2d Cir. June 26, 2014) ("*Bhatia*").

Plaintiffs respectfully submit that *Bhatia* controls or is very persuasive regarding certain portions of Plaintiffs' motion for preliminary approval of their proposed Settlement with the Moore Capital Defendants and Defendant Joseph Welsh [Dkt. Nos. 161-163] and is particularly relevant to the objections to preliminary approval asserted by non-settling Defendant MF Global, Inc. ("MF Global") [Dkt. No. 175] and the MF Global Customer Plaintiffs [Dkt. No. 174].[1]

Specifically, in *Bhatia*, the Second Circuit **dismissed** an appeal by a group of non-settling defendants from a final judgment approving a partial class action settlement of certain claims for lack of standing.  *Bhatia*, 2014 WL 2883924 at *5.  In dismissing the non-settling defendants' appeal, the Second Circuit expressly held as follows:

…[W]e have observed that a non-settling [] defendant generally lacks standing to object to a court order [] approving a partial settlement because a non-settling defendant is ordinarily not affected by such a settlement.
*****
In reaching this result, **we join our sister courts in holding that a settlement which does not prevent the later assertion of a non-settling party's claims (although it may spawn additional litigation to vindicate such claims), does not cause the non-settling party "formal" legal prejudice**.

*Id.*, 2014 WL 2883924 at *3-4 (emphasis supplied) (internal citations omitted).

---

[1] Ms. Susan Levy, a putative Class member, also submitted objections to the proposed Settlement.  *See* Dkt. No. 182.  However, Ms. Levy again asserted at the preliminary approval hearing held on May 23, 2014, that she intends to "opt-out" of the Settlement and thus recognizes that, as an opt-out, she will lack standing to object to the Settlement.

Page 2 of 2
Honorable William H. Pauley III
June 30, 2014

Thus, the holding in *Bhatia* confirms Plaintiffs' position that non-settling Defendant MF Global has failed its burden to show the "formal legal prejudice" necessary to establish standing to object even to final approval (much less to preliminary approval) of the Settlement because MF Global has failed even to assert (let alone establish) that anything in the Settlement or the [Proposed] Final Order would prevent MF Global from "later asserting" its position that the Settlement supposedly cannot have any preclusive effect as to MF Global or the Trustee. *See* Futures Plaintiffs' Reply Memorandum in Further Support of Motion for Preliminary Approval of Amended Class Action Settlement [Dkt. No. 180] at pp. 1-2, 3-5. After *Bhatia*, MF Global's desire for an advisory opinion clearly fails to confer standing.

*Bhatia* similarly confirms or strongly supports Plaintiffs' position that the non-settling MF Global Customer Plaintiffs also lack standing to object to the Settlement. This is because nothing in the Settlement prevents the MF Global Customer Plaintiffs from "later asserting" their positions on the issue of coverage and priorities of coverage under certain insurance polices. *See* Futures Plaintiffs' Memorandum in Opposition to Commodity Customers' Motion to Intervene and Limited Objections to Settlement and in Further Support of Plaintiffs' Motion for Preliminary Approval of Settlement (Corrected Copy) [Dkt. No. 197] at pp. 1, 9-10.

Accordingly, Plaintiffs respectfully submit that *Bhatia* compels a finding that non-settling Defendant MF Global and the non-settling MF Global Customer Plaintiffs both lack standing to object to Plaintiffs' proposed Settlement with the Moore Capital Defendants and Defendant Welsh.

Respectfully submitted,
*/s/ Christopher Lovell*
Christopher Lovell

Enclosure

cc:     Counsel of Record (by ECF)