USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/15/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In Re: Platinum And Palladium Commodities Litigation* | MASTER FILE<br>No. 10 Civ. 3617 (WHP) |
| This Document Relates To:<br><br>Platinum/Palladium Physical Action | |

### ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT, SCHEDULING HEARING FOR FINAL APPROVAL THEREOF, AND APPROVING THE PROPOSED FORM AND PROGRAM OF NOTICE TO THE CLASS

The Parties (as defined in Section 1(u) of the Stipulation and Agreement of Settlement entered into by the Parties on March 21, 2014 (the "Settlement Agreement")) to the consolidated class action captioned *In re: Platinum and Palladium Commodities Litigation*, No. 10 Civ. 3617 (S.D.N.Y.) (WHP) (the "Physical Action"), having applied for an order preliminarily approving the proposed settlement of the Physical Action in accordance with the Settlement Agreement and for (a) dismissal, except for the negligence claim against Joseph Welsh, of the Physical Action as to defendants Moore Capital Management, LP; Moore Capital Management, LLC; Moore Capital Advisors, LLC; Moore Advisors, Ltd.; Moore Macro Fund, LP; Moore Global Fixed Income Master Fund, LP; Christopher Pia; Louis Bacon; Eugene Burger and Joseph Welsh (collectively, the "Settling Defendants"), on the merits and with prejudice upon the terms and conditions set forth in the Settlement Agreement, and (b) a judgment against defendant Welsh, as set forth in Section 3(b) of the Settlement Agreement and paragraph 15 of the proposed Final Judgment; the Court having read and considered the Settlement Agreement and accompanying documents; and the Parties having consented to the entry of this Order,

NOW, THEREFORE this 15th day of July, 2014 upon application of the Parties,

**IT IS HEREBY ORDERED** that:

1. Except for the terms defined herein, the Court adopts and incorporates the definitions in the Settlement Agreement for the purposes of this Order.

2. For purposes of settlement only, the Physical Class shall be preliminarily certified and maintained as a class action pursuant to Federal Rule of Civil Procedure 23, finding that the applicable provisions of Rule 23 have been satisfied. The Physical Class is defined as:

> All persons and/or entities who purchased, invested in, or otherwise acquired an interest in physical or spot platinum or palladium bullion conforming to NYMEX "good delivery" requirements and/or of at least 99.95% purity ("Platinum and/or Palladium Bullion") in the United States physical or "spot" market during the period of June 1, 2006 through April 29, 2010 (the "Class Period"). Excluded from the Physical Class are (i) the Settling Defendants, MF Global, Inc., any co-conspirators alleged in the Complaint or any subsequent amended complaint filed prior to the Exclusion Bar Date, Alan Craig Kleinstein, Dominick Frank Terrone, Richard Peter Trifoglio Sr., Frederick Charles Ferriola, Peter Michael Venus, Lawrence Frasca Favuzza, and John Anthony Sakulich and any NYMEX floor brokers or NYMEX floor traders who refuse to execute the certification in the Proof of Claim attesting that they were not co-conspirators, or aiders or abettors of the Settling Defendants or Non-Settling Defendants, and (ii) Opt Outs.

3. The Court hereby appoints Doyle Lowther LLP as Physical Class Counsel, having determined Federal Rule of Civil Procedure 23(g) requirements are fully satisfied by this appointment.

4. Physical Plaintiffs F.W. DeVito, Inc. Retirement Plan Trust ("DeVito Trust"), Frederick and Mary DeVito, David W. DeVito and Russell W. Andrews are hereby appointed as representatives to the Physical Class.

5. A hearing will be held on November 7, 2014 at 11:00 [a.m./p.m.] [approximately 95 days after entry of this Order] in Courtroom 20B of this Courthouse before the undersigned, to

consider the fairness, reasonableness and adequacy of the Settlement Agreement (the "Fairness Hearing"). The foregoing date, time and place of the Fairness Hearing shall be set forth in the notice and publication notice which is ordered herein, but shall be subject to adjournment or change by the Court without further notice to the members of the Physical Class other than that which may be posted at the Court and on the Court's website.

6. The Court reserves the right to approve the Settlement Agreement at or after the Fairness Hearing with such modifications as may be consented to by the Parties and without further notice to the Physical Class.

