```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/14/14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In Re: Platinum And Palladium Commodities Litigation* | MASTER FILE<br>No. 10 Civ. 3617 (WHP) |
| This Document Relates To:<br><br>Platinum/Palladium Futures Action | |

### ORDER SCHEDULING HEARING TO CONSIDER THE FAIRNESS, REASONABLENESS, AND ADEQUACY OF THE FUTURES PLAINTIFFS' PROPOSED SETTLEMENT WITH THE TRUSTEE FOR THE LIQUIDATION OF MF GLOBAL, INC. AND AUTHORIZING THE DISSEMINATION OF <u>NOTICE OF SUCH PROPOSED SETTLEMENT TO THE FUTURES CLASS</u>

UPON, consideration of the Stipulation and Agreement of Settlement entered into by the Futures Plaintiffs, James W. Giddens (as trustee in the Securities Investor Protection Act liquidation of MF Global, Inc. in his capacity as Trustee and on behalf of the MF Global, Inc. estate), MF Global Holdings, Ltd., and MFG Assurance Company Ltd. (the "<u>Parties</u>") on October 21, 2014 (the "<u>Settlement Agreement</u>" or "<u>Settlement</u>")) [Dkt. No. 230-1];

UPON, consideration of the Futures Plaintiffs' motion for entry of the Scheduling Order dated October 29, 2014 [Dkt. No. 231] and the Declaration of Christopher Lovell, Esq. dated October 29, 2014 [Dkt. No. 203];

UPON, the hearing on the Futures Plaintiffs' foregoing motion held by the Court on November 12, 2014 [Dkt. No. 240]; and

UPON, the Court having reviewed and considered the Settlement Agreement and accompanying documents, and all Parties having consented to the entry of this Scheduling Order, **IT IS HEREBY ORDERED** that:

1.      Except for the terms defined herein, the Court adopts and incorporates the definitions in the Settlement Agreement for the purposes of this Scheduling Order.

2.      For purposes of Settlement only, the below Futures Class shall be preliminarily certified and maintained as a class action, pursuant to Rule 23 of the Federal Rule of Civil Procedure. The Court finds that the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have been satisfied. The Futures Class is defined as:

> All Persons that purchased or sold a NYMEX platinum futures contract or a NYMEX palladium futures contract during the period from June 1, 2006 through April 29, 2010, inclusive. Excluded from the Futures Class are (i) the Settling Defendants, MF Global, Inc., any co-conspirators alleged in the Complaint or any subsequent amended complaint filed prior to the Exclusion Bar Date, Alan Craig Kleinstein, Dominick Frank Terrone, Richard Peter Trifoglio Sr., Frederick Charles Ferriola, Peter Michael Venus, Lawrence Frasca Favuzza, and John Anthony Sakulich and any NYMEX floor brokers or NYMEX floor traders who refuse to execute the certification in the Proof of Claim attesting that they were not co-conspirators, or aiders or abettors of the Settling Defendant or Non-Settling Defendants, and (ii) Opt Outs.

3.      The Court hereby reaffirms its appointment of Lovell Stewart Halebian Jacobson LLP as class counsel for the Futures Class, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

4.      Plaintiffs Richard White, Harry Ploss and The Stuart Sugarman Trust are hereby appointed as representatives to the Futures Class.

5.      A hearing will be held on February 13, 2015 at 11:00 a.m. in Courtroom 20B of this Courthouse before the undersigned, to consider the fairness, reasonableness, and adequacy of the Settlement Agreement (the "Fairness Hearing"). The foregoing date, time, and place of the Fairness Hearing shall be set forth in the notice and publication notice which is ordered herein, but shall be subject to adjournment or change by the Court without further notice to the

members of the Futures Class other than that which may be posted at the Court and on the Court's website.

6. The Court reserves the right to approve the Settlement at or after the Fairness Hearing with such modifications as may be consented to by the Parties and without further notice to the Futures Class.

7. Within five business days after the date of the entry of this Scheduling Order, the Settlement Administrator shall cause copies of the long form notice, substantially in the form attached as Exhibit G to the Settlement Agreement, to begin to be mailed by United States first class mail, postage prepaid, to (a) all large traders in New York Mercantile Exchange ("NYMEX") platinum and palladium contracts during the Class Period whose names have been obtained by the Futures Plaintiffs pursuant to a subpoena to the NYMEX; (b) all clearing brokers on the NYMEX during the Class Period whose names have been obtained by the Futures Plaintiffs pursuant to a subpoena to the NYMEX (with the direction that they should forward the Class Notice to their customers who transacted in NYMEX platinum or NYMEX palladium futures contracts during the Class Period or provide the names and addresses of such customers to the Settlement Administrator); and (c) any additional reasonably identifiable members of the Futures Class. The foregoing mailings shall be completed no later than 15 days after the date of entry of this Order.

