# ALLEN & OVERY

**VIA ECF AND REGULAR MAIL**

Honorable William H. Pauley III
United States District Judge
United States Courthouse
500 Pearl Street, Room 2210
New York, New York 10007-1312

Allen & Overy LLP
1221 Avenue of the Americas
New York NY 10020

Tel  212 610 6470
Fax  212 610 6399

December 1, 2014

### In Re: Platinum and Palladium Commodities Litigation, Master File No. 10 Civ. 3617

Dear Judge Pauley:

We represent MFG Assurance Company Limited ("MFGA") in connection with the above-referenced action. We write to inform the Court that the $5,250,000 in settlement funds required of MFGA pursuant to the Scheduling Orders in the Futures Action and Physical Action (ECF Docs 244 & 245), as well as the Settlement Agreements themselves, have been deposited in the escrow accounts established for purposes of administering the settlement notice and the CRIS accounts established by the Clerk of Court.

A more detailed breakdown of the payment is included in the attached cover letter to the Clerk of Court that enclosed the CRIS account deposits.

Respectfully submitted,

**Stephen Doody**

Enclosure

cc:  Counsel of Record (by electronic mail)

0103973-0000001 NY:20960611.1

Allen & Overy LLP is a limited liability partnership registered in England and Wales with registered number OC306763. It is authorized and regulated by the Solicitors Regulation Authority of England and Wales. Allen & Overy LLP is a multi-jurisdictional law firm with lawyers admitted to practise in a variety of jurisdictions. A list of the members of Allen & Overy LLP and their professional qualifications is open to inspection at its registered office, One Bishops Square, London, E1 6AD and at the above address. The term partner is used to refer to a member of Allen & Overy LLP or an employee or consultant with equivalent standing and qualifications.

Allen & Overy LLP or an affiliated undertaking has an office in each of: Abu Dhabi, Amsterdam, Antwerp, Athens, Bangkok, Barcelona, Beijing, Belfast, Bratislava, Brussels, Bucharest (associated office), Budapest, Casablanca, Doha, Dubai, Düsseldorf, Frankfurt, Hamburg, Hanoi, Ho Chi Minh City, Hong Kong, Istanbul, Jakarta (associated office), Johannesburg, London, Luxembourg, Madrid, Mannheim, Milan, Moscow, Munich, New York, Paris, Perth, Prague, Riyadh (associated office), Rome, São Paulo, Shanghai, Singapore, Sydney, Tokyo, Toronto, Warsaw, Washington, D.C. and Yangon.

# ALLEN & OVERY

**BY HAND**

Dianna Gustaferri
Finance Office
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Allen & Overy LLP
1221 Avenue of the Americas
New York NY 10020

Tel        212 610 6470
Fax       212 610 6399
Stephen.Doody@allenovery.com

November 25, 2014

**In Re: Platinum & Palladium Commodities Litigation**
**Master File No. 10 Civ. 3617**

Dear Ms. Gustaferri:

We represent MFG Assurance Limited ("MFGA") in connection with the above-captioned litigation, which involves a "Futures Action" and "Physical Action." Pursuant to the enclosed Scheduling Orders in the Futures Action and Physical Action, MFGA hereby encloses two certified checks totaling $5,100,000 for deposit in the two Court Registry Investment System accounts. Specifically, these deposits consist of:

a) $4,592,500 as consideration for the Futures Action settlement; and

b) $507,500 as consideration for the Physical Action settlement.

Additionally, MFGA has wired into escrow accounts established at Huntington National Bank and administered by the Settlement Administrator appointed by the Court $80,000 to be used for notice in connection with the putative Futures Class and $70,000 to be used for notice in connection with the putative Physical Class.

Allen & Overy LLP is a limited liability partnership registered in England and Wales with registered number OC306763. It is authorized and regulated by the Solicitors Regulation Authority of England and Wales. Allen & Overy LLP is a multi-jurisdictional law firm with lawyers admitted to practise in a variety of jurisdictions. A list of the members of Allen & Overy LLP and their professional qualifications is open to inspection at its registered office, One Bishops Square, London, E1 6AD and at the above address. The term partner is used to refer to a member of Allen & Overy LLP or an employee or consultant with equivalent standing and qualifications.

Allen & Overy LLP or an affiliated undertaking has an office in each of: Abu Dhabi, Amsterdam, Antwerp, Athens, Bangkok, Barcelona, Beijing, Belfast, Bratislava, Brussels, Bucharest (associated office), Budapest, Casablanca, Doha, Dubai, Düsseldorf, Frankfurt, Hamburg, Hanoi, Ho Chi Minh City, Hong Kong, Istanbul, Jakarta (associated office), Johannesburg, London, Luxembourg, Madrid, Mannheim, Milan, Moscow, Munich, New York, Paris, Perth, Prague, Riyadh (associated office), Rome, São Paulo, Shanghai, Singapore, Sydney, Tokyo, Toronto, Warsaw, Washington, D.C. and Yangon.

0103673-0000001 NY:20976732.1

Diana Gustaferri
November 25, 2014
Page 2

Thank you in advance for your attention to this matter.  Please do not hesitate to contact me with any question you may have.

