UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In Re: Platinum And Palladium Commodities Litigation*<br><br>This Document Relates To:<br><br>Platinum/Palladium Futures and Physical Actions | MASTER FILE<br>No. 10 Civ. 3617 (WHP) |

### DECLARATION OF DUSTIN P. SMITH IN SUPPORT OF MOTIONS FOR FINAL APPROVAL OF CLASS SETTLEMENTS

I, Dustin P. Smith, pursuant to 28 U.S.C. §1746, and the terms of the settlements entered into in the above-captioned litigation (the "Settlements") [Dkt. Nos. 230-1 and 237-1] hereby declare as follows:

1. I am an associate with the law firm of Hughes Hubbard & Reed LLP ("Hughes Hubbard"). The statements herein are true to the best of my personal knowledge, information and belief.

2. On October 31, 2011, the Honorable Paul A. Engelmayer, United States District Judge for the Southern District of New York, entered the Order Commencing Liquidation of MFGI (the "MFGI Liquidation Order") pursuant to the provisions of SIPA in the case captioned Sec. Investor Prot. Corp. v. MF Global Inc., Case No. 11-CIV-7750 (PAE), (ECF No. 001).

3. The MFGI Liquidation Order appointed James W. Giddens (the "Trustee") as trustee for the liquidation of the business of MF Global Inc. ("MFGI") pursuant to section 78eee(b)(3) of SIPA, and appointed Hughes Hubbard & Reed LLP counsel to the Trustee pursuant to § 78eee(b)(3) of SIPA

4. I respectfully submit this declaration in support of the Futures and Physical Plaintiffs' motions for final approval of the Settlements with MFGI.

5. On October 24, 2014, the Trustee, through his undersigned counsel, caused the Settlement Administrator (as defined in the Settlements) to mail a notice (the "CAFA Notice"), in compliance with the Class Action Fairness Act, 28 U.S.C. § 1715(b), to the following individuals and entities (collectively, the "CAFA Recipients"):

    a. The Attorney General for the United States;

    b. The Attorneys General for each of the United States, the District of Columbia, Puerto Rico, and other United States Territories; and

    c. The Commodities Futures Trading Commission.

6. The CAFA Notice informed the CAFA Recipients of the pendency of the Settlements, the dates of then-pending approval hearings and objection deadlines, and included on an enclosed CD-ROM the following materials:

    a. the Class Claims, Class Action Complaint, First Amended Consolidated Complaint, Second Amended Consolidated Complaint, Third Amended Consolidated Complaint, Fourth Amended Consolidated Complaint, and Fifth Amended Consolidated Complaint, along with all exhibits thereto;

    b. the Proposed Order Preliminarily Approving Proposed Settlement, Scheduling Hearing for Final Approval Thereof, and Approving the Proposed Form and Program of Notice to the Class;

    c. the Notice of Presentment of Stipulation and Order for both the physical and futures Settlements, which included

        1. the long and short-form Notice of Proposed Class Action Settlement;

  2. the Stipulation and Agreement of Settlement for both the physical and futures Settlements;

  3. the Exhibits to the Stipulation and Agreement of Settlement for both the physical and futures Settlements;

  4. the proposed Final Order and Judgment for both the physical and futures Settlements;

 d. an estimate of the number of futures subclass members, and a statement that it was is not possible to identify the number of individuals in the physical subclass;

7. Based on the foregoing, the Trustee believes that the requirements of 28 U.S.C. § 1715(b)(1-8) have been met.

8. The Trustee has not received any requests for additional information made by the recipients of the CAFA Notices, and is not aware of any formal or informal objections to the Settlements by a CAFA Recipient.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on January 14, 2015

/s/ Dustin P. Smith
 Dustin P. Smith