UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In Re: Platinum And Palladium Commodities Litigation*<br><br>This Document Relates To:<br><br>Platinum/Palladium Futures Action | MASTER FILE<br>No. 10 Civ. 3617 (WHP) |

## DECLARATION OF ERIC J. MILLER ON BEHALF OF A.B. DATA, LTD. REGARDING NOTICE AND CLAIMS ADMINISTRATION

I, Eric J. Miller, declare as follows:

1.       I am the Vice President of Client Services of A.B. Data, Ltd's Class Action Administration Division ("A.B. Data").  I am over 21 years of age and am not a party to this Action.  My business address is 3507 Kyoto Gardens Drive, Suite 200, Palm Beach Gardens, FL 33410, and my telephone number is 561-336-1801.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.       I submit this Declaration in order to provide the Court and the parties to the above captioned class action litigation ("Action") with information regarding the mailing of the Notice of Proposed Class Action Settlement, November 7, 2014 Hearing Thereon, and Class Members' Rights (the "Class Notice"), and Proof of Claim and Release (the "Claim Form") (collectively, the "Notice Packet"), the publication of notice, the establishment and maintenance of a website, and other administrative activities.

3.       Pursuant to Paragraph 20 of the Order Preliminarily Approving Proposed Settlement, Scheduling Hearing for Final Approval Thereof, and Approving the Proposed Form and Program of Notice to the Class, entered July 15, 2014 (the "Preliminary Approval Order"),

the Court approved A.B. Data to serve as Settlement Administrator to supervise and administer the notice procedure in connection with the proposed Settlement.  This Declaration reports the implementation of the notice program, which consisted of the following:

    A.    Disseminating copies of the Class Notice to i) all large traders in the New York Mercantile Exchange ("NYMEX") platinum and palladium contracts during the Class Period whose names have been obtained by the Futures Plaintiffs pursuant to subpoena to the NYMEX; ii) all clearing brokers on the NYMEX during the Class Period whose names have been obtained by the Futures Plaintiffs pursuant to a subpoena to the NYMEX (with the direction that they should forward the Class Notice to their customers who transacted in NYMEX platinum or NYMEX palladium futures contracts during the Class Period or provide the names and addresses of such customers to the Settlement Administrator); and iii) any additional reasonably identifiable members of the Futures Class;

    B.    Publishing and releasing the publication notice as follows: i) for two consecutive months in Futures Magazine; ii) on the Futures Magazine website for one month; iii) for two consecutive months in Stock and Commodities Magazine; iv) on the Stock and Commodities Magazine website for one month and v) in two editions of The Wall Street Journal;

    C.    Establishing a case-specific website, which made available copies of the Class Notice and Proof of Claim and Release forms in downloadable form, as well as other case-related documents, at www.PlatinumPalladiumFuturesLitigation.com.

## NOTICE EFFECTUATION

    4.    On or about August 23, 2013, A.B. Data received from Futures Plaintiffs two files containing the names and addresses of large traders of platinum and palladium contracts during the Class Period and clearing brokers on the NYMEX during the Class Period.  The data received was electronically processed by A.B. Data to ensure adequate address formatting and the elimination of duplicate names and addresses and resulted in 987 distinct records for mailing (the "Initial Mailing List").  A.B. Data standardized and updated the Initial Mailing List addresses using NCOALink®, a national database of address changes that is compiled by the United States Postal Service (the "USPS").

5.      Pursuant to Paragraph 7 of the Preliminary Approval Order, the mailing was to commence by July 22, 2014.  Beginning July 22, 2014, A.B. Data caused 987 Notice Packets to be delivered to the USPS to be mailed via first-class mail, postage prepaid, to persons and entities on the Initial Mailing List.  A true and accurate copy of which is attached hereto as Exhibit A.

6.      As of January 13, 2015, A.B. Data has received an additional 7,960 names and addresses of potential members of the Futures Class from banks, brokers, and other nominees through the fulfillment request process for dissemination to the clients of said entities.  Included in these requests are approximately 3,600 names and address provided by the trustee for the Defendant MF Global, Inc.  All such requests have been complied with in a timely manner.

7.      As of January 13, 2015, 1,896 Notice Packets were returned by the USPS to A.B. Data as undeliverable as addressed ("UAA").  Of those returned UAA, 111 had forwarding addresses and were promptly re-mailed to the updated address.  The remaining 1,785 were processed through LexisNexis to obtain an updated address.  Of these, 596 new addresses were obtained and A.B. Data promptly re-mailed the Notice Packets to these potential members of the Futures Class.

8.      In aggregate, 8,947 Notice Packets were disseminated to potential members of the Futures Class.

## PUBLICATION

9.      In accordance with Paragraph 8 of the Preliminary Approval Order, A.B. Data has caused publication of the notice in Futures Magazine for two consecutive months (September and October 2014), on the Futures Magazine website for one month (August 13 to September 11, 2014), in Stock and Commodities Magazine for two consecutive months (September and

October 2014), on the Stock and Commodities Magazine website for one month (August 13 to September 11, 2014), and in two editions of The Wall Street Journal (August 4 and 20, 2014).  A copy of the Publication Notice is attached hereto as Exhibit B.

## WEBSITE

10.    In accordance with Paragraph 9 of the Preliminary Approval Order, on or about July 25, 2014, A.B. Data established the case-specific website, www.PlatinumPalladiumFuturesLitigation.com, for the above-captioned case.   The website lists the exclusion, objection and claim filing deadlines, the date and time of the Fairness Hearing, general information regarding the case and its current status, and provides answers to frequently asked questions including example computations.   Separate webpages were developed for the Moore/Welsh Settlement and the MF Global, Inc. Settlement to clearly distinguish the two settlements.   Users of the website can view and download copies of the Class Notice, Proof of Claim and Release, and copies of other court documents.   A true and accurate copy of the web homepage is attached as Exhibit C.

11.    Additionally, the website includes an email address (info@PlatinumPalladiumFuturesLitigation.com) for claimants to contact A.B. Data with questions or for any additional information.

12.    As of the date of this Declaration, the website has been visited 2,196 times.

## TELEPHONE HOTLINE COMMUNICATIONS

13.    On or about July 25, 2014, a case-specific toll-free number, 888-206-5360, was established with an Interactive Voice Response system and live operators.   Callers to the toll-free number are presented with a series of choices to respond to basic question.   If callers needed further help, they had the option to be transferred to a live operator during business hours.

## SUPPLEMENTAL NOTICE

14.     On October 7, 2014, a Revised Scheduling Order ("Revised Order") was entered adjourning the date of the Fairness Hearing until February 13, 2015 and extending the deadlines to request exclusion, object to the settlement and file a claim.

15.     At the direction of Futures Class Counsel, A.B. Data mailed updated Notice Packets to potential members of the Futures Class, the names and addresses of large traders of platinum and palladium contracts during the Class Period and clearing brokers on the NYMEX during the Class Period.  In addition, A.B. Data caused email notice to be sent to subscribers of both *Stocks & Commodities Magazine* and *Futures Magazine* .

## REPORT ON EXCLUSIONS

16.     Pursuant to Paragraph 2 of the Revised Order and Section III. C of the Class Notice, those members of the Futures Class requesting exclusion were to provide the following information: i) the date of acquisition of each position in any NYMEX platinum futures contract or NYMEX palladium futures contract for which recovery is sought by a Futures Class member or that was acquired or sold during the Class Period; ii) when and at what price such position(s) was/were acquired, closed out or sold; iii) any and all broker(s) or futures commission merchant(s) used; and, iv) a statement and description of whether positions in NYMEX platinum futures contracts or NYMEX palladium futures contracts were acquired as a hedge to off-exchange positions or exposures that relate to platinum or palladium during the Class Period.

17.     As of the date of this Declaration, A.B. Data has received 5 timely requests for exclusion.  A report listing the requests for exclusion received to date is attached hereto as Exhibit D.

## **REPORT ON OBJECTIONS**

18.     Pursuant to Paragraph 4 of the Revised Order and Section III. B of the Notice, those members of the Futures Class who wish to object to any aspect of the Settlement, application for attorneys' fee and expenses, or the Final Judgment were to file such objection with the Court and serve on the Futures Lead Counsel and all counsel of record for the Settling Defendants no later than January 21, 2015.

19.     As of the date of this Declaration, A.B. Data has not received any objections to the Settlement and knows of no other objections sent to Futures Lead Counsel and/or counsel for the Settling Defendants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of January 2015.

Eric J. Miller

# Exhibit A

**IMPORTANT LEGAL NOTICE TO ALL MEMBERS OF THE CLASS**
**FORWARD TO CORPORATE HEADQUARTERS/LEGAL COUNSEL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In Re: Platinum And Palladium Commodities Litigation*<br><br>This Document Relates To:<br><br>    Platinum/Palladium Futures Action | MASTER FILE<br>No. 10 Civ. 3617 (WHP) |

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT,
NOVEMBER 7, 2014 HEARING THEREON, AND CLASS MEMBERS' RIGHTS

TO:    ALL PERSONS AND ENTITIES WHO PURCHASED OR SOLD A NYMEX PLATINUM FUTURES CONTRACT OR NYMEX PALLADIUM FUTURES CONTRACT BETWEEN JUNE 1, 2006 AND APRIL 29, 2010, INCLUSIVE

*PLEASE READ THIS ENTIRE NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY THE ABOVE CAPTIONED CLASS ACTION LAWSUIT PENDING IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK. THIS NOTICE ADVISES YOU OF YOUR OPTIONS REGARDING THE CLASS ACTION SETTLEMENT, INCLUDING WHAT YOU MUST DO IF YOU WISH TO SHARE IN THE NET SETTLEMENT FUND.*

*If you are a brokerage firm, trustee, or futures contract merchant, through whom New York Mercantile Exchange ("NYMEX") platinum futures contracts or NYMEX palladium futures contracts were purchased or sold during June 1, 2006 through April 29, 2010, then for customers or persons that are potential members of the above Futures Class, you should provide the name and last known address for such customers to the Settlement Administrator at the address listed below within two weeks of receiving this Notice. The Settlement Administrator will cause copies of this Notice to be forwarded to each customer identified at the address so designated.*

The purpose of this Notice is to inform you of your rights in connection with a proposed Settlement of the above-captioned class action ("Futures Action") against, *inter alia*, defendants Moore Capital Management, LP; Moore Capital Management, LLC; Moore Capital Advisors, LLC; Moore Advisors, LLC; Moore Macro Fund, LP; Moore Global Fixed Income Master Fund, LP; Christopher Pia; Louis Bacon; Eugene Burger (together the "Moore Defendants"); and Joseph Welsh ("Welsh") and together with the Moore Defendants, the "Settling Defendants"). In the Futures Action, the Futures Plaintiffs[1] allege that the Settling Defendants, non-settling defendant MF Global, Inc. and other persons engaged in unlawful or actionable conduct between June 1, 2006 and May 21, 2008, which allegedly created an artificial impact on prices beginning at least in or around October 2007 and continuing to and after May 21, 2008. This includes allegations that, between at least October 17, 2007 and June 6, 2008, certain of such persons combined, conspired, and agreed to upwardly manipulate the prices of NYMEX platinum futures contracts and NYMEX palladium futures contracts in violation of the Commodity Exchange Act ("CEA"), 7 U.S.C. §§ 1, *et seq.* and the Sherman Antitrust Act ("Sherman Act"), 15 U.S.C. §1 *et seq.* The Futures Plaintiffs also allege that defendant Welsh negligently breached duties and is liable for negligence. This Settlement covers the period from June 1, 2006 until April 29, 2010.

Defendant MF Global, Inc. is <u>not</u> part of this Settlement. Also, there is a separate settlement involving certain transactions in physical platinum and physical palladium.

This Notice of the proposed partial settlement of the Futures Action is being given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court").

In order to resolve the claims against them, and in exchange for the releases and other terms and conditions embodied in the Settlement, the Moore Defendants have agreed to pay the Futures Class $48,250,000. Further, in order to quiet the litigation involving claims against the Moore Defendants and Defendant Welsh, the Moore Defendants have agreed to pay an additional $150,000 provided that they will receive the first $50,000 back from any proceeds that the Futures Class recovers on the judgment described below. The Moore Defendants' foregoing total payment of $48,400,000, plus interest thereon except as expressly provided in Section 3(a) of the Settlement, and any recoveries or settlements made as a result of the judgment described below, constitute the Settlement Fund of which notice is being given hereunder.

With respect to Defendant Welsh, Futures Lead Counsel has determined that he could not satisfy any significant judgment that Futures Lead Counsel might, by continuing to prosecute the claims, be able to obtain against him. Accordingly, Futures Lead Counsel negotiated for and obtained the $150,000 payment from the Moore Defendants described above and the assignment and judgment from

---

[1] Unless otherwise stated, capitalized terms used herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement dated March 17, 2014. The terms and conditions of this Notice are qualified by the Settlement Agreement.

Defendant Welsh described next. Specifically, in order to resolve the action as against Welsh, he agreed to a judgment of $35,000,000 for the benefit of the Futures Class, which the Futures Class will seek to collect **solely** from Welsh's assets consisting of his rights in respect of certain insurers ("Relevant Insurers"). The Relevant Insurers have denied insurance coverage to Defendant Welsh for multiple reasons. They may assert additional defenses in the future, either to coverage of Defendant Welsh or to other matters, including defenses to the judgment as well as multiple other defenses. Futures Lead Counsel disputes the Relevant Insurers denials of coverage and additional defenses to coverage. Any one of these multiple asserted reasons for the denial of the coverage or multiple defenses could, by itself, prevent any recovery whatsoever by the Futures Class on their claims against the Relevant Insurers based upon such judgment. For any of these or other reasons, such judgment may not produce any value whatsoever for the Futures Class.

In the foregoing context, Futures Lead Counsel will seek to collect on or, in Futures Lead Counsel's judgment, settle the Futures Class' claims arising from such judgment. If any such settlement or collection is successfully made in the amount of in excess of $50,000, then such settlements or recoveries will add to the Settlement Fund to be paid to Futures Class members. But there is no assurance that any such settlements or recoveries will be made and, on the contrary, there are multiple defenses and arguments that must be overcome in order to obtain any such recoveries. See Futures Plaintiffs' Preliminary Approval Brief pp. 11-12, available at www.PlatinumPalladiumFuturesLitigation.com.

**Right to Submit a Proof of Claim**. Members of the Futures Class may be entitled to share in the Net Settlement Fund if they submit a valid and timely Proof of Claim that is underlined received by the Settlement Administrator no later than January 21, 2015. See III.A. below. The Proof of Claim form is attached. By remaining in this action, you may not separately bring or file the claims asserted herein, including the negligence claim against Defendant Welsh. If you are a member of the Futures Class but do not file a Proof of Claim, you will still be bound by the foregoing and the releases set forth in the Settlement Agreement if the Court enters an order approving the Settlement Agreement. See II.H. below.

**Fairness Hearing and Right to Object**. The Court has scheduled a public Fairness Hearing on November 7, 2014, at 11:00 a.m. The purpose of the Fairness Hearing is to determine, among other things, whether the proposed Settlement, the Plan of Allocation and the application by Futures Lead Counsel for attorneys' fees and reimbursement of expenses are fair, reasonable, and adequate. If you remain in the Futures Class, then you may object to any aspect of the Settlement, the Plan of Allocation, Futures Lead Counsel's request for attorneys' fees and expenses or any other matters. See III.B. below. All objections must be made in accordance with the instructions set forth below and must be filed with the Court and served on counsel for the Parties by October 15, 2014, or they will not be considered. See III.B below.

**Right to Exclude Yourself From The Settlement**. You will be excluded from the Settlement and the Futures Class if you make a written request for exclusion and provide adequate supporting documentation in substantial conformity with the procedures established by the Court that is received by the Settlement Administrator (A.B. Data, Ltd.) at the address set forth in VII below on or before October 3, 2014. See III.C. below. If you are excluded from the Settlement you will not be entitled to object to any aspect of the Settlement or share in the Net Settlement Fund or otherwise participate in the Settlement. A Request For Exclusion form is attached hereto.

# I.   BACKGROUND OF THE LITIGATION

## A.   The Nature of This Lawsuit

The Futures Plaintiffs allege that the Settling Defendants, non-settling defendant MF Global, Inc. and other persons engaged in unlawful or actionable conduct between June 1, 2006 and May 21, 2008, which allegedly continued to have artificial impact on prices after May 21, 2008. This includes allegations that, between at least October 17, 2007 and June 6, 2008, certain of such persons combined, conspired, and agreed to manipulate the prices of NYMEX platinum futures contracts and NYMEX palladium futures contracts in violation of the CEA and Sherman Act. They allegedly did so by multiple steps. These include by allegedly repeatedly overpaying to purchase NYMEX platinum futures contracts and NYMEX palladium futures contracts during the end of the trading day. The Futures Plaintiffs also allege that Defendant Welsh negligently breached duties and is liable for negligence. The Futures Plaintiffs contend that the foregoing conduct caused them and others similarly situated to pay artificial prices in order to purchase NYMEX platinum futures contracts and NYMEX palladium futures contracts.

