# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In Re: Platinum And Palladium Commodities Litigation*<br><br>This Document Relates To:<br><br>    Platinum/Palladium Physicals Action | MASTER FILE<br>No. 10 Civ. 3617 (WHP) |

<u>**Final Order And Judgment**</u>

This matter came for a duly-noticed fairness hearing on February 13, 2015 (the "Fairness Hearing"), upon the Physicals Plaintiffs' Motion for Final Approval of Settlement with James W. Giddens, as trustee (the "<u>Trustee</u>") for the liquidation of MF Global Inc. ("<u>MFGI</u>") under the Securities Investor Protection Act (the "<u>SIPA Proceeding</u>") in the above-captioned action (the "<u>Physicals Action</u>"), which was joined and consented to by the Trustee. Due and adequate notice of the Stipulation and Agreement of Settlement dated October 21, 2014 (the "<u>Settlement Agreement</u>"), notice having been given to the members of the Physicals Class, the Fairness Hearing having been held and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor, and a determination having been made expressly pursuant to Federal Rule of Civil Procedure 54(b) there is no justification for delay,

    **IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

    1.    This Final Order and Judgment hereby incorporates by reference the definitions in the Settlement Agreement and all terms used herein shall have the same meanings as set forth in the Settlement Agreement.

2.     The Court hereby finally certifies the Physicals Class, as defined in the Court's November 14, 2014 Order Scheduling Hearing to Consider the Fairness, Reasonableness, and Adequacy of the Physical Plaintiffs' Proposed Settlement with Defendant MF Global Inc. and Authorizing the Dissemination of Notice of Such Proposed Settlement to the Physical Class. Based on the record, the Court reconfirms that the applicable provisions of Federal Rule of Civil Procedure 23 have been satisfied.

3.     This Court has jurisdiction over the subject matter of the Physicals Action and over all Parties to the Physicals Action.

4.     The Court finds that due process and adequate notice have been provided pursuant to Rule 23 of the Federal Rules of Civil Procedure to all members of the Physicals Class, notifying the Physicals Class of, among other things, the pendency of the Physicals Action and the proposed Settlement.

5.     The notice provided was the best notice practicable under the circumstances and included individual notice to those members of the Physicals Class who were able to be identified through reasonable efforts. The Court finds that notice was also given by publication and through a settlement website, as set forth in the Declaration of Eric J. Miller dated January 13, 2015. Such notice fully complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process of law, and other applicable law. Based upon the Trustee's submission to the Court dated January 14, 2015, the Court further finds that the Trustee has complied with the obligations imposed on them under the Class Action Fairness Act of 2005, Pub. L. 109-2, Feb. 18, 2005, 119 Stat. 4.

6.     Pursuant to and in compliance with Federal Rules of Civil Procedure 23, the Court hereby finds that due and adequate notice of these proceedings was directed to all

Physicals Class members of their right to object to the Settlement, the Plan of Allocation, Physicals Lead Counsel's application for attorneys' fees and reimbursement of expenses associated with the Physicals Action. A full and fair opportunity was accorded to all members of the Physicals Class to be heard with respect to the foregoing matters.

7.      The Court finds that the members of the Physicals Class identified on the schedule attached hereto as Exhibit A, if any, and no others, have validly requested to be excluded from the Physicals Class. Accordingly the Persons listed on Exhibit A, if any, are not included in the Physicals Class nor bound by this Final Order and Judgment.

8.      It is hereby determined all members of the Physicals Class whose names are not on Exhibit A hereto are bound by this Final Order and Judgment.

9.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement, as set forth in the Settlement Agreement, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Physicals Class, including the Physicals Plaintiffs. This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's length negotiations between experienced counsel representing the interests of the Parties. Accordingly, the Settlement embodied in the Settlement Agreement and this Final Order and Judgment is hereby approved in all respects. The Parties are hereby directed to carry out the Settlement Agreement and this Final Order and Judgment in accordance with all of its terms and provisions, including the termination provisions. In the event of any conflict or inconsistency between the Settlement Agreement and this Final Order and Judgment, the Final Order and Judgment shall govern.

