# EXHIBIT C

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In Re: Platinum And Palladium Commodities Litigation*<br><br>This Document Relates To:<br><br>Platinum/Palladium Physical Action | Master File No. No. 10 Civ. 3617 (WHP) |

### Declaration Of Eric J. Miller On Behalf Of Settlement Administrator A.B. Data, Ltd. Regarding Notice And Claims Administration

I, Eric J. Miller, declare as follows:

1.      I am the Vice President of Client Services of A.B. Data, Ltd.'s Class Action Administration Division ("A.B. Data"). I am over 21 years of age and am not a party to this Action. My business address is 3507 Kyoto Gardens Drive, Suite 200, Palm Beach Gardens, Florida, 33410, and my telephone number is (561) 336-1801. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.      I submit this Declaration to provide the Court and the parties to the above-captioned class action litigation (the "Action") with information about the mailing of the Notice of Proposed Class Action Settlement, November 7, 2014 Hearing Thereon, and Class Members' Rights (the "Class Notice"), and Proof of Claim and Release (the "Claim Form") (collectively, the "Notice Packet"), the publication of notice, the establishment and maintenance of a website, and other administrative activities.

3.     Pursuant to Paragraph 21 of the Order Preliminarily Approving Proposed Settlement, Scheduling Hearing for Final Approval Thereof, and Approving the Proposed Form and Program of Notice to the Class, entered July 15, 2014 (the "Preliminary Approval Order"), the Court approved A.B. Data to serve as Settlement Administrator to supervise and administer the notice procedure in connection with the proposed Settlement. This Declaration reports the implementation of the notice program, which consisted of the following:

A.     disseminating copies of the Class Notice to i) MONEX Credit Company of Newport Beach, California, APMEX, Inc. of Oklahoma City, Oklahoma, Dillon Gage, Inc. of Addison, Texas, Kitco Metals, Inc. of Rouses Point, New York, and United States Mint, and ii) any additional reasonably identifiable members of the Physical Class;

B.     publishing and releasing the publication notice as follows: i) for two consecutive months in *Stock and Commodities Magazine*; ii) on the *Stock and Commodities Magazine* website for one month; iii) for two consecutive months in *Futures Magazine*; iv) on the *Futures Magazine* website for one month; for two consecutive months in *Futures & Options World Magazine*; v) for four consecutive Monday editions of *Investor's Business Daily*; vi) for one month on the *Investors Business Daily* website; vii) for two consecutive weeks in *Barron's Magazine*; viii) in two editions of *The Wall Street Journal*; and iv) for one month on the *Kitco.com* website.

C.     establishing a case-specific website, which made available free copies of the Class Notice and Proof of Claim and Release forms in downloadable form, as well as other case-related documents, at www.PlatinumPalladiumPhysicalLitigation.com.

**Notice Effectuation**

4.     On or about July 16, 2014, A.B. Data prepared a mailing database including i) MONEX Credit Company of Newport Beach, California; ii) APMEX, Inc. of Oklahoma City, Oklahoma; iii) Dillon Gage, Inc. of Addison, Texas; iv) Kitco Metals, Inc. of Rouses Point, New York; and v) the United States Mint (the "Initial Mailing List").

5.      Pursuant to Paragraph 7 of the Preliminary Approval Order, the mailing was to commence by July 22, 2014. Beginning July 22, 2014, A.B. Data caused five Notice Packets to be delivered to the USPS to be mailed via first-class mail, postage prepaid, to the entities on the Initial Mailing List. A true and accurate copy of which is attached hereto as **Exhibit A**.

### Publication

6.      In accordance with Paragraph 8 of the Preliminary Approval Order, A.B. Data has caused publication of the notice in *Stock and Commodities Magazine* for two consecutive months (September and October, 2014), on the *Stock and Commodities Magazine* website for one month (August 13 through September 11, 2014), in *Futures Magazine* for two consecutive months (September and October, 2014), on the *Futures Magazine* website for one month (August 13 through September 11, 2014), in *Investor's Business Daily* for four consecutive Mondays (August 4, 11, 18, and 25, 2014), for one month on the *Investor's Business Daily* website (August 15 through September 13, 2014), for two consecutive weeks in *Barron's Magazine*, in two editions of the *Wall Street Journal* (August 4 and 18, 2014), and for one month on the *Kitco.com* website (August 11 through September 11, 2014). A copy of the Publication Notice is attached hereto as **Exhibit B**.

7.      The Preliminary Approval Order also ordered the notice be published in two consecutive months of *Futures & Options World* and for one month on the *Futures & Options World* website. Insertion orders were issued for *Futures & Options World* to place this notice in the August/September 2014 issue and the October/November 2014 issue, and to run on the website for the month of August 2014. As part of A.B. Data's standard process, each issue was reviewed to verify the placement of the notice. Upon receiving a copy of the October/November 2014 issue of *Futures & Options World* magazine, A.B. Data identified the purchased notice was

not included. The publisher was promptly contacted and it was discovered the publisher inadvertently did not include the purchased notice advertisement.

8.      A.B. Data was also informed *Futures & Options World* is converting to a quarterly publication, therefore the earliest a replacement ad could run would be March 2015. As an alternative, the notice was published for one month in *Futures & Options World's* weekly e-newsletter distributed to approximately 6,0000 recipients. In addition, *Futures & Options World* published notice for an additional month, through December 2014, on its website.

**Website**

9.      In accordance with Paragraph 9 of the Preliminary Approval Order, on or about July 25, 2014, A.B. Data established the case-specific website, www.PlatinumPalladiumPhysicalLitigation.com, for the above-captioned case.  The website lists the exclusion, objection and claim filing deadlines, the date and time of the Fairness Hearing, general information regarding the case and its current status, and provides answers to frequently asked questions including example computations. Separate webpages were developed for the Moore/Welsh Settlement and the MF Global, Inc. Settlement to clearly distinguish the two settlements. Users of the website can freely view and download copies of the Class Notice, Proof of Claim and Release, and copies of other court documents, including the Court's orders and all settlement materials filed in support of Final Approval of both Settlements. A true and accurate copy of the web homepage is attached as **Exhibit C**.

10.      Additionally, the website includes an email address, info@PlatinumPalladiumPhysicalLitigation.com, for claimants to contact A.B. Data with questions or for any additional information.

11.      As of the date of this Declaration, the website has been visited 5,063 times.

### Telephone Hotline Communications

12.     On or about July 25, 2014, a case-specific toll-free number, (800) 918-9014, was established with an Interactive Voice Response system and live operators. Callers to the toll-free number are presented with a series of choices in response to basic questions. If callers need further help, they have the option to be transferred to a live operator during business hours.

### Supplemental Notice

13.     In consultation with Physical Class Counsel, A.B. Data performed the following additional steps to notify members of the Class including: i) a pay-for-click campaign on the largest search engines, including Google and Bing, was implemented to increase the ranking of the Settlement Website when keywords related to this Settlement are searched by users; ii) on September 12, 2014, A.B. Data caused a national press release to be issued over *PR Newswire*; and iii) beginning September 15, 2014, advertised notice was placed on Facebook.

14.     In addition, *Futures Magazine* and *Kitco* were both contacted requesting assistance with providing additional notice to their customers, as a result an email notice was sent to individuals whom subscribe to or have provided each entity with their email address. The email was sent on September 23, 2014 and September 25, 2014, respectively. Further, MONEX was contacted on multiple occasions, who thereafter agreed to and did mail to their Class Period platinum and palladium customers copies of the long-form notice and claim forms.

### Revised Scheduling Order

15.     On October 7, 2014, a Revised Scheduling Order ("Revised Order") was entered adjourning the date of the Fairness Hearing until February 13, 2015 and extending the deadlines to request exclusion, object to the settlement and file a claim.

16.    A.B. Data subsequently made applicable updates to the settlement website and notice documents thereon to reflect the new deadlines pursuant to the Revised Order.

## Report On Exclusions

17.    Pursuant to Paragraph 2 of the Revised Order and Section III (C) of the Notice, those members of the Physical Class requesting exclusion were to provide the following information: i) the date of each purchase, sale or other disposition of Platinum and/or Palladium Bullion during the Class Period; ii) at what price(s) such Platinum and/or Palladium was acquired and/or sold; iii) the names of any and all broker(s) used; and, iv) a statement and description of whether Platinum and/or Palladium Bullion was acquired as a hedge to exposures that relate to platinum or palladium during the Class Period, including but not limited to platinum and/or palladium futures contracts, swap contracts, and forward contracts; and v) whether such Physical Class member was a swaps-dealer.

18.    As of the date of this Declaration, A.B. Data has not received any requests for exclusion.

## Report On Objections

19.    Pursuant to Paragraph 4 of the Revised Order and Section III (B) of the Notice, those members of the Physical Class who wish to object to any aspect of the Settlement, application for attorneys' fee and expenses, or the Final Judgment were to file such objection with the Court and serve on the Physical's Lead Counsel and all counsel of record for the Settling Defendants no later than January 21, 2015.

20.    As of the date of this Declaration, A.B. Data has not received any objections to the Settlement and knows of no other objections sent to Physical Lead Counsel and/or counsel for the Settling Defendants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 13th day of January 2015.

Eric J. Miller

# Exhibit A

**IMPORTANT LEGAL NOTICE TO ALL CLASS MEMBERS**
**FORWARD TO CORPORATE HEADQUARTERS / LEGAL COUNSEL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In Re: Platinum And Palladium Commodities Litigation*<br><br>This Document Relates To:<br><br>    Platinum/Palladium Physical Action | Master File<br>No. 10 Civ. 3617 (WHP) |

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT,
### NOVEMBER 7, 2014 HEARING AT 11:00 A.M. THEREON, AND CLASS MEMBERS' RIGHTS

TO:   ALL PERSONS AND/OR ENTITIES WHO PURCHASED, INVESTED IN, OR OTHERWISE ACQUIRED AN INTEREST IN PLATINUM OR PALLADIUM METAL OR BULLION IN THE UNITED STATES PHYSICAL OR "SPOT" MARKET CONFORMING TO NYMEX "GOOD DELIVERY" REQUIREMENTS, OR PURCHASED PLATINUM OR PALLADIUM BULLION OF AT LEAST 99.95% PURITY, DURING THE PERIOD OF JUNE 1, 2006 THROUGH APRIL 29, 2010 (THE "CLASS PERIOD").

**PLEASE READ THIS ENTIRE NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY THE ABOVE-CAPTIONED CLASS ACTION LAWSUIT PENDING IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK. THIS NOTICE ADVISES YOU OF YOUR OPTIONS CONCERNING THE CLASS ACTION SETTLEMENT, INCLUDING WHAT YOU MUST DO IF YOU WISH TO SHARE IN THE NET SETTLEMENT FUND.**

**If you are an entity through whom persons and/or entities purchased, invested in, or otherwise acquired an interest in platinum and/or palladium in the United States physical or "spot" market conforming to New York Mercantile Exchange ("NYMEX") "good delivery" requirements and/or of at least 99.95% purity ("Platinum and/or Palladium Bullion"), during the period of June 1, 2006 through April 29, 2010 (i.e. the Class Period), you should provide the name and last known address for such customers to the Settlement Administrator at the address listed below within two weeks of receiving this Notice. The Settlement Administrator will cause copies of this Notice to be forwarded to each customer identified at the address so designated.**

The purpose of this Notice is to inform you of your rights in connection with a proposed Settlement of the above-captioned class action ("Physical Action") against, *inter alia*, defendants Moore Capital Management, LP; Moore Capital Management, LLC; Moore Capital Advisors, LLC; Moore Advisors, Ltd.; Moore Macro Fund, LP; Moore Global Fixed Income Master Fund, LP; Christopher Pia; Louis Bacon; Eugene Burger (together the "Moore Defendants"); and Joseph Welsh ("Welsh" and together with the Moore Defendants, the "Settling Defendants"). In the Physical Action, Plaintiffs allege the Settling Defendants, non-settling defendant MF Global, Inc., and other persons engaged in unlawful and actionable conduct in the NYMEX platinum and palladium futures market, which allegedly created an artificial impact on the "spot" price of platinum and palladium. More specifically, between at least October 17, 2007 and June 6, 2008, certain of such persons conspired, combined and agreed to upwardly manipulate the "spot" prices of NYMEX physical platinum and palladium in violation of the Sherman Antitrust Act, 15 U.S.C. §§ 1 *et seq.*, the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 *et seq.*, and New York common law. The Physical Plaintiffs[1] also allege that defendant Welsh negligently breached duties owed the Physical Plaintiffs and Physical Class and is liable for negligence. This Settlement covers the period from June 1, 2006 until April 29, 2010.

Defendant MF Global, Inc. is not part of this Settlement. Also, there is a separate settlement involving certain transactions in the NYMEX platinum and palladium futures market.

This Notice of the proposed partial settlement of the Physical Action is being given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court").

To resolve the claims against them, and in exchange for releases and other terms and conditions embodied in the Settlement, the Moore Defendants have agreed to pay the Physical Class $9,325,000. Additionally, as further payment to settle the claims against the Moore Defendants and defendant Welsh, the Moore Defendants have agreed to pay an additional $30,000 provided that they receive the first $10,000 back from any proceeds that the Physical Class recovers on the judgment described below. The Moore Defendants' payment of $9,355,000, plus interest thereon, and any recoveries or settlements made as a result of the judgment described below, constitute the Settlement Fund of which notice is being given hereunder.

