# EXHIBIT D

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In Re: Platinum And Palladium Commodities Litigation*<br><br>This Document Relates To:<br><br>Platinum/Palladium Physical Action | Master File No. No. 10 Civ. 3617 (WHP) |

**Declaration Of Eric J. Miller On Behalf Of Settlement Administrator
A.B. Data, Ltd. Regarding Notice And Claims Administration**

I, Eric J. Miller, declare as follows:

1.      I am the Vice President of Client Services of A.B. Data, Ltd.'s Class Action Administration Division ("A.B. Data"). I am over 21 years of age and am not a party to this Action. My business address is 3507 Kyoto Gardens Drive, Suite 200, Palm Beach Gardens, Florida, 33410, and my telephone number is (561) 336-1801. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.      I submit this Declaration to provide the Court and the parties to the above-captioned class action litigation (the "Action") with information about the mailing of the Notice of Proposed Class Action Settlement, February 13, 2015 Hearing Thereon, and Class Members' Rights (the "Class Notice"), and Proof of Claim and Release (the "Claim Form") (collectively, the "Notice Packet"), the publication of notice, the establishment and maintenance of a website, and other administrative activities.

3.     Pursuant to Paragraph 20 of the Order Scheduling Hearing to Consider the Fairness, Reasonableness, and Adequacy of the Physical Plaintiffs' Proposed Settlement with Defendant MF Global Inc. and Authorizing the Dissemination of Notice of Such Proposed Settlement to the Physical Class, entered November 14, 2014 (the "MF Global Scheduling Order"), the Court approved A.B. Data to serve as Settlement Administrator to supervise and administer the notice procedure in connection with the proposed Settlement. This Declaration reports the implementation of the notice program, which consisted of the following:

A.     disseminating copies of the Class Notice to i) MONEX Credit Company of Newport Beach, California, APMEX, Inc. of Oklahoma City, Oklahoma, Dillon Gage, Inc. of Addison, Texas, Kitco Metals, Inc. of Rouses Point, New York, and United States Mint, and ii) any additional reasonably identifiable members of the Physical Class;

B.     publishing and releasing the publication notice as follows: i) for two consecutive months in *Stock and Commodities Magazine*; ii) on the *Stock and Commodities Magazine* website for one month; iii) for two consecutive months in *Futures Magazine*; iv) on the *Futures Magazine* website for one month; for two consecutive months in *Futures & Options World Magazine*; v) for four consecutive Monday editions of *Investor's Business Daily*; vi) for one month on the *Investors Business Daily* website; vii) for two consecutive weeks in *Barron's Magazine*; viii) in two editions of *The Wall Street Journal*; and iv) for one month on the *Kitco.com* website.

C.     establishing a case-specific website, which made available free copies of the Class Notice and Proof of Claim and Release forms in downloadable form, as well as other case-related documents, at www.PlatinumPalladiumPhysicalLitigation.com.

**Notice Effectuation**

4.     On or about November 18, 2014, A.B. Data prepared a mailing database including i) MONEX Credit Company of Newport Beach, California; ii) APMEX, Inc. of Oklahoma City, Oklahoma; iii) Dillon Gage, Inc. of Addison, Texas; iv) Kitco Metals, Inc. of Rouses Point, New York; and v) the United States Mint (the "Initial Mailing List").

5.     Pursuant to Paragraph 7 of the MF Global Scheduling Order, the mailing was to commence by November 21, 2014. Beginning November 21, 2014, A.B. Data caused five Notice Packets to be delivered to the USPS to be mailed via first-class mail, postage prepaid, to the entities on the Initial Mailing List. A true and accurate copy of which is attached hereto as **Exhibit A**.

**Publication**

6.     In accordance with Paragraph 8 of the MF Global Scheduling Order, A.B. Data has caused publication of the notice in *Stock and Commodities Magazine* for two consecutive months (January and February 2015), on the *Stock and Commodities Magazine* website for one month (December 1 through 31, 2014), in *Futures Magazine* for two consecutive months (January and February 2015), on the *Futures Magazine* website for one month (December 1 through 31, 2014), in *Investor's Business Daily* for four consecutive Mondays (December 1, 8, 15, and 22, 2014), for one month on the *Investor's Business Daily* website (December 1 through 31, 2014), for two consecutive weeks in *Barron's Magazine* (December 8 and 15, 2014, in two editions of the *Wall Street Journal* (December 5, 2014 and January 9, 2015), and for one month on the *Kitco.com* website (December 1 through 31, 2014).  A copy of the Publication Notice is attached hereto as **Exhibit B**.

7.     The MF Global Scheduling Order also ordered the notice be published in two consecutive months of *Futures & Options World* and for one month on the *Futures & Options World* website.  *Futures & Options World* has subsequently converted to a quarterly publication, therefore the earliest a replacement ad could run would be March 2015. As an alternative, the notice was published for one month in *Futures & Options World's* weekly e-newsletter distributed to approximately 6,000 recipients.

**Website**

8.      In accordance with Paragraph 9 of the MF Global Scheduling Order, on or about July 25, 2014, A.B. Data established the case-specific website, www.PlatinumPalladiumPhysicalLitigation.com, for the above-captioned case.  The website lists the exclusion, objection and claim filing deadlines, the date and time of the Fairness Hearing, general information regarding the case and its current status, and provides answers to frequently asked questions including example computations. Separate webpages were developed for the Moore/Welsh Settlement and the MF Global, Inc. Settlement to clearly distinguish the two settlements. Users of the website can freely view and download copies of the Class Notice, Proof of Claim and Release, and copies of other court documents, including the Court's orders and all settlement materials filed in support of Final Approval of both Settlements. A true and accurate copy of the web homepage is attached as **Exhibit C**.

9.      Additionally, the website includes an email address, info@PlatinumPalladiumPhysicalLitigation.com, for claimants to contact A.B. Data with questions or for any additional information.

10.      As of the date of this Declaration, the website has been visited 5,064 times.

**Telephone Hotline Communications**

11.      On or about July 25, 2014, a case-specific toll-free number, (800) 918-9014, was established with an Interactive Voice Response system and live operators. Callers to the toll-free number are presented with a series of choices in response to basic questions. If callers need further help, they have the option to be transferred to a live operator during business hours.

**Report On Exclusions**

12.     Pursuant to Paragraph 17 of the Revised Order and Section III (C) of the Notice, those members of the Physical Class requesting exclusion were to provide the following information: i) the date of each purchase, sale or other disposition of Platinum and/or Palladium Bullion during the Class Period; ii) at what price(s) such Platinum and/or Palladium was acquired and/or sold; iii) the names of any and all broker(s) used; and, iv) a statement and description of whether Platinum and/or Palladium Bullion was acquired as a hedge to exposures that relate to platinum or palladium during the Class Period, including but not limited to platinum and/or palladium futures contracts, swap contracts, and forward contracts; and v) whether such Physical Class member was a swaps-dealer.

13.     As of the date of this Declaration, A.B. Data has not received any requests for exclusion.

**Report On Objections**

14.     Pursuant to Paragraph 14 of the Revised Order and Section III (B) of the Notice, those members of the Physical Class who wish to object to any aspect of the Settlement, application for attorneys' fee and expenses, or the Final Judgment were to file such objection with the Court and serve on the Physical's Lead Counsel and all counsel of record for the Settling Defendants no later than January 21, 2015.

15.     As of the date of this Declaration, A.B. Data has not received any objections to the Settlement and knows of no other objections sent to Physical Lead Counsel and/or counsel for the Settling Defendants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 13th day of January 2015.

_____

Eric J. Miller

# Exhibit A

**IMPORTANT LEGAL NOTICE TO ALL MEMBERS OF THE CLASS**
**FORWARD TO CORPORATE HEADQUARTERS/LEGAL COUNSEL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In Re: Platinum And Palladium Commodities Litigation*<br><br>This Document Relates To:<br><br>  Platinum/Palladium Physical Action | MASTER FILE<br>No. 10 Civ. 3617 (WHP) |

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT,**
**FEBRUARY 13, 2015 HEARING THEREON, AND CLASS MEMBERS' RIGHTS**

TO:   ALL PERSONS AND/OR ENTITIES WHO PURCHASED, INVESTED IN, OR OTHERWISE ACQUIRED AN INTEREST IN PLATINUM OR PALLADIUM METAL OR BULLION IN THE UNITED STATES PHYSICAL OR "SPOT" MARKET CONFORMING TO NYMEX "GOOD DELIVERY" REQUIREMENTS, OR PURCHASED PLATINUM OR PALLADIUM BULLION OF AT LEAST 99.95% PURITY, DURING THE PERIOD OF JUNE 1, 2006 THROUGH APRIL 29, 2010 (THE "CLASS PERIOD").

*PLEASE READ THIS ENTIRE NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY THE ABOVE CAPTIONED CLASS ACTION LAWSUIT PENDING IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK. THIS NOTICE ADVISES YOU OF YOUR OPTIONS REGARDING THE CLASS ACTION SETTLEMENT, INCLUDING WHAT YOU MUST DO IF YOU WISH TO SHARE IN THE NET SETTLEMENT FUND.*

If you are an entity through whom persons and/or entities purchased, invested in, or otherwise acquired an interest in platinum and/or palladium in the United States physical or "spot" market conforming to New York Mercantile Exchange ("NYMEX") "good delivery" requirements and/or at least 99.95% purity ("Platinum and/or Palladium Bullion"), during the period of June 1, 2006 through April 29, 2010 (i.e. the Class Period), you should provide the name and last-known address for such customers to the Settlement Administrator at the address listed below within two weeks of receiving this Notice. The Settlement Administrator will cause copies of this Notice to be forwarded to each customer identified at the address so designated.

**Please be advised that this Notice is separate and in addition to the previously published notice concerning the Physical Plaintiffs' prior $9,355,000 settlement with the Moore Capital Defendants and Defendant Joseph Welsh. If you filed a proof of claim in connection with the prior settlement with the Moore Capital Defendants and Defendant Welsh, you do NOT need to file another proof of claim in order to participate in the Settlement with Defendant MF Global Inc., which is the subject of this Notice. However, if you have objected or have requested to exclude yourself from the prior settlement with the Moore Capital Defendants and Defendant Welsh, you must file SEPARATE objections or a SEPARATE request for exclusion if you wish to object or wish to request to be excluded from this separate Settlement with MF Global Inc. Thus, if you have already taken steps in order to object or to request to be excluded from the prior settlement with the Moore Capital Defendants and Defendant Welsh, you must take additional steps (described herein) if you wish to object or wish to request to be excluded from the Settlement with Defendant MF Global Inc.**

This Notice of the proposed partial settlement of the Physical Action is being given pursuant to Federal Rule of Civil Procedure 23 and an Order of the United States District Court for the Southern District of New York (the "Court"). The purpose of this Notice is to inform you of your rights in connection with a proposed Settlement with James W. Giddens, as trustee (the "Trustee") for the liquidation of MF Global Inc. ("MFGI") under the Securities Investor Protection Act (the "SIPA Proceeding"). MFGI was, prior to the SIPA Proceeding, a Defendant in the above-captioned class action ("Physical Action") Plaintiffs filed a claim in the SIPA proceeding based on the same allegations. In the Physical Action, the Physical Plaintiffs[1] allege that MFGI, Non-Settling Defendants and other persons engaged in unlawful or actionable conduct between June 1, 2006 and May 21, 2008, which allegedly created an artificial impact on the "spot" price of platinum and palladium. This includes allegations that, between at least October 17, 2007 and June 6, 2008, certain of such persons combined, conspired, and agreed to unlawfully manipulate the "spot" prices of NYMEX physical platinum and palladium in violation of the Sherman Antitrust Act ("Sherman Act"), 15 U.S.C. §§ 1 *et seq.*, the Racketeer Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, and New York common law. This Settlement covers the period from June 1, 2006 until April 29, 2010.[2]

In order to resolve the claims, (1) the Trustee has agreed, subject to approval of the Bankruptcy Court, to the allowance of a final, non-appealable allowed claim in the SIPA Proceeding in the amount of $2,317,857.14 for the benefit of the Physical Class; (2) MFGI's

---

[1] Unless otherwise stated, capitalized terms used herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement dated October 21, 2014. The terms and conditions of this Notice are qualified by the Settlement Agreement.

