# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In Re: Platinum And Palladium Commodities Litigation*<br><br>This Document Relates To:<br><br>Platinum/Palladium Physical Action | MASTER FILE<br>No. 10 Civ. 3617 (WHP) |

**Declaration Of Frederick DeVito In Support Of Plaintiffs' Motion For Final Approval Of Settlement**

I, Frederick DeVito, declare as follows:

1. I am a named plaintiff for the Physical Plaintiff Class in the above-captioned action. I submit this declaration in support of Plaintiffs' Motion for Approval of Settlement. I have personal knowledge of the matters set forth in this declaration, and, if called upon to do so, I could and would competently so testify.

2. My involvement in this case began in June 2010, when I started a dialogue with my attorneys at Doyle Lowther about potential litigation concerning manipulation of the trading price of platinum and palladium bullion. As part of this process, I searched for and reviewed my trading records for platinum and palladium, communicated with my attorneys at Doyle Lowther, and reviewed and commented on the complaint filed against the defendants.

3. On June 14, 2010, *F.W. DeVito Inc. Retirement Plan Trust v. Moore Capital Management, L.P.*, No. 10 Civ. 4630, was filed. I am the trustee of the F.W. DeVito Retirement Plan Trust. At the time of the filing of the initial complaint, the DeVito Trust was the sole representative plaintiffs, and I spent considerable amount of time looking for documents and other information to make sure the complaint was as accurate as possible.

4. As this case proceeded, I continued to maintain regular contact with my counsel and take an active role in the litigation. Among other things, I collected records for production to the defendants. I participated in many telephonic conferences with my counsel about the case, the facts in the case, tactics and strategy, evidence adduced in the case, the involvement of the CFTC, the MF Global bankruptcy and its effect on the litigation, the parties' negotiations concerning discovery, and multiple calls during several mediation sessions, during which time I was regularly informed and updated concerning the state of negotiations. I also have been regularly updated concerning the litigation status with defendant MF Global, including mediation and settlement negotiations.

5.   I also was informed about the settlement terms with regard to the final settlement and disposition of the case. This included being regularly updated concerning the status and substance of mediation negotiations, including while the parties were negotiating in both New York and California. I had reviewed the complaint in its entirety, and was informed concerning volumes and damages estimates for the Physical Class. I regularly communicated with my attorneys at the Doyle Lowther law firm via phone and email, and regularly consulted my counsel about the litigation's status.

6.   As part of my duties, I provided to my counsel all documents I had concerning my platinum and palladium bullion investments, which I understood were to be produced to defendants as part of the litigation. This process included several long phone calls with the Doyle Lowther law firm to ensure all of my responses were thorough and accurate. Further, I reviewed many draft and final documents in this case, including draft and final versions of the initial and amended complaint filed in this case, a motion seeking documents and things from defendants, as well as my responses to discovery, and the preliminary and final settlement approval papers.

7.   I discussed the settlement terms with my counsel, starting at the outset of negotiations, and then mediation, continuing through the submission of preliminary approval papers and now final approval. This process is ongoing concerning defendant MF Global. I have regularly contacted counsel for status updates, and have been advised concerning major rulings, developments, and deadlines in the case. I have given my input and approval during the mediation and settlement process.

8.   I believe the $25,000 incentive award is fair given the benefits others will receive from the settlement, the time I spent assisting counsel and participating in the litigation, and the burden of these commitments.

I declare under penalty of perjury under the laws of the United States the above is true and correct. Executed this 6th day of October 2014 in _STAFFORD_, _VIRGINIA_.

_____
Frederick DeVito

3