# EXHIBIT H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: Platinum And Palladium Commodities Litigation<br><br>This Document Relates to:<br><br>Platinum/Palladium Physical Action<br><br>*F.W. DeVito Inc. Retirement Plan Trust et al. v. Moore Capital Management, L.P. et al.*, 10 Civ. 4630 (filed June 14, 2010) (WHP) | Master File No. 10 Civ. 3617-WHP<br><br>ECF Case |

### DECLARATION OF CHRISTOPHER J. GRAY IN SUPPORT OF PLAINTIFFS' AND CLASS COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

CHRISTOPHER J. GRAY declares as follows pursuant to 17 U.S.C. 1746:

1. I am the principal of Law Office of Christopher J. Gray, P.C., one of the attorneys for Plaintiffs in the above-captioned matter.

2. I submit this declaration in support of Plaintiffs' and Class Counsel's Motion For An Award of Attorneys' Fees and Reimbursement of Expenses.

3. Set forth below are my firm's legal services rendered in this case, the lodestar value of those services and the expenses reasonably incurred by my firm in connection with this litigation for which reimbursement is requested.

4. My firm acted as co-counsel (with Doyle Lowther LLP) for Physical Purchaser Plaintiffs F.W. DeVito, Inc. Retirement Trust Plan, Frederick DeVito, Mary DeVito, David W. DeVito and Russell W. Andrews.

1

5.  Among others, the tasks undertaken by my firm herein were as follows:

a.  Investigation and filing of first-filed complaint on behalf of Physical Purchaser Plaintiffs and conference with Physical Purchasers Plaintiffs concerning the feasibility of asserting claims;

b.  initial legal research concerning the applicability of the antitrust laws herein and Physical Purchaser Plaintiffs' standing thereunder, including standing under the theories articulated in *Sanner v. Board of Trade of the City of Chicago,* 62 F.3d 918, 929 (7th Cir. 1995), and *Loeb Industries v. Sumitomo Corp.,* 306 F.2d 469 (7th Cir. 2002);

c.  negotiations concerning leadership of Plaintiffs' counsel and coordination with futures plaintiffs, and preparation of court filings concerning same;

d.  preparation of consolidated amended complaints, including without limitation sections concerning interrelatedness of physical and futures markets, price impact of manipulation on physical market, antitrust standing of Physical Purchaser Plaintiffs under the rule of *Associated General Contractors of Cal., Inc. v. Cal. State Council of Carpenters.* 459 U.S. 519, 103 S.Ct. 897 (1983), and independence of defendants for purposes of analysis under *Copperweld Corporation v. Independence Tube Corp.,* 467 U.S. 752 (1984);

e.  preparation of memorandum of law in opposition to Defendants' motion to stay discovery;

f.  preparation of memoranda of law in opposition to motions to dismiss, including without limitation sections concerning antitrust standing of Physical Purchaser Plaintiffs under the rule of *Associated General Contractors of Cal., Inc. v. Cal. State Council of Carpenters.* 459 U.S. 519, 103 S.Ct. 897 (1983) ;and independence of defendants for purposes of analysis under *Copperweld Corporation v. Independence Tube Corp.,* 467 U.S. 752 (1984);

g.  conference with potential testifying experts;

h.  conference with defense counsel and counsel for futures plaintiffs concerning defendants' production of documents produced to Commodities Futures Trading Commission;

i.  retention of, conference with, and supervision of private investigators;

j.  document review in connection with preparation of amended complaints; and

k.  preparation of discovery pleadings, including without limitation initial disclosures and subpoenas.

6.  The significant majority of the undersigned's time devoted to this action was spent before settlement, at the investigation, amended complaint, and motion to dismiss stage, when there was a far greater risk of non-recovery than at later stages in the litigation.

7.  The undersigned, Christopher J. Gray, is the only timekeeper for which my firm is seeking an award of attorney's fees in this matter, in the sum of calculated as follows:

Hours:         338.9

Hourly Rate:   $575.00

Lodestar:      $194.867.50.

8.  The hourly rate requested for work performed by the undersigned is consistent with hourly rates that have been accepted and approved in prior complex class action litigation in this District involving commodities manipulation. In particular, my firm's lodestar was approved as reasonable (along with co-counsel's) by the Hon. Shira A. Scheindlin based on, *inter alia,* a rate of $535.00 an hour for work performed by the undersigned between 2007 and 2012. *See In re Amaranth Natural Gas Commodities Litig.,* 07-CV-6377 (SAS), 2012 U.S. Dist. LEXIS 82599 at *6 (S.D.N.Y. June 11, 2012) ("After reviewing the supporting declarations, which include a summary of the hours expended by and the billing rates for every attorney,

3

paralegal, and staff member that worked on this litigation, I find that $28,014,724.20 is a reasonable lodestar for the time expended by plaintiffs' firms); *see also In re Amaranth*, No. 07-CV-6377 (SAS) at Dkt. No. 387 (Declaration of Christopher J. Gray setting forth lodestar based on, *inter alia*, billing rate of $535.00 an hour for work performed by Christopher J. Gray between 2007 and 2012).

9. My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

10. My firm has incurred a total of $1,523.50 in un-reimbursed expenses in connection with the prosecution of this litigation. The expenses are as follows: Private investigator fees $1,000.00; court filing fees $5.50.00; process servers $245.00; and meals $78.50.

11. The above expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from checking account records and other source materials and represent an accurate record of the expenses incurred.

12. With respect to the standing and background of my firm, attached as Exhibit 1 hereto is a firm resume for Law Office of Christopher J. Gray, P.C. In particular, I am familiar with legal claims under the antitrust laws for physical commodities purchaser plaintiffs under the *Sanner v. Board of Trade of the City of Chicago*, 62 F.3d 918, 929 (7th Cir. 1995), and *Loeb Industries v. Sumitomo Corp.*, 306 F.2d 469 (7th Cir. 2002) cases due to my work on a similar case during my former employment with the Lovell Stewart firm, where I assisted in the representation of futures plaintiffs in a class action in which plaintiffs obtained reportedly the largest recovery ever under the Commodities Exchange Act, $145.35 million. *See In re Sumitomo*

4

*Copper Litig.*, 194 F.R.D. 480 (S.D.N.Y. 2000) (Pollack, J.) (certifying class of futures plaintiffs and non-continuous class period of over two years). In that action, physical purchaser plaintiffs also asserted claims arising out of the same underlying manipulative conduct that gave rise to futures plaintiffs' claims, albeit in separate litigation in the U.S. District Court for the Eastern District of Wisconsin. I also have substantial experience in commodities manipulation cases in my own practice, including playing a substantial role in the representation of plaintiffs in *In re Amaranth Natural Gas Commodities Litig.*, No. 07-CV-6377 (SAS) ($77 million settlement); *see* 587 F.Supp.2d 513 (S.D.N.Y. 2008) (denying in part defendants' motions to dismiss class action alleging massive manipulation of natural gas commodities futures prices by hedge fund during 2006); 612 F. Supp. 2d 376 (S.D.N.Y. 2008) (denying in substantial part defendants' motions to dismiss complaint); 711 F. Supp. 2d 301 (S.D.N.Y. 2010) (attaching $72.4 million in assets of hedge fund); 269 F.R.D. 366 (S.D.N.Y. 2010) (certifying class). I am currently representing one of the plaintiffs in *In re Crude Oil Commodity Futures Litig.*, No. 11-CV-3600 (KBF), a putative class action pending in this District alleging manipulation of the price of commodities futures contracts on West Texas Intermediate ("WTI") crude oil by a hedge fund. I currently represent one of the plaintiffs in a putative class action in this District alleging fraud in connection with the sale and management of a hedge fund known as the Corporate Special Opportunities fund (or "CSO"). *See Beach v. Citigroup Alternative Investments, LLC*, No. 12-CV-7717 (PKC), 2014 U.S. Dist. LEXIS 30032 (S.D.N.Y. Mar. 7, 2014) (denying in part defendants' motions to dismiss). As an associate with the Lovell Stewart firm, I assisted in the representation of plaintiffs in *In re Natural Gas Commodities Litig.*, No. 03 Civ. 6186 (VM), a class action in this District alleging manipulation of the price of commodities futures contracts on natural gas by various market participants that ultimately resulted in a recovery of $101 million for the class.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 6th day of January, 2015.

CHRISTOPHER J. GRAY

# EXHIBIT 1



# Christopher J. Gray, P.C.

**LAW OFFICE OF
CHRISTOPHER J. GRAY, P.C.
360 Lexington Ave., 14th Floor
New York, New York 10017
(212) 838-3221
(212) 937-3139 (fax)
newcases@investorlawyers.net
www.investorlawyers.net**

Since 2004, Law Office of Christopher J. Gray, P.C. has represented (and/or currently represents) plaintiffs in various class actions alleging violations of the Commodities Exchange Act, antitrust law, and state law governing shareholder rights. The firm also represents and has represented investors in disputes with the securities industry and in litigation against issuers and sellers of securities, among others.

## Attorneys

**Christopher J. Gray** has spent most of his career representing individuals and small businesses in complex litigation, arbitration, class actions, and trials and appeals in state and federal court. Mr. Gray has significant experience representing investors in arbitration proceedings before the Financial Industry Regulatory Authority ("FINRA", formerly the National Association of Securities Dealers) and the National Futures Association and has obtained substantial recoveries in a number of securities and commodities arbitration cases.

Mr. Gray holds a J.D. degree from Georgetown and a B.A. from the University of Wisconsin. He was admitted to the bar in New York in 1997 and is a member of the bars of the U.S. District Courts for the Eastern, Southern and Western Districts of New York, the U.S. District Court for the Eastern District of Texas, the U.S. District Court for the Northern District of Ohio, the U.S. Court of Appeals for the Second Circuit and the U.S. Supreme Court.

Mr. Gray is a member of the Public Investors Arbitration Bar Association (in which he serves on the Board of Directors, the Self-Regulatory Organization Committee, and as an editor of the PIABA Bar Journal) and is also a member of the American Association for Justice (f/k/a American Trial Lawyers Association), and the New York State Trial Lawyers Association.

In court, Mr. Gray has achieved notable results for his clients in many instances. In 2011, Mr. Gray and co-counsel obtained a pre-judgment attachment of $72.4 million against a master fund entity (Amaranth LLC) associated with the now-defunct hedge fund known as Amaranth. The Amaranth master fund had sought to distribute the $72.4 million to its feeder fund investors (including offshore entities) and also to its former employees as deferred compensation. *See In re Amaranth Natural Gas*

master fund had sought to distribute the $72.4 million to its feeder fund investors (including offshore entities) and also to its former employees as deferred compensation. *See In re Amaranth Natural Gas Commodities Litig.*, No. 07-CV-6377 (SAS). The case was later settled for $77 million. In 2006-07, Mr. Gray served as court-appointed Lead Counsel in a class action in the Supreme Court of the State of New York, in which the plaintiff obtained class certification and secured a substantial recovery for a class of shareholders of a former Nasdaq-listed corporation. The class included shareholders who were involuntarily cashed out of the stock of Niagara Corp. pursuant to a reverse stock split. (*Spring Partners, LLC v. Scharf*, Docket No. 601004/05). Minority shareholders who were cashed out at $8.47 a share (where management later sold the company for $16.00 a share in a going private transaction) who submitted proofs of claim to the settlement claims administrator received over $10.00 a share in additional consideration in connection with the settlement. Mr. Gray also formerly served as co-counsel in a class action against a major financial firm for failure to pay overtime wages to employees that was successfully resolved pursuant to a $43.5 million nationwide settlement.

As an associate attorney with his former firm, Mr. Gray assisted in representing the plaintiffs in a class action in which plaintiffs obtained reportedly the largest recovery ever under the Commodities Exchange Act, $145.35 million. *See In re Sumitomo Copper Litig.*, 194 F.R.D. 480 (S.D.N.Y. 2000) (Pollack, J.) (certifying non-continuous class period of over two years). In 2002, Mr. Gray obtained a $1.01 million jury verdict in an action under Section 10(b) of the Securities Exchange Act of 1934. (*Herbert Black v. Finantra Capital, Inc.*, S.D.N.Y. Docket No. 02-CV-6819 (JSR)). Mr. Gray also investigated, filed and argued procedural motions in *In re Avista Corp. Sec. Litig.*, U.S. District Court for the Eastern District of Washington Docket No. 02-CV-328 (FVS), a securities class action that was later settled for over $9 million.

With his current and former firms, Mr. Gray has represented the plaintiffs in the following reported cases, among others:

Beach v. Citigroup Alternative Investments, LLC, No. 12-CV-7717 (PKC), 2014 U.S. Dist. LEXIS 30032 (S.D.N.Y. Mar. 7, 2014) (denying in part defendants' motions to dismiss in case alleging fraud in connection with sale and management of hedge fund that imploded, allegedly as the result of losses from a single leveraged trade that implicated conflicts of interest on the part of defendants).

In re Amaranth Natural Gas Commodities Litigation, 711 F. Supp. 2d 301 (S.D.N.Y. 2010) (attaching $72.4 million in assets of hedge fund in action alleging manipulation of natural gas commodities futures by hedge fund) 269 F.R.D. 366 (S.D.N.Y. 2010) (certifying class); 612 F. Supp. 2d 376 (S.D.N.Y. 2008) (denying in substantial part defendants' motions to dismiss complaint).

Crowe v. JPMorgan Chase & Co, No. 09-CV-778, 2009 U.S. Dist. LEXIS 107961 (S.D.N.Y. Nov. 18, 2009) (denying plaintiffs' request that case not be consolidated with other shareholder actions against JPMorgan on behalf of shareholders of the former Bear Stearns Companies Inc.

Slayton v. American Express Co., 460 F.3d 215 (2d Cir. 2006) (obtaining reversal of U.S. District Judge's ruling that shareholder class action on behalf of American Express shareholders against company and executive officers was untimely).

Univest Network, LLC v. AT&T Corp., No. 04-CV-9868 (MGC), 2006 WL 1017679 (S.D.N.Y. Apr. 19, 2006) (holding that press releases incorporated by reference in prospectus for stock offering are statement deemed to be made as of the date of the prospectus for purposes of liability under Section 11 of Securities Act of 1933).

Sung ex rel. Lazard Ltd. v. Wasserstein, 415 F. Supp. 2d 393 (S.D.N.Y. 2006) (remand to Supreme Court of the State of New York granted; state law derivative action was not preempted under Securities Litigation Uniform Standards Act of 1998).

Berger v. Scharf, No. 600935/05, 2006 WL 825171 (N.Y. Sup. Ct. N.Y. Cty. March 29, 2006) (denying defendants' motion to dismiss complaint in shareholder class action).

Black v. Finantra Capital, Inc., 418 F.3d 203 (2d Cir. 2005) (reversing district court's grant of judgment notwithstanding verdict pursuant to Fed. R. Civ. P. 50(b)).

In re Amaranth Natural Gas Commodities Litigation, --- F.Supp.2d ----, 2008 WL 4501247(S.D.N.Y. October 6, 2008) (denying in part defendants' motions to dismiss class action alleging massive manipulation of natural gas commodities futures prices by hedge fund during 2006).

In re Agape Litig., 681 F. Supp. 2d 352 (E.D.N.Y. 2010).

In re FBR, Inc. Sec. Litig., 544 F. Supp. 2d 346 (S.D.N.Y. 2008).

Multi-Juice, S.A. v. Snapple Beverage Corp., No. 02-CV-4635 (RPP), 2005 WL 1138470 (S.D.N.Y. May 12, 2005).

In re Electronic Data Sys. Corp. Sec. and ERISA Litig., 298 F. Supp. 2d 544 (E.D. Tex. 2004).

Albert Fadem Trust v. Duke Energy Corp., 214 F. Supp. 2d 314 (S.D.N.Y. 2002).

Butigian v. Port Authority of New York and New Jersey, 266 A.D.2d 133, 699 N.Y.S.2d 41 (1st Dep't 1999)[1].

---

[1] Gray represented defendants/appellees.

Mr. Gray has significant experience representing investors in arbitration proceedings before FINRA and the National Futures Association. In 2011 Mr. Gray obtained an arbitration award of $765,000 on behalf of investors who alleged that respondent brokerage firm had sold them volatile mortgage REITs via misrepresentations and omissions of material fact. *See Raubvogel v. Credit Suisse,* FINRA Case No. 09-02906. Mr. Gray subsequently obtained an award of attorney's fees for his clients pursuant to Fla. Stat. § 517.211 after obtaining a reversal on appeal to the Florida Fourth District Court of Appeals of the Palm Beach County Circuit Court's initial denial of the Raubvogels' request for an award of attorney's fees. In 2008, Mr. Gray obtained two arbitration awards at trial for investors in which the sums awarded substantially exceeded the investors' actual losses in the accounts with the brokerage firms. *See, e.g., Meier v. U.S .Financial Group, Inc.,* National Futures Association Arbitration No. 07-01185 (awarding investor defrauded by "churning" and excessive commissions a refund of all of his losses, plus additional punitive damages, jointly and severally against introducing brokerage firm and its employees and owners).

Mr. Gray resides in Greenwich, Connecticut with his wife and three children

**Kara R. Halpern** concentrates her practice in litigation. Ms. Halpern received a J.D. degree *cum laude* from Hofstra University School of Law and a B.A. *summa cum laude* from the University of Rhode Island. Ms.Halpern is admitted to the bar in New York and is a member of the bar of the U.S. District Courts for the Eastern and Southern Districts of New York.