```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/27/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

*In Re: Platinum And Palladium Commodities Litigation*

This Document Relates To:

Platinum/Palladium Futures Action

MASTER FILE
No. 10 Civ. 3617 (WHP)

---

# FINAL ORDER AND JUDGMENT

This matter came for a duly-noticed fairness hearing on February 27, 2015 (the "Fairness Hearing"), upon the Futures Plaintiffs' Motion for Final Approval of Settlement with Defendants Moore Capital Management, LP; Moore Capital Management, LLC; Moore Capital Advisors, LLC; Moore Advisors, Ltd.; Moore Macro Fund, LP; Moore Global Fixed Income Master Fund, LP; Christopher Pia; Louis Bacon; Eugene Burger; and Joseph Welsh ("Settling Defendants") in the above-captioned action (the "Futures Action"), which was joined and consented to by the Settling Defendants. Due and adequate notice of the Stipulation and Agreement of Settlement dated March 17, 2014 (the "Settlement Agreement"), including Section 3(b) thereof relating to the limitations of the enforceability of this Final Order and Judgment against Defendant Welsh, having been given to the members of the Futures Class, the Fairness Hearing having been held and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor, and a determination having been made expressly pursuant to Rule 54(b) of the Federal Rules of Civil Procedure that there is no justification for delay,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. This Final Order and Judgment hereby incorporates by reference the definitions in the Settlement Agreement and all terms used herein shall have the same meanings as set forth in the Settlement Agreement, including the limitations in Section 3(b) of the Settlement Agreement and paragraph 15 of this Final Order and Judgment with respect to Defendant Welsh.

2. The Court hereby finally certifies the Futures Class, as defined in the Court's July 15, 2014 Order Preliminarily Approving Proposed Settlement, Scheduling Hearing for Final Approval thereof, and Approving the Proposed Form and Program of Notice to the Class. Dkt. No. 212. Based on the record, the Court reconfirms that the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have been satisfied.

3. This Court has jurisdiction over the subject matter of the Futures Action and over all Parties to the Futures Action.

4. The Court finds that due process and adequate notice have been provided pursuant to Rule 23 of the Federal Rules of Civil Procedure to all members of the Futures Class, notifying the Futures Class of, among other things, the pendency of the Futures Action and the proposed Settlement.

5. The notice provided was the best notice practicable under the circumstances and included individual notice to those members of the Futures Class who were able to be identified through reasonable efforts. The Court finds that notice was also given by publication in three publications and through a settlement website, as set forth in the Declaration of Eric Miller dated January 14, 2015, and previously submitted. Such notice fully complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process of law, and other applicable law. Based upon the Declaration of David M. Zensky In Support of Motions for Final Approval of Class Settlements dated January 14, 2015, the Court further finds that the Settling

Defendants have complied with the obligations imposed on them under the Class Action Fairness Act of 2005, Pub. L. 109-2, Feb. 18, 2005, 119 Stat. 4.

6. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all Futures Class members of their right to object to the Settlement, the Plan of Allocation, Futures Lead Counsel's application for attorneys' fees and reimbursement of expenses associated with the Futures Action, and the limitations on this Final Order and Judgment with respect to Defendant Welsh. A full and fair opportunity was accorded to all members of the Futures Class to be heard with respect to the foregoing matters.

7. The Court finds that the members of the Futures Class identified on the schedule attached hereto as Exhibit A, and no others, have validly requested to be excluded from the Futures Class. Accordingly the Persons listed on Exhibit A are not included in the Futures Class nor bound by this Final Order and Judgment.

8. It is hereby determined that all members of the Futures Class whose names are not on Exhibit A hereto are bound by this Final Order and Judgment.

9. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement, as set forth in the Settlement Agreement, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Futures Class, including the Futures Plaintiffs. This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's length negotiations between experienced counsel representing the interests of the Parties. Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects. The Parties are hereby directed to carry out the

Settlement Agreement in accordance with all of its terms and provisions, including the termination provisions.

10. Notwithstanding the provisions of any other paragraph of this Final Order and Judgment, if the Settlement Agreement is validly terminated by Settling Defendants, then, by automatic operation of this paragraph, this Final Order and Judgment shall be null and void except for the provisions in this paragraph; the Futures Plaintiffs' claims shall be reinstated; Settling Defendants' defenses shall be reinstated; and the Parties shall be returned to their respective positions before the Settlement Agreement was signed. Any termination of the Settlement Agreement shall be dependent upon the realization of the condition subsequent that Futures Plaintiffs' claims shall not be dismissed or if they have been dismissed that the Futures Plaintiffs' claims are reinstated such that the Parties are returned to their respective positions before the Settlement Agreement was signed. If the Futures Plaintiffs' claims are dismissed and not reinstated, then Settling Defendants' termination of the Settlement Agreement shall be null and void.

11. The Settlement Fund has been established as a trust and as a Settlement Fiduciary Account. The Court further approves the establishment of the Settlement Fiduciary Account under the Settlement Agreement as a qualified settlement fund pursuant to Internal Revenue Code Section 4688 and the Treasury Regulations promulgated thereunder.

12. The Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement and the Settlement contemplated thereby and the enforcement of this Final Order and Judgment. The Court also retains exclusive jurisdiction to resolve any disputes that may arise with respect to the Settlement Agreement, the Settlement, or the Settlement Fund, to consider or approve administration costs and fees, and to consider or

approve the amounts of distributions to members of the Futures Class. In addition, without affecting the finality of this judgment, the Parties and the Futures Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York for any suit, action, proceeding or dispute arising out of or relating to this Final Order and Judgment or the Settlement Agreement. Notwithstanding any other provision in this Final Order and Judgment, if, for any reason, the enforcement of paragraph 15 of this Final Order and Judgment and obtaining complete relief thereunder against the insurers of Defendant Welsh may not be accomplished in this Court, then the Futures Plaintiffs and the Futures Class may bring suit against such insurer(s) in another jurisdiction.

13. The Court hereby approves the Releasing Parties' releases of claims as set forth in Section 6 of the Settlement Agreement, Specifically: effective upon the Effective Date each and every Futures Class member, all of their past, present or future parents, subsidiaries, divisions, affiliates, shareholders, general or limited partners, attorneys, spouses, insurers, beneficiaries, employees, officers, directors, legal and equitable owners, members, predecessors in interest, successors in interest, legal representatives, trustees, associates, heirs, executors, administrators and/or assigns and each and any of their respective shareholders, parents, subsidiaries, divisions, affiliates, shareholders, general or limited partners, assigns, attorneys, insurers, beneficiaries, employees, officers, directors, legal and equitable owners, members, predecessors in interest, successors in interest, legal representatives, trustees, associates, heirs, executors, administrators and/or assigns (together the "Releasing Parties"), releases and forever discharges, to the fullest extent permitted by law, the Released Parties from and against any and all present, past, or future claims, demands, debts, damages, losses, offsets, obligations, warranties, costs, fees, penalties, expenses, whenever incurred, rights of action, suits, and causes of action of every kind and

nature whatsoever, whether based on contract, tort, federal, state or foreign law, statutory, or other legal or equitable theory of recovery, liabilities of any nature and kind whatsoever, whether known or unknown, suspected or unsuspected, existing, or claimed to exist, and whether arising in the past or future, in law or in equity, that each and every Futures Class member ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, in any way arising from or related to, in full or in part, any transactions in Class Contracts, whether or not asserted in the Futures Action, or from any losses incurred, in whole or in part, as a result of such transactions. Notwithstanding any other provision of the Settlement Agreement (a) the foregoing release shall not include any claims which a Futures Class member may have in its capacity as a member of any class that may be certified with respect to the claims asserted in the Complaint in the Physical Action, and (b) as to Defendant Welsh, the foregoing release shall not include, shall not apply to, shall have no effect whatsoever on, and shall not release in any way, the negligence and the negligent conduct or omissions as alleged, and relief that may be obtained on, the Futures Plaintiffs' fifth claim in the Complaint. Welsh is released as to the non-negligence claims (including the Futures Plaintiffs' claims in the Complaint for violations of the Commodity Exchange Act and the Sherman Act) as set forth in Section 6(a) of the Settlement Agreement. In addition, each Releasing Party hereby expressly waives and releases any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code, which reads:

> Section 1542. <u>General release extent</u>. A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor[.]

From the Effective Date each Releasing Party also expressly waives and releases any and all

provisions, rights, and benefits conferred by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Each Releasing Party may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of Section 6 of the Settlement Agreement but each Releasing Party, through the Settlement Agreement, and with the ability to seek independent advice of counsel, expressly waives and fully, finally and forever settles and releases, as of the Effective Date any known or unknown, suspected or unsuspected, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. From the Effective Date, the releases herein given by the Releasing Parties shall be and remain in effect as full and complete releases of the claims set forth in the Futures Action, notwithstanding the later discovery or existence of any such additional or different facts relative hereto or the later discovery of any such additional or different claims that would fall within the scope of the release provided in Section 6(a) of the Settlement Agreement, as if such facts or claims had been known at the time of this release. Notwithstanding any of the provisions of the Final Judgment or any provisions of the Settlement Agreement or otherwise, the Futures Plaintiffs and the Futures Class do not release or dismiss and shall not release or dismiss Defendant Welsh from the Futures Plaintiffs' fifth claim in the Complaint for negligence against Defendant Welsh.

14. Each Futures Class member must execute a release and covenant not to sue in conformity with Section 6 of the Settlement Agreement in order to receive his/her/its pro rata share of the Net Settlement Fund. The Settlement Administrator shall ensure that each claim form provided to Futures Class members contains a copy of the release and covenant not to sue

set forth in Section 6 of the Settlement Agreement, which must be signed by the member of the Futures Class or its authorized representative as a precondition to receiving any portion of the Net Settlement Fund. Each Futures Class member's claims shall be released pursuant to Section 6 of the Settlement Agreement, regardless of whether he/she/it executes a release and covenant not to sue pursuant to this paragraph 14.

15. It is hereby adjudged, decreed and ordered that the Futures Plaintiffs and the Futures Class have a judgment against Defendant Welsh in the amount of thirty-five million dollars ($35,000,000.00) on and solely on the Fifth Claim (Common Law Negligence) of the Fifth Consolidated Amended Class Action Complaint, Docket No. 133.[1]

16. The Court hereby approves the Released Parties' releases of claims set forth in Section 6(d) of the Settlement Agreement.

17. The Settlement Agreement, including but not limited to its exhibits, and any and all negotiations, documents and discussions associated with it, is not and shall not be deemed or construed to be an admission, adjudication or evidence of any violation of any statute or law or

---

[1] The Futures Plaintiffs, the Futures Class and Futures Lead Counsel have agreed (a) that they will refrain from enforcing this judgment against Defendant Welsh's personal assets except those listed in the following sub-paragraph (b), and (b) that, in view of Defendant Welsh's inability to pay, the Futures Plaintiffs, the Futures Class and Futures Lead Counsel will enforce this judgment only against Defendant Welsh's personal assets consisting of the entirety of Defendant Welsh's claims, causes of action, rights, title, interest in, and any other entitlement to any benefits, of any nature whatsoever from, under, or by any reason of, or against the Relevant Insurers, including in respect of any insurance policy (specifically including a certain Directors & Officers insurance policy (No. 14-MGU-11-A23947) with effective dates of May 31, 2011 through May 31, 2012 (the "Policy")) issued by U.S. Specialty Insurance Company ("U.S. Specialty") and/or other companies and all related excess policies including, but not limited to, any excess policy underwritten by: XL Specialty; Axis Insurance Co., Ace American Insurance Co., Illinois National, Federal, Ace Westchester Specialty, New Hampshire Insurance, Ironshore Indemnity, Inc., Hartford Accident & Indemnity, St. Paul Mercy, Ironshore/Starr, AWAC, Axis Specialty Ltd., Catlin Ins. Co., Continental Casualty, Federal, Everest National Scottsdale Indemnity, New Hampshire Insurance, U.S. Specialty (together the "Relevant Insurers").

of any liability or wrongdoing by the Settling Defendants or any Released Party, or of the truth of any of the claims or allegations alleged in the Futures Action or the incurrence of any damage, loss or injury by any Person. In the event that the Settlement does not become final or is terminated in accordance with the terms of the Settlement, then the Settlement Agreement, including its exhibits, and any and all negotiations, documents and discussions associated with it and the releases set forth therein, shall be without prejudice to the rights of any Party and shall be of no force or effect and shall not be offered or received in evidence in any proceeding. Further, the Settlement Agreement is not and shall not be deemed or construed to be an admission, adjudication or evidence of any lack of merit of any of the claims asserted in the Futures Action. The Settlement Agreement, including its exhibits, and any and all negotiations, documents and discussions associated with it, (a) shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Settling Defendants or any Released Party, or of the truth of any of the claims or allegations, or the incurrence of any damage, loss or injury by any Person, or of any lack of merit of any of the claims asserted in the Futures Action, and (b) shall not be discoverable or used directly or indirectly, in any way, whether in the Futures Action or in any other action or proceeding of any nature, whether by the Futures Class or Opt Outs (or any plaintiff alleging the same or similar facts and claims or any action brought by a regulator), except if warranted by existing law in connection with a dispute under this Settlement Agreement or an action in which this Settlement Agreement is asserted as a defense. Notwithstanding any other provision in this Settlement Agreement, nothing herein shall be construed to modify the judgment on the common law negligence claim into anything other than a liability judgment and the provision in Section 3(b)(vii) of the Settlement whereby Welsh denies liability shall not apply to the extent of

Welsh's personal assets that have been assigned to Futures Plaintiffs in Section 3(b)(ii), and the Futures Plaintiffs have the full enforcement rights on such liability judgment provided in footnote one (fn. 1) of paragraph 15 of this Final Judgment. Settling Defendants and Futures Plaintiffs expressly reserve all of their rights if the Settlement does not become final in accordance with the terms of this Settlement Agreement.

18.   (a)   Claims for contribution or indemnification (however denominated) to recover all or a portion of any amounts a Released Party, Non-Settling Defendant or Relevant Insurer has paid or may in the future pay to or for the benefit of the Futures Class by way of settlement or judgment or otherwise in any action respecting this Final Judgment, the Futures Action or any other action or proceeding asserting similar claims (i) by any Non-Settling Defendant, their insurers, and/or anyone claiming to be subrogated to such Non-Settling Defendant's rights against any of the Released Parties; (ii) by any of the Released Parties against any of the Non-Settling Defendants; (iii) by any of the Moore Defendants against Welsh, and (iv) by Welsh, the Relevant Insurers, and/or anyone claiming to be subrogated to Welsh's rights, against any of the Moore Defendants, are hereby barred and enjoined.

(b)   In the event that a judgment is obtained against one or more of the Non-Settling Defendants by any or all members of the Futures Class, such a judgment shall be reduced by the greater of (i) the total amount of the Settlement Fund that Futures Plaintiffs have recovered at the time of that judgment or (ii) the proportionate share of the liability of the Settling Defendants at the time a damages judgment is entered. Nothing herein shall preclude (i) the Futures Plaintiffs from asserting that any damages against which an offset must be credited must be determined in accordance with applicable law, or (ii) the Non-Settling Defendants from asserting that the judgment against which the credit shall be applied must reflect actual damages demonstrated by

each of the members of the Futures Class, and all such arguments are fully preserved by and in favor of the Futures Plaintiffs and Non-Settling Defendants.

19. The Court finds that, during the course of the Futures Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

20. All documents, materials, and information produced during the discovery process in the Futures Action, either before, during or after the date of this Settlement Agreement, may be used by the Futures Plaintiffs, Futures Class and Futures Lead Counsel solely in pursuit of their claims in the Futures Action against MF Global, Inc. or other Non-Settling Defendants and may also be used by the Futures Plaintiffs, the Futures Class and Futures Lead Counsel in pursuit of their claims against the Relevant Insurers. Such use shall be governed by all confidentiality and/or protective orders in force as of the date of this Settlement Agreement and by such additional confidentiality and/or protective orders as may be in effect on the date the discovery takes place.

21. Any data or other information provided by Futures Class members in connection with the submission of claims will be held in strict confidence, available only to the Settlement Administrator, Futures Lead Counsel, experts or consultants acting on behalf of the Futures Class, Settling Defendants' counsel, Settling Defendants, and experts or consultants acting on behalf of Settling Defendants. In no event will a Futures Class member's data or information be made publicly available, except as provided for herein or upon Court Order for good cause shown.

22. The proposed Plan of Allocation is approved as fair, reasonable and adequate.

23. Except for the negligence claim against Defendant Welsh only, all claims in the Futures Action as to the Settling Defendants are hereby dismissed with prejudice and without costs.

24. Futures Lead Counsel shall file, no later than fourteen months after this Order becomes effective, a report on progress in the distribution to members of the Futures Class of the Net Settlement Fund. Prior order of the Court shall be required before any such distribution.

25. Futures Lead Counsel's petition for an award of attorneys' fees and reimbursement of expenses shall be determined by separate order of the Court.

26. If any deadline imposed herein falls on a non-business day, then the deadline is extended until the next business day.

27. There is no just reason for delay in the entry of this Final Order and Judgment, which is both final and appealable, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Signed this 27 day of February 2015, at the Courthouse for the United States District Court for the Southern District of New York.

_____
The Honorable William H. Pauley, III
United States District Court Judge

## **Exhibit A**

1. Susan J. Levy
2. Nick A. Kephalos
3. Stefan Stedra