7. Within five business days after the date of the entry of this Order, the Settlement Administrator shall cause shall cause copies of the Class Notice, substantially in the form attached as Exhibit A to the Settlement Agreement, to begin to be mailed by United States first class mail, postage prepaid, to the following entities with a request that these entities forward the Class Notice to all persons who purchased or acquired an interest in Platinum and/or Palladium Bullion through their business during the Class Period:

      a. MONEX Credit Company of Newport Beach, California;

      b. APMEX, Inc. of Oklahoma City, Oklahoma;

      c. Dillon Gage, Inc. of Addison, Texas;

      d. Kitco Metals, Inc. of Rouses Point, New York; and

      e. United States Mint

8. As soon as practicable after mailing of the Class Notice commences, the Settlement Administrator shall cause to be published a publication notice substantially in the form attached as Exhibit B to the Settlement Agreement, to be published as follows: (a) for two consecutive months in *Stock and Commodities* Magazine; (b) on the *Stock and Commodities* Magazine website for one month; (c) for two consecutive months in *Futures* Magazine; (d) on the Futures Magazine website for one month; (e) for two consecutive months

in *Futures & Options World* Magazine; (f) for one month on the *Futures & Option World* Magazine; (g) for four consecutive Monday editions of *Investor's Business Daily*; (h) for one month on the *Investors Business Daily* website; (i) for two consecutive weeks in *Barron's* Magazine; (j) in one edition of the *Wall Street Journal*; and (k) for one month on the Kitco.com website.

    9.    The Settlement Administrator shall also cause the Class Notice to be published on a website established for this Settlement, www.PlatinumPalladiumPhysicalLitigation.com, within 10 days after the entry of this Order. Both the Class Notice and the summary notice will direct members of the Physical Class to the website, www.PlatinumPalladiumPhysicalLitigation.com, where they can access the Settlement Agreement, this Order, the motion for preliminary approval, answers to anticipated questions about class action settlements or the Proof of Claim, and other information. The Physical Class website, www.PlatinumPalladiumPhysicalLitigation.com, will be searchable on the internet.

    10.    Where practical, notice of the instant Settlement Agreement shall be combined and consolidated with notice of the settlement of the Futures Action (as defined in Section 1(o) of the Settlement Agreement). The Class Notice and Summary Notice to be distributed in the Futures Action shall include language advising futures subclass members of the proposed Physical Action settlement and direct such class members to the Physical Action settlement website www.PlatinumPalladiumPhysicalLitigation.com. Similarly, the Class Notice and Summary Notice to be distributed in this action shall include language advising Physical class members of the proposed Futures Action settlement and direct such class members to the Futures Action settlement website www.PlatinumPalladiumFuturesLitigation.com.

    11.    The Court approves, in form and substance, the Class Notice. The form and method of notice specified herein is the best notice practicable under the circumstances and

shall constitute due and sufficient notice of the Fairness Hearing to all persons entitled to receive such notice, and fully satisfies the requirements of due process, Federal Rule of Civil Procedure 23, and applicable law.

12. The Settlement Agreement's terms are hereby preliminarily approved. The Court finds the Settlement Agreement was reached after arm's length negotiations by experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given as provided in this Order. The Plan of Allocation's terms are preliminarily approved as within the range of reasonableness.

13. All proceedings in the Physical Action, other than such proceedings as may be necessary to effectuate the terms and conditions of the Settlement Agreement, are hereby stayed and suspended until further order of this Court.

14. Physical Class Counsel shall file their motions for payment of attorneys' fees and reimbursement of expenses and for final approval of the Settlement at least 30 days prior to the Fairness Hearing.

15. Any Physical Class member who objects to any aspect of the Settlement, application for attorneys' fees and expenses, or the Order and Final Judgment, or who otherwise wishes to be heard, may appear in person or by attorney at the Fairness Hearing and present evidence or argument that may be proper and relevant; provided, however, that except for good cause shown, no person other than Physical Lead Counsel and counsel for the Settling Defendants shall be heard and no papers, briefs, pleadings or other documents submitted by any Physical Class member shall be considered by the Court unless, not later than 23 days prior to the Fairness Hearing directed herein, the objecting Physical Class member files the following with the Court and serves the same on or before such filing by hand or overnight mail [or e-mail] on the Physical Lead Counsel and all counsel of record for the Settling Defendants:

    a. written notice of intention to appear;

    b. proof of membership in the Physical Class;

    c. a detailed statement of the objection(s) to any matters before the Court;

    d. a statement advising of any Court proceeding in which said objector has made an objection to a proposed class action settlement within the past three years, including case name, docket number and court;

    e. the grounds or reasons why the Physical Class member desires to appear and be heard; and

    f. all documents or writings the Physical Class member desires the Court to consider.

16. Any Physical Class member who fails to object in the manner described in Paragraph 15 of this Order shall be deemed to have waived the right to object (including any right of appeal) and shall forever be barred from raising such objection in this or any other action or proceeding. Discovery concerning any purported objections to the Settlement shall be completed no later than three days before the Fairness Hearing.

17. Counsel for the Physical Class, counsel for the Settling Defendants, and any other Persons wishing to oppose timely-filed objections, pursuant to Paragraph 15 hereof, may do so not later than seven days before the Fairness Hearing.

18. Any request for exclusion from the Settlement by a Physical Class member must be made in writing and received by the Settlement Administrator no later than thirty-five (35) days before the Fairness Hearing (the "Exclusion Bar Date"). Any such request for exclusion must contain the following information:

    a. the date of acquisition of Platinum and/or Palladium Bullion during the Class Period;

    b. when and at what price such Platinum and/or Palladium Bullion was acquired or sold;

    c. any and all broker(s) used; and

    d. a statement and description of whether such Platinum and/or Palladium Bullion was acquired as a hedge to exposures that relate to platinum or palladium during the Class Period.

19.   At least seven days prior to the Fairness Hearing, the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the notice provisions in Sections 7, 8, 9 and 10 of this Order.  Thirty-seven days before the Fairness Hearing, Physical Class Counsel shall provide the Court with a status report as to the progress of executing the proposed program of notice.

20.   All Proofs of Claim shall be submitted by Physical Class members as directed in the Class Notice and must be received by the Settlement Administrator no later than seventy-five (75) days after the Fairness Hearing.

21.   To effectuate the Settlement Agreement and the notice provisions, the Court hereby approves A.B. Data Consulting, Inc. (the "Settlement Administrator") to be responsible for: (a) establishing a P.O. Box, information telephone line and website (to be included in the Class Notice and publication notice) for the purpose of communicating with Physical Class members; (b) disseminating notice of the Settlement to the Physical Class members; (c) accepting and maintaining documents sent from Physical Class members including Proofs of Claim, and other documents relating to claims administration; (d) administering claims for allocation of funds among members of the Physical Class; and (e) acting as Escrow Agent for the portion of the Settlement Fund held at Huntington National Bank pursuant to the terms of the Escrow Agreement for such account at Huntington National Bank.

22.   Except to the extent provided for in the Settlement Agreement and the Final Order and Judgment with respect to defendant Welsh only, (a) the Settlement Agreement, including but not limited to its exhibits, whether or not it shall become final, and any and all negotiations, documents and discussions associated with it is not and shall not be deemed or construed to be an admission, adjudication or evidence of any violation of any statute or law or of any liability or wrongdoing by the Settling Defendants or any Released Party or of the truth of any of the claims or allegations alleged in the Physical Action or the incurrence of any

damage, loss or injury by any Person; (b) the Settlement Agreement, including its exhibits, whether or not it shall become final, and any and all negotiations, documents and discussions associated with it, (i) shall be without prejudice to the rights of any Party, (ii) shall not be deemed or construed to be an admission, adjudication or evidence of any violation of any statute or law or of any liability or wrongdoing by Settling Defendants or any Released Party, or of the truth of any of the claims or allegations, or the incurrence of any damage, loss or injury by any Person, or of any lack of merit of any of the claims asserted in the Physical Action, and (iii) shall not be discoverable or used indirectly, in any way, whether in the Physical Action or in any other action or proceeding of any nature, whether by the Physical Class or Opt Outs, except if warranted by existing law in connection with a dispute under this Settlement Agreement or an action in which this Settlement agreement is asserted as a defense.

23.   If the Settlement is approved by the Court following the Fairness Hearing, a Final Order and Judgment will be entered as described in the Settlement Agreement.

24.   If the Settlement, including any amendment made in accordance with the Settlement Agreement, is not approved by the Court or shall not become effective for any reason, the Settlement (including any modification thereof made with the consent of the Parties as provided for in the Settlement Agreement), and preliminary certifications herein and any actions taken or to be taken in connection therewith (including any papers filed in connection with the Settlement Agreement, this Order, and any judgment entered herein) shall be terminated and shall become void and of no further force and effect, and shall not be deemed an admission or concession, or received as evidence in this or any other action or proceeding except as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of the Parties.

25.   The Court may, for good cause, extend any of the deadlines set forth in this Order without notice to the Physical Class members, except the Exclusion Bar Date may only

be extended in the event that notice to the Physical Class is materially delayed, and then only to the same extent needed to provide the Physical Class with the contemplated amount of time to request exclusion from the Settlement.

26. In the event the Settlement Agreement is terminated in accordance with its provisions, the Settlement and all proceedings had in connection therewith shall be null and void, except as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of the Parties.

27. If the Settlement Agreement is terminated or ultimately not approved, the Court will modify any existing scheduling order to ensure the Settling Parties will have sufficient time to prepare for the resumption of litigation.

28. Pursuant to and in accordance with Local Civil Rule 67.1, the Clerk of the Court is directed to invest the sum of nine million two hundred five thousand dollars ($9,205,000), which shall be paid by the Moore Defendants within fourteen (14) calendar days after this Scheduling Order is entered, into an interest bearing Court Registry Investment System ("CRIS") account. These funds shall be withdrawn from such interest bearing CRIS account only pursuant to order of this Court in accordance with the terms of the Settlement. The Clerk of the Court is instructed to deduct, from any income earned on the foregoing investment, a fee equal to ten percent (10%) of any income earned.

28. If any deadline imposed herein falls on a non-business day, then the deadline is extended until the next business day.

**IT IS SO ORDERED**

Signed this 15th day of July, 2014, at the Courthouse for the United States District Court for the Southern District of New York.

Hon. William H. Pauley, III
United States District Court Judge