8. As soon as practicable after the mailing of the long form notice commences, the Settlement Administrator shall cause to be published a publication notice substantially in the form of Exhibit H to the Settlement Agreement as follows: (a) for two consecutive months in Futures Magazine; (b) on the Futures Magazine website for one month; (c) for two consecutive

months in Stock and Commodities Magazine; (d) on the Stock and Commodities Magazine website for one month; and (e) in two editions of The Wall Street Journal.

9.  The Settlement Administrator shall also cause the long form notice and publication notice to be published on a website established for this Settlement, www.PlatinumPalladiumFuturesLitigation.com, within 10 days after the entry of this Scheduling Order. Both the long form notice and the publication notice will direct members of the Futures Class to the website, www.PlatinumPalladiumFuturesLitigation.com, where they can access the Settlement Agreement, this Scheduling Order, the Futures Plaintiffs' motion for entry of the Scheduling Order, answers to anticipated questions about class action settlements or the Proof of Claim, and other information. The Futures Class website, www.PlatinumPalladiumFuturesLitigation.com, will be searchable on the internet.

10. The Court approves, in form and substance, the Class Notice. The form and method of notice specified herein is the best notice practicable and shall constitute due and sufficient notice of the Fairness Hearing to all persons entitled to receive such notice, and fully satisfies the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and applicable law.

11. All proceedings in the Futures Action as to Defendant MF Global shall continue to be stayed and suspended until further order of this Court pursuant to the MFGI Liquidation Order dated October 31, 2011, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement.

12. Futures Lead Counsel shall file its motion for payment of attorneys' fees and reimbursement of expenses and for final approval of the Settlement at least 30 days prior to the Fairness Hearing.

13. Any member of the Futures Class may object to any aspect of the Settlement, application for attorneys' fees and expenses, or the Final Judgment and may appear in person or through his or her attorney at the Fairness Hearing and present evidence or argument that may be proper and relevant; provided, however, that, except for good cause shown, not later than 23 days prior to the Fairness Hearing directed herein, the objecting member of the Futures Class shall file the below information with the Court and serve same by hand, overnight mail or electronic mail on Futures Lead Counsel and all counsel of record for the Settling Defendant:

   a. a written notice of intention to appear;

   b. proof of membership in the Futures Class;

   c. a detailed statement of the objections to any matters before the Court;

   d. a statement advising of any court proceeding in which said objector has made an objection to a proposed class action settlement within the past three years, including case name, docket number, and court;

   e. the grounds or reasons why the member of the Futures Class desires to appear and be heard; and

   f. all documents or writings the member of the Futures Class desires the Court to consider.

14. Any member of the Futures Class who fails to object in the manner described in Paragraph 13 of this Scheduling Order shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding. Discovery concerning any purported objections to the Settlement shall be completed no later than three days before the Fairness Hearing.

15. Counsel for the Futures Class, counsel for the Trustee, counsel for MFGH, and counsel for the Insurer, and any other Persons wishing to oppose timely-filed objections, pursuant to Paragraph 13 hereof, may do so not later than seven days before the Fairness Hearing.

16. Any request for exclusion from the Settlement by a member of the Futures Class must be made in writing and received by the Settlement Administrator no later than thirty-five days before the Fairness Hearing (the "Exclusion Bar Date"). Any such request for exclusion must contain the following information: (a) the Futures Class member's name, address, and phone number; (b) the name of the Futures Action ("*In re: Platinum and Palladium Commodities Litigation—Futures Action*"); and (c) a signed statement that "I/we hereby request that I/we be excluded from the Futures Class in *In re: Platinum and Palladium Commodities Litigation—Futures Action*." Additionally, the Person seeking exclusion must submit documents establishing: (i) the date of acquisition of each position in any NYMEX platinum futures contract or NYMEX palladium futures contract for which recovery is sought by a Futures Class member or that was acquired or sold during the Class Period; (ii) when and at what price such position(s) was/were acquired, closed out or sold; (iii) any and all broker(s) or futures commission merchant(s) used; and (iv) a statement and description of whether positions in NYMEX platinum futures contracts or NYMEX palladium futures contracts were acquired as a hedge to off-exchange positions or exposures that relate to platinum or palladium during the Class Period.

17. At least seven days prior to the Fairness Hearing, the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the notice provisions in Sections 7, 8 and 9 of this Order. Thirty-seven days before the Fairness Hearing, Futures Class Counsel shall provide the Court with a status report as to the progress of executing the proposed program of notice.

18. All Proofs of Claim shall be submitted by Futures Class members as directed in the Class Notice and must be received by the Settlement Administrator no later than seventy-five days after the Fairness Hearing.

19. To effectuate the Settlement Agreement and the notice provisions, the Court hereby approves A.B. Data, Ltd. (the "Settlement Administrator") to be responsible for: (a) establishing a P.O. Box, information telephone line and website (to be included in the Class Notice and publication notice) for the purpose of communicating with members of the Futures Class; (b) disseminating notice of the Settlement to the members of the Futures Class; (c) accepting and maintaining documents sent from Futures Class members including Proofs of Claim, and other documents relating to claims administration; (d) administering claims for allocation of funds among members of the Futures Class; and (e) acting as Escrow Agent for the portion of the Settlement Fund held at Huntington National Bank pursuant to the terms of the Escrow Agreement for such account at Huntington National Bank.

20. Except to the extent provided for in the Settlement Agreement, (a) the Settlement Agreement, including but not limited to its exhibits, whether or not it shall become final, and any and all negotiations, documents and discussions associated with it, is not and shall not be deemed or construed to be an admission, adjudication or evidence of any violation of any statute or law or of any liability or wrongdoing by the Trustee, MFGI or any Released Party, or of the truth of any of the claims or allegations alleged in the Futures Action or the incurrence of any damage, loss or injury by any Person; (b) the Settlement Agreement, including its exhibits, whether or not it shall become final, and any and all negotiations, documents and discussions associated with it, (i) shall be without prejudice to the rights of any Party, (ii) shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by the Trustee, MFGI or any Released Party, or of the truth of any of the claims or allegations, or the incurrence of any damage, loss or injury by any Person, or of any lack of merit of any of the claims asserted in the Futures Action, and (iii) shall not be discoverable or used

directly or indirectly, in any way, whether in the Futures Action or in any other action or proceeding of any nature, whether by the Futures Class or Opt Outs, except if warranted by existing law in connection with a dispute under this Settlement Agreement or an action in which this Settlement Agreement is asserted as a defense.

21. If the Settlement is approved by the Court following the Fairness Hearing, a Final Judgment will be entered as described in the Settlement Agreement.

22. If the Settlement, including any amendment made in accordance with the Settlement Agreement, is not approved by the Court or shall not become effective for any reason, the Settlement (including any modification thereof made with the consent of the Parties as provided for in the Settlement Agreement), and preliminary certifications herein and any actions taken or to be taken in connection therewith (including any papers filed in connection with the Settlement Agreement, this Order, and any judgment entered herein) shall be terminated and shall become void and of no further force and effect, and shall not be deemed an admission or concession, or received as evidence in this or any other action or proceeding, except as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of the Parties.

23. The Court may, for good cause, extend any of the deadlines set forth in this Order without notice to members of the Futures Class. Any change in deadlines shall be promptly posted on the settlement website.

24. In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of the Parties.

25. Pursuant to and in accordance with Local Civil Rule 67.1, the Clerk of the Court is directed to invest the sum of four million five hundred ninety-two thousand five hundred dollars ($4,592,500), which shall be paid by MFG Assurance Company Limited within fourteen (14) calendar days after this Scheduling Order is entered provided that the order approving the Automatic Stay Stipulation has become Final, into an interest bearing Court Registry Investment System ("CRIS") account. The foregoing funds shall only be withdrawn from such interest bearing CRIS account pursuant to order of this Court in accordance with the terms of the Settlement. The Clerk of the Court is instructed to deduct, from any income earned on the foregoing investment, a fee equal to ten per cent (10%) of any income earned.

26. Also pursuant to and in accordance with Local Civil Rule 67.1, the Clerk of the Court is directed to invest the sum of eight hundred thousand dollars ($800,000), which shall be paid by MF Global Holdings, Ltd., into a separate interest bearing Court Registry Investment System ("CRIS") account. MF Global Holdings, Ltd. shall make the $800,000 payment by the later of (a) fourteen (14) calendar days after the date on which the Scheduling Order is entered or (b) seven (7) calendar days after the date on which MFGH receives an initial distribution of proceeds from MFGI on account of MFGH's allowed claim against MFGI; provided that in no event shall the $800,000 all-cash payment be made any later than fourteen (14) calendar days before the Fairness Hearing. The foregoing funds shall only be withdrawn from such interest bearing CRIS account pursuant to order of this Court in accordance with the terms of the Settlement. The Clerk of the Court is instructed to deduct, from any income earned on the foregoing investment, a fee equal to ten per cent (10%) of any income earned.

27. Entry of this Scheduling Order shall operate to trigger the payment and other obligations described in the Settlement Agreement that are based upon entry of the Scheduling Order.

28. If any deadline imposed herein falls on a non-business day, then the deadline is extended until the next business day.

**IT IS SO ORDERED.**

Signed this 14 day of Nov, 2014, at the Courthouse for the United States District Court for the Southern District of New York.

The Honorable William H. Pauley, III
United States District Court Judge