Very truly yours,

Stephen Doody

cc:    Judge Pauley's Chambers (by electronic mail) (w/o enclosures)
        Counsel of Record (by electronic mail) (w/o enclosures)

Enclosures

HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK   **OFFICIAL CHECK**   HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK

**citibank**®
Citibank, N.A.

113466892

62-20
311

FC# 00920 FA# 005          $0.00 ONL          DATE  1 1 / 2 4 / 1 4
038-03  Ck. Ser.#     113466892    * * 4 , 5 9 2 , 5 0 0 . 0 0 * * *

PAY   ****FOUR MILLION FIVE HUNDRED NINETY-TWO THOUSAND
      FIVE HUNDRED DOLLARS****

TO
THE       ****CLERK OF THE COURT,SDNY****
ORDER
OF

NAME OF REMITTER      ALLEN & OVERY IOLA
ADDRESS
Citibank, N.A. One Penn's Way
New Castle, DE 19720

Drawer: Citibank, N.A.

BY
AUTHORIZED SIGNATURE                                      MP

Security
Features
Details on
Back

⑈ 113466892⑈   ⑆031100209⑉     3876 29 24⑈

---

HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK   **OFFICIAL CHECK**   HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK

**citibank**®
Citibank, N.A.

113466893

62-20
311

FC# 00920 FA# 005          $0.00 ONL          DATE  1 1 / 2 4 / 1 4
038-04  Ck. Ser.#     113466893    * * * 5 0 7 , 5 0 0 . 0 0 * * *

PAY   ****FIVE HUNDRED SEVEN THOUSAND FIVE HUNDRED DOLLARS****

TO
THE       ****CLERK OF THE COURT,SDNY****
ORDER
OF

NAME OF REMITTER      ALLEN & OVERY IOLA
ADDRESS
Citibank, N.A. One Penn's Way
New Castle, DE 19720

Drawer: Citibank, N.A.

BY
AUTHORIZED SIGNATURE                                      MP

Security
Features
Details on
Back

⑈ 113466893⑈   ⑆031100209⑉     3876 29 24⑈

Case 1:10-cv-03617-WHP   Document 249   Filed 12/01/14   Page 5 of 24
Case 1:10-cv-03617-WHP   Document 245   Filed 11/14/14   Page 1 of 10
Case 1:10-cv-03617-WHP   Document 242-1   Filed 11/14/14   Page 2 of 23

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/14/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*In Re: Platinum And Palladium Commodities
Litigation*

This Document Relates To:

    Platinum/Palladium Futures Action

MASTER FILE
No. 10 Civ. 3617 (WHP)

## ORDER SCHEDULING HEARING TO CONSIDER THE FAIRNESS, REASONABLENESS, AND ADEQUACY OF THE FUTURES PLAINTIFFS' PROPOSED SETTLEMENT WITH THE TRUSTEE FOR THE LIQUIDATION OF MF GLOBAL, INC. AND AUTHORIZING THE DISSEMINATION OF <u>NOTICE OF SUCH PROPOSED SETTLEMENT TO THE FUTURES CLASS</u>

    UPON, consideration of the Stipulation and Agreement of Settlement entered into by the

Futures Plaintiffs, James W. Giddens (as trustee in the Securities Investor Protection Act

liquidation of MF Global, Inc. in his capacity as Trustee and on behalf of the MF Global, Inc.

estate), MF Global Holdings, Ltd., and MFG Assurance Company Ltd. (the "Parties") on

October 21, 2014 (the "Settlement Agreement" or "Settlement")) [Dkt. No. 230-1];

    UPON, consideration of the Futures Plaintiffs' motion for entry of the Scheduling Order

dated October 29, 2014 [Dkt. No. 231] and the Declaration of Christopher Lovell, Esq. dated

October 29, 2014 [Dkt. No. 203];

    UPON, the hearing on the Futures Plaintiffs' foregoing motion held by the Court on

November 12, 2014 [Dkt. No. 240]; and

    UPON, the Court having reviewed and considered the Settlement Agreement and

accompanying documents, and all Parties having consented to the entry of this Scheduling Order,

**IT IS HEREBY ORDERED** that:

Case 1:10-cv-03617-WHP   Document 249   Filed 12/01/14   Page 6 of 24
Case 1:10-cv-03617-WHP   Document 245   Filed 11/14/14   Page 2 of 10
Case 1:10-cv-03617-WHP   Document 242-1   Filed 11/14/14   Page 3 of 23

1.    Except for the terms defined herein, the Court adopts and incorporates the

definitions in the Settlement Agreement for the purposes of this Scheduling Order.

2.    For purposes of Settlement only, the below Futures Class shall be preliminarily

certified and maintained as a class action, pursuant to Rule 23 of the Federal Rule of Civil

Procedure. The Court finds that the applicable provisions of Rule 23 of the Federal Rules of

Civil Procedure have been satisfied. The Futures Class is defined as:

> All Persons that purchased or sold a NYMEX platinum futures contract or a
> NYMEX palladium futures contract during the period from June 1, 2006 through
> April 29, 2010, inclusive. Excluded from the Futures Class are (i) the Settling
> Defendants, MF Global, Inc., any co-conspirators alleged in the Complaint or any
> subsequent amended complaint filed prior to the Exclusion Bar Date, Alan Craig
> Kleinstein, Dominick Frank Terrone, Richard Peter Trifoglio Sr., Frederick
> Charles Ferriola, Peter Michael Venus, Lawrence Frasca Favuzza, and John
> Anthony Sakulich and any NYMEX floor brokers or NYMEX floor traders who
> refuse to execute the certification in the Proof of Claim attesting that they were
> not co-conspirators, or aiders or abettors of the Settling Defendant or Non-Settling
> Defendants, and (ii) Opt Outs.

3.    The Court hereby reaffirms its appointment of Lovell Stewart Halebian Jacobson

LLP as class counsel for the Futures Class, having determined that the requirements of Rule 23(g)

of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

4.    Plaintiffs Richard White, Harry Ploss and The Stuart Sugarman Trust are hereby

appointed as representatives to the Futures Class.

5.    A hearing will be held on February 13, 2015 at 11:00 a.m. in Courtroom 20B of

this Courthouse before the undersigned, to consider the fairness, reasonableness, and adequacy

of the Settlement Agreement (the "Fairness Hearing"). The foregoing date, time, and place of

the Fairness Hearing shall be set forth in the notice and publication notice which is ordered

herein, but shall be subject to adjournment or change by the Court without further notice to the

Case 1:10-cv-03617-WHP   Document 249   Filed 12/01/14   Page 7 of 24
Case 1:10-cv-03617-WHP   Document 245   Filed 11/14/14   Page 3 of 10
Case 1:10-cv-03617-WHP   Document 242-1   Filed 11/14/14   Page 4 of 23

members of the Futures Class other than that which may be posted at the Court and on the

Court's website.

6.      The Court reserves the right to approve the Settlement at or after the Fairness

Hearing with such modifications as may be consented to by the Parties and without further notice

to the Futures Class.

7.      Within five business days after the date of the entry of this Scheduling Order, the

Settlement Administrator shall cause copies of the long form notice, substantially in the form

attached as Exhibit G to the Settlement Agreement, to begin to be mailed by United States first

class mail, postage prepaid, to (a) all large traders in New York Mercantile Exchange

("NYMEX") platinum and palladium contracts during the Class Period whose names have been

obtained by the Futures Plaintiffs pursuant to a subpoena to the NYMEX; (b) all clearing brokers

on the NYMEX during the Class Period whose names have been obtained by the Futures

Plaintiffs pursuant to a subpoena to the NYMEX (with the direction that they should forward the

Class Notice to their customers who transacted in NYMEX platinum or NYMEX palladium

futures contracts during the Class Period or provide the names and addresses of such customers

to the Settlement Administrator); and (c) any additional reasonably identifiable members of the

Futures Class. The foregoing mailings shall be completed no later than 15 days after the date of

entry of this Order.

8.      As soon as practicable after the mailing of the long form notice commences, the

Settlement Administrator shall cause to be published a publication notice substantially in the

form of Exhibit H to the Settlement Agreement as follows: (a) for two consecutive months in

Futures Magazine; (b) on the Futures Magazine website for one month; (c) for two consecutive

Case 1:10-cv-03617-WHP   Document 249   Filed 12/01/14   Page 8 of 24
Case 1:10-cv-03617-WHP   Document 245   Filed 11/14/14   Page 4 of 10
Case 1:10-cv-03617-WHP   Document 242-1   Filed 11/14/14   Page 5 of 23

months in Stock and Commodities Magazine; (d) on the Stock and Commodities Magazine

website for one month; and (e) in two editions of The Wall Street Journal.

  9.  The Settlement Administrator shall also cause the long form notice and

publication notice to be published on a website established for this Settlement,

www.PlatinumPalladiumFuturesLitigation.com, within 10 days after the entry of this Scheduling

Order.  Both the long form notice and the publication notice will direct members of the Futures

Class to the website, www.PlatinumPalladiumFuturesLitigation.com, where they can access the

Settlement Agreement, this Scheduling Order, the Futures Plaintiffs' motion for entry of the

Scheduling Order, answers to anticipated questions about class action settlements or the Proof of

Claim, and other information.  The Futures Class website,

www.PlatinumPalladiumFuturesLitigation.com, will be searchable on the internet.

  10.  The Court approves, in form and substance, the Class Notice.  The form and

method of notice specified herein is the best notice practicable and shall constitute due and

sufficient notice of the Fairness Hearing to all persons entitled to receive such notice, and fully

satisfies the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and

applicable law.

  11.  All proceedings in the Futures Action as to Defendant MF Global shall continue

to be stayed and suspended until further order of this Court pursuant to the MFGI Liquidation

Order dated October 31, 2011, other than such proceedings as may be necessary to carry out the

terms and conditions of the Settlement.

  12.  Futures Lead Counsel shall file its motion for payment of attorneys' fees and

reimbursement of expenses and for final approval of the Settlement at least 30 days prior to the

Fairness Hearing.

Case 1:10-cv-03617-WHP    Document 249    Filed 12/01/14    Page 9 of 24
Case 1:10-cv-03617-WHP    Document 245    Filed 11/14/14    Page 5 of 10
Case 1:10-cv-03617-WHP    Document 242-1    Filed 11/14/14    Page 6 of 23

13.     Any member of the Futures Class may object to any aspect of the Settlement, application for attorneys' fees and expenses, or the Final Judgment and may appear in person or through his or her attorney at the Fairness Hearing and present evidence or argument that may be proper and relevant; provided, however, that, except for good cause shown, not later than 23 days prior to the Fairness Hearing directed herein, the objecting member of the Futures Class shall file the below information with the Court and serve same by hand, overnight mail or electronic mail on Futures Lead Counsel and all counsel of record for the Settling Defendant:

    a.   a written notice of intention to appear;

    b.   proof of membership in the Futures Class;

    c.   a detailed statement of the objections to any matters before the Court;

    d.   a statement advising of any court proceeding in which said objector has made an objection to a proposed class action settlement within the past three years, including case name, docket number, and court;

    e.   the grounds or reasons why the member of the Futures Class desires to appear and be heard; and

    f.   all documents or writings the member of the Futures Class desires the Court to consider.

14.     Any member of the Futures Class who fails to object in the manner described in Paragraph 13 of this Scheduling Order shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding.  Discovery concerning any purported objections to the Settlement shall be completed no later than three days before the Fairness Hearing.

15.     Counsel for the Futures Class, counsel for the Trustee, counsel for MFGH, and counsel for the Insurer, and any other Persons wishing to oppose timely-filed objections, pursuant to Paragraph 13 hereof, may do so not later than seven days before the Fairness Hearing.

Case 1:10-cv-03617-WHP   Document 249   Filed 12/01/14   Page 10 of 24
Case 1:10-cv-03617-WHP   Document 245   Filed 11/14/14   Page 6 of 10
Case 1:10-cv-03617-WHP   Document 242-1   Filed 11/14/14   Page 7 of 23

16.     Any request for exclusion from the Settlement by a member of the Futures Class must be made in writing and received by the Settlement Administrator no later than thirty-five days before the Fairness Hearing (the "Exclusion Bar Date"). Any such request for exclusion must contain the following information: (a) the Futures Class member's name, address, and phone number; (b) the name of the Futures Action ("*In re: Platinum and Palladium Commodities Litigation—Futures Action*"); and (c) a signed statement that "I/we hereby request that I/we be excluded from the Futures Class in *In re: Platinum and Palladium Commodities Litigation—Futures Action*." Additionally, the Person seeking exclusion must submit documents establishing: (i) the date of acquisition of each position in any NYMEX platinum futures contract or NYMEX palladium futures contract for which recovery is sought by a Futures Class member or that was acquired or sold during the Class Period; (ii) when and at what price such position(s) was/were acquired, closed out or sold; (iii) any and all broker(s) or futures commission merchant(s) used; and (iv) a statement and description of whether positions in NYMEX platinum futures contracts or NYMEX palladium futures contracts were acquired as a hedge to off-exchange positions or exposures that relate to platinum or palladium during the Class Period.

17.     At least seven days prior to the Fairness Hearing, the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the notice provisions in Sections 7, 8 and 9 of this Order. Thirty-seven days before the Fairness Hearing, Futures Class Counsel shall provide the Court with a status report as to the progress of executing the proposed program of notice.

18.     All Proofs of Claim shall be submitted by Futures Class members as directed in the Class Notice and must be received by the Settlement Administrator no later than seventy-five days after the Fairness Hearing.

Case 1:10-cv-03617-WHP   Document 249   Filed 12/01/14   Page 11 of 24
Case 1:10-cv-03617-WHP   Document 245   Filed 11/14/14   Page 7 of 10
Case 1:10-cv-03617-WHP   Document 242-1   Filed 11/14/14   Page 8 of 23

19.     To effectuate the Settlement Agreement and the notice provisions, the Court

hereby approves A.B. Data, Ltd. (the "Settlement Administrator") to be responsible for:  (a)

establishing a P.O. Box, information telephone line and website (to be included in the Class

Notice and publication notice) for the purpose of communicating with members of the Futures

Class; (b) disseminating notice of the Settlement to the members of the Futures Class; (c)

accepting and maintaining documents sent from Futures Class members including Proofs of

Claim, and other documents relating to claims administration; (d) administering claims for

allocation of funds among members of the Futures Class; and (e) acting as Escrow Agent for the

portion of the Settlement Fund held at Huntington National Bank pursuant to the terms of the

Escrow Agreement for such account at Huntington National Bank.

20.     Except to the extent provided for in the Settlement Agreement, (a) the Settlement

Agreement, including but not limited to its exhibits, whether or not it shall become final, and any

and all negotiations, documents and discussions associated with it, is not and shall not be deemed

or construed to be an admission, adjudication or evidence of any violation of any statute or law

or of any liability or wrongdoing by the Trustee, MFGI or any Released Party, or of the truth of

any of the claims or allegations alleged in the Futures Action or the incurrence of any damage,

loss or injury by any Person; (b) the Settlement Agreement, including its exhibits, whether or not

it shall become final, and any and all negotiations, documents and discussions associated with it,

(i) shall be without prejudice to the rights of any Party, (ii) shall not be deemed or construed to

be an admission or evidence of any violation of any statute or law or of any liability or

wrongdoing by the Trustee, MFGI or any Released Party, or of the truth of any of the claims or

allegations, or the incurrence of any damage, loss or injury by any Person, or of any lack of merit

of any of the claims asserted in the Futures Action, and (iii) shall not be discoverable or used

Case 1:10-cv-03617-WHP   Document 249   Filed 12/01/14   Page 12 of 24
Case 1:10-cv-03617-WHP   Document 245   Filed 11/14/14   Page 8 of 10
Case 1:10-cv-03617-WHP   Document 242-1   Filed 11/14/14   Page 9 of 23

directly or indirectly, in any way, whether in the Futures Action or in any other action or

proceeding of any nature, whether by the Futures Class or Opt Outs, except if warranted by

existing law in connection with a dispute under this Settlement Agreement or an action in which

this Settlement Agreement is asserted as a defense.

21.   If the Settlement is approved by the Court following the Fairness Hearing, a Final

Judgment will be entered as described in the Settlement Agreement.

22.   If the Settlement, including any amendment made in accordance with the

Settlement Agreement, is not approved by the Court or shall not become effective for any reason,

the Settlement (including any modification thereof made with the consent of the Parties as

provided for in the Settlement Agreement), and preliminary certifications herein and any actions

taken or to be taken in connection therewith (including any papers filed in connection with the

Settlement Agreement, this Order, and any judgment entered herein) shall be terminated and

shall become void and of no further force and effect, and shall not be deemed an admission or

concession, or received as evidence in this or any other action or proceeding, except as expressly

provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo*

*ante* rights of the Parties.

23.   The Court may, for good cause, extend any of the deadlines set forth in this Order

without notice to members of the Futures Class.  Any change in deadlines shall be promptly

posted on the settlement website.

24.   In the event that the Settlement Agreement is terminated in accordance with its

provisions, the Settlement Agreement and all proceedings had in connection therewith shall be

null and void, except as expressly provided to the contrary in the Settlement Agreement, and

without prejudice to the *status quo ante* rights of the Parties.

8

Case 1:10-cv-03617-WHP   Document 249   Filed 12/01/14   Page 13 of 24
Case 1:10-cv-03617-WHP   Document 245   Filed 11/14/14   Page 9 of 10
Case 1:10-cv-03617-WHP   Document 242-1   Filed 11/14/14   Page 10 of 23

25.    Pursuant to and in accordance with Local Civil Rule 67.1, the Clerk of the Court is directed to invest the sum of four million five hundred ninety-two thousand five hundred dollars ($4,592,500), which shall be paid by MFG Assurance Company Limited within fourteen (14) calendar days after this Scheduling Order is entered provided that the order approving the Automatic Stay Stipulation has become Final, into an interest bearing Court Registry Investment System ("CRIS") account. The foregoing funds shall only be withdrawn from such interest bearing CRIS account pursuant to order of this Court in accordance with the terms of the Settlement. The Clerk of the Court is instructed to deduct, from any income earned on the foregoing investment, a fee equal to ten per cent (10%) of any income earned.

26.    Also pursuant to and in accordance with Local Civil Rule 67.1, the Clerk of the Court is directed to invest the sum of eight hundred thousand dollars ($800,000), which shall be paid by MF Global Holdings, Ltd., into a separate interest bearing Court Registry Investment System ("CRIS") account. MF Global Holdings, Ltd. shall make the $800,000 payment by the later of (a) fourteen (14) calendar days after the date on which the Scheduling Order is entered or (b) seven (7) calendar days after the date on which MFGH receives an initial distribution of proceeds from MFGI on account of MFGH's allowed claim against MFGI; provided that in no event shall the $800,000 all-cash payment be made any later than fourteen (14) calendar days before the Fairness Hearing. The foregoing funds shall only be withdrawn from such interest bearing CRIS account pursuant to order of this Court in accordance with the terms of the Settlement. The Clerk of the Court is instructed to deduct, from any income earned on the foregoing investment, a fee equal to ten per cent (10%) of any income earned.

Case 1:10-cv-03617-WHP   Document 249   Filed 12/01/14   Page 14 of 24
Case 1:10-cv-03617-WHP   Document 245   Filed 11/14/14   Page 10 of 10
Case 1:10-cv-03617-WHP   Document 242-1   Filed 11/14/14   Page 11 of 23

27.     Entry of this Scheduling Order shall operate to trigger the payment and other obligations described in the Settlement Agreement that are based upon entry of the Scheduling Order.

28.     If any deadline imposed herein falls on a non-business day, then the deadline is extended until the next business day.

**IT IS SO ORDERED.**

Signed this 14 day of Nov, 2014, at the Courthouse for the United States District Court for the Southern District of New York.

The Honorable William H. Pauley, III
United States District Court Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/14/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: Platinum And Palladium Commodities
Litigation

This Document Relates To:

Platinum/Palladium Physicals Action

MASTER FILE
No. 10 Civ. 3617 (WHP)

### ORDER SCHEDULING HEARING TO CONSIDER THE FAIRNESS, REASONABLENESS, AND ADEQUACY OF THE PHYSICAL PLAINTIFFS' PROPOSED SETTLEMENT WITH DEFENDANT MF GLOBAL INC. AND AUTHORIZING THE DISSEMINATION OF NOTICE OF SUCH PROPOSED SETTLEMENT TO THE PHYSICALS CLASS

UPON consideration of the Stipulation and Agreement of Settlement entered into by the Physicals Plaintiffs, James W. Giddens, (as trustee in the Securities Investor Protection Act liquidation of MF Global Inc. in his capacity as Trustee and on behalf of the MF Global, Inc. estate), MF Global Holdings, Ltd., and MFG Assurance Company Ltd. (the "Parties") on October 21, 2014 (the "Settlement Agreement" or "Settlement")) [ECF No. 237-1];

UPON, consideration of the Physicals Plaintiffs' motion for entry of the Scheduling Order dated October 29, 2014 [ECF No. 235] and the Declaration of John A. Lowther, Esq. dated October 29, 2014 [ECF No. 237];

UPON, the hearing on the Physicals Plaintiffs' foregoing motion held by the Court on November 12, 2014 [ECF No. 240]; and

UPON the Court having reviewed and considered the Settlement Agreement and accompanying documents, and all Parties having consented to the entry of this Scheduling Order,

IT IS HEREBY ORDERED:

1.     Except for the terms defined herein, the Court adopts and incorporates the definitions in the Settlement Agreement for the purposes of this Scheduling Order.

2.     For purposes of Settlement only, the below Physicals Class shall be preliminarily certified and maintained as a class action, pursuant to Federal Rule of Civil Procedure 23. The Court finds that the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have been satisfied. The Physicals Class is defined as:

> All persons and/or entities who purchased, invested in, or otherwise acquired an interest in physical or spot platinum or palladium bullion conforming to NYMEX "good delivery" requirements and/or of at least 99.95% purity ("Platinum and/or Palladium Bullion") in the United States physical or "spot" market during the period of June 1, 2006 through April 29, 2010 (the "Class Period"). Excluded from the Physical Class are (i) the Settling Defendants, MF Global, Inc., Non-Settling Defendants, any co-conspirators alleged in the Complaint or any subsequent amended complaint filed prior to the Exclusion Bar Date, Alan Craig Kleinstein, Dominick Frank Terrone, Richard Peter Trifoglio Sr., Frederick Charles Ferriola, Peter Michael Venus, Lawrence Frasca Favuzza, John Anthony Sakulich and any NYMEX floor brokers or NYMEX floor traders who refuse to execute the certification in the Proof of Claim attesting that they were not co-conspirators, or aiders or abettors of the Settling Defendants or Non-Settling Defendants, and (ii) Opt Outs.

3.     The Court hereby reaffirms its appointment of Doyle Lowther LLP as class counsel for the Physicals Class, having determined the requirements of Federal Rule of Civil Procedure 23(g) are fully satisfied by this appointment.

4.     Physical Plaintiffs F.W. DeVito, Inc. Retirement Plan Trust, Frederick DeVito, Mary DeVito, David W. DeVito and Russell W. Andrews are hereby appointed as representatives to the Physicals Class.

5.     A hearing will be held on February 13, 2015 at 11:00 a.m. in Courtroom 20B of this Courthouse before the undersigned, to consider the fairness, reasonableness, and adequacy of the Settlement Agreement (the "Fairness Hearing"). The foregoing date, time, and place of the Fairness Hearing shall be set forth in the notice and publication notice which is ordered herein,

but shall be subject to adjournment or change by the Court without further notice to the members

of the Physicals Class other than that which may be posted at the Court and on the Court's

website.

6.      The Court reserves the right to approve the Settlement at or after the Fairness

Hearing with such modifications as may be consented to by the Parties and without further notice

to the Physicals Class.

7.      Within five business days after the date of the entry of this Scheduling Order, the

Settlement Administrator shall cause copies of the long form notice, substantially in the form

attached as Exhibit MFG-4 to the Settlement Agreement, to begin to be mailed by United States

first class mail, postage prepaid, to the following entities with a request these entities forward the

Class Notice to all persons who purchased or acquired an interest in Platinum and/or Palladium

Bullion through their business during the Class Period:

     a.      MONEX Credit Company of Newport Beach, California;

     b.      APMEX, Inc. of Oklahoma City, Oklahoma;

     c.      Dillon Gage, Inc. of Addison, Texas;

     d.      Kitco Metals, Inc. of Rouses Point, New York; and

     e.      United States Mint.

The foregoing mailings shall be completed no later than 15 days after the date of entry of this

Order.

8.      As soon as practicable after the mailing of the long form notice commences, the

Settlement Administrator shall cause to be published a publication notice substantially in the

form of Exhibit MFG-5 to the Settlement Agreement as follows: (a) for two consecutive months

in *Stock and Commodities* Magazine; (b) on the *Stock and Commodities* Magazine website for

one month; (c) for two consecutive months in *Futures* Magazine; (d) on the *Futures* Magazine

website for one month; (e) for two consecutive months in *Futures & Options World* Magazine;

(f) for one month on the *Futures & Option World* Magazine; (g) for four consecutive Monday

editions of *Investor's Business Daily*; (h) for one month on the *Investors Business Daily* website;

(i) for two consecutive weeks in *Barron's* Magazine; (j) in two editions of the *Wall Street

Journal*; and (k) for one month on the Kitco.com website.

9.     The Settlement Administrator shall also cause the long form notice and

publication notice to be published on a website established for this Settlement,

www.PlatinumPalladiumPhysicalLitigation.com, within 10 days after the entry of this

Scheduling Order. Both the long form notice and the publication notice will direct members of

the Physicals Class to the website, www.PlatinumPalladiumPhysicalLitigation.com, where they

can access the Settlement Agreement, this Scheduling Order, the Physicals Plaintiffs' motion for

entry of the Scheduling Order, answers to anticipated questions about class action settlements or

the   Proof   of   Claim,   and   other   information.   The   Physicals   Class   website,

www.PlatinumPalladiumPhysicalLitigation.com, will be searchable on the Internet.

10.     Where practical, notice of the instant Settlement Agreement shall be combined

and consolidated with notice of the settlement of the Futures Action (as defined in Section 6(c)

of the Settlement Agreement). The Class Notice and Summary Notice to be distributed in the

Futures Action shall include language advising Futures Class members of the proposed Physicals

Class settlement and direct such class members to the Physicals Action settlement website,

www.PlatinumPalladiumPhysicalLitigation.com. Similarly, the Class Notice and Summary

Notice to be distributed in this action shall include language advising Physicals Class members

of the proposed Futures Action settlement and direct such Futures class members to the Futures

4

Action settlement website, www.PlatinumPalladiumFuturesLitigation.com.

11.    The Court approves, in form and substance, the Class Notice. The form and method of notice specified herein is the best notice practicable under the circumstances and shall constitute due and sufficient notice of the Fairness Hearing to all persons entitled to receive such notice, and fully satisfies the requirements of due process, Federal Rule of Civil Procedure 23, and applicable law.

12.    All proceedings in the Physicals Action as to Defendant MF Global shall continue to be stayed and suspended until further order of this Court pursuant to the MFGI Liquidation Order dated October 31, 2011, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement.

13.    Physicals Lead Counsel shall file its motion for payment of attorneys' fees and reimbursement of expenses and for final approval of the Settlement at least 30 days prior to the Fairness Hearing.

14.    Any member of the Physicals Class may object to any aspect of the Settlement, application for attorneys' fees and expenses, or the Final Judgment, and may appear in person or through his or her attorney at the Fairness Hearing and present evidence or argument which may be proper and relevant; provided, however, except for good cause shown, not later than 23 days prior to the Fairness Hearing directed herein, the objecting member of the Physicals Class shall file the below information with the Court and serve the same by hand, overnight mail or electronic mail on Physicals Lead Counsel and all counsel of record for the Settling Defendants:

  a.  a written notice of intention to appear;

  b.  proof of membership in the Physicals Class;

  c.  a detailed statement of the objections to any matters before the Court;

    d.  a statement advising of any court proceeding in which said objector has made an objection to a proposed class action settlement within the past three years, including case name, docket number, and court;

    e.  the grounds or reasons why the member of the Physicals Class desires to appear and be heard; and

    f.  all documents or writings the member of the Physicals Class desires the Court to consider.

    15.    Any member of the Physicals Class who fails to object in the manner described in Paragraph 14 of this Scheduling Order shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding. Discovery concerning any purported objections to the Settlement shall be completed no later than three days before the Fairness Hearing.

    16.    Counsel for the Physicals Class, counsel for the Trustee, counsel for MFGH, and counsel for the Insurer, and any other Persons wishing to oppose timely-filed objections, pursuant to Paragraph 14 hereof, may do so not later than seven days before the Fairness Hearing.

    17.    Any request for exclusion from the Settlement by a member of the Physicals Class must be made in writing and received by the Settlement Administrator no later than thirty-five days before the Fairness Hearing (the "Exclusion Bar Date"). Any such request for exclusion must contain the following information: (a) the Physicals Class member's name, address, and phone number; (b) the name of the Physicals Action ("*In re: Platinum and Palladium Commodities Litigation— Physicals Action*"); and (c) a signed statement that "I/we hereby request that I/we be excluded from the Physicals Class in *In re: Platinum and Palladium Commodities Litigation— Physicals Action.*" Additionally, the Person seeking exclusion must submit documents establishing: (ii) the date of acquisition of Platinum and/or Palladium Bullion during the Class Period; (ii) when and at what price such Platinum and/or Palladium Bullion was

acquired or sold; (iii) any and all broker(s) used; and (iv) a statement and description of whether such Platinum and/or Palladium Bullion was acquired as a hedge to exposures that relate to platinum or palladium during the Class Period.

18.     At least seven days prior to the Fairness Hearing, the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the notice provisions in Sections 7, 8, and 10 of this Order. Thirty-seven days before the Fairness Hearing, Physicals Class Counsel shall provide the Court with a status report as to the progress of executing the proposed program of notice.

19.     All Proofs of Claim shall be submitted by Physicals Class members as directed in the Class Notice and must be received by the Settlement Administrator no later than seventy-five days after the Fairness Hearing.

20.     To effectuate the Settlement Agreement and the notice provisions, the Court hereby approves A.B. Data, Ltd. (the "Settlement Administrator") to be responsible for: (a) establishing a P.O. Box, information telephone line and website (to be included in the Class Notice and publication notice) for the purpose of communicating with members of the Physicals Class; (b) disseminating notice of the Settlement to the members of the Physicals Class; (c) accepting and maintaining documents sent from Physicals Class members including Proofs of Claim, and other documents relating to claims administration; (d) administering claims for allocation of funds among members of the Physicals Class; and (e) acting as Escrow Agent for the portion of the Settlement Fund held at Huntington National Bank pursuant to the terms of the Escrow Agreement for such account at Huntington National Bank.

21.     Except to the extent provided for in the Settlement Agreement, (a) the Settlement Agreement, including but not limited to its exhibits, whether or not it shall become final, and any

and all negotiations, documents and discussions associated with it, is not and shall not be deemed

or construed to be an admission, adjudication or evidence of any violation of any statute or law

or of any liability or wrongdoing by the Trustee, MFGI or any Released Party, or of the truth of

any of the claims or allegations alleged in the Physicals Action or the incurrence of any damage,

loss or injury by any Person; (b) the Settlement Agreement, including its exhibits, whether or not

it shall become final, and any and all negotiations, documents and discussions associated with it,

(i) shall be without prejudice to the rights of any Party, (ii) shall not be deemed or construed to

be an admission or evidence of any violation of any statute or law or of any liability or

wrongdoing by the Trustee, MFGI or any Released Party, or of the truth of any of the claims or

allegations, or the incurrence of any damage, loss or injury by any Person, or of any lack of merit

of any of the claims asserted in the Physicals Action, and (iii) shall not be discoverable or used

directly or indirectly, in any way, whether in the Physicals Action or in any other action or

proceeding of any nature, whether by the Physicals Class or Opt Outs, except if warranted by

existing law in connection with a dispute under this Settlement Agreement or an action in which

this Settlement Agreement is asserted as a defense.

22.    If the Settlement is approved by the Court following the Fairness Hearing, a Final

Judgment will be entered as described in the Settlement Agreement.

23.    If the Settlement, including any amendment made in accordance with the

Settlement Agreement, is not approved by the Court or shall not become effective for any reason,

the Settlement (including any modification thereof made with the consent of the Parties as

provided for in the Settlement Agreement), and preliminary certifications herein and any actions

taken or to be taken in connection therewith (including any papers filed in connection with the

Settlement Agreement, this Order, and any judgment entered herein) shall be terminated and

shall become void and of no further force and effect, and shall not be deemed an admission or concession, or received as evidence in this or any other action or proceeding, except as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of the Parties.

24.     The Court may, for good cause, extend any of the deadlines set forth in this Order without notice to members of the Physicals Class. Any change in deadlines shall be promptly posted on the settlement website.

25.     In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of the Parties.

26.     Pursuant to and in accordance with Local Civil Rule 67.1, the Clerk of the Court is directed to invest the sum of five hundred seven thousand five hundred dollars ($507,500), which shall be paid by MFG Assurance Company Limited within fourteen (14) calendar days after this Scheduling Order is entered provided that the order approving the Automatic Stay Stipulation has become Final, into an interest bearing Court Registry Investment System ("CRIS") account. Any proceeds from the sale, assignment or any disbursements related to the stipulated $2,317,857.14 Allowed Claim in the SIPA Proceeding shall be immediately deposited into the CRIS account. The foregoing funds shall only be withdrawn from such interest bearing CRIS account pursuant to order of this Court in accordance with the terms of the Settlement. The Clerk of the Court is instructed to deduct, from any income earned on the foregoing investment, a fee equal to ten per cent (10%) of any income earned.

27.   Also pursuant to and in accordance with Local Civil Rule 67.1, the Clerk of the

Court is directed to invest the sum of two hundred thousand dollars ($200,000), which shall be

paid by MF Global Holdings, Ltd., into a separate interest bearing Court Registry Investment

System ("CRIS") account. MF Global Holdings, Ltd. shall make the $200,000 payment by the

latter of (a) fourteen (14) calendar days after the date on which the Scheduling Order is entered

or (b) seven (7) calendar days after the date on which MFGH receives an initial distribution of

proceeds from MFGI on account of MFGH's allowed claim against MFGI; provided that in no

event shall the $200,000 all-cash payment be made any later than fourteen (14) calendar days

before the Fairness Hearing. The foregoing funds shall only be withdrawn from such interest

bearing CRIS account pursuant to order of this Court in accordance with the terms of the

Settlement. The Clerk of the Court is instructed to deduct, from any income earned on the

foregoing investment, a fee equal to ten per cent (10%) of any income earned.

28.   Entry of this Scheduling Order shall operate to trigger the payment and other

obligations described in the Settlement Agreement that are based upon entry of the Scheduling

Order.

29.   If any deadline imposed herein falls on a non-business day, then the deadline is

extended until the next business day.

**IT IS SO ORDERED.**

Signed this ⟍⟍⟍ day of November 2014 at the Courthouse for the United States

District Court for the Southern District of New York.

The Honorable William H. Pauley, III
United States District Court Judge

10