Absent a settlement, the Settling Defendants would continue to vigorously oppose each and every aspect of the Futures Plaintiffs' claims and alleged damages. See Section I.B. below. Except to the extent provided for in the Settlement Agreement and the Final Judgment with respect to Defendant Welsh only, (a) the Settling Defendants have consistently and vigorously denied the Futures Plaintiffs' claims; and (b) by entering into the Settlement Agreement with the Futures Plaintiffs, the Settling Defendants do not admit and instead continue to deny that they engaged in any unlawful conduct, and that any member of the Futures Class suffered compensable damages. The District Court previously dismissed the Futures Plaintiffs' claims without prejudice, additional motions to dismiss were filed and contemplated, and the Court (so far) has never rendered a final ruling on whether the Futures Plaintiffs have alleged valid claims nor has the Court (so far) considered all the other matters that the Futures Plaintiffs would have to establish in order to prove those claims at a trial on behalf of any class and establish damages.

## B.   Procedural History of the Action

On April 30, 2010, the Futures Plaintiffs filed an initial class action complaint against defendants in the United States District Court for the Southern District of New York. Docket No. 1. By order dated July 20, 2010, the Court appointed Lovell Stewart Halebian Jacobson LLP as interim class counsel for the putative class in the Futures Action. See Docket No. 18.

On August 10, 2010, the Futures Plaintiffs filed a First Amended Consolidated Complaint. Docket No. 22.

On August 26, 2010, the defendants filed a motion seeking a stay of discovery pending their anticipated motion to dismiss the Futures Plaintiffs' complaint. Docket No. 33. On September 30, 2010, the Futures Plaintiffs filed their Second Amended Consolidated Complaint. Docket No. 50.

On November 5, 2010, defendants moved to strike and dismiss the Futures Plaintiffs' Second Amended Consolidated Complaint. Docket No. 55. On November 30, 2010, the Court denied in part defendants' motion to stay discovery and ordered the defendants to provide the Futures Plaintiffs with copies of the approximately 250,000 pages of documents that defendants previously produced to the Commodity Futures Trading Commission ("CFTC"). Separately, the Futures Plaintiffs issued subpoenas and, for example, received and reviewed the production of documents and deposition transcripts from the CFTC.

On September 13, 2011, the Court granted in part and denied in part, without prejudice, defendants' motion to strike and to dismiss the Second Amended Consolidated Complaint. Docket No. 70. As part of the same order, the Court granted the Futures Plaintiffs leave to re-plead their allegations. *Id.*

On November 8, 2011, Defendant MF Global filed a suggestion of bankruptcy. Docket No. 75.

On November 21, 2011, the Futures Plaintiffs filed their Third Consolidated Amended Class Action Complaint. Docket No. 80. On January 20, 2012, the defendants moved to dismiss certain of the Futures Plaintiffs' claims in their Third Consolidated Amended Complaint. Docket No. 98. The Moore Defendants did not move to dismiss the Futures Plaintiffs' CEA claims. *Id.* On January 17, 2013, the Futures Plaintiffs filed their Fourth Consolidated Amended Complaint. Docket No. 127.

On February 7, 2013, prior to the time Defendants' motions to dismiss were due to be filed, the Court adjourned such deadline to allow the parties time to explore settlement negotiations.

On July 29, 2013, the Futures Plaintiffs filed their Fifth Consolidated Amended Class Action Complaint which added, in the alternative, a negligence claim against Defendant Welsh.

On May 23, 2014, the Futures Plaintiffs were granted leave to file their Sixth Consolidated Amended Class Action Complaint which added Plaintiffs Harry Ploss and The Stuart Sugarman Trust as plaintiffs.

On March 17, 2014, after sixteen months of on and off arm's length negotiations, which included two days of mediation before a retired Judge experienced in complex class action litigation, the Futures Plaintiffs and the Settling Defendants entered into the Settlement Agreement.

\*\*\*\*\*

At the time the Settlement was reached, the Settling Defendants had significant defenses which created real risk that the Futures Plaintiffs would not establish liability and, even if they did, would not establish an entitlement to the damages they sought. The Futures Plaintiffs acknowledge that, if these risks materialized, their impact on the Futures Plaintiffs' claims would have been substantial, and perhaps dispositive. That is, they include the risk of receiving no recovery whatsoever.

Even if the Futures Plaintiffs survived the Settling Defendants' anticipated motion to dismiss the Fifth Consolidated Amended Complaint, then the Futures Plaintiffs would have faced further risks. These include risks in obtaining class certification over Defendants' anticipated opposition, prevailing at trial on liability and damages and, to the extent successful at trial, prevailing on post-trial motions and then appeal. Futures Lead Counsel would have tried to overcome all the risks of continued litigation, including those listed above. However, in Futures Lead Counsel's judgment, the amount to be paid to Claiming Futures Class Members from the Net Settlement Fund represents fair, reasonable and adequate consideration for Claiming Futures Class Members.

In addition to all the foregoing risks, during the course of the parties' settlement negotiations, the Settling Defendants and their experts have vigorously disputed and criticized the methodology and assumptions underlying the Futures Plaintiffs' experts' methodologies for estimating damages. The Settling Defendants presented their expert analysis tending to show that, even assuming, *arguendo*, that multiple risks could be overcome and any liability could be established, then any alleged damages were non-existent or at most $6.5 million for the entirety of the Class Period. Absent a settlement, these attacks would be further developed and pursued in Court, creating real risks for the Futures Plaintiffs with respect to the amount of damages they might recover, several years from now, *even if successful on the issue of liability.*

MF Global, Inc. was the futures commission merchant that executed the commodities futures trades at issue in the case, which Futures Plaintiffs contend were manipulative, and allegedly participated in the illegal agreement to inflate futures prices. The Futures Plaintiffs also contend that certain named and unnamed floor brokers were complicit in inflating futures prices. MF Global and the unnamed floor brokers are excluded from the Settlement. MF Global is in liquidation. Amounts that may be recovered, if any, from MF Global or the unnamed floor brokers by way of judgment or settlement would be in addition to the Settlement herein.

Accordingly, Futures Lead Counsel has recommended that the Court approve the proposed Settlement and urge Futures Class members to file a Proof of Claim.

### C. The Definition of The Futures Class

The Court has certified, for purposes of settlement only, the Futures Class, defined as: All Persons that purchased or sold a NYMEX platinum futures contract or a NYMEX palladium futures contract during the period from June 1, 2006 through April 29, 2010, inclusive.

Excluded from the Futures Class are (i) the Settling Defendants, MF Global, Inc., any co-conspirators alleged in the Complaint or any subsequent amended complaint filed prior to the Exclusion Bar Date, Alan Craig Kleinstein, Dominick Frank Terrone, Richard Peter

Trifoglio Sr., Frederick Charles Ferrigno, Rita White, Daniel Donovan, Terrence Rafferty, John Anthony Sakolich and any NYMEX floor brokers or NYMEX floor traders who refuse to execute the certification in the Proof of Claim attesting that they were not co-conspirators, or aiders or abettors of the Settling Defendants or Non-Settling Defendants, and  (ii) Opt Outs.

## II.  SUMMARY OF THE PROPOSED SETTLEMENT

On behalf of the Futures Class, the Futures Plaintiffs entered into the Settlement on March 17, 2014.  The following description of the proposed Settlement is only a summary.  This description and this entire Notice are qualified in their entirety by the Settlement Agreement and the exhibits thereto which is on file with the Court at the address indicated in this Notice and is available at the official Settlement website www.PlatinumPalladiumFuturesLitigation.com.

### A.  The Settlement Fund

**The Moore Defendants**.  The Moore Defendants have agreed to deposit $48,250,000 for the benefit of the Futures Class no later than fourteen days after entry by the Court of the Scheduling Order.  Additionally, the Moore Defendants have agreed to deposit $150,000 for the benefit of the Futures Class no later than fourteen days after entry by the Court of the Scheduling Order as a separate and distinct payment to quiet the litigation and for other consideration enumerated in the Stipulation of Settlement.

**Defendant Welsh**.  As described at pp. 2-3 above, Defendant Welsh has agreed to a judgment of $35,000,000 for the benefit of the Futures Class, which the Futures Class may seek to collect solely from Welsh's assets consisting of his claims and rights against certain of his insurers, and not otherwise from Defendant Welsh.  There are multiple risks involved in successfully obtaining any recoveries on such judgment.  Futures Lead Counsel and the Settling Defendants do not represent or warrant that any sums are collectable or will ultimately be collected in respect of such settlement.  Together, the foregoing payments, plus all interest earned thereon plus interest thereon except as expressly provided in Section 3(a) of the Settlement, constitute the Settlement Fund.

### B.  Plan of Allocation

A copy of the Plan of Allocation that has been preliminarily approved by the Court is attached hereto.  Examples of potential computations under the Plan of Allocation are available on the Settlement website at www.PlatinumPalladiumFuturesLitigation.com.  The following description of the Plan of Allocation is only a summary, which is qualified in its entirety by the Plan of Allocation and the Settlement Agreement.

The Plan of Allocation covers transactions in NYMEX platinum and palladium futures contracts during the Class Period. Generally, under the Plan of Allocation, ninety percent (90%) of Net Settlement Funds are reserved to pay for valid claims premised on the alleged artificiality of NYMEX platinum and NYMEX palladium futures contract prices.  However, to any extent that 90% of the Net Settlement Fund exceeds 100% of all Claiming Futures Class Members' NAP, then 50% of any such excess amount shall be added to the 10% of the Net Settlement Fund to be distributed to Claiming Futures Class Members' NL Transactions unless and until 100% of Claiming Futures Class Members' NL has been paid.

The remaining ten percent (10%) of the Net Settlement Funds are reserved to pay valid claims based on net trading losses (to be determined and weighted as described in the Plan of Allocation).  From this, three percent (3%) of the Net Settlement Fund will be distributed based on net trading losses and will be paid out *pro rata* based on each Claiming Futures Class Members' total Net Losses (as described in the Plan of Allocation ("First Pool").  The remaining part—seven percent (7%) of the Net Settlement Fund—will be distributed pursuant to a method of distribution that will be proposed by Futures Class Counsel after (a) all the Proofs of Claim have been analyzed, (b) the Net Artificiality Paid and Net Losses have been determined, (c) any reversion to the Moore Defendants has been fixed, and (d) the profile of Claiming Futures Class Members' results from such prospective method of distribution is known or substantially known to Futures Class Counsel ("Second Pool").  Please follow the settlement website and the Frequently Asked Questions ("FAQ") section of the settlement website.

It is presently anticipated that the distribution of this "Second Pool" will be (i) positively weighted in respect of losses or transactions during the period immediately following June 18, 2008; (ii) negatively weighted so as to eliminate or greatly reduce any incremental payout due in respect of losses or transactions after September 17, 2008; and (iii) positively weighted in respect of losses or transactions impacted by Defendants' transactions in NYMEX platinum and/or palladium futures contracts during the period prior to November 15, 2007, including on or about June 7, 2006, June 8, 2006, June 14, 2006, June 20, 2006, June 27, 2006, July 19, 2006, August 1, 2006, August 22, 2006, August 30, 2006, September 7, 2006, September 8, 2006, September 15, 2006, October 6, 2006, February 13, 2007, March 18, 2007, May 17, 2007, August 10, 2007, October 18, 2007, October 24, 2007 and October 25, 2007.

By entering the Settlement, the Settling Defendants do not concede in any respect whatsoever that either alleged artificiality (as calculated by the Futures Plaintiffs) or simple net trading losses would be recoverable under any applicable state or federal law.  The Plan of Allocation may be changed by the Court without providing further notice.  The final approval, disapproval, or modification of any proposed plan of allocation shall not affect the preliminary or final approval of the Settlement or enforceability of the Settlement Agreement.

### C.  Payment to the Class Members Who Submit Valid Proofs of Claim

Futures Class members should read the Plan of Allocation.  Pursuant to the Plan of Allocation, Claiming Futures Class Members will be eligible to receive a share of the Net Settlement Fund, subject to the determinations of the Settlement Administrator and, if

necessary, the Court, in scaling the Plan of Allocation the amount of the payment will depend, among other things, on the size of the Net Settlement Fund, the size of the Claiming Futures Class Member's Allowed Claim, and the total amount of Allowed Claims of all Claiming Future Class Members.  In the latter regard, Futures Lead Counsel encourages you to review the Plan of Allocation and submit a Proof of Claim if you have Net Artificiality Paid or Net Losses as weighted under the Plan.  To a maximum extent of in excess of 100% of Net Artificiality Paid (which includes a 10% premium for interest) and/or of 100% of Net Losses (which includes a 10% premium for interest), the share of Futures Class members who do not submit a Proof of Claim will be redistributed to those Futures Class members who do submit a Proof of Claim and do have Net Artificiality Paid and/or Net Losses as weighted under the Plan of Allocation.

### D.  Attorneys' Fees, Costs and Incentive Awards

To date, the attorneys representing the Futures Plaintiffs and the Futures Class in the Futures Action have not received payment for their services or reimbursement for their expenses.  Futures Class members are not personally responsible for payment of attorneys' fees or expenses.  Instead, as compensation for their time and their risk in prosecuting the litigation on a wholly contingent fee basis for more than three years, Futures Lead Counsel will ask the Court for an award of attorneys' fees in the amount of not more than 32.8% of the Settlement Fund, as a common fund, and for reimbursement of their costs and expenses in the amount of no more than $750,000, all to be deducted from the Settlement Fund.

At the time the Net Settlement Fund is distributed to Claiming Futures Class Members, the Futures Plaintiffs will seek reimbursement of their own expenses and compensation for their time devoted to this litigation in the aggregate amount of no more than $70,000 to be paid from the Settlement Fund.

### E.  The Moore Defendants' Potential Right To Reversion

Section 12 of the Settlement Agreement provides the Moore Defendants with limited rights of reversion.  Specifically, the Moore Defendants may be entitled to reversion from the Net Settlement Fund but only to the extent set forth in sub-paragraphs (1) and (2) below:

(1)  In the event that the Net Settlement Fund allocated to pay claims for Net Artificiality Paid exceeds 100% of Net Artificiality Paid (which includes a 10% premium for interest) by all Claiming Futures Class Members, as finally determined by the Settlement Administrator and/or the Mediator, then the Moore Defendants shall be entitled to a reversion in the amount of one-half (i.e., 50%) of the amount that the Net Settlement Fund allocated to pay claims for Net Artificiality Paid exceeds 100% of Net Artificiality Paid (which includes a 10% premium for interest).  The remaining 50% of the excess will be distributed among Futures Class members according to the Plan of Allocation.

(2)  In the event that the Net Settlement Fund allocated to pay claims for Net Losses exceeds 100% of Net Losses (which includes a 10% premium for interest) by all Claiming Futures Class Members, as finally determined by the Settlement Administrator and/or the Mediator, then the Moore Defendants shall be entitled to a reversion of the entire amount that the Net Settlement Fund allocated to pay claims for Net Losses exceeds 100% of Net Losses (which includes a 10% premium for interest).

Futures Class members are referred to the Settlement Agreement, particularly Section 12 thereof, and the Plan of Allocation for the full terms of the Moore Defendants' reversion rights.

### F.  The Settling Defendants' Potential Right To Termination

Section 16 of the Settlement Agreement describes the Settling Defendants' right to terminate if certain conditions anticipated by the Parties are not satisfied.  These conditions are set forth in Section 16 of the Settlement Agreement.  With respect to each such condition, Settling Defendants have the right (as qualified in the Settlement Agreement), but not the obligation, to determine to exercise, in their sole discretion, a termination notice if the condition is not satisfied.

### G.  Changes Or Further Orders By The Court

Any change by the Court in the Plan of Allocation, in the time and place of the Fairness Hearing, or in any other matter and all further orders or requirements by the Court will be posted on the Settlement website at www.PlatinumPalladiumFuturesLitigation.com as soon as practicable.  It is important that you refer to such website as no other notice apart from the docket of the Futures Action may be published of such changes.

### H.  The Releases, Discharge and Covenant Not To Sue

**IF YOU HAVE NOT BEEN PREVIOUSLY EXCLUDED FROM THE FUTURES CLASS, WHEN THE SETTLEMENT BECOMES FINAL YOU WILL BE RELEASING THE SETTLING DEFENDANTS AND RELATED RELEASED PARTIES FOR THE CLAIMS DESCRIBED BELOW, AND YOU WILL BE BOUND BY THE RELEASES IN THE SETTLEMENT AGREEMENT—INCLUDING THE COVENANT NOT TO SUE—EVEN IF YOU DO NOT FILE A PROOF OF CLAIM.**

In exchange for the Settling Defendants' consideration described in "A" above, members of the Futures Class will release certain claims against the Settling Defendants as specifically set forth below.

*****

(a)  In addition to the effect of any final judgment entered in accordance with this Settlement Agreement, and provided that the Court approves this Settlement Agreement, effective upon the Effective Date each and every Futures Class member, all of their past, present or future parents, subsidiaries, divisions, affiliates, shareholders, general or limited partners, attorneys, spouses, insurers, beneficiaries, employees, officers, directors, legal and equitable owners, members, predecessors in interest, successors in interest, legal representatives, trustees, associates, heirs, executors, administrators and/or assigns and each and any of their respective shareholders, parents, subsidiaries, divisions, affiliates, shareholders, general or limited partners,

assigns, attorneys, owners, divisions, employees, officers, directors, partners, and/or members, predecessors in interest, successors in interest, legal representatives, trustees, associates, heirs, executors, administrators and/or assigns (together the "**Releasing Parties**"), releases and forever discharges, to the fullest extent permitted by law, the Released Parties from and against any and all present, past, or future claims, demands, debts, damages, losses, offsets, obligations, warranties, costs, fees, penalties, expenses, whenever incurred, rights of action, suits, and causes of action of every kind and nature whatsoever, whether based on contract, tort, federal, state or foreign law, statutory, or other legal or equitable theory of recovery, liabilities of any nature and kind whatsoever, whether known or unknown, suspected or unsuspected, existing, or claimed to exist, and whether arising in the past or future, in law or in equity, that each and every Futures Class member ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, in any way arising from or related to, in full or in part, any transactions in Class Contracts, whether or not asserted in the Futures Action, or from any losses incurred, in whole or in part, as a result of such transactions. Notwithstanding any other provision of this Settlement (i) the foregoing release shall not include any claims which a Futures Class member may have in its capacity as a member of any class that may be certified with respect to the claims asserted in the Complaint in the Physical Action, and (ii) as to Defendant Welsh only, the foregoing release shall not include, shall not apply to, shall have no effect whatsoever on, and shall not release in any way, the negligence and the negligent conduct or omissions as alleged, and relief that may be obtained on, the Futures Plaintiffs' fifth claim in the Complaint. Welsh is released as to the non-negligence claims (including the Futures Plaintiffs' claims in the Complaint for violations of the Commodity Exchange Act and the Sherman Act) as previously set forth above in this Section 6(a).

(b)  In addition, each Releasing Party hereby expressly waives and releases any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code, which reads:

> **Section 1542.  General release extent.  A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

From the Effective Date each Releasing Party also expressly waives and releases any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Each Releasing Party may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this Section 6 but each Releasing Party, through this Settlement Agreement, and with the ability to seek independent advice of counsel, expressly waives and fully, finally and forever settles and releases, as of the Effective Date any known or unknown, suspected or unsuspected, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. From the Effective Date, the releases herein given by the Releasing Parties shall be and remain in effect as full and complete releases of the claims set forth in the Futures Action, notwithstanding the later discovery or existence of any such additional or different facts relative hereto or the later discovery of any such additional or different claims that would fall within the scope of the release provided in Section 6(a) of this Settlement Agreement, as if such facts or claims had been known at the time of this release. Notwithstanding any of the provisions of the Final Judgment or any provisions of this Settlement Agreement or otherwise, the Futures Plaintiffs and the Futures Class do not release or dismiss and shall not release or dismiss Defendant Welsh from the Futures Plaintiffs' fifth claim in the Complaint for negligence against Defendant Welsh.

*****

The Settlement Agreement does not settle or compromise any claims other than those set out therein. All rights of the Futures Plaintiffs or any member of the Futures Class against any other Person or entity other than the Released Parties are specifically reserved by the Futures Plaintiffs and the members of the Futures Class.

## III.    YOUR OPTIONS

### A.    Submit A Proof of Claim

As a member of the Futures Class, you may be entitled to share in the Net Settlement Fund if you submit a valid and timely Proof of Claim demonstrating that you are entitled to a recovery under the Plan of Allocation. Proofs of Claim must be received by the Settlement Administrator (see address in VII below) no later than January 21, 2015. A copy of the Proof of Claim is attached hereto. You may also obtain a Proof of Claim on the Settlement website at www.PlatinumPalladiumFuturesLitigation.com.

Again, an important aspect of the Settlement is that the Moore Defendants are not entitled to any reversion of the Net Settlement Fund unless and until Claiming Futures Class Members, in aggregate, have been paid 100% of Net Artificially Paid (which includes a 10% premium for interest) and 100% of Net Losses (which includes a 10% premium for interest). See II.C above. Moreover, the Moore Defendants' reversion only captures 50% of the amounts in excess of 100% of Net Artificiality Paid such that Claiming Futures Class members may receive in excess of 100% of their Net Artificiality Paid (which includes a 10% premium for interest). Again, to the foregoing extent, the shares of Futures Class members who fail to file a Proof of Claim will be redistributed to Futures Class members who do file Proofs of Claim and who do qualify for Net Artificiality Paid and/or Net Losses as described in the Plan of Allocation. Futures Class members are encouraged to file Proofs of Claim.

### B.    Object To The Settlement

Any member of the Futures Class may appear at the Fairness Hearing (see Section V below) in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness, and adequacy of the Settlement Agreement or any related matter (including the request for attorneys' fees or the Plan of Allocation or any other matter).

However, no Person other than Futures Lead Counsel and counsel for the Settling Defendants shall be heard, and no papers, briefs, pleadings, or other documents submitted by any member of the Futures Class shall be considered by the Court unless the objecting member of the Futures Class files the following with the Court: (i) a written notice of intention to appear; (ii) proof of membership in the Futures Class; (iii) a detailed statement of the objections to any matters before the Court; (iv) a statement advising of any court proceeding in which said objector has made an objection to a proposed class action settlement within the past three years, including case name, docket number, and court; (v) the grounds or reasons why the member of the Futures Class desires to appear and be heard; and (vi) all documents or writings the member of the Futures Class desires the Court to consider.

This written statement must be filed with the Court and served by hand, overnight mail or e-mail on the Futures Lead Counsel and all counsel of record for the Settling Defendants no later than October 15, 2014, or it will not be considered.

The contact information for Futures Lead Counsel and counsel of record for the Settling Defendants is set forth below:

| | |
|---|---|
| Christopher McGrath<br>cmcgrath@lshllp.com<br>**LOVELL STEWART HALEBIAN JACOBSON LLP**<br>61 Broadway Suite 501<br>New York, NY  10006 | *Counsel for Futures Plaintiffs* |
| David Zensky<br>dzensky@akingump.com<br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>One Bryant Park<br>New York, NY  10036 | *Counsel for Defendants Moore Capital Management, LP;*<br>*Moore Capital Management, LLC;*<br>*Moore Capital Advisors, LLC;*<br>*Moore Advisors, Ltd.;*<br>*Moore Macro Fund, LP; and*<br>*Moore Global Fixed Income Master Fund, LP*<br>*Louis Bacon* |
| Kerri Ann Law<br>klaw@kramerlevin.com<br>**KRAMER LEVIN NAFTALIS & FRANKEL, LLP**<br>1177 Avenue of the Americas<br>New York, NY  10036 | *Counsel for Defendant Christopher Pia* |
| Marc Weinstein<br>weinstei@hugheshubbard.com<br>**HUGHES HUBBARD & REED LLP**<br>One Battery Park Plaza<br>New York, NY  10004 | *Counsel for Defendant Eugene Burger* |
| Andrew Lourie<br>andrew.lourie@kobrekim.com<br>**KOBRE & KIM, LLP**<br>1919 M Street, N.W., Suite 410<br>Washington, D.C.  20036 | *Counsel for Defendant Joseph Welsh* |

C. **Request To Be Excluded From The Settlement**

Any request for exclusion from the Settlement by a member of the Futures Class must be made in writing and received by the Settlement Administrator no later than October 3, 2014.  Any such request for exclusion must contain the following information:  (i) the date of acquisition of each position in any NYMEX platinum futures contract or NYMEX palladium futures contract for which recovery is sought by a Futures Class member or that was acquired or sold during the Class Period; (ii) when and at what price such position(s) was/were acquired, closed out or sold; (iii) any and all broker(s) or futures commission merchant(s) used; and (iv) a statement and description of whether positions in NYMEX platinum futures contracts or NYMEX palladium futures contracts were acquired as a hedge to off-exchange positions or exposures that relate to platinum or palladium during the Class Period.

Requests for exclusion from the Settlement must be sent by First-Class mail (preferably certified mail) to counsel for the Futures Plaintiffs, counsel for Settling Defendants (see addresses in B. above) and the Settlement Administrator (see address in VII below).  A Request for Exclusion form is attached hereto.

If you exclude yourself from the Futures Class, you will not be bound by the Settlement Agreement and can independently pursue claims you may have against the Settling Defendants at your own expense.  However, if you exclude yourself, you will not be eligible to share in the Net Settlement Fund.

## IV.   PROOF OF CLAIM

The Proof of Claim, which includes instructions on how and when to make a claim, is attached hereto.  You should consider reading the Settlement Agreement and you should read the Proof of Claim carefully before submitting your Proof of Claim or determining another course of action.

## V.   FAIRNESS APPROVAL HEARING

The Court has scheduled a public Fairness Hearing for November 7, 2014, at 11:00 a.m. to be held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY, Courtroom 20B. At the Fairness Hearing, the Court will determine if the proposed Settlement is fair, reasonable, and adequate.  The Court will also consider Futures Lead Counsel's request for attorneys' fees and reimbursement of litigation expenses.  See II.D. above.

The time and date of the Fairness Hearing may be continued from time to time without further notice and you are advised to confirm the time and location if you wish to attend; as soon as practicable after any change in the scheduled date and time, such change will be posted on the Settlement website www.PlatinumPalladiumFuturesLitigation.com.

## VI.   CHANGE OF ADDRESS

If this Notice reached you at an address other than the one on the mailing label, or if your address changes, please enter your current information online at www.PlatinumPalladiumFuturesLitigation.com, or send it to the Settlement Administrator at the address set forth in VII below.

## VII.   THE SETTLEMENT ADMINISTRATOR

The Court has appointed A.B. Data, Ltd. as the Settlement Administrator.  Among other things, the Settlement Administrator is responsible for providing notice of the Settlement to the Class and processing Proofs of Claim.  You may contact the Settlement Administrator through the Settlement website (www.PlatinumPalladiumFuturesLitigation.com), by telephone toll free at 888-206-5360, or by writing to the Settlement Administrator at the below address:

**PLATINUM AND PALLADIUM COMMODITIES LITIGATION SETTLEMENT—FUTURES ACTION**
c/o A.B. DATA, LTD.
PO Box 170500
MILWAUKEE, WI  53217-8091
888-206-5360
info@PlatinumPalladiumFuturesLitigation.com

## VIII.   ADDITIONAL INFORMATION

The Settlement Agreement and other important documents related to this Action are available online at www.PlatinumPalladiumFuturesLitigation.com and also available for review during normal business hours at the office of the Clerk of Court, United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007.  If you have questions about this Notice, the procedure for registering, or the Settlement Agreement, you may contact Futures Lead Counsel at the address listed in III.B. above.

<u>**DO NOT CONTACT THE JUDGE OR THE CLERK OF COURT**</u>

DATED:  JULY 15, 2014

**BY ORDER OF THE COURT**

Clerk of the United States District Court
Southern District of New York

*In Re: Platinum And Palladium Commodities Litigation*

This Document Relates To:

    Platinum/Palladium Futures Action

MASTER FILE
No. 10 Civ. 3617 (WHP)

## PROOF OF CLAIM AND RELEASE

If you are a member of the futures class as defined below, then, in order to be entitled to a distribution, **you must complete, sign, notarize and mail this proof of claim and necessary supporting documentation to the settlement administrator at the following address such that it is** underline received **no later than January 21, 2015:**

**PLATINUM AND PALLADIUM LITIGATION SETTLEMENT—FUTURES ACTION**
c/o A.B. DATA, LTD.
PO BOX 170500
MILWAUKEE, WI 53217-8091
**Do not submit your claim to the Court**.

**The Futures Class**.  The Futures Class[1] is defined as:  All Persons that purchased or sold a NYMEX platinum futures contract or a NYMEX palladium futures contract during the period from June 1, 2006 through April 29, 2010, inclusive.

Excluded from the Futures Class are (i) the Settling Defendants, MF Global, Inc., any co-conspirators alleged in the Complaint or any subsequent amended complaint filed prior to the Exclusion Bar Date, Alan Craig Kleinstein, Dominick Frank Terrone, Richard Peter Trifoglio Sr., Frederick Charles Ferriola, Peter Michael Venus, Lawrence Frasca Favuzza, and John Anthony Sakulich and any NYMEX floor brokers or NYMEX floor traders who refuse to execute the certification in the Proof of Claim attesting that they were not co-conspirators, or aiders or abettors of the Settling Defendants or Non-Settling Defendants, and  (ii) Opt Outs.

Only members of the Futures Class may participate in the Settlement.

If you are a member of the Futures Class as described above, then, by properly filling out, signing, having notarized and returning this Proof of Claim and furnishing the required supporting documentation, you may be entitled to share in the proceeds from the Net Settlement Fund.  However, submission of this Proof of Claim does not ensure that you will share in any of the proceeds of the Net Settlement Fund.

Omission of necessary information and/or supporting documents will make your claim defective so that it may be rejected, in which case you will be notified of such rejection and given an opportunity to remedy same.  You must include all trade information for transactions in Class Contracts[2] during the Class Period for all accounts you own or control.

If you are a member of the Futures Class and you fail to submit a valid and timely Proof of Claim pursuant to the instructions set forth herein you may be precluded from any recovery from the Net Settlement Fund.  However, unless you validly exclude yourself from the Futures Class, you will be bound by the terms of any judgment entered in the Action **whether or not you submit a Proof of Claim**.

The completed Proof of Claim, and the information submitted therewith, will be treated as confidential and will be used solely for purposes of administering the Settlement.  Knowingly submitting inaccurate or incomplete information may subject you to civil or criminal penalties.

**IF YOU HAVE ANY QUESTIONS CONCERNING THIS PROOF OF CLAIM, WRITE TO, CALL, OR GO ON-LINE AT:**
PLATINUM AND PALLADIUM LITIGATION SETTLEMENT—FUTURES ACTION, c/o A.B. DATA, LTD., PO BOX 170500, MILWAUKEE, WI 53217-8091,
www.PlatinumPalladiumFuturesLitigation.com

**DO <u>NOT</u> CONTACT THE COURT IF YOU HAVE QUESTIONS CONCERNING THIS PROOF OF CLAIM.**

---

[1] Unless otherwise stated, capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement dated March 17, 2014.

[2] "Class Contract" shall mean NYMEX platinum futures contracts and NYMEX palladium futures contracts traded between June 1, 2006 through April 29, 2010, inclusive.

**For official use only**



*In Re: Platinum And Palladium Commodities Litigation*
MASTER FILE No. 10 Civ. 3617 (WHP)
**PROOF OF CLAIM AND RELEASE**
Please print or type

**MUST BE RECEIVED NO LATER THAN**

**JANUARY 21, 2015**

STATE OF _____ )

COUNTY OF _____ )

_____ , being duly sworn, deposes and says:

**Item 1—Claimant Identification**

1. Please provide the following information for you and your affiliates[3] that transacted in Class Contracts at any time during the Class Period:

Claimant Name(s) ("Claimant"):

□ Individual        □ Corporation        □ Estate        □ Other (specify) _____

Name of Person Executing Claim:

Capacity of Person Executing Claim:

Claimant Address:

City                                                                State        Zip Code

Foreign Province                          Foreign Postal Code                          Foreign Country

Claimant Daytime Phone Number

(          )          —

Claimant Social Security, Employer Identification, or Federal Tax Identification Number:

____ — ____ — ____        or        ____ — ____

Claimant Email Address:

---

[3] "Affiliates" means any other person or entity that you control, either directly or through one or more intermediaries, or any person or entity that is controlled by or is under common control with such intermediary person or entity.

If you require additional space on this or any other section of the Proof of Claim, append an additional page to the end of the claim form.  Do not submit multiple Proofs of Claim.

If you are unable to identify all transactions in Class Contracts by any affiliates of yours, who, to your knowledge, made any transactions in Class Contracts during the Class Period, then please list below the names of such affiliates.

_____

_____

If you leave the above line blank, then by executing this Proof of Claim, you are affirming that, to the best of your knowledge, you have no affiliates who made transactions in Class Contracts during the Class Period that are not reflected in this Proof of Claim.

**Item 2—List of Futures Commission Merchants**

2.  Please list all futures commission merchants ("FCMs") through which you maintained accounts wherein you traded NYMEX platinum futures contracts or NYMEX palladium futures contracts during the Class Period (*i.e.*, June 1, 2006 – April 29, 2010).

_____

_____

_____

**Item 3—List of Account Names and Account Numbers**

3.  Please provide a list of all account names <u>and</u> account numbers for each FCM you listed in response to "Item 2" above wherein you traded NYMEX platinum futures contracts or NYMEX palladium futures contracts during the Class Period (*i.e.*, June 1, 2006 – April 29, 2010).

_____

_____

_____

**Item 4—Proof of Qualifying Transactions**

4.  Please provide proof of <u>all</u> transactions in Class Contracts you made during the Class Period by, for example, enclosing photocopies of daily brokerage confirmations, monthly account statements, and other documents evidencing purchases and/or sales reflecting any and all transactions in Class Contracts.  Each Claimant must provide sufficient documentation to allow the Settlement Administrator to determine whether a transaction in NYMEX platinum futures contracts or NYMEX palladium futures contracts qualifies as a transaction in a Class Contract.  Such documentation must reflect the date, price, quantity and the time of all such transactions in Class Contracts (see Item 6 below).  It is highly likely that **the most efficient method for Claimants to support their claims is to produce records reflecting all NYMEX platinum futures contract and NYMEX palladium futures contract transactions during the Class Period.**

You should provide proof for each and every transaction in a Class Contract regardless of whether such transaction resulted in a gain or a loss.

If any such documents are not in your possession, please obtain them or their equivalent from your broker or tax advisor or other sources if it is possible for you to do so.

If you have this information in an electronic form, you are strongly encouraged to submit the information electronically along with a hard copy printout of your trading records in order to expedite the treatment of your Proof of Claim.  The following formats are acceptable: ASCII, MS Excel, MS Access, and dBase.

5.  The Settlement Administrator will determine each Claimant's Net Artificiality Paid and Net Loss (as set forth in the Plan of Allocation) by analyzing each Claimant's transactions in Class Contracts.  Claimants are required to list each transaction in Class Contracts in the form provided in Item 6 below.  If additional space is necessary, or if Claimants wish to use a Microsoft Excel format, please go to www.PlatinumPalladiumFuturesLitigation.com to obtain an electronic filing template.

In listing the information requested in Item 6 below, you should always use trade dates, not settlement dates.  Do not average prices of separate transactions, including transactions within a given date.  It is important that you supply the information requested to the fullest extent that you are able to do so.

### Item 6—List of Transactions in Class Contracts

6(a).  If you purchased or sold a NYMEX platinum futures contract during the Class Period (i.e., June 1, 2006 – April 29, 2010), then you must provide the information set forth in the Table I below for all such transactions.

| TABLE I—PURCHASE(S) AND SALE(S) OF NYMEX PLATINUM FUTURES CONTRACTS DURING THE CLASS PERIOD | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Date of Transaction** | **Time of Execution of Transaction (if known)[4]** | **Contract Month** | **Number of Contracts In Transaction** | **Transaction Price** | **Purchase or Sale** | **Brokerage Firm and Account Number in Which Transaction Was Made** | **Hedging Transaction? (Yes or No)[5]** |
| / / | | | | . | | | |
| / / | | | | . | | | |
| / / | | | | . | | | |

6(b).  The Settlement Administrator needs to determine any open positions (long or short) in NYMEX platinum futures contracts that you held as of the start of the Class Period on June 1, 2006 or the end of the Class period on April 29, 2010.  This determination shall be based on trade dates, not settlement dates.

| **Open Positions in NYMEX Platinum Futures Contract Prior to June 1, 2006 (Identify Contract Month)** | **Short Position (Insert the number of contracts)** | **Long Position (Insert the number of contracts)** |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

---

[4] To the extent known, please provide for purchase and sale transactions between November 19, 2007 and June 18, 2008, inclusive, whether the time of day of the execution for each transaction was at or prior to 1:05 p.m.

[5] Hedging Transactions are defined as any offsetting exposures held or acquired by you or any of your affiliates in the cash, spot, or physical platinum or palladium markets, or other off-exchange markets related to platinum or palladium, that operated as a hedge (in whole or in part) against your transaction(s) in Class Contracts listed in Section 6(a) or 6(c).

| Open Positions in NYMEX Platinum Futures Contract On April 29, 2010 (Identify Contract Month) | Short Position (Insert the number of contracts) | Long Position (Insert the number of contracts) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

6(c).  If you purchased or sold a NYMEX palladium futures contract during the Class Period (*i.e.*, June 1, 2006 – April 29, 2010), then you must provide the information set forth in the Table II below for all such transactions.

| TABLE II—PURCHASE(S) AND SALE(S) OF NYMEX PALLADIUM FUTURES CONTRACTS DURING THE CLASS PERIOD | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date of Transaction | Time of Execution of Transaction[6] (if known) | Contract Month | Number of Contracts In Transaction | Transaction Price | Purchase or Sale | Brokerage Firm and Account Number in Which Transaction Was Made | Hedging Transaction? (Yes or No) |
| /      / | | | | . | | | |
| /      / | | | | . | | | |
| /      / | | | | . | | | |

6(d).  The Settlement Administrator needs to determine any open positions (long or short) in NYMEX palladium futures contracts that you held as of the start of the Class Period on June 1, 2006 or the end of the Class period on April 29, 2010.  This determination shall be based on trade dates, not settlement dates.

| Open Positions in NYMEX Palladium Futures Contract Prior to June 1, 2006 (Identify Contract Month) | Short Position (Insert the number of contracts) | Long Position (Insert the number of contracts) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

---

[6] To the extent known, please provide for purchase and sale transactions between November 1, 2007 and June 18, 2008, inclusive, whether the time of day of the execution for each transaction was at or prior to 1:00 p.m. Eastern standard time.

| Closed Positions in NYMEX Palladium Futures Contract On April 29, 2010 (Identify Contract Month) | Short Position (Insert the number of contracts) | Long Position (Insert the number of contracts) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

6(e).  For any line in which you stated Hedging Transactions in 6(a) or 6(c) above, were all of the transactions in that line Hedging Transactions?  YES ____ or NO ____.  If your answer is NO, please list all of your Hedging Transactions in that line that were not Hedging Transactions.

_____

_____

_____

6(f).  Were any of the transactions you listed in 6(a) or 6(c) above conducted by you as a "Swap Dealer"?  A Swap Dealer is any person who (i) holds itself out as a dealer in swaps (ii) makes a market in swaps, (iii) regularly enters into swaps with counterparties as an ordinary course of business for its own account, or (iv) engages in activity causing itself to be commonly known in the trade as a dealer or market maker in swaps.  If your answer is YES, please list all of your transactions as a Swap Dealer in the space provided below.

_____

_____

_____

7.  Futures Lead Counsel and the Settlement Administrator reserve the right to seek further information from you regarding your Proof of Claim.

8.  If you were a NYMEX floor broker or NYMEX floor trader between October 17, 2007 and June 6, 2008, inclusive, by executing this Proof of Claim you are certifying that you were not a co-conspirator or aider or abettor of the Settling Defendants or Non-Settling Defendants.

9.  It is important that you accurately disclose all transactions in Class Contracts open at the start of or made during the Class Period.  The Claimant expressly consents to the release to the Settlement Administrator of any and all documents reflecting the Claimant's transactions in Class Contract that may be obtained from third parties, including, but not limited to, your brokerage firm(s), the Commodity Futures Trading Commission ("CFTC") and the NYMEX.  By executing this Proof of Claim, the Claimant hereby permits the Settlement Administrator to request from the NYMEX the Claimant's account and relevant trade information prior to receiving a payment from the Net Settlement Fund.

10.  The Claimant certifies that reasonable efforts have been made to locate all information requested in Items 1-6 above and that all information supplied in connection with this Proof of Claim is true, correct and complete.

11.  The Claimant understands that the information provided herein is subject to verification and the Claimant agrees to cooperate in any such verification including by furnishing additional information to support this claim and by assisting the Settlement Administrator if requested to do so.

12.  The Claimant understands that the Settlement Administrator will determine the adequacy of the Claimant's Proof of Claim and supporting documentation.  The foregoing is subject to the Settling Defendants' right to object and the ultimate power of the Court to determine whether your Proof of Claim and supporting documentation are adequate.

13.  The Claimant consents to the jurisdiction of the Court with respect to this Proof of Claim and for purposes of enforcing the terms of the Settlement Agreement or any order or judgment of the Court.

14. The Claimant agrees to the terms of the Settlement as set forth in the Settlement Agreement and acknowledges being bound by and subject to the terms of any order or judgment that may be entered in the Futures Action, including the Final Judgment.

15. Each Claimant must execute a release and covenant not to sue in conformity with Section 6 of the Settlement Agreement in order to receive his/her/its *pro rata* share of the Net Settlement Fund. The Claimant agrees that the submission of this Proof of Claim constitutes a full release of and covenant not to sue on the Released Claims against the Released Parties as set forth in the Settlement Agreement and at the end of this Proof of Claim.

16. The Claimant certifies that it is not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because: (a) the Claimant is exempt from backup withholding, or (b) the Claimant has not been notified by the Internal Revenue Service (the "I.R.S.") that the Claimant is subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified that Claimant that the Claimant is no longer subject to backup withholding.

This Proof of Claim was executed this _____ day of _____, 20_____ in _____, _____
                                                          (City/Province)                (State/Country)

_____
Signature of Claimant

_____
Type or Print Name

_____
Capacity of Person Signing (*e.g.*, President, Trustee, Custodian, etc.)

If you are acting for an entity, please submit proof of your authority (*e.g.*, corporate resolution, trust agreement, etc.).

Sworn to before me this _____ day of _____, 20_____.

_____
Notary Public

(a) In addition to the effect of any final judgment entered in accordance with this Settlement Agreement, and provided that the Court approves this Settlement Agreement, effective upon the Effective Date each and every Futures Class member, all of their past, present or future parents, subsidiaries, divisions, affiliates, shareholders, general or limited partners, attorneys, spouses, insurers, beneficiaries, employees, officers, directors, legal and equitable owners, members, predecessors in interest, successors in interest, legal representatives, trustees, associates, heirs, executors, administrators and/or assigns and each and any of their respective shareholders, parents, subsidiaries, divisions, affiliates, shareholders, general or limited partners, assigns, attorneys, insurers, beneficiaries, employees, officers, directors, legal and equitable owners, members, predecessors in interest, successors in interest, legal representatives, trustees, associates, heirs, executors, administrators and/or assigns (together the "Releasing Parties"), releases and forever discharges, to the fullest extent permitted by law, the Released Parties from and against any and all present, past, or future claims, demands, debts, damages, losses, offsets, obligations, warranties, costs, fees, penalties, expenses, whenever incurred, rights of action, suits, and causes of action of every kind and nature whatsoever, whether based on contract, tort, federal, state or foreign law, statutory, or other legal or equitable theory of recovery, liabilities of any nature and kind whatsoever, whether known or unknown, suspected or unsuspected, existing, or claimed to exist, and whether arising in the past or future, in law or in equity, that each and every Futures Class member ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, in any way arising from or related to, in full or in part, any transactions in Class Contracts, whether or not asserted in the Futures Action, or from any losses incurred, in whole or in part, as a result of such transactions. Notwithstanding any other provision of this Settlement (i) the foregoing release shall not include any claims which a Futures Class member may have in its capacity as a member of any class that may be certified with respect to the claims asserted in the Complaint in the Physical Action, and (ii) as to Defendant Welsh only, the foregoing release shall not include, shall not apply to, shall have no effect whatsoever on, and shall not release in any way, the negligence and the negligent conduct or omissions as alleged, and relief that may be obtained on, the Futures Plaintiffs' fifth claim in the Complaint. Welsh is released as to the non-negligence claims (including the Futures Plaintiffs' claims in the Complaint for violations of the Commodity Exchange Act and the Sherman Act) as previously set forth above in this Section 6(a).

(b) In addition, each Releasing Party hereby expressly waives and releases any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code, which reads:

> Section 1542. **General release extent. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

From the Effective Date each Releasing Party also expressly waives and releases any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Each Releasing Party may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this Section 6 but each Releasing Party, through this Settlement Agreement, and with the ability to seek independent advice of counsel, expressly waives and fully, finally and forever settles and releases, as of the Effective Date any known or unknown, suspected or unsuspected, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. From the Effective Date, the releases herein given by the Releasing Parties shall be and remain in effect as full and complete releases of the claims set forth in the Futures Action, notwithstanding the later discovery or existence of any such additional or different facts relative hereto or the later discovery of any such additional or different claims that would fall within the scope of the release provided in Section 6(a) of this Settlement Agreement, as if such facts or claims had been known at the time of this release. Notwithstanding any of the provisions of the Final Judgment or any provisions of this Settlement Agreement or otherwise, the Futures Plaintiffs and the Futures Class do not release or dismiss and shall not release or dismiss Defendant Welsh from the Futures Plaintiffs' fifth claim in the Complaint for negligence against Defendant Welsh.

| *In Re: Platinum And Palladium Commodities Litigation* | MASTER FILE |
| This Document Relates To: | No. 10 Civ. 3617 (WHP) |
| Platinum/Palladium Futures Action | |

### PLAN OF ALLOCATION

1.    (a) Except for the terms defined herein, this Plan of Allocation adopts and incorporates the definitions in the Stipulation and Agreement of Settlement, dated March 17, 2014, to which this Plan of Allocation is attached as an exhibit.

(b) As used in this Plan, "NAP" refers to net artificiality paid as defined below.  "NL" means net losses.  "NAP Transactions" means any purchase and/or sale transactions in Class Contracts executed between 1:00 pm Eastern Time[1] on November 1, 2007 for palladium futures contracts, and 1:05 pm on November 19, 2007 for platinum futures contracts, and any time on June 18, 2008, inclusive, as well as any offsetting purchase and/or sale transactions to such transactions.  <u>Examples</u>:  If an opening sale (or purchase) transaction was made in January 2007 and the closing purchase (or sale) transaction occurred on November 30, 2007, then both the sale and the purchase would be NAP Transactions.  If an opening purchase (or sale) transaction occurred on May 6, 2008 and the closing sale (or purchase) transaction occurred on October 4, 2008, then both transactions would be NAP Transactions.  Thus, all purchases (or sales) performed on a day where alleged inflation was not zero (as provided in Exhibit A and Exhibit B) will be credited (or debited) a dollar amount of inflation on each of these NAP transactions in respect to their volume irrespective of when the accompanying offset transaction occurred, if any.

(c) "NL Transactions" means round trip transactions in Class Contracts in which both legs of the transaction were executed outside of the period between 1:00 pm on November 1, 2007 for palladium futures contracts or 1:05 pm on November 19, 2007 for platinum futures contracts, and any time on June 18, 2008, inclusive, but one leg of which (either the purchase or the sale) was executed within the Class Period.

2.    Ninety percent (90%) of the Net Settlement Fund will be paid and allocated according to Claiming Futures Class Member's NAP Transactions.  However, to any extent that 90% of the Net Settlement Fund exceeds 100% of all Claiming Futures Class Members' NAP, then 50% of any such excess amount shall be added to the 10% of the Net Settlement Fund to be distributed to Claiming Futures Class Members' NL Transactions unless and until 100% of Claiming Futures Class Members' NL has been paid.  See "3" below.  The NAP for these transactions is described in ¶¶5 - 9 below and in the attached Platinum and Palladium artificiality tables (see Exhibits A and B hereto).  In order to be entitled to NAP, the Claiming Futures Class Member must adequately support his, her or its claim as determined by the Settlement Administrator, subject to the Class member's rights to object.

3.    Ten percent (10%) of the Net Settlement Fund will be distributed to Claiming Futures Class Members' NL Transactions as explained in ¶¶10-14(a)-(d) below.  The NL for these transactions is described in ¶¶10 – 14 below.   Each Claiming Futures Class Member must adequately support its NL as determined by the Settlement Administrator, subject to the Class member's right to object.

4.    Each Claiming Futures Class Member shall be entitled to receive the sum of their payment, if any, described in ¶9 and their payment, if any, described in ¶14(c)-(d).  See paragraph ¶15 below.  Net gains on the NL Transactions will **not** be netted against nor subtracted from the NAP Transactions.  Negative NAP on the NAP Transactions will **not** be netted against or subtracted from the NL on NL Transactions for purposes of calculating the Moore Defendants' reversion.  But see ¶14(c)(iv) below.

5.    NAP as used herein and in the Stipulation and Agreement of Settlement shall be the amount by which a Futures Class Member's Total Artificiality Paid exceeds their Total Artificiality Received, plus ten percent (10%) and less any applicable Hedging Reduction or Swaps-Dealer Reduction as defined below.  Example: If a Futures Class member's Total Artificiality Paid is $1,500 and Total Artificiality Received is $1,000, then the NAP shall be $550.00, which is $1,500 minus $1,000 equals $500.00 plus 10% of $500 equals $550.00.  However, to the extent that a Claiming Futures Class Member's trading was hedging (as defined in the Proof of Claim), the NAP shall be subject to a 50% reduction (the "Hedging Reduction").  *Example*:  If the Claiming Futures Class Member's Total Artificiality Paid minus Total Artificiality Received is $100, then the NAP is $110.00 and if such Class member was a hedger throughout the Class Period, then the NAP shall be $55.00.  The Settlement Administrator shall also require Futures Class Members to identify whether they are swap-dealers.  The NAP of a Claiming Futures Class Member whose trading was undertaken as a swap-dealer (as defined in the Proof of Claim) shall be subject to a reduction of 91%, rather than 50% (the "Swap-Dealer Reduction").

6.    The Total Artificiality Paid shall be determined by multiplying the number of Class Contracts purchased by the Claiming Futures Class Member on NAP Transactions by the amount of alleged artificiality, if any, as provided in Exhibit A and Exhibit B for such Class Contracts at the time of each such purchase for such Class Contract.

7.    The Total Artificiality Received shall be determined by multiplying the number of Class Contracts sold by the Claiming Futures Class Member on NAP Transactions by the amount of alleged artificiality, if any, as provided in Exhibit A and Exhibit B for such Class Contracts for each such Class Contract at the time of such sale.

8.    If the Claiming Futures Class Member's Total Artificiality Paid exceeds their Total Artificiality Received, then the Claiming Futures Class Member will have NAP and will be entitled to participate on a pro rata basis in the 90% of the Net Settlement Fund being paid in respect of NAP.

9.    (a) Specifically, Claiming Futures Class Members with NAP will be entitled to receive a pro rata share of 90% of the Net Settlement Fund.  This share shall be calculated for each Claiming Futures Class Member by multiplying 90% of the Net Settlement Fund by a fraction the numerator of which is the Claiming Futures Class Member's NAP and the denominator of which is the sum total NAP of all Claiming Futures Class Members who have positive NAP.

(b) No Claiming Futures Class Member will be entitled to payment under this ¶9 of more than 100% of their NAP except to the extent provided for in sub-paragraph (c) below.

---

[1]   All times set forth herein are Eastern Time.

(c) If 90% of the Net Settlement Fund is 90% of the sum total NAP of all Claiming Futures Class Members plus an additional positive NAP, then one-half (i.e., 50%) of any such excess shall revert back to the Moore Defendants as set forth in Section 12 of the Stipulation and Agreement of Settlement. The remaining 50% of any such excess will be shared pro rata among those Claiming Futures Class Members with positive NAP. The remaining 50% would be paid to Claiming Futures Class members with NAP in the same proportion *inter se* as the NAP is paid to Claiming Futures Class members. Example: If 90% of the Net Settlement Fund is $100,000 more than the total NAP (including the 10% enhancement for interest) then the Moore Defendants would be entitled to a reversion of $50,000, *i.e.*, one-half of the $100,000 excess. The other $50,000 would be paid to Claiming Futures Class members with NAP in the same proportion *inter se* as the NAP is paid to Claiming Futures Class members.

10. **NL Transactions.** For the purposes of the Stipulation and Agreement of Settlement and this Plan of Allocation, NL shall be the amount by which a Futures Class Member's Total Losses (see ¶11 below) on their NL Transactions exceed their Total Gains (see ¶12 below) on their NL Transactions, plus ten percent (10%) and less any applicable Hedging Reduction or Swaps-Dealer Reduction. Example: If the Total Losses are $1,500 and Total Gains are $1,000 on TL Transactions for a Claiming Futures Class Member, then NL shall be $550.00 which ($1,500 minus $1,000) plus ten percent. However, to the extent that the Claiming Futures Class Members' trading was hedging, this amount shall be subject to a 50% reduction. *Example*: If the Claiming Futures Class Member's Total Losses minus Total Gains results in a figure of $10, and such Class member's trading was hedging throughout the Class Period, then the NL shall be $5.50. The Settlement Administrator shall also require Futures Class Members to identify whether they are swaps-dealers. The NL of a Claiming Futures Class Member whose trading was undertaken as a swaps-dealer, shall be subject to a reduction of 91%.

11. The Total Losses shall be determined by adding together the sum total of each Claiming Futures Class Member's losses on NL Transactions.

12. The Total Gains shall be determined by adding together the sum total of each Claiming Futures Class Member's gains on NL Transactions.

13. If the Claiming Futures Class Member's Total Losses exceed their Total Gains, then the Claiming Futures Class Member will have positive NL and will be entitled to participate as described in ¶14 below.

14. (a) Specifically, 10% of the Net Settlement Fund will be distributed to Claiming Futures Class Members who have positive NL as described in subparagraphs (c) – (d) below.

(b) If 10% of the Net Settlement Fund exceeds 100% of the sum total NL of all Claiming Futures Class Members with positive NL, then any such excess shall revert back to the Moore Defendants as set forth in Section 12 of the Stipulation and Agreement of Settlement. Example: If 10% of the Net Settlement Fund is $10,000 more than the total NL (including the 10% enhancement for interest) then the Moore Defendants would be entitled to a reversion of $10,000. For purposes of calculating reversion, if any, the sum total NL of all Claiming Futures Class Members shall be determined prior to, and without applying, the pooling described in subsections (c)(i)-(iv) below.

(c) Solely for purposes of the distribution *inter se* among Claiming Futures Class Members with NL will be as set forth in (i)-(iv) below. Any inability by any Class member to supply data to complete the following calculations shall be a matter among Class members *inter se,* and shall not add to or subtract from any effect that such failure might otherwise have on certain Defendants' right to a reversion under the other parts of this Plan of Allocation.

    i. **First Pool**. Three percent (3%) of the Net Settlement Fund will be paid out pro rata based on each Claiming Futures Class Member's total NL. Example: If a Claiming Futures Class Member's NL constitutes 1% of the total NL of all Claiming Futures Class Members who have positive NL, then that Claiming Futures Class Member will receive 1% of the payment from this First Pool.

    ii. **Second Pool**. Seven percent (7%) of the Net Settlement Fund (or, if there is a reversion to the Moore Defendants for NL, then less than 7%) will be paid out pursuant to a method of distribution that will be proposed by Futures Class Counsel after (a) all the proofs of claim have been analyzed, (b) the Net Artificiality Paid and Net Losses have been determined, (c) any reversion to the Moore Defendants has been fixed, and (d) the profile of Claiming Futures Class Members' results from such prospective method of distribution is known or substantially known to Futures Class Counsel. (Also, by such time, more will likely be known about the potential degree of collection (if any) on the Welsh Consideration.)

    iii. Notice of this proposed method of distribution of the 7% (or, if there is a reversion to the Moore Defendants for NL, then less than 7%) of the Net Settlement Fund will be provided to Claiming Futures Class Members who will have a right to object such method. Such proposed method will be subject to approval by the Court.

    iv. Such proposed method of distribution will take reasonable, fair account of Futures Class Counsel's assessment of the strengths and weaknesses of Claiming Futures Class Members' potential equitable and legal entitlements. In this regard, it is anticipated that losses and gains incurred after September 17, 2008 will be discounted, significant net artificiality received by Claiming Futures Class Members will be deducted, and/or payouts in respect of pre-September 17, 2008 transactions may be enhanced in varying amounts.[2] This will be proposed in the manner that, in Futures Class Counsel's judgment, is most fair and reasonable in light of all the circumstances including the resulting amounts of distribution to Claiming Futures Class Members.

(d) For purposes of the distribution *inter se* among Claiming Futures Class Members, each Claiming Futures Class Member shall be entitled to receive the sum of their payments due, if any, under the First Pool and Second Pool above. The enhancements in 14(c)(iv) shall have no effect on the Moore Defendants' potential reversion.

15. Each Claiming Futures Class Member will be entitled to a total payment from the Net Settlement Fund equal to their NAP plus their sum total NL under ¶14(d). Again, negative NAP is not netted against NL and net gains in the NL are not netted against NAP.

16. All determinations under this Plan of Allocation shall be made by the Settlement Administrator subject to review by Futures Lead Counsel and the Court.

17. This Plan shall be subject to change by the Court without further notice to Class members.

---

[2] This also includes transactions during the period prior to November 15, 2007, including on or about June 7, 2006, June 8, 2006, June 14, 2006, June 20, 2006, June 27, 2006, July 19, 2006, August 1, 2006, August 22, 2006, August 30, 2006, September 7, 2006, September 8, 2006, September 15, 2006, October 6, 2006, February 13, 2007, March 18, 2007, May 17, 2007, August 10, 2007, October 18, 2007, October 24, 2007 and October 25, 2007.

**EXHIBIT A**

**PLATINUM**

For transactions between 1:05 p.m. for platinum futures contracts on November 19, 2007, and anytime on June 18, 2008, inclusive, the amount of positive artificiality for each futures contract is set forth below. For each day after November 19, 2007, the amount of artificiality shall be the amount reflected for the prior day UNTIL 1:05 p.m. for platinum. For transactions occurring after 1:05 p.m. for platinum the artificiality shall be the amount of artificiality listed for that day.

As a practical matter, a substantial portion of the trading volume in NYMEX platinum futures contracts is limited to the quarterly contract months of January, April, July and October. However, intermediate contracts (*i.e.*, contracts expiring between the foregoing four quarterly contracts) do occasionally trade.

The artificiality for further out contracts (*i.e.*, contracts trading beyond the third month contract in the quarterly cycle) shall be the same as the artificiality for the third month quarterly contract. The artificiality for intermediate contracts shall be based on a time-weighted average of the two bounding quarterly contracts. Example: The January NYMEX platinum futures contract is the first month quarterly contract and has artificiality of $200. The April NYMEX platinum futures contract is the second month quarterly contract and has artificiality of $170. The February NYMEX platinum futures contract is an intermediate contract. In the foregoing example, the artificiality of the intermediate February contract would be $190 (*i.e.*, 2/3 of the artificiality of the first month January quarterly contract PLUS 1/3 of the artificiality of the second month April quarterly contract).

**Platinum Daily Artificiality Estimates**
**($ per troy ounce)**

| Date | Front Month | Artificiality | Second Month | Artificiality | Third Month | Artificiality |
|---|---|---|---|---|---|---|
| 19-Nov-07 | Jan-08 | $1.9299 | Apr-08 | $1.7673 | Jul-08 | $1.1725 |
| 20-Nov-07 | Jan-08 | $2.8948 | Apr-08 | $2.6509 | Jul-08 | $1.7587 |
| 21-Nov-07 | Jan-08 | $4.8247 | Apr-08 | $4.4182 | Jul-08 | $2.9312 |
| 23-Nov-07 | Jan-08 | $4.8247 | Apr-08 | $4.4182 | Jul-08 | $2.9312 |
| 26-Nov-07 | Jan-08 | $4.8247 | Apr-08 | $4.4182 | Jul-08 | $2.9312 |
| 27-Nov-07 | Jan-08 | $5.7897 | Apr-08 | $5.3018 | Jul-08 | $3.5174 |
| 28-Nov-07 | Jan-08 | $7.7196 | Apr-08 | $7.0690 | Jul-08 | $4.6899 |
| 29-Nov-07 | Jan-08 | $7.7196 | Apr-08 | $7.0690 | Jul-08 | $4.6899 |
| 30-Nov-07 | Jan-08 | $9.6495 | Apr-08 | $8.8363 | Jul-08 | $5.8623 |
| 3-Dec-07 | Jan-08 | $10.6144 | Apr-08 | $9.7199 | Jul-08 | $6.4486 |
| 4-Dec-07 | Jan-08 | $12.5443 | Apr-08 | $11.4872 | Jul-08 | $7.6210 |
| 5-Dec-07 | Jan-08 | $14.4742 | Apr-08 | $13.2545 | Jul-08 | $8.7935 |
| 6-Dec-07 | Jan-08 | $16.4041 | Apr-08 | $15.0217 | Jul-08 | $9.9660 |
| 7-Dec-07 | Jan-08 | $18.3340 | Apr-08 | $16.7890 | Jul-08 | $11.1384 |
| 10-Dec-07 | Jan-08 | $20.2639 | Apr-08 | $18.5563 | Jul-08 | $12.3109 |
| 11-Dec-07 | Jan-08 | $20.2639 | Apr-08 | $18.5563 | Jul-08 | $12.3109 |
| 12-Dec-07 | Jan-08 | $24.1237 | Apr-08 | $22.0908 | Jul-08 | $14.6558 |
| 13-Dec-07 | Jan-08 | $24.1237 | Apr-08 | $22.0908 | Jul-08 | $14.6558 |
| 14-Dec-07 | Jan-08 | $27.0185 | Apr-08 | $24.7417 | Jul-08 | $16.4145 |
| 17-Dec-07 | Jan-08 | $28.9484 | Apr-08 | $26.5089 | Jul-08 | $17.5870 |
| 18-Dec-07 | Jan-08 | $30.8783 | Apr-08 | $28.2762 | Jul-08 | $18.7595 |
| 19-Dec-07 | Jan-08 | $30.8783 | Apr-08 | $28.2762 | Jul-08 | $18.7595 |
| 20-Dec-07 | Jan-08 | $30.8783 | Apr-08 | $28.2762 | Jul-08 | $18.7595 |
| 21-Dec-07 | Jan-08 | $34.7381 | Apr-08 | $31.8107 | Jul-08 | $21.1044 |
| 24-Dec-07 | Jan-08 | $34.7381 | Apr-08 | $31.8107 | Jul-08 | $21.1044 |
| 26-Dec-07 | Jan-08 | $36.6680 | Apr-08 | $33.5780 | Jul-08 | $22.2769 |
| 27-Dec-07 | Jan-08 | $38.5979 | Apr-08 | $35.3452 | Jul-08 | $23.4493 |
| 28-Dec-07 | Jan-08 | $40.5278 | Apr-08 | $37.1125 | Jul-08 | $24.6218 |
| 31-Dec-07 | Jan-08 | $44.3876 | Apr-08 | $40.6470 | Jul-08 | $26.9667 |
| 2-Jan-08 | Jan-08 | $46.3175 | Apr-08 | $42.4143 | Jul-08 | $28.1392 |

| Date | Front Month | Artificiality | Second Month | Artificiality | Third Month | Artificiality |
|---|---|---|---|---|---|---|
| 3-Jan-08 | Jan-08 | $50.1773 | Apr-08 | $45.9488 | Jul-08 | $30.4841 |
| 4-Jan-08 | Jan-08 | $52.1072 | Apr-08 | $47.7161 | Jul-08 | $31.6566 |
| 7-Jan-08 | Jan-08 | $54.0371 | Apr-08 | $49.4833 | Jul-08 | $32.8291 |
| 8-Jan-08 | Jan-08 | $55.9670 | Apr-08 | $51.2506 | Jul-08 | $34.0015 |
| 9-Jan-08 | Jan-08 | $57.8969 | Apr-08 | $53.0179 | Jul-08 | $35.1740 |
| 10-Jan-08 | Jan-08 | $59.8268 | Apr-08 | $54.7851 | Jul-08 | $36.3465 |
| 11-Jan-08 | Jan-08 | $61.7567 | Apr-08 | $56.5524 | Jul-08 | $37.5189 |
| 14-Jan-08 | Jan-08 | $65.6165 | Apr-08 | $60.0869 | Jul-08 | $39.8639 |
| 15-Jan-08 | Jan-08 | $67.5464 | Apr-08 | $61.8542 | Jul-08 | $41.0363 |
| 16-Jan-08 | Jan-08 | $67.5464 | Apr-08 | $61.8542 | Jul-08 | $41.0363 |
| 17-Jan-08 | Jan-08 | $71.4062 | Apr-08 | $65.3887 | Jul-08 | $43.3813 |
| 18-Jan-08 | Jan-08 | $75.2659 | Apr-08 | $68.9232 | Jul-08 | $45.7262 |
| 22-Jan-08 | Jan-08 | $79.1257 | Apr-08 | $72.4578 | Jul-08 | $48.0711 |
| 23-Jan-08 | Jan-08 | $82.9855 | Apr-08 | $75.9923 | Jul-08 | $50.4161 |
| 24-Jan-08 | Jan-08 | $86.8453 | Apr-08 | $79.5268 | Jul-08 | $52.7610 |
| 25-Jan-08 | Jan-08 | $90.7051 | Apr-08 | $83.0613 | Jul-08 | $55.1059 |
| 28-Jan-08 | Jan-08 | $94.5649 | Apr-08 | $86.5959 | Jul-08 | $57.4508 |
| 29-Jan-08 | Jan-08 | $98.4247 | Apr-08 | $90.1304 | Jul-08 | $59.7958 |
| 30-Jan-08 | Apr-08 | $100.3546 | Jul-08 | $91.8976 | Oct-08 | $60.9682 |
| 31-Jan-08 | Apr-08 | $100.3546 | Jul-08 | $91.8976 | Oct-08 | $60.9682 |
| 1-Feb-08 | Apr-08 | $100.3546 | Jul-08 | $91.8976 | Oct-08 | $60.9682 |
| 4-Feb-08 | Apr-08 | $102.2845 | Jul-08 | $93.6649 | Oct-08 | $62.1407 |
| 5-Feb-08 | Apr-08 | $106.1443 | Jul-08 | $97.1994 | Oct-08 | $64.4856 |
| 6-Feb-08 | Apr-08 | $110.0041 | Jul-08 | $100.7340 | Oct-08 | $66.8306 |
| 7-Feb-08 | Apr-08 | $113.8639 | Jul-08 | $104.2685 | Oct-08 | $69.1755 |
| 8-Feb-08 | Apr-08 | $117.7237 | Jul-08 | $107.8030 | Oct-08 | $71.5204 |
| 11-Feb-08 | Apr-08 | $119.6536 | Jul-08 | $109.5703 | Oct-08 | $72.6929 |
| 12-Feb-08 | Apr-08 | $123.5133 | Jul-08 | $113.1048 | Oct-08 | $75.0378 |
| 13-Feb-08 | Apr-08 | $125.4432 | Jul-08 | $114.8721 | Oct-08 | $76.2103 |
| 14-Feb-08 | Apr-08 | $129.3030 | Jul-08 | $118.4066 | Oct-08 | $78.5552 |
| 15-Feb-08 | Apr-08 | $133.1628 | Jul-08 | $121.9411 | Oct-08 | $80.9002 |
| 19-Feb-08 | Apr-08 | $133.1628 | Jul-08 | $121.9411 | Oct-08 | $80.9002 |
| 20-Feb-08 | Apr-08 | $137.0226 | Jul-08 | $125.4756 | Oct-08 | $83.2451 |
| 21-Feb-08 | Apr-08 | $140.8824 | Jul-08 | $129.0102 | Oct-08 | $85.5900 |
| 22-Feb-08 | Apr-08 | $144.7422 | Jul-08 | $132.5447 | Oct-08 | $87.9350 |
| 25-Feb-08 | Apr-08 | $148.6020 | Jul-08 | $136.0792 | Oct-08 | $90.2799 |
| 26-Feb-08 | Apr-08 | $152.4618 | Jul-08 | $139.6137 | Oct-08 | $92.6248 |
| 27-Feb-08 | Apr-08 | $156.3216 | Jul-08 | $143.1483 | Oct-08 | $94.9698 |
| 28-Feb-08 | Apr-08 | $156.3216 | Jul-08 | $143.1483 | Oct-08 | $94.9698 |
| 29-Feb-08 | Apr-08 | $160.1814 | Jul-08 | $146.6828 | Oct-08 | $97.3147 |
| 3-Mar-08 | Apr-08 | $164.0412 | Jul-08 | $150.2173 | Oct-08 | $99.6596 |
| 4-Mar-08 | Apr-08 | $165.9711 | Jul-08 | $151.9846 | Oct-08 | $100.8321 |
| 5-Mar-08 | Apr-08 | $169.8309 | Jul-08 | $155.5191 | Oct-08 | $103.1770 |
| 6-Mar-08 | Apr-08 | $173.6906 | Jul-08 | $159.0536 | Oct-08 | $105.5220 |
| 7-Mar-08 | Apr-08 | $173.6906 | Jul-08 | $159.0536 | Oct-08 | $105.5220 |

| Date | Front Month | Artificiality | Second Month | Artificiality | Third Month | Artificiality |
|---|---|---|---|---|---|---|
| 10-Mar-08 | Apr-08 | $177.5504 | Jul-08 | $162.5881 | Oct-08 | $107.8669 |
| 11-Mar-08 | Apr-08 | $177.5504 | Jul-08 | $162.5881 | Oct-08 | $107.8669 |
| 12-Mar-08 | Apr-08 | $177.5504 | Jul-08 | $162.5881 | Oct-08 | $107.8669 |
| 13-Mar-08 | Apr-08 | $177.5504 | Jul-08 | $162.5881 | Oct-08 | $107.8669 |
| 14-Mar-08 | Apr-08 | $177.5504 | Jul-08 | $162.5881 | Oct-08 | $107.8669 |
| 17-Mar-08 | Apr-08 | $177.5504 | Jul-08 | $162.5881 | Oct-08 | $107.8669 |
| 18-Mar-08 | Apr-08 | $177.5504 | Jul-08 | $162.5881 | Oct-08 | $107.8669 |
| 19-Mar-08 | Apr-08 | $177.5504 | Jul-08 | $162.5881 | Oct-08 | $107.8669 |
| 20-Mar-08 | Apr-08 | $181.4102 | Jul-08 | $166.1227 | Oct-08 | $110.2118 |
| 24-Mar-08 | Apr-08 | $183.3401 | Jul-08 | $167.8899 | Oct-08 | $111.3843 |
| 25-Mar-08 | Apr-08 | $183.3401 | Jul-08 | $167.8899 | Oct-08 | $111.3843 |
| 26-Mar-08 | Apr-08 | $187.1999 | Jul-08 | $171.4245 | Oct-08 | $113.7292 |
| 27-Mar-08 | Apr-08 | $187.1999 | Jul-08 | $171.4245 | Oct-08 | $113.7292 |
| 28-Mar-08 | Apr-08 | $191.0597 | Jul-08 | $174.9590 | Oct-08 | $116.0742 |
| 31-Mar-08 | Apr-08 | $194.9195 | Jul-08 | $178.4935 | Oct-08 | $118.4191 |
| 1-Apr-08 | Apr-08 | $198.7793 | Jul-08 | $182.0280 | Oct-08 | $120.7640 |
| 2-Apr-08 | Apr-08 | $198.7793 | Jul-08 | $182.0280 | Oct-08 | $120.7640 |
| 3-Apr-08 | Apr-08 | $200.7092 | Jul-08 | $183.7953 | Oct-08 | $121.9365 |
| 4-Apr-08 | Apr-08 | $201.6741 | Jul-08 | $184.6789 | Oct-08 | $122.5227 |
| 7-Apr-08 | Apr-08 | $203.6040 | Jul-08 | $186.4462 | Oct-08 | $123.6952 |
| 8-Apr-08 | Apr-08 | $203.6040 | Jul-08 | $186.4462 | Oct-08 | $123.6952 |
| 9-Apr-08 | Apr-08 | $207.4638 | Jul-08 | $189.9807 | Oct-08 | $126.0401 |
| 10-Apr-08 | Apr-08 | $209.3937 | Jul-08 | $191.7480 | Oct-08 | $127.2126 |
| 11-Apr-08 | Apr-08 | $211.3236 | Jul-08 | $193.5152 | Oct-08 | $128.3851 |
| 14-Apr-08 | Apr-08 | $211.3236 | Jul-08 | $193.5152 | Oct-08 | $128.3851 |
| 15-Apr-08 | Apr-08 | $211.3236 | Jul-08 | $193.5152 | Oct-08 | $128.3851 |
| 16-Apr-08 | Apr-08 | $213.2535 | Jul-08 | $195.2825 | Oct-08 | $129.5575 |
| 17-Apr-08 | Apr-08 | $215.1834 | Jul-08 | $197.0498 | Oct-08 | $130.7300 |
| 18-Apr-08 | Apr-08 | $217.1133 | Jul-08 | $198.8170 | Oct-08 | $131.9025 |
| 21-Apr-08 | Apr-08 | $219.0432 | Jul-08 | $200.5843 | Oct-08 | $133.0749 |
| 22-Apr-08 | Apr-08 | $220.9731 | Jul-08 | $202.3516 | Oct-08 | $134.2474 |
| 23-Apr-08 | Apr-08 | $220.9731 | Jul-08 | $202.3516 | Oct-08 | $134.2474 |
| 24-Apr-08 | Apr-08 | $220.9731 | Jul-08 | $202.3516 | Oct-08 | $134.2474 |
| 25-Apr-08 | Apr-08 | $220.9731 | Jul-08 | $202.3516 | Oct-08 | $134.2474 |
| 28-Apr-08 | Apr-08 | $220.9731 | Jul-08 | $202.3516 | Oct-08 | $134.2474 |
| 29-Apr-08 | Apr-08 | $222.9030 | Jul-08 | $204.1188 | Oct-08 | $135.4199 |
| 30-Apr-08 | Jul-08 | $223.8679 | Oct-08 | $205.0024 | Jan-09 | $136.0061 |
| 1-May-08 | Jul-08 | $225.7978 | Oct-08 | $206.7697 | Jan-09 | $137.1786 |
| 2-May-08 | Jul-08 | $227.7277 | Oct-08 | $208.5370 | Jan-09 | $138.3510 |
| 5-May-08 | Jul-08 | $227.7277 | Oct-08 | $208.5370 | Jan-09 | $138.3510 |
| 6-May-08 | Jul-08 | $229.6576 | Oct-08 | $210.3042 | Jan-09 | $139.5235 |
| 7-May-08 | Jul-08 | $231.5875 | Oct-08 | $212.0715 | Jan-09 | $140.6960 |
| 8-May-08 | Jul-08 | $235.4473 | Oct-08 | $215.6060 | Jan-09 | $143.0409 |
| 9-May-08 | Jul-08 | $239.3071 | Oct-08 | $219.1405 | Jan-09 | $145.3858 |
| 12-May-08 | Jul-08 | $243.1669 | Oct-08 | $222.6751 | Jan-09 | $147.7308 |

| Date | Front Month | Artificiality | Second Month | Artificiality | Third Month | Artificiality |
|---|---|---|---|---|---|---|
| 13-May-08 | Jul-08 | $245.0968 | Oct-08 | $224.4423 | Jan-09 | $148.9032 |
| 14-May-08 | Jul-08 | $247.9916 | Oct-08 | $227.0932 | Jan-09 | $150.6619 |
| 15-May-08 | Jul-08 | $251.8514 | Oct-08 | $230.6278 | Jan-09 | $153.0069 |
| 16-May-08 | Jul-08 | $255.7112 | Oct-08 | $234.1623 | Jan-09 | $155.3518 |
| 19-May-08 | Jul-08 | $257.6411 | Oct-08 | $235.9295 | Jan-09 | $156.5242 |
| 20-May-08 | Jul-08 | $261.5009 | Oct-08 | $239.4641 | Jan-09 | $158.8692 |
| 21-May-08 | Jul-08 | $263.4308 | Oct-08 | $241.2313 | Jan-09 | $160.0416 |
| 22-May-08 | Jul-08 | $263.4308 | Oct-08 | $241.2313 | Jan-09 | $160.0416 |
| 23-May-08 | Jul-08 | $263.4308 | Oct-08 | $241.2313 | Jan-09 | $160.0416 |
| 27-May-08 | Jul-08 | $248.1304 | Oct-08 | $227.2203 | Jan-09 | $150.7462 |
| 28-May-08 | Jul-08 | $157.8278 | Oct-08 | $144.5275 | Jan-09 | $95.8848 |
| 29-May-08 | Jul-08 | $95.0675 | Oct-08 | $87.0561 | Jan-09 | $57.7562 |
| 30-May-08 | Jul-08 | $95.0675 | Oct-08 | $87.0561 | Jan-09 | $57.7562 |
| 2-Jun-08 | Jul-08 | $91.2073 | Oct-08 | $83.5212 | Jan-09 | $55.4110 |
| 3-Jun-08 | Jul-08 | $89.8490 | Oct-08 | $82.2774 | Jan-09 | $54.5858 |
| 4-Jun-08 | Jul-08 | $76.6657 | Oct-08 | $70.2051 | Jan-09 | $46.5766 |
| 5-Jun-08 | Jul-08 | $64.8719 | Oct-08 | $59.4051 | Jan-09 | $39.4115 |
| 6-Jun-08 | Jul-08 | $64.8719 | Oct-08 | $59.4051 | Jan-09 | $39.4115 |
| 9-Jun-08 | Jul-08 | $64.8719 | Oct-08 | $59.4051 | Jan-09 | $39.4115 |
| 10-Jun-08 | Jul-08 | $39.9260 | Oct-08 | $36.5614 | Jan-09 | $24.2561 |
| 11-Jun-08 | Jul-08 | $39.9260 | Oct-08 | $36.5614 | Jan-09 | $24.2561 |
| 12-Jun-08 | Jul-08 | $39.9260 | Oct-08 | $36.5614 | Jan-09 | $24.2561 |
| 13-Jun-08 | Jul-08 | $39.9260 | Oct-08 | $36.5614 | Jan-09 | $24.2561 |
| 16-Jun-08 | Jul-08 | $15.1968 | Oct-08 | $13.9162 | Jan-09 | $9.2325 |
| 17-Jun-08 | Jul-08 | $14.4375 | Oct-08 | $13.2208 | Jan-09 | $8.7712 |
| 18-Jun-08 | Jul-08 | $14.4375 | Oct-08 | $13.2208 | Jan-09 | $8.7712 |

**EXHIBIT B**

**PALLADIUM**

For transactions between 1:00 p.m. for palladium futures contracts on November 1, 2007, and any time on June 18, 2008, inclusive, the amount of positive artificiality for each futures contract is set forth below. For each day after November 1, 2007, the amount of artificiality shall be the amount reflected for the prior day UNTIL 1:00 p.m. for palladium. For transactions occurring after 1:00 p.m. for palladium, the artificiality shall be the amount of artificiality listed for that day.

As a practical matter, a substantial portion of the trading volume in NYMEX palladium futures contracts is limited to the quarterly contract months of March, June, September and December. However, intermediate contracts (*i.e.*, contracts expiring between the foregoing four quarterly contracts) do occasionally trade.

The artificiality for further out contracts (*i.e.*, contracts trading beyond the third month contract in the quarterly cycle) shall be the same as the artificiality for the third month quarterly contract. The artificiality for intermediate contracts shall be based on a time-weighted average of the two bounding quarterly contracts. Example: The March NYMEX palladium futures contract is the first month quarterly contract and has artificiality of $70. The June NYMEX palladium futures contract is the second month quarterly contract and has artificiality of $40. The May NYMEX palladium futures contract is an intermediate contract. In the foregoing example, the artificiality of the intermediate May contract would be $50 (*i.e.*, 1/3 of the artificiality of the first month March quarterly contract PLUS 2/3 of the artificiality of the second month June quarterly contract).

**Palladium Daily Artificiality Estimates**
**($ per troy ounce)**

| Date | Front Month | Artificiality | Second Month | Artificiality | Third Month | Artificiality |
|------|------|------|------|------|------|------|
| 1-Nov-07 | Dec-07 | $0.2715 | Mar-08 | $0.2758 | Jun-08 | $0.2744 |
| 2-Nov-07 | Dec-07 | $0.2715 | Mar-08 | $0.2758 | Jun-08 | $0.2744 |
| 5-Nov-07 | Dec-07 | $0.5429 | Mar-08 | $0.5515 | Jun-08 | $0.5488 |
| 6-Nov-07 | Dec-07 | $1.0859 | Mar-08 | $1.1031 | Jun-08 | $1.0976 |
| 7-Nov-07 | Dec-07 | $1.3574 | Mar-08 | $1.3788 | Jun-08 | $1.3720 |
| 8-Nov-07 | Dec-07 | $1.6288 | Mar-08 | $1.6546 | Jun-08 | $1.6464 |
| 9-Nov-07 | Dec-07 | $1.9003 | Mar-08 | $1.9304 | Jun-08 | $1.9208 |
| 12-Nov-07 | Dec-07 | $2.1718 | Mar-08 | $2.2062 | Jun-08 | $2.1952 |
| 13-Nov-07 | Dec-07 | $2.7147 | Mar-08 | $2.7577 | Jun-08 | $2.7440 |
| 14-Nov-07 | Dec-07 | $2.9862 | Mar-08 | $3.0335 | Jun-08 | $3.0184 |
| 15-Nov-07 | Dec-07 | $3.2577 | Mar-08 | $3.3092 | Jun-08 | $3.2928 |
| 16-Nov-07 | Dec-07 | $3.2577 | Mar-08 | $3.3092 | Jun-08 | $3.2928 |
| 19-Nov-07 | Dec-07 | $3.2577 | Mar-08 | $3.3092 | Jun-08 | $3.2928 |
| 20-Nov-07 | Dec-07 | $3.5291 | Mar-08 | $3.5850 | Jun-08 | $3.5672 |
| 21-Nov-07 | Dec-07 | $3.8006 | Mar-08 | $3.8608 | Jun-08 | $3.8416 |
| 23-Nov-07 | Dec-07 | $4.0721 | Mar-08 | $4.1365 | Jun-08 | $4.1160 |
| 26-Nov-07 | Dec-07 | $4.3436 | Mar-08 | $4.4123 | Jun-08 | $4.3904 |
| 27-Nov-07 | Dec-07 | $4.8865 | Mar-08 | $4.9638 | Jun-08 | $4.9392 |
| 28-Nov-07 | Dec-07 | $5.4294 | Mar-08 | $5.5154 | Jun-08 | $5.4880 |
| 29-Nov-07 | Dec-07 | $5.7009 | Mar-08 | $5.7912 | Jun-08 | $5.7624 |
| 30-Nov-07 | Dec-07 | $6.7868 | Mar-08 | $6.8942 | Jun-08 | $6.8600 |
| 3-Dec-07 | Dec-07 | $7.0583 | Mar-08 | $7.1700 | Jun-08 | $7.1344 |
| 4-Dec-07 | Dec-07 | $7.3297 | Mar-08 | $7.4458 | Jun-08 | $7.4088 |
| 5-Dec-07 | Dec-07 | $7.8727 | Mar-08 | $7.9973 | Jun-08 | $7.9576 |
| 6-Dec-07 | Dec-07 | $8.4156 | Mar-08 | $8.5488 | Jun-08 | $8.5064 |
| 7-Dec-07 | Dec-07 | $8.4156 | Mar-08 | $8.5488 | Jun-08 | $8.5064 |
| 10-Dec-07 | Dec-07 | $8.9586 | Mar-08 | $9.1004 | Jun-08 | $9.0552 |
| 11-Dec-07 | Dec-07 | $8.9586 | Mar-08 | $9.1004 | Jun-08 | $9.0552 |
| 12-Dec-07 | Dec-07 | $9.5015 | Mar-08 | $9.6519 | Jun-08 | $9.6040 |
| 13-Dec-07 | Dec-07 | $10.0445 | Mar-08 | $10.2035 | Jun-08 | $10.1528 |

| Date | Front Month | Artificiality | Second Month | Artificiality | Third Month | Artificiality |
|---|---|---|---|---|---|---|
| 14-Dec-07 | Dec-07 | $10.5874 | Mar-08 | $10.7550 | Jun-08 | $10.7016 |
| 17-Dec-07 | Dec-07 | $11.1304 | Mar-08 | $11.3065 | Jun-08 | $11.2503 |
| 18-Dec-07 | Dec-07 | $11.6733 | Mar-08 | $11.8581 | Jun-08 | $11.7991 |
| 19-Dec-07 | Dec-07 | $11.6733 | Mar-08 | $11.8581 | Jun-08 | $11.7991 |
| 20-Dec-07 | Dec-07 | $11.6733 | Mar-08 | $11.8581 | Jun-08 | $11.7991 |
| 21-Dec-07 | Dec-07 | $12.2162 | Mar-08 | $12.4096 | Jun-08 | $12.3479 |
| 24-Dec-07 | Dec-07 | $12.7592 | Mar-08 | $12.9612 | Jun-08 | $12.8967 |
| 26-Dec-07 | Dec-07 | $13.3021 | Mar-08 | $13.5127 | Jun-08 | $13.4455 |
| 27-Dec-07 | Dec-07 | $13.8451 | Mar-08 | $14.0642 | Jun-08 | $13.9943 |
| 28-Dec-07 | Mar-08 | $14.3880 | Jun-08 | $14.6158 | Sep-08 | $14.5431 |
| 31-Dec-07 | Mar-08 | $15.4739 | Jun-08 | $15.7188 | Sep-08 | $15.6407 |
| 2-Jan-08 | Mar-08 | $16.0169 | Jun-08 | $16.2704 | Sep-08 | $16.1895 |
| 3-Jan-08 | Mar-08 | $16.5598 | Jun-08 | $16.8219 | Sep-08 | $16.7383 |
| 4-Jan-08 | Mar-08 | $17.1027 | Jun-08 | $17.3735 | Sep-08 | $17.2871 |
| 7-Jan-08 | Mar-08 | $17.6457 | Jun-08 | $17.9250 | Sep-08 | $17.8359 |
| 8-Jan-08 | Mar-08 | $18.1886 | Jun-08 | $18.4765 | Sep-08 | $18.3847 |
| 9-Jan-08 | Mar-08 | $18.7316 | Jun-08 | $19.0281 | Sep-08 | $18.9335 |
| 10-Jan-08 | Mar-08 | $19.2745 | Jun-08 | $19.5796 | Sep-08 | $19.4823 |
| 11-Jan-08 | Mar-08 | $19.8175 | Jun-08 | $20.1312 | Sep-08 | $20.0311 |
| 14-Jan-08 | Mar-08 | $20.9034 | Jun-08 | $21.2342 | Sep-08 | $21.1287 |
| 15-Jan-08 | Mar-08 | $21.4463 | Jun-08 | $21.7858 | Sep-08 | $21.6775 |
| 16-Jan-08 | Mar-08 | $21.4463 | Jun-08 | $21.7858 | Sep-08 | $21.6775 |
| 17-Jan-08 | Mar-08 | $22.5322 | Jun-08 | $22.8888 | Sep-08 | $22.7751 |
| 18-Jan-08 | Mar-08 | $23.6181 | Jun-08 | $23.9919 | Sep-08 | $23.8727 |
| 22-Jan-08 | Mar-08 | $24.1610 | Jun-08 | $24.5435 | Sep-08 | $24.4215 |
| 23-Jan-08 | Mar-08 | $24.7040 | Jun-08 | $25.0950 | Sep-08 | $24.9703 |
| 24-Jan-08 | Mar-08 | $25.7899 | Jun-08 | $26.1981 | Sep-08 | $26.0679 |
| 25-Jan-08 | Mar-08 | $26.8757 | Jun-08 | $27.3012 | Sep-08 | $27.1655 |
| 28-Jan-08 | Mar-08 | $27.9616 | Jun-08 | $28.4042 | Sep-08 | $28.2631 |
| 29-Jan-08 | Mar-08 | $29.0475 | Jun-08 | $29.5073 | Sep-08 | $29.3607 |
| 30-Jan-08 | Mar-08 | $29.0475 | Jun-08 | $29.5073 | Sep-08 | $29.3607 |
| 31-Jan-08 | Mar-08 | $29.0475 | Jun-08 | $29.5073 | Sep-08 | $29.3607 |
| 1-Feb-08 | Mar-08 | $29.0475 | Jun-08 | $29.5073 | Sep-08 | $29.3607 |
| 4-Feb-08 | Mar-08 | $29.5905 | Jun-08 | $30.0588 | Sep-08 | $29.9095 |
| 5-Feb-08 | Mar-08 | $30.1334 | Jun-08 | $30.6104 | Sep-08 | $30.4583 |
| 6-Feb-08 | Mar-08 | $31.2193 | Jun-08 | $31.7135 | Sep-08 | $31.5559 |
| 7-Feb-08 | Mar-08 | $31.7622 | Jun-08 | $32.2650 | Sep-08 | $32.1047 |
| 8-Feb-08 | Mar-08 | $32.8481 | Jun-08 | $33.3681 | Sep-08 | $33.2022 |
| 11-Feb-08 | Mar-08 | $33.3911 | Jun-08 | $33.9196 | Sep-08 | $33.7510 |
| 12-Feb-08 | Mar-08 | $33.9340 | Jun-08 | $34.4711 | Sep-08 | $34.2998 |
| 13-Feb-08 | Mar-08 | $34.4770 | Jun-08 | $35.0227 | Sep-08 | $34.8486 |
| 14-Feb-08 | Mar-08 | $35.5629 | Jun-08 | $36.1258 | Sep-08 | $35.9462 |
| 15-Feb-08 | Mar-08 | $36.6487 | Jun-08 | $37.2288 | Sep-08 | $37.0438 |
| 19-Feb-08 | Mar-08 | $37.7346 | Jun-08 | $38.3319 | Sep-08 | $38.1414 |
| 20-Feb-08 | Mar-08 | $38.8205 | Jun-08 | $39.4350 | Sep-08 | $39.2390 |

| Date | Front Month | Artificiality | Second Month | Artificiality | Third Month | Artificiality |
|------|------------|---------------|-------------|---------------|------------|---------------|
| 21-Feb-08 | Mar-08 | $39.9064 | Jun-08 | $40.5381 | Sep-08 | $40.3366 |
| 22-Feb-08 | Mar-08 | $40.9923 | Jun-08 | $41.6411 | Sep-08 | $41.4342 |
| 25-Feb-08 | Mar-08 | $42.0782 | Jun-08 | $42.7442 | Sep-08 | $42.5318 |
| 26-Feb-08 | Mar-08 | $43.1641 | Jun-08 | $43.8473 | Sep-08 | $43.6294 |
| 27-Feb-08 | Mar-08 | $44.2500 | Jun-08 | $44.9504 | Sep-08 | $44.7270 |
| 28-Feb-08 | Mar-08 | $44.2500 | Jun-08 | $44.9504 | Sep-08 | $44.7270 |
| 29-Feb-08 | Mar-08 | $45.3359 | Jun-08 | $46.0535 | Sep-08 | $45.8246 |
| 3-Mar-08 | Mar-08 | $46.4217 | Jun-08 | $47.1565 | Sep-08 | $46.9222 |
| 4-Mar-08 | Mar-08 | $47.5076 | Jun-08 | $48.2596 | Sep-08 | $48.0198 |
| 5-Mar-08 | Mar-08 | $48.5935 | Jun-08 | $49.3627 | Sep-08 | $49.1174 |
| 6-Mar-08 | Mar-08 | $49.6794 | Jun-08 | $50.4658 | Sep-08 | $50.2150 |
| 7-Mar-08 | Mar-08 | $50.4938 | Jun-08 | $51.2931 | Sep-08 | $51.0382 |
| 10-Mar-08 | Mar-08 | $51.5797 | Jun-08 | $52.3961 | Sep-08 | $52.1358 |
| 11-Mar-08 | Mar-08 | $52.1227 | Jun-08 | $52.9477 | Sep-08 | $52.6846 |
| 12-Mar-08 | Mar-08 | $52.6656 | Jun-08 | $53.4992 | Sep-08 | $53.2334 |
| 13-Mar-08 | Mar-08 | $52.6656 | Jun-08 | $53.4992 | Sep-08 | $53.2334 |
| 14-Mar-08 | Mar-08 | $53.7515 | Jun-08 | $54.6023 | Sep-08 | $54.3309 |
| 17-Mar-08 | Mar-08 | $54.8374 | Jun-08 | $55.7054 | Sep-08 | $55.4285 |
| 18-Mar-08 | Mar-08 | $54.8374 | Jun-08 | $55.7054 | Sep-08 | $55.4285 |
| 19-Mar-08 | Mar-08 | $54.8374 | Jun-08 | $55.7054 | Sep-08 | $55.4285 |
| 20-Mar-08 | Mar-08 | $55.9233 | Jun-08 | $56.8085 | Sep-08 | $56.5261 |
| 24-Mar-08 | Mar-08 | $56.4662 | Jun-08 | $57.3600 | Sep-08 | $57.0749 |
| 25-Mar-08 | Mar-08 | $57.5521 | Jun-08 | $58.4631 | Sep-08 | $58.1725 |
| 26-Mar-08 | Mar-08 | $58.6380 | Jun-08 | $59.5661 | Sep-08 | $59.2701 |
| 27-Mar-08 | Mar-08 | $58.6380 | Jun-08 | $59.5661 | Sep-08 | $59.2701 |
| 28-Mar-08 | Jun-08 | $59.1809 | Sep-08 | $60.1177 | Dec-08 | $59.8189 |
| 31-Mar-08 | Jun-08 | $60.5057 | Sep-08 | $61.4634 | Dec-08 | $61.1580 |
| 1-Apr-08 | Jun-08 | $61.5916 | Sep-08 | $62.5665 | Dec-08 | $62.2556 |
| 2-Apr-08 | Jun-08 | $62.6775 | Sep-08 | $63.6696 | Dec-08 | $63.3532 |
| 3-Apr-08 | Jun-08 | $63.7634 | Sep-08 | $64.7727 | Dec-08 | $64.4508 |
| 4-Apr-08 | Jun-08 | $64.8493 | Sep-08 | $65.8757 | Dec-08 | $65.5484 |
| 7-Apr-08 | Jun-08 | $65.3922 | Sep-08 | $66.4273 | Dec-08 | $66.0972 |
| 8-Apr-08 | Jun-08 | $65.3922 | Sep-08 | $66.4273 | Dec-08 | $66.0972 |
| 9-Apr-08 | Jun-08 | $65.9352 | Sep-08 | $66.9788 | Dec-08 | $66.6460 |
| 10-Apr-08 | Jun-08 | $67.0211 | Sep-08 | $68.0819 | Dec-08 | $67.7436 |
| 11-Apr-08 | Jun-08 | $67.5640 | Sep-08 | $68.6334 | Dec-08 | $68.2924 |
| 14-Apr-08 | Jun-08 | $68.1069 | Sep-08 | $69.1850 | Dec-08 | $68.8412 |
| 15-Apr-08 | Jun-08 | $68.6499 | Sep-08 | $69.7365 | Dec-08 | $69.3899 |
| 16-Apr-08 | Jun-08 | $69.1928 | Sep-08 | $70.2881 | Dec-08 | $69.9387 |
| 17-Apr-08 | Jun-08 | $69.7358 | Sep-08 | $70.8396 | Dec-08 | $70.4875 |
| 18-Apr-08 | Jun-08 | $70.8217 | Sep-08 | $71.9427 | Dec-08 | $71.5851 |
| 21-Apr-08 | Jun-08 | $71.3646 | Sep-08 | $72.4942 | Dec-08 | $72.1339 |
| 22-Apr-08 | Jun-08 | $71.9076 | Sep-08 | $73.0457 | Dec-08 | $72.6827 |
| 23-Apr-08 | Jun-08 | $71.9076 | Sep-08 | $73.0457 | Dec-08 | $72.6827 |
| 24-Apr-08 | Jun-08 | $71.9076 | Sep-08 | $73.0457 | Dec-08 | $72.6827 |

| Date | Front Month | Artificiality | Second Month | Artificiality | Third Month | Artificiality |
|---|---|---|---|---|---|---|
| 25-Apr-08 | Jun-08 | $72.7220 | Sep-08 | $73.8731 | Dec-08 | $73.5059 |
| 28-Apr-08 | Jun-08 | $72.7220 | Sep-08 | $73.8731 | Dec-08 | $73.5059 |
| 29-Apr-08 | Jun-08 | $73.8079 | Sep-08 | $74.9761 | Dec-08 | $74.6035 |
| 30-Apr-08 | Jun-08 | $74.0793 | Sep-08 | $75.2519 | Dec-08 | $74.8779 |
| 1-May-08 | Jun-08 | $74.6223 | Sep-08 | $75.8034 | Dec-08 | $75.4267 |
| 2-May-08 | Jun-08 | $75.1652 | Sep-08 | $76.3550 | Dec-08 | $75.9755 |
| 5-May-08 | Jun-08 | $75.7082 | Sep-08 | $76.9065 | Dec-08 | $76.5243 |
| 6-May-08 | Jun-08 | $76.7941 | Sep-08 | $78.0096 | Dec-08 | $77.6219 |
| 7-May-08 | Jun-08 | $77.3370 | Sep-08 | $78.5611 | Dec-08 | $78.1707 |
| 8-May-08 | Jun-08 | $77.8799 | Sep-08 | $79.1127 | Dec-08 | $78.7195 |
| 9-May-08 | Jun-08 | $78.4229 | Sep-08 | $79.6642 | Dec-08 | $79.2683 |
| 12-May-08 | Jun-08 | $78.9658 | Sep-08 | $80.2157 | Dec-08 | $79.8171 |
| 13-May-08 | Jun-08 | $80.0517 | Sep-08 | $81.3188 | Dec-08 | $80.9147 |
| 14-May-08 | Jun-08 | $80.8661 | Sep-08 | $82.1461 | Dec-08 | $81.7379 |
| 15-May-08 | Jun-08 | $81.9520 | Sep-08 | $83.2492 | Dec-08 | $82.8355 |
| 16-May-08 | Jun-08 | $83.0379 | Sep-08 | $84.3523 | Dec-08 | $83.9331 |
| 19-May-08 | Jun-08 | $84.1238 | Sep-08 | $85.4554 | Dec-08 | $85.0307 |
| 20-May-08 | Jun-08 | $85.2097 | Sep-08 | $86.5584 | Dec-08 | $86.1283 |
| 21-May-08 | Jun-08 | $86.2956 | Sep-08 | $87.6615 | Dec-08 | $87.2259 |
| 22-May-08 | Jun-08 | $86.2956 | Sep-08 | $87.6615 | Dec-08 | $87.2259 |
| 23-May-08 | Jun-08 | $86.2956 | Sep-08 | $87.6615 | Dec-08 | $87.2259 |
| 27-May-08 | Jun-08 | $81.2834 | Sep-08 | $82.5700 | Dec-08 | $82.1597 |
| 28-May-08 | Jun-08 | $51.7018 | Sep-08 | $52.5201 | Dec-08 | $52.2591 |
| 29-May-08 | Jun-08 | $31.1425 | Sep-08 | $31.6355 | Dec-08 | $31.4783 |
| 30-May-08 | Jun-08 | $31.1425 | Sep-08 | $31.6355 | Dec-08 | $31.4783 |
| 2-Jun-08 | Jun-08 | $29.8780 | Sep-08 | $30.3509 | Dec-08 | $30.2001 |
| 3-Jun-08 | Jun-08 | $29.4330 | Sep-08 | $29.8989 | Dec-08 | $29.7503 |
| 4-Jun-08 | Jun-08 | $25.1144 | Sep-08 | $25.5119 | Dec-08 | $25.3852 |
| 5-Jun-08 | Jun-08 | $21.2510 | Sep-08 | $21.5873 | Dec-08 | $21.4800 |
| 6-Jun-08 | Jun-08 | $21.2510 | Sep-08 | $21.5873 | Dec-08 | $21.4800 |
| 9-Jun-08 | Jun-08 | $21.2510 | Sep-08 | $21.5873 | Dec-08 | $21.4800 |
| 10-Jun-08 | Jun-08 | $13.0791 | Sep-08 | $13.2861 | Dec-08 | $13.2201 |
| 11-Jun-08 | Jun-08 | $13.0791 | Sep-08 | $13.2861 | Dec-08 | $13.2201 |
| 12-Jun-08 | Jun-08 | $13.0791 | Sep-08 | $13.2861 | Dec-08 | $13.2201 |
| 13-Jun-08 | Jun-08 | $13.0791 | Sep-08 | $13.2861 | Dec-08 | $13.2201 |
| 16-Jun-08 | Jun-08 | $4.9782 | Sep-08 | $5.0570 | Dec-08 | $5.0319 |
| 17-Jun-08 | Jun-08 | $4.7295 | Sep-08 | $4.8043 | Dec-08 | $4.7805 |
| 18-Jun-08 | Jun-08 | $4.7295 | Sep-08 | $4.8043 | Dec-08 | $4.7805 |

*In Re: Platinum And Palladium Commodities Litigation*

This Document Relates To:

    Platinum/Palladium Futures Action

MASTER FILE
No. 10 Civ. 3617 (WHP)

## REQUEST FOR EXCLUSION FROM CLASS ACTION SETTLEMENT

*Complete This Form Only If You Choose Not To Participate In This Settlement*

### I.   INSTRUCTIONS

1.   This "Request for Exclusion" may be used to exclude yourself from the Settlement in the above captioned class action ("Futures Action").  If you wish to remain a member of the Futures Class (as defined below), do not complete or return this Request for Exclusion.  Before deciding whether to request exclusion from the Settlement or take other action, make sure you have read the Notice of Settlement of Action November 7, 2014 Hearing Thereon, And Class Members' Rights ("Notice").

2.   In order to validly exclude yourself from the Settlement, you must complete, sign, and return this Request for Exclusion to the Settlement Administrator at the address set forth below.  Your Request for Exclusion must be received by the Settlement Administrator on or before October 3, 2014.

**PLATINUM AND PALLADIUM LITIGATION SETTLEMENT—FUTURES ACTION**
EXCLUSIONS
c/o A.B. DATA, LTD.
3410 WEST HOPKINS STREET
MILWAUKEE, WI  53216

info@PlatinumPalladiumFuturesLitigation.com

3.   This Request for Exclusion adopts and incorporates the definitions in the Stipulation and Agreement of Settlement, dated March 17, 2014, which is available on the Settlement website at www.PlatinumPalladiumFuturesLitigation.com.

4.   In order to exclude yourself from the Settlement you must be a member of the following Futures Class:

All Persons that purchased or sold a NYMEX platinum futures contract or a NYMEX palladium futures contract during the period from June 1, 2006 through April 29, 2010, inclusive.  Excluded from the Futures Class are (i) the Settling Defendants, MF Global, Inc., any co-conspirators alleged in the Complaint or any subsequent amended complaint filed prior to the Exclusion Bar Date, Alan Craig Kleinstein, Dominick Frank Terrone, Richard Peter Trifoglio Sr., Frederick Charles Ferriola, Peter Michael Venus, Lawrence Frasca Favuzza, and John Anthony Sakulich and any NYMEX floor brokers or NYMEX floor traders who refuse to execute the certification in the Proof of Claim attesting that they were not co-conspirators, or aiders or abettors of the Settling Defendants or Non-Settling Defendants, and  (ii) Opt Outs.

### II.       BACKGROUND INFORMATION

STATE OF _____ COUNTY OF _____

_____, being duly sworn, deposes and says:

1.      Please provide the following information:

Name of Person Requesting Exclusion:

| | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Individual _____   Corporation _____   Estate _____   Other (please specify) _____

Name of Person Executing Request for Exclusion:

Capacity of Person Executing Request for Exclusion:

Address Line 1

Address Line 2

City                                                                 State              Zip Code

Daytime Phone Number

Social Security Number                          OR        Tax Identification Number

E-mail Address:

Nature of Business:

## III. INFORMATION CONCERNING CERTAIN TRANSACTIONS

1.   If you purchased or sold a NYMEX platinum futures contract during the Class Period (*i.e.*, June 1, 2006 – April 29, 2010), then you must provide the information set forth in the Table I below for all such transactions.

| Table I—Purchase(s) and Sale(s) of NYMEX Platinum Futures Contracts During The Class Period | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Date of Transaction** | **Time of Execution of Transaction (if known)[1]** | **Contract Month** | **Number of Contracts In Transaction** | **Transaction Price** | **Purchase or Sale** | **Brokerage Firm and Account Number in Which Transaction Was Made** | **Hedging Transaction? (Yes or No)[2]** |
| /        / | | | | . | | | |
| /        / | | | | . | | | |
| /        / | | | | . | | | |

---

[1] To the extent known, please provide for purchase and sale transactions between November 19, 2007 and June 18, 2008, inclusive, whether the time of day of the execution for each transaction was in the instance of platinum futures contracts, at or prior to 1:05 p.m.

[2] Hedging Transactions are defined as any offsetting exposures held or acquired by you or any of your affiliates in the cash, spot, or physical platinum or palladium markets, or other off-exchange markets related to platinum or palladium, that operated as a hedge (in whole or in part) against your transaction(s) in Class Contracts listed in Table I or Table II.

2. In the below table, please identify any open positions (long or short) in NYMEX platinum futures contracts that you held as of the start of the Class Period on June 1, 2006. This determination shall be based on trade dates, not settlement dates.

| Open Positions in NYMEX Platinum Futures Contract Prior to June 1, 2006 (Identify Contract Month) | Short Position (Insert the number of contracts) | Long Position (Insert the number of contracts) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

3. If you purchased or sold a NYMEX palladium futures contract during the Class Period (*i.e.*, June 1, 2006 – April 29, 2010), then you must provide the information set forth in the Table II below for all such transactions.

| Table II—Purchase(s) and Sale(s) of NYMEX Palladium Futures Contracts During The Class Period | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date of Transaction | Time of Execution of Transaction[3] (if known) | Contract Month | Number of Contracts In Transaction | Transaction Price | Purchase or Sale | Brokerage Firm and Account Number in Which Transaction Was Made | Hedging Transaction? (Yes or No) |
| / / | | | | . | | | |
| / / | | | | . | | | |
| / / | | | | . | | | |

4. In the below table, please identify any open positions (long or short) in NYMEX palladium futures contracts that you held as of the start of the Class Period on June 1, 2006. This determination shall be based on trade dates, not settlement dates.

| Open Positions in NYMEX Palladium Futures Contract Prior to June 1, 2006 (Identify Contract Month) | Short Position (Insert the number of contracts) | Long Position (Insert the number of contracts) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

5. For any line in which you stated Hedging Transactions in Table I or Table II above, were all of the transactions in that line Hedging Transactions? YES ____ or NO ____. If your answer is NO, please list all of your Hedging Transactions in that line that were not Hedging Transactions.

_____

_____

---

[3] To the extent known, please provide for purchase and sale transactions between November 1, 2007 and June 18, 2008, inclusive, whether the time of day of the execution for each transaction was in the instance of palladium futures contracts, at or prior to 1:00 p.m.

6.   Were any of the transactions you listed in 6(a), 6(b) or 6(c) above conducted by you as a "Swap Dealer"? A Swap Dealer is any person who (i) holds itself out as a dealer in swaps (ii) makes a market in swaps, (iii) regularly enters into swaps with counterparties as an ordinary course of business for its own account, or (iv) engages in activity causing itself to be commonly known in the trade as a dealer or market maker in swaps. If your answer is YES, please list all of your transactions as a Swap Dealer in the space provided below.

_____

_____

7.   Please list all futures commission merchants ("FCMs") through which you maintained accounts wherein you traded NYMEX platinum futures contracts or NYMEX palladium futures contracts during the Class Period (*i.e.*, June 1, 2006 – April 29, 2010).

_____

_____

## IV.  CERTIFICATIONS

1.   I certify that I am a member of the Futures Class as defined in Section I above.

2.   I certify that I have read the Notice which explains my rights with respect to the Settlement.  After reading the Notice, I have decided to opt out of the Settlement.  By opting out of the Settlement, I understand that I will not be eligible to share in the Net Settlement Fund.  And I understand that by opting out I may independently pursue any claims I may have against the Settling Defendants at my own expense.

3.   I certify that I have taken reasonable efforts to locate all the information requested in Section III above.

4.   By signing below, I acknowledge that I am voluntarily excluding myself from the Settlement.

**I declare and affirm under penalties of perjury that the foregoing statements and the information provided herein are true, correct and complete.**

This Request for Exclusion was executed this _____ day of _____, 20_____ in _____, _____
                                                                               (City/Province)                  (State/Country)

_____

Signature of Class Member Requesting Exclusion

_____

Type or Print Name

_____

Capacity of Person Signing (*e.g.*, President, Trustee, Custodian, etc.)

If you are acting for an entity, please submit proof of your authority (*e.g.*, corporate resolution, trust agreement, etc.).

Sworn to before me this _____ day of _____, 20_____

_____

    Notary Public

# Exhibit B

**NOTICE OF CLASS ACTION SETTLEMENT**

**If You Purchased or Sold a NYMEX Platinum Futures Contract or NYMEX Palladium Futures Contract Between June 1, 2006 and April 29, 2010, Inclusive, Then Your Rights Will Be Affected and You May Be Entitled To A Benefit**

The purpose of this Notice is to inform you of a Settlement with defendants Moore Capital Management, LP; Moore Capital Management, LLC; Moore Capital Advisors, LLC; Moore Advisors, Ltd.; Moore Macro Fund, LP; Moore Global Fixed Income Master Fund, LP; Christopher Pia; Louis Bacon; Eugene Burger (together the "Moore Defendants"); and Joseph Welsh ("Welsh" and together with the Moore Defendants, the "Settling Defendants") in the class action *In re: Platinum and Palladium Commodities Litig.* (Platinum/Palladium Futures Action), 10-cv-3617 (WHP) (S.D.N.Y.) ("Futures Action"), pending in the U.S. District Court for the Southern District of New York. The Court has scheduled a public Fairness Hearing on November 7, 2014, 11:00 a.m. at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY, Courtroom 20B.

In order to resolve the claims against them, the Moore Defendants have agreed to pay $48,400,000 for the benefit of the Futures Class. Defendant Welsh has agreed to assign certain claims to the Futures Class. See the Settlement Agreement available at www.PlatinumPalladiumFuturesLitigation.com.

The Settling Defendants have consistently and vigorously denied the Futures Plaintiffs' claims. By entering into the Settlement Agreement with the Futures Plaintiffs, the Settling Defendants do not admit and instead continue to deny that they engaged in any unlawful conduct, and that any member of the Futures Class suffered compensable damages. The District Court previously dismissed the Futures Plaintiffs' claims without prejudice, additional motions to dismiss were filed and contemplated, and the Court has never rendered a final ruling on the factual or legal sufficiency of the Futures Plaintiffs' claims. Absent a settlement, the defendants would continue to vigorously oppose each and every aspect of the Futures Plaintiffs' claims and alleged damages.

Defendant MF Global, Inc. is not part of this Settlement. Also, there is a separate settlement involving certain transactions in physical platinum and physical palladium.

A copy of the Settlement Agreement, the formal Settlement Notice, Plan of Allocation, Proof of Claim and Request For Exclusion forms, and other important documents are available on the Settlement website at

www.PlatinumPalladiumFuturesLitigation.com

For additional information, you may also contact the Settlement Administrator, A.B. Data, Ltd., at 888-206-5360 or at the address below:

PLATINUM AND PALLADIUM LITIGATION SETTLEMENT—FUTURES ACTION
c/o A.B. DATA, LTD.
PO BOX 170500
MILWAUKEE, WI  53217-8091

info@PlatinumPalladiumFuturesLitigation.com

If you are a member of the Futures Class, you may seek to participate in the Settlement by submitting a Proof of Claim that is received by the Settlement Administrator on or before January 21, 2015. You may obtain a Proof of Claim on the Settlement website referenced above. If you are a member of the Futures Class but do not file a Proof of Claim, you will still be bound by the releases set forth in the Settlement Agreement if the Court enters an order approving the Settlement Agreement. All objections must be made in accordance with the instructions set forth in the formal Settlement Notice and must be filed with the Court and served on the Parties' counsel by October 15, 2014. All requests to be excluded from the Settlement must be made in accordance with the instructions set forth in the formal Settlement Notice, and must be received by the Settlement Administrator no later than October 3, 2014. You may obtain a Request for Exclusion form on the Settlement website referenced above.

# Exhibit C



In re: Platinum and Palladium Commodities Litigation (Platinum/Palladium Futures Action)

**Home**

Moore/Welsh Settlement

MF Global Settlement

Notice

Proof of Claim and Release

Court Documents

Institutional Electronic Filing - Broker/Nominee Electronic filing

Daily Artificiality Tables and Calculation Examples

Frequently Asked Questions

Contact Information

This official website is maintained by the Settlement Administrator retained and supervised by Lead Counsel for the Futures Class members in the action entitled, In re: Platinum and Palladium Commodities Litigation (Platinum/Palladium Futures Action), 10-cv- 3617 (WHP) (the "Action"), pending in the United States District Court for the Southern District of New York.

This website contains information regarding the settlements reached in the above mentioned Action between Futures Plaintiffs and (i) the Moore Defendants and Defendant Welsh, and (ii) Defendant MF Global, Inc. ("MFGI").

For more information regarding the **Moore/Welsh Settlement**, please click here.

For more information regarding the **MF Global, Inc. Settlement**, please click here.

**Please note:** Potential Futures Class members need only submit ONE Proof of Claim and Release form to participate in BOTH the Moore/Welsh Settlement and the MF Global, Inc. Settlement. However, SEPARATE objections or requests for exclusion must be filed for each settlement. Please review each settlement webpage for additional details.

**Important Updates:**

1. October 7, 2014: An updated Scheduling Order dated October 7, 2014 has updated the Important Dates and Deadlines section on the Moore Settlement page of this website.

2. November 14, 2014: The Court issued an Order dated November 14, 2014 that set certain deadlines and directed notice of the proposed settlement with MF Global be provided to the Futures Class. More information can be found on the MF Global Settlement page of this website.

You will need Adobe Reader to view documents on this site. You can learn more about Adobe Reader and download the latest version by clicking here.

Privacy Policy                                                                   Provided by A.B. Data, Ltd.

# Exhibit D

*In Re: Platinum and Palladium Commodities Litigation,* No. 10 Civ 3617 (WHIP)
**Futures Action - Exclusion Report**
**Moore / Welsh Settlement**

| Name | Exclusion ID # | Received Date | Timely | Transactions Included |
|---|---|---|---|---|
| 1. Susan J. Levy | 21456474 | Emailed 9/29/14 | Yes | Yes |
| 2. Seema Trehan | 21456476 | 10/3/2014 | Yes | No |
| 3. Nick A. Kephalos | 21456478 | 12/15/2014 | Yes | Yes |
| 4. Gregory Trent Farrell | 21456482 | 12/30/2014 | Yes | No |
| 5. Stefan Stedra | 21456483 | 1/8/2014 | Yes | Yes |