10.      The Settlement Fund has been established as a trust and as a Settlement Fiduciary Account. The Court further approves the establishment of the Settlement Fiduciary Account

under the Settlement Agreement as a qualified settlement fund pursuant to Internal Revenue Code Section 4688 and the Treasury Regulations promulgated thereunder.

12.     The Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement and the Settlement contemplated thereby and the enforcement of this Final Order and Judgment. The Court also retains exclusive jurisdiction to resolve any disputes that may arise with respect to the Settlement Agreement, the Settlement, or the Settlement Fund, to consider or approve administration costs and fees, and to consider or approve the amounts of distributions to members of the Physicals Class. In addition, without affecting the finality of this judgment, the Parties and the Physicals Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York for any suit, action, proceeding or dispute arising out of or relating to this Final Order and Judgment or the Settlement Agreement (unless otherwise indicated in the Settlement Agreement).

13.     The Court hereby approves the Releasing Parties' releases of claims and the Released Parties' releases of claims as set forth in Section 7(a)-(g) of the Settlement Agreement.

14.     Each Physicals Class member must execute a release and covenant not to sue in conformity with Section 7(c) of the Settlement Agreement in order to receive his/her/its pro rata share of the Net Settlement Fund. The Settlement Administrator shall ensure that each claim form provided to Physicals Class members contains a copy of the release and covenant not to sue set forth in Section 7(c) of the Settlement Agreement, which must be signed by the member of the Physicals Class or its authorized representative as a precondition to receiving any portion of the Net Settlement Fund. Each Physicals Class member's claims shall be released pursuant to

Section 7 of the Settlement Agreement, regardless of whether he/she/it executes a release and covenant not to sue pursuant to this paragraph 14.

15.     The Settlement Agreement, including but not limited to its exhibits, and any and all negotiations, documents and discussions associated with it, is not and shall not be deemed or construed to be an admission, adjudication or evidence of any violation of any statute or law or of any liability or wrongdoing by MFGI or any Released Party, or of the truth of any of the claims or allegations alleged in the Physicals Action or the incurrence of any damage, loss or injury by any Person. In the event that the Settlement does not become final or is terminated in accordance with the terms of the Settlement, then the Settlement Agreement, including its exhibits, and any and all negotiations, documents and discussions associated with it and the releases set forth therein, shall be without prejudice to the rights of any Party and shall be of no force or effect and shall not be offered or received in evidence in any proceeding. Further, the Settlement Agreement is not and shall not be deemed or construed to be an admission, adjudication or evidence of any lack of merit of any of the claims asserted in the Physicals Action. The Settlement Agreement, including its exhibits, and any and all negotiations, documents and discussions associated with it, (a) shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by the Settling Defendant or any Released Party, or of the truth of any of the claims or allegations, or the incurrence of any damage, loss or injury by any Person, or of any lack of merit of any of the claims asserted in the Physicals Action, and (b) shall not be discoverable or used directly or indirectly, in any way, whether in the Physicals Action or in any other action or proceeding of any nature, whether by the Physicals Class or Opt Outs (or any plaintiff alleging the same or similar facts and claims or any action brought by a regulator), except if warranted by existing

5

law in connection with a dispute under this Settlement Agreement or an action in which this Settlement Agreement is asserted as a defense. The Trustee and Physicals Plaintiffs expressly reserve all of their rights if the Settlement does not become final in accordance with the terms of this Settlement Agreement.

17.    The Court finds that, during the course of the Physicals Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

18.    Any data or other information provided by Physicals Class members in connection with the submission of claims will be held in strict confidence, available only to the Settlement Administrator, Physicals Lead Counsel, experts or consultants acting on behalf of the Physicals Class, the Trustee, MFGI, and experts or consultants acting on behalf of the Trustee. In no event will a Physicals Class member's data or information be made publicly available, except as provided for herein or upon Court Order for good cause shown.

19.    The proposed Plan of Allocation is approved as fair, reasonable and adequate.

20.    All claims in the Physicals Action as to MFGI are hereby dismissed with prejudice and without costs.

21.    Notwithstanding the provisions of any other paragraph of this Final Order and Judgment, if the Settlement Agreement is validly terminated by the Settling Defendant, then, by automatic operation of this paragraph, this Final Order and Judgment shall be null and void except for the provisions in this paragraph, the Physicals Plaintiffs' claims shall be reinstated such that the Parties are returned to their respective positions before the Settlement Agreement was signed; and the Parties shall be returned to their respective positions before the Settlement Agreement was signed. Any termination of the Settlement Agreement shall be dependent upon

the realization of the condition subsequent that Physicals Plaintiffs' claims (including, without limitation, the Physicals Plaintiffs' proof of claim (Claim No. 500000344) in the SIPA Proceeding) shall not be dismissed or if they have been dismissed that the Physicals Plaintiffs' claims are reinstated such that the Parties are returned to their respective positions before the Settlement Agreement was signed. If the Physicals Plaintiffs' claims (including, without limitation, the Physicals Plaintiffs' proof of claim (Claim no. 500000344) in the SIPA Proceeding) are dismissed and not reinstated such that the Parties are returned to their respective positions before the Settlement Agreement was signed, then the Settling Defendant's termination of the Settlement Agreement shall be null and void.

22.     Notwithstanding anything to the contrary in the Settlement, including but not limited to Exhibit C to the Settlement Agreement, the definitions of "Escrow Accounts" and "Settlement Fund," and sections 3(c), 4, 5, and 6, within 3 business days of the later of the Effective Date of the Settlement, or the receipt into the Court Registry of the $200,000 payment pursuant to the Welsh Physicals Assignment Agreement, the Physicals Plaintiffs shall pay $10,000.00 from such $200,000 payment to Moore Capital Management, L.P., and $190,000 from such payment to the CRIS account previously established in connection with the Physicals Class' separate settlement with the Non-Settling Defendants (the "First CRIS Account"). The Clerk of the Court is hereby directed to distribute said funds accordingly. To the extent MFGH fails to make any part of the $200,000 payment pursuant to the Welsh Physicals Assignment Agreement but the Effective Date as defined in Paragraph 13(a) of the Settlement nonetheless occurs, the Physicals Class shall pursue their rights under such Agreement and otherwise against MFGH. To the fullest extent that the Physicals Plaintiffs obtain all or part of such $200,000 payment, then the monies therefrom shall be paid promptly after deposit into the CRIS Account

as follows: the first $10,000 to Moore Capital Management L.P., and the remainder up to the full $190,000 to the First CRIS Account.

23.     Physicals Lead Counsel or Settlement Administrator shall file, no later than ____ [**approximately fourteen months from the Effective Date of this Final Order**], a report on progress in the distribution to members of the Physicals Class of the Net Settlement Fund. Prior order of the Court shall be required before any such distribution.

24.     The Court has reviewed Physicals Lead Counsel's petition for an award of attorneys' fees and reimbursement of expenses. The Court determines that an attorneys' fee of ____% of the Settlement Fund or is fair, reasonable, and adequate and that Class Counsel should be paid $_____ as reimbursement for their expenses.

25.     If any deadline imposed herein falls on a non-business day, then the deadline is extended until the next business day.

26.     There is no just reason for delay in the entry of this Final Order and Judgment, which is both final and appealable, and immediate entry by the Clerk of the Court is expressly directed pursuant to Federal Rule of Civil Procedure 54(b).

**IT IS SO ORDERED.**

Signed this ___ day of _____ 2015 at the Courthouse for the United States District Court for the Southern District of New York.

_____

The Honorable William H. Pauley, III
United States District Court Judge