Physical Lead Counsel has determined that defendant Welsh lacks the financial ability to satisfy any significant judgment that the Physical Plaintiffs might obtain by continuing to prosecute the claims against him. As such, Physical Lead Counsel has agreed to accept the assignment and judgment from defendant Welsh described next. In order to resolve the claims against him, defendant Welsh has

---

[1]  Unless otherwise stated, capitalized terms used herein shall have the same meaning as set forth in the Stipulation and Agreement of Settlement in the Physical Action dated March 21, 2014. The terms and conditions of this notice are qualified by the Settlement Agreement.

agreed to a judgment in the amount of $10,000,000 for the benefit of the Physical Class, which the Physical Class will seek to collect solely from Welsh's assets consisting of his rights in respect of certain insurers ("Relevant Insurers"). The Relevant Insurers have denied insurance coverage to defendant Welsh for multiple reasons. They may assert additional defenses in the future either to the coverage of defendant Welsh or to other matters, including defenses to the judgment. Physical Lead Counsel disputes the Relevant Insurers denials of coverage and additional defenses to coverage. Any one of these multiple asserted reasons for the denial of the coverage or multiple defenses could, by itself, prevent any recovery whatsoever by the Physical Class on their claims against the Relevant Insurers based upon such judgment. For any of these or other reasons, such judgment may not produce any value whatsoever for the Physical Class.

In the foregoing context, Physical Lead Counsel will seek to collect on or, in Physical Lead Counsel's judgment, settle the Physical Class' claims arising from such judgment. If any such settlement or collection is successfully made in the amount in excess of $10,000, then such settlements or recoveries will add to the Settlement Fund to be paid to Claiming Physical Class Members. But there is no assurance that any such settlements or recoveries will be made and, on the contrary, there are multiple defenses and arguments that must be overcome in order to obtain any such recoveries. *See* Physical Plaintiffs' Brief in Support of Preliminary Approval at 13, 23 available at www.PlatinumPalladiumPhysicalLitigation.com.

**Right to Submit a Proof of Claim**. Physical Class members may be entitled to share in the Net Settlement Fund if they submit a valid and timely Proof of Claim that is received by the Settlement Administrator no later than , 2014. *See* "Allowed Claims" and "Plan of Allocation," below. The Proof of Claim form is attached. By remaining in this Action, you may not separately bring or file the claims asserted herein, including the negligence claim against defendant Welsh. If you are a member of the Physical Class but do not file a Proof of Claim, you will still be bound by the foregoing and the releases set forth in the Settlement Agreement if the Court enters an order approving the Settlement Agreement. *See* II.H., below.

**Fairness Hearing and Right to Object**. The Court has scheduled a public Fairness Hearing on November 7, 2014 at 11:00 a.m. The Fairness Hearing's purpose is to determine, among other things, whether the proposed Settlement, the Plan of Allocation and the application by Lead Counsel for Class Counsel attorneys' fees and reimbursement of Class Counsel's expenses are fair, reasonable, and adequate. If you remain in the Class, you may object to any aspect of the Settlement, the Plan of Allocation, Class Counsel's request for attorneys' fees and expenses or any other matters. *See* Section III, below. All objections must be made in accordance with the instructions set forth below and must be filed with the Court and served on counsel for the Parties by October 15, 2014, or they will not be considered. *See* Section III.B., below.

**Right to Exclude Yourself From the Settlement**. You will be excluded from the Settlement and the Physical Class if you make a written request for exclusion and provide adequate supporting documentation in substantial conformity with the procedures established by the Court that is received by the Settlement Administrator (A.B. Data, Ltd.) at the address set forth in VII below on or before October 3, 2014. *See* III.C., below. If you are excluded from the Settlement you will not be entitled to object to any aspect of the Settlement or share in the Net Settlement Fund or otherwise participate in the Settlement. A Request for Exclusion form is attached hereto.

## I.    BACKGROUND OF THE LITIGATION

### A.    Nature of this action

Plaintiffs allege the Settling Defendants, non-settling defendant MF Global, Inc., and other persons engaged in a manipulative scheme to cause, and did cause, artificially high prices of platinum futures contracts and palladium futures contracts traded on the New York Mercantile Exchange ("NYMEX"). Plaintiffs allege defendants manipulated the closing price of NYMEX platinum and palladium futures by engaging in "market on close" trades during the last two minutes of the day's trading. The closing prices for platinum and palladium futures are the volume-weighted average of prices for the last two minutes of the day's trading. Plaintiffs allege the defendants took advantage of this and the fact the market is lightly traded by making numerous, large purchases during this two-minute window, resulting in an artificially inflated closing price of platinum and palladium futures. Plaintiffs allege that because the physical "spot" price is based on trading in the futures market, defendants' conduct impacted the physical platinum and palladium markets and artificially inflated the prices of physical platinum and palladium. Plaintiffs allege this artificiality caused them and others similarly situated to pay artificially high prices to purchase or otherwise invest in physical platinum and palladium conforming to NYMEX delivery requirements and platinum or palladium bullion of at least 99.95% purity during the Class Period.

Defendants have consistently and vigorously denied Plaintiffs' claims. This denial includes, among other things, arguing that their "market on close" (MOC) trades during the last two-minutes of trading were at market prices and were proper, the MOC trades were not intended to artificially raise the settlement prices of platinum and palladium futures, the MOC trades did not in fact artificially raise the settlement prices of platinum and palladium futures, and the MOC trades had no effect whatsoever on the prices of physical platinum and palladium.

Absent a settlement, the Settling Defendants would continue to vigorously oppose each and every aspect of the Physical Plaintiffs' claims and alleged damages. *See* Section I.B. below. Except as to the extent provided for in the Settlement Agreement and the Final Judgment with respect to defendant Welsh only, (i) the Settling Defendants have consistently and vigorously denied the Physical Plaintiffs' claims; and (ii) by entering into the Settlement Agreement with the Physical Plaintiffs, the Settling Defendants do not admit and instead continue to deny that they engaged in any unlawful conduct, and that any member of the Physical Class suffered compensable damages. The District Court previously dismissed the Physical Plaintiffs' claims without prejudice, additional motions to dismiss were filed and contemplated, and the Court (thus far) has never rendered a final ruling on whether the Physical Plaintiffs have alleged valid claims nor has the Court (thus far) considered all the other matters that the Physical Plaintiffs would have to establish in order to prove those claims at trial on behalf of any class and establish damages. Certain of the Settling Defendants' additional defenses are summarized in Defendants' Motion to Dismiss Plaintiffs' Third Amended Consolidated Class Action Complaint, which has been fully briefed but has not been ruled on.

**B.   Procedural History of the Action**

On June 14, 2010, the Physical Plaintiffs filed an initial 17-page, class action complaint against defendants Moore Capital Management, LP, Moore Capital Advisors, LLC, Moore Advisors, Ltd. and Christopher Pia in the United States District Court for the Southern District of New York. The Physical Plaintiffs asserted claims for violations of Section 1 of the Sherman Antitrust Act. *See F.W. DeVito Inc. Retirement Plan Trust v. Moore Capital Management, L.P. et al.*, 1:10-cv-04630-WHP. A complaint on behalf of the Futures Plaintiffs against defendants Moore Capital Management, LP, Moore Capital Advisors, LLC, Moore Advisors, Ltd. and Christopher Pia alleging violations of the Commodities Enforcement Act was filed on April 30, 2010 in the United States District Court for the Southern District of New York.

Shortly thereafter, the Physical Plaintiffs' action was consolidated with the Futures Plaintiffs' action and the consolidated cases became titled *In re: Platinum and Palladium Commodities Litigation* (1:10-cv-03617-WHP). Doyle Lowther LLP was appointed interim lead counsel for the Physical Plaintiffs' putative subclass in the action. The Physical Plaintiffs and the Futures Plaintiffs filed a Consolidated Class Action Complaint on August 4, 2010. Docket No. 22.[2]

On August 10, 2010, the Physical Plaintiffs filed their 62-page, First Amended Class Action Complaint. Docket No. 25.

On September 30, 2010, the Futures and Physical Plaintiffs filed a Consolidated Class Action Complaint against Moore Capital Management, LP, Moore Capital Management, LLC, Moore Capital Advisors, LLC, Moore Advisors, Ltd., Moore Macro Fund, LP, Moore Global Fixed Income Master Fund, LP, Christopher Pia, and MF Global, Inc. Docket No. 50. In the 77-page complaint, the Physical Plaintiffs alleged the defendants violated Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 and Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1961.

On November 5, 2010, defendants filed a Motion to Dismiss the Physical Plaintiffs' RICO and Antitrust claims asserting the claims were not adequately pled. Docket No. 55. After the defendants' motion to dismiss was fully briefed by both sides, the District Court heard oral arguments. The Court granted the defendants' motion(s) to dismiss but granted the Physical Plaintiffs leave to amend. The Court also ordered the defendants to produce all documents previously produced to the Commodity Futures Trading Commission ("CFTC").

On September 13, 2011, the Court granted in part and denied in part, without prejudice, the Defendants' Motion to Strike and Dismiss the Second Amended Consolidated Class Action Complaint. Docket No. 70. However, the Court granted the Physical Plaintiffs leave to re-plead their allegations. *Id.*

On November 8, 2011, defendant MF Global, Inc. filed a suggestion of bankruptcy. Docket No. 75.

On November 21, 2011, the Physical Plaintiffs filed their Third Amended Consolidated Class Action Complaint. Docket No. 80. This 161-page complaint alleged the same Antitrust and RICO claims against Moore Capital Management, LP, Moore Capital Management, LLC, Moore Capital Advisors, LLC, Moore Advisors, Ltd., Moore Macro Fund, LP, Moore Global Fixed Income Master Fund, LP, Christopher Pia, MF Global, Inc., Eugene Burger and Joseph Welsh (a former MF Global vice-president).

On January 20, 2012, the defendants filed a consolidated Motion to Dismiss seeking to dismiss all of the Physical Plaintiffs' claims against all defendants. Docket No. 98. On February 28, 2012 the Physical Plaintiffs filed an Opposition to Defendants' Motion to Dismiss [Docket No. 109] and defendants' filed their Reply brief on or about March 20, 2012. Docket No. 113. Before oral arguments were held on the defendants' motion to dismiss, the parties requested a stay from the Court to allow the parties to explore settlement.

On January 14, 2013, the Physical Plaintiffs requested leave from the Court to file a Fourth Amended Complaint. Docket No. 126. This 256-page complaint included new factual allegations and additional common law claims of fraud, aiding and abetting fraud and conspiracy to commit fraud. The Court allowed the Physical Plaintiffs to file the Fourth Amended Complaint but stayed the time for defendants to respond to allow the parties to further discuss settlement.

On July 23, 2013, the Physical Plaintiffs filed their Fifth Amended Consolidated Class Action Complaint which added a negligence claim against defendant Welsh. Docket No. 132.

On March 23, 2014, the Futures Plaintiffs' were granted leave to file their Sixth Amended Consolidated Class Action Complaint which added Plaintiffs Harry Ploss and the Stuart Sugarman Trust as plaintiffs.

On March 21, 2014, after sixteen months of extensive, arms-length settlement negotiations, which included two days of mediation before a retired Judge experienced in complex class action litigation, the Physical Plaintiffs and the Settling Defendants entered into the Settlement Agreement.

At the time the Settlement was reached, the Settling Defendants had significant defenses which created the real risk that the Physical Plaintiffs would not establish liability and, even if they did, would not establish an entitlement to the damages they sought. The Physical Plaintiffs acknowledge if these risks materialized, their impact would have been substantial, and likely dispositive, including the risk of no recovery whatsoever on their claims.

Even if the Physical Plaintiffs survived the Settling Defendants' anticipated Motion to Dismiss the Fifth operative Consolidated Amended Complaint, the Physical Plaintiffs would have faced further risks as the litigation progressed. These include class certification, summary judgment, *Daubert* challenges, trial, and to the extent successful at trial, post-trial motions and then appeal. Physical Plaintiffs would have faced significant obstacles at these levels of litigation due in large part to the "over-the-counter" nature of physical platinum and palladium transactions. Unlike the futures transactions, where all transactions are carried out through NYMEX, the platinum and palladium physical market is an over-the-counter, or OTC market, where transactions take place at dozens, if not hundreds, of locations throughout the United States.

---

[2]   Hereinafter all references to "Docket No." are references to the consolidated cases titled *In re: Platinum and Palladium Commodities Litig.*, 1:10-cv-03617-WHP.

The Physical Plaintiffs also faced potential hurdles not present in the Futures Class Litigation.  The Futures Plaintiffs' claims for violations of the Commodities Exchange Act, 7 U.S.C. §§1, *et seq.*, (CEA), were unavailable to the Physical Plaintiffs. The CEA only applies to commodities futures, and does not extend to physical commodity purchases. Therefore, the Physical Plaintiffs' claims are not specific to commodities and instead were brought under the Sherman Antitrust Act, the RICO Act and New York common law. Thus, the Physical Plaintiffs faced a significantly higher risk of a successful dispositive motion by the Settling Defendants than the Futures Plaintiffs. Additionally, the Physical Plaintiffs' faced causation problems not present in the Futures Action.  Because the alleged manipulation occurred in the futures market, the Physical Plaintiffs would be required to show not only that these trades artificially inflated the futures closing prices, but that any effect of these trades carried through into the physical market and adversely impacted the physical price.

Plaintiffs and Lead Counsel would have sought to overcome all the risks of continued litigation, including the risks detailed above. In Physical Lead Counsel's judgment, however, the amount to be paid to Claiming Physical Class Members from the Settlement Fund represents fair and adequate consideration for claiming Class Members. The Settling Defendants presented expert analysis tending to show that any alleged damages were non-existent or at most $1.86 million for the entirety of the Class Period.

MF Global, Inc. was the futures commission merchant which executed the commodities futures trades at issue in this case, which Physical Plaintiffs contend were manipulative, and allegedly participated in the illegal agreement to inflate the spot price of platinum and palladium. The Physical Plaintiffs also contend that certain named and unnamed floor brokers were complicit in inflating the spot price of platinum and palladium. MF Global, Inc., and the floor brokers are excluded from the Settlement.  MF Global, Inc. is in liquidation.  Amounts that may be recovered, if any, from MF Global, Inc., or the floor brokers, by way of judgment or settlement would be in addition to the Settlement herein.

Accordingly, Physical Plaintiffs' Counsel has recommended that the Court approve the proposed Settlement and urges Physical Class Members to file a Proof of Claim.

### C. Definition of the Physical Class

The Physical Class is defined as: "All Persons and/or entities who purchased, invested in, or otherwise acquired an interest in Platinum and/or Palladium Bullion in the physical or "spot" market during the period of June 1, 2006 through April 29, 2010.  Excluded from the Physical Class are (i) the Settling Defendants, MF Global, Inc., any co-conspirators alleged in the Complaint or any subsequent amended complaint filed prior to the Exclusion Bar Date, Alan Craig Kleinstein, Dominick Frank Terrone, Richard Peter Trifoglio Sr., Frederick Charles Ferriola, Peter Michael Venus, Lawrence Frasca Favuzza, John Anthony Sakulich and any NYMEX floor brokers or NYMEX floor traders who refuse to execute the certification in the Proof of Claim attesting that they were not co-conspirators, or aiders or abettors of the Settling Defendants or Non-Settling Defendants, and  (ii) Opt Outs."

## II.     SUMMARY OF THE PROPOSED SETTLEMENT

On behalf of the Physical Plaintiffs Class, the Physical Plaintiffs entered into the Settlement on March 21, 2014. The following description of the proposed Settlement is only a summary. This description and this entire Notice are qualified in their entirety by the Settlement Agreement and the exhibits thereto, which are on file with the Court at the address indicated in this Notice and is available at the official Settlement website at www.PlatinumPalladiumPhysicalLitigation.com.

### A. The Settlement Fund

**The Moore Defendants**.  The Moore Defendants have agreed to deposit $9,325,000 for the benefit of the Physical Class no later than fourteen (14) days of the Court entering the Scheduling Order.  Additionally, the Moore Defendants have agreed to deposit $30,000 for the benefit of the Physical Class no later than fourteen (14) days of the Court entering the Scheduling Order as a separate and distinct payment to quiet the litigation and for other consideration enumerated in the Stipulation of Settlement.

**Defendant Welsh**. As further described at pages 2-3 above, defendant Welsh has agreed to a judgment in the amount of $7,000,000 for the benefit of the Physical Class, which the Physical Class may seek to collect solely from Welsh's assets consisting of his claims and rights against certain of his insurers, and not otherwise from defendant Welsh.  There are multiple risks involved in successfully obtaining any recoveries on such judgment.  Physical Lead Counsel and the Settling Defendants do not warrant that any sums are collectable or will ultimately be collected in respect of such settlement.  Together, the foregoing payments, plus accrued interest thereon, constitute the Settlement Fund.

### B. Plan of Allocation

A copy of the Plan of Allocation that has been preliminarily approved by the Court is attached hereto.  Examples of potential computations under the Plan of Allocation are available on the Settlement website www.PlatinumPalladiumPhysicalLitigation.com.  The following description of the Plan of Allocation is only a summary, which is qualified in its entirety by the Plan of Allocation and the Settlement Agreement.

The Plan of Allocation covers transactions in physical platinum and palladium comporting with NYMEX "good delivery" requirements and/or or at least of 99.95% purity. Generally, under the Plan of Allocation, ninety percent (90%) of the Net Settlement Funds are reserved to pay for valid claims premised on the alleged artificiality of the price of platinum and palladium purchased in the United States "spot" or physical market (called "Net Artificiality Paid" or "NAP").

The remaining ten percent (10%) of the Net Settlement Funds are reserved to pay valid claims based on net trading losses ("Net Losses") (to be determined and weighted as described in the Plan of Allocation).  From this, three percent (3%) of the Net Settlement Fund will be distributed based on net trading losses and will be paid out *pro rata* based on each Claiming Physical Class Members' total Net Losses (as described in the Plan of Allocation ("First Pool")).  The remaining part—seven percent (7%) of the Net Settlement Fund—will be distributed pursuant to a method of distribution that will be proposed by the Physical Class Counsel after (i) all the proofs of claim have been analyzed, ii) the Net Artificiality Paid and Net Losses have been determined, (iii) any reversion to the Moore Defendants have been fixed, and (d) the profile of the Claiming Physical Class Members' results from such prospective method of distribution is known or substantially known to Physical Class Counsel ("Second Pool").

There will be a reversion to the Moore Defendants unless and until, following the Claiming Physical Class Members' NAP and NL valid claims have been paid from the portion of the Net Settlement Fund allocated to pay NAP and NL claims, respectively. Please follow the Settlement website and the Frequently Asked Questions ("FAQ") section of the Settlement website.

By entering into the Settlement, the Settling Defendants do not concede in any respect whatsoever that either the alleged artificiality (as calculated by the Physical Plaintiffs) or simple net trading losses would be recoverable under any applicable state or federal law. The Plan of Allocation may be changed by the Court without providing further notice. The final approval, disapproval or modification of any proposed plan of allocation shall not affect the preliminary or final approval of the Settlement or the enforceability of the Settlement Agreement.

**C.** **Payment to the class members who submit valid proofs of claim**

Physical Class members should read the Plan of Allocation. Pursuant to the Plan of Allocation, Claiming Physical Class Members will be eligible to receive a share of the Net Settlement Fund, subject to the determinations of the Settlement Administrator and, if necessary, the Court. Under the Plan of Allocation, the amount of the payment will depend on, among other things, the size of the Net Settlement Fund, the size of the Claiming Physical Class Members' allowed claims, and the total amount of allowed claims of all Claiming Physical Class Members. In the latter regard, Physical Lead Counsel encourages you to review the Plan of Allocation and submit a Proof of Claim if you have Net Artificiality Paid or Net Losses as weighted under the Plan. To a maximum extent of in excess of 100% of Net Artificiality Paid (which includes a 10% premium for interest) and/or of 100% of Net Losses (which includes a 10% premium for interest), the shares of the Physical Class members who do not submit a Proof of Claim will be redistributed to those Physical Class members who do submit a Proof of Claim and do have Net Artificiality Paid or Net Losses as weighted under the Plan of Allocation.

The amounts of alleged price artificiality for physical platinum purchases and sales from November 19, 2007 through June 18, 2008 are set out in Exhibit A to the Plan of Allocation. The amounts of alleged price artificiality for physical palladium purchases and sales from November 1, 2007 through June 18, 2008 are set out in Exhibit B to the Plan of Allocation. The amount of alleged "Artificiality Paid" and "Artificiality Received" are dependent upon the date of purchase and sale of the physical platinum and/or palladium. The "Artificiality Paid" and "Artificiality Received" calculations are made on a troy ounce basis. As the date(s) and amount (in troy ounces) of the purchase and sale of physical platinum and palladium are necessary to calculate the "Artificiality Paid" and "Artificiality Received," proper documentation showing these two items will be necessary to receive payment from the Settlement Fund. All determinations to the sufficiency of the supporting documents shall be made by the Settlement Administrator. Plaintiffs' alleged artificiality estimates are available for review on the Settlement website at www.PlatinumPalladiumPhysicalLitigation.com.

**D.** **Attorneys' fees, costs and incentive awards**

To date, the attorneys representing the Physical Plaintiffs and the Physical Class in the Physical Action have not received payment for their services or reimbursement for their expenses. Physical Class members are not personally responsible for payment of attorneys' fees or expenses. Instead, as compensation for their time and risk in prosecuting this litigation on a wholly contingent basis for more than three years, Physical Lead Counsel will ask the Court for an award of attorneys' fees in the amount of not more than 33.3% of the Settlement Fund, as a common fund, and for reimbursement of their costs and expenses in the amount of no more than $200,000, all to be deducted from the Settlement Fund.

At the time the Net Settlement Fund is distributed to Claiming Physical Class Members, the Physical Plaintiffs (F.W. DeVito Retirement Trust, Frederick and Mary DeVito, David DeVito and Russell Andrews) will seek reimbursement of their own expenses and compensation for time devoted to this litigation in the aggregate amount of no more than $50,000 to be paid from the Settlement Fund.

**E.** **The Moore defendants' potential right to reversion**

Section 12 of the Settlement Agreement provides the Settling Defendants with limited rights of reversion. Specifically, the Moore Defendants may be entitled to reversion from the Net Settlement Fund only to the extent set forth in sub-paragraphs (1) and (2) below:

(1)   In the event that the Net Settlement Fund allocated to pay claims for Net Artificiality Paid exceeds 100% of Net Artificiality Paid (which includes a 10% premium for interest) by all Claiming Physical Class Members, as finally determined by the Settlement Administrator and/or the Mediator, then the Moore Defendants shall be entitled to a reversion of the amount that the Net Settlement Fund allocated to pay claims for Net Artificiality Paid exceeds 100% of Net Artificiality Paid (which includes a 10% premium for interest).

(2)   In the event that the Net Settlement Fund allocated to pay claims for Net Losses exceeds 100% of Net Losses (which includes a 10% premium for interest) by all Claiming Physical Class Members, as finally determined by the Settlement Administrator and/or the Mediator, then the Moore Defendants shall be entitled to a reversion of the amount that the Net Settlement Fund allocated to pay claims for Net Losses exceeds 100% of Net Losses (which includes a 10% premium for interest).

Thus, none of the Settlement monies revert back to the Moore Defendants unless and until all Physical Class members with valid Net Artificiality Paid or Net Losses have been fully and completely compensated for their losses as defined by the Plan of Allocation. Physical Class Members are referred to the Settlement Agreement, in particular Section 12 thereof, and the Plan of Allocation for the full terms of the Moore Defendants' reversion rights.

**F.** **Settling defendants' potential right to termination**

Section 16 of the Settlement Agreement describes Settling Defendants' right to terminate if certain conditions anticipated by the parties are not satisfied. These conditions are set forth in Section 16(a) of the Settlement Agreement. With respect to each such condition, defendants have the right (as qualified in the Settlement Agreement), but not the obligation, to determine to exercise, in their sole discretion, a termination notice if the condition is not satisfied.

### G.   Changes or further orders by the Court

Any change by the Court of the Plan of Allocation, in the time and place of the Final Hearing, or in any other matter and all further orders or requirements by the Court will be posted on the Settlement website at www.PlatinumPalladiumPhysicalLitigation.com. It is important you refer to such website as no other notice apart from the docket of the Physical Action may be published of such changes.

### H.   The releases, discharge and covenant not to sue

**IF YOU HAVE NOT BEEN PREVIOUSLY EXCLUDED FROM THE CLASS, WHEN THE SETTLEMENT BECOMES FINAL YOU WILL BE RELEASING THE SETTLING DEFENDANTS AND RELATED RELEASED PARTIES FOR THE CLAIMS DESCRIBED BELOW, AND YOU WILL BE BOUND BY THE RELEASES IN THE SETTLEMENT AGREEMENT – INCLUDING THE COVENANT NOT TO SUE – EVEN IF YOU DO NOT FILE A PROOF OF CLAIM**

In exchange for Settling Defendants' consideration described in "A" above, members of the Physical Class will release certain claims against the Settling Defendants as specifically set forth below:

*****

(a)   In addition to the effect of any final judgment entered in accordance with this Settlement Agreement, and provided that the Court approves this Settlement Agreement, effective upon the Effective Date each and every Physical Class member, all of their past, present or future parents, subsidiaries, divisions, affiliates, shareholders, general or limited partners, attorneys, spouses, insurers, beneficiaries, employees, officers, directors, legal and equitable owners, members, predecessors in interest, successors in interest, legal representatives, trustees, associates, heirs, executors, administrators and/or assigns and each and any of their respective shareholders, parents, subsidiaries, divisions, affiliates, shareholders, general or limited partners, assigns, attorneys, insurers, beneficiaries, employees, officers, directors, legal and equitable owners, members, predecessors in interest, successors in interest, legal representatives, trustees, associates, heirs, executors, administrators and/or assigns (together the "Releasing Parties"), releases and forever discharges, to the fullest extent permitted by law, the Released Parties from and against any and all present, past, or future claims, demands, debts, damages, losses, offsets, obligations, warranties, costs, fees, penalties, expenses, whenever incurred, rights of action, suits, and causes of action of every kind and nature whatsoever, whether based on contract, tort, federal, state or foreign law, statutory, or other legal or equitable theory of recovery, liabilities of any nature and kind whatsoever, whether known or unknown, suspected or unsuspected, existing, or claimed to exist, and whether arising in the past or future, in law or in equity, that each and every Physical Class member ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, in any way arising from or related to, in full or in part, the Physical Action and/or any transactions in Platinum and/or Palladium Bullion, forwards, options, or any other instrument or derivative by which an interest in Platinum and/or Palladium Bullion was purchased, sold, hedged or otherwise invested or traded in during the Class Period, whether or not asserted in the Physical Action, or from any losses incurred, in whole or in part, as a result of any transaction encompassed by this sentence.  Notwithstanding any other provision of this Settlement, (a) the foregoing release shall not include any claims which a Physical Class member may have in its capacity as a member of any class that may be certified with respect to the claims asserted in the Complaint in the Futures Action, and (b) as to Defendant Welsh only, the foregoing release shall not include, shall not apply to, shall have no effect whatsoever on, and shall not release in any way, the negligence and the negligent conduct as alleged, and relief that may be obtained on, the Physical Plaintiffs' eleventh claim in the Complaint. Welsh is released as to the non-negligence claims (including the Physical Plaintiffs' claims in the Complaint for violations of the Sherman Act, the RICO Act and common law fraud) as previously set forth above in this Section 6(a).

(b)   In addition, each Releasing Party hereby expressly waives and releases any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code, which reads:

> Section 1542. General release extent. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor[.]

From the Effective Date, each Releasing Party also expressly waives and releases any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code.  Each Releasing Party may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this Section 6, but each Releasing Party, through this Settlement Agreement, and with the ability to seek independent advice of counsel, expressly waives and fully, finally and forever settles and releases, as of the Effective Date, any known or unknown, suspected or unsuspected, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.  From the Effective Date, the releases herein given by the Releasing Parties shall be and remain in effect as full and complete releases of the claims set forth in the Physical Action, notwithstanding the later discovery or existence of any such additional or different facts relative hereto or the later discovery of any such additional or different claims that would fall within the scope of the release provided in Section 6(a) of this Settlement Agreement, as if such facts or claims had been known at the time of this release.  Notwithstanding any of the provisions of the Final Judgment or any provisions of this Settlement Agreement or otherwise, the Physical Plaintiffs and the Physical Class do not release or dismiss and shall not release or dismiss Defendant Welsh from the Physical Plaintiffs' eleventh claim in the Complaint for negligence against Defendant Welsh.

*****

The Settlement Agreement does not settle or compromise any claims other than those set out therein. All rights of the Physical Plaintiffs or any member of the Physical Class against any other Person or entity other than the Released Parties are specifically reserved by the Physical Plaintiffs and the members of the Physical Class.

### III.   YOUR OPTIONS

#### A.  Submit a proof of claim

As a member of the Physical Class, you may be entitled to share in the Net Settlement Fund if you submit a valid and timely Proof of Claim demonstrating you are entitled to a recovery under the Plan of Allocation.  Proofs of Claims must be received by the Settlement Administrator (see address in VII below) no later than January 21, 2015.  A copy of the Proof of Claim is attached hereto.  You may also obtain a Proof of Claim on the Settlement website at www.PlatinumPalladiumPhysicalLitigation.com.

An important aspect of the Settlement is that the Moore Defendants are not entitled to any reversion of the Net Settlement Fund unless and until Claiming Physical Class Members, in aggregate, have been paid 100% of Net Artificiality Paid (including a 10% premium for interest) and 100% of Net Losses (including a 10% premium for interest). See II.C. above. Physical Class members are encouraged to file proofs of claim.

#### B.  Object to the Settlement

Any member of the Physical Class may appear at the Fairness Hearing (see Section V below) in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness, and adequacy of the Settlement Agreement or any related matter (including the request for attorneys' fees or the Plan of Allocation or any other matter).

However, no Person other than Physical Lead Counsel and counsel for the Settling Defendants shall be heard, and no papers, briefs, pleadings, or other documents submitted by any member of the Physical Class shall be considered by the Court, unless the objecting member of the Physical Class files the following with the Court:

a.   a written notice of intention to appear;

b.   proof of membership in the Physical Class;

c.   a detailed statement of the objections to any matters before the Court;

d.   a statement advising of any court proceeding in which said objector has made an objection to a proposed class action settlement within the past three years, including the case name, docket number and court;

e.   the grounds or reasons why the member of the Physical Class desires to appear and be heard; and

f.   all documents and writings the member of the Physical Class desires the Court to consider.

This written statement must be filed with the Court and served by hand, overnight mail or e-mail on the Physical Lead Counsel and all counsel of record for the Settling Defendants no later than October 15, 2014, or it will not be considered.

The contact information for Physical Lead Counsel and counsel of record for the Settling Defendants is set forth below:

| | |
|---|---|
| John Lowther<br>john@doylelowther.com<br>**DOYLE LOWTHER LLP**<br>10200 Willow Creek Road, Suite 150<br>San Diego, CA 92131 | *Counsel for Physical Plaintiffs* |
| David Zensky<br>dzensky@akingump.com<br>**AKIN GUMP STRAUSS HAUER & FELD, LLP**<br>One Bryant Park<br>New York, New York 10036 | *Counsel for Defendants Moore Capital Management, LP;*<br>*Moore Capital Management, LLC;*<br>*Moore Capital Advisors, LLC;*<br>*Moore Advisors, Ltd.;*<br>*Moore Macro Fund, LP; and*<br>*Moore Global Fixed Income Master Fund, LP*<br>*Louis M. Bacon* |
| Kerri Ann Law<br>klaw@kramerlevin.com<br>**KRAMER LEVIN NAFTALIS & FRANKEL, LLP**<br>1177 Avenue of the Americas<br>New York, New York 10036 | *Counsel for Defendant Christopher Pia* |
| Marc Weinstein<br>weinstei@hugheshubbard.com<br>**HUGHES HUBBARD & REED LLP**<br>One Battery Park Plaza<br>New York, New York 10004 | *Counsel for Defendant Eugene Burger* |
| Andrew Lourie<br>andrew.lourie@kobrekim.com<br>**KOBRE & KIM, LLP**<br>1919 M Street, N.W., Suite 410<br>Washington, D.C. 20036 | *Counsel for Defendant Joseph Welsh* |

**C.   Request to be excluded from the Settlement**

Any request for exclusion from the Settlement by a member of the Physical Class must be made in writing and received by the Settlement Administrator no later than October 3, 2014.  Any such request for exclusion must contain the following information:

   (i)   the date of each purchase, sale or other disposition of Platinum and/or Palladium Bullion during the Class Period;

   (ii)   at what price(s) such Platinum and/or Palladium Bullion was acquired and/or sold;

   (iii)  the names of any and all broker(s) used;

   (iv)  a statement and description of whether Platinum and/or Palladium Bullion was acquired as a hedge to exposures that relate to platinum or palladium during the Class Period, including but not limited to platinum and/or palladium futures contracts, swap contracts, and forward contracts; and

   (v)   whether such Physical Class member was a swaps-dealer (as defined in the Proof of Claim).

Requests for exclusion from the Settlement must be sent by First-Class mail (preferably certified mail) to counsel for the Physical Plaintiffs, counsel for the Settling Defendants (see addressed in B. above) and the Settlement Administrator (see address in Section VII below).  A Request for Exclusion form is attached hereto.

If you exclude yourself from the Physical Class, you **will not be** bound by the Settlement Agreement and can independently pursue claims you may have against the Settling Defendants at your own expense.  However, if you exclude yourself, you **will not be** eligible to share in the Net Settlement Fund.

**IV.   PROOF OF CLAIM**

The Proof of Claim, which includes instructions on how and when to make a claim, is attached hereto. You should read the Settlement Agreement and Proof of Claim carefully before submitting your Proof of Claim or determining another course of action.

**V.   FAIRNESS APPROVAL HEARING**

The Court has scheduled a public Fairness Hearing for November 7, 2014, at 11:00 a.m. to be held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY, Courtroom 20B. At the Fairness Hearing the Court will determine if the proposed Settlement is fair, reasonable, and adequate. The Court will also consider Lead Counsel's request for attorneys' fees and reimbursement of litigation expenses. See II.D. above.

The time and date of the Fairness Hearing may be continued from time to time without further notice and you are advised to confirm the time and location if you wish to attend; as soon as practicable after any change in the scheduled date and time, such change will be posted on the Settlement website at www.PlatinumPalladiumPhysicalLitigation.com.

**VI.   CHANGE OF ADDRESS**

If this Notice reached you at an address other than the one on the mailing label, or if your address changes, please enter your current information online at www.PlatinumPalladiumPhysicalLitigation.com, or send it to the Settlement Administrator at the address set forth in section VII., below.

**VII.   THE SETTLEMENT ADMINISTRATOR**

The Court has appointed A.B. Data, Ltd. as the Settlement Administrator.  Among other things, the Settlement Administrator is responsible for providing notice of the Settlement to the Class and processing Proofs of Claim.  You may contact the Settlement Administrator through the Settlement website (www.PlatinumPalladiumPhysicalLitigation.com), by telephone toll free at  800-918-9014, or by writing to the Settlement Administrator at the below address:

**PLATINUM AND PALLADIUM COMMODITIES LITIGATION SETTLEMENT – PHYSICAL ACTION**
c/o A.B. DATA, LTD.
PO BOX 170500
MILWAUKEE, WI 53217-8091
800-918-9014
info@PlatinumPalladiumPhysicalLitigation.com

**IX.   ADDITIONAL INFORMATION**

The Settlement Agreement and other important documents related to this Action are available online at www.PlatinumPalladiumPhysicalLitigation.com and also available for review during normal business hours at the office of the Clerk of Court, United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007.  If you have questions about this Notice, the procedure for registering, or the Settlement Agreement, you may contact Physical Lead Counsel at the address listed in section III.B., above.

**DO NOT CONTACT THE JUDGE OR THE CLERK OF COURT**

Dated:  JULY 15, 2014

**BY ORDER OF THE COURT**
Clerk of the United States District Court
Southern District of New York

| | | |
|---|---|---|
| *In Re: Platinum And Palladium Commodities Litigation*<br><br>This Document Relates To:<br><br>   Platinum/Palladium Physical Action | MASTER FILE<br>No. 10 Civ. 3617 (WHP) | **MUST BE RECEIVED NO LATER THAN**<br><br>**JANUARY 21, 2015** |

### PROOF OF CLAIM AND RELEASE

IF YOU ARE A MEMBER OF THE PHYSICAL CLASS AS DEFINED BELOW, THEN, IN ORDER TO BE ENTITLED TO A DISTRIBUTION, YOU MUST COMPLETE, SIGN UNDER PENALTY OF PERJURY, NOTARIZE[1] AND MAIL THIS PROOF OF CLAIM AND NECESSARY SUPPORTING DOCUMENTATION TO THE SETTLEMENT ADMINISTRATOR AT THE FOLLOWING ADDRESS. THE EXECUTED PROOF OF CLAIM AND ALL NECESSARY SUPPORTING DOCUMENTATION MUST BE <u>RECEIVED</u> BY THE SETTLEMENT ADMINISTRATOR[2] NO LATER THAN JANUARY 21, 2015:

**PLATINUM AND PALLADIUM LITIGATION SETTLEMENT—PHYSICAL ACTION**
c/o A.B. DATA, LTD.
PO BOX 170500
MILWAUKEE, WI 53217-8091
www.PlatinumPalladiumPhysicalLitigation.com

   <u>**Do not submit your claim to the Court**</u>.

   <u>**The Physical Class**</u>. The Physical Class is defined as:

   All Persons and/or entities who purchased, invested in, or otherwise acquired an interest in physical or spot platinum or palladium bullion conforming to NYMEX "good delivery" requirements and/or of at least 99.95% purity ("Platinum and/or Palladium Bullion") in the United States physical or "spot" market during the period of June 1, 2006 through April 29, 2010 (the "Class Period"). Excluded from the Physical Class are (i) the Settling Defendants, MF Global, Inc., any co-conspirators alleged in the Complaint or any subsequent amended complaint filed prior to the Exclusion Bar Date, Alan Craig Kleinstein, Dominick Frank Terrone, Richard Peter Trifoglio Sr., Frederick Charles Ferriola, Peter Michael Venus, Lawrence Frasca Favuzza, John Anthony Sakulich and any NYMEX floor brokers or NYMEX floor traders who refuse to execute the certification in the Proof of Claim attesting that they were not co-conspirators, or aiders or abettors of the Settling Defendants or Non-Settling Defendants, and (ii) Opt Outs.

   Only members of the Physical Class may participate in the Settlement.

   If you are a Physical Class member, by properly completing, signing, (if necessary) having notarized and returning this Proof of Claim and furnishing the required supporting documentation, you may be entitled to share in the proceeds from the Net Settlement Fund. However, submission of this Proof of Claim does not assure that you will share in any of the proceeds of the Net Settlement Fund.

   Omission of necessary information and/or supporting documents may make your claim defective. Defective claims may be rejected, in which case you will be notified of such rejection and will be given an opportunity to remedy the defect. You must include all trade information for transactions in Platinum and/or Palladium Bullion during the Class Period for all accounts you own or control.

   If you are a Physical Class member and you fail to submit a valid and timely Proof of Claim pursuant to the instructions set forth herein, you may be precluded from any recovery from the Net Settlement Fund. Unless you validly exclude yourself from the Physical Class, however, you will be bound by the terms of any judgment entered in the Physical Action, even if you fail to submit a Proof of Claim.

   The completed Proof of Claim, and the information submitted with your Claim, will be treated as confidential and will be used solely for purposes of administering the Settlement. Purposefully and knowingly submitting inaccurate information or withholding required information may subject you to civil or criminal penalties.

**IF YOU HAVE ANY QUESTIONS CONCERNING THIS PROOF OF CLAIM, WRITE TO, CALL, OR GO ON-LINE AT:**
PLATINUM AND PALLADIUM LITIGATION SETTLEMENT—PHYSICAL ACTION, c/o A.B. DATA, LTD., PO BOX 170500, MILWAUKEE, WI 53217-8091 www.PlatinumPalladiumPhysicalLitigation.com, 800-918-9014

---

[1]  If your Proof of Claim seeks damages in excess of ten thousand dollars ($10,000) you must also have this form notarized.
[2]  Unless otherwise stated, capitalized terms used herein shall have the same meaning as set forth in the Settlement Agreement dated March 21, 2014.

| For official use only | MASTER FILE No. 10 Civ. 3617 (WHP)<br>Proof of Claim and Release<br>Please print or type | MUST BE RECEIVED NO LATER THAN<br><br>JANUARY 21, 2015 |
|---|---|---|

**DO NOT CONTACT THE COURT IF YOU HAVE QUESTIONS CONCERNING THIS PROOF OF CLAIM**.

STATE OF_____)

COUNTY OF_____)

_____, under penalty of perjury, says:

### Item 1—Claimant Identification

1. Please provide the following information for you and your affiliates[3] that transacted in Class Contracts at any time during the Class Period:

Claimant Name(s) ("Claimant")

□ Individual     □ Corporation     □ Estate     □ Other (specify)_____

Name of Person Executing Claim

Capacity of Person Executing Claim

Claimant Address

City                                                     State          Zip Code

Foreign Province                          Foreign Postal Code                          Foreign Country

Claimant Daytime Phone Number

(            )            —

Claimant Social Security, Employer Identification, or Federal Tax Identification Number

____ — ____ — ____     or     ____ — ____

---

[3] "Affiliates" means any other person or entity that you control, either directly or through one or more intermediaries, or any person or entity that is controlled by or is under common control with such intermediary person or entity.

If you need additional space on this or any other section of the Proof of Claim, attach additional pages to the end of this claim form. Do not submit multiple Proofs of Claim.

If you are unable to identify all transactions in Platinum and/or Palladium Bullion by any of your affiliates who, to your knowledge, made any transactions in Platinum and/or Palladium Bullion during the Class Period, please list the names and contact information of such affiliates.

_____

_____

If you leave the above line blank, by executing this Proof of Claim you are affirming to the best of your knowledge that you have no affiliates who made transactions in Platinum and/or Palladium Bullion during the Class Period that are not reflected in this Proof of Claim.

**Item 2—List of Account Names and Account Numbers**

2.   Please provide a list of all account names and account numbers for each transaction (purchase, sale or other interest acquired) in Platinum and/or Palladium Bullion during the Class Period (*i.e.*, June 1, 2006—April 29, 2010).

_____

_____

_____

**Item 3—Proof of Qualifying Transactions**

3.   Please provide proof of all transactions in Platinum and/or Palladium Bullion you made during the Class Period by, for example, enclosing photocopies of brokerage confirmations, monthly account statements, and other documents evidencing purchases and sales. Your documents and statements should reflect any and all transactions in Platinum and/or Palladium Bullion.  Each Claimant must provide sufficient documentation to allow the Settlement Administrator to determine whether a transaction in Platinum and/or Palladium Bullion qualifies as a transaction covered by the Settlement Agreement. Your documentation must reflect the date, price and quantity of all transactions in Platinum and/or Palladium Bullion.  *See* Item 5, below.

The most efficient method for Claimants to support their Proof of Claim is to produce records reflecting all Platinum and/or Palladium Bullion transactions during the Class Period. You should provide proof for each and every transaction in Platinum and/or Palladium Bullion, regardless of whether such transaction resulted in a gain or a loss.

If any such documents are not in your possession, please obtain them or their equivalent from your broker, dealer, tax advisor, or other sources if it is possible for you to do so. If you have this information in an electronic form, you are strongly encouraged to send a CD or disk in Microsoft Excel format, along with a hard copy printout, of your trading records to expedite the treatment of your Proof of Claim.

**Item 4—Instructions for List of Transactions in Physical Platinum and Palladium**

4.   The Settlement Administrator will determine each Claimant's Net Artificiality Paid and Net Loss, as set forth in the Plan of Allocation, by analyzing each Claimant's transactions in Platinum and/or Palladium Bullion. Claimants are required to list each transaction in Platinum and/or Palladium Bullion meeting the class definition in the form provided in Item 5 below. If additional space is necessary, or if Claimants wish to use a Microsoft Excel format, please go to www.PlatinumPalladiumPhysicalLitigation.com.

In listing the information requested in Item 5 below, do <u>not</u> average prices of separate transactions, including transactions within a given date.  It is important you supply the information requested to the fullest extent you are able to do so.

**Item 5—List of Transactions in Physical Platinum and Palladium**

5(a).   If you purchased, sold or otherwise acquired or disposed of an interested in Platinum Bullion during the Class Period, June 1, 2006 through April 29, 2010, then you must provide the information set forth in the Table I below for all such transactions.

| Date of Transaction | Number of Ounces in the Transaction | Transaction Price (Price Per Ounce) | Type of Transaction (Purchase, Sale, Etc.) | Where Transaction Occurred (where purchased or sold) | Purchase or Sale | Brokerage Firm and Account Number in Which Transaction Was Made | Hedging Transaction? (Yes or No)[4] |
|---|---|---|---|---|---|---|---|
| /    / | | | | . | | | |
| /    / | | | | . | | | |
| /    / | | | | . | | | |

5(b).     If you purchased, sold or otherwise acquired an interest in or disposed of Palladium Bullion during the Class Period, June 1, 2006 through April 29, 2010, then you must provide the information set forth in the Table I below for all such transactions.

| TABLE II—PURCHASE(S) AND SALE(S) OF PHYSICAL PALLADIUM DURING THE CLASS PERIOD | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date of Transaction | Number of Ounces in the Transaction | Transaction Price (Price Per Ounce) | Type of Transaction (Purchase, Sale, Etc.) | Where Transaction Occurred (where purchased or sold) | Purchase or Sale | Brokerage Firm and Account Number in Which Transaction Was Made | Hedging Transaction? (Yes or No) |
| /    / | | | | . | | | |
| /    / | | | | . | | | |
| /    / | | | | . | | | |

5(c).     Were any of the transactions you listed in 5(a) or 5(b) above conducted by you as a "Swap Dealer"?  A Swap Dealer is any person who (i) holds itself out as a dealer of swaps, (ii) makes a market in swaps, (iii) regularly enters into swaps with counterparties as an ordinary course of business for its own account, or (iv) engages in activity causing itself to be commonly known in the trade as a dealer or market maker in swaps.  If your answer is YES, please list all of your transactions as a Swap Dealer in the space provided below:

_____

_____

_____

6.    Physical Lead Counsel and the Settlement Administrator reserve the right to seek further information from you about your Proof of Claim.

7.    If you were a NYMEX floor broker or NYMEX floor trader between October 17, 2007 and June 6, 2008, by executing this Proof of Claim you certify you were not a co-conspirator or aider or abettor of the Settling Defendants or Non-Settling Defendants.

8.    It is important you accurately disclose all transactions in Platinum and/or Palladium Bullion made during the Class Period.  Claimant expressly consents to the release to the Settlement Administrator any and all documents reflecting Claimant's transactions in Platinum and/or Palladium Bullion which may be obtained from third parties, including, but not limited to, your accounts with precious metals brokers and/or dealers.

9.    Claimant certifies reasonable efforts have been made to locate all information requested in Items 1-5 above, and certifies all information supplied in connection with this Proof of Claim is true, correct and complete.

10.  Claimant understands the information provided herein is subject to verification, and Claimant agrees to cooperate in verifying all submitted information, including by furnishing additional information to support the Proof of Claim by assisting the Settlement Administrator if requested to do so.

---

[4]  Hedging Transactions are defined as any offsetting exposures held or acquired by you or any of your affiliates that relate to platinum or palladium, including but not limited to platinum and/or palladium futures contracts, swap contracts, and forward contracts.

11. Claimant understands the Settlement Administrator will determine the adequacy of Claimant's Proof of Claim and supporting documentation. The foregoing is subject to the Settling Defendants' right to object, and subject to the ultimate power of the Court to determine whether Claimant's Proof of Claim and supporting documentation are adequate.

12. Claimant consents to the jurisdiction of the Court with respect to this Proof of Claim and for purposes of enforcing the terms of the Settlement Agreement or any order or judgment of the Court.

13. Claimant agrees to the Settlement's terms as set forth in the Settlement Agreement, and Claimant acknowledges being bound by and subject to the terms of any order or judgment that may be entered in the Physical Action, including the Final Judgment.

14. Each Claimant shall execute a release and covenant not to sue in conformity with Section 6 of the Settlement Agreement to receive a pro rata share of the Net Settlement Fund. Claimant agrees the submission of this Proof of Claim constitutes a full release of and covenant not to sue on the Released Claims against the Released Parties as set forth in the Settlement Agreement and at the end of this Proof of Claim.

15. Claimant certifies he is not subject to backup withholding under the provisions of Internal Revenue Code Section 3406(a)(1)(C) because: (a) Claimant is exempt from backup withholding, or (b) Claimant has not been notified by the Internal Revenue Service that Claimant is subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the Internal Revenue Service has notified Claimant that the Claimant is no longer subject to backup withholding.

**I declare and affirm under penalty of perjury the foregoing statements and the documents and information attached hereto, including the Social Security or Employee Identification Number shown on this Proof of Claim, are true, correct and complete, and I agree to the Release and Covenant Not To Sue which follows. I understand the intentional withholding or misrepresentation of any information described herein may constitute a criminal offense subject to penalties.**

This Proof of Claim was executed this _____ day of _____, 20_____ in _____, _____

                                                      (City/Province)                   (State/Country)

_____
Signature of Claimant

_____
Type or Print Name

_____
Capacity of Person Signing (e.g., President, Trustee, Custodian, etc.)

If you are acting for an entity, please submit proof of your authority (e.g., corporate resolution, trust agreement, etc.).

If your Proof of Claim seeks damages in excess of ten thousand dollars ($10,000) you must also have this form notarized below:

Sworn to before me this __ _____day of _____, 20____.

_____
Notary Public

(a)  In addition to the effect of any final judgment entered in accordance with this Settlement Agreement, and provided that the Court approves this Settlement Agreement, effective upon the Effective Date each and every Physical Class member, all of their past, present or future parents, subsidiaries, divisions, affiliates, shareholders, general or limited partners, attorneys, spouses, insurers, beneficiaries, employees, officers, directors, legal and equitable owners, members, predecessors in interest, successors in interest, legal representatives, trustees, associates, heirs, executors, administrators and/or assigns and each and any of their respective shareholders, parents, subsidiaries, divisions, affiliates, shareholders, general or limited partners, assigns, attorneys, insurers, beneficiaries, employees, officers, directors, legal and equitable owners, members, predecessors in interest, successors in interest, legal representatives, trustees, associates, heirs, executors, administrators and/or assigns (together the "Releasing Parties"), releases and forever discharges, to the fullest extent permitted by law, the Released Parties from and against any and all present, past, or future claims, demands, debts, damages, losses, offsets, obligations, warranties, costs, fees, penalties, expenses, whenever incurred, rights of action, suits, and causes of action of every kind and nature whatsoever, whether based on contract, tort, federal, state or foreign law, statutory, or other legal or equitable theory of recovery, liabilities of any nature and kind whatsoever, whether known or unknown, suspected or unsuspected, existing, or claimed to exist, and whether arising in the past or future, in law or in equity, that each and every Physical Class member ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, in any way arising from or related to, in full or in part, the Physical Action and/or any transactions in Platinum and/or Palladium  Bullion, forwards, options, or any other instrument or derivative by which an interest in Platinum and/or Palladium Bullion was purchased, sold, hedged or otherwise invested or traded in during the Class Period, whether or not asserted in the Physical Action, or from any losses incurred, in whole or in part, as a result of any transaction encompassed by this sentence.  Notwithstanding any other provision of this Settlement, (a) the foregoing release shall not include any claims which a Physical Class member may have in its capacity as a member of any class that may be certified with respect to the claims asserted in the Complaint in the Futures Action, and (b) as to Defendant Welsh only, the foregoing release shall not include, shall not apply to, shall have no effect whatsoever on, and shall not release in any way, the negligence and the negligent conduct as alleged, and relief that may be obtained on, the Physical Plaintiffs' eleventh claim in the Complaint.  Welsh is released as to the non-negligence claims (including the Physical Plaintiffs' claims in the Complaint for violations of the Sherman Act, the RICO Act and common law fraud claims) as previously set forth above in this Section 6(a).

(b)  In addition, each Releasing Party hereby expressly waives and releases any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code, which reads:

Section 1542. General release extent. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor[.]

From the Effective Date each Releasing Party also expressly waives and releases any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code.  Each Releasing Party may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this Section 6, but each Releasing Party, through this Settlement Agreement, and with the ability to seek independent advice of counsel, expressly waives and fully, finally and forever settles and releases, as of the Effective Date any known or unknown, suspected or unsuspected, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.  From the Effective Date, the releases herein given by the Releasing Parties shall be and remain in effect as full and complete releases of the claims set forth in the Physical Action, notwithstanding the later discovery or existence of any such additional or different facts relative hereto or the later discovery of any such additional or different claims that would fall within the scope of the release provided in Section 6(a) of this Settlement Agreement, as if such facts or claims had been known at the time of this release.  Notwithstanding any of the provisions of the Final Judgment or any provisions of this Settlement Agreement or otherwise, the Physical Plaintiffs and the Physical Class do not release or dismiss and shall not release or dismiss Defendant Welsh from the Physical Plaintiffs' eleventh claim in the Complaint for negligence against Defendant Welsh.

| | |
|---|---|
| *In Re: Platinum And Palladium Commodities Litigation*<br><br>This Document Relates To:<br><br>    Platinum/Palladium Physical Action | MASTER FILE<br>No. 10 Civ. 3617 (WHP) |

## PLAN OF ALLOCATION

1.  (a)  Except for the terms defined herein, this Plan of Allocation adopts and incorporates the definitions in the Stipulation and Agreement of Settlement, dated March 21, 2014, to which this Plan of Allocation is attached as an exhibit.

(b)  As used in this Plan, "NAP" refers to net artificiality paid as defined below.  "NL" means net losses.  "Platinum and/or Palladium Bullion" means platinum or palladium bullion purchased, invested in, or otherwise acquired, in the United States physical or spot market conforming to NYMEX "good delivery" requirements and/or of at least 99.95% purity.  "NAP Transactions" means any purchase and/or sale transactions in Platinum and/or Palladium Bullion executed between November 1, 2007 and June 18, 2008 for Palladium Bullion, and between November 19, 2007 and June 18, 2008 for Platinum Bullion, as well as any offsetting purchases and/or sales transactions.  Thus, all purchases (or sales) performed on a day where alleged inflation was not zero (as provided in Exhibit A and Exhibit B, respectively) will be credited (or debited) a dollar amount of inflation on each of these NAP transactions in respect to their volume irrespective of when any offsetting transactions occurred, if any.

(c)  "NL Transactions" means transactions in Platinum and/or Palladium Bullion in which both legs of the transaction were executed outside of the period between November 1, 2007 and June 18, 2008 for Palladium Bullion or November 19, 2007 to June 18, 2008 for Platinum Bullion, but which were executed within the Class Period.

2.  Ninety percent (90%) of the Net Settlement Fund will be paid and allocated according to Claiming Physical Class Member's NAP Transactions. The NAP for these transactions is described in ¶¶5-9 below and in the attached Platinum and Palladium artificiality tables (*see* Exhibits A and B hereto).  To be entitled to NAP, the Claiming Physical Class Member must adequately support his, her, or its claim as determined by the Settlement Administrator, subject to the Physical Class Member's right to object.

3.  Ten percent (10%) of the Net Settlement Fund will be distributed to Claiming Physical Class Members' NL Transactions as explained in ¶¶10-14(a)-(d) below. The NL for these transactions is described in ¶¶10–14 below. Each Claiming Physical Class Member must adequately support his, her, or its NL as determined by the Settlement Administrator subject to the Physical Class Member's right to object.

4.  Each Claiming Physical Class Member shall be entitled to receive the sum of the payment, if any, described in ¶9 and the payment, if any, described in ¶14(c)-(d). *See* ¶15 below. Net gains on the NL Transactions will **not** be netted against nor subtracted from the NAP Transactions. Negative NAP on the NAP Transactions will **not** be netted against or subtracted from the NL on NL Transactions for purposes of calculating the Moore Defendants' reversion.  However, *see* ¶14(c)(iv) below.

5.  NAP as used herein and in the Stipulation and Agreement of Settlement shall be the amount by which a Physical Class Member's Total Artificiality Paid exceeds the Total Artificiality Received, plus ten percent (10%) and less any applicable Hedging Reduction or Swaps-Dealer Reduction, as defined below. Example: If a Physical Class member's Total Artificiality Paid is $1,500 and Total Artificiality Received is $1,000, then the NAP shall be $550.00, which is $1,500 minus $1,000 which equals $500.00, plus 10% of $500, equaling $550.00.  However, to the extent that a Claiming Physical Class Member's trading was hedging (as defined in the Proof of Claim), the NAP shall be subject to a 50% reduction (the "Hedging Reduction").  Example: If the Claiming Physical Class Member's Total Artificiality Paid minus Total Artificiality Received is $100, then the NAP is $110.00 and if such Class member was a hedger throughout the Class Period, then the NAP shall be $55.00.  The Settlement Administrator shall also require Physical Class Members to identify whether they are swaps-dealers.  The NAP of a Claiming Physical Class Member whose trading was undertaken as a swaps-dealer (as defined in the Proof of Claim) shall be subject to a reduction of 91%, rather than 50% (the "Swaps-Dealer Reduction").

6.  The Total Artificiality Paid shall be determined by multiplying the troy ounces of Platinum and/or Palladium Bullion purchased by the Claiming Physical Class Member on NAP Transactions by the amount of alleged artificiality, if any, as provided in Exhibit A and Exhibit B for such Platinum and/or Palladium Bullion, at the time of each such purchase.

7.  The Total Artificiality Received shall be determined by multiplying the amount of Platinum and/or Palladium Bullion sold (in troy ounces) by the Claiming Physical Class Member on NAP Transactions by the amount of alleged artificiality, if any, as provided in Exhibit A and Exhibit B for such Platinum and/or Palladium Bullion, for each such Platinum and/or Palladium Bullion at the time of each such sale.

8.  If the Claiming Physical Class Member's Total Artificiality Paid exceeds the Total Artificiality Received, then the Claiming Physical Class Member will have NAP and will be entitled to participate on a pro rata basis in the 90% of the Net Settlement Fund being paid in respect of NAP.

9.  (a)  Specifically, Claiming Physical Class Members with NAP will be entitled to receive a pro rata share of 90% of the Net Settlement Fund. This share shall be calculated for each Claiming Physical Class Member by multiplying 90% of the Net Settlement Fund by a fraction, the numerator of which is the Claiming Physical Class Member's NAP and the denominator of which is the sum total NAP of all Claiming Physical Class Members who have positive NAP.

(b)  No Claiming Physical Class Member will be entitled to payment under this ¶9 of more than 100% of the NAP except to the extent provided for in sub-paragraph (c) below.

(c)  If 90% of the Net Settlement Fund exceeds 100% of the sum total NAP of all Claiming Physical Class Members with positive NAP, then the excess shall revert back to the Moore Defendants as set forth in Section 12 of the Stipulation and Agreement of Settlement. Example: If 90% of the Net Settlement Fund is $100,000 more than the total NAP (including the 10% enhancement for interest) then the Moore Defendants would be entitled to a reversion of the $100,000 excess.

10.  **NL Transactions.**  For the purposes of the Stipulation and Agreement of Settlement and this Plan of Allocation, NL shall be the amount by which a Physical Class Member's Total Losses (*see* ¶11 below) on NL Transactions exceed Total Gains (*see* ¶12 below) on NL Transactions, plus ten percent (10%), and less any applicable Hedging Reduction or Swaps-Dealer Reduction.  Example: If the Total Losses are $1,500 and Total Gains are $1,000 on TL Transactions for a Claiming Physical Class Member, then NL shall be $550.00 which ($1,500 minus $1,000) plus ten percent of the $500.  However, to the extent that the Claiming Physical Class Members' trading was hedging, this amount shall be subject to a 50% reduction.  Example: If the Claiming Physical Class Member's Total Losses minus Total Gains results in a figure of $10, and such Class member's trading was hedging throughout the Class Period, then the NL shall be $5.50.  The NL of a Claiming Physical Class Member whose trading was undertaken as a swaps-dealer (as defined in the Proof of Claim) shall be subject to a reduction of 91%.

11.  The Total Losses shall be determined by adding together the sum total of each Claiming Physical Class Member's losses on NL Transactions.

12.  The Total Gains shall be determined by adding together the sum total of each Claiming Physical Class Member's gains on NL Transactions.

13.  If the Claiming Physical Class Member's Total Losses exceed the Total Gains, then the Claiming Physical Class Member will have positive NL and will be entitled to participate as described in ¶14 below.

14.  (a)  Specifically, 10% of the Net Settlement Fund will be distributed to Claiming Physical Class Members who have positive NL as described in subparagraphs (c) – (d) below.

(b)  If 10% of the Net Settlement Fund exceeds 100% of the sum total NL of all Claiming Physical Class Members with positive NL, then any such excess shall revert back to the Moore Defendants as set forth in Section 12 of the Stipulation and Agreement of Settlement. Example: If 10% of the Net Settlement Fund is $10,000 more than the total NL (including the 10% enhancement for interest) then the Moore Defendants would be entitled to a reversion of $10,000. For purposes of calculating reversion, if any, the sum total NL of all Claiming Physical Class Members shall be determined prior to, and without applying, the pooling described in subsections (c)(i)-(iv) below.

(c)  Solely for purposes of the distribution *inter se* among Claiming Physical Class Members with NL will be as set forth in (i)-(iv) below. Any inability by any Class member to supply data to complete the following calculations shall be a matter among Class members *inter se*, and shall not add to or subtract from any effect that such failure might otherwise have on certain Defendants' right to a reversion under the other parts of this Plan of Allocation.

> i.  **First Pool**. Three percent (3%) of the Net Settlement Fund will be paid out pro rata based on each Claiming Physical Class Member's total NL. Example: If a Claiming Physical Class Member's NL constitutes 1% of the total NL of all Claiming Physical Class Members who have positive NL, then that Claiming Physical Class Member will receive 1% of the payment from this First Pool.

> ii.  **Second Pool**. Seven percent (7%) of the Net Settlement Fund (or, if there is a reversion to the Moore Defendants for NL, then less than 7%) will be paid out pursuant to a method of distribution that will be proposed by Physical Class Counsel after (a) all the proofs of claim have been analyzed, (b) the Net Artificiality Paid and Net Losses have been determined, (c) any reversion to the Moore Defendants has been fixed, and (d) the profile of Claiming Physical Class Members' results from such prospective method of distribution is known or substantially known to Physical Class Counsel. (Also, by such time, more will likely be known about the potential degree of collection (if any) on the Welsh Consideration.)

> iii.  Notice of this proposed method of distribution of the 7% (or, if there is a reversion to the Moore Defendants for NL, then less than 7%) of the Net Settlement Fund will be provided Claiming Physical Class Members who will have a right to object such method. Such proposed method will be subject to approval by the Court.

> iv.  Such proposed method of distribution will take reasonable, fair account of Physical Class Counsel's assessment of the strengths and weaknesses of Claiming Physical Class Members' potential equitable and legal entitlements. In this regard, it is anticipated that losses and gains incurred after September 17, 2008 will be discounted, significant net artificiality received by Claiming Physical Class Members will be deducted, and/or payouts in respect of pre-September 17, 2008 transactions may be enhanced in varying amounts. This will be proposed in the manner that, in Physical Class Counsel's judgment, is most fair and reasonable in light of all the circumstances including the resulting amounts of distribution to Claiming Physical Class Members.

(d)  For purposes of the distribution *inter se* among Claiming Physical Class Members, each Claiming Physical Class Member shall be entitled to receive the sum of their payments due, if any, under the First Pool and Second Pool above. The enhancements in 14(c)(iv) shall have no effect on the Moore Defendants' potential reversion.

15.  Each Claiming Physical Class Member will be entitled to a total payment from the Net Settlement Fund equal to the NAP plus the sum total NL under ¶14(d). Again, negative NAP is not netted against NL and net gains in the NL are not netted against NAP.

16.  All determinations under this Plan of Allocation shall be made by the Settlement Administrator subject to review by Physical Lead Counsel and the Court.

17.  This Plan shall be subject to change by the Court without further notice to Class members.

## DAILY PLATINUM ARTIFICIALITY

For transactions in Platinum Bullion (platinum conforming to NYMEX "good delivery" requirements and/or of at least 99.95% purity) between November 19, 2007, and anytime on June 18, 2008, inclusive, the amount of positive artificiality for each troy ounce of platinum is set forth below.

**Platinum Daily Artificiality Estimates**

**($ per troy ounce)**

| Date of Transaction | Artificiality ($ per troy oz) | Date of Transaction | Artificiality ($ per troy oz) |
|---|---|---|---|
| 19-Nov-07 | $1.9299 | 17-Jan-08 | $71.4062 |
| 20-Nov-07 | $2.8948 | 18-Jan-08 | $75.2659 |
| 21-Nov-07 | $4.8247 | 22-Jan-08 | $79.1257 |
| 23-Nov-07 | $4.8247 | 23-Jan-08 | $82.9855 |
| 26-Nov-07 | $4.8247 | 24-Jan-08 | $86.8453 |
| 27-Nov-07 | $5.7897 | 25-Jan-08 | $90.7051 |
| 28-Nov-07 | $7.7196 | 28-Jan-08 | $94.5649 |
| 29-Nov-07 | $7.7196 | 29-Jan-08 | $98.5649 |
| 30-Nov-07 | $9.6495 | 30-Jan-08 | $100.3546 |
| 3-Dec-07 | $10.6144 | 31-Jan-08 | $100.3546 |
| 4-Dec-07 | $12.5443 | 1-Feb-08 | $100.3546 |
| 5-Dec-07 | $14.4742 | 4-Feb-08 | $102.2845 |
| 6-Dec-07 | $16.4041 | 5-Feb-08 | $106.1443 |
| 7-Dec-07 | $18.3340 | 6-Feb-08 | $110.0041 |
| 10-Dec-07 | $20.2639 | 7-Feb-08 | $113.8639 |
| 11-Dec-07 | $20.2639 | 8-Feb-08 | $113.8639 |
| 12-Dec-07 | $24.1237 | 11-Feb-08 | $119.6536 |
| 13-Dec-07 | $24.1237 | 12-Feb-08 | $123.5133 |
| 14-Dec-07 | $27.0185 | 13-Feb-08 | $125.4432 |
| 17-Dec-07 | $28.9484 | 14-Feb-08 | $129.3030 |
| 18-Dec-07 | $30.8783 | 15-Feb-08 | $133.1628 |
| 19-Dec-07 | $30.8783 | 19-Feb-08 | $133.1628 |
| 20-Dec-07 | $30.8783 | 20-Feb-08 | $137.0226 |
| 21-Dec-07 | $34.7381 | 21-Feb-08 | $140.8824 |
| 24-Dec-07 | $34.7381 | 22-Feb-08 | $144.7422 |
| 26-Dec-07 | $36.6680 | 25-Feb-08 | $148.6020 |
| 27-Dec-07 | $38.5979 | 26-Feb-08 | $152.4618 |
| 28-Dec-07 | $40.5278 | 27-Feb-08 | $156.3216 |
| 31-Dec-07 | $44.3876 | 28-Feb08 | $156.3216 |
| 2-Jan-08 | $46.3175 | 29-Feb-08 | $160.1814 |
| 3-Jan-08 | $50.1773 | 3-Mar-08 | $164.0412 |
| 4-Jan-08 | $52.1072 | 4-Mar-08 | $165.9711 |
| 7-Jan-08 | $54.0371 | 5-Mar-08 | $169.8309 |
| 8-Jan-08 | $55.9670 | 6-Mar-08 | $173.6906 |
| 9-Jan-08 | $57.8969 | 7-Mar-08 | $173.6906 |
| 10-Jan-08 | $59.8268 | 10-Mar-08 | $177.5504 |
| 11-Jan-08 | $61.7567 | 11-Mar-08 | $177.5504 |
| 14-Jan-08 | $65.6165 | 12-Mar-08 | $177.5504 |
| 15-Jan-08 | $67.5464 | 13-Mar-08 | $177.5504 |
| 16-Jan-08 | $67.5464 | 14-Mar-08 | $177.5504 |

| Date of Transaction | Actual Daily WHP Price ($ per troy oz) | Date of Transaction | Actual Daily WHP Price ($ per troy oz) |
|---|---|---|---|
| 17-Mar-08 | $177.5504 | 28-May-08 | $157.8278 |
| 18-Mar-08 | $177.5504 | 29-May-08 | $95.0675 |
| 19-Mar-08 | $177.5504 | 30-May-08 | $95.0675 |
| 20-Mar-08 | $181.4102 | 2-Jun-08 | $91.2073 |
| 24-Mar-08 | $183.3401 | 3-Jun-08 | $89.8490 |
| 25-Mar-08 | $183.3401 | 4-Jun-08 | $76.6657 |
| 26-Mar-08 | $187.1999 | 5Jun-08 | $64.8719 |
| 27-Mar-08 | $187.1999 | 6-Jun-08 | $64.8719 |
| 28-Mar-08 | $191.0597 | 9-Jun-08 | $64.8719 |
| 31-Mar-08 | $194.9195 | 10-Jun-08 | $39.9260 |
| 1-Apr-08 | $198.7793 | 11-Jun-08 | $39.9260 |
| 2-Apr-08 | $198.7793 | 12-Jun-08 | $39.9260 |
| 3-Apr-08 | $200.7092 | 13-Jun-08 | $39.9260 |
| 4-Apr-08 | $201.6741 | 16-Jun-08 | $15.1968 |
| 7-Apr-08 | $203.6040 | 17-Jun-08 | $14.4375 |
| 8-Apr-08 | $203.6040 | 18-Jun-08 | $14.4375 |
| 9-Apr-08 | $207.4638 | | |
| 10-Apr-08 | $209.3937 | | |
| 11-Apr-08 | $211.3236 | | |
| 14-Apr-08 | $211.3236 | | |
| 15-Apr-08 | $211.3236 | | |
| 16-Apr-08 | $213.2535 | | |
| 17-Apr-08 | $215.1834 | | |
| 18-Apr-08 | $217.1133 | | |
| 21-Apr-08 | $219.0432 | | |
| 22-Apr-08 | $220.9731 | | |
| 23-Apr-08 | $220.9731 | | |
| 24-Apr-08 | $220.9731 | | |
| 25-Apr-08 | $220.9731 | | |
| 28-Apr-08 | $220.9731 | | |
| 29-Apr-08 | $222.9030 | | |
| 30-Apr-08 | $223.8679 | | |
| 1-May-08 | $225.7978 | | |
| 2-May-08 | $227.7277 | | |
| 5-May-08 | $227.7277 | | |
| 6-May-08 | $229.6576 | | |
| 7-May-08 | $231.5875 | | |
| 8-May-08 | $235.4473 | | |
| 9-May-08 | $239.3071 | | |
| 12-May-08 | $243.1669 | | |
| 13-May-08 | $245.0968 | | |
| 14-May-08 | $247.9916 | | |
| 15-May-08 | $251.8514 | | |
| 16-May-08 | $255.7112 | | |
| 19-May-08 | $257.6411 | | |
| 20-May-08 | $261.5009 | | |
| 21-May-08 | $263.4308 | | |
| 22-May-08 | $263.4308 | | |
| 23-May-08 | $263.4308 | | |
| 27-May-08 | $248.1304 | | |

**DAILY PALLADIUM ARTIFICIALITY**

    For transactions in Palladium Bullion, (palladium conforming to NYMEX "good delivery" requirements and/or of at least 99.95% purity), between November 1, 2007, and any time on June 18, 2008, inclusive, the amount of positive artificiality for each troy ounce of palladium is set forth below.

**Palladium Daily Artificiality Estimates**

**($ per troy ounce)**

| Date of Transaction | Artificiality ($ per troy ounce) | Date of Transaction | Artificiality ($ per troy ounce) |
|---|---|---|---|
| 1-Nov-07 | $0.2715 | 3-Jan-08 | $16.5598 |
| 2-Nov-07 | $0.2715 | 4-Jan-08 | $17.1027 |
| 5-Nov-07 | $0.5429 | 7-Jan-08 | $17.6457 |
| 6-Nov-07 | $1.0859 | 8-Jan-08 | $18.1886 |
| 7-Nov-07 | $1.3574 | 9-Jan-08 | $18.7316 |
| 8-Nov-07 | $1.6288 | 10-Jan-08 | $19.2745 |
| 9-Nov-07 | $1.9003 | 11-Jan-08 | $19.8175 |
| 12-Nov-07 | $2.1718 | 14-Jan-08 | $20.9034 |
| 13-Nov-07 | $2.7147 | 15-Jan-08 | $21.4463 |
| 14-Nov-07 | $2.9862 | 16-Jan-08 | $21.4463 |
| 15-Nov-07 | $3.2577 | 17-Jan-08 | $22.5322 |
| 16-Nov-07 | $3.2577 | 18-Jan-08 | $23.6181 |
| 19-Nov-07 | $3.2577 | 22-Jan-08 | $24.1610 |
| 20-Nov-07 | $3.5291 | 23-Jan-08 | $24.7040 |
| 21-Nov-07 | $3.8006 | 24-Jan-08 | $25.7899 |
| 23-Nov-07 | $4.0721 | 25-Jan-08 | $26.8757 |
| 26-Nov-07 | $4.3436 | 28-Jan-08 | $27.9616 |
| 27-Nov-07 | $4.8865 | 29-Jan-08 | $29.0475 |
| 28-Nov-07 | $5.4294 | 30-Jan-08 | $29.0475 |
| 29-Nov-07 | $5.7009 | 31-Jan-08 | $29.0475 |
| 30-Nov-07 | $6.7868 | 1-Feb-08 | $29.0475 |
| 3-Dec-07 | $7.0583 | 4-Feb-08 | $29.5905 |
| 4-Dec-07 | $7.3297 | 5-Feb-08 | $30.1334 |
| 5-Dec-07 | $7.8727 | 6-Feb-08 | $31.2193 |
| 6-Dec-07 | $8.4156 | 7-Feb-08 | $31.7622 |
| 7-Dec-07 | $8.4156 | 8-Feb-08 | $32.8481 |
| 10-Dec-07 | $8.9586 | 11-Feb-08 | $33.3911 |
| 11-Dec-07 | $8.9586 | 12-Feb-08 | $33.9340 |
| 12-Dec-07 | $9.5015 | 13-Feb-08 | $34.4770 |
| 13-Dec-07 | $10.0445 | 14-Feb-08 | $35.5629 |
| 14-Dec-07 | $10.5874 | 15-Feb-08 | $36.6487 |
| 17-Dec-07 | $11.1304 | 19-Feb-08 | $37.7346 |
| 18-Dec-07 | $11.6733 | 20-Feb-08 | $38.8205 |
| 19-Dec-07 | $11.6733 | 21-Feb-08 | $39.9064 |
| 20-Dec-07 | $11.6733 | 22-Feb-08 | $40.9923 |
| 21-Dec-07 | $12.2162 | 25-Feb-08 | $42.0782 |
| 24-Dec-07 | $12.7592 | 26-Feb-08 | $43.1641 |
| 26-Dec-07 | $13.3021 | 27-Feb-08 | $44.2500 |
| 27-Dec-07 | $13.8451 | 28-Feb08 | $44.2500 |
| 28-Dec-07 | $14.3880 | 29-Feb-08 | $45.3359 |
| 31-Dec-07 | $15.4739 | 3-Mar-08 | $46.4217 |
| 2-Jan-08 | $16.0169 | 4-Mar-08 | $47.5076 |

| Date of Transaction | Average Daily VWAP (as per troy ounce) | Date of Transaction | Average Daily VWAP (as per troy ounce) |
|---|---|---|---|
| 5-Mar-08 | $48.5935 | 15-May-08 | $81.9520 |
| 6-Mar-08 | $49.6794 | 16-May-08 | $83.0379 |
| 7-Mar-08 | $50.4938 | 19-May-08 | $84.1238 |
| 10-Mar-08 | $51.5797 | 20-May-08 | $85.2097 |
| 11-Mar-08 | $52.1227 | 21-May-08 | $86.2956 |
| 12-Mar-08 | $52.6656 | 22-May-08 | $86.2956 |
| 13-Mar-08 | $52.6656 | 23-May-08 | $86.2956 |
| 14-Mar-08 | $53.7515 | 27-May-08 | $81.2834 |
| 17-Mar-08 | $54.8374 | 28-May-08 | $51.7018 |
| 18-Mar-08 | $54.8374 | 29-May-08 | $31.1425 |
| 19-Mar-08 | $54.8374 | 30-May-08 | $31.1425 |
| 20-Mar-08 | $55.9233 | 2-Jun-08 | $29.8780 |
| 24-Mar-08 | $56.4662 | 3-Jun-08 | $29.4330 |
| 25-Mar-08 | $57.5521 | 4-Jun-08 | $25.1144 |
| 26-Mar-08 | $58.6380 | 5-Jun-08 | $21.2510 |
| 27-Mar-08 | $58.6380 | 6-Jun-08 | $21.2510 |
| 28-Mar-08 | $59.1809 | 9-Jun-08 | $21.2510 |
| 31-Mar-08 | $60.5057 | 10-Jun-08 | $13.0791 |
| 1-Apr-08 | $61.5916 | 11-Jun-08 | $13.0791 |
| 2-Apr-08 | $62.6775 | 12-Jun-08 | $13.0791 |
| 3-Apr-08 | $63.7634 | 13-Jun-08 | $13.0791 |
| 4-Apr-08 | $64.8493 | 16-Jun-08 | $4.9782 |
| 7-Apr-08 | $65.3922 | 17-Jun-08 | $4.7295 |
| 8-Apr-08 | $65.3922 | 18-Jun-08 | $4.7295 |
| 9-Apr-08 | $65.9352 | | |
| 10-Apr-08 | $67.0211 | | |
| 11-Apr-08 | $67.5640 | | |
| 14-Apr-08 | $68.1069 | | |
| 15-Apr-08 | $68.6499 | | |
| 16-Apr-08 | $69.1928 | | |
| 17-Apr-08 | $69.7358 | | |
| 18-Apr-08 | $70.8217 | | |
| 21-Apr-08 | $71.3646 | | |
| 22-Apr-08 | $71.9076 | | |
| 23-Apr-08 | $71.9076 | | |
| 24-Apr-08 | $71.9076 | | |
| 25-Apr-08 | $72.7220 | | |
| 28-Apr-08 | $72.7220 | | |
| 29-Apr-08 | $73.8079 | | |
| 30-Apr-08 | $74.0793 | | |
| 1-May-08 | $74.6223 | | |
| 2-May-08 | $75.1652 | | |
| 5-May-08 | $75.7082 | | |
| 6-May-08 | $76.7941 | | |
| 7-May-08 | $77.3370 | | |
| 8-May-08 | $77.8799 | | |
| 9-May-08 | $78.4229 | | |
| 12-May-08 | $78.9658 | | |
| 13-May-08 | $80.0517 | | |
| 14-May-08 | $80.8661 | | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUST BE RECEIVED NO LATER THAN
OCTOBER 3, 2014

*In Re: Platinum And Palladium Commodities Litigation*

MASTER FILE
No. 10 Civ. 3617 (WHP)

This Document Relates To:

Platinum/Palladium Physical Action

## REQUEST FOR EXCLUSION FROM CLASS ACTION SETTLEMENT

*Complete This Form Only If You Choose <u>Not</u> To Participate In This Settlement*

## I.   INSTRUCTIONS

1.   This "Request for Exclusion" may be used to exclude yourself from the Settlement in the above captioned class action ("Physical Action"). If you wish to remain a member of the Physical Class (as defined below), do not complete or return this Request for Exclusion. Before deciding whether to request exclusion from the Settlement or to take other action, make sure you have read the Notice of Proposed Class Action Settlement, November 7, 2014 Hearing Thereon, And Class Members' Rights ("Notice").

2.   To validly exclude yourself from the Settlement, you must complete, sign, and return this Request for Exclusion to the Settlement Administrator at the address set forth below. Your Request for Exclusion must be received by the Settlement Administrator on or before October 3, 2014.

PLATINUM AND PALLADIUM LITIGATION SETTLEMENT—PHYSICAL ACTION
EXCLUSIONS
c/o A.B. DATA, LTD.
3410 WEST HOPKINS STREET
MILWAUKEE, WI  53216

3.   This Request for Exclusion adopts and incorporates the definitions in the Stipulation and Agreement of Settlement, dated March 21, 2014, which is available on the settlement website at www.PlatinumPalladiumPhysicalLitigation.com.

4.   To exclude yourself from the Settlement you must be a member of the following Physical Class:

All Persons and/or entities who purchased, invested in, or otherwise acquired an interest in physical or spot platinum or palladium bullion conforming to NYMEX "good delivery" requirements and/or of at least 99.95% purity ("Platinum and/or Palladium Bullion") in the United States physical or "spot" market during the period of June 1, 2006 through April 29, 2010 (the "Class Period").  Excluded from the Physical Class are (i) the Settling Defendants, MF Global, Inc., any co-conspirators alleged in the Complaint or any subsequent amended complaint filed prior to the Exclusion Bar Date, Alan Craig Kleinstein, Dominick Frank Terrone, Richard Peter Trifoglio Sr., Frederick Charles Ferriola, Peter Michael Venus, Lawrence Frasca Favuzza, John Anthony Sakulich and any NYMEX floor brokers or NYMEX floor traders who refuse to execute the certification in the Proof of Claim attesting that they were not co-conspirators, or aiders or abettors of the Settling Defendants or Non-Settling Defendants, and  (ii) Opt Outs.

## II. BACKGROUND INFORMATION

STATE OF _____ )

COUNTY OF _____ )

_____, under penalty of perjury, says:

1.  Please provide the following information:

Name of Person Requesting Exclusion:

Individual _____ Corporation _____ Estate _____ Other (please specify) _____

Name of Person Executing Request for Exclusion:

Capacity of Person Executing Request for Exclusion:

Address Line 1

Address Line 2

City                                    State          Zip Code

Daytime Phone Number

(          )          —

Social Security Number              OR     Tax Identification Number

E-mail Address:

Nature of Business:

**III. INFORMATION CONCERNING CERTAIN TRANSACTIONS**

1. If you purchased, sold or otherwise acquired an interest in Platinum and/or Palladium Bullion during the Class Period (i.e., June 1, 2006 – April 29, 2010), then you must provide the information set forth in the Table I below for all such transactions.

| TABLE I—PURCHASE(S) AND SALE(S) OF PHYSICAL PLATINUM DURING THE CLASS PERIOD | | | | | |
|---|---|---|---|---|---|
| **Date of Transaction** | **Number of Troy Ounces in Transaction** | **Transaction Price (or Price Per Ounce)** | **Type of Transaction (Purchase, Sale, Interest in Acquired in)** | **Where Transaction Occurred and Account Number (if applicable)** | **Hedging Transaction (Yes or No)[1]** |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

2. If you purchased, sold or otherwise acquired an interest in Platinum and/or Palladium Bullion during the Class Period (*i.e.*, June 1, 2006 – April 29, 2010), then you must provide the information set forth in the Table II below for all such transactions.

| TABLE II—PURCHASE(S) AND SALE(S) OF PHYSICAL PALLADIUM DURING THE CLASS PERIOD | | | | | |
|---|---|---|---|---|---|
| **Date of Transaction** | **Number of Troy Ounces in Transaction** | **Transaction Price (or Price Per Ounce)** | **Type of Transaction (Purchase, Sale, Interest in Acquired in)** | **Where Transaction Occurred and AccountNumber (if applicable)** | **Hedging Transaction (Yes or No)** |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

3. Were any of the transactions you listed in Table I or Table II above conducted by you as a "Swap Dealer"? A Swap Dealer is any person who (i) holds itself out as a dealer of swaps, (ii) makes a market in swaps, (iii) regularly enters into swaps with counterparties as an ordinary course of business for its own account, or (iv) engages in activity causing itself to be commonly known in the trade as a dealer or market maker in swaps. If your answer is YES, please list all of your transactions as a Swap Dealer in the space provided below:

---

[1] Hedging Transactions are defined as any offsetting exposures held or acquired by you or any of your affiliates that relate to platinum or palladium, including but not limited to platinum and/or palladium futures contracts, swap contracts, and forward contracts.

4.   Please list all precious metals brokers and/or dealers through which you maintained accounts or executed transactions in Platinum and/or Palladium Bullion during the Class Period (*i.e.*, June 1, 2006 through April 29, 2010).

_____

_____

## IV. CERTIFICATIONS

1.   I certify I am a member of the Physical Class as defined in Section I above.

2.   I certify I have read the Notice which explains my rights with respect to the Settlement. After reading the Notice, I have decided to opt out of the Settlement. By opting out of the Settlement, I understand I will be ineligible to share in the Net Settlement Fund. And I understand by opting out I may independently pursue any claims I may have against the Settling Defendants at my own expense.

3.   I certify I have taken reasonable efforts to locate all the information requested in Section III above.

4.   By signing below, I acknowledge I am voluntarily excluding myself from the Settlement.

**I declare and affirm under penalties of perjury the foregoing statements and the information provided herein are true, correct and complete.**

This Request for Exclusion was executed this _____ day of _____, 20_____ in _____, _____.

(City/Province)                  (State/Country)

_____
Signature of Class Member Requesting Exclusion

_____
Type or Print Name

_____
Capacity of Person Signing (e.g., President, Trustee, Custodian, etc.)

If you are acting for an entity, please submit proof of your authority (e.g., corporate resolution, trust agreement, etc.).

If your Request for Exclusion seeks damages in excess of ten thousand dollars ($10,000) you must also have this form notarized below:

Sworn to before me this ____ day of _____, 20_____.

_____
Notary Public

# Exhibit B

### NOTICE OF CLASS ACTION SETTLEMENT

**If You Purchased, Invested In, or Otherwise Acquired an Interest in Platinum or Palladium Bullion in the United States Physical or "Spot" Market Conforming to NYMEX "Good Delivery" Requirement, or Purchased Platinum or Palladium Bullion of at Least 99.95% Purity, During the Period of June 1, 2006 through April 29, 2010, Inclusive, Then Your Rights Will Be Affected and You May Be Entitled to a Benefit**

The purpose of this notice is to inform you of a Settlement with defendants Moore Capital Management, LP; Moore Capital Management, LLC; Moore Capital Advisors, LLC; Moore Advisors, Ltd.; Moore Macro Fund, LP; Moore Global Fixed Income Master Fund, LP; Christopher Pia; Louis Bacon; Eugene Burger (together the "Moore Defendants"); and Joseph Welsh ("Welsh" and together with the Moore Defendants, the "Settling Defendants") in the class action *In re: Platinum and Palladium Commodities Litig.* (Platinum/Palladium Physical Action), 10-cv-3617 (WHP) (S.D.N.Y.) ("Physical Action") pending in the U.S. District Court for the Southern District of New York. The Court has scheduled a public Fairness Hearing on November 7, 2014, at 11:00 a.m. at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY, Courtroom 20B.

To resolve the claims against them, the Moore Defendants have agreed to pay $9,355,000 for the Physical Class's benefit. Defendant Welsh has agreed to assign certain claims to the Physical Class. *See* the Settlement Agreement available at www.PlatinumPalladiumPhysicalLitigation.com.

The Settling Defendants have consistently and vigorously denied the Physical Plaintiffs' claims. By entering into the Settlement Agreement with the Physical Plaintiffs, the Settling Defendants do not admit and instead continue to deny that they engaged in any unlawful conduct, and that any member of the Physical Class suffered compensable damages. The District Court previously dismissed the Physical Plaintiffs' claims without prejudice, additional motions to dismiss were filed and contemplated, and the Court has never rendered a final ruling on the factual or legal sufficiency of the Physical Plaintiffs' claims. Absent a settlement, the defendants would continue to vigorously oppose each and every aspect of the Physical Plaintiffs' claims and alleged damages.

Defendant MF Global, Inc. is not part of this Settlement. Also, there is a separate settlement involving certain transactions in platinum and palladium futures contracts during the same time period. Additional information regarding the futures settlement is available at www.PlatinumPalladiumFuturesLitigation.com.

A copy of the Settlement Agreement, the formal Settlement Notice, Plan of Allocation, Proof of Claim, Request For Exclusion form and other important documents are available on the settlement website at www.PlatinumPalladiumPhysicalLitigation.com. For additional information, you may also contact the Settlement Administrator, A.B. Data, Ltd., at 800-918-9014 or at the below address:

PLATINUM AND PALLADIUM LITIGATION SETTLEMENT—PHYSICAL ACTION
c/o A.B. DATA, LTD.
PO Box 170500
MILWAUKEE, WI 53217-8091
info@PlatinumPalladiumPhysicalLitigation.com

If you are a member of the Physical Class, you may seek to participate in the Settlement by submitting a Proof of Claim that is received by the Settlement Administrator on or before January 21, 2015. You may obtain a Proof of Claim on the settlement website referenced above. If you are a member of the Physical Class but do not file a Proof of Claim, you will still be bound by the releases set forth in the Settlement Agreement if the Court enters an order approving the Settlement Agreement. All objections must be made in accordance with the instructions set forth in the formal Settlement Notice and must be filed with the Court and served on the Parties' counsel by October 15, 2014. All requests to be excluded from the Settlement must be made in accordance with the instructions set forth in the formal Settlement Notice and must be received by the Settlement Administrator no later than October 3, 2014. You may obtain a Request for Exclusion form on the settlement website referenced above.

# Exhibit C

**In re: Platinum and Palladium Commodities Litigation (Platinum/Palladium Physical Action)**



| Home |
| Moore/Welsh Settlement |
| MF Global Settlement |
| Notice |
| Proof of Claim and Release |
| Court Documents |
| Institutional Electronic Filing - Broker/Nominee Electronic Filing |
| Daily Artificiality Tables and Calculation Examples |
| Frequently Asked Questions |
| Contact Information |

This official website is maintained by the Settlement Administrator retained and supervised by Physical Lead Counsel for the Physical Class members in the action entitled, In Re: Platinum and Palladium Commodities Litigation (Platinum/Palladium Physical Action), 10-cv-3617 (WHP) (the "Action"), pending in the United States District Court for the Southern District of New York.

This website contains information regarding the settlements reached in the above mentioned Action between Physical Plaintiffs and (i) the Moore Defendants and Defendant Welsh, and (ii) Defendant MF Global, Inc. ("MFGI").

For more information regarding the **Moore/Welsh Settlement**, please click here.

For more information regarding the **MF Global, Inc. Settlement**, please click here.

**Please note:**    Potential Physical Class members need only submit ONE Proof of Claim and Release form to participate in BOTH the Moore/Welsh Settlement and the MF Global, Inc. Settlement. However, SEPARATE objections or requests for exclusion must be filed for each settlement. Please review each settlement webpage for additional details.

**Important Updates:**

1.  October 7, 2014: An updated Scheduling Order dated October 7, 2014 has updated the Important Dates and Deadlines section on the Moore Settlement page of this website.

2.  November 14, 2014: The Court issued an Order dated November 14, 2014 that set certain deadlines and directed notice of the proposed settlement with MF Global be provided to the Physical Class.   More information can be found on the MF Global Settlement page of this website.

You will need Adobe Reader to view documents on this site. You can learn more about Adobe Reader and download the latest version by clicking here.

Privacy Policy                                                   Provided by A.B. Data, Ltd.