[2] This Settlement is separate from the Physical Plaintiffs proposed Settlement with the Moore Capital Defendants and Joseph Welsh. Also, there is a separate settlement with Defendant MF Global involving certain transactions in platinum futures contracts and palladium futures contracts.

insurance carrier has agreed to this approval of the Bankruptcy Court to make an additional payment to the $37,500; and (3) MF Global Holdings, Ltd. has agreed to provide further specific consideration to the Physical Plaintiffs and the Physical Class, including an all-cash payment of $200,000 in consideration for the Physical Plaintiffs' agreement to assign certain rights in relation to an anticipated judgment against Defendant Joseph Welsh.  *See* II.A. below.

**Right to Submit a Proof of Claim**.  Members of the Physical Class may be entitled to share in the Net Settlement Fund if they submit a valid and timely Proof of Claim that is received by the Settlement Administrator no later than April 29, 2015.  See III.A. below. The Proof of Claim form is attached.  By remaining in this action, you may not separately bring or file the claims asserted herein.  If you are a member of the Physical Class but do not file a Proof of Claim, you will still be bound by the foregoing and the releases set forth in the Settlement Agreement if the Court enters an order approving the Settlement Agreement.  See II.G. below.

**Fairness Hearing and Right to Object**.  The Court has scheduled a public Fairness Hearing on February 13, 2015, at 11:00 a.m. The purpose of the Fairness Hearing is to determine, among other things, whether the proposed Settlement, the Plan of Allocation and the application by Physical Lead Counsel for attorneys' fees and reimbursement of expenses are fair, reasonable, and adequate.  If you remain in the Physical Class, then you may object to any aspect of the Settlement, the Plan of Allocation, Physical Lead Counsel's request for attorneys' fees and expenses or any other matters.  See III.B. below.  All objections must be made in accordance with the instructions set forth below and must be filed with the Court and served on counsel for the Parties by January 21, 2015, or they will not be considered. See III.B below.

**Right to Exclude Yourself From The Settlement**.  You will be excluded from the Settlement and the Physical Class if you make a written request for exclusion and provide adequate supporting documentation in substantial conformity with the procedures established by the Court that is received by the Settlement Administrator (A.B. Data, Ltd.) at the address set forth in VII below on or before January 9, 2015.  See III.C. below.  If you are excluded from the Settlement you will not be entitled to object to any aspect of the Settlement or share in the Net Settlement Fund or otherwise participate in the Settlement.

However, the Trustee's asserts that, to the extent any potential Opt Out did not file a bankruptcy proof of claim prior to the Bar Date established in the SIPA Proceeding, such claim would be late filed and should be disallowed and expunged.  Additionally, the Trustee asserts that the claim of any Physical Class Member who opts out (even if a timely bankruptcy proof of claim was filed) will be subject to the claims allowance process in the Bankruptcy Court and may be subject to denial and expungement.  Further, the Trustee expects to object to any bankruptcy claim by any potential Opt Out as untimely filed and barred under SIPA to the extent that such Physical Class Member did not file a bankruptcy proof of claim before the Bar Date to recover on any basis related to the purchase or sale of physical platinum or palladium bullion in the Class Period.

# I. BACKGROUND OF THE LITIGATION

## A. The Nature of This Lawsuit

The Physical Plaintiffs allege MFGI, the Non-Settling Defendants and other persons engaged in unlawful or actionable conduct between June 1, 2006 and May 21, 2008, which allegedly continued to have artificial impact on prices after May 21, 2008.  This includes allegations that, between at least October 17, 2007 and June 6, 2008, certain of such persons combined, conspired, and agreed to manipulate the upwardly manipulate the "spot" prices of NYMEX physical platinum and palladium in violation of the CEA and Sherman Act, RICO, and New York common law.  They allegedly did so by multiple steps.  These include by allegedly repeatedly overpaying to purchase NYMEX platinum futures contracts and NYMEX palladium futures contracts during the end of the trading day.  Physical Plaintiffs allege that because the physical "spot" price is based on trading in the futures market, defendants' conduct impacted the physical platinum and palladium markets and artificially inflated the prices of physical platinum and palladium.  Physical Plaintiffs allege this artificiality caused them and others similarly situated to pay artificially high prices to purchase or otherwise invest in physical platinum and palladium conforming to NYMEX delivery requirements and platinum or palladium bullion of at least 99.95% purity during the Class Period.  The Physical Plaintiffs contend that the foregoing conduct caused them and others similarly situated to pay artificial prices in order to purchase physical platinum and palladium bullion.

Absent a settlement, the Trustee would continue to vigorously oppose each and every aspect of the Physical Plaintiffs' claims and alleged damages.  See Section I.B. below.  MFGI and the Trustee have consistently and vigorously denied the Physical Plaintiffs' claims and by entering into the Settlement Agreement with the Physical Plaintiffs, the Trustee does not admit and instead continues to deny that MFGI engaged in any unlawful conduct, and that any member of the Physical Class suffered compensable damages.  Neither the Bankruptcy Court nor the District Court (so far) has rendered a final ruling on whether the Physical Plaintiffs allege valid claims; nor have the Courts (so far) considered all the other matters that the Physical Plaintiffs would have to establish in order to prove those claims at a trial on behalf of any class and establish damages.

## B. Procedural History of the Action

On June 14, 2010, the Physical Plaintiffs filed an initial class action complaint against the Moore Capital defendants in the United States District Court for the Southern District of New York.  Docket No. 1.  By order dated July 20, 2010, the Court appointed Doyle Lowther LLP as interim class counsel for the putative class in the Physical Action.  See Docket No. 18.

On August 10, 2010, the Physical Plaintiffs filed a First Amended Consolidated Complaint, which added MFGI as a defendant. Docket No. 22.

On August 26, 2010, the defendants filed a motion seeking a stay of discovery pending a decision on their anticipated motion to dismiss the Physical Plaintiffs' complaint.  Docket No. 33.  On September 30, 2010, the Physical Plaintiffs filed their Second Amended Consolidated Complaint.  Docket No. 50.

On November 5, 2010, defendants moved to strike and dismiss the Physical Plaintiffs' Second Amended Consolidated Complaint.  Docket No. 55.  On November 30, 2010, the Court denied in part defendants' motion to stay discovery and ordered the defendants to provide the Physical Plaintiffs with copies of the approximately 250,000 pages of documents that defendants previously

produced to the Commodity Physical Trading Commission ("CFTC"). Separately, the Physical Plaintiffs issued subpoenas and, for example, received and reviewed the production of documents and deposition transcripts from the CFTC.

Case 1:10-cv-03617-WHP Document 278-4 Filed 01/13/15 Page 11 of 35

On September 13, 2011, the Court granted in part and denied in part, without prejudice, defendants' motion to strike and to dismiss the Second Amended Consolidated Complaint. Docket No. 70. As part of the same order, the Court granted the Physical Plaintiffs leave to re-plead their allegations. *Id.*

On November 8, 2011, Defendant MF Global filed a suggestion of bankruptcy. Docket No. 75.

On November 21, 2011, the Physical Plaintiffs filed their Third Consolidated Amended Class Action Complaint. Docket No. 80. On January 20, 2012, the non-settling defendants moved to dismiss all of the Physical Plaintiffs' claims in their Third Consolidated Amended Complaint. Docket No. 98. On January 18, 2013, the Physical Plaintiffs filed their Fourth Consolidated Amended Complaint. Docket No. 127.

On November 23, 2011, the Bankruptcy Court entered the Order Approving Trustee's Expedited Application to Establish Parallel Customer Claims Processes and Related Relief (ECF No. 423) (the "Claim Process Order"). All general creditor claims must have been received by June 2, 2012 (the "Bar Date").

On May 31, 2012, the Physical Plaintiffs, on behalf of the Physical Class, filed a bankruptcy proof of claim in the MF Global SIPA Proceeding in the Bankruptcy Court.

On February 7, 2013, prior to the time non-settling defendants' motions to dismiss were due to be filed, the Court adjourned such deadline to allow the parties time to explore settlement negotiations.

On July 29, 2013, the Physical Plaintiffs filed their Fifth Consolidated Amended Class Action Complaint which added, in the alternative, a negligence claim against Defendant Welsh.

On March 21, 2014, the Physical Plaintiffs entered into a settlement agreement with the Moore Capital Defendants and Defendant Joseph Welsh. In order to resolve the claims against them, the Moore Capital Defendants have agreed to pay $9,355,000 for the benefit of the Physical Class. Defendant Welsh has agreed to assign certain claims to the Physical Class. The settlement agreement with the Moore Capital Defendants and Defendant Welsh is available at www.PlatinumPalladiumPhysicalLitigation.com.

On May 23, 2014, the Physical Plaintiffs were granted leave to file their Sixth Consolidated Amended Class Action Complaint. On August 15, 2014, the Physical Plaintiffs filed their Sixth Amended Complaint. Dkt. No. 218.

On July 15, 2014, the Court issued a Memorandum & Order granting the Physical Plaintiffs' motion to preliminarily approve the separate proposed settlement with the Moore Capital Defendants and Defendant Joseph Welsh. Dkt. No. 211.

On October 21, 2014, after more than ten months of on-and-off arm's length negotiations, which included two days of mediation before a retired Judge experienced in complex class action litigation, the Physical Plaintiffs and the Trustee entered into the Settlement Agreement.

\*\*\*\*\*

At the time the Settlement was reached, the Trustee had significant defenses which created real risk that the Physical Plaintiffs would not establish liability and, even if they did, would not establish an entitlement to the damages they sought. Additionally, the Settling Defendant denies that, absent the Settlement Agreement, the Physical Plaintiffs could certify a class under Rule 23 of the Federal Rules of Civil Procedure or proceed with a class proof of claim in the SIPA Proceeding. The Physical Plaintiffs acknowledge that, if these risks materialized, their impact on the Physical Plaintiffs' claims would have been substantial, and perhaps dispositive. That is, they include the risk of receiving no recovery whatsoever.

In addition to the normal litigation risks faced by Plaintiffs (*e.g.*, risks in obtaining class certification, prevailing at trial on liability and damages and, to the extent successful at trial, prevailing on post-trial motions and then appeal), the Physical Plaintiffs faced the reality that MFGI is in liquidation in the SIPA Proceeding. In these circumstances, Physical Lead Counsel's judgment is that the amount to be paid to Claiming Physical Class Members from the Net Settlement Fund represents fair, reasonable and adequate consideration. Accordingly, Physical Lead Counsel has recommended that the Court approve the proposed Settlement and urge Physical Class members to file a Proof of Claim as part of the Settlement to recover a share of the Settlement proceeds.

### C.  The Definition of The Physical Class

The Court has certified, for purposes of settlement only, the Physical Class, defined as: All persons and/or entities who purchased, invested in, or otherwise acquired an interest in physical or spot platinum or palladium bullion conforming to NYMEX "good delivery" requirements and/or of at least 99.95% purity ("Platinum and/or Palladium Bullion") in the United States physical or "spot" market during the period of June 1, 2006 through April 29, 2010 (the "Class Period"). Excluded from the Physical Class are (i) the Moore Defendants, Defendant Joseph Welsh, MF Global Inc., any co-conspirators alleged in the Complaint or any subsequent amended complaint filed prior to the Exclusion Bar Date, Alan Craig Kleinstein, Dominick Frank Terrone, Richard Peter Trifoglio Sr., Frederick Charles Ferriola, Peter Michael Venus, Lawrence Frasca Favuzza, and John Anthony Sakulich and any NYMEX floor brokers or NYMEX floor traders who refuse to execute the certification in the Proof of Claim attesting that they were not coconspirators, or aiders or abettors of the Settling Defendant, Non-Settling Defendants, MFGI and (ii) Opt Outs.

## II.      SUMMARY OF THE PROPOSED SETTLEMENT

On behalf of the Physical Class, the Physical Plaintiffs entered into the Settlement on October 21, 2014. The following description of the proposed Settlement is only a summary. This description and this entire Notice are qualified in their entirety by the Settlement Agreement and the exhibits thereto which is on file with the Court at the address indicated in this Notice and is available at the official Settlement website at www.PlatinumPalladiumPhysicalLitigation.com.

**A. The Settlement Consideration.**

**Allowed Claim in the SIPA Liquidation Proceeding of MFGI.** Upon final approval by the Bankruptcy Court, the Physical Plaintiffs will be granted an allowed general creditor claim in the SIPA Proceeding in the amount of $2,317,857.14.

**Cash Payment by MFGI's Insurer.** Within fourteen (14) calendar days after the Scheduling Order is entered, and provided that the Order from the Bankruptcy Court approving the Automatic Stay Stipulation has become Final, the Insurer shall make an all-cash payment totaling five hundred seventy seven thousand five hundred dollars ($577,500) for the benefit of the Physical Class as follows. First, the Insurer shall cause to be deposited, pursuant to Local Civil Rule 67.1 and the terms of this Settlement, the sum of five hundred seven thousand five hundred dollars ($507,500) into an interest bearing Court Registry Investment System ("CRIS") account in the Southern District of New York. Second, the Insurer shall pay by wire transfer into the Escrow Account at Huntington National Bank the sum of seventy thousand dollars ($70,000). The foregoing $70,000 sum deposited into the Escrow Account at Huntington National Bank shall be used for purposes of providing notice of the proposed Settlement to the Physical Class.

**Purchase of Welsh Judgment and Assignment by MF Global Holdings.** Subject to the terms and conditions set forth in the Welsh Physical Judgment and Assignment Agreement (attached as Exhibit C to the Settlement Agreement), the Physical Plaintiffs have agreed to assign the Welsh Physical Judgment and Assignment to MF Global Holdings on the terms and conditions set forth therein. Among other things, the Welsh Physical Judgment and Assignment Agreement provides for an all-cash payment of $200,000 by MF Global Holdings for the benefit of the Physical Plaintiffs and the Physical Class to be made into an interest bearing CRIS account in the Southern District of New York, subject to certain conditions precedent, within fourteen (14) calendar days after the Scheduling Order is entered.

**Backstop Agreement.** Subject to the terms and conditions set forth in the Backstop Agreement (attached as Exhibit D to the Settlement), the Physical Plaintiffs may elect to assign the $2,317,857.14 Allowed Claim to MF Global Holdings in exchange for a commitment to purchase the Allowed Claim on the terms set forth therein. Among other things, the Backstop Agreement provides the Physical Plaintiffs with the option (in their sole discretion) to assign their Allowed Claim to MF Global Holdings in exchange for an all-cash payment in the amount of $1,622,500.00, to be paid by MF Global Holdings into the CRIS account in the Southern District of New York within fourteen (14) business days of the Physical Plaintiffs' election to exercise such option subject to certain conditions. The Physicals Plaintiffs' option to assign their Allowed Claim to MF Global Holdings pursuant to the Backstop agreement expired on November 10, 2014 at 6:00 p.m. Physical Lead Counsel determined it was not in the best interests of the Physical Class to exercise the foregoing option.

**B. Plan of Allocation**

A copy of the proposed Plan of Allocation is attached hereto. Examples of potential computations under the Plan of Allocation are available on the Settlement website at www.PlatinumPalladiumPhysicalLitigation.com. The following description of the Plan of Allocation is only a summary, which is qualified in its entirety by the Plan of Allocation and the Settlement Agreement.

The Plan of Allocation covers transactions in physical platinum and palladium comporting with NYMEX "good delivery" requirements and/or of at least of 99.95% purity. Generally, under the Plan of Allocation ninety percent (90%) of the Net Settlement Funds are reserved to pay for valid claims premised on the alleged artificiality of the price of platinum and palladium purchased in the United States "spot" or physical market (called "Net Artificiality Paid" or "NAP"). The remaining ten percent (10%) of the Net Settlement Funds are reserved to pay valid claims based on net trading losses ("Net Losses") (to be determined and weighted as described in the Plan of Allocation). From this, three percent (3%) of the Net Settlement Fund will be distributed based on net trading losses and will be paid out pro rata based on each Claiming Physical Class Members' total Net Losses as described in the Plan of Allocation ("First Pool"). The remaining part—seven percent (7%) of the Net Settlement Fund—will be distributed pursuant to a method of distribution that will be proposed by the Physical Class Counsel after (a) all the proofs of claim have been analyzed, (b) the Net Artificiality Paid and Net Losses have been determined, and (c) the profile of the Claiming Physical Class Members' results from such prospective method of distribution is known or substantially known to Physical Class Counsel ("Second Pool").

By entering the Settlement, the Trustee does not concede in any respect whatsoever either alleged artificiality (as calculated by the Physical Plaintiffs) or simple net trading losses would be recoverable under any applicable state or federal law. The Plan of Allocation may be changed by the Court without providing further notice. The final approval, disapproval, or modification of any proposed plan of allocation shall not affect the final approval of the Settlement or enforceability of the Settlement Agreement.

**C. Payment to the Class Members Who Submit Valid Proofs of Claim**

Physical Class members should read the Plan of Allocation. Pursuant to the Plan of Allocation, Claiming Physical Class Members will be eligible to receive a share of the Net Settlement Fund, subject to the determinations of the Settlement Administrator and, if necessary, the Court. Under the Plan of Allocation, the amount of the payment will depend on, among other things, the size of the Net Settlement Fund, the size of the Claiming Physical Class Member's Allowed Claim, and the total amount of Allowed Claims of all Claiming Physical Class Members. In the latter regard, Physical Lead Counsel encourages you to review the Plan of Allocation and submit a Proof of Claim if you have Net Artificiality Paid or Net Losses as weighted under the Plan. The share of Physical Class members who do not submit a Proof of Claim will be redistributed to those Physical Class members who do submit a Proof of Claim and do have Net Artificiality Paid and/or Net Losses as weighted under the Plan of Allocation.

**D. Attorneys' Fees, Costs and Incentive Awards**

To date, the attorneys representing the Physical Plaintiffs and the Physical Class in the Physical Action have not received payment for their services or reimbursement for their expenses. Physical Class members are not personally responsible for payment of attorneys' fees or expenses. Instead, as compensation for their time and their risk in prosecuting the litigation on a wholly contingent fee basis for more than three years, Physical Lead Counsel will ask the Court for an award of attorneys' fees in the amount of not more than one-third (33 1/3%) of the Settlement Fund, as a common fund, and for reimbursement of their costs and expenses in the amount of no more than $300,000, all to be deducted from the Settlement Fund.

At the time of Settlement Fund distribution to Class Plaintiffs' Class Members, the Plaintiffs will seek reimbursement of their own expenses and compensation for their time devoted to this litigation in the aggregate amount of no more than $70,000 to be paid from the Settlement Fund.

### E.  The Potential Right To Termination

Section 13 of the Settlement Agreement describes the Parties' right to terminate the Settlement if certain conditions anticipated by the Parties are not satisfied.  These conditions are set forth in Section 13 of the Settlement Agreement.

### F.  Changes Or Further Orders By The Court

Any change by the Court in the Plan of Allocation, in the time and place of the Fairness Hearing, or in any other matter and all further orders or requirements by the Court will be posted on the Settlement website at www.PlatinumPalladiumPhysicalLitigation.com as soon as practicable.  It is important you refer to such website as no other notice, apart from the docket of the Physical Action, may be published of such changes.

### G.  The Releases, Discharge and Covenant Not To Sue

**IF YOU HAVE NOT BEEN PREVIOUSLY EXCLUDED FROM THE PHYSICAL CLASS, WHEN THE SETTLEMENT BECOMES FINAL YOU WILL BE RELEASING THE SETTLING DEFENDANT AND RELATED RELEASED PARTIES FOR THE CLAIMS DESCRIBED BELOW, AND YOU WILL BE BOUND BY THE RELEASES IN THE SETTLEMENT AGREEMENT—INCLUDING THE COVENANT NOT TO SUE—EVEN IF YOU DO NOT FILE A PROOF OF CLAIM.**

In exchange for the Settling Defendant's consideration described in "A" above, members of the Physical Class will release certain claims against the Settling Defendant as specifically set forth below.

*****

(a)  In addition to the effect of any final judgment entered in accordance with this Settlement Agreement, and provided that the Bankruptcy Court approves the Claim Stipulation and that the District Court approves this Settlement Agreement, effective upon the Effective Date each and every Physical Class member, all of their past, present or future parents, subsidiaries, divisions, affiliates, shareholders, general or limited partners, attorneys, spouses, insurers, beneficiaries, employees, officers, directors, legal and equitable owners, members, predecessors in interest, successors in interest, legal representatives, trustees, associates, heirs, executors, administrators and/or assigns and each and any of their respective shareholders, parents, subsidiaries, divisions, affiliates, shareholders, general or limited partners, assigns, attorneys, insurers, beneficiaries, employees, officers, directors, legal and equitable owners, members, predecessors in interest, successors in interest, legal representatives, trustees, associates, heirs, executors, administrators and/or assigns (together the "Releasing Parties"), releases and forever discharges, to the fullest extent permitted by law, the Released Parties from and against any and all present, past, or future claims, demands, debts, damages, losses, offsets, obligations, warranties, costs, fees, penalties, expenses, whenever incurred, rights of action, suits, and causes of action of every kind and nature whatsoever, whether based on contract, tort, federal, state or foreign law, statutory, or other legal or equitable theory of recovery, liabilities of any nature and kind whatsoever, whether known or unknown, suspected or unsuspected, existing, or claimed to exist, and whether arising in the past or future, in law or in equity, that each and every Physical Class member ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, in any way arising from or related to, in full or in part, any transactions in physical platinum or palladium bullion, whether or not asserted in the Physical Action, or from any losses incurred, in whole or in part, as a result of such transactions.  Provided that the Welsh Physical Judgment and Assignment Agreement becomes final, the foregoing release by the Releasing Parties includes all claims against the Relevant Insurers based upon, arising out of, in connection with or in any way involving (1) the Welsh Physical Judgment and Assignment; and (2) the Policy, all excess policies, and all other directors and officers liability policies issued to MFGH for any policy period by the Relevant Insurers.  Notwithstanding any other provision of this Settlement, the foregoing release (i) shall not include any claims which a Physical Class member may have in its capacity as a member of any class that may be certified with respect to the claims asserted in the Complaint in the Futures Action; (ii) for the avoidance of doubt, shall not include any claims filed by any members of the Physical Class in the SIPA Proceeding that arise from anything other than transactions in physical platinum or palladium bullion or by any Opt Outs; and (iii) and shall not release claims relating to enforcement of the Settlement Agreement which are expressly reserved.

(b)  In addition, each Releasing Party hereby expressly waives and releases any and all provisions, rights, and benefits conferred by §1542 of the California Civil Code, which reads:

> **Section 1542.  General release extent.  A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor[.]**

From the Effective Date each Releasing Party also expressly waives and releases any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or equivalent to §1542 of the California Civil Code.  Each Releasing Party may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this Section 7 but each Releasing Party, through this Settlement Agreement, and with the ability to seek independent advice of counsel, expressly waives and fully, finally and forever settles and releases, as of the Effective Date any known or unknown, suspected or unsuspected, contingent or non-contingent claim that would otherwise fall within the scope of the release provided in Section 7 of this Settlement Agreement, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.  From the Effective Date, the releases herein

given the release provided herein and any claims in it as fall within the scope of the terms set forth in the Physical Action, notwithstanding the later discovery or existence of any such additional or different facts relative hereto or the later discovery of any such additional or different claims that would fall within the scope of the release provided in Section 7 of this Settlement Agreement, as if such facts or claims had been known at the time of this release.

*****

The Settlement Agreement does not settle or compromise any claims other than those set out therein. All rights of the Physical Plaintiffs or any member of the Physical Class against any other Person or entity other than the Released Parties are specifically reserved by the Physical Plaintiffs and the members of the Physical Class.

## III.    YOUR OPTIONS

### A.    Submit A Proof of Claim

As a member of the Physical Class, you may be entitled to share in the Net Settlement Fund if you submit a valid and timely Proof of Claim demonstrating that you are entitled to a recovery under the Plan of Allocation. Proofs of Claim must be received by the Settlement Administrator (see address in VII below) no later than April 29, 2015. A copy of the Proof of Claim is attached hereto. You may also obtain a Proof of Claim on the Settlement website at www.PlatinumPalladiumPhysicalLitigation.com. Physical Class members are encouraged to file Proofs of Claim.

If you filed a proof of claim in connection with the prior settlement with the Moore Capital Defendants and Defendant Welsh, you do NOT need to file another proof of claim in order to participate in the Settlement with Defendant MF Global Inc.

### B.    Object To The Settlement

Any member of the Physical Class may object to any aspect of the Settlement, application for attorneys' fees and expenses, or the Final Judgment and may appear in person or through his or her attorney at the Fairness Hearing and present evidence or argument that may be proper and relevant.

However, except for good cause shown, the objecting member of the Physical Class shall file the following information with the Court and serve same by hand, overnight mail or electronic mail on Physical Lead Counsel and all counsel of record for the Settling Defendant no later than January 21, 2015: (i) a written notice of intention to appear; (ii) proof of membership in the Physical Class; (iii) a detailed statement of the objections to any matters before the Court; (iv) a statement advising of any court proceeding in which said objector has made an objection to a proposed class action settlement within the past three years, including case name, docket number, and court; (v) the grounds or reasons why the member of the Physical Class desires to appear and be heard; and (vi) all documents or writings the member of the Physical Class desires the Court to consider.

Regardless of whether or not you have objected to the proposed settlement with the Moore Capital Defendants and Defendant Welsh, if you wish to object to the proposed Settlement with Defendant MF Global, you must submit a separate objection in conformity with the above instructions.

The contact information for Physical Lead Counsel and counsel of record for the Settling Defendant is set forth below:

| | |
|---|---|
| John A. Lowther<br>**DOYLE LOWTHER LLP**<br>10200 Willow Creek Road, Suite 150<br>San Diego, CA 92131<br>john@doylelowther.com | *Counsel for Physicals Plaintiffs and the Physicals Class* |
| Dustin P. Smith<br>**HUGHES HUBBARD & REED LLP**<br>One Battery Park Plaza<br>New York, New York 10004<br>dustin.smith@hugheshubbard.com | *Counsel for James W. Giddens,*<br>*Trustee for the SIPA Liquidation of MF Global Inc.* |

### C.    Request To Be Excluded From The Settlement

Any request for exclusion from the Settlement by a member of the Physical Class must be made in writing and received by the Settlement Administrator no later than January 9, 2015. Any such request for exclusion must contain the following information: (i) the Physical Class member's name, address, and phone number; (ii) the name of the Physical Action ("*In re: Platinum and Palladium Commodities Litigation—Physical Action*"); and (iii) a signed statement that "I/we hereby request that I/we be excluded from the Physical Class in In re: Platinum and Palladium Commodities Litigation—Physical Action"

Requests for exclusion from the Settlement must be sent by First-Class Mail (preferably certified mail) to counsel for the Physical Plaintiffs, counsel for Settling Defendant (see addresses in B. above) and the Settlement Administrator (see address in VII below). A Request for Exclusion form is attached hereto.

If you exclude yourself from the Physical Class, you will not be bound by the Settlement Agreement and can independently pursue claims you may have in the SIPA Proceeding at your own expense. However, if you exclude yourself, you will not be eligible to share in the Net Settlement Fund. Further, the Trustee asserts that to the extent any potential Opt Out did not file a bankruptcy proof of claim prior to the Bar Date established in the SIPA Proceeding, such claim would be late filed and should be disallowed and expunged. Additionally, the Trustee; asserts that the claim of any Class Member who opts out (even if a timely bankruptcy proof of claim was filed in the SIPA Proceeding) will be subject to the claims allowance process in the Bankruptcy Court and may be subject to denial and expungement. The Trustee also expects to object to any bankruptcy claim by any potential Opt Out as untimely filed and barred under SIPA to the extent that such Class Member did not file a bankruptcy proof of claim in the SIPA Proceeding before the Bar Date asserting a claim to recover on any basis related to the purchase or sale of physical platinum or palladium bullion in the Class Period.

Regardless of whether or not you have requested to be excluded from the proposed Settlement with the MF Capital Defendants and Defendant Welsh, if you wish to request to be excluded from the proposed Settlement with Defendant MF Global, you must submit a separate request for exclusion in conformity with the above instructions.

## IV.    PROOF OF CLAIM

The Proof of Claim, which includes instructions on how and when to make a claim, is attached hereto.  You should consider reading the Settlement Agreement and you should read the Proof of Claim carefully before submitting your Proof of Claim or determining another course of action.

## V.    FAIRNESS APPROVAL HEARING

The Court has scheduled a public Fairness Hearing for February 13, 2015, at 11:00 a.m., to be held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY, Courtroom 20B.  At the Fairness Hearing, the Court will determine if the proposed Settlement is fair, reasonable, and adequate.  The Court will also consider Physical Lead Counsel's request for attorneys' fees and reimbursement of litigation expenses.  See II.D. above.

The time and date of the Fairness Hearing may be continued from time to time without further notice and you are advised to confirm the time and location if you wish to attend; as soon as practicable after any change in the scheduled date and time, such change will be posted on the Settlement website www.PlatinumPalladiumPhysicalLitigation.com.

## VI.    CHANGE OF ADDRESS

If this Notice reached you at an address other than the one on the mailing label, or if your address changes, please enter your current information online at www.PlatinumPalladiumPhysicalLitigation.com, or send it to the Settlement Administrator at the address set forth in VII below.

## VII.    THE SETTLEMENT ADMINISTRATOR

The Court has appointed A.B. Data, Ltd. as the Settlement Administrator.  Among other things, the Settlement Administrator is responsible for providing notice of the Settlement to the Class and processing Proofs of Claim.  You may contact the Settlement Administrator through the Settlement website (www.PlatinumPalladiumPhysicalLitigation.com), by telephone toll free at 888-206-5360, or by writing to the Settlement Administrator at the below address:

PLATINUM AND PALLADIUM COMMODITIES LITIGATION SETTLEMENT—PHYSICALS ACTION
c/o A.B. DATA, LTD.
PO Box 170500
MILWAUKEE, WI 53217-8091
888-206-5360
info@PlatinumPalladiumPhysicalLitigation.com

## VIII.    ADDITIONAL INFORMATION

The Settlement Agreement and other important documents related to this Action are available online at www.PlatinumPalladiumPhysicalLitigation.com and also available for review during normal business hours at the office of the Clerk of Court, United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007.  If you have questions about this Notice, the procedure for registering, or the Settlement Agreement, you may contact Physical Lead Counsel at the address listed in III.B. above.

**DO NOT CONTACT THE JUDGE OR THE CLERK OF COURT**

DATED: November 14, 2014

**BY ORDER OF THE COURT**

        Clerk of the United States District Court
        Southern District of New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| *In Re: Platinum And Palladium Commodities Litigation* | MASTER FILE No. 10 Civ. 3617 (WHP) | **MUST BE RECEIVED NO LATER THAN APRIL 29, 2015** |
| This Document Relates To: | | |
| Platinum/Palladium Physical Action | | |

## PROOF OF CLAIM AND RELEASE

If you are a member of the Physical Class as defined below, to be entitled to a distribution, you **must** complete, sign under penalty of perjury, notarize,[1] and mail this Proof of Claim and necessary supporting documentation to the Settlement Administrator at the following address. The executed Proof of Claim and all necessary supporting documentation **must** be received by the Settlement Administrator[2] no later than **April 29, 2015**:

PLATINUM AND PALLADIUM LITIGATION SETTLEMENT—PHYSICAL ACTION
c/o A.B. DATA, LTD.
PO BOX 170500
MILWAUKEE, WI 53217-8091
www.PlatinumPalladiumFuturesLitigation.com

**Do not submit your claim to the Court.**

**The Physical Class.** The Physical Class is defined as:

All Persons and/or entities who purchased, invested in, or otherwise acquired an interest in physical or spot platinum or palladium bullion conforming to NYMEX "good delivery" requirements and/or of at least 99.95% purity ("Platinum and/or Palladium Bullion") in the United States physical or "spot" market during the period of June 1, 2006 through April 29, 2010 (the "Class Period"). Excluded from the Physical Class are (i) the Settling Defendants, MF Global, Inc., any co-conspirators alleged in the Complaint or any subsequent amended complaint filed prior to the Exclusion Bar Date, Alan Craig Kleinstein, Dominick Frank Terrone, Richard Peter Trifoglio Sr., Frederick Charles Ferriola, Peter Michael Venus, Lawrence Frasca Favuzza, John Anthony Sakulich and any NYMEX floor brokers or NYMEX floor traders who refuse to execute the certification in the Proof of Claim attesting that they were not co-conspirators, or aiders or abettors of the Settling Defendants or Non-Settling Defendants, and  (ii) Opt Outs.

Only members of the Physical Class may participate in the Settlement.

If you are a Physical Class member, by properly completing, signing, (if necessary) having notarized and returning this Proof of Claim, and furnishing the required supporting documentation, you may be entitled to share in the proceeds from the Net Settlement Fund. However, submission of this Proof of Claim does not ensure that you will share in any of the proceeds of the Net Settlement Fund.

Omission of necessary information and/or supporting documents may make your claim defective. Defective claims may be rejected, in which case you will be notified of such rejection and will be given an opportunity to remedy the defect. You must include all trade information for transactions in Platinum and/or Palladium Bullion during the Class Period for all accounts you own or control.

If you are a Physical Class member and you fail to submit a valid and timely Proof of Claim pursuant to the instructions set forth herein, you may be precluded from any recovery from the Net Settlement Fund. Unless you validly exclude yourself from the Physical Class, however, you will be bound by the terms of any judgment entered in the Physical Action, even if you fail to submit a Proof of Claim.

The completed Proof of Claim, and the information submitted with your Claim, will be treated as confidential and will be used solely for purposes of administering the Settlement. Purposefully and knowingly submitting inaccurate information or withholding required information may subject you to civil or criminal penalties.

**If you have any questions concerning this Proof of Claim, write to, call or go online at:**

PLATINUM AND PALLADIUM LITIGATION SETTLEMENT—PHYSICAL ACTION, c/o A.B. DATA, LTD., PO BOX 170500, MILWAUKEE, WI 53217-8091, www.PlatinumPalladiumPhysicalLitigation.com, 800-918-9014

---

[1] If your Proof of Claim seeks damages in excess of ten thousand dollars ($10,000) you must also have this form notarized.

[2] Unless otherwise stated, capitalized terms used herein shall have the same meaning as set forth in the Settlement Agreement dated October 21, 2014.



For official use only

*In Re:  Platinum And Palladium Commodities Litigation*
MASTER FILE No. 10 Civ. 3617 (WHP)
Proof of Claim and Release
Please print or type

**MUST BE RECEIVED NO LATER THAN**

**APRIL 29, 2015**

**DO NOT CONTACT THE COURT IF YOU HAVE QUESTIONS CONCERNING THIS PROOF OF CLAIM.**

STATE OF         )

COUNTY OF       )

_____, under penalty of perjury, says:

**Item 1—Claimant Identification**

    1.  Please provide the following information for you and your affiliates[3]  that transacted in Class Contracts at any time during the Class Period:

Claimant Name(s) ("Claimant"):

☐ Individual     ☐ Corporation     ☐ Estate     ☐ Other (specify)_____

Name of Person Executing Claim:

Capacity of Person Executing Claim:

Claimant Address:

City                                       State     Zip Code

Foreign Province                     Foreign Postal Code                   Foreign Country

Claimant Daytime Phone Number

(             )      —

Claimant Social Security, Employer Identification, or Federal Tax Identification Number:

    —       —          or        —

**MFG**

---

[3] "Affiliates" means any other person or entity that you control, either directly or through one or more intermediaries, or any person or entity that is controlled by or is under common control with such intermediary person or entity.

Claimant Email Address: 

If you need additional space on this or any other section of the Proof of Claim, attach additional pages to the end of this claim form.  Do not submit multiple Proofs of Claim.

If you are unable to identify all transactions in Platinum and/or Palladium Bullion by any of your affiliates who, to your knowledge, made any transactions in Platinum and/or Palladium Bullion during the Class Period, please list the names and contact information of such affiliates.

_____

_____

If you leave the above line blank, by executing this Proof of Claim you are affirming to the best of your knowledge that you have no affiliates who made transactions in Platinum and/or Palladium Bullion during the Class Period that are not reflected in this Proof of Claim.

**Item 2—List of Account Names and Account Numbers**

2.  Please provide a list of all account names and account numbers for each transaction (purchase, sale or other interest acquired) in Platinum and/or Palladium Bullion during the Class Period (*i.e.*, June 1, 2006—April 29, 2010).

_____

_____

_____

**Item 3—Proof of Qualifying Transactions**

3.  Please provide proof of all transactions in Platinum and/or Palladium Bullion you made during the Class Period by, for example, enclosing photocopies of brokerage confirmations, monthly account statements, and other documents evidencing purchases and sales.  Your documents and statements should reflect any and all transactions in Platinum and/or Palladium Bullion.  Each Claimant must provide sufficient documentation to allow the Settlement Administrator to determine whether a transaction in Platinum and/or Palladium Bullion qualifies as a transaction covered by the Settlement Agreement.  Your documentation must reflect the date, price and quantity of all transactions in Platinum and/or Palladium Bullion.  *See* Item 5, below.

The most efficient method for Claimants to support their Proof of Claim is to produce records reflecting all Platinum and/or Palladium Bullion transactions during the Class Period.  You should provide proof for each and every transaction in Platinum and/or Palladium Bullion, regardless of whether such transaction resulted in a gain or a loss.

If any such documents are not in your possession, please obtain them or their equivalent from your broker, dealer, tax advisor, or other sources if it is possible for you to do so.  If you have this information in an electronic form, you are strongly encouraged to send a CD or disk in Microsoft Excel format, along with a hard copy printout, of your trading records to expedite the treatment of your Proof of Claim.

**Item 4—Instructions for List of Transactions in Physical Platinum and Palladium**

4.  The Settlement Administrator will determine each Claimant's Net Artificiality Paid and Net Loss, as set forth in the Plan of Allocation, by analyzing each Claimant's transactions in Platinum and/or Palladium Bullion.  Claimants are required to list each transaction in Platinum and/or Palladium Bullion meeting the class definition in the form provided in Item 5 below.  If additional space is necessary, or if Claimants wish to use a Microsoft Excel format, please go to www.PlatinumPalladiumPhysicalLitigation.com.

In listing the information requested in Item 5 below, do not average prices of separate transactions, including transactions within a given date.  It is important you supply the information requested to the fullest extent you are able to do so.

**Item 5—List of Transactions in Physical Platinum and Palladium**

5(a).  If you purchased, sold or otherwise acquired or disposed of an interested in Platinum Bullion during the Class Period, June 1, 2006 through April 29, 2010, then you must provide the information set forth below for all such transactions.

**NUMBER OF OUNCES OF PHYSICAL PLATINUM HELD AT THE CLOSE OF BUSINESS ON MAY 31, 2006:** _____

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **TABLE I—PURCHASE(S) AND SALE(S) OF PHYSICAL PLATINUM DURING THE CLASS PERIOD** | | | | | | | |
| **Date of Transaction** | **Number of Ounces in the Transaction** | **Transaction Price (Price Per Ounce)** | **Type of Transaction (Purchase, Sale, Etc.)** | **Where Transaction Occurred (where purchased or sold)** | **Purchase or Sale** | **Brokerage Firm and Account Number in Which Transaction Was Made** | **Hedging Transaction? (Yes or No)[4]** |
| /     / | | | | . | | | |
| /     / | | | | . | | | |
| /     / | | | | . | | | |

**NUMBER OF OUNCES OF PHYSICAL PLATINUM HELD  AT THE CLOSE OF BUSINESS ON APRIL 29, 2010:** _____

5(b).  If you purchased, sold or otherwise acquired an interest in or disposed of Palladium Bullion during the Class Period, June 1, 2006 through April 29, 2010, then you must provide the information set forth below for all such transactions.

**NUMBER OF OUNCES OF PHYSICAL PALLADIUM HELD AT THE CLOSE OF BUSINESS ON MAY 31, 2006:** _____

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **TABLE II—PURCHASE(S) AND SALE(S) OF PHYSICAL PALLADIUM DURING THE CLASS PERIOD** | | | | | | | |
| **Date of Transaction** | **Number of Ounces in the Transaction** | **Transaction Price (Price Per Ounce)** | **Type of Transaction (Purchase, Sale, Etc.)** | **Where Transaction Occurred (where purchased or sold)** | **Purchase or Sale** | **Brokerage Firm and Account Number in Which Transaction Was Made** | **Hedging Transaction? (Yes or No)** |
| /     / | | | | . | | | |
| /     / | | | | . | | | |
| /     / | | | | . | | | |

**NUMBER OF OUNCES OF PHYSICAL PALLADIUM HELD AT THE CLOSE OF BUSINESS ON APRIL 29, 2010:** _____

5(c).  Were any of the transactions you listed in 5(a) or 5(b) above conducted by you as a "Swap Dealer"?  A Swap Dealer is any person who (i) holds itself out as a dealer of swaps, (ii) makes a market in swaps, (iii) regularly enters into swaps with counterparties as an ordinary course of business for its own account, or (iv) engages in activity causing itself to be commonly known in the trade as a dealer or market maker in swaps.  If your answer is YES, please list all of your transactions as a Swap Dealer in the space provided below:

_____

_____

_____

---

[4] Hedging Transactions are defined as any offsetting exposures held or acquired by you or any of your affiliates that relate to platinum or palladium, including but not limited to platinum and/or palladium futures contracts, swap contracts, and forward contracts.

6.  Physical Lead Counsel and the Settlement Administrator reserve the right to seek further information from you about your Proof of Claim.

7.  If you were a NYMEX floor broker or NYMEX floor trader between October 17, 2007 and June 6, 2008, by executing this Proof of Claim you certify you were not a co-conspirator or aider or abettor of the Settling Defendants or Non-Settling Defendants.

8.  It is important that you accurately disclose all transactions in Platinum and/or Palladium Bullion made during the Class Period.  Claimant expressly consents to release to the Settlement Administrator any and all documents reflecting Claimant's transactions in Platinum and/or Palladium Bullion, which may be obtained from third parties, including, but not limited to, your accounts with precious metals brokers and/or dealers.

9.  Claimant certifies reasonable efforts have been made to locate all information requested in Items 1-5 above, and certifies all information supplied in connection with this Proof of Claim is true, correct and complete.

10.  Claimant understands the information provided herein is subject to verification, and Claimant agrees to cooperate in verifying all submitted information, including by furnishing additional information to support the Proof of Claim by assisting the Settlement Administrator if requested to do so.

11.  Claimant understands the Settlement Administrator will determine the adequacy of Claimant's Proof of Claim and supporting documentation.  The foregoing is subject to the Settling Defendants' right to object, and subject to the ultimate power of the Court to determine whether Claimant's Proof of Claim and supporting documentation are adequate.

12.  Claimant consents to the jurisdiction of the Court with respect to this Proof of Claim and for purposes of enforcing the terms of the Settlement Agreement or any order or judgment of the Court.

13.  Claimant agrees to the Settlement's terms as set forth in the Settlement Agreement, and Claimant acknowledges being bound by and subject to the terms of any order or judgment that may be entered in the Physical Action, including the Final Judgment.

14.  Each Claimant shall execute a release and covenant not to sue in conformity with Section 6 of the Settlement Agreement to receive a pro rata share of the Net Settlement Fund.  Claimant agrees that the submission of this Proof of Claim constitutes a full release of and covenant not to sue on the Released Claims against the Released Parties as set forth in the Settlement Agreement and at the end of this Proof of Claim.

15.  Claimant certifies that he is not subject to backup withholding under the provisions of Internal Revenue Code Section 3406(a)(1)(C) because: (a) Claimant is exempt from backup withholding, or (b) Claimant has not been notified by the Internal Revenue Service that Claimant is subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the Internal Revenue Service has notified Claimant that the Claimant is no longer subject to backup withholding.

**I declare and affirm under penalty of perjury the foregoing statements and the documents and information attached hereto, including the Social Security or Employee Identification Number shown on this Proof of Claim, are true, correct and complete, and I agree to the Release and Covenant Not To Sue which follows.  I understand the intentional withholding or misrepresentation of any information described herein may constitute a criminal offense subject to penalties.**

This Proof of Claim was executed this _____ day of _____, 20_____ in _____, _____

(City/Province)                        (State/Country)

_____

Signature of Claimant

_____

Type or Print Name

_____

Capacity of Person Signing (e.g., President, Trustee, Custodian, etc.)

If you are acting for an entity, please submit proof of your authority (e.g., corporate resolution, trust agreement, etc.).

If your Proof of Claim seeks damages in excess of ten thousand dollars ($10,000) you must also have this form notarized below:

Sworn to before me this _____ day of _____, 20____.

_____

Notary Public

**MFG**

**RELEASES AND COVENANT NOT TO SUE**

(a)  In addition to the effect of any final judgment entered in accordance with this Settlement Agreement, and provided that the Court approves this Settlement Agreement, effective upon the Effective Date each and every Physical Class member, all of their past, present or future parents, subsidiaries, divisions, affiliates, shareholders, general or limited partners, attorneys, spouses, insurers, beneficiaries, employees, officers, directors, legal and equitable owners, members, predecessors in interest, successors in interest, legal representatives, trustees, associates, heirs, executors, administrators and/or assigns and each and any of their respective shareholders, parents, subsidiaries, divisions, affiliates, shareholders, general or limited partners, assigns, attorneys, insurers, beneficiaries, employees, officers, directors, legal and equitable owners, members, predecessors in interest, successors in interest, legal representatives, trustees, associates, heirs, executors, administrators and/or assigns (together the "Releasing Parties"), releases and forever discharges, to the fullest extent permitted by law, the Released Parties from and against any and all present, past, or future claims, demands, debts, damages, losses, offsets, obligations, warranties, costs, fees, penalties, expenses, whenever incurred, rights of action, suits, and causes of action of every kind and nature whatsoever, whether based on contract, tort, federal, state or foreign law, statutory, or other legal or equitable theory of recovery, liabilities of any nature and kind whatsoever, whether known or unknown, suspected or unsuspected, existing, or claimed to exist, and whether arising in the past or future, in law or in equity, that each and every Physical Class member ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, in any way arising from or related to, in full or in part, the Physical Action and/or any transactions in Platinum and/or Palladium Bullion, forwards, options, or any other instrument or derivative by which an interest in Platinum and/or Palladium Bullion was purchased, sold, hedged or otherwise invested or traded in during the Class Period, whether or not asserted in the Physical Action, or from any losses incurred, in whole or in part, as a result of any transaction encompassed by this sentence.  Notwithstanding any other provision of this Settlement, (a) the foregoing release shall not include any claims which a Physical Class member may have in its capacity as a member of any class that may be certified with respect to the claims asserted in the Complaint in the Futures Action.

(b)  In addition, each Releasing Party hereby expressly waives and releases any and all provisions, rights, and benefits conferred by California Civil Code § 1542, which reads:

Section 1542. General release extent. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor[.]

From the Effective Date each Releasing Party also expressly waives and releases any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542.  Each Releasing Party may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this Section 6, but each Releasing Party, through this Settlement Agreement, and with the ability to seek independent advice of counsel, expressly waives and fully, finally and forever settles and releases, as of the Effective Date any known or unknown, suspected or unsuspected, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.  From the Effective Date, the releases herein given by the Releasing Parties shall be and remain in effect as full and complete releases of the claims set forth in the Physical Action, notwithstanding the later discovery or existence of any such additional or different facts relative hereto or the later discovery of any such additional or different claims that would fall within the scope of the release provided in Section 6(a) of this Settlement Agreement, as if such facts or claims had been known at the time of this release.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In Re: Platinum And Palladium Commodities Litigation*<br><br>This Document Relates To:<br><br>  Platinum/Palladium Physical Action | MASTER FILE<br>No. 10 Civ. 3617 (WHP) |

[PROPOSED] **PLAN OF ALLOCATION**

1.  (a) Except for the terms defined herein, this Plan of Allocation adopts and incorporates the definitions in the Stipulation and Agreement of Settlement, dated October 21, 2014, to which this Plan of Allocation is attached as an exhibit.

(b)  As used in this Plan, "NAP" refers to net artificiality paid as defined below.  "NL" means net losses.  "Platinum and/or Palladium Bullion" means platinum or palladium bullion purchased, invested in, or otherwise acquired, in the United States physical or spot market conforming to NYMEX "good delivery" requirements and/or of at least 99.95% purity.  "NAP Transactions" means any purchase and/or sale transactions in Platinum and/or Palladium Bullion executed between November 1, 2007 and June 18, 2008 for Palladium Bullion, and between November 19, 2007 and June 18, 2008 for Platinum Bullion, as well as any offsetting purchases and/or sales transactions.  Thus, all purchases (or sales) performed on a day where alleged inflation was not zero (as provided in Exhibit A and Exhibit B, respectively) will be credited (or debited) a dollar amount of inflation on each of these NAP transactions in respect to their volume irrespective of when any offsetting transactions occurred, if any.

(c)  "NL Transactions" means transactions in Platinum and/or Palladium Bullion in which both legs of the transaction were executed outside of the period between November 1, 2007 and June 18, 2008 for Palladium Bullion or November 19, 2007 to June 18, 2008 for Platinum Bullion, but which were executed within the Class Period.

2.  Ninety percent (90%) of the Net Settlement Fund will be paid and allocated according to Claiming Physical Class Member's NAP Transactions. The NAP for these transactions is described in ¶¶ 5-9 below and in the attached Platinum and Palladium artificiality tables (*see* Exhibits A and B hereto).  To be entitled to NAP, the Claiming Physical Class Member must adequately support his, her, or its claim as determined by the Settlement Administrator, subject to the Physical Class Member's right to object.

3.  Ten percent (10%) of the Net Settlement Fund will be distributed to Claiming Physical Class Members' NL Transactions as explained in ¶¶ 10-14(a)-(c) below. The NL for these transactions is described in ¶¶ 10–14 below.  Each Claiming Physical Class Member must adequately support his, her, or its NL as determined by the Settlement Administrator subject to the Physical Class Member's right to object.

4.  Each Claiming Physical Class Member shall be entitled to receive the sum of the payment, if any, described in ¶ 9 and the payment, if any, described in ¶ 14(c).  *See* ¶ 15 below.  Net gains on the NL Transactions will not be netted against nor subtracted from the NAP Transactions.

5.  NAP as used herein and in the Stipulation and Agreement of Settlement shall be the amount by which a Physical Class Member's Total Artificiality Paid exceeds the Total Artificiality Received, plus ten percent (10%) and less any applicable Hedging Reduction or Swaps-Dealer Reduction, as defined below.  *Example*: If a Physical Class member's Total Artificiality Paid is $1,500 and Total Artificiality Received is $1,000, then the NAP shall be $550.00, which is $1,500 minus $1,000 equals $500.00, plus 10% of $500, equaling $550.00.  However, to the extent that a Claiming Physical Class Member's trading was hedging (as defined in the Proof of Claim), the NAP shall be subject to a 50% reduction (the "Hedging Reduction").  *Example*: If the Claiming Physical Class Member's Total Artificiality Paid minus Total Artificiality Received is $100, then the NAP is $110.00 and if such Class member was a hedger throughout the Class Period, then the NAP shall be $55.00.  The Settlement Administrator shall also require Physical Class Members to identify whether they are swaps-dealers. The NAP of a Claiming Physical Class Member whose trading was undertaken as a swaps-dealer (as defined in the Proof of Claim) shall be subject to a reduction of 91%, rather than 50% (the "Swaps-Dealer Reduction").

6.  The Total Artificiality Paid shall be determined by multiplying the troy ounces of Platinum and/or Palladium Bullion purchased by the Claiming Physical Class Member on NAP Transactions by the amount of alleged artificiality, if any, as provided in Exhibit A and Exhibit B for such Platinum and/or Palladium Bullion, at the time of each such purchase.

7.  The Total Artificiality Received shall be determined by multiplying the amount of Platinum and/or Palladium Bullion sold (in troy ounces) by the Claiming Physical Class Member on NAP Transactions by the amount of alleged artificiality, if any, as provided in Exhibit A and Exhibit B for such Platinum and/or Palladium Bullion, for each such Platinum and/or Palladium Bullion at the time of each such sale.

8.  If the Claiming Physical Class Member's Total Artificiality Paid exceeds the Total Artificiality Received, then the Claiming Physical Class Member will have NAP and will be entitled to participate on a pro rata basis in the 90% of the Net Settlement Fund being paid in respect of NAP.

9.  (a)  Specifically, Claiming Physical Class Members with NAP will be entitled to receive a pro rata share of 90% of the Net Settlement Fund.  This share shall be calculated for each Claiming Physical Class Member by multiplying 90% of the Net Settlement Fund by a fraction, the numerator of which is the Claiming Physical Class Member's NAP and the denominator of which is the sum total NAP of all Claiming Physical Class Members who have positive NAP.

(b)  No Claiming Physical Class Member will be entitled to payment under this ¶ 9 of more than 100% of the NAP.

10.  **NL Transactions.**  For the purposes of the Stipulation and Agreement of Settlement and this Plan of Allocation, NL shall be the amount by which a Physical Class Member's Total Losses (*see* ¶ 11 below) on NL Transactions exceed Total Gains (*see* ¶ 12 below) on NL Transactions, plus ten percent (10%), and less any applicable Hedging Reduction or Swaps-Dealer Reduction.  *Example*: If the Total Losses are $1,500 and Total Gains are $1,000 on TL Transactions for a Claiming Physical Class Member, then NL shall be $550.00 ($1,500 minus $1,000 plus ten percent).  However, to the extent that the Claiming Physical Class Members' trading was hedging, this amount shall be subject to a 50% reduction.  *Example*: If the Claiming Physical Class Member's Total Losses minus Total Gains results in a figure of $10, and such Class member's trading was hedging throughout the Class Period, then the NL shall be $5.50.  The NL of a Claiming Physical Class Member whose trading was undertaken as a swaps-dealer shall be subject to a reduction of 91%.

11.  The Total Losses shall be determined by adding together the sum total of each Claiming Physical Class Member's losses on NL Transactions.

12.  The Total Gains shall be determined by adding together the sum total of each Claiming Physical Class Member's gains on NL Transactions.

13.  If the Claiming Physical Class Member's Total Losses exceed the Total Gains, then the Claiming Physical Class Member will have positive NL and will be entitled to participate as described in ¶14 below.

14.  (a)  Specifically, 10% of the Net Settlement Fund will be distributed to Claiming Physical Class Members who have positive NL as described in subparagraphs (b)-(c), below.

(b)  Solely for purposes of the distribution *inter se* among Claiming Physical Class Members with NL will be as set forth in (i)-(iv) below.  Any inability by any Class member to supply data to complete the following calculations shall be a matter among Class members *inter se*.

    i.  **First Pool.**  Three percent (3%) of the Net Settlement Fund will be paid out pro rata based on each Claiming Physical Class Member's total NL.  *Example*: If a Claiming Physical Class Member's NL constitutes 1% of the total NL of all Claiming Physical Class Members who have positive NL, then that Claiming Physical Class Member will receive 1% of the payment from this First Pool.

    ii.  **Second Pool.**  Seven percent (7%) of the Net Settlement Fund will be paid out pursuant to a method of distribution that will be proposed by Physical Class Counsel after (a) all the proofs of claim have been analyzed and (b) the Net Artificiality Paid and Net Losses have been determined.

    iii.  Notice of this proposed method of distribution of the 7% of the Net Settlement Fund will be provided to Claiming Physical Class Members who will have a right to object such method.  Such proposed method will be subject to approval by the Court.

    iv.  Such proposed method of distribution will take reasonable, fair account of Physical Class Counsel's assessment of the strengths and weaknesses of Claiming Physical Class Members' potential equitable and legal entitlements.  In this regard, it is anticipated that losses and gains incurred after June 18, 2008 will be discounted, significant net artificiality received by Claiming Physical Class Members will be deducted, and/or payouts in respect of pre-November 1, 2007 transactions may be enhanced in varying amounts.[1]  This will be proposed in the manner which, in Physical Class Counsel's judgment, is most fair and reasonable in light of all the circumstances including the resulting amounts of distribution to Claiming Physical Class Members.

(c)  For purposes of the distribution *inter se* among Claiming Physical Class Members, each Claiming Physical Class Member shall be entitled to receive the sum of their payments due, if any, under the First Pool and Second Pool above.

15.  Each Claiming Physical Class Member will be entitled to a total payment from the Net Settlement Fund equal to the NAP plus the sum total NL under ¶ 14(c).  Again, negative NAP is not netted against NL and net gains in the NL are not netted against NAP.

16.  All determinations under this Plan of Allocation shall be made by the Settlement Administrator subject to review by Physical Lead Counsel and the Court.

17.  This Plan shall be subject to change by the Court without further notice to Class members.

---

[1] This also includes transactions during the period prior to November 1, 2007, including on or about June 7, 2006, June 8, 2006, June 14, 2006, June 20, 2006, June 27, 2006, July 19, 2006, August 1, 2006, August 22, 2006, August 30, 2006, September 7, 2006, September 8, 2006, September 15, 2006, October 6, 2006, February 13, 2007, March 18, 2007, May 17, 2007, August 10, 2007, October 18, 2007, October 24, 2007 and October 25, 2007.

**EXHIBIT A**

**DAILY PLATINUM ARTIFICIALITY**

For transactions in Platinum Bullion (platinum conforming to NYMEX "good delivery" requirements and/or of at least 99.95% purity) between November 19, 2007, and anytime on June 18, 2008, inclusive, the amount of positive artificiality for each troy ounce of platinum is set forth below.

**Platinum Daily Artificiality Estimates**

**($ per troy ounce)**

| Date of Transaction | Artificiality ($ per troy oz) | Date of Transaction | Artificiality ($ per troy oz) |
|---|---|---|---|
| 19-Nov-07 | $1.9299 | 29-Jan-08 | $98.5649 |
| 20-Nov-07 | $2.8948 | 30-Jan-08 | $100.3546 |
| 21-Nov-07 | $4.8247 | 31-Jan-08 | $100.3546 |
| 23-Nov-07 | $4.8247 | 1-Feb-08 | $100.3546 |
| 26-Nov-07 | $4.8247 | 4-Feb-08 | $102.2845 |
| 27-Nov-07 | $5.7897 | 5-Feb-08 | $106.1443 |
| 28-Nov-07 | $7.7196 | 6-Feb-08 | $110.0041 |
| 29-Nov-07 | $7.7196 | 7-Feb-08 | $113.8639 |
| 30-Nov-07 | $9.6495 | 8-Feb-08 | $113.8639 |
| 3-Dec-07 | $10.6144 | 11-Feb-08 | $119.6536 |
| 4-Dec-07 | $12.5443 | 12-Feb-08 | $123.5133 |
| 5-Dec-07 | $14.4742 | 13-Feb-08 | $125.4432 |
| 6-Dec-07 | $16.4041 | 14-Feb-08 | $129.3030 |
| 7-Dec-07 | $18.3340 | 15-Feb-08 | $133.1628 |
| 10-Dec-07 | $20.2639 | 19-Feb-08 | $133.1628 |
| 11-Dec-07 | $20.2639 | 20-Feb-08 | $137.0226 |
| 12-Dec-07 | $24.1237 | 21-Feb-08 | $140.8824 |
| 13-Dec-07 | $24.1237 | 22-Feb-08 | $144.7422 |
| 14-Dec-07 | $27.0185 | 25-Feb-08 | $148.6020 |
| 17-Dec-07 | $28.9484 | 26-Feb-08 | $152.4618 |
| 18-Dec-07 | $30.8783 | 27-Feb-08 | $156.3216 |
| 19-Dec-07 | $30.8783 | 28-Feb08 | $156.3216 |
| 20-Dec-07 | $30.8783 | 29-Feb-08 | $160.1814 |
| 21-Dec-07 | $34.7381 | 3-Mar-08 | $164.0412 |
| 24-Dec-07 | $34.7381 | 4-Mar-08 | $165.9711 |
| 26-Dec-07 | $36.6680 | 5-Mar-08 | $169.8309 |
| 27-Dec-07 | $38.5979 | 6-Mar-08 | $173.6906 |
| 28-Dec-07 | $40.5278 | 7-Mar-08 | $173.6906 |
| 31-Dec-07 | $44.3876 | 10-Mar-08 | $177.5504 |
| 2-Jan-08 | $46.3175 | 11-Mar-08 | $177.5504 |
| 3-Jan-08 | $50.1773 | 12-Mar-08 | $177.5504 |
| 4-Jan-08 | $52.1072 | 13-Mar-08 | $177.5504 |
| 7-Jan-08 | $54.0371 | 14-Mar-08 | $177.5504 |
| 8-Jan-08 | $55.9670 | 17-Mar-08 | $177.5504 |
| 9-Jan-08 | $57.8969 | 18-Mar-08 | $177.5504 |
| 10-Jan-08 | $59.8268 | 19-Mar-08 | $177.5504 |
| 11-Jan-08 | $61.7567 | 20-Mar-08 | $181.4102 |
| 14-Jan-08 | $65.6165 | 24-Mar-08 | $183.3401 |
| 15-Jan-08 | $67.5464 | 25-Mar-08 | $183.3401 |
| 16-Jan-08 | $67.5464 | 26-Mar-08 | $187.1999 |
| 17-Jan-08 | $71.4062 | 27-Mar-08 | $187.1999 |
| 18-Jan-08 | $75.2659 | 28-Mar-08 | $191.0597 |
| 22-Jan-08 | $79.1257 | 31-Mar-08 | $194.9195 |
| 23-Jan-08 | $82.9855 | 1-Apr-08 | $198.7793 |
| 24-Jan-08 | $86.8453 | 2-Apr-08 | $198.7793 |
| 25-Jan-08 | $90.7051 | 3-Apr-08 | $200.7092 |
| 28-Jan-08 | $94.5649 | 4-Apr-08 | $201.6741 |

| Date of Transaction | Artificiality ($ per troy oz) |
|---|---|
| 7-Apr-08 | $203.6040 |
| 8-Apr-08 | $203.6040 |
| 9-Apr-08 | $207.4638 |
| 10-Apr-08 | $209.3937 |
| 11-Apr-08 | $211.3236 |
| 14-Apr-08 | $211.3236 |
| 15-Apr-08 | $211.3236 |
| 16-Apr-08 | $213.2535 |
| 17-Apr-08 | $215.1834 |
| 18-Apr-08 | $217.1133 |
| 21-Apr-08 | $219.0432 |
| 22-Apr-08 | $220.9731 |
| 23-Apr-08 | $220.9731 |
| 24-Apr-08 | $220.9731 |
| 25-Apr-08 | $220.9731 |
| 28-Apr-08 | $220.9731 |
| 29-Apr-08 | $222.9030 |
| 30-Apr-08 | $223.8679 |
| 1-May-08 | $225.7978 |
| 2-May-08 | $227.7277 |
| 5-May-08 | $227.7277 |
| 6-May-08 | $229.6576 |
| 7-May-08 | $231.5875 |
| 8-May-08 | $235.4473 |
| 9-May-08 | $239.3071 |
| 12-May-08 | $243.1669 |
| 13-May-08 | $245.0968 |
| 14-May-08 | $247.9916 |
| 15-May-08 | $251.8514 |
| 16-May-08 | $255.7112 |
| 19-May-08 | $257.6411 |
| 20-May-08 | $261.5009 |
| 21-May-08 | $263.4308 |
| 22-May-08 | $263.4308 |
| 23-May-08 | $263.4308 |
| 27-May-08 | $248.1304 |
| 28-May-08 | $157.8278 |
| 29-May-08 | $95.0675 |
| 30-May-08 | $95.0675 |
| 2-Jun-08 | $91.2073 |
| 3-Jun-08 | $89.8490 |
| 4-Jun-08 | $76.6657 |
| 5Jun-08 | $64.8719 |
| 6-Jun-08 | $64.8719 |
| 9-Jun-08 | $64.8719 |
| 10-Jun-08 | $39.9260 |
| 11-Jun-08 | $39.9260 |
| 12-Jun-08 | $39.9260 |
| 13-Jun-08 | $39.9260 |
| 16-Jun-08 | $15.1968 |
| 17-Jun-08 | $14.4375 |
| 18-Jun-08 | $14.4375 |

**EXHIBIT B**
**DAILY PALLADIUM ARTIFICIALITY**

For transactions in Palladium Bullion, (palladium conforming to NYMEX "good delivery" requirements and/or of at least 99.95% purity) between November 1, 2007, and any time on June 18, 2008, inclusive, the amount of positive artificiality for each troy ounce of palladium is set forth below.

**Palladium Daily Artificiality Estimates**

**($ per troy ounce)**

| Date of Transaction | Artificiality ($ per troy ounce) | Date of Transaction | Artificiality ($ per troy ounce) |
|---|---|---|---|
| 1-Nov-07 | $0.2715 | 11-Jan-08 | $19.8175 |
| 2-Nov-07 | $0.2715 | 14-Jan-08 | $20.9034 |
| 5-Nov-07 | $0.5429 | 15-Jan-08 | $21.4463 |
| 6-Nov-07 | $1.0859 | 16-Jan-08 | $21.4463 |
| 7-Nov-07 | $1.3574 | 17-Jan-08 | $22.5322 |
| 8-Nov-07 | $1.6288 | 18-Jan-08 | $23.6181 |
| 9-Nov-07 | $1.9003 | 22-Jan-08 | $24.1610 |
| 12-Nov-07 | $2.1718 | 23-Jan-08 | $24.7040 |
| 13-Nov-07 | $2.7147 | 24-Jan-08 | $25.7899 |
| 14-Nov-07 | $2.9862 | 25-Jan-08 | $26.8757 |
| 15-Nov-07 | $3.2577 | 28-Jan-08 | $27.9616 |
| 16-Nov-07 | $3.2577 | 29-Jan-08 | $29.0475 |
| 19-Nov-07 | $3.2577 | 30-Jan-08 | $29.0475 |
| 20-Nov-07 | $3.5291 | 31-Jan-08 | $29.0475 |
| 21-Nov-07 | $3.8006 | 1-Feb-08 | $29.0475 |
| 23-Nov-07 | $4.0721 | 4-Feb-08 | $29.5905 |
| 26-Nov-07 | $4.3436 | 5-Feb-08 | $30.1334 |
| 27-Nov-07 | $4.8865 | 6-Feb-08 | $31.2193 |
| 28-Nov-07 | $5.4294 | 7-Feb-08 | $31.7622 |
| 29-Nov-07 | $5.7009 | 8-Feb-08 | $32.8481 |
| 30-Nov-07 | $6.7868 | 11-Feb-08 | $33.3911 |
| 3-Dec-07 | $7.0583 | 12-Feb-08 | $33.9340 |
| 4-Dec-07 | $7.3297 | 13-Feb-08 | $34.4770 |
| 5-Dec-07 | $7.8727 | 14-Feb-08 | $35.5629 |
| 6-Dec-07 | $8.4156 | 15-Feb-08 | $36.6487 |
| 7-Dec-07 | $8.4156 | 19-Feb-08 | $37.7346 |
| 10-Dec-07 | $8.9586 | 20-Feb-08 | $38.8205 |
| 11-Dec-07 | $8.9586 | 21-Feb-08 | $39.9064 |
| 12-Dec-07 | $9.5015 | 22-Feb-08 | $40.9923 |
| 13-Dec-07 | $10.0445 | 25-Feb-08 | $42.0782 |
| 14-Dec-07 | $10.5874 | 26-Feb-08 | $43.1641 |
| 17-Dec-07 | $11.1304 | 27-Feb-08 | $44.2500 |
| 18-Dec-07 | $11.6733 | 28-Feb08 | $44.2500 |
| 19-Dec-07 | $11.6733 | 29-Feb-08 | $45.3359 |
| 20-Dec-07 | $11.6733 | 3-Mar-08 | $46.4217 |
| 21-Dec-07 | $12.2162 | 4-Mar-08 | $47.5076 |
| 24-Dec-07 | $12.7592 | 5-Mar-08 | $48.5935 |
| 26-Dec-07 | $13.3021 | 6-Mar-08 | $49.6794 |
| 27-Dec-07 | $13.8451 | 7-Mar-08 | $50.4938 |
| 28-Dec-07 | $14.3880 | 10-Mar-08 | $51.5797 |
| 31-Dec-07 | $15.4739 | 11-Mar-08 | $52.1227 |
| 2-Jan-08 | $16.0169 | 12-Mar-08 | $52.6656 |
| 3-Jan-08 | $16.5598 | 13-Mar-08 | $52.6656 |
| 4-Jan-08 | $17.1027 | 14-Mar-08 | $53.7515 |
| 7-Jan-08 | $17.6457 | 17-Mar-08 | $54.8374 |
| 8-Jan-08 | $18.1886 | 18-Mar-08 | $54.8374 |
| 9-Jan-08 | $18.7316 | 19-Mar-08 | $54.8374 |
| 10-Jan-08 | $19.2745 | 20-Mar-08 | $55.9233 |

| Date of Transaction | Artificiality ($ per troy ounce) | Date of Transaction | Artificiality ($ per troy ounce) |
|---|---|---|---|
| 24-Mar-08 | $56.4662 | 9-Jun-08 | $21.2510 |
| 25-Mar-08 | $57.5521 | 10-Jun-08 | $13.0791 |
| 26-Mar-08 | $58.6380 | 11-Jun-08 | $13.0791 |
| 27-Mar-08 | $58.6380 | 12-Jun-08 | $13.0791 |
| 28-Mar-08 | $59.1809 | 13-Jun-08 | $13.0791 |
| 31-Mar-08 | $60.5057 | 16-Jun-08 | $4.9782 |
| 1-Apr-08 | $61.5916 | 17-Jun-08 | $4.7295 |
| 2-Apr-08 | $62.6775 | 18-Jun-08 | $4.7295 |
| 3-Apr-08 | $63.7634 | | |
| 4-Apr-08 | $64.8493 | | |
| 7-Apr-08 | $65.3922 | | |
| 8-Apr-08 | $65.3922 | | |
| 9-Apr-08 | $65.9352 | | |
| 10-Apr-08 | $67.0211 | | |
| 11-Apr-08 | $67.5640 | | |
| 14-Apr-08 | $68.1069 | | |
| 15-Apr-08 | $68.6499 | | |
| 16-Apr-08 | $69.1928 | | |
| 17-Apr-08 | $69.7358 | | |
| 18-Apr-08 | $70.8217 | | |
| 21-Apr-08 | $71.3646 | | |
| 22-Apr-08 | $71.9076 | | |
| 23-Apr-08 | $71.9076 | | |
| 24-Apr-08 | $71.9076 | | |
| 25-Apr-08 | $72.7220 | | |
| 28-Apr-08 | $72.7220 | | |
| 29-Apr-08 | $73.8079 | | |
| 30-Apr-08 | $74.0793 | | |
| 1-May-08 | $74.6223 | | |
| 2-May-08 | $75.1652 | | |
| 5-May-08 | $75.7082 | | |
| 6-May-08 | $76.7941 | | |
| 7-May-08 | $77.3370 | | |
| 8-May-08 | $77.8799 | | |
| 9-May-08 | $78.4229 | | |
| 12-May-08 | $78.9658 | | |
| 13-May-08 | $80.0517 | | |
| 14-May-08 | $80.8661 | | |
| 15-May-08 | $81.9520 | | |
| 16-May-08 | $83.0379 | | |
| 19-May-08 | $84.1238 | | |
| 20-May-08 | $85.2097 | | |
| 21-May-08 | $86.2956 | | |
| 22-May-08 | $86.2956 | | |
| 23-May-08 | $86.2956 | | |
| 27-May-08 | $81.2834 | | |
| 28-May-08 | $51.7018 | | |
| 29-May-08 | $31.1425 | | |
| 30-May-08 | $31.1425 | | |
| 2-Jun-08 | $29.8780 | | |
| 3-Jun-08 | $29.4330 | | |
| 4-Jun-08 | $25.1144 | | |
| 5-Jun-08 | $21.2510 | | |
| 6-Jun-08 | $21.2510 | | |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| MUST BE RECEIVED NO LATER THAN |
| JANUARY 9, 2015 |

*In Re: Platinum And Palladium Commodities Litigation*

This Document Relates To:

     Platinum/Palladium Futures Action

MASTER FILE
No. 10 Civ. 3617 (WHP)

## REQUEST FOR EXCLUSION FROM CLASS ACTION SETTLEMENT

*This Request for Exclusion Form relates to the proposed Settlement with Defendant MF Global, Inc. If you wish to request exclusion from the settlement with the Moore Capital Defendants and Defendant Joseph Welsh, you must submit a SEPARATE request for exclusion.*

*Complete This Form Only If You Choose Not To Participate In the MF Global Settlement*

### I.  INSTRUCTIONS

1.  This "Request For Exclusion" may be used to exclude yourself from the Settlement with Defendant MF Global, Inc. in the above captioned class action ("Futures Action"). If you wish to remain a member of the Futures Class (as defined below), do not complete or return this Request For Exclusion. Before deciding whether to request exclusion from the Settlement with MF Global or take other action, make sure you have read the Notice of Proposed Class Action Settlement, February 13, 2015 Hearing Thereon, and Class Members' Rights ("Notice").

2.  In order to validly exclude yourself from the Settlement with MF Global, you must complete, sign, and return this Request For Exclusion to the Settlement Administrator at the address set forth below. Your Request For Exclusion must be <u>received</u> by the Settlement Administrator on or before January 9, 2015.

**PLATINUM AND PALLADIUM COMMODITIES LITIGATION SETTLEMENT—FUTURES ACTION**
EXCLUSIONS
c/o A.B. DATA, LTD.
PO BOX 170500
MILWAUKEE, WI 53217-8091
info@PlatinumPalladiumFuturesLitigation.com

3.  This Request For Exclusion adopts and incorporates the definitions in the Stipulation and Agreement of Settlement with MF Global, dated October 21, 2014, which is available on the settlement website at www.PlatinumPalladiumFuturesLitigation.com.

4.  In order to exclude yourself from the Settlement with MF Global, you must be a member of the following Futures Class:

All Persons that purchased or sold a NYMEX platinum futures contract or a NYMEX palladium futures contract during the period from June 1, 2006 through April 29, 2010, inclusive. Excluded from the Futures Class are (i) the Non-Settling Defendants, MF Global, Inc., any co-conspirators alleged in the Complaint or any subsequent amended complaint filed prior to the Exclusion Bar Date, Alan Craig Kleinstein, Dominick Frank Terrone, Richard Peter Trifoglio Sr., Frederick Charles Ferriola, Peter Michael Venus, Lawrence Frasca Favuzza, and John Anthony Sakulich and any NYMEX floor brokers or NYMEX floor traders who refuse to execute the certification in the Proof of Claim attesting that they were not co-conspirators, or aiders or abettors of the Settling Defendants or Non-Settling Defendants, and (ii) Opt Outs.

### II.  BACKGROUND INFORMATION

STATE OF _____  COUNTY OF _____

_____, being duly sworn, deposes and says:

1.  Please provide the following information:

Name of Person Requesting Exclusion:

Individual _____   Corporation _____   Estate _____   Other (please specify) _____

Name of Person Executing Request for Exclusion:

Capacity of Person Executing Request for Exclusion:

Address Line 1

Address Line 2

City                                                          State                    Zip Code
                                                                                                    —

Daytime Phone Number

Social Security Number                              OR        Tax Identification Number
              —              —                                                 —

E-mail Address:

Nature of Business:

## III. INFORMATION CONCERNING CERTAIN TRANSACTIONS

1.    If you purchased or sold a NYMEX platinum futures contract during the Class Period (*i.e.*, June 1, 2006 – April 29, 2010), then you must provide the information set forth in the Table I below for all such transactions.

| TABLE I—PURCHASE(S) AND SALE(S) OF NYMEX PLATINUM FUTURES CONTRACTS DURING THE CLASS PERIOD | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date of Transaction | Time of Execution of Transaction (if known)[1] | Contract Month | Number of Contracts In Transaction | Transaction Price | Purchase or Sale | Brokerage Firm and Account Number in Which Transaction Was Made | Hedging Transaction? (Yes or No)[2] |
| /          / | | | | . | | | |
| /          / | | | | . | | | |
| /          / | | | | . | | | |

---

[1] To the extent known, please provide for purchase and sale transactions between November 19, 2007 and June 18, 2008, inclusive, whether the time of day of the execution for each transaction was in the instance of platinum futures contracts, at or prior to 1:05 p.m.

[2] Hedging Transactions are defined as any offsetting exposures held or acquired by you or any of your affiliates in the cash, spot, or physical platinum or palladium markets, or other off-exchange markets related to platinum or palladium, that operated as a hedge (in whole or in part) against your transaction(s) in Class Contracts listed in Table I or Table II.

2.    In the below table, please identify any open positions (long or short) in NYMEX platinum futures contracts that you held as of the start of the Class Period on June 1, 2006. This determination shall be based on trade dates, not settlement dates.

| Open Positions in NYMEX Platinum Futures Contract Prior to June 1, 2006 (Identify Contract Month) | Short Position (Insert the number of contracts) | Long Position (Insert the number of contracts) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

3.    If you purchased or sold a NYMEX palladium futures contract during the Class Period (*i.e.*, June 1, 2006 – April 29, 2010), then you must provide the information set forth in the Table II below for all such transactions.

| TABLE II—PURCHASE(S) AND SALE(S) OF NYMEX PALLADIUM FUTURES CONTRACTS DURING THE CLASS PERIOD | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date of Transaction | Time of Execution of Transaction[3] (if known) | Contract Month | Number of Contracts In Transaction | Transaction Price | Purchase or Sale | Brokerage Firm and Account Number in Which Transaction Was Made | Hedging Transaction? (Yes or No) |
| /        / |  |  |  | . |  |  |  |
| /        / |  |  |  | . |  |  |  |
| /        / |  |  |  | . |  |  |  |

4.    In the below table, please identify any open positions (long or short) in NYMEX palladium futures contracts that you held as of the start of the Class Period on June 1, 2006. This determination shall be based on trade dates, not settlement dates.

| Open Positions in NYMEX Palladium Futures Contract Prior to June 1, 2006 (Identify Contract Month) | Shot Position (Insert the number of contracts) | Long Position (Insert the number of contracts) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

5.    For any line in which you stated Hedging Transactions in Table I or Table II above, were all of the transactions in that line Hedging Transactions?  YES ____ or NO ____. If your answer is NO, please list all of your Hedging Transactions in that line that were not Hedging Transactions.

_____

_____

---

[3] To the extent known, please provide for purchase and sale transactions between November 1, 2007 and June 18, 2008, inclusive, whether the time of day of the execution for each transaction was in the instance of palladium futures contracts, at or prior to 1:00 p.m.

6.   Were any of the transactions you listed in 6(a), 6(b) or 6(c) above conducted by you as a "Swap Dealer"?  A Swap Dealer is any person who (i) holds itself out as a dealer in swaps (ii) makes a market in swaps, (iii) regularly enters into swaps with counterparties as an ordinary course of business for its own account, or (iv) engages in activity causing itself to be commonly known in the trade as a dealer or market maker in swaps.  If your answer is YES, please list all of your transactions as a Swap Dealer in the space provided below.

_____

_____

7.   Please list all futures commission merchants ("FCMs") through which you maintained accounts wherein you traded NYMEX platinum futures contracts or NYMEX palladium futures contracts during the Class Period (*i.e.*, June 1, 2006 – April 29, 2010).

_____

_____

## IV.  CERTIFICATIONS

1.   I certify that I am a member of the Futures Class as defined in Section I above.

2.   I certify that I have read the Notice which explains my rights with respect to the Settlement.  After reading the Notice, I have decided to opt out of the Settlement with MF Global.  By opting out of the Settlement with MF Global, I understand that I will not be eligible to share in the Net Settlement Fund associated with the Settlement with MF Global.  And I understand that by opting out I may independently pursue any claims I may have against the Settling Defendant at my own expense.

3.   I certify that I have taken reasonable efforts to locate all the information requested in Section III above.

4.   By signing below, I acknowledge that I am voluntarily excluding myself from the Settlement.

**I declare and affirm under penalties of perjury that the foregoing statements and the information provided herein are true, correct and complete.**

This Request for Exclusion was executed this _____ day of _____, 20_____ in _____, _____
                                                                                                    (City/Province)              (State/Country)

_____
Signature of Class Member Requesting Exclusion

_____
Type or Print Name

_____
Capacity of Person Signing (*e.g.*, President, Trustee, Custodian, etc.)

*If you are acting for an entity, please submit proof of your authority (e.g., corporate resolution, trust agreement, etc.).*

Sworn to before me this _____ day of _____, 20_____

_____
   Notary Public

# Exhibit B

**NOTICE OF CLASS ACTION SETTLEMENT**

**If You Purchased, Invested In, or Otherwise Acquired an Interest in Platinum or Palladium Bullion in the United States Physical or "Spot" Market Conforming to NYMEX "Good Delivery" Requirements, or Purchased Platinum or Palladium Bullion of at Least 99.95% Purity, During the Period of June 1, 2006 through April 29, 2010, Inclusive, Then Your Rights Will Be Affected and You May Be Entitled to a Benefit**

*Please be advised that this notice is <u>separate</u> and <u>in addition to</u> the previously published notice concerning the Physical Plaintiffs' prior $9,355,000 settlement with the Moore Capital Defendants and Defendant Joseph Welsh and requires your separate review.*

The purpose of this notice is to inform you of a Settlement with James W. Giddens as trustee (the "<u>Trustee</u>") for the liquidation of MF Global Inc. ("<u>MFGI</u>") under the Securities Investor Protection Act (the "<u>SIPA Proceeding</u>").  MFGI was, prior to the SIPA Proceeding, a defendant in the class action *In re: Platinum and Palladium Commodities Litig.* (Platinum/Palladium Physical Action), 10-cv-3617 (WHP) (S.D.N.Y.) ("<u>Physical Action</u>") pending in the U.S. District Court for the Southern District of New York.  The Physical Plaintiffs filed a claim in the SIPA proceeding based on the allegations in the Physical Action.  The Court has scheduled a public Fairness Hearing for February 13, 2015, 11:00 a.m. at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY, Courtroom 20B.

In order to resolve the claims against MFGI, (1) the Trustee has agreed, subject to approval of the Bankruptcy Court, to the allowance of a final, non-appealable allowed claim in the MF Global SIPA Proceeding in the amount of $2,317,857.14 for the benefit of the Physical Class; (2) MF Global's insurance carrier has agreed, subject to approval of the Bankruptcy Court, to make an all-cash payment totaling $577,500; and (3) MF Global Holdings, Ltd. has agreed to provide further specific consideration to the Physical Plaintiffs and the Physical Class, including an all-cash payment of $200,000 in consideration for the Physical Plaintiffs' agreement to assign certain rights in relation to an anticipated judgment against Defendant Joseph Welsh.  *See* the Settlement Agreement and MF Global Holdings Agreements available at www.PlatinumPalladiumPhysicalLitigation.com.

MFGI and the Trustee have consistently and vigorously denied the Physical Plaintiffs' claims.  By entering into the Settlement Agreement with the Physical Plaintiffs, the Trustee does not admit and instead continues to deny MFGI engaged in any unlawful conduct, and denies any member of the Physical Class suffered compensable damages.  Absent a settlement, the Trustee would continue to vigorously oppose each and every aspect of the Physical Plaintiffs' claims and alleged damages.

There is a separate settlement with Defendant MF Global involving certain transactions in futures platinum and futures palladium.

A copy of the Settlement Agreement, the formal Settlement Notice, Plan of Allocation, Proof of Claim and other important documents are available on the Settlement website at

www.PlatinumPalladiumPhysicalLitigation.com

For additional information, you may also contact the Settlement Administrator, A.B. Data, Ltd., at (888) 206-5360 or at the address below:

PLATINUM AND PALLADIUM LITIGATION SETTLEMENT—PHYSICAL ACTION
c/o A.B. DATA, LTD.
PO BOX 170500
MILWAUKEE, WI 53217-8091

info@PlatinumPalladiumPhysicalLitigation.com

If you are a member of the Physical Class, you may seek to participate in the Settlement by submitting a Proof of Claim that is received by the Settlement Administrator on or before April 29, 2015.  You may obtain a Proof of Claim on the Settlement website referenced above.  If you are a member of the Physical Class but do not file a Proof of Claim, you will still be bound by the releases set forth in the Settlement Agreement if the Court enters an order approving the Settlement Agreement.  All objections must be made in accordance with the instructions set forth in the formal Settlement Notice and must be filed with the Court and served on the Parties' counsel by January 21, 2015.  All requests to be excluded from the Settlement must be made in accordance with the instructions set forth in the formal Settlement Notice and must be received by the Settlement Administrator no later than January 9, 2015.  You may obtain a Request for Exclusion Form on the Settlement website referenced above.  However, it is the Trustee's position that if anyone seeks to be excluded from the Settlement and did not file a bankruptcy proof of claim in the SIPA Proceeding on or before June 2, 2014, such claim is late filed and should be disallowed and expunged.  Additionally, the Trustee asserts that the claim of anyone excluded from the Settlement (even if a timely bankruptcy proof of claim was filed) will be subject to the claims allowance process in the Bankruptcy Court and may be subject to denial and expungement.

# Exhibit C



## In re: Platinum and Palladium Commodities Litigation (Platinum/Palladium Physical Action)

- **Home**
- Moore/Welsh Settlement
- MF Global Settlement
- Notice
- Proof of Claim and Release
- Court Documents
- Institutional Electronic Filing - Broker/Nominee Electronic Filing
- Daily Artificiality Tables and Calculation Examples
- Frequently Asked Questions
- Contact Information

This official website is maintained by the Settlement Administrator retained and supervised by Physical Lead Counsel for the Physical Class members in the action entitled, In re: Platinum and Palladium Commodities Litigation (Platinum/Palladium Physical Action), 10-cv-3617 (WHP) (the "Action"), pending in the United States District Court for the Southern District of New York.

This website contains information regarding the settlements reached in the above mentioned Action between Physical Plaintiffs and (i) the Moore Defendants and Defendant Welsh, and (ii) Defendant MF Global, Inc. ("MFGI").

For more information regarding the **Moore/Welsh Settlement**, please click here.

For more information regarding the **MF Global, Inc. Settlement**, please click here.

**Please note:**     Potential Physical Class members need only submit ONE Proof of Claim and Release form to participate in BOTH the Moore/Welsh Settlement and the MF Global, Inc. Settlement. However, SEPARATE objections or requests for exclusion must be filed for each settlement. Please review each settlement webpage for additional details.

**Important Updates:**

1.   October 7, 2014: An updated Scheduling Order dated October 7, 2014 has updated the Important Dates and Deadlines section on the Moore Settlement page of this website.

2.   November 14, 2014: The Court issued an Order dated November 14, 2014 that set certain deadlines and directed notice of the proposed settlement with MF Global be provided to the Physical Class.   More information can be found on the MF Global Settlement page of this website.

You will need Adobe Reader to view documents on this site. You can learn more about Adobe Reader and download the latest version by clicking here.

Privacy Policy                                                                                 Provided by A.B. Data, Ltd.