**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In Re: Platinum And Palladium Commodities Litigation*<br><br>This Document Relates To:<br><br>Platinum/Palladium Futures Action | MASTER FILE<br>No. 10 Civ. 3617 (WHP) |

**DECLARATION OF ERIC J. MILLER ON BEHALF OF A.B. DATA, LTD.,**
**IN SUPPORT OF CLASS REPRESENTATIVES' MOTION FOR**
**AUTHORIZATION TO DISTRIBUTE NET SETTLEMENT FUNDS**

I, Eric J. Miller, declare as follows:

1.     I am a Vice President of A.B. Data, Ltd.'s Class Action Administration Company ("A.B. Data").  I am over 21 years of age and am not a party to the above-captioned action (the "Action").[1]  My business address is 3507 Kyoto Gardens Drive, Suite 200, Palm Beach Gardens, FL, 33410, and my telephone number is 561-336-1801.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.     A.B. Data was retained by Class Counsel to serve as the Settlement Administrator in connection with the Settlement of the Action.  In the Orders Granting Preliminary Approval of Class Action Settlements with (a) the Moore Defendants[2] and defendant Joseph Welsh and (b) the MF Global Defendants[3] and the February 27, 2015 Orders Granting Final Approval of the

---

[1]     All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreements of Settlements, dated March 17, 2014 (the "Moore Settlement") and October 21, 2014 (the "MF Global Settlement").

[2]     The "Moore Defendants" are defendants Moore Capital Management, L.P/, Moore Capital Management, LLC, Moore Capital Advisors, LLC, Moore Advisors, Ltd., Moore Macro Fund, LP, Moore Global Fixed Income Master Fund LP, Christopher Pia, Louis Bacon and Eugene Burger.

[3]     The "M.F. Global Defendants" are defendants MF Global, Inc. and  James W. Giddens, as trustee for the liquidation of MF Global Inc.

Settlements, the Court appointed A.B. Data, Ltd. to serve as Settlement Administrator. Since that time, A.B. Data has, among other things: (i) mailed the Notice of Pendency of Class Action, Proposed Settlements, and Motion for Attorneys' Fees and Expenses (the "Notice") and the Proof of Claim and Release (the "Proof of Claim" and, together with the Notice, the "Notice Packet," a copy of which is attached hereto as Exhibit A) to more than 12,500 potential Class Members and brokers and other nominees; (ii) created and maintains a toll-free help line and website dedicated to the Settlement to assist Class Members and potential claimants during the course of the administration; (iii) caused the Summary Notice to be published;[4] (iv) received and processed Proofs of Claim submitted in connection with the Settlements; and (v) calculated claimants' Allowed Claims pursuant to the Court-approved Plans of Allocation set forth in the Notice, including net artificiality paid "NAP" and net losses "NL" as defined in the Plans of Allocation.

3.     On February 27, 2015, the Court entered the Final Orders and Judgments (the "Judgments"), granting final approval to the Settlements reached in the Action.

4.     A.B. Data has completed processing all Proofs of Claim received through June 1, 2018[5] in accordance with the Settlements and the Court-approved Plans of Allocation, and hereby submits its administrative determinations accepting and rejecting the Proofs of Claim in preparation for distribution of the Net Settlement Funds to Authorized Claimants. A.B. Data

---

[4]     The efforts undertaken by A.B. Data in providing notice of the Settlements to the Class are detailed in the two previously submitted Declarations of Eric J. Miller on behalf of A.B. Data, LTD. Regarding Notice and Claims Administration, dated January 14, 2015.

[5]     In anticipation of completing the administration of the Settlement, A.B. Data, in consultation with Class Counsel, determined a cut-off of June 1, 2018, after which no additional Proofs of Claim would be processed or considered for inclusion in the Initial Distribution (as defined herein) of the Net Settlement Fund. This is done so that there may be a proportional distribution of the Net Settlement Fund. As of the date of this Declaration, no Proofs of Claim have been received after June 1, 2018.

also submits this Declaration in support of The Futures Plaintiffs' Motion to Distribute the Net

Settlement Funds for the Moore Settlement and MF Global Settlement ("Distribution Motion").

## PROCEDURES FOLLOWED IN PROCESSING PROOFS OF CLAIM

5.      Under the terms of the Preliminary Approval Orders and as set forth in the

Notices, each Class Member who wished to be eligible to receive a distribution from the Net

Settlement Funds was required to complete and submit to A.B. Data a properly executed Proof of

Claim postmarked or received no later than May 13, 2015 (or July 27, 2015 for the "Affected

Large Traders"), together with adequate supporting documentation for the transactions and

holdings reported therein.  Through June 1, 2018, A.B. Data has received 3,247 Proofs of Claim.

6.      In preparation for receiving and processing the Proofs of Claim submitted for the

Settlements, A.B. Data (i) created a unique database to store Proof of Claim details and images

of Proofs of Claim and supporting documentation (the "Settlement Database"); (ii) trained staff

members in the specifics of the Settlements so that Proofs of Claim would be properly processed;

(iii) formulated a system so that inquiries regarding this matter would be properly responded to;

(iv) developed various computer programs and screens for entry of claimants' identifying

information, as well as their transactional information; and (v) developed a proprietary

"calculation module" that would calculate Allowed Claims pursuant to the Court-approved Plans

of Allocation set forth in the Notice.

7.      Class Members seeking to share in the Net Settlement Funds were directed in the

Notice to submit their Proofs of Claim to a Post Office box address specifically designated for

the Settlements.  Notice Packets that were returned by the Post Office as undeliverable were

reviewed for updated addresses and, where available, new addresses were entered into the

Settlement Database and new Notice Packets were mailed to the updated addresses.  Any

correspondence received at the Post Office box was reviewed and, where necessary, appropriate responses were provided to the senders.

## PROCESSING PAPER PROOFS OF CLAIM

8.      Of the 3,246 Proofs of Claim received by A.B. Data through June 1, 2018, 213 were "hard-copy" or "paper" Proofs of Claim.  Once received, paper Proofs of Claim were opened and prepared for scanning.  This process included unfolding documents, copying nonconforming-sized documents, and sorting documents.  This manual task of preparing the paper Proofs of Claim is laborious and time-intensive.  Once prepared, paper Proofs of Claim were scanned into the Settlement Database together with all submitted documentation. Subsequently, each Proof of Claim was assigned a unique Proof of Claim number.  Once scanned, the information from each Proof of Claim, including the claimant's name, address, the account number/information from the claimant's supporting documentation, and the claimant's purchase/acquisition transactions, sale transactions, and holdings listed on the Proof of Claim, was entered into the Settlement Database.  Next, the information and documentation provided by each claimant in support of his, her, or its Proof of Claim was reviewed to determine whether the claimant had purchased or sold a New York Mercantile Exchange ("NYMEX") platinum futures contract or a NYMEX palladium futures contract, during the period from June 1, 2006 and July 27, 2010, inclusive (the "Class Period").

9.      In order to process the transactions detailed in the Proofs of Claim, A.B. Data utilized internal codes ("flags") to identify and classify types of Proofs of Claim and any deficiency or ineligibility conditions that existed within those Proofs of Claim.  The appropriate flags were assigned to the Proofs of Claim as they were processed.  For example, where a Proof of Claim was submitted by a claimant that did not have any eligible transactions in NYMEX

platinum futures contracts or a NYMEX palladium futures contract during the Class Period (*e.g.*, the claimant purchased platinum futures contracts or a NYMEX palladium futures contracts only before or after the Class Period), that Proof of Claim would receive a flag that denoted ineligibility.  Similar flags were used to denote other ineligibility conditions, such as duplicate Proofs of Claim.  These flags would indicate to A.B. Data that the claimant was not eligible to receive any payment from the Net Settlement Funds with respect to that Proof of Claim unless the deficiency was resolved in its entirety.  Examples of conditions of ineligibility include the following:

| | |
|---|---|
| NDOC | Inadequate or Missing Documentation for Entire Proof of Claim |
| DUP | Duplicate Proof of Claim |
| NOP | No Eligible Purchases/Acquisitions During the Class Period |
| SIGN | No Signature |
| NOL | No Recognized Claim |

10.     Because a Proof of Claim may be deficient only in part, but otherwise acceptable, A.B. Data also utilized flags that were applied only to specific transactions within a Proof of Claim.  For example, if a claimant submitted a Proof of Claim with supporting documentation for all but one purchase transaction, that one transaction would receive a transaction-specific flag.  That flag indicated that one transaction was deficient, but that the Proof of Claim was otherwise eligible for payment if other transactions in the Proof of Claim calculated to a Recognized Claim pursuant to the Court-approved Plan of Allocation.  Thus, even if the transaction-specific deficiency was never cured, the Proof of Claim could still be paid.  A few examples of transaction-specific flags are as follows:

| | |
|---|---|
| TDOC | Missing or Inadequate Documentation for Specific Transaction |

INEL        Ineligible Transaction

TRN         Transfer In/Free Receipt

## PROCESSING ELECTRONICALLY FILED PROOFS OF CLAIM

11.      Of the 3,246 Proofs of Claim received by A.B. Data through June 1, 2018, 3,033 were submitted electronically ("Electronic Claims") to A.B. Data's Electronic Claim Filing Team ("ECF Team").  Electronic Claims are typically submitted by institutional investors ("Electronic Claim Filers" or "E-Claim Filers") that may have hundreds or thousands of transactions during the relevant period.  Rather than provide reams of paper requiring data entry, the E-Claim Filers submitting Electronic Claims either mail a computer disc or electronically submit a file to A.B. Data so that A.B. Data may upload all transactions to the Settlement Database.

12.      The ECF Team coordinated and supervised the receipt and handling of all Electronic Claims.  In this case, the ECF Team reviewed and analyzed each electronic file to ensure that it was formatted in accordance with A.B. Data's required format and to identify any potential data issues or inconsistencies within the file.  If any issues or inconsistencies arose, A.B. Data notified the sender.  If the electronic file was deemed to be in an acceptable format, it was then uploaded to the Settlement Database.

13.      Once the electronic file was loaded, the Electronic Claims were flagged to denote any deficient or ineligible conditions that existed within them.  The flags applied to the Electronic Claims are similar to those applied to paper Proofs of Claim; however, in lieu of manually applying flags, the ECF Team performed programmatic reviews on Electronic Claims to identify deficient and ineligible conditions (such as, but not limited to, price-out-of-range issues, out-of-balance conditions, and transactions outside the Class Period).  The appropriate

flags were then assigned programmatically once the output of the reviews was thoroughly analyzed and confirmed for accuracy.

14.     The review process also included flagging any Electronic Claims that were not accompanied by a signed Proof of Claim, which serves as a "Master Proof of Claim Form" for all accounts referenced on the electronic file submitted.  Where appropriate, A.B. Data contacted the E-Claim Filers whose submissions were missing information.  This process ensures that only fully completed Proofs of Claim, submitted by properly authorized representatives of the claimants, are considered eligible for payment from the Net Settlement Funds.

15.     For both the paper and Electronic Claims, there was an extremely large amount of transactional data submitted in connection with the "hard copy" and Electronic Claims.  In total, there were over six hundred thousand potentially compensable NYMEX platinum and palladium transactions during the more than four-year Class Period that were submitted by claimants.  The quantity and quality of the supporting transactional data, which was submitted in a variety of formats, required time-intensive review and processing.

## EXCLUDED PERSONS AND ENTITIES

16.     A.B. Data also reviewed all Proofs of Claim to ensure that they were not submitted by, or on behalf of, persons or entities that either requested exclusion from the Class or that were excluded from the Class by definition (*see* Stipulations, ¶ 1(p), ¶ 1(t)) to the extent that the identities of such persons or entities were known to A.B. Data through the list of Defendants and other excluded persons and entities set forth in the Stipulations and the Notice, and through the claimants' certifications on the Proofs of Claim.  A.B. Data also reviewed all Proofs of Claim against the list of persons excluded from the Class pursuant to request.

## THE DEFICIENCY PROCESS

17.     Many of the Proofs of Claim received by A.B. Data for processing were incomplete or had one or more defects or conditions of ineligibility (*e.g.*, not signed, not properly documented, or not indicating a transaction in eligible NYMEX platinum futures contract or a NYMEX palladium futures contract during the Class Period).  Much of A.B. Data's efforts in handling an administration involve claimant communications so that all claimants have sufficient opportunity to cure any deficiencies and submit a complete claim.  Here, the "Deficiency Process," which involved letters to claimants, as well as telephone calls and emails, was intended to assist claimants in properly completing their otherwise deficient or ineligible submissions so that they would be eligible to participate in the Settlements.  As a result of the Deficiency Process, a significant number of claimants who submitted Proofs of Claim with curable deficiencies are now in good standing and are eligible to participate in the Settlements.

## DEFICIENCY PROCESS FOR PAPER PROOFS OF CLAIMS

18.     If a paper Proof of Claim was determined to be deficient or ineligible, A.B. Data mailed a letter to the claimant describing the defect(s) or condition(s) of ineligibility with his, her, or its Proof of Claim and what, if anything was necessary to cure the defect(s) in the Proof of Claim.  The letter advised the claimant that they were required to submit the appropriate information and/or documentary evidence to complete the Proof of Claim within twenty (20) days from the date of the letter or the Proof of Claim would be recommended for rejection to the extent the deficiency(ies) or condition(s) of ineligibility was (were) not cured.  The letter also advised claimants of their right to request additional review of their Proof of Claim if they contested A.B. Data's administrative determination to reject their Proof of Claim in whole or in part.  The letters explained that any claimant desiring to contest A.B. Data's administrative

determination was required to submit a written statement to A.B. Data requesting additional review of their Proof of Claim and setting forth the basis for the request. To date, A.B. Data has mailed letters to claimants in connection with 150 paper Proofs of Claim. A sample letter is attached hereto as Exhibit B.

19.     Claimants' responses to the deficiency/ineligibility letters were scanned into the Settlement Database and associated with the corresponding Proofs of Claim. The responses were then carefully reviewed and evaluated by A.B. Data's team of processors. If a claimant's response corrected the defect(s) in their Proof of Claim, A.B. Data updated the Settlement Database manually to reflect the change(s) in the status of the Proof of Claim.

## DEFICIENCY PROCESS FOR ELECTRONIC CLAIMS

20.     For Electronic Claims, A.B. Data used the following process to contact the banks, brokers, nominees, and other filers who submitted their data electronically to confirm receipt of their submissions and to notify the filers of any deficiencies or Electronic Claims that were ineligible. These filers were sent an email to the email address included with their Proof of Claim ("Status Email") with an attached Excel spreadsheet containing detailed information associated with the accounts and indicating which of those accounts within the filing were deficient and/or rejected ("Status Spreadsheet").

21.     Each Status Email provided the following:

> (a)     Notified the filer that any Proofs of Claim with deficiencies not corrected within twenty (20) days from the date of the Status Email may be rejected;

> (b)     Advised the filer of the right to contest the rejection of the Proof(s) of Claim and request the Court's review of A.B. Data's administrative determinations to reject the Proof(s) of Claim within twenty (20) days from the date of the

Status Email; and

(c)      Provided instructions for submitting corrections.

22.      Each Status Spreadsheet (a sample of which is attached hereto as Exhibit C) emailed to the email address associated with the Proof of Claim contained the following information:

(a)      A listing of all accounts associated with the filing with unique identification numbers;

(b)      Individual accounts that were found to be deficient or ineligible;

(c)      The current status of the account in A.B. Data's Settlement Database; and

(d)      The current Recognized Claim calculation associated with the account.

23.      A.B. Data emailed a Status Email and Status Spreadsheet to 107 E-Claim Filers.

24.      E-Claim Filers' responses to the Status Emails were reviewed by A.B. Data's ECF Team, scanned and/or loaded into A.B. Data's Settlement Database, and were associated with the corresponding Electronic Claims.  If a response corrected the defect(s) or affected the Electronic Claim's status, A.B. Data manually and/or programmatically updated the Settlement Database to reflect the change(s) in the status of the Electronic Claim.

## FINAL DISPOSITION LETTERS

25.      After completion of the Deficiency Process for both electronic and paper claims, A.B. Data mailed a letter to all claimants that provided the final disposition of the claim, approved or rejected. If the claim was to be rejected, the reason for the rejection and the previous deficiency letter were referenced. The final disposition letter also provided the Allowed Claim amounts for his, her, or its Proof of Claim if the claim was accepted.

26.     The final disposition letter also advised claimants of their right to request additional review of their Proof of Claim if they contested either A.B. Data's administrative determination to reject their Proof of Claim in whole or in part or the calculation of their allowed claim. The letters explained that any claimant desiring to contest A.B. Data's administrative determination was required to submit a written statement to A.B. Data requesting additional review of their Proof of Claim and setting forth the basis for the request.  A sample letter is attached hereto as Exhibit D.

## LATE BUT OTHERWISE ELIGIBLE PROOFS OF CLAIM

27.     Of the 3,247 Proofs of Claim received by A.B. Data through June 1, 2018, 423 were postmarked either after the July 27, 2015 claim submission deadline for certain Affected Large Traders established by the Court, or they were postmarked after the May 13, 2015 claim submission deadline established by the Court and they were not amongst the list of Affected Large Traders.  A.B. Data has processed all late Proofs of Claim received through June 1, 2018, and has determined that, but for their being submitted after the deadline, 172 of these late Proofs of Claim are eligible in whole or in part to participate in the Settlements (the "Late But Otherwise Eligible Claims"), representing Allowed Claims totaling $4,762,893.47 in net artificiality paid ("NAP") and $37,806,154.15 in Net Losses ("NL").  A.B. Data has not rejected any Proof of Claim received through June 1, 2018, solely based on its late submission, and A.B. Data believes no delay has resulted from the provisional acceptance of these Late But Otherwise Eligible Claims.

28.     However, there must be a final cutoff date after which no more Proofs of Claim will be accepted for processing and inclusion in the Initial Distribution of the Net Settlement Funds.  Acceptance of additional Proofs of Claim or responses to letters/emails regarding a Proof

of Claim's deficiencies or ineligibility received during the finalization of the administration and the preparation of this Declaration would necessarily require a delay in the distribution. Accordingly, it is respectfully requested that this Court order that no Proof of Claim received or adjusted in response to a letter/email regarding a Proof of Claim's deficiencies or ineligibility after June 1, 2018, be eligible for payment in the Initial Distribution.

## QUALITY ASSURANCE

29.     An integral part of the claims administration process is the quality assurance review.  Here, after all of the Proofs of Claim were processed, deficiency and/or ineligibility letters (including Status Emails to E-Claim Filers) were mailed, and claimants' responses to such letters/emails were reviewed and processed, supervisors and managers in A.B. Data's Quality Assurance Department performed quality assurance reviews. These quality assurance reviews ensured the correctness and completeness of all Proofs of Claim processed prior to preparing this Declaration and all of A.B. Data's final documents in support of Class Counsel's Motion to Distribute the Net Settlement Funds for the Moore Settlement and the MF Global Settlement.  As part of A.B. Data's quality assurance reviews, A.B. Data performed the following:

(a)     Verified that all Proofs of Claim were signed by authorized individuals;

(b)     Verified that true duplicate Proofs of Claim were identified, verified, and rejected;

(c)     Verified that persons and entities excluded from the Class by definition or pursuant to request (as listed on Exhibit A to the Judgments) did not submit Proofs of Claim and if they did, their Proofs of Claim were rejected upon review;

(d)     Performed a final quality assurance audit of Proofs of Claim and all

supporting documentation to ensure completeness of Proofs of Claim;

(e)     Determined that all claimants requiring deficiency and/or ineligibility letters (or, Status Emails) were sent such letters/emails;

(f)     Performed an audit of deficient Proofs of Claim;

(g)     Audited Proofs of Claim that were marked invalid;

(h)     Audited Proofs of Claim that calculated to no Recognized Claim pursuant to the Court-approved Plans of Allocation;

(i)     Performed other auditing based on Proofs of Claim completion requirements and the calculation specifications of the Court-approved Plans of Allocation; and

(j)     Tested the accuracy of the calculation program used to calculate claimants' Allowed Claims pursuant to the Plans of Allocation.

30.     As part of its due diligence in processing Proofs of Claim, A.B. Data also used a variety of fraud protection controls throughout the administration process to identify potential fraudulent filers.  For example, A.B. Data conducted a Questionable Claim Filer search of all Proofs of Claim submitted in connection with the Settlement by checking the Proofs of Claims against A.B. Data's database of known questionable filers.  This database contains names, addresses, and aliases of individuals or entities that have been investigated by government agencies for questionable claim filing as well as the names and contact information compiled from previous settlements that A.B. Data has administered where fraudulent claims were received.  A.B. Data updates the database on a regular basis.  A.B. Data performed various searches of the Settlement Database based on name, aliases, address, and city/ZIP Code.  In addition, all of A.B. Data's claims processors are trained to identify any potentially inauthentic

documentation when processing the Proofs of Claim. Processors are instructed to flag any questionable Proofs of Claim and route them to management for further review.

31.   A.B. Data did not determine any claims to be submitted by fraudulent filers.

## RECOMMENDATION FOR APPROVAL AND REJECTION OF PROOFS OF CLAIM

32.   As discussed above, as of June 1, 2018, A.B. Data has received and processed a total of 3,246 Proofs of Claim.

### A.  Timely Submitted and Valid Proofs of Claim

33.   A total of 2,823 Proofs of Claim were received or postmarked on or before the Court-approved claims submission deadline of May 13, 2015, or July 27, 2015 for certain Affected Large Traders, of which 201 Proofs of Claim were determined by A.B. Data to be valid. The total Allowed Claims for these timely submitted and valid Proofs of Claim is $17,345,451.01 in NAP and $259,398,161.14 in NL.

### B.  Late But Otherwise Eligible Claims

34.   A total of 423 Proofs of Claim were received or postmarked after the Court-approved claim submission deadline of May 13, 2015, or July 27, 2015 for certain Affected Large Traders, and received by June 1, 2018, of which 172 Proofs of Claim were determined by A.B. Data to be otherwise valid. The total Allowed Claims for the Late But Otherwise Eligible Claims is $4,762,893.47 in NAP and $37,806,154.15 in NL. 161 of the 172 Late But Otherwise Eligible Claims were submitted on or before the July 27, 2015 deadline for the Affected Large Traders. Pursuant to Lead Counsel's request, A.B. Data will sent notice of the distribution motion papers to the persons who submitted the 172 late but otherwise eligible claims. The notice will inform these claimants that their claims have been determined to be submitted after the applicable deadline set by the Court but are otherwise valid and that they may submit a

response to this motion within twenty-one days pursuant to the Court's June 28, 2018 Order (ECF No. 326).

### C.  Rejected Proofs of Claim

35.     A total of 2,873 Proofs of Claim are being recommended for rejection by the Court for the following reasons:

      (a)     A total of 962 Proofs of Claim did not result in a Recognized Claim under the Court-approved Plans of Allocation;

      (b)     A total of 1,486 Proofs of Claim were duplicates;

      (c)     A total of 423 Proofs of Claim were withdrawn per written correspondence from the claimants; and

      (d)     A total of 2 Proofs of Claim had uncured deficiencies.

### D.  Lists of All Proofs of Claim Submitted

36.     Exhibits E through G attached hereto provide lists of all Proofs of Claim submitted in connection with the Settlement.[6]  Specifically:

      (a)     Exhibit E lists all timely submitted and valid Proofs of Claim and provides each claimant's corresponding Recognized Claim, including the NAP and/or NL for each timely submitted and valid claim.

      (b)     Exhibit F lists all Late But Otherwise Eligible Claims (*i.e.*, valid Proofs of Claim that were submitted after the Court-approved claim submission deadline of May 13, 2015, or July 27, 2015 for certain Affected Large Traders, and received by June 1, 2018), and provides each claimant's

---

[6]     For privacy reasons, Exhibits E through G provide only the claimants' Proof of Claim numbers and Recognized Claims or reasons for rejection (no names, addresses, or social security or other taxpayer identification numbers are disclosed).

corresponding Recognized Claim.  Exhibit F also lists the postmark and/or receipt date for each of the Late But Otherwise Valid Claims.

(c)    Exhibit G lists all rejected Proofs of Claim and the reasons for rejection.

## FEES AND DISBURSEMENTS

37.    A.B. Data agreed to be the Settlement Administrator in exchange for payment of its fees and expenses.  Class Counsel received reports on and invoices for all of the work A.B. Data performed with respect to the administration of the Settlements.  From inception through July 25, 2018, A.B. Data has invoiced a total of $584,328.69 in fees and expenses in connection with its duties as Settlement Administrator for the Settlements.  To date, A.B. Data has been paid a total of $254,380.76 from the Settlement Funds, in accordance with the Stipulations.  Thus, A.B. Data has a total of $329,947.93 in outstanding invoices that remain unpaid.  Attached hereto as Exhibit H are copies of A.B. Data's outstanding invoices.  Also attached as Exhibit H as is an estimate for the work that will need to be performed and the estimated costs that will be incurred in connection with the initial distribution of the Net Settlement Funds, which totals $35,592.30.[7]

## DISTRIBUTION PLAN FOR THE NET SETTLEMENT FUNDS

38.    Should the Court concur with A.B. Data's determinations concerning the provisionally accepted and rejected Proofs of Claim, including the Late But Otherwise Eligible Claims, as set forth herein, A.B. Data recommends the following distribution plan for the Net Settlement Funds (the "Distribution Plan"):

39.    A.B. Data recommends the establishment of a reserve of $250,000 for the Moore

---

[7]    Should the estimate of fees and expenses to conduct the Initial Distribution, as set forth in Exhibit H, exceed the actual cost of conducting the Initial Distribution, the excess shall be returned to the Net Settlement Funds and will be available for subsequent distributions of the Net Settlement Funds to Authorized Claimants.

Capital Settlement and $150,000 for the MF Global Settlement to allow for any necessary equitable adjustments in payments upon sufficient proof.  Based on A.B. Data's prior experience in similar commodity futures manipulation settlements, an additional distribution of remaining funds due to uncashed and returned checks is a virtual certainty.  Based on A.B. Data's experience with securities class action settlements, the number of uncashed and returned checks usually accounts for 5-10% of the total number of checks issued.  Consequently, establishing a reserve here will not add to the overall administration costs.

    (a)    A.B. Data will conduct initial distributions (the "Initial Distributions") of the Net Settlement Funds, after deducting all payments previously approved by the Court that have been requested in the Distribution Motion:

        i.  A.B. Data will calculate award amounts to all Authorized Claimants by calculating their *pro rata* shares of the Net Settlement Funds in accordance with the Court-approved Plans of Allocation.

        ii.  A.B. Data will then conduct the Initial Distribution of the Net Settlement Funds in accordance with the Court's Distribution Orders.  A.B. Data will make separate payments to Authorized Claimants: one payment in respect of the Moore Settlement and a second payment in respect of the MF Global Settlement.

        iii.  In order to encourage Authorized Claimants to promptly deposit their payments, and to avoid or reduce future expenses relating to unpaid checks, all Initial Distribution checks will bear a notation: "DEPOSIT PROMPTLY; VOID AND SUBJECT TO REDISTRIBUTION IF NOT

NEGOTIATED WITHIN 120 DAYS AFTER ISSUE DATE."[8]

    iv.  Authorized Claimants that do not negotiate their Initial Distribution checks within the time allotted or according to the conditions set forth in footnote 8 will forfeit their recovery from the Settlement.  The funds allocated to all such stale-dated checks will be available for redistribution, to other Authorized Claimants in the Second Distribution described below.  Similarly, Authorized Claimants that do not negotiate subsequent distributions within the time allotted or according to the conditions set forth in footnote 8 will irrevocably forfeit any further recovery from the Settlement.

(b)    After A.B. Data has made reasonable and diligent efforts to have Authorized Claimants negotiate their Initial Distribution checks, then, in accordance with the Court-approved Plans of Allocation, if there is any balance remaining in

---

[8]    In an effort to have as many Authorized Claimants as possible cash their checks, A.B. Data will perform follow-up with those Authorized Claimants whose checks are initially uncashed, either because they are returned to A.B. Data as undeliverable or because the Authorized Claimant simply did not cash the check after a period of time elapses.  For Authorized Claimants whose checks are returned as undeliverable, A.B. Data will endeavor to locate new addresses by running the undeliverable addresses through address lookup services. Where a new address is located, A.B. Data will update the Settlement Database accordingly and reissue a distribution check to the Authorized Claimant at the new address.  In the event an Authorized Claimant loses or damages his, her, or its check, or otherwise requires a new check, A.B. Data will issue replacements.  Distribution reissues will be undertaken only upon written instructions from the Authorized Claimant, provided that the Authorized Claimant returns the previous check where appropriate.  For all checks, A.B. Data will void the initial payment prior to reissuing a payment.  Authorized Claimants requesting reissuance of checks will be informed that if they do not cash their Initial Distribution checks within 30 days of the mailing of such reissued checks, their check will lapse, their entitlement to recovery will be irrevocably forfeited, and the funds will be reallocated to other Authorized Claimants.  Reissue requests for lost or damaged checks will be granted after the void date on the checks; however, void dates on such reissues will be adjusted so as not to delay future redistributions.  Requests for reissued checks in connection with the Second Distribution and any subsequent distributions will be handled in the same manner.

the Net Settlement Funds (whether by reason of tax refunds, the reserve funds, uncashed checks, or otherwise) after at least six (6) months from the date of the Initial Distribution, A.B. Data will, inform Lead Counsel. Lead Counsel, in consultation with A.B. Data, will propose to the Court a final distribution of any remaining settlement monies.

(c)     Unless otherwise ordered by the Court, one year after the both settlement funds have been exhausted, A.B. Data will destroy the paper copies of the Proofs of Claim and all supporting documentation, and one year after all funds have been distributed, A.B. Data will destroy electronic copies of the same.

## CONCLUSION

40.     A.B. Data respectfully requests that the Court enter an Order approving its administrative determinations accepting and rejecting the Proofs of Claim submitted herein and received through June 1, 2018, together with the proposed Distribution Plan. A.B. Data further respectfully requests payment of its estimated fees and expenses to complete the Initial Distribution, as set forth on Exhibit H.

41.     Pursuant to Lead Counsel's request, AB Data will post this declaration and the Distribution Motion on the official website for the Settlements as soon as practicable. Relatedly, A.B. Data posted the Court's June 28, 2018 Order on the settlement website on June 29, 2018 at the request of Lead Counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of July, 2018.

Eric J. Miller

19

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*In Re: Platinum And Palladium Commodities Litigation*

This Document Relates To:

    Platinum/Palladium Futures Action

MASTER FILE
No. 10 Civ. 3617 (WHP)

NOTICE OF PROPOSED CLASS ACTION SETTLEMENT,
NOVEMBER 7, 2014 HEARING THEREON, AND CLASS MEMBERS' RIGHTS

TO:    ALL PERSONS AND ENTITIES WHO PURCHASED OR SOLD A NYMEX PLATINUM FUTURES CONTRACT OR NYMEX PALLADIUM FUTURES CONTRACT BETWEEN JUNE 1, 2006 AND APRIL 29, 2010, INCLUSIVE

    *PLEASE READ THIS ENTIRE NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY THE ABOVE CAPTIONED CLASS ACTION LAWSUIT PENDING IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK. THIS NOTICE ADVISES YOU OF YOUR OPTIONS REGARDING THE CLASS ACTION SETTLEMENT, INCLUDING WHAT YOU MUST DO IF YOU WISH TO SHARE IN THE NET SETTLEMENT FUND.*

    *If you are a brokerage firm, trustee, or futures contract merchant, through whom New York Mercantile Exchange ("NYMEX") platinum futures contracts or NYMEX palladium futures contracts were purchased or sold during June 1, 2006 through April 29, 2010, then for customers or persons that are potential members of the above Futures Class, you should provide the name and last known address for such customers to the Settlement Administrator at the address listed below within two weeks of receiving this Notice. The Settlement Administrator will cause copies of this Notice to be forwarded to each customer identified at the address so designated.*

    The purpose of this Notice is to inform you of your rights in connection with a proposed Settlement of the above-captioned class action ("Futures Action") against, *inter alia*, defendants Moore Capital Management, LP; Moore Capital Management, LLC; Moore Capital Advisors, LLC; Moore Advisors, LLC; Moore Macro Fund, LP; Moore Global Fixed Income Master Fund, LP; Christopher Pia; Louis Bacon; Eugene Burger (together the "Moore Defendants"); and Joseph Welsh ("Welsh") and together with the Moore Defendants, the "Settling Defendants"). In the Futures Action, the Futures Plaintiffs[1] allege that the Settling Defendants, non-settling defendant MF Global, Inc. and other persons engaged in unlawful or actionable conduct between June 1, 2006 and May 21, 2008, which allegedly created an artificial impact on prices beginning at least in or around October 2007 and continuing to and after May 21, 2008. This includes allegations that, between at least October 17, 2007 and June 6, 2008, certain of such persons combined, conspired, and agreed to upwardly manipulate the prices of NYMEX platinum futures contracts and NYMEX palladium futures contracts in violation of the Commodity Exchange Act ("CEA"), 7 U.S.C. §§ 1, *et seq.* and the Sherman Antitrust Act ("Sherman Act"), 15 U.S.C. §1 *et seq.* The Futures Plaintiffs also allege that defendant Welsh negligently breached duties and is liable for negligence. This Settlement covers the period from June 1, 2006 until April 29, 2010.

    Defendant MF Global, Inc. is <u>not</u> part of this Settlement. Also, there is a separate settlement involving certain transactions in physical platinum and physical palladium.

    This Notice of the proposed partial settlement of the Futures Action is being given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court").

    In order to resolve the claims against them, and in exchange for the releases and other terms and conditions embodied in the Settlement, the Moore Defendants have agreed to pay the Futures Class $48,250,000. Further, in order to quiet the litigation involving claims against the Moore Defendants and Defendant Welsh, the Moore Defendants have agreed to pay an additional $150,000 provided that they will receive the first $50,000 back from any proceeds that the Futures Class recovers on the judgment described below. The Moore Defendants' foregoing total payment of $48,400,000, plus interest thereon except as expressly provided in Section 3(a) of the Settlement, and any recoveries or settlements made as a result of the judgment described below, constitute the Settlement Fund of which notice is being given hereunder.

    With respect to Defendant Welsh, Futures Lead Counsel has determined that he could not satisfy any significant judgment that Futures Lead Counsel might, by continuing to prosecute the claims, be able to obtain against him. Accordingly, Futures Lead Counsel negotiated for and obtained the $150,000 payment from the Moore Defendants described above and the assignment and judgment from

---

[1] Unless otherwise stated, capitalized terms used herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement dated March 17, 2014. The terms and conditions of this Notice are qualified by the Settlement Agreement.

Defendant Welsh describe it. Such judgment, together with such claims, may be assigned to the Futures Class. This could result in a judgment of $35,000,000 for the benefit of the Futures Class, which the Futures Class will seek to collect **solely** from Welsh's assets consisting of his rights in respect of certain insurers ("Relevant Insurers"). The Relevant Insurers have denied insurance coverage to Defendant Welsh for multiple reasons. They may assert additional defenses in the future, either to coverage of Defendant Welsh or to other matters, including defenses to the judgment as well as multiple other defenses. Futures Lead Counsel disputes the Relevant Insurers denials of coverage and additional defenses to coverage. Any one of these multiple asserted reasons for the denial of the coverage or multiple defenses could, by itself, prevent any recovery whatsoever by the Futures Class on their claims against the Relevant Insurers based upon such judgment. For any of these or other reasons, such judgment may not produce any value whatsoever for the Futures Class.

In the foregoing context, Futures Lead Counsel will seek to collect on or, in Futures Lead Counsel's judgment, settle the Futures Class' claims arising from such judgment. If any such settlement or collection is successfully made in the amount of in excess of $50,000, then such settlements or recoveries will add to the Settlement Fund to be paid to Futures Class members. But there is no assurance that any such settlements or recoveries will be made and, on the contrary, there are multiple defenses and arguments that must be overcome in order to obtain any such recoveries. See Futures Plaintiffs' Preliminary Approval Brief pp. 11-12, available at www.PlatinumPalladiumFuturesLitigation.com.

**Right to Submit a Proof of Claim**. Members of the Futures Class may be entitled to share in the Net Settlement Fund if they submit a valid and timely Proof of Claim that is received by the Settlement Administrator no later than January 21, 2015. See III.A. below. The Proof of Claim form is attached. By remaining in this action, you may not separately bring or file the claims asserted herein, including the negligence claim against Defendant Welsh. If you are a member of the Futures Class but do not file a Proof of Claim, you will still be bound by the foregoing and the releases set forth in the Settlement Agreement if the Court enters an order approving the Settlement Agreement. See II.H. below.

**Fairness Hearing and Right to Object**. The Court has scheduled a public Fairness Hearing on November 7, 2014, at 11:00 a.m. The purpose of the Fairness Hearing is to determine, among other things, whether the proposed Settlement, the Plan of Allocation and the application by Futures Lead Counsel for attorneys' fees and reimbursement of expenses are fair, reasonable, and adequate. If you remain in the Futures Class, then you may object to any aspect of the Settlement, the Plan of Allocation, Futures Lead Counsel's request for attorneys' fees and expenses or any other matters. See III.B. below. All objections must be made in accordance with the instructions set forth below and must be filed with the Court and served on counsel for the Parties by October 15, 2014, or they will not be considered. See III.B below.

**Right to Exclude Yourself From The Settlement**. You will be excluded from the Settlement and the Futures Class if you make a written request for exclusion and provide adequate supporting documentation in substantial conformity with the procedures established by the Court that is received by the Settlement Administrator (A.B. Data, Ltd.) at the address set forth in VII below on or before October 3, 2014. See III.C. below. If you are excluded from the Settlement you will not be entitled to object to any aspect of the Settlement or share in the Net Settlement Fund or otherwise participate in the Settlement. A Request For Exclusion form is attached hereto.

I.    BACKGROUND OF THE LITIGATION

   A.   The Nature of This Lawsuit

The Futures Plaintiffs allege that the Settling Defendants, non-settling defendant MF Global, Inc. and other persons engaged in unlawful or actionable conduct between June 1, 2006 and May 21, 2008, which allegedly continued to have artificial impact on prices after May 21, 2008. This includes allegations that, between at least October 17, 2007 and June 6, 2008, certain of such persons combined, conspired, and agreed to manipulate the prices of NYMEX platinum futures contracts and NYMEX palladium futures contracts in violation of the CEA and Sherman Act. They allegedly did so by multiple steps. These include by allegedly repeatedly overpaying to purchase NYMEX platinum futures contracts and NYMEX palladium futures contracts during the end of the trading day. The Futures Plaintiffs also allege that Defendant Welsh negligently breached duties and is liable for negligence. The Futures Plaintiffs contend that the foregoing conduct caused them and others similarly situated to pay artificial prices in order to purchase NYMEX platinum futures contracts and NYMEX palladium futures contracts.

Absent a settlement, the Settling Defendants would continue to vigorously oppose each and every aspect of the Futures Plaintiffs' claims and alleged damages. See Section I.B. below. Except to the extent provided for in the Settlement Agreement and the Final Judgment with respect to Defendant Welsh only, (a) the Settling Defendants have consistently and vigorously denied the Futures Plaintiffs' claims; and (b) by entering into the Settlement Agreement with the Futures Plaintiffs, the Settling Defendants do not admit and instead continue to deny that they engaged in any unlawful conduct, and that any member of the Futures Class suffered compensable damages. The District Court previously dismissed the Futures Plaintiffs' claims without prejudice, additional motions to dismiss were filed and contemplated, and the Court (so far) has never rendered a final ruling on whether the Futures Plaintiffs have alleged valid claims nor has the Court (so far) considered all the other matters that the Futures Plaintiffs would have to establish in order to prove those claims at a trial on behalf of any class and establish damages.

   B.   Procedural History of the Action

On April 30, 2010, the Futures Plaintiffs filed an initial class action complaint against defendants in the United States District Court for the Southern District of New York. Docket No. 1. By order dated July 20, 2010, the Court appointed Lovell Stewart Halebian Jacobson LLP as interim class counsel for the putative class in the Futures Action. See Docket No. 18.

On August 10, 2010, the Futures Plaintiffs filed a First Amended Consolidated Complaint. Docket No. 22.

On August 26, 2010, defendants filed a motion seeking a stay of discovery pending a decision on the anticipated motion to dismiss the Futures Plaintiffs' complaint. Docket No. 33. On September 30, 2010, the Futures Plaintiffs filed their Second Amended Consolidated Complaint. Docket No. 50.

On November 5, 2010, defendants moved to strike and dismiss the Futures Plaintiffs' Second Amended Consolidated Complaint. Docket No. 55. On November 30, 2010, the Court denied in part defendants' motion to stay discovery and ordered the defendants to provide the Futures Plaintiffs with copies of the approximately 250,000 pages of documents that defendants previously produced to the Commodity Futures Trading Commission ("CFTC"). Separately, the Futures Plaintiffs issued subpoenas and, for example, received and reviewed the production of documents and deposition transcripts from the CFTC.

On September 13, 2011, the Court granted in part and denied in part, without prejudice, defendants' motion to strike and to dismiss the Second Amended Consolidated Complaint. Docket No. 70. As part of the same order, the Court granted the Futures Plaintiffs leave to re-plead their allegations. *Id.*

On November 8, 2011, Defendant MF Global filed a suggestion of bankruptcy. Docket No. 75.

On November 21, 2011, the Futures Plaintiffs filed their Third Consolidated Amended Class Action Complaint. Docket No. 80. On January 20, 2012, the defendants moved to dismiss certain of the Futures Plaintiffs' claims in their Third Consolidated Amended Complaint. Docket No. 98. The Moore Defendants did not move to dismiss the Futures Plaintiffs' CEA claims. *Id.* On January 17, 2013, the Futures Plaintiffs filed their Fourth Consolidated Amended Complaint. Docket No. 127.

On February 7, 2013, prior to the time Defendants' motions to dismiss were due to be filed, the Court adjourned such deadline to allow the parties time to explore settlement negotiations.

On July 29, 2013, the Futures Plaintiffs filed their Fifth Consolidated Amended Class Action Complaint which added, in the alternative, a negligence claim against Defendant Welsh.

On May 23, 2014, the Futures Plaintiffs were granted leave to file their Sixth Consolidated Amended Class Action Complaint which added Plaintiffs Harry Ploss and The Stuart Sugarman Trust as plaintiffs.

On March 17, 2014, after sixteen months of on and off arm's length negotiations, which included two days of mediation before a retired Judge experienced in complex class action litigation, the Futures Plaintiffs and the Settling Defendants entered into the Settlement Agreement.

*****

At the time the Settlement was reached, the Settling Defendants had significant defenses which created real risk that the Futures Plaintiffs would not establish liability and, even if they did, would not establish an entitlement to the damages they sought. The Futures Plaintiffs acknowledge that, if these risks materialized, their impact on the Futures Plaintiffs' claims would have been substantial, and perhaps dispositive. That is, they include the risk of receiving no recovery whatsoever.

Even if the Futures Plaintiffs survived the Settling Defendants' anticipated motion to dismiss the Fifth Consolidated Amended Complaint, then the Futures Plaintiffs would have faced further risks. These include risks in obtaining class certification over Defendants' anticipated opposition, prevailing at trial on liability and damages and, to the extent successful at trial, prevailing on post-trial motions and then appeal. Futures Lead Counsel would have tried to overcome all the risks of continued litigation, including those listed above. However, in Futures Lead Counsel's judgment, the amount to be paid to Claiming Futures Class Members from the Net Settlement Fund represents fair, reasonable and adequate consideration for Claiming Futures Class Members.

In addition to all the foregoing risks, during the course of the parties' settlement negotiations, the Settling Defendants and their experts have vigorously disputed and criticized the methodology and assumptions underlying the Futures Plaintiffs' experts' methodologies for estimating damages. The Settling Defendants presented their expert analysis tending to show that, even assuming, *arguendo*, that multiple risks could be overcome and any liability could be established, then any alleged damages were non-existent or at most $6.5 million for the entirety of the Class Period. Absent a settlement, these attacks would be further developed and pursued in Court, creating real risks for the Futures Plaintiffs with respect to the amount of damages they might recover, several years from now, *even if successful on the issue of liability.*

MF Global, Inc. was the futures commission merchant that executed the commodities futures trades at issue in the case, which Futures Plaintiffs contend were manipulative, and allegedly participated in the illegal agreement to inflate futures prices. The Futures Plaintiffs also contend that certain named and unnamed floor brokers were complicit in inflating futures prices. MF Global and the unnamed floor brokers are excluded from the Settlement. MF Global is in liquidation. Amounts that may be recovered, if any, from MF Global or the unnamed floor brokers by way of judgment or settlement would be in addition to the Settlement herein.

Accordingly, Futures Lead Counsel has recommended that the Court approve the proposed Settlement and urge Futures Class members to file a Proof of Claim.

### C. The Definition of The Futures Class

The Court has certified, for purposes of settlement only, the Futures Class, defined as: All Persons that purchased or sold a NYMEX platinum futures contract or a NYMEX palladium futures contract during the period from June 1, 2006 through April 29, 2010, inclusive.

Excluded from the Futures Class are (i) the Settling Defendants, MF Global, Inc., any co-conspirators alleged in the Complaint or any subsequent amended complaint filed prior to the Exclusion Bar Date, Alan Craig Kleinstein, Dominick Frank Terrone, Richard Peter

floor brokers or NYMEX floor traders who refuse to execute the certification in the Proof of Claim attesting that they were not co-conspirators, or aiders or abettors of the Settling Defendants or Non-Settling Defendants, and (ii) Opt Outs.

## II.      SUMMARY OF THE PROPOSED SETTLEMENT

On behalf of the Futures Class, the Futures Plaintiffs entered into the Settlement on March 17, 2014. The following description of the proposed Settlement is only a summary. This description and this entire Notice are qualified in their entirety by the Settlement Agreement and the exhibits thereto which is on file with the Court at the address indicated in this Notice and is available at the official Settlement website www.PlatinumPalladiumFuturesLitigation.com.

### A.   The Settlement Fund

**The Moore Defendants**. The Moore Defendants have agreed to deposit $48,250,000 for the benefit of the Futures Class no later than fourteen days after entry by the Court of the Scheduling Order. Additionally, the Moore Defendants have agreed to deposit $150,000 for the benefit of the Futures Class no later than fourteen days after entry by the Court of the Scheduling Order as a separate and distinct payment to quiet the litigation and for other consideration enumerated in the Stipulation of Settlement.

**Defendant Welsh**. As described at pp. 2-3 above, Defendant Welsh has agreed to a judgment of $35,000,000 for the benefit of the Futures Class, which the Futures Class may seek to collect solely from Welsh's assets consisting of his claims and rights against certain of his insurers, and not otherwise from Defendant Welsh. There are multiple risks involved in successfully obtaining any recoveries on such judgment. Futures Lead Counsel and the Settling Defendants do not represent or warrant that any sums are collectable or will ultimately be collected in respect of such settlement. Together, the foregoing payments, plus all interest earned thereon plus interest thereon except as expressly provided in Section 3(a) of the Settlement, constitute the Settlement Fund.

### B.   Plan of Allocation

A copy of the Plan of Allocation that has been preliminarily approved by the Court is attached hereto. Examples of potential computations under the Plan of Allocation are available on the Settlement website at www.PlatinumPalladiumFuturesLitigation.com. The following description of the Plan of Allocation is only a summary, which is qualified in its entirety by the Plan of Allocation and the Settlement Agreement.

The Plan of Allocation covers transactions in NYMEX platinum and palladium futures contracts during the Class Period. Generally, under the Plan of Allocation, ninety percent (90%) of Net Settlement Funds are reserved to pay for valid claims premised on the alleged artificiality of NYMEX platinum and NYMEX palladium futures contract prices. However, to any extent that 90% of the Net Settlement Fund exceeds 100% of all Claiming Futures Class Members' NAP, then 50% of any such excess amount shall be added to the 10% of the Net Settlement Fund to be distributed to Claiming Futures Class Members' NL Transactions unless and until 100% of Claiming Futures Class Members' NL has been paid.

The remaining ten percent (10%) of the Net Settlement Funds are reserved to pay valid claims based on net trading losses (to be determined and weighted as described in the Plan of Allocation). From this, three percent (3%) of the Net Settlement Fund will be distributed based on net trading losses and will be paid out *pro rata* based on each Claiming Futures Class Members' total Net Losses (as described in the Plan of Allocation ("First Pool"). The remaining part—seven percent (7%) of the Net Settlement Fund—will be distributed pursuant to a method of distribution that will be proposed by Futures Class Counsel after (a) all the Proofs of Claim have been analyzed, (b) the Net Artificiality Paid and Net Losses have been determined, (c) any reversion to the Moore Defendants has been fixed, and (d) the profile of Claiming Futures Class Members' results from such prospective method of distribution is known or substantially known to Futures Class Counsel ("Second Pool"). Please follow the settlement website and the Frequently Asked Questions ("FAQ") section of the settlement website.

It is presently anticipated that the distribution of this "Second Pool" will be (i) positively weighted in respect of losses or transactions during the period immediately following June 18, 2008; (ii) negatively weighted so as to eliminate or greatly reduce any incremental payout due in respect of losses or transactions after September 17, 2008; and (iii) positively weighted in respect of losses or transactions impacted by Defendants' transactions in NYMEX platinum and/or palladium futures contracts during the period prior to November 15, 2007, including on or about June 7, 2006, June 8, 2006, June 14, 2006, June 20, 2006, June 27, 2006, July 19, 2006, August 1, 2006, August 22, 2006, August 30, 2006, September 7, 2006, September 8, 2006, September 15, 2006, October 6, 2006, February 13, 2007, March 18, 2007, May 17, 2007, August 10, 2007, October 18, 2007, October 24, 2007 and October 25, 2007.

By entering the Settlement, the Settling Defendants do not concede in any respect whatsoever that either alleged artificiality (as calculated by the Futures Plaintiffs) or simple net trading losses would be recoverable under any applicable state or federal law. The Plan of Allocation may be changed by the Court without providing further notice. The final approval, disapproval, or modification of any proposed plan of allocation shall not affect the preliminary or final approval of the Settlement or enforceability of the Settlement Agreement.

### C.   Payment to the Class Members Who Submit Valid Proofs of Claim

Futures Class members should read the Plan of Allocation. Pursuant to the Plan of Allocation, Claiming Futures Class Members will be eligible to receive a share of the Net Settlement Fund, subject to the determinations of the Settlement Administrator and, if

necessary, the Court, under the Plan of Allocation, will take into account the amount of the Net Settlement Fund, the size of the Claiming Futures Class Member's Allowed Claim, and the total amount of Allowed Claims of all Claiming Future Class Members.  In the latter regard, Futures Lead Counsel encourages you to review the Plan of Allocation and submit a Proof of Claim if you have Net Artificiality Paid or Net Losses as weighted under the Plan.  To a maximum extent of in excess of 100% of Net Artificiality Paid (which includes a 10% premium for interest) and/or of 100% of Net Losses (which includes a 10% premium for interest), the share of Futures Class members who do not submit a Proof of Claim will be redistributed to those Futures Class members who do submit a Proof of Claim and do have Net Artificiality Paid and/or Net Losses as weighted under the Plan of Allocation.

### D.  Attorneys' Fees, Costs and Incentive Awards

To date, the attorneys representing the Futures Plaintiffs and the Futures Class in the Futures Action have not received payment for their services or reimbursement for their expenses.  Futures Class members are not personally responsible for payment of attorneys' fees or expenses.  Instead, as compensation for their time and their risk in prosecuting the litigation on a wholly contingent fee basis for more than three years, Futures Lead Counsel will ask the Court for an award of attorneys' fees in the amount of not more than 32.8% of the Settlement Fund, as a common fund, and for reimbursement of their costs and expenses in the amount of no more than $750,000, all to be deducted from the Settlement Fund.

At the time the Net Settlement Fund is distributed to Claiming Futures Class Members, the Futures Plaintiffs will seek reimbursement of their own expenses and compensation for their time devoted to this litigation in the aggregate amount of no more than $70,000 to be paid from the Settlement Fund.

### E.  The Moore Defendants' Potential Right To Reversion

Section 12 of the Settlement Agreement provides the Moore Defendants with limited rights of reversion.  Specifically, the Moore Defendants may be entitled to reversion from the Net Settlement Fund but only to the extent set forth in sub-paragraphs (1) and (2) below:

(1)  In the event that the Net Settlement Fund allocated to pay claims for Net Artificiality Paid exceeds 100% of Net Artificiality Paid (which includes a 10% premium for interest) by all Claiming Futures Class Members, as finally determined by the Settlement Administrator and/or the Mediator, then the Moore Defendants shall be entitled to a reversion in the amount of <u>one-half</u> (*i.e.*, 50%) of the amount that the Net Settlement Fund allocated to pay claims for Net Artificiality Paid exceeds 100% of Net Artificiality Paid (which includes a 10% premium for interest).  The remaining 50% of the excess will be distributed among Futures Class members according to the Plan of Allocation.

(2)  In the event that the Net Settlement Fund allocated to pay claims for Net Losses exceeds 100% of Net Losses (which includes a 10% premium for interest) by all Claiming Futures Class Members, as finally determined by the Settlement Administrator and/or the Mediator, then the Moore Defendants shall be entitled to a reversion of the entire amount that the Net Settlement Fund allocated to pay claims for Net Losses exceeds 100% of Net Losses (which includes a 10% premium for interest).

Futures Class members are referred to the Settlement Agreement, particularly Section 12 thereof, and the Plan of Allocation for the full terms of the Moore Defendants' reversion rights.

### F.  The Settling Defendants' Potential Right To Termination

Section 16 of the Settlement Agreement describes the Settling Defendants' right to terminate if certain conditions anticipated by the Parties are not satisfied.  These conditions are set forth in Section 16 of the Settlement Agreement.  With respect to each such condition, Settling Defendants have the right (as qualified in the Settlement Agreement), but not the obligation, to determine to exercise, in their sole discretion, a termination notice if the condition is not satisfied.

### G.  Changes Or Further Orders By The Court

Any change by the Court in the Plan of Allocation, in the time and place of the Fairness Hearing, or in any other matter and all further orders or requirements by the Court will be posted on the Settlement website at www.PlatinumPalladiumFuturesLitigation.com as soon as practicable.  It is important that you refer to such website as no other notice apart from the docket of the Futures Action may be published of such changes.

### H.  The Releases, Discharge and Covenant Not To Sue

**IF YOU HAVE NOT BEEN PREVIOUSLY EXCLUDED FROM THE FUTURES CLASS, WHEN THE SETTLEMENT BECOMES FINAL YOU WILL BE RELEASING THE SETTLING DEFENDANTS AND RELATED RELEASED PARTIES FOR THE CLAIMS DESCRIBED BELOW, AND YOU WILL BE BOUND BY THE RELEASES IN THE SETTLEMENT AGREEMENT—INCLUDING THE COVENANT NOT TO SUE—<u>EVEN IF YOU DO NOT FILE A PROOF OF CLAIM</u>.**

In exchange for the Settling Defendants' consideration described in "A" above, members of the Futures Class will release certain claims against the Settling Defendants as specifically set forth below.
*****

(a)  In addition to the effect of any final judgment entered in accordance with this Settlement Agreement, and provided that the Court approves this Settlement Agreement, effective upon the Effective Date each and every Futures Class member, all of their past, present or future parents, subsidiaries, divisions, affiliates, shareholders, general or limited partners, attorneys, spouses, insurers, beneficiaries, employees, officers, directors, legal and equitable owners, members, predecessors in interest, successors in interest, legal representatives, trustees, associates, heirs, executors, administrators and/or assigns and each and any of their respective shareholders, parents, subsidiaries, divisions, affiliates, shareholders, general or limited partners,

assigns, attorneys, insurers, beneficiaries, employees, officers, directors, and equitable owners, members, predecessors in interest, successors in interest, legal representatives, trustees, associates, heirs, executors, administrators and/or assigns (together the "**Releasing Parties**"), releases and forever discharges, to the fullest extent permitted by law, the Released Parties from and against any and all present, past, or future claims, demands, debts, damages, losses, offsets, obligations, warranties, costs, fees, penalties, expenses, whenever incurred, rights of action, suits, and causes of action of every kind and nature whatsoever, whether based on contract, tort, federal, state or foreign law, statutory, or other legal or equitable theory of recovery, liabilities of any nature and kind whatsoever, whether known or unknown, suspected or unsuspected, existing, or claimed to exist, and whether arising in the past or future, in law or in equity, that each and every Futures Class member ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, in any way arising from or related to, in full or in part, any transactions in Class Contracts, whether or not asserted in the Futures Action, or from any losses incurred, in whole or in part, as a result of such transactions.  Notwithstanding any other provision of this Settlement (i) the foregoing release shall not include any claims which a Futures Class member may have in its capacity as a member of any class that may be certified with respect to the claims asserted in the Complaint in the Physical Action, and (ii) as to Defendant Welsh only, the foregoing release shall not include, shall not apply to, shall have no effect whatsoever on, and shall not release in any way, the negligence and the negligent conduct or omissions as alleged, and relief that may be obtained on, the Futures Plaintiffs' fifth claim in the Complaint.  Welsh is released as to the non-negligence claims (including the Futures Plaintiffs' claims in the Complaint for violations of the Commodity Exchange Act and the Sherman Act) as previously set forth above in this Section 6(a).

(b)   In addition, each Releasing Party hereby expressly waives and releases any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code, which reads:

> Section 1542.  General release extent.  A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

From the Effective Date each Releasing Party also expressly waives and releases any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code.  Each Releasing Party may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this Section 6 but each Releasing Party, through this Settlement Agreement, and with the ability to seek independent advice of counsel, expressly waives and fully, finally and forever settles and releases, as of the Effective Date any known or unknown, suspected or unsuspected, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.  From the Effective Date, the releases herein given by the Releasing Parties shall be and remain in effect as full and complete releases of the claims set forth in the Futures Action, notwithstanding the later discovery or existence of any such additional or different facts relative hereto or the later discovery of any such additional or different claims that would fall within the scope of the release provided in Section 6(a) of this Settlement Agreement, as if such facts or claims had been known at the time of this release.  Notwithstanding any of the provisions of the Final Judgment or any provisions of this Settlement Agreement or otherwise, the Futures Plaintiffs and the Futures Class do not release or dismiss and shall not release or dismiss Defendant Welsh from the Futures Plaintiffs' fifth claim in the Complaint for negligence against Defendant Welsh.

*****

The Settlement Agreement does not settle or compromise any claims other than those set out therein.  All rights of the Futures Plaintiffs or any member of the Futures Class against any other Person or entity other than the Released Parties are specifically reserved by the Futures Plaintiffs and the members of the Futures Class.

## III.    YOUR OPTIONS

### A.    Submit A Proof of Claim

As a member of the Futures Class, you may be entitled to share in the Net Settlement Fund if you submit a valid and timely Proof of Claim demonstrating that you are entitled to a recovery under the Plan of Allocation.  Proofs of Claim must be received by the Settlement Administrator (see address in VII below) no later than January 21, 2015.  A copy of the Proof of Claim is attached hereto.  You may also obtain a Proof of Claim on the Settlement website at www.PlatinumPalladiumFuturesLitigation.com.

Again, an important aspect of the Settlement is that the Moore Defendants are not entitled to any reversion of the Net Settlement Fund unless and until Claiming Futures Class Members, in aggregate, have been paid 100% of Net Artificially Paid (which includes a 10% premium for interest) and 100% of Net Losses (which includes a 10% premium for interest).  See II.C above.  Moreover, the Moore Defendants' reversion only captures 50% of the amounts in excess of 100% of Net Artificiality Paid such that Claiming Futures Class members may receive in excess of 100% of their Net Artificiality Paid (which includes a 10% premium for interest).  Again, to the foregoing extent, the shares of Futures Class members who fail to file a Proof of Claim will be redistributed to Futures Class members who do file Proofs of Claim and who do qualify for Net Artificiality Paid and/or Net Losses as described in the Plan of Allocation.  Futures Class members are encouraged to file Proofs of Claim.

### B.    Object To The Settlement

Any member of the Futures Class may appear at the Fairness Hearing (see Section V below) in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness, and adequacy of the Settlement Agreement or any related matter (including the request for attorneys' fees or the Plan of Allocation or any other matter).

However, no Person other than Futures Lead Counsel and counsel for the Settling Defendants shall be heard, and no papers, briefs, pleadings, or other documents submitted by any member of the Futures Class shall be considered by the Court unless the objecting member of the Futures Class files the following with the Court: (i) a written notice of intention to appear; (ii) proof of membership in the Futures Class; (iii) a detailed statement of the objections to any matters before the Court; (iv) a statement advising of any court proceeding in which said objector has made an objection to a proposed class action settlement within the past three years, including case name, docket number, and court; (v) the grounds or reasons why the member of the Futures Class desires to appear and be heard; and (vi) all documents or writings the member of the Futures Class desires the Court to consider.

This written statement must be filed with the Court and served by hand, overnight mail or e-mail on the Futures Lead Counsel and all counsel of record for the Settling Defendants no later than October 15, 2014, or it will not be considered.

The contact information for Futures Lead Counsel and counsel of record for the Settling Defendants is set forth below:

| | |
|---|---|
| Christopher McGrath<br>cmcgrath@lshllp.com<br>**LOVELL STEWART HALEBIAN JACOBSON LLP**<br>61 Broadway Suite 501<br>New York, NY 10006 | *Counsel for Futures Plaintiffs* |
| David Zensky<br>dzensky@akingump.com<br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>One Bryant Park<br>New York, NY 10036 | *Counsel for Defendants Moore Capital Management, LP;*<br>*Moore Capital Management, LLC;*<br>*Moore Capital Advisors, LLC;*<br>*Moore Advisors, Ltd.;*<br>*Moore Macro Fund, LP; and*<br>*Moore Global Fixed Income Master Fund, LP*<br>*Louis Bacon* |
| Kerri Ann Law<br>klaw@kramerlevin.com<br>**KRAMER LEVIN NAFTALIS & FRANKEL, LLP**<br>1177 Avenue of the Americas<br>New York, NY 10036 | *Counsel for Defendant Christopher Pia* |
| Marc Weinstein<br>weinstei@hugheshubbard.com<br>**HUGHES HUBBARD & REED LLP**<br>One Battery Park Plaza<br>New York, NY 10004 | *Counsel for Defendant Eugene Burger* |
| Andrew Lourie<br>andrew.lourie@kobrekim.com<br>**KOBRE & KIM, LLP**<br>1919 M Street, N.W., Suite 410<br>Washington, D.C. 20036 | *Counsel for Defendant Joseph Welsh* |

C. **Request To Be Excluded From The Settlement**

Any request for exclusion from the Settlement by a member of the Futures Class must be made in writing and received by the Settlement Administrator no later than October 3, 2014. Any such request for exclusion must contain the following information: (i) the date of acquisition of each position in any NYMEX platinum futures contract or NYMEX palladium futures contract for which recovery is sought by a Futures Class member or that was acquired or sold during the Class Period; (ii) when and at what price such position(s) was/were acquired, closed out or sold; (iii) any and all broker(s) or futures commission merchant(s) used; and (iv) a statement and description of whether positions in NYMEX platinum futures contracts or NYMEX palladium futures contracts were acquired as a hedge to off-exchange positions or exposures that relate to platinum or palladium during the Class Period.

Requests for exclusion from the Settlement must be sent by First-Class mail (preferably certified mail) to counsel for the Futures Plaintiffs, counsel for Settling Defendants (see addresses in B. above) and the Settlement Administrator (see address in VII below). A Request for Exclusion form is attached hereto.

If you exclude yourself from the Futures Class, you will not be bound by the Settlement Agreement and can independently pursue claims you may have against the Settling Defendants at your own expense. However, if you exclude yourself, you will not be eligible to share in the Net Settlement Fund.

**IV.    PROOF OF CLAIM**

The Proof of Claim, which includes instructions on how and when to make a claim, is attached hereto.  You should consider reading the Settlement Agreement and you should read the Proof of Claim carefully before submitting your Proof of Claim or determining another course of action.

**V.    FAIRNESS APPROVAL HEARING**

The Court has scheduled a public Fairness Hearing for November 7, 2014, at 11:00 a.m. to be held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY, Courtroom 20B. At the Fairness Hearing, the Court will determine if the proposed Settlement is fair, reasonable, and adequate.  The Court will also consider Futures Lead Counsel's request for attorneys' fees and reimbursement of litigation expenses.  See II.D. above.

The time and date of the Fairness Hearing may be continued from time to time without further notice and you are advised to confirm the time and location if you wish to attend; as soon as practicable after any change in the scheduled date and time, such change will be posted on the Settlement website www.PlatinumPalladiumFuturesLitigation.com.

**VI.    CHANGE OF ADDRESS**

If this Notice reached you at an address other than the one on the mailing label, or if your address changes, please enter your current information online at www.PlatinumPalladiumFuturesLitigation.com, or send it to the Settlement Administrator at the address set forth in VII below.

**VII.    THE SETTLEMENT ADMINISTRATOR**

The Court has appointed A.B. Data, Ltd. as the Settlement Administrator.  Among other things, the Settlement Administrator is responsible for providing notice of the Settlement to the Class and processing Proofs of Claim.  You may contact the Settlement Administrator through the Settlement website (www.PlatinumPalladiumFuturesLitigation.com), by telephone toll free at 888-206-5360, or by writing to the Settlement Administrator at the below address:

**PLATINUM AND PALLADIUM COMMODITIES LITIGATION SETTLEMENT—FUTURES ACTION**
c/o A.B. DATA, LTD.
PO Box 170500
MILWAUKEE, WI  53217-8091
888-206-5360
info@PlatinumPalladiumFuturesLitigation.com

**VIII.    ADDITIONAL INFORMATION**

The Settlement Agreement and other important documents related to this Action are available online at www.PlatinumPalladiumFuturesLitigation.com and also available for review during normal business hours at the office of the Clerk of Court, United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007.  If you have questions about this Notice, the procedure for registering, or the Settlement Agreement, you may contact Futures Lead Counsel at the address listed in III.B. above.

**<u>DO NOT CONTACT THE JUDGE OR THE CLERK OF COURT</u>**

DATED:  JULY 15, 2014

**BY ORDER OF THE COURT**

Clerk of the United States District Court
Southern District of New York

| | |
|---|---|
| *In Re: Platinum And Palladium Commodities Litigation* | MASTER FILE |
| This Document Relates To: | No. 10 Civ. 3617 (WHP) |
|    Platinum/Palladium Futures Action | |

## PROOF OF CLAIM AND RELEASE

If you are a member of the futures class as defined below, then, in order to be entitled to a distribution, **you must complete, sign, notarize and mail this proof of claim and necessary supporting documentation to the settlement administrator at the following address such that it is <u>received</u> no later than January 21, 2015:**

**PLATINUM AND PALLADIUM LITIGATION SETTLEMENT—FUTURES ACTION**
c/o A.B. DATA, LTD.
PO BOX 170500
MILWAUKEE, WI 53217-8091
**<u>Do not submit your claim to the Court</u>**.

**The Futures Class**.  The Futures Class[1] is defined as:  All Persons that purchased or sold a NYMEX platinum futures contract or a NYMEX palladium futures contract during the period from June 1, 2006 through April 29, 2010, inclusive.

Excluded from the Futures Class are (i) the Settling Defendants, MF Global, Inc., any co-conspirators alleged in the Complaint or any subsequent amended complaint filed prior to the Exclusion Bar Date, Alan Craig Kleinstein, Dominick Frank Terrone, Richard Peter Trifoglio Sr., Frederick Charles Ferriola, Peter Michael Venus, Lawrence Frasca Favuzza, and John Anthony Sakulich and any NYMEX floor brokers or NYMEX floor traders who refuse to execute the certification in the Proof of Claim attesting that they were not co-conspirators, or aiders or abettors of the Settling Defendants or Non-Settling Defendants, and  (ii) Opt Outs.

Only members of the Futures Class may participate in the Settlement.

If you are a member of the Futures Class as described above, then, by properly filling out, signing, having notarized and returning this Proof of Claim and furnishing the required supporting documentation, you may be entitled to share in the proceeds from the Net Settlement Fund.  However, submission of this Proof of Claim does not ensure that you will share in any of the proceeds of the Net Settlement Fund.

Omission of necessary information and/or supporting documents will make your claim defective so that it may be rejected, in which case you will be notified of such rejection and given an opportunity to remedy same.  You must include all trade information for transactions in Class Contracts[2] during the Class Period for all accounts you own or control.

If you are a member of the Futures Class and you fail to submit a valid and timely Proof of Claim pursuant to the instructions set forth herein you may be precluded from any recovery from the Net Settlement Fund.  However, unless you validly exclude yourself from the Futures Class, you will be bound by the terms of any judgment entered in the Action **whether or not you submit a Proof of Claim**.

The completed Proof of Claim, and the information submitted therewith, will be treated as confidential and will be used solely for purposes of administering the Settlement.  Knowingly submitting inaccurate or incomplete information may subject you to civil or criminal penalties.

**IF YOU HAVE ANY QUESTIONS CONCERNING THIS PROOF OF CLAIM, WRITE TO, CALL, OR GO ON-LINE AT:**
PLATINUM AND PALLADIUM LITIGATION SETTLEMENT—FUTURES ACTION, c/o A.B. DATA, LTD., PO BOX 170500, MILWAUKEE, WI 53217-8091,
www.PlatinumPalladiumFuturesLitigation.com

**DO <u>NOT</u> CONTACT THE COURT IF YOU HAVE QUESTIONS CONCERNING THIS PROOF OF CLAIM.**

---

[1] Unless otherwise stated, capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement dated March 17, 2014.

[2] "Class Contract" shall mean NYMEX platinum futures contracts and NYMEX palladium futures contracts traded between June 1, 2006 through April 29, 2010, inclusive.

| For official use only | *In Re: Platinum And Palladium Commodities Litigation* | MUST BE RECEIVED NO LATER THAN |
|---|---|---|
| [barcode] | MASTER FILE No. 10 Civ. 3617 (WHP)<br>**PROOF OF CLAIM AND RELEASE**<br>Please print or type | **JANUARY 21, 2015** |

STATE OF _____ )

COUNTY OF _____ )

_____ , being duly sworn, deposes and says:

### Item 1—Claimant Identification

1. Please provide the following information for you and your affiliates[3] that transacted in Class Contracts at any time during the Class Period:

Claimant Name(s) ("Claimant"):

☐ Individual    ☐ Corporation    ☐ Estate    ☐ Other (specify) _____

Name of Person Executing Claim:

Capacity of Person Executing Claim:

Claimant Address:

City                                    State        Zip Code

Foreign Province                 Foreign Postal Code                Foreign Country

Claimant Daytime Phone Number

(          )          —

Claimant Social Security, Employer Identification, or Federal Tax Identification Number:

_____ — _____ — _____    or    _____ — _____

Claimant Email Address:

---

[3] "Affiliates" means any other person or entity that you control, either directly or through one or more intermediaries, or any person or entity that is controlled by or is under common control with such intermediary person or entity.

If you require additional space on this or any other section of the Proof of Claim, append an additional page to the end of the claim form.  Do not submit multiple Proofs of Claim.

If you are unable to identify all transactions in Class Contracts by any affiliates of yours, who, to your knowledge, made any transactions in Class Contracts during the Class Period, then please list below the names of such affiliates.

_____

_____

If you leave the above line blank, then by executing this Proof of Claim, you are affirming that, to the best of your knowledge, you have no affiliates who made transactions in Class Contracts during the Class Period that are not reflected in this Proof of Claim.

**Item 2—List of Futures Commission Merchants**

2.  Please list all futures commission merchants ("FCMs") through which you maintained accounts wherein you traded NYMEX platinum futures contracts or NYMEX palladium futures contracts during the Class Period (*i.e.*, June 1, 2006 – April 29, 2010).

_____

_____

_____

**Item 3—List of Account Names and Account Numbers**

3.  Please provide a list of all account names and account numbers for each FCM you listed in response to "Item 2" above wherein you traded NYMEX platinum futures contracts or NYMEX palladium futures contracts during the Class Period (*i.e.*, June 1, 2006 – April 29, 2010).

_____

_____

_____

**Item 4—Proof of Qualifying Transactions**

4.  Please provide proof of all transactions in Class Contracts you made during the Class Period by, for example, enclosing photocopies of daily brokerage confirmations, monthly account statements, and other documents evidencing purchases and/or sales reflecting any and all transactions in Class Contracts.  Each Claimant must provide sufficient documentation to allow the Settlement Administrator to determine whether a transaction in NYMEX platinum futures contracts or NYMEX palladium futures contracts qualifies as a transaction in a Class Contract.  Such documentation must reflect the date, price, quantity and the time of all such transactions in Class Contracts (see Item 6 below).  It is highly likely that **the most efficient method for Claimants to support their claims is to produce records reflecting all NYMEX platinum futures contract and NYMEX palladium futures contract transactions during the Class Period.**

You should provide proof for each and every transaction in a Class Contract regardless of whether such transaction resulted in a gain or a loss.

If any such documents are not in your possession, please obtain them or their equivalent from your broker or tax advisor or other sources if it is possible for you to do so.

If you have this information in an electronic form, you are strongly encouraged to submit the information electronically along with a hard copy printout of your trading records in order to expedite the treatment of your Proof of Claim.  The following formats are acceptable: ASCII, MS Excel, MS Access, and dBase.

5.   The Settlement Administrator will determine each Claimant's Net Artificiality Paid and Net Loss (as set forth in the Plan of Allocation) by analyzing each Claimant's transactions in Class Contracts.  Claimants are required to list each transaction in Class Contracts in the form provided in Item 6 below.  If additional space is necessary, or if Claimants wish to use a Microsoft Excel format, please go to www.PlatinumPalladiumFuturesLitigation.com to obtain an electronic filing template.

In listing the information requested in Item 6 below, you should always use trade dates, not settlement dates.  Do not average prices of separate transactions, including transactions within a given date.  It is important that you supply the information requested to the fullest extent that you are able to do so.

**Item 6—List of Transactions in Class Contracts**

6(a).   If you purchased or sold a NYMEX platinum futures contract during the Class Period (*i.e.*, June 1, 2006 – April 29, 2010), then you must provide the information set forth in the Table I below for all such transactions.

| TABLE I—PURCHASE(S) AND SALE(S) OF NYMEX PLATINUM FUTURES CONTRACTS DURING THE CLASS PERIOD | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Date of Transaction** | **Time of Execution of Transaction (if known)[4]** | **Contract Month** | **Number of Contracts In Transaction** | **Transaction Price** | **Purchase or Sale** | **Brokerage Firm and Account Number in Which Transaction Was Made** | **Hedging Transaction? (Yes or No)[5]** |
| /     / | | | | . | | | |
| /     / | | | | . | | | |
| /     / | | | | . | | | |

6(b).   The Settlement Administrator needs to determine any open positions (long or short) in NYMEX platinum futures contracts that you held as of the start of the Class Period on June 1, 2006 or the end of the Class period on April 29, 2010.  This determination shall be based on trade dates, not settlement dates.

| Open Positions in NYMEX Platinum Futures Contract Prior to June 1, 2006 (Identify Contract Month) | Short Position (Insert the number of contracts) | Long Position (Insert the number of contracts) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

---

[4] To the extent known, please provide for purchase and sale transactions between November 19, 2007 and June 18, 2008, inclusive, whether the time of day of the execution for each transaction was at or prior to 1:05 p.m.

[5] Hedging Transactions are defined as any offsetting exposures held or acquired by you or any of your affiliates in the cash, spot, or physical platinum or palladium markets, or other off-exchange markets related to platinum or palladium, that operated as a hedge (in whole or in part) against your transaction(s) in Class Contracts listed in Section 6(a) or 6(c).

| Open Positions in NYMEX Platinum Futures Contract On April 29, 2010 (Identify Contract Month) | Short Position (Insert the number of contracts) | Long Position (Insert the number of contracts) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

6(c).  If you purchased or sold a NYMEX palladium futures contract during the Class Period (*i.e.*, June 1, 2006 – April 29, 2010), then you must provide the information set forth in the Table II below for all such transactions.

| TABLE II—PURCHASE(S) AND SALE(S) OF NYMEX PALLADIUM FUTURES CONTRACTS DURING THE CLASS PERIOD | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date of Transaction | Time of Execution of Transaction[6] (if known) | Contract Month | Number of Contracts In Transaction | Transaction Price | Purchase or Sale | Brokerage Firm and Account Number in Which Transaction Was Made | Hedging Transaction? (Yes or No) |
| /      / | | | | . | | | |
| /      / | | | | . | | | |
| /      / | | | | . | | | |

6(d).  The Settlement Administrator needs to determine any open positions (long or short) in NYMEX palladium futures contracts that you held as of the start of the Class Period on June 1, 2006 or the end of the Class period on April 29, 2010.  This determination shall be based on trade dates, not settlement dates.

| Open Positions in NYMEX Palladium Futures Contract Prior to June 1, 2006 (Identify Contract Month) | Short Position (Insert the number of contracts) | Long Position (Insert the number of contracts) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

---

[6] To the extent known, please provide for purchase and sale transactions between November 1, 2007 and June 18, 2008, inclusive, whether the time of day of the execution for each transaction was at or prior to 1:00 p.m. Eastern standard time.

| Closed Positions in NYMEX Palladium Futures Contract On April 29, 2010 (Identify Contract Month) | Short Position (Insert the number of contracts) | Long Position (Insert the number of contracts) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

6(e).  For any line in which you stated Hedging Transactions in 6(a) or 6(c) above, were all of the transactions in that line Hedging Transactions?  YES ____ or NO ____.  If your answer is NO, please list all of your Hedging Transactions in that line that were not Hedging Transactions.

_____

_____

_____

6(f).  Were any of the transactions you listed in 6(a) or 6(c) above conducted by you as a "Swap Dealer"?  A Swap Dealer is any person who (i) holds itself out as a dealer in swaps (ii) makes a market in swaps, (iii) regularly enters into swaps with counterparties as an ordinary course of business for its own account, or (iv) engages in activity causing itself to be commonly known in the trade as a dealer or market maker in swaps.  If your answer is YES, please list all of your transactions as a Swap Dealer in the space provided below.

_____

_____

_____

7.  Futures Lead Counsel and the Settlement Administrator reserve the right to seek further information from you regarding your Proof of Claim.

8.  If you were a NYMEX floor broker or NYMEX floor trader between October 17, 2007 and June 6, 2008, inclusive, by executing this Proof of Claim you are certifying that you were not a co-conspirator or aider or abettor of the Settling Defendants or Non-Settling Defendants.

9.  It is important that you accurately disclose all transactions in Class Contracts open at the start of or made during the Class Period.  The Claimant expressly consents to the release to the Settlement Administrator of any and all documents reflecting the Claimant's transactions in Class Contract that may be obtained from third parties, including, but not limited to, your brokerage firm(s), the Commodity Futures Trading Commission ("CFTC") and the NYMEX.  By executing this Proof of Claim, the Claimant hereby permits the Settlement Administrator to request from the NYMEX the Claimant's account and relevant trade information prior to receiving a payment from the Net Settlement Fund.

10.  The Claimant certifies that reasonable efforts have been made to locate all information requested in Items 1-6 above and that all information supplied in connection with this Proof of Claim is true, correct and complete.

11.  The Claimant understands that the information provided herein is subject to verification and the Claimant agrees to cooperate in any such verification including by furnishing additional information to support this claim and by assisting the Settlement Administrator if requested to do so.

12.  The Claimant understands that the Settlement Administrator will determine the adequacy of the Claimant's Proof of Claim and supporting documentation.  The foregoing is subject to the Settling Defendants' right to object and the ultimate power of the Court to determine whether your Proof of Claim and supporting documentation are adequate.

13.  The Claimant consents to the jurisdiction of the Court with respect to this Proof of Claim and for purposes of enforcing the terms of the Settlement Agreement or any order or judgment of the Court.

14.  The Claimant agrees to the terms of the Settlement as set forth in the Settlement Agreement and acknowledges being bound by and subject to the terms of any order or judgment that may be entered in the Futures Action, including the Final Judgment.

15.  Each Claimant must execute a release and covenant not to sue in conformity with Section 6 of the Settlement Agreement in order to receive his/her/its *pro rata* share of the Net Settlement Fund.  The Claimant agrees that the submission of this Proof of Claim constitutes a full release of and covenant not to sue on the Released Claims against the Released Parties as set forth in the Settlement Agreement and at the end of this Proof of Claim.

16.  The Claimant certifies that it is not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because: (a) the Claimant is exempt from backup withholding, or (b) the Claimant has not been notified by the Internal Revenue Service (the "I.R.S.") that the Claimant is subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified that Claimant that the Claimant is no longer subject to backup withholding.


This Proof of Claim was executed this _____ day of _____, 20_____ in _____, _____
                                                                                                                          (City/Province)                        (State/Country)

_____
Signature of Claimant

_____
Type or Print Name

_____
Capacity of Person Signing (*e.g.*, President, Trustee, Custodian, etc.)

If you are acting for an entity, please submit proof of your authority (*e.g.*, corporate resolution, trust agreement, etc.).


Sworn to before me this _____ day of _____, 20_____.



_____
Notary Public

(a)  In addition to the effect of any final judgment entered in accordance with this Settlement Agreement, and provided that the Court approves this Settlement Agreement, effective upon the Effective Date each and every Futures Class member, all of their past, present or future parents, subsidiaries, divisions, affiliates, shareholders, general or limited partners, attorneys, spouses, insurers, beneficiaries, employees, officers, directors, legal and equitable owners, members, predecessors in interest, successors in interest, legal representatives, trustees, associates, heirs, executors, administrators and/or assigns and each and any of their respective shareholders, parents, subsidiaries, divisions, affiliates, shareholders, general or limited partners, assigns, attorneys, insurers, beneficiaries, employees, officers, directors, legal and equitable owners, members, predecessors in interest, successors in interest, legal representatives, trustees, associates, heirs, executors, administrators and/or assigns (together the "Releasing Parties"), releases and forever discharges, to the fullest extent permitted by law, the Released Parties from and against any and all present, past, or future claims, demands, debts, damages, losses, offsets, obligations, warranties, costs, fees, penalties, expenses, whenever incurred, rights of action, suits, and causes of action of every kind and nature whatsoever, whether based on contract, tort, federal, state or foreign law, statutory, or other legal or equitable theory of recovery, liabilities of any nature and kind whatsoever, whether known or unknown, suspected or unsuspected, existing, or claimed to exist, and whether arising in the past or future, in law or in equity, that each and every Futures Class member ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, in any way arising from or related to, in full or in part, any transactions in Class Contracts, whether or not asserted in the Futures Action, or from any losses incurred, in whole or in part, as a result of such transactions.  Notwithstanding any other provision of this Settlement (i) the foregoing release shall not include any claims which a Futures Class member may have in its capacity as a member of any class that may be certified with respect to the claims asserted in the Complaint in the Physical Action, and (ii) as to Defendant Welsh only, the foregoing release shall not include, shall not apply to, shall have no effect whatsoever on, and shall not release in any way, the negligence and the negligent conduct or omissions as alleged, and relief that may be obtained on, the Futures Plaintiffs' fifth claim in the Complaint.  Welsh is released as to the non-negligence claims (including the Futures Plaintiffs' claims in the Complaint for violations of the Commodity Exchange Act and the Sherman Act) as previously set forth above in this Section 6(a).

(b)  In addition, each Releasing Party hereby expressly waives and releases any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code, which reads:

> Section 1542.  **General release extent.  A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

From the Effective Date each Releasing Party also expressly waives and releases any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code. Each Releasing Party may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this Section 6 but each Releasing Party, through this Settlement Agreement, and with the ability to seek independent advice of counsel, expressly waives and fully, finally and forever settles and releases, as of the Effective Date any known or unknown, suspected or unsuspected, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.  From the Effective Date, the releases herein given by the Releasing Parties shall be and remain in effect as full and complete releases of the claims set forth in the Futures Action, notwithstanding the later discovery or existence of any such additional or different facts relative hereto or the later discovery of any such additional or different claims that would fall within the scope of the release provided in Section 6(a) of this Settlement Agreement, as if such facts or claims had been known at the time of this release.  Notwithstanding any of the provisions of the Final Judgment or any provisions of this Settlement Agreement or otherwise, the Futures Plaintiffs and the Futures Class do not release or dismiss and shall not release or dismiss Defendant Welsh from the Futures Plaintiffs' fifth claim in the Complaint for negligence against Defendant Welsh.

| | |
|---|---|
| *In Re: Platinum And Palladium Commodities Litigation* | MASTER FILE |
| This Document Relates To: | No. 10 Civ. 3617 (WHP) |
|     Platinum/Palladium Futures Action | |

## PLAN OF ALLOCATION

1.   (a) Except for the terms defined herein, this Plan of Allocation adopts and incorporates the definitions in the Stipulation and Agreement of Settlement, dated March 17, 2014, to which this Plan of Allocation is attached as an exhibit.

(b) As used in this Plan, "NAP" refers to net artificiality paid as defined below. "NL" means net losses. "NAP Transactions" means any purchase and/or sale transactions in Class Contracts executed between 1:00 pm Eastern Time[1] on November 1, 2007 for palladium futures contracts, and 1:05 pm on November 19, 2007 for platinum futures contracts, and any time on June 18, 2008, inclusive, as well as any offsetting purchase and/or sale transactions to such transactions. <u>Examples</u>: If an opening sale (or purchase) transaction was made in January 2007 and the closing purchase (or sale) transaction occurred on November 30, 2007, then both the sale and the purchase would be NAP Transactions. If an opening purchase (or sale) transaction occurred on May 6, 2008 and the closing sale (or purchase) transaction occurred on October 4, 2008, then both transactions would be NAP Transactions. Thus, all purchases (or sales) performed on a day where alleged inflation was not zero (as provided in Exhibit A and Exhibit B) will be credited (or debited) a dollar amount of inflation on each of these NAP transactions in respect to their volume irrespective of when the accompanying offset transaction occurred, if any.

(c) "NL Transactions" means round trip transactions in Class Contracts in which both legs of the transaction were executed outside of the period between 1:00 pm on November 1, 2007 for palladium futures contracts or 1:05 pm on November 19, 2007 for platinum futures contracts, and any time on June 18, 2008, inclusive, but one leg of which (either the purchase or the sale) was executed within the Class Period.

2.   Ninety percent (90%) of the Net Settlement Fund will be paid and allocated according to Claiming Futures Class Member's NAP Transactions. However, to any extent that 90% of the Net Settlement Fund exceeds 100% of all Claiming Futures Class Members' NAP, then 50% of any such excess amount shall be added to the 10% of the Net Settlement Fund to be distributed to Claiming Futures Class Members' NL Transactions unless and until 100% of Claiming Futures Class Members' NL has been paid. See "3" below. The NAP for these transactions is described in ¶¶5 - 9 below and in the attached Platinum and Palladium artificiality tables (see Exhibits A and B hereto). In order to be entitled to NAP, the Claiming Futures Class Member must adequately support his, her or its claim as determined by the Settlement Administrator, subject to the Class member's rights to object.

3.   Ten percent (10%) of the Net Settlement Fund will be distributed to Claiming Futures Class Members' NL Transactions as explained in ¶¶10-14(a)-(d) below. The NL for these transactions is described in ¶¶10 – 14 below. Each Claiming Futures Class Member must adequately support its NL as determined by the Settlement Administrator, subject to the Class member's right to object.

4.   Each Claiming Futures Class Member shall be entitled to receive the sum of their payment, if any, described in ¶9 and their payment, if any, described in ¶14(c)-(d). See paragraph ¶15 below. Net gains on the NL Transactions will **not** be netted against nor subtracted from the NAP Transactions. Negative NAP on the NAP Transactions will **not** be netted against or subtracted from the NL on NL Transactions for purposes of calculating the Moore Defendants' reversion. But see ¶14(c)(iv) below.

5.   NAP as used herein and in the Stipulation and Agreement of Settlement shall be the amount by which a Futures Class Member's Total Artificiality Paid exceeds their Total Artificiality Received, plus ten percent (10%) and less any applicable Hedging Reduction or Swaps-Dealer Reduction as defined below. Example: If a Futures Class member's Total Artificiality Paid is $1,500 and Total Artificiality Received is $1,000, then the NAP shall be $550.00, which is $1,500 minus $1,000 equals $500.00 plus 10% of $500 equals $550.00. However, to the extent that a Claiming Futures Class Member's trading was hedging (as defined in the Proof of Claim), the NAP shall be subject to a 50% reduction (the "Hedging Reduction"). *Example*: If the Claiming Futures Class Member's Total Artificiality Paid minus Total Artificiality Received is $100, then the NAP is $110.00 and if such Class member was a hedger throughout the Class Period, then the NAP shall be $55.00. The Settlement Administrator shall also require Futures Class Members to identify whether they are swap-dealers. The NAP of a Claiming Futures Class Member whose trading was undertaken as a swap-dealer (as defined in the Proof of Claim) shall be subject to a reduction of 91%, rather than 50% (the "Swap-Dealer Reduction").

6.   The Total Artificiality Paid shall be determined by multiplying the number of Class Contracts purchased by the Claiming Futures Class Member on NAP Transactions by the amount of alleged artificiality, if any, as provided in Exhibit A and Exhibit B for such Class Contracts at the time of each such purchase for such Class Contract.

7.   The Total Artificiality Received shall be determined by multiplying the number of Class Contracts sold by the Claiming Futures Class Member on NAP Transactions by the amount of alleged artificiality, if any, as provided in Exhibit A and Exhibit B for such Class Contracts for each such Class Contract at the time of such sale.

8.   If the Claiming Futures Class Member's Total Artificiality Paid exceeds their Total Artificiality Received, then the Claiming Futures Class Member will have NAP and will be entitled to participate on a pro rata basis in the 90% of the Net Settlement Fund being paid in respect of NAP.

9.   (a) Specifically, Claiming Futures Class Members with NAP will be entitled to receive a pro rata share of 90% of the Net Settlement Fund. This share shall be calculated for each Claiming Futures Class Member by multiplying 90% of the Net Settlement Fund by a fraction the numerator of which is the Claiming Futures Class Member's NAP and the denominator of which is the sum total NAP of all Claiming Futures Class Members who have positive NAP.

(b) No Claiming Futures Class Member will be entitled to payment under this ¶9 of more than 100% of their NAP except to the extent provided for in sub-paragraph (c) below.

---

[1]   All times set forth herein are Eastern Time.

(c) If 90% of the Net Settlement Fund (after the 10% enhancement for interest) is the sum total 330P of all Claiming Class Members with positive NAP, then one-half (*i.e.*, 50%) of any such excess shall revert back to the Moore Defendants as set forth in Section 12 of the Stipulation and Agreement of Settlement. The remaining 50% of any such excess will be shared pro rata among those Claiming Futures Class Members with positive NAP. The remaining 50% would be paid to Claiming Futures Class members with NAP in the same proportion *inter se* as the NAP is paid to Claiming Futures Class members. **Example:** If 90% of the Net Settlement Fund is $100,000 more than the total NAP (including the 10% enhancement for interest) then the Moore Defendants would be entitled to a reversion of $50,000, *i.e.*, one-half of the $100,000 excess. The other $50,000 would be paid to Claiming Futures Class members with NAP in the same proportion *inter se* as the NAP is paid to Claiming Futures Class members.

10. **NL Transactions.** For the purposes of the Stipulation and Agreement of Settlement and this Plan of Allocation, NL shall be the amount by which a Futures Class Member's Total Losses (see ¶11 below) on their NL Transactions exceed their Total Gains (see ¶12 below) on their NL Transactions, plus ten percent (10%) and less any applicable Hedging Reduction or Swaps-Dealer Reduction. **Example:** If the Total Losses are $1,500 and Total Gains are $1,000 on TL Transactions for a Claiming Futures Class Member, then NL shall be $550.00 which ($1,500 minus $1,000) plus ten percent. However, to the extent that the Claiming Futures Class Members' trading was hedging, this amount shall be subject to a 50% reduction. *Example:* If the Claiming Futures Class Member's Total Losses minus Total Gains results in a figure of $10, and such Class member's trading was hedging throughout the Class Period, then the NL shall be $5.50. The Settlement Administrator shall also require Futures Class Members to identify whether they are swaps-dealers. The NL of a Claiming Futures Class Member whose trading was undertaken as a swaps-dealer, shall be subject to a reduction of 91%.

11. The Total Losses shall be determined by adding together the sum total of each Claiming Futures Class Member's losses on NL Transactions.

12. The Total Gains shall be determined by adding together the sum total of each Claiming Futures Class Member's gains on NL Transactions.

13. If the Claiming Futures Class Member's Total Losses exceed their Total Gains, then the Claiming Futures Class Member will have positive NL and will be entitled to participate as described in ¶14 below.

14. (a) Specifically, 10% of the Net Settlement Fund will be distributed to Claiming Futures Class Members who have positive NL as described in subparagraphs (c) – (d) below.

(b) If 10% of the Net Settlement Fund exceeds 100% of the sum total NL of all Claiming Futures Class Members with positive NL, then any such excess shall revert back to the Moore Defendants as set forth in Section 12 of the Stipulation and Agreement of Settlement. **Example:** If 10% of the Net Settlement Fund is $10,000 more than the total NL (including the 10% enhancement for interest) then the Moore Defendants would be entitled to a reversion of $10,000. For purposes of calculating reversion, if any, the sum total NL of all Claiming Futures Class Members shall be determined prior to, and without applying, the pooling described in subsections (c)(i)-(iv) below.

(c) Solely for purposes of the distribution *inter se* among Claiming Futures Class Members with NL will be as set forth in (i)-(iv) below. Any inability by any Class member to supply data to complete the following calculations shall be a matter among Class members *inter se,* and shall not add to or subtract from any effect that such failure might otherwise have on certain Defendants' right to a reversion under the other parts of this Plan of Allocation.

 i.  **First Pool**. Three percent (3%) of the Net Settlement Fund will be paid out pro rata based on each Claiming Futures Class Member's total NL. **Example:** If a Claiming Futures Class Member's NL constitutes 1% of the total NL of all Claiming Futures Class Members who have positive NL, then that Claiming Futures Class Member will receive 1% of the payment from this First Pool.

 ii.  **Second Pool**. Seven percent (7%) of the Net Settlement Fund (or, if there is a reversion to the Moore Defendants for NL, then less than 7%) will be paid out pursuant to a method of distribution that will be proposed by Futures Class Counsel after (a) all the proofs of claim have been analyzed, (b) the Net Artificiality Paid and Net Losses have been determined, (c) any reversion to the Moore Defendants has been fixed, and (d) the profile of Claiming Futures Class Members' results from such prospective method of distribution is known or substantially known to Futures Class Counsel. (Also, by such time, more will likely be known about the potential degree of collection (if any) on the Welsh Consideration.)

 iii.  Notice of this proposed method of distribution of the 7% (or, if there is a reversion to the Moore Defendants for NL, then less than 7%) of the Net Settlement Fund will be provided to Claiming Futures Class Members who will have a right to object such method. Such proposed method will be subject to approval by the Court.

 iv.  Such proposed method of distribution will take reasonable, fair account of Futures Class Counsel's assessment of the strengths and weaknesses of Claiming Futures Class Members' potential equitable and legal entitlements. In this regard, it is anticipated that losses and gains incurred after September 17, 2008 will be discounted, significant net artificiality received by Claiming Futures Class Members will be deducted, and/or payouts in respect of pre-September 17, 2008 transactions may be enhanced in varying amounts.[2] This will be proposed in the manner that, in Futures Class Counsel's judgment, is most fair and reasonable in light of all the circumstances including the resulting amounts of distribution to Claiming Futures Class Members.

(d) For purposes of the distribution *inter se* among Claiming Futures Class Members, each Claiming Futures Class Member shall be entitled to receive the sum of their payments due, if any, under the First Pool and Second Pool above. The enhancements in 14(c)(iv) shall have no effect on the Moore Defendants' potential reversion.

15. Each Claiming Futures Class Member will be entitled to a total payment from the Net Settlement Fund equal to their NAP plus their sum total NL under ¶14(d). Again, negative NAP is not netted against NL and net gains in the NL are not netted against NAP.

16. All determinations under this Plan of Allocation shall be made by the Settlement Administrator subject to review by Futures Lead Counsel and the Court.

17. This Plan shall be subject to change by the Court without further notice to Class members.

---

[2] This also includes transactions during the period prior to November 15, 2007, including on or about June 7, 2006, June 8, 2006, June 14, 2006, June 20, 2006, June 27, 2006, July 19, 2006, August 1, 2006, August 22, 2006, August 30, 2006, September 7, 2006, September 8, 2006, September 15, 2006, October 6, 2006, February 13, 2007, March 18, 2007, May 17, 2007, August 10, 2007, October 18, 2007, October 24, 2007 and October 25, 2007.

EXHIBIT A

**PLATINUM**

For transactions between 1:05 p.m. for platinum futures contracts on November 19, 2007, and anytime on June 18, 2008, inclusive, the amount of positive artificiality for each futures contract is set forth below. For each day after November 19, 2007, the amount of artificiality shall be the amount reflected for the prior day UNTIL 1:05 p.m. for platinum. For transactions occurring after 1:05 p.m. for platinum the artificiality shall be the amount of artificiality listed for that day.

As a practical matter, a substantial portion of the trading volume in NYMEX platinum futures contracts is limited to the quarterly contract months of January, April, July and October. However, intermediate contracts (*i.e.*, contracts expiring between the foregoing four quarterly contracts) do occasionally trade.

The artificiality for further out contracts (*i.e.*, contracts trading beyond the third month contract in the quarterly cycle) shall be the same as the artificiality for the third month quarterly contract. The artificiality for intermediate contracts shall be based on a time-weighted average of the two bounding quarterly contracts. Example: The January NYMEX platinum futures contract is the first month quarterly contract and has artificiality of $200. The April NYMEX platinum futures contract is the second month quarterly contract and has artificiality of $170. The February NYMEX platinum futures contract is an intermediate contract. In the foregoing example, the artificiality of the intermediate February contract would be $190 (*i.e.*, 2/3 of the artificiality of the first month January quarterly contract PLUS 1/3 of the artificiality of the second month April quarterly contract).

**Platinum Daily Artificiality Estimates**
**($ per troy ounce)**

| Date | Front Month | Artificiality | Second Month | Artificiality | Third Month | Artificiality |
|---|---|---|---|---|---|---|
| 19-Nov-07 | Jan-08 | $1.9299 | Apr-08 | $1.7673 | Jul-08 | $1.1725 |
| 20-Nov-07 | Jan-08 | $2.8948 | Apr-08 | $2.6509 | Jul-08 | $1.7587 |
| 21-Nov-07 | Jan-08 | $4.8247 | Apr-08 | $4.4182 | Jul-08 | $2.9312 |
| 23-Nov-07 | Jan-08 | $4.8247 | Apr-08 | $4.4182 | Jul-08 | $2.9312 |
| 26-Nov-07 | Jan-08 | $4.8247 | Apr-08 | $4.4182 | Jul-08 | $2.9312 |
| 27-Nov-07 | Jan-08 | $5.7897 | Apr-08 | $5.3018 | Jul-08 | $3.5174 |
| 28-Nov-07 | Jan-08 | $7.7196 | Apr-08 | $7.0690 | Jul-08 | $4.6899 |
| 29-Nov-07 | Jan-08 | $7.7196 | Apr-08 | $7.0690 | Jul-08 | $4.6899 |
| 30-Nov-07 | Jan-08 | $9.6495 | Apr-08 | $8.8363 | Jul-08 | $5.8623 |
| 3-Dec-07 | Jan-08 | $10.6144 | Apr-08 | $9.7199 | Jul-08 | $6.4486 |
| 4-Dec-07 | Jan-08 | $12.5443 | Apr-08 | $11.4872 | Jul-08 | $7.6210 |
| 5-Dec-07 | Jan-08 | $14.4742 | Apr-08 | $13.2545 | Jul-08 | $8.7935 |
| 6-Dec-07 | Jan-08 | $16.4041 | Apr-08 | $15.0217 | Jul-08 | $9.9660 |
| 7-Dec-07 | Jan-08 | $18.3340 | Apr-08 | $16.7890 | Jul-08 | $11.1384 |
| 10-Dec-07 | Jan-08 | $20.2639 | Apr-08 | $18.5563 | Jul-08 | $12.3109 |
| 11-Dec-07 | Jan-08 | $20.2639 | Apr-08 | $18.5563 | Jul-08 | $12.3109 |
| 12-Dec-07 | Jan-08 | $24.1237 | Apr-08 | $22.0908 | Jul-08 | $14.6558 |
| 13-Dec-07 | Jan-08 | $24.1237 | Apr-08 | $22.0908 | Jul-08 | $14.6558 |
| 14-Dec-07 | Jan-08 | $27.0185 | Apr-08 | $24.7417 | Jul-08 | $16.4145 |
| 17-Dec-07 | Jan-08 | $28.9484 | Apr-08 | $26.5089 | Jul-08 | $17.5870 |
| 18-Dec-07 | Jan-08 | $30.8783 | Apr-08 | $28.2762 | Jul-08 | $18.7595 |
| 19-Dec-07 | Jan-08 | $30.8783 | Apr-08 | $28.2762 | Jul-08 | $18.7595 |
| 20-Dec-07 | Jan-08 | $30.8783 | Apr-08 | $28.2762 | Jul-08 | $18.7595 |
| 21-Dec-07 | Jan-08 | $34.7381 | Apr-08 | $31.8107 | Jul-08 | $21.1044 |
| 24-Dec-07 | Jan-08 | $34.7381 | Apr-08 | $31.8107 | Jul-08 | $21.1044 |
| 26-Dec-07 | Jan-08 | $36.6680 | Apr-08 | $33.5780 | Jul-08 | $22.2769 |
| 27-Dec-07 | Jan-08 | $38.5979 | Apr-08 | $35.3452 | Jul-08 | $23.4493 |
| 28-Dec-07 | Jan-08 | $40.5278 | Apr-08 | $37.1125 | Jul-08 | $24.6218 |
| 31-Dec-07 | Jan-08 | $44.3876 | Apr-08 | $40.6470 | Jul-08 | $26.9667 |
| 2-Jan-08 | Jan-08 | $46.3175 | Apr-08 | $42.4143 | Jul-08 | $28.1392 |

| Date | Front Month | Artificiality | Second Month | Artificiality | Third Month | Artificiality |
|---|---|---|---|---|---|---|
| 3-Jan-08 | Jan-08 | $50.1773 | Apr-08 | $45.9488 | Jul-08 | $30.4841 |
| 4-Jan-08 | Jan-08 | $52.1072 | Apr-08 | $47.7161 | Jul-08 | $31.6566 |
| 7-Jan-08 | Jan-08 | $54.0371 | Apr-08 | $49.4833 | Jul-08 | $32.8291 |
| 8-Jan-08 | Jan-08 | $55.9670 | Apr-08 | $51.2506 | Jul-08 | $34.0015 |
| 9-Jan-08 | Jan-08 | $57.8969 | Apr-08 | $53.0179 | Jul-08 | $35.1740 |
| 10-Jan-08 | Jan-08 | $59.8268 | Apr-08 | $54.7851 | Jul-08 | $36.3465 |
| 11-Jan-08 | Jan-08 | $61.7567 | Apr-08 | $56.5524 | Jul-08 | $37.5189 |
| 14-Jan-08 | Jan-08 | $65.6165 | Apr-08 | $60.0869 | Jul-08 | $39.8639 |
| 15-Jan-08 | Jan-08 | $67.5464 | Apr-08 | $61.8542 | Jul-08 | $41.0363 |
| 16-Jan-08 | Jan-08 | $67.5464 | Apr-08 | $61.8542 | Jul-08 | $41.0363 |
| 17-Jan-08 | Jan-08 | $71.4062 | Apr-08 | $65.3887 | Jul-08 | $43.3813 |
| 18-Jan-08 | Jan-08 | $75.2659 | Apr-08 | $68.9232 | Jul-08 | $45.7262 |
| 22-Jan-08 | Jan-08 | $79.1257 | Apr-08 | $72.4578 | Jul-08 | $48.0711 |
| 23-Jan-08 | Jan-08 | $82.9855 | Apr-08 | $75.9923 | Jul-08 | $50.4161 |
| 24-Jan-08 | Jan-08 | $86.8453 | Apr-08 | $79.5268 | Jul-08 | $52.7610 |
| 25-Jan-08 | Jan-08 | $90.7051 | Apr-08 | $83.0613 | Jul-08 | $55.1059 |
| 28-Jan-08 | Jan-08 | $94.5649 | Apr-08 | $86.5959 | Jul-08 | $57.4508 |
| 29-Jan-08 | Jan-08 | $98.4247 | Apr-08 | $90.1304 | Jul-08 | $59.7958 |
| 30-Jan-08 | Apr-08 | $100.3546 | Jul-08 | $91.8976 | Oct-08 | $60.9682 |
| 31-Jan-08 | Apr-08 | $100.3546 | Jul-08 | $91.8976 | Oct-08 | $60.9682 |
| 1-Feb-08 | Apr-08 | $100.3546 | Jul-08 | $91.8976 | Oct-08 | $60.9682 |
| 4-Feb-08 | Apr-08 | $102.2845 | Jul-08 | $93.6649 | Oct-08 | $62.1407 |
| 5-Feb-08 | Apr-08 | $106.1443 | Jul-08 | $97.1994 | Oct-08 | $64.4856 |
| 6-Feb-08 | Apr-08 | $110.0041 | Jul-08 | $100.7340 | Oct-08 | $66.8306 |
| 7-Feb-08 | Apr-08 | $113.8639 | Jul-08 | $104.2685 | Oct-08 | $69.1755 |
| 8-Feb-08 | Apr-08 | $117.7237 | Jul-08 | $107.8030 | Oct-08 | $71.5204 |
| 11-Feb-08 | Apr-08 | $119.6536 | Jul-08 | $109.5703 | Oct-08 | $72.6929 |
| 12-Feb-08 | Apr-08 | $123.5133 | Jul-08 | $113.1048 | Oct-08 | $75.0378 |
| 13-Feb-08 | Apr-08 | $125.4432 | Jul-08 | $114.8721 | Oct-08 | $76.2103 |
| 14-Feb-08 | Apr-08 | $129.3030 | Jul-08 | $118.4066 | Oct-08 | $78.5552 |
| 15-Feb-08 | Apr-08 | $133.1628 | Jul-08 | $121.9411 | Oct-08 | $80.9002 |
| 19-Feb-08 | Apr-08 | $133.1628 | Jul-08 | $121.9411 | Oct-08 | $80.9002 |
| 20-Feb-08 | Apr-08 | $137.0226 | Jul-08 | $125.4756 | Oct-08 | $83.2451 |
| 21-Feb-08 | Apr-08 | $140.8824 | Jul-08 | $129.0102 | Oct-08 | $85.5900 |
| 22-Feb-08 | Apr-08 | $144.7422 | Jul-08 | $132.5447 | Oct-08 | $87.9350 |
| 25-Feb-08 | Apr-08 | $148.6020 | Jul-08 | $136.0792 | Oct-08 | $90.2799 |
| 26-Feb-08 | Apr-08 | $152.4618 | Jul-08 | $139.6137 | Oct-08 | $92.6248 |
| 27-Feb-08 | Apr-08 | $156.3216 | Jul-08 | $143.1483 | Oct-08 | $94.9698 |
| 28-Feb-08 | Apr-08 | $156.3216 | Jul-08 | $143.1483 | Oct-08 | $94.9698 |
| 29-Feb-08 | Apr-08 | $160.1814 | Jul-08 | $146.6828 | Oct-08 | $97.3147 |
| 3-Mar-08 | Apr-08 | $164.0412 | Jul-08 | $150.2173 | Oct-08 | $99.6596 |
| 4-Mar-08 | Apr-08 | $165.9711 | Jul-08 | $151.9846 | Oct-08 | $100.8321 |
| 5-Mar-08 | Apr-08 | $169.8309 | Jul-08 | $155.5191 | Oct-08 | $103.1770 |
| 6-Mar-08 | Apr-08 | $173.6906 | Jul-08 | $159.0536 | Oct-08 | $105.5220 |
| 7-Mar-08 | Apr-08 | $173.6906 | Jul-08 | $159.0536 | Oct-08 | $105.5220 |

| Date | Front Month | Artificiality | Second Month | Artificiality | Third Month | Artificiality |
|---|---|---|---|---|---|---|
| 10-Mar-08 | Apr-08 | $177.5504 | Jul-08 | $162.5881 | Oct-08 | $107.8669 |
| 11-Mar-08 | Apr-08 | $177.5504 | Jul-08 | $162.5881 | Oct-08 | $107.8669 |
| 12-Mar-08 | Apr-08 | $177.5504 | Jul-08 | $162.5881 | Oct-08 | $107.8669 |
| 13-Mar-08 | Apr-08 | $177.5504 | Jul-08 | $162.5881 | Oct-08 | $107.8669 |
| 14-Mar-08 | Apr-08 | $177.5504 | Jul-08 | $162.5881 | Oct-08 | $107.8669 |
| 17-Mar-08 | Apr-08 | $177.5504 | Jul-08 | $162.5881 | Oct-08 | $107.8669 |
| 18-Mar-08 | Apr-08 | $177.5504 | Jul-08 | $162.5881 | Oct-08 | $107.8669 |
| 19-Mar-08 | Apr-08 | $177.5504 | Jul-08 | $162.5881 | Oct-08 | $107.8669 |
| 20-Mar-08 | Apr-08 | $181.4102 | Jul-08 | $166.1227 | Oct-08 | $110.2118 |
| 24-Mar-08 | Apr-08 | $183.3401 | Jul-08 | $167.8899 | Oct-08 | $111.3843 |
| 25-Mar-08 | Apr-08 | $183.3401 | Jul-08 | $167.8899 | Oct-08 | $111.3843 |
| 26-Mar-08 | Apr-08 | $187.1999 | Jul-08 | $171.4245 | Oct-08 | $113.7292 |
| 27-Mar-08 | Apr-08 | $187.1999 | Jul-08 | $171.4245 | Oct-08 | $113.7292 |
| 28-Mar-08 | Apr-08 | $191.0597 | Jul-08 | $174.9590 | Oct-08 | $116.0742 |
| 31-Mar-08 | Apr-08 | $194.9195 | Jul-08 | $178.4935 | Oct-08 | $118.4191 |
| 1-Apr-08 | Apr-08 | $198.7793 | Jul-08 | $182.0280 | Oct-08 | $120.7640 |
| 2-Apr-08 | Apr-08 | $198.7793 | Jul-08 | $182.0280 | Oct-08 | $120.7640 |
| 3-Apr-08 | Apr-08 | $200.7092 | Jul-08 | $183.7953 | Oct-08 | $121.9365 |
| 4-Apr-08 | Apr-08 | $201.6741 | Jul-08 | $184.6789 | Oct-08 | $122.5227 |
| 7-Apr-08 | Apr-08 | $203.6040 | Jul-08 | $186.4462 | Oct-08 | $123.6952 |
| 8-Apr-08 | Apr-08 | $203.6040 | Jul-08 | $186.4462 | Oct-08 | $123.6952 |
| 9-Apr-08 | Apr-08 | $207.4638 | Jul-08 | $189.9807 | Oct-08 | $126.0401 |
| 10-Apr-08 | Apr-08 | $209.3937 | Jul-08 | $191.7480 | Oct-08 | $127.2126 |
| 11-Apr-08 | Apr-08 | $211.3236 | Jul-08 | $193.5152 | Oct-08 | $128.3851 |
| 14-Apr-08 | Apr-08 | $211.3236 | Jul-08 | $193.5152 | Oct-08 | $128.3851 |
| 15-Apr-08 | Apr-08 | $211.3236 | Jul-08 | $193.5152 | Oct-08 | $128.3851 |
| 16-Apr-08 | Apr-08 | $213.2535 | Jul-08 | $195.2825 | Oct-08 | $129.5575 |
| 17-Apr-08 | Apr-08 | $215.1834 | Jul-08 | $197.0498 | Oct-08 | $130.7300 |
| 18-Apr-08 | Apr-08 | $217.1133 | Jul-08 | $198.8170 | Oct-08 | $131.9025 |
| 21-Apr-08 | Apr-08 | $219.0432 | Jul-08 | $200.5843 | Oct-08 | $133.0749 |
| 22-Apr-08 | Apr-08 | $220.9731 | Jul-08 | $202.3516 | Oct-08 | $134.2474 |
| 23-Apr-08 | Apr-08 | $220.9731 | Jul-08 | $202.3516 | Oct-08 | $134.2474 |
| 24-Apr-08 | Apr-08 | $220.9731 | Jul-08 | $202.3516 | Oct-08 | $134.2474 |
| 25-Apr-08 | Apr-08 | $220.9731 | Jul-08 | $202.3516 | Oct-08 | $134.2474 |
| 28-Apr-08 | Apr-08 | $220.9731 | Jul-08 | $202.3516 | Oct-08 | $134.2474 |
| 29-Apr-08 | Apr-08 | $222.9030 | Jul-08 | $204.1188 | Oct-08 | $135.4199 |
| 30-Apr-08 | Jul-08 | $223.8679 | Oct-08 | $205.0024 | Jan-09 | $136.0061 |
| 1-May-08 | Jul-08 | $225.7978 | Oct-08 | $206.7697 | Jan-09 | $137.1786 |
| 2-May-08 | Jul-08 | $227.7277 | Oct-08 | $208.5370 | Jan-09 | $138.3510 |
| 5-May-08 | Jul-08 | $227.7277 | Oct-08 | $208.5370 | Jan-09 | $138.3510 |
| 6-May-08 | Jul-08 | $229.6576 | Oct-08 | $210.3042 | Jan-09 | $139.5235 |
| 7-May-08 | Jul-08 | $231.5875 | Oct-08 | $212.0715 | Jan-09 | $140.6960 |
| 8-May-08 | Jul-08 | $235.4473 | Oct-08 | $215.6060 | Jan-09 | $143.0409 |
| 9-May-08 | Jul-08 | $239.3071 | Oct-08 | $219.1405 | Jan-09 | $145.3858 |
| 12-May-08 | Jul-08 | $243.1669 | Oct-08 | $222.6751 | Jan-09 | $147.7308 |

| Date | Front Month | Artificiality | Second Month | Artificiality | Third Month | Artificiality |
|---|---|---|---|---|---|---|
| 13-May-08 | Jul-08 | $245.0968 | Oct-08 | $224.4423 | Jan-09 | $148.9032 |
| 14-May-08 | Jul-08 | $247.9916 | Oct-08 | $227.0932 | Jan-09 | $150.6619 |
| 15-May-08 | Jul-08 | $251.8514 | Oct-08 | $230.6278 | Jan-09 | $153.0069 |
| 16-May-08 | Jul-08 | $255.7112 | Oct-08 | $234.1623 | Jan-09 | $155.3518 |
| 19-May-08 | Jul-08 | $257.6411 | Oct-08 | $235.9295 | Jan-09 | $156.5242 |
| 20-May-08 | Jul-08 | $261.5009 | Oct-08 | $239.4641 | Jan-09 | $158.8692 |
| 21-May-08 | Jul-08 | $263.4308 | Oct-08 | $241.2313 | Jan-09 | $160.0416 |
| 22-May-08 | Jul-08 | $263.4308 | Oct-08 | $241.2313 | Jan-09 | $160.0416 |
| 23-May-08 | Jul-08 | $263.4308 | Oct-08 | $241.2313 | Jan-09 | $160.0416 |
| 27-May-08 | Jul-08 | $248.1304 | Oct-08 | $227.2203 | Jan-09 | $150.7462 |
| 28-May-08 | Jul-08 | $157.8278 | Oct-08 | $144.5275 | Jan-09 | $95.8848 |
| 29-May-08 | Jul-08 | $95.0675 | Oct-08 | $87.0561 | Jan-09 | $57.7562 |
| 30-May-08 | Jul-08 | $95.0675 | Oct-08 | $87.0561 | Jan-09 | $57.7562 |
| 2-Jun-08 | Jul-08 | $91.2073 | Oct-08 | $83.5212 | Jan-09 | $55.4110 |
| 3-Jun-08 | Jul-08 | $89.8490 | Oct-08 | $82.2774 | Jan-09 | $54.5858 |
| 4-Jun-08 | Jul-08 | $76.6657 | Oct-08 | $70.2051 | Jan-09 | $46.5766 |
| 5-Jun-08 | Jul-08 | $64.8719 | Oct-08 | $59.4051 | Jan-09 | $39.4115 |
| 6-Jun-08 | Jul-08 | $64.8719 | Oct-08 | $59.4051 | Jan-09 | $39.4115 |
| 9-Jun-08 | Jul-08 | $64.8719 | Oct-08 | $59.4051 | Jan-09 | $39.4115 |
| 10-Jun-08 | Jul-08 | $39.9260 | Oct-08 | $36.5614 | Jan-09 | $24.2561 |
| 11-Jun-08 | Jul-08 | $39.9260 | Oct-08 | $36.5614 | Jan-09 | $24.2561 |
| 12-Jun-08 | Jul-08 | $39.9260 | Oct-08 | $36.5614 | Jan-09 | $24.2561 |
| 13-Jun-08 | Jul-08 | $39.9260 | Oct-08 | $36.5614 | Jan-09 | $24.2561 |
| 16-Jun-08 | Jul-08 | $15.1968 | Oct-08 | $13.9162 | Jan-09 | $9.2325 |
| 17-Jun-08 | Jul-08 | $14.4375 | Oct-08 | $13.2208 | Jan-09 | $8.7712 |
| 18-Jun-08 | Jul-08 | $14.4375 | Oct-08 | $13.2208 | Jan-09 | $8.7712 |

**EXHIBIT B**

**PALLADIUM**

For transactions between 1:00 p.m. for palladium futures contracts on November 1, 2007, and any time on June 18, 2008, inclusive, the amount of positive artificiality for each futures contract is set forth below.  For each day after November 1, 2007, the amount of artificiality shall be the amount reflected for the prior day UNTIL 1:00 p.m. for palladium.  For transactions occurring after 1:00 p.m. for palladium, the artificiality shall be the amount of artificiality listed for that day.

As a practical matter, a substantial portion of the trading volume in NYMEX palladium futures contracts is limited to the quarterly contract months of March, June, September and December.  However, intermediate contracts (*i.e.*, contracts expiring between the foregoing four quarterly contracts) do occasionally trade.

The artificiality for further out contracts (*i.e.*, contracts trading beyond the third month contract in the quarterly cycle) shall be the same as the artificiality for the third month quarterly contract.  The artificiality for intermediate contracts shall be based on a time-weighted average of the two bounding quarterly contracts.  Example:  The March NYMEX palladium futures contract is the first month quarterly contract and has artificiality of $70.  The June NYMEX palladium futures contract is the second month quarterly contract and has artificiality of $40.  The May NYMEX palladium futures contract is an intermediate contract.  In the foregoing example, the artificiality of the intermediate May contract would be $50 (*i.e.*, 1/3 of the artificiality of the first month March quarterly contract PLUS 2/3 of the artificiality of the second month June quarterly contract).

**Palladium Daily Artificiality Estimates**
**($ per troy ounce)**

| Date | Front Month | Artificiality | Second Month | Artificiality | Third Month | Artificiality |
|------|-------------|---------------|--------------|---------------|-------------|---------------|
| 1-Nov-07 | Dec-07 | $0.2715 | Mar-08 | $0.2758 | Jun-08 | $0.2744 |
| 2-Nov-07 | Dec-07 | $0.2715 | Mar-08 | $0.2758 | Jun-08 | $0.2744 |
| 5-Nov-07 | Dec-07 | $0.5429 | Mar-08 | $0.5515 | Jun-08 | $0.5488 |
| 6-Nov-07 | Dec-07 | $1.0859 | Mar-08 | $1.1031 | Jun-08 | $1.0976 |
| 7-Nov-07 | Dec-07 | $1.3574 | Mar-08 | $1.3788 | Jun-08 | $1.3720 |
| 8-Nov-07 | Dec-07 | $1.6288 | Mar-08 | $1.6546 | Jun-08 | $1.6464 |
| 9-Nov-07 | Dec-07 | $1.9003 | Mar-08 | $1.9304 | Jun-08 | $1.9208 |
| 12-Nov-07 | Dec-07 | $2.1718 | Mar-08 | $2.2062 | Jun-08 | $2.1952 |
| 13-Nov-07 | Dec-07 | $2.7147 | Mar-08 | $2.7577 | Jun-08 | $2.7440 |
| 14-Nov-07 | Dec-07 | $2.9862 | Mar-08 | $3.0335 | Jun-08 | $3.0184 |
| 15-Nov-07 | Dec-07 | $3.2577 | Mar-08 | $3.3092 | Jun-08 | $3.2928 |
| 16-Nov-07 | Dec-07 | $3.2577 | Mar-08 | $3.3092 | Jun-08 | $3.2928 |
| 19-Nov-07 | Dec-07 | $3.2577 | Mar-08 | $3.3092 | Jun-08 | $3.2928 |
| 20-Nov-07 | Dec-07 | $3.5291 | Mar-08 | $3.5850 | Jun-08 | $3.5672 |
| 21-Nov-07 | Dec-07 | $3.8006 | Mar-08 | $3.8608 | Jun-08 | $3.8416 |
| 23-Nov-07 | Dec-07 | $4.0721 | Mar-08 | $4.1365 | Jun-08 | $4.1160 |
| 26-Nov-07 | Dec-07 | $4.3436 | Mar-08 | $4.4123 | Jun-08 | $4.3904 |
| 27-Nov-07 | Dec-07 | $4.8865 | Mar-08 | $4.9638 | Jun-08 | $4.9392 |
| 28-Nov-07 | Dec-07 | $5.4294 | Mar-08 | $5.5154 | Jun-08 | $5.4880 |
| 29-Nov-07 | Dec-07 | $5.7009 | Mar-08 | $5.7912 | Jun-08 | $5.7624 |
| 30-Nov-07 | Dec-07 | $6.7868 | Mar-08 | $6.8942 | Jun-08 | $6.8600 |
| 3-Dec-07 | Dec-07 | $7.0583 | Mar-08 | $7.1700 | Jun-08 | $7.1344 |
| 4-Dec-07 | Dec-07 | $7.3297 | Mar-08 | $7.4458 | Jun-08 | $7.4088 |
| 5-Dec-07 | Dec-07 | $7.8727 | Mar-08 | $7.9973 | Jun-08 | $7.9576 |
| 6-Dec-07 | Dec-07 | $8.4156 | Mar-08 | $8.5488 | Jun-08 | $8.5064 |
| 7-Dec-07 | Dec-07 | $8.4156 | Mar-08 | $8.5488 | Jun-08 | $8.5064 |
| 10-Dec-07 | Dec-07 | $8.9586 | Mar-08 | $9.1004 | Jun-08 | $9.0552 |
| 11-Dec-07 | Dec-07 | $8.9586 | Mar-08 | $9.1004 | Jun-08 | $9.0552 |
| 12-Dec-07 | Dec-07 | $9.5015 | Mar-08 | $9.6519 | Jun-08 | $9.6040 |
| 13-Dec-07 | Dec-07 | $10.0445 | Mar-08 | $10.2035 | Jun-08 | $10.1528 |

| Date | Front Month | Artificiality | Second Month | Artificiality | Third Month | Artificiality |
|---|---|---|---|---|---|---|
| 14-Dec-07 | Dec-07 | $10.5874 | Mar-08 | $10.7550 | Jun-08 | $10.7016 |
| 17-Dec-07 | Dec-07 | $11.1304 | Mar-08 | $11.3065 | Jun-08 | $11.2503 |
| 18-Dec-07 | Dec-07 | $11.6733 | Mar-08 | $11.8581 | Jun-08 | $11.7991 |
| 19-Dec-07 | Dec-07 | $11.6733 | Mar-08 | $11.8581 | Jun-08 | $11.7991 |
| 20-Dec-07 | Dec-07 | $11.6733 | Mar-08 | $11.8581 | Jun-08 | $11.7991 |
| 21-Dec-07 | Dec-07 | $12.2162 | Mar-08 | $12.4096 | Jun-08 | $12.3479 |
| 24-Dec-07 | Dec-07 | $12.7592 | Mar-08 | $12.9612 | Jun-08 | $12.8967 |
| 26-Dec-07 | Dec-07 | $13.3021 | Mar-08 | $13.5127 | Jun-08 | $13.4455 |
| 27-Dec-07 | Dec-07 | $13.8451 | Mar-08 | $14.0642 | Jun-08 | $13.9943 |
| 28-Dec-07 | Mar-08 | $14.3880 | Jun-08 | $14.6158 | Sep-08 | $14.5431 |
| 31-Dec-07 | Mar-08 | $15.4739 | Jun-08 | $15.7188 | Sep-08 | $15.6407 |
| 2-Jan-08 | Mar-08 | $16.0169 | Jun-08 | $16.2704 | Sep-08 | $16.1895 |
| 3-Jan-08 | Mar-08 | $16.5598 | Jun-08 | $16.8219 | Sep-08 | $16.7383 |
| 4-Jan-08 | Mar-08 | $17.1027 | Jun-08 | $17.3735 | Sep-08 | $17.2871 |
| 7-Jan-08 | Mar-08 | $17.6457 | Jun-08 | $17.9250 | Sep-08 | $17.8359 |
| 8-Jan-08 | Mar-08 | $18.1886 | Jun-08 | $18.4765 | Sep-08 | $18.3847 |
| 9-Jan-08 | Mar-08 | $18.7316 | Jun-08 | $19.0281 | Sep-08 | $18.9335 |
| 10-Jan-08 | Mar-08 | $19.2745 | Jun-08 | $19.5796 | Sep-08 | $19.4823 |
| 11-Jan-08 | Mar-08 | $19.8175 | Jun-08 | $20.1312 | Sep-08 | $20.0311 |
| 14-Jan-08 | Mar-08 | $20.9034 | Jun-08 | $21.2342 | Sep-08 | $21.1287 |
| 15-Jan-08 | Mar-08 | $21.4463 | Jun-08 | $21.7858 | Sep-08 | $21.6775 |
| 16-Jan-08 | Mar-08 | $21.4463 | Jun-08 | $21.7858 | Sep-08 | $21.6775 |
| 17-Jan-08 | Mar-08 | $22.5322 | Jun-08 | $22.8888 | Sep-08 | $22.7751 |
| 18-Jan-08 | Mar-08 | $23.6181 | Jun-08 | $23.9919 | Sep-08 | $23.8727 |
| 22-Jan-08 | Mar-08 | $24.1610 | Jun-08 | $24.5435 | Sep-08 | $24.4215 |
| 23-Jan-08 | Mar-08 | $24.7040 | Jun-08 | $25.0950 | Sep-08 | $24.9703 |
| 24-Jan-08 | Mar-08 | $25.7899 | Jun-08 | $26.1981 | Sep-08 | $26.0679 |
| 25-Jan-08 | Mar-08 | $26.8757 | Jun-08 | $27.3012 | Sep-08 | $27.1655 |
| 28-Jan-08 | Mar-08 | $27.9616 | Jun-08 | $28.4042 | Sep-08 | $28.2631 |
| 29-Jan-08 | Mar-08 | $29.0475 | Jun-08 | $29.5073 | Sep-08 | $29.3607 |
| 30-Jan-08 | Mar-08 | $29.0475 | Jun-08 | $29.5073 | Sep-08 | $29.3607 |
| 31-Jan-08 | Mar-08 | $29.0475 | Jun-08 | $29.5073 | Sep-08 | $29.3607 |
| 1-Feb-08 | Mar-08 | $29.0475 | Jun-08 | $29.5073 | Sep-08 | $29.3607 |
| 4-Feb-08 | Mar-08 | $29.5905 | Jun-08 | $30.0588 | Sep-08 | $29.9095 |
| 5-Feb-08 | Mar-08 | $30.1334 | Jun-08 | $30.6104 | Sep-08 | $30.4583 |
| 6-Feb-08 | Mar-08 | $31.2193 | Jun-08 | $31.7135 | Sep-08 | $31.5559 |
| 7-Feb-08 | Mar-08 | $31.7622 | Jun-08 | $32.2650 | Sep-08 | $32.1047 |
| 8-Feb-08 | Mar-08 | $32.8481 | Jun-08 | $33.3681 | Sep-08 | $33.2022 |
| 11-Feb-08 | Mar-08 | $33.3911 | Jun-08 | $33.9196 | Sep-08 | $33.7510 |
| 12-Feb-08 | Mar-08 | $33.9340 | Jun-08 | $34.4711 | Sep-08 | $34.2998 |
| 13-Feb-08 | Mar-08 | $34.4770 | Jun-08 | $35.0227 | Sep-08 | $34.8486 |
| 14-Feb-08 | Mar-08 | $35.5629 | Jun-08 | $36.1258 | Sep-08 | $35.9462 |
| 15-Feb-08 | Mar-08 | $36.6487 | Jun-08 | $37.2288 | Sep-08 | $37.0438 |
| 19-Feb-08 | Mar-08 | $37.7346 | Jun-08 | $38.3319 | Sep-08 | $38.1414 |
| 20-Feb-08 | Mar-08 | $38.8205 | Jun-08 | $39.4350 | Sep-08 | $39.2390 |

| Date | Front Month | Artificiality | Second Month | Artificiality | Third Month | Artificiality |
|---|---|---|---|---|---|---|
| 21-Feb-08 | Mar-08 | $39.9064 | Jun-08 | $40.5381 | Sep-08 | $40.3366 |
| 22-Feb-08 | Mar-08 | $40.9923 | Jun-08 | $41.6411 | Sep-08 | $41.4342 |
| 25-Feb-08 | Mar-08 | $42.0782 | Jun-08 | $42.7442 | Sep-08 | $42.5318 |
| 26-Feb-08 | Mar-08 | $43.1641 | Jun-08 | $43.8473 | Sep-08 | $43.6294 |
| 27-Feb-08 | Mar-08 | $44.2500 | Jun-08 | $44.9504 | Sep-08 | $44.7270 |
| 28-Feb-08 | Mar-08 | $44.2500 | Jun-08 | $44.9504 | Sep-08 | $44.7270 |
| 29-Feb-08 | Mar-08 | $45.3359 | Jun-08 | $46.0535 | Sep-08 | $45.8246 |
| 3-Mar-08 | Mar-08 | $46.4217 | Jun-08 | $47.1565 | Sep-08 | $46.9222 |
| 4-Mar-08 | Mar-08 | $47.5076 | Jun-08 | $48.2596 | Sep-08 | $48.0198 |
| 5-Mar-08 | Mar-08 | $48.5935 | Jun-08 | $49.3627 | Sep-08 | $49.1174 |
| 6-Mar-08 | Mar-08 | $49.6794 | Jun-08 | $50.4658 | Sep-08 | $50.2150 |
| 7-Mar-08 | Mar-08 | $50.4938 | Jun-08 | $51.2931 | Sep-08 | $51.0382 |
| 10-Mar-08 | Mar-08 | $51.5797 | Jun-08 | $52.3961 | Sep-08 | $52.1358 |
| 11-Mar-08 | Mar-08 | $52.1227 | Jun-08 | $52.9477 | Sep-08 | $52.6846 |
| 12-Mar-08 | Mar-08 | $52.6656 | Jun-08 | $53.4992 | Sep-08 | $53.2334 |
| 13-Mar-08 | Mar-08 | $52.6656 | Jun-08 | $53.4992 | Sep-08 | $53.2334 |
| 14-Mar-08 | Mar-08 | $53.7515 | Jun-08 | $54.6023 | Sep-08 | $54.3309 |
| 17-Mar-08 | Mar-08 | $54.8374 | Jun-08 | $55.7054 | Sep-08 | $55.4285 |
| 18-Mar-08 | Mar-08 | $54.8374 | Jun-08 | $55.7054 | Sep-08 | $55.4285 |
| 19-Mar-08 | Mar-08 | $54.8374 | Jun-08 | $55.7054 | Sep-08 | $55.4285 |
| 20-Mar-08 | Mar-08 | $55.9233 | Jun-08 | $56.8085 | Sep-08 | $56.5261 |
| 24-Mar-08 | Mar-08 | $56.4662 | Jun-08 | $57.3600 | Sep-08 | $57.0749 |
| 25-Mar-08 | Mar-08 | $57.5521 | Jun-08 | $58.4631 | Sep-08 | $58.1725 |
| 26-Mar-08 | Mar-08 | $58.6380 | Jun-08 | $59.5661 | Sep-08 | $59.2701 |
| 27-Mar-08 | Mar-08 | $58.6380 | Jun-08 | $59.5661 | Sep-08 | $59.2701 |
| 28-Mar-08 | Jun-08 | $59.1809 | Sep-08 | $60.1177 | Dec-08 | $59.8189 |
| 31-Mar-08 | Jun-08 | $60.5057 | Sep-08 | $61.4634 | Dec-08 | $61.1580 |
| 1-Apr-08 | Jun-08 | $61.5916 | Sep-08 | $62.5665 | Dec-08 | $62.2556 |
| 2-Apr-08 | Jun-08 | $62.6775 | Sep-08 | $63.6696 | Dec-08 | $63.3532 |
| 3-Apr-08 | Jun-08 | $63.7634 | Sep-08 | $64.7727 | Dec-08 | $64.4508 |
| 4-Apr-08 | Jun-08 | $64.8493 | Sep-08 | $65.8757 | Dec-08 | $65.5484 |
| 7-Apr-08 | Jun-08 | $65.3922 | Sep-08 | $66.4273 | Dec-08 | $66.0972 |
| 8-Apr-08 | Jun-08 | $65.3922 | Sep-08 | $66.4273 | Dec-08 | $66.0972 |
| 9-Apr-08 | Jun-08 | $65.9352 | Sep-08 | $66.9788 | Dec-08 | $66.6460 |
| 10-Apr-08 | Jun-08 | $67.0211 | Sep-08 | $68.0819 | Dec-08 | $67.7436 |
| 11-Apr-08 | Jun-08 | $67.5640 | Sep-08 | $68.6334 | Dec-08 | $68.2924 |
| 14-Apr-08 | Jun-08 | $68.1069 | Sep-08 | $69.1850 | Dec-08 | $68.8412 |
| 15-Apr-08 | Jun-08 | $68.6499 | Sep-08 | $69.7365 | Dec-08 | $69.3899 |
| 16-Apr-08 | Jun-08 | $69.1928 | Sep-08 | $70.2881 | Dec-08 | $69.9387 |
| 17-Apr-08 | Jun-08 | $69.7358 | Sep-08 | $70.8396 | Dec-08 | $70.4875 |
| 18-Apr-08 | Jun-08 | $70.8217 | Sep-08 | $71.9427 | Dec-08 | $71.5851 |
| 21-Apr-08 | Jun-08 | $71.3646 | Sep-08 | $72.4942 | Dec-08 | $72.1339 |
| 22-Apr-08 | Jun-08 | $71.9076 | Sep-08 | $73.0457 | Dec-08 | $72.6827 |
| 23-Apr-08 | Jun-08 | $71.9076 | Sep-08 | $73.0457 | Dec-08 | $72.6827 |
| 24-Apr-08 | Jun-08 | $71.9076 | Sep-08 | $73.0457 | Dec-08 | $72.6827 |

| Date | Front Month | Artificiality | Second Month | Artificiality | Third Month | Artificiality |
|------|-------------|---------------|--------------|---------------|-------------|---------------|
| 25-Apr-08 | Jun-08 | $72.7220 | Sep-08 | $73.8731 | Dec-08 | $73.5059 |
| 28-Apr-08 | Jun-08 | $72.7220 | Sep-08 | $73.8731 | Dec-08 | $73.5059 |
| 29-Apr-08 | Jun-08 | $73.8079 | Sep-08 | $74.9761 | Dec-08 | $74.6035 |
| 30-Apr-08 | Jun-08 | $74.0793 | Sep-08 | $75.2519 | Dec-08 | $74.8779 |
| 1-May-08 | Jun-08 | $74.6223 | Sep-08 | $75.8034 | Dec-08 | $75.4267 |
| 2-May-08 | Jun-08 | $75.1652 | Sep-08 | $76.3550 | Dec-08 | $75.9755 |
| 5-May-08 | Jun-08 | $75.7082 | Sep-08 | $76.9065 | Dec-08 | $76.5243 |
| 6-May-08 | Jun-08 | $76.7941 | Sep-08 | $78.0096 | Dec-08 | $77.6219 |
| 7-May-08 | Jun-08 | $77.3370 | Sep-08 | $78.5611 | Dec-08 | $78.1707 |
| 8-May-08 | Jun-08 | $77.8799 | Sep-08 | $79.1127 | Dec-08 | $78.7195 |
| 9-May-08 | Jun-08 | $78.4229 | Sep-08 | $79.6642 | Dec-08 | $79.2683 |
| 12-May-08 | Jun-08 | $78.9658 | Sep-08 | $80.2157 | Dec-08 | $79.8171 |
| 13-May-08 | Jun-08 | $80.0517 | Sep-08 | $81.3188 | Dec-08 | $80.9147 |
| 14-May-08 | Jun-08 | $80.8661 | Sep-08 | $82.1461 | Dec-08 | $81.7379 |
| 15-May-08 | Jun-08 | $81.9520 | Sep-08 | $83.2492 | Dec-08 | $82.8355 |
| 16-May-08 | Jun-08 | $83.0379 | Sep-08 | $84.3523 | Dec-08 | $83.9331 |
| 19-May-08 | Jun-08 | $84.1238 | Sep-08 | $85.4554 | Dec-08 | $85.0307 |
| 20-May-08 | Jun-08 | $85.2097 | Sep-08 | $86.5584 | Dec-08 | $86.1283 |
| 21-May-08 | Jun-08 | $86.2956 | Sep-08 | $87.6615 | Dec-08 | $87.2259 |
| 22-May-08 | Jun-08 | $86.2956 | Sep-08 | $87.6615 | Dec-08 | $87.2259 |
| 23-May-08 | Jun-08 | $86.2956 | Sep-08 | $87.6615 | Dec-08 | $87.2259 |
| 27-May-08 | Jun-08 | $81.2834 | Sep-08 | $82.5700 | Dec-08 | $82.1597 |
| 28-May-08 | Jun-08 | $51.7018 | Sep-08 | $52.5201 | Dec-08 | $52.2591 |
| 29-May-08 | Jun-08 | $31.1425 | Sep-08 | $31.6355 | Dec-08 | $31.4783 |
| 30-May-08 | Jun-08 | $31.1425 | Sep-08 | $31.6355 | Dec-08 | $31.4783 |
| 2-Jun-08 | Jun-08 | $29.8780 | Sep-08 | $30.3509 | Dec-08 | $30.2001 |
| 3-Jun-08 | Jun-08 | $29.4330 | Sep-08 | $29.8989 | Dec-08 | $29.7503 |
| 4-Jun-08 | Jun-08 | $25.1144 | Sep-08 | $25.5119 | Dec-08 | $25.3852 |
| 5-Jun-08 | Jun-08 | $21.2510 | Sep-08 | $21.5873 | Dec-08 | $21.4800 |
| 6-Jun-08 | Jun-08 | $21.2510 | Sep-08 | $21.5873 | Dec-08 | $21.4800 |
| 9-Jun-08 | Jun-08 | $21.2510 | Sep-08 | $21.5873 | Dec-08 | $21.4800 |
| 10-Jun-08 | Jun-08 | $13.0791 | Sep-08 | $13.2861 | Dec-08 | $13.2201 |
| 11-Jun-08 | Jun-08 | $13.0791 | Sep-08 | $13.2861 | Dec-08 | $13.2201 |
| 12-Jun-08 | Jun-08 | $13.0791 | Sep-08 | $13.2861 | Dec-08 | $13.2201 |
| 13-Jun-08 | Jun-08 | $13.0791 | Sep-08 | $13.2861 | Dec-08 | $13.2201 |
| 16-Jun-08 | Jun-08 | $4.9782 | Sep-08 | $5.0570 | Dec-08 | $5.0319 |
| 17-Jun-08 | Jun-08 | $4.7295 | Sep-08 | $4.8043 | Dec-08 | $4.7805 |
| 18-Jun-08 | Jun-08 | $4.7295 | Sep-08 | $4.8043 | Dec-08 | $4.7805 |

*In Re: Platinum And Palladium Commodities Litigation*

This Document Relates To:

    Platinum/Palladium Futures Action

MASTER FILE
No. 10 Civ. 3617 (WHP)

## REQUEST FOR EXCLUSION FROM CLASS ACTION SETTLEMENT

*Complete This Form Only If You Choose __Not__ To Participate In This Settlement*

### I.   INSTRUCTIONS

1.   This "Request for Exclusion" may be used to exclude yourself from the Settlement in the above captioned class action ("Futures Action").  If you wish to remain a member of the Futures Class (as defined below), do not complete or return this Request for Exclusion.  Before deciding whether to request exclusion from the Settlement or take other action, make sure you have read the Notice of Settlement of Action November 7, 2014 Hearing Thereon, And Class Members' Rights ("Notice").

2.   In order to validly exclude yourself from the Settlement, you must complete, sign, and return this Request for Exclusion to the Settlement Administrator at the address set forth below.  Your Request for Exclusion must be <u>received</u> by the Settlement Administrator on or before October 3, 2014.

### PLATINUM AND PALLADIUM LITIGATION SETTLEMENT—FUTURES ACTION
EXCLUSIONS
c/o A.B. DATA, LTD.
3410 WEST HOPKINS STREET
MILWAUKEE, WI  53216

info@PlatinumPalladiumFuturesLitigation.com

3.   This Request for Exclusion adopts and incorporates the definitions in the Stipulation and Agreement of Settlement, dated March 17, 2014, which is available on the Settlement website at www.PlatinumPalladiumFuturesLitigation.com.

4.   In order to exclude yourself from the Settlement you must be a member of the following Futures Class:

All Persons that purchased or sold a NYMEX platinum futures contract or a NYMEX palladium futures contract during the period from June 1, 2006 through April 29, 2010, inclusive.  Excluded from the Futures Class are (i) the Settling Defendants, MF Global, Inc., any co-conspirators alleged in the Complaint or any subsequent amended complaint filed prior to the Exclusion Bar Date, Alan Craig Kleinstein, Dominick Frank Terrone, Richard Peter Trifoglio Sr., Frederick Charles Ferriola, Peter Michael Venus, Lawrence Frasca Favuzza, and John Anthony Sakulich and any NYMEX floor brokers or NYMEX floor traders who refuse to execute the certification in the Proof of Claim attesting that they were not co-conspirators, or aiders or abettors of the Settling Defendants or Non-Settling Defendants, and  (ii) Opt Outs.

### II.      BACKGROUND INFORMATION

STATE OF _____ COUNTY OF _____

_____, being duly sworn, deposes and says:

1.      Please provide the following information:

Name of Person Requesting Exclusion:

| | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Individual    _____    Corporation    _____    Estate    _____    Other (please specify) _____

Name of Person Executing Request for Exclusion:

Capacity of Person Executing Request for Exclusion:

Address Line 1

Address Line 2

City                                                                State            Zip Code

Daytime Phone Number

Social Security Number                          OR        Tax Identification Number

E-mail Address:

Nature of Business:

## III. INFORMATION CONCERNING CERTAIN TRANSACTIONS

1.   If you purchased or sold a NYMEX platinum futures contract during the Class Period (*i.e.*, June 1, 2006 – April 29, 2010), then you must provide the information set forth in the Table I below for all such transactions.

| Table I—Purchase(s) and Sale(s) of NYMEX Platinum Futures Contracts During The Class Period | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Date of Transaction** | **Time of Execution of Transaction (if known)[1]** | **Contract Month** | **Number of Contracts In Transaction** | **Transaction Price** | **Purchase or Sale** | **Brokerage Firm and Account Number in Which Transaction Was Made** | **Hedging Transaction? (Yes or No)[2]** |
| /        / | | | | . | | | |
| /        / | | | | . | | | |
| /        / | | | | . | | | |

[1] To the extent known, please provide for purchase and sale transactions between November 19, 2007 and June 18, 2008, inclusive, whether the time of day of the execution for each transaction was in the instance of platinum futures contracts, at or prior to 1:05 p.m.

[2] Hedging Transactions are defined as any offsetting exposures held or acquired by you or any of your affiliates in the cash, spot, or physical platinum or palladium markets, or other off-exchange markets related to platinum or palladium, that operated as a hedge (in whole or in part) against your transaction(s) in Class Contracts listed in Table I or Table II.

2. In the below table, please identify any open positions (long or short) in NYMEX platinum futures contracts that you held as of the start of the Class Period on June 1, 2006. This determination shall be based on trade dates, not settlement dates.

| Open Positions in NYMEX Platinum Futures Contract Prior to June 1, 2006 (Identify Contract Month) | Short Position (Insert the number of contracts) | Long Position (Insert the number of contracts) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

3. If you purchased or sold a NYMEX palladium futures contract during the Class Period (*i.e.*, June 1, 2006 – April 29, 2010), then you must provide the information set forth in the Table II below for all such transactions.

| Table II—Purchase(s) and Sale(s) of NYMEX Palladium Futures Contracts During The Class Period | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date of Transaction | Time of Execution of Transaction[3] (if known) | Contract Month | Number of Contracts In Transaction | Transaction Price | Purchase or Sale | Brokerage Firm and Account Number in Which Transaction Was Made | Hedging Transaction? (Yes or No) |
| /    / | | | | . | | | |
| /    / | | | | . | | | |
| /    / | | | | . | | | |

4. In the below table, please identify any open positions (long or short) in NYMEX palladium futures contracts that you held as of the start of the Class Period on June 1, 2006. This determination shall be based on trade dates, not settlement dates.

| Open Positions in NYMEX Palladium Futures Contract Prior to June 1, 2006 (Identify Contract Month) | Short Position (Insert the number of contracts) | Long Position (Insert the number of contracts) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

5. For any line in which you stated Hedging Transactions in Table I or Table II above, were all of the transactions in that line Hedging Transactions?  YES ____ or NO ____.  If your answer is NO, please list all of your Hedging Transactions in that line that were not Hedging Transactions.

_____

_____

_____

---

[3] To the extent known, please provide for purchase and sale transactions between November 1, 2007 and June 18, 2008, inclusive, whether the time of day of the execution for each transaction was in the instance of palladium futures contracts, at or prior to 1:00 p.m.

6.   Were any of the transactions you listed in 6(a), 6(b) or 6(c) above conducted by you as a "Swap Dealer"?  A Swap Dealer is any person who (i) holds itself out as a dealer in swaps (ii) makes a market in swaps, (iii) regularly enters into swaps with counterparties as an ordinary course of business for its own account, or (iv) engages in activity causing itself to be commonly known in the trade as a dealer or market maker in swaps.  If your answer is YES, please list all of your transactions as a Swap Dealer in the space provided below.

_____

_____

7.   Please list all futures commission merchants ("FCMs") through which you maintained accounts wherein you traded NYMEX platinum futures contracts or NYMEX palladium futures contracts during the Class Period (*i.e.*, June 1, 2006 – April 29, 2010).

_____

_____

## IV.  CERTIFICATIONS

1.   I certify that I am a member of the Futures Class as defined in Section I above.

2.   I certify that I have read the Notice which explains my rights with respect to the Settlement.  After reading the Notice, I have decided to opt out of the Settlement.  By opting out of the Settlement, I understand that I will not be eligible to share in the Net Settlement Fund.  And I understand that by opting out I may independently pursue any claims I may have against the Settling Defendants at my own expense.

3.   I certify that I have taken reasonable efforts to locate all the information requested in Section III above.

4.   By signing below, I acknowledge that I am voluntarily excluding myself from the Settlement.

**I declare and affirm under penalties of perjury that the foregoing statements and the information provided herein are true, correct and complete.**

This Request for Exclusion was executed this _____ day of _____, 20_____ in _____, _____

                                                                  (City/Province)                     (State/Country)

_____
Signature of Class Member Requesting Exclusion

_____
Type or Print Name

_____
Capacity of Person Signing (*e.g.*, President, Trustee, Custodian, etc.)

If you are acting for an entity, please submit proof of your authority (*e.g.*, corporate resolution, trust agreement, etc.).

Sworn to before me this _____ day of _____, 20____

_____
   Notary Public

PLATINUM AND PALLADIUM COMMODITIES LITIGATION SETTLEMENT CLASS ACTION
c/o A.B. DATA, LTD.
PO BOX 170500
MILWAUKEE, WI  53217-8091

**COURT-APPROVED NOTICE REGARDING**
**IN RE: PLATINUM AND PALLADIUM COMMODITIES LITIGATION**

**DATED MATERIAL—OPEN IMMEDIATELY**
FUT_EM_50795N16

*Please be advised that this Notice is separate and in addition to the prior Court-ordered notice concerning the Futures Plaintiffs' prior $48,400,000 settlement with the Moore Capital Defendants and Defendant Joseph Welsh and requires your separate review.*

**IMPORTANT LEGAL NOTICE TO ALL MEMBERS OF THE CLASS**
**FORWARD TO CORPORATE HEADQUARTERS/LEGAL COUNSEL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In Re: Platinum And Palladium Commodities Litigation* | MASTER FILE |
| This Document Relates To: | No. 10 Civ. 3617 (WHP) |
| Platinum/Palladium Futures Action | |

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT,**
**FEBRUARY 13, 2015 HEARING THEREON, AND CLASS MEMBERS' RIGHTS**

TO:     ALL PERSONS AND ENTITIES WHO PURCHASED OR SOLD A NYMEX PLATINUM FUTURES CONTRACT OR NYMEX PALLADIUM FUTURES CONTRACT BETWEEN JUNE 1, 2006 AND APRIL 29, 2010, INCLUSIVE

**Please be advised that this notice is <u>separate</u> and <u>in addition to</u> the prior Court-ordered notice concerning the Futures Plaintiffs' prior $48,400,000 settlement with the Moore Capital Defendants and Defendant Joseph Welsh. If you filed a proof of claim in connection with the prior settlement with the Moore Capital Defendants and Defendant Welsh, you do <u>NOT</u> need to file another proof of claim in order to participate in the Settlement with Defendant MF Global, Inc., which is the subject of this notice. However, regardless of whether you have objected or have requested to exclude yourself from the prior settlement with the Moore Capital Defendants and Defendant Welsh, you must file <u>SEPARATE</u> objections or a <u>SEPARATE</u> request for exclusion if you wish to object or wish to request to be excluded from this separate Settlement with MF Global, Inc. Thus, if you have already taken steps in order to object or to request to be excluded from the prior settlement with the Moore Capital Defendants and Defendant Welsh, you must take <u>additional</u> steps (described herein) if you wish to object or wish to request to be excluded from the Settlement with Defendant MF Global, Inc.**

***PLEASE READ THIS ENTIRE NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY THE ABOVE CAPTIONED CLASS ACTION LAWSUIT PENDING IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK. THIS NOTICE ADVISES YOU OF YOUR OPTIONS REGARDING THE CLASS ACTION SETTLEMENT, INCLUDING WHAT YOU MUST DO IF YOU WISH TO SHARE IN THE NET SETTLEMENT FUND.***

*If you are a brokerage firm, trustee, or futures contract merchant, through whom New York Mercantile Exchange ("NYMEX") platinum futures contracts or NYMEX palladium futures contracts were purchased or sold during June 1, 2006 through April 29, 2010, then for customers or persons that are potential members of the above Futures Class, you should provide the name and last-known address for such customers to the Settlement Administrator at the address listed below within two weeks of receiving this Notice. The Settlement Administrator will cause copies of this Notice to be forwarded to each customer identified at the address so designated.*

This Notice of the proposed partial settlement of the Futures Action is being given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York (the "Court"). The purpose of this Notice is to inform you of your rights in connection with a proposed Settlement with James W. Giddens, as trustee (the "Trustee") for the liquidation of MF Global Inc. ("MFGI") under the Securities Investor Protection Act (the "SIPA Proceeding"). MFGI was, prior to the SIPA Proceeding, a Defendant in the above-captioned class action ("Futures Action"). Plaintiffs filed a claim in the SIPA proceeding based on the allegations in the Futures Action. In the Futures Action, the Futures Plaintiffs[1] allege that MFGI, Non-Settling Defendants and other persons engaged in unlawful or actionable conduct between June 1, 2006 and May 21, 2008, which allegedly created an artificial impact on prices beginning at least in or around October 2007 and continuing to and after May 21, 2008. This includes allegations that, between at least October 17, 2007 and June 6, 2008, certain of such persons combined, conspired, and agreed to upwardly manipulate the prices of NYMEX platinum futures contracts and NYMEX palladium futures contracts in violation of the Commodity Exchange Act ("CEA"), 7 U.S.C. §§ 1, *et seq.* and the Sherman Antitrust Act ("Sherman Act"), 15 U.S.C. §1 *et seq.* This Settlement covers the period from June 1, 2006 until April 29, 2010.[2]

---

[1] Unless otherwise stated, capitalized terms used herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement dated October 21, 2014. The terms and conditions of this Notice are qualified by the Settlement Agreement.

[2] This Settlement is separate from the Futures Plaintiffs proposed Settlement with the Moore Capital Defendants and Joseph Welsh. Also, there is a separate settlement with Defendant MF Global involving certain transactions in physical platinum and physical palladium.

In order to resolve the dispute with MFGI, the Trustee has applied to the Bankruptcy Court, to the allowance of a final, non-appealable allowed claim in the SIPA Proceeding in the amount of $18,753,571.43 for the benefit of the Futures Class; (2) MFGI's insurance carrier has agreed, subject to approval of the Bankruptcy Court, to make an all-cash payment totaling $4,672,500; and (3) MF Global Holdings, Ltd. has agreed to provide further specific consideration to the Futures Plaintiffs and the Futures Class, including an all-cash payment of $800,000 in consideration for the Futures Plaintiffs' agreement to assign certain rights in relation to an anticipated judgment against Defendant Joseph Welsh. See II.A. below.

**Right to Submit a Proof of Claim.** Members of the Futures Class may be entitled to share in the Net Settlement Fund if they submit a valid and timely Proof of Claim that is <u>received</u> by the Settlement Administrator no later than April 29, 2015. See III.A. below. The Proof of Claim form is attached. By remaining in this action, you may not separately bring or file the claims asserted herein. If you are a member of the Futures Class but do not file a Proof of Claim, you will still be bound by the foregoing and the releases set forth in the Settlement Agreement if the Court enters an order approving the Settlement Agreement. See II.G. below.

**Fairness Hearing and Right to Object**. The Court has scheduled a public Fairness Hearing on February 13, 2015 at 11:00 a.m. The purpose of the Fairness Hearing is to determine, among other things, whether the proposed Settlement, the Plan of Allocation and the application by Futures Lead Counsel for attorneys' fees and reimbursement of expenses are fair, reasonable, and adequate. If you remain in the Futures Class, then you may object to any aspect of the Settlement, the Plan of Allocation, Futures Lead Counsel's request for attorneys' fees and expenses or any other matters. See III.B. below. All objections must be made in accordance with the instructions set forth below and must be filed with the Court and served on counsel for the Parties by January 21, 2015, or they will not be considered. See III.B below.

**Right to Exclude Yourself from the Settlement**. You will be excluded from the Settlement and the Futures Class if you make a written request for exclusion and provide adequate supporting documentation in substantial conformity with the procedures established by the Court that is received by the Settlement Administrator (A.B. Data, Ltd.) at the address set forth in VII below on or before January 9, 2015. See III.C. below. If you are excluded from the Settlement you will not be entitled to object to any aspect of the Settlement or share in the Net Settlement Fund or otherwise participate in the Settlement.

However, the Trustee's asserts that, to the extent any potential Opt Out did not file a bankruptcy proof of claim prior to the Bar Date established in the SIPA Proceeding, such claim would be late filed and should be disallowed and expunged. Additionally, the Trustee asserts that the claim of any Class Member who opts out (even if they filed a timely bankruptcy proof of claim) will be subject to the claims allowance process in the Bankruptcy Court and may be subject to denial and expungement. Further, the Trustee expects to object to any bankruptcy claim by any potential Opt Out as untimely filed and barred under SIPA to the extent that such Class Member did not file a bankruptcy proof of claim before the Bar Date to recover on any basis related to the purchase or sale of Class Contracts in the Class Period.

## I.      BACKGROUND OF THE LITIGATION

### A.      <u>The Nature of This Lawsuit</u>

The Futures Plaintiffs allege that MFGI, the Non-Settling Defendants and other persons engaged in unlawful or actionable conduct between June 1, 2006 and May 21, 2008, which allegedly continued to have artificial impact on prices after May 21, 2008. This includes allegations that, between at least October 17, 2007 and June 6, 2008, certain of such persons combined, conspired, and agreed to manipulate the prices of NYMEX platinum futures contracts and NYMEX palladium futures contracts in violation of the CEA and Sherman Act. They allegedly did so by multiple steps. These include by allegedly repeatedly overpaying to purchase NYMEX platinum futures contracts and NYMEX palladium futures contracts during the end of the trading day. The Futures Plaintiffs contend that the foregoing conduct caused them and others similarly situated to pay artificial prices in order to purchase NYMEX platinum futures contracts and NYMEX palladium futures contracts.

Absent a settlement, the Trustee would continue to vigorously oppose each and every aspect of the Futures Plaintiffs' claims and alleged damages. See Section I.B. below. MFGI and the Trustee has consistently and vigorously denied the Futures Plaintiffs' claims and by entering into the Settlement Agreement with the Futures Plaintiffs, the Trustee does not admit and instead continues to deny that MFGI engaged in any unlawful conduct, and that any member of the Futures Class suffered compensable damages. Neither the Bankruptcy Court nor the District Court (so far) has never rendered a final ruling on whether the Futures Plaintiffs have alleged valid claims nor have the Courts (so far) considered all the other matters that the Futures Plaintiffs would have to establish in order to prove those claims at a trial on behalf of any class and establish damages.

### B.      <u>Procedural History of the Action</u>

On April 30, 2010, the Futures Plaintiffs filed an initial class action complaint against the Moore Capital defendants in the United States District Court for the Southern District of New York. Docket No. 1. By order dated July 20, 2010, the Court appointed Lovell Stewart Halebian Jacobson LLP as interim class counsel for the putative class in the Futures Action. See Docket No. 18.

On August 10, 2010, the Futures Plaintiffs filed a First Amended Consolidated Complaint, which added MFGI as a defendant. Docket No. 22.

On August 26, 2010, co-defendant JP Morgan sought a judgement on a Decision on the anticipated motion to dismiss the Futures Plaintiffs' complaint. Docket No. 33. On September 30, 2010, the Futures Plaintiffs filed their Second Amended Consolidated Complaint. Docket No. 50.

On November 5, 2010, defendants moved to strike and dismiss the Futures Plaintiffs' Second Amended Consolidated Complaint. Docket No. 55. On November 30, 2010, the Court denied in part defendants' motion to stay discovery and ordered the defendants to provide the Futures Plaintiffs with copies of the approximately 250,000 pages of documents that defendants previously produced to the Commodity Futures Trading Commission ("CFTC"). Separately, the Futures Plaintiffs issued subpoenas and, for example, received and reviewed the production of documents and deposition transcripts from the CFTC.

On September 13, 2011, the Court granted in part and denied in part, without prejudice, defendants' motion to strike and to dismiss the Second Amended Consolidated Complaint. Docket No. 70. As part of the same order, the Court granted the Futures Plaintiffs leave to re-plead their allegations. *Id*.

On November 8, 2011, Defendant MF Global filed a suggestion of bankruptcy. Docket No. 75.

On November 21, 2011, the Futures Plaintiffs filed their Third Consolidated Amended Class Action Complaint. Docket No. 80. On January 20, 2012, the non-settling defendants moved to dismiss certain of the Futures Plaintiffs' claims in their Third Consolidated Amended Complaint. Docket No. 98. The Moore Defendants did not move to dismiss the Futures Plaintiffs' CEA claims. *Id*. On January 17, 2013, the Futures Plaintiffs filed their Fourth Consolidated Amended Complaint. Docket No. 127.

On November 23, 2011, the Bankruptcy Court entered the Order Approving Trustee's Expedited Application to Establish Parallel Customer Claims Processes and Related Relief (ECF No. 423) (the "Claim Process Order"). All general creditor claims must have been received by June 2, 2012 (the "Bar Date").

On May 31, 2012, the Futures Plaintiffs, on behalf of the Futures Class, filed a bankruptcy proof of claim in the MF Global SIPA Proceeding in the Bankruptcy Court.

On February 7, 2013, prior to the time non-settling defendants' motions to dismiss were due to be filed, the Court adjourned such deadline to allow the parties time to explore settlement negotiations.

On July 29, 2013, the Futures Plaintiffs filed their Fifth Consolidated Amended Class Action Complaint which added, in the alternative, a negligence claim against Defendant Welsh.

On May 23, 2014, the Futures Plaintiffs were granted leave to file their Sixth Consolidated Amended Class Action Complaint which added Plaintiffs Harry Ploss and The Stuart Sugarman Trust as plaintiffs. On August 15, 2014, the Futures Plaintiffs filed their Sixth Amended Complaint. Docket No. 218.

On March 17, 2014, the Futures Plaintiffs entered into a settlement agreement with the Moore Capital Defendants and Defendant Joseph Welsh. In order to resolve the claims against them, the Moore Capital Defendants have agreed to pay $48,400,000 for the benefit of the Futures Class. Defendant Welsh has agreed to assign certain claims to the Futures Class. The settlement agreement with the Moore Capital Defendants and Defendant Welsh is available at www.PlatinumPalladiumFuturesLitigation.com.

On July 15, 2014, the Court issued a Memorandum & Order granting the Futures Plaintiffs' motion to disseminate notice of the separate proposed settlement with the Moore Capital Defendants and Defendant Joseph Welsh to the Futures Class. Docket No. 211.

On October 21, 2014, after more than 10 months of on and off arm's length negotiations, which included two days of mediation before a retired Judge experienced in complex class action litigation, the Futures Plaintiffs and the Trustee entered into the Settlement Agreement.

*****

At the time that the Settlement was reached, the Trustee had significant defenses which created real risk that the Futures Plaintiffs would not establish liability and, even if they did, would not establish an entitlement to the damages they sought. Additionally, the Settling Defendant denies that, absent the Settlement Agreement, the Futures Plaintiffs could certify a class under Rule 23 of the Federal Rules of Civil Procedure or proceed with a class proof of claim in the SIPA Proceeding. The Futures Plaintiffs acknowledge that, if these risks materialized, their impact on the Futures Plaintiffs' claims would have been substantial, and perhaps dispositive. That is, they include the risk of receiving no recovery whatsoever.

In addition to the normal litigation risks faced by Plaintiffs (*e.g.*, risks in obtaining class certification, prevailing at trial on liability and damages and, to the extent successful at trial, prevailing on post-trial motions and then appeal), the Futures Plaintiffs faced the reality that MFGI is in liquidation in the SIPA Proceeding. In these circumstances, Futures Lead Counsel's judgment is that the amount to be paid to claiming Futures Class members from the Net Settlement Fund represents fair, reasonable and adequate consideration. Accordingly, Futures Lead Counsel has recommended that the Court approve the proposed Settlement and urge Futures Class members to file a Proof of Claim as part of the Settlement to recover a share of the Settlement proceeds.

The Court has certified, for purposes of settlement only, the Futures Class, defined as: All Persons that purchased or sold a NYMEX platinum futures contract or a NYMEX palladium futures contract during the period from June 1, 2006 through April 29, 2010, inclusive. Excluded from the Futures Class are (i) the Non-Settling Defendants, MF Global, Inc., any co-conspirators alleged in the Complaint or any subsequent amended complaint filed prior to the Exclusion Bar Date, Alan Craig Kleinstein, Dominick Frank Terrone, Richard Peter Trifoglio Sr., Frederick Charles Ferriola, Peter Michael Venus, Lawrence Frasca Favuzza, and John Anthony Sakulich and any NYMEX floor brokers or NYMEX floor traders who refuse to execute the certification in the Proof of Claim attesting that they were not co-conspirators, or aiders or abettors of the Settling Defendants or Non-Settling Defendants, and (ii) Opt Outs.

## II.   SUMMARY OF THE PROPOSED SETTLEMENT

On behalf of the Futures Class, the Futures Plaintiffs entered into the Settlement on October 21, 2014. The following description of the proposed Settlement is only a summary. This description and this entire Notice are qualified in their entirety by the Settlement Agreement and the exhibits thereto which is on file with the Court at the address indicated in this Notice and is available at the official Settlement website www.PlatinumPalladiumFuturesLitigation.com.

### A.   The Settlement Consideration

**Allowed Claim in the SIPA Liquidation Proceeding of MFGI.**  Upon final approval by the Bankruptcy Court, the Futures Plaintiffs will be granted an allowed general creditor claim in the SIPA Proceeding in the amount of $18,753,571.43.

**Cash Payment by MFGI's Insurer.**  Within fourteen (14) calendar days after the Scheduling Order is entered, and provided that the Order from the Bankruptcy Court approving the Automatic Stay Stipulation has become Final, the Insurer shall make an all-cash payment totaling four million six hundred seventy-two thousand five hundred dollars ($4,672,500) for the benefit of the Futures Class as follows. First, the Insurer shall cause to be deposited, pursuant to Local Civil Rule 67.1 and the terms of this Settlement, the sum of four million five hundred ninety-two thousand five hundred dollars ($4,592,500) into an interest bearing Court Registry Investment System ("CRIS") account in the Southern District of New York. Second, the Insurer shall pay by wire transfer into the Escrow Account at Huntington National Bank the sum of eighty thousand dollars ($80,000). The foregoing $80,000 sum deposited into the escrow account at Huntington National Bank shall be used for purposes of providing notice of the proposed Settlement to the Futures Class.

**Purchase of Welsh Judgment and Assignment by MF Global Holdings.**  Subject to the terms and conditions set forth in the Welsh Futures Judgment and Assignment Agreement (attached as Exhibit C to the Settlement Agreement), the Future Plaintiffs have agreed to assign the Welsh Futures Judgment and Assignment to MF Global Holdings on the terms and conditions set forth therein. Among other things, the Welsh Futures Judgment and Assignment Agreement provides for an all-cash payment of $800,000 by MF Global Holdings for the benefit of the Futures Plaintiffs and the Futures Class to be made into a separate interest-bearing CRIS account in the Southern District of New York, subject to certain conditions precedent, within fourteen (14) calendar days after the Scheduling Order is entered.

**Backstop Agreement.**  Subject to the terms and conditions set forth in the Backstop Agreement (attached as Exhibit D to the Settlement), the futures Plaintiffs may elect to assign the $18,753,571.43 Allowed Claim to MF Global Holdings in exchange for a commitment to purchase the Allowed Claim on the terms set forth therein. Among other things, the Backstop Agreement provides the Futures Plaintiffs with the option (in their sole discretion) to assign their Allowed Claim to MF Global Holdings in exchange for an all-cash payment in the amount of $13,127,500, to be paid by MF Global Holdings into the CRIS account in the Southern District of New York within fourteen (14) business days of the Futures Plaintiffs' election to exercise such option subject to certain conditions. The Futures Plaintiffs' option to assign their Allowed Claim to MF Global Holdings pursuant to the Backstop agreement expired on November 10, 2014 at 6:00 p.m. Futures Lead Counsel determined that it was not in the best interests of the Futures Class to exercise the foregoing option.

### B.   Plan of Allocation

A copy of the proposed Plan of Allocation is attached hereto. Examples of potential computations under the Plan of Allocation are available on the Settlement website at www.PlatinumPalladiumFuturesLitigation.com. The following description of the Plan of Allocation is only a summary, which is qualified in its entirety by the Plan of Allocation and the Settlement Agreement.

The Plan of Allocation covers transactions in NYMEX platinum and palladium futures contracts during the Class Period. Generally, under the Plan of Allocation, ninety percent (90%) of Net Settlement Funds are reserved to pay for valid claims premised on the alleged artificiality of NYMEX platinum and NYMEX palladium futures contract prices. However, to any extent that 90% of the Net Settlement Fund exceeds 100% of all Claiming Futures Class Members' NAP, then 50% of any such excess amount shall be added to the 10% of the Net Settlement Fund to be distributed to Claiming Futures Class Members' NL Transactions unless and until 100% of Claiming Futures Class Members' NL has been paid. The remaining ten percent (10%) of the Net Settlement Funds are reserved to pay valid claims based on net trading losses (to be determined and weighted as described in the Plan of Allocation). From this, three percent (3%) of the Net Settlement Fund will be distributed based on net trading losses and will be paid out pro rata based on each Claiming Futures Class Members' total Net Losses as described in the Plan of Allocation ("First Pool"). The remaining part—seven percent (7%) of the Net Settlement Fund—will be distributed pursuant to a method of distribution that will be proposed by Futures Class Counsel after all the Proofs of Claim have been analyzed, the Net Artificiality Paid and Net Losses have been determined, and the profile of Claiming Futures Class Members' results from

such prospective members of distribution plan by our substantially known to Futures Lead Counsel (see Point D). Please follow the Settlement website and the Frequently Asked Questions ("FAQ") section of the Settlement website. It is presently anticipated that the distribution of this "Second Pool" will be (i) positively weighted in respect of losses or transactions during the period immediately following June 18, 2008; (ii) negatively weighted so as to eliminate or greatly reduce any incremental payout due in respect of losses or transactions after September 17, 2008; and (iii) positively weighted in respect of losses or transactions impacted by Defendants' transactions in NYMEX platinum and/or palladium futures contracts during the period prior to November 15, 2007, including on or about June 7, 2006, June 8, 2006, June 14, 2006, June 20, 2006, June 27, 2006, July 19, 2006, August 1, 2006, August 22, 2006, August 30, 2006, September 7, 2006, September 8, 2006, September 15, 2006, October 6, 2006, February 13, 2007, March 18, 2007, May 17, 2007, August 10, 2007, October 18, 2007, October 24, 2007 and October 25, 2007.

By entering the Settlement, the Trustee does not concede in any respect whatsoever that either alleged artificiality (as calculated by the Futures Plaintiffs) or simple net trading losses would be recoverable under any applicable state or federal law. The Plan of Allocation may be changed by the Court without providing further notice. The final approval, disapproval, or modification of any proposed plan of allocation shall not affect the final approval of the Settlement or enforceability of the Settlement Agreement.

## C. Payment to the Class Members Who Submit Valid Proofs of Claim

Futures Class members should read the Plan of Allocation. Pursuant to the Plan of Allocation, Claiming Futures Class Members will be eligible to receive a share of the Net Settlement Fund, subject to the determinations of the Settlement Administrator and, if necessary, the Court. Under the Plan of Allocation, the amount of the payment will depend on, among other things, the size of the Net Settlement Fund, the size of the Claiming Futures Class Member's Allowed Claim, and the total amount of Allowed Claims of all Claiming Future Class Members. In the latter regard, Futures Lead Counsel encourages you to review the Plan of Allocation and submit a Proof of Claim if you have Net Artificiality Paid or Net Losses as weighted under the Plan. The share of Futures Class members who do not submit a Proof of Claim will be redistributed to those Futures Class members who do submit a Proof of Claim and do have Net Artificiality Paid and/or Net Losses as weighted under the Plan of Allocation.

## D. Attorneys' Fees, Costs and Incentive Awards

To date, the attorneys representing the Futures Plaintiffs and the Futures Class in the Futures Action have not received payment for their services or reimbursement for their expenses. Futures Class members are not personally responsible for payment of attorneys' fees or expenses. Instead, as compensation for their time and their risk in prosecuting the litigation on a wholly contingent fee basis for more than three years, Futures Lead Counsel will ask the Court for an award of attorneys' fees in the amount of not more than one-third (33 1/3%) of the Settlement Fund, as a common fund, and for reimbursement of their costs and expenses in the amount of no more than $250,000, all to be deducted from the Settlement Fund.

At the time the Net Settlement Fund is distributed to Claiming Futures Class Members, the Futures Plaintiffs will seek reimbursement of their own expenses and compensation for their time devoted to this litigation in the aggregate amount of no more than $70,000 to be paid from the Settlement Fund.

## E. The Potential Right to Termination

Section 13 of the Settlement Agreement describes the Parties' right to terminate the Settlement if certain conditions anticipated by the Parties are not satisfied. These conditions are set forth in Section 13 of the Settlement Agreement.

## F. Changes Or Further Orders By The Court

Any change by the Court in the Plan of Allocation, in the time and place of the Fairness Hearing, or in any other matter and all further orders or requirements by the Court will be posted on the Settlement website at www.PlatinumPalladiumFuturesLitigation.com as soon as practicable. It is important that you refer to such website as no other notice of any such changes apart from the docket of the Futures Action may be published.

## G. The Releases, Discharge and Covenant Not To Sue

**IF YOU HAVE NOT BEEN PREVIOUSLY EXCLUDED FROM THE FUTURES CLASS, WHEN THE SETTLEMENT BECOMES FINAL YOU WILL BE RELEASING THE SETTLING DEFENDANT AND RELATED RELEASED PARTIES FOR THE CLAIMS DESCRIBED BELOW, AND YOU WILL BE BOUND BY THE RELEASES IN THE SETTLEMENT AGREEMENT—INCLUDING THE COVENANT NOT TO SUE—EVEN IF YOU DO NOT FILE A PROOF OF CLAIM.**

In exchange for the Settling Defendant's consideration described in "A" above, members of the Futures Class will release certain claims against the Settling Defendant and the Released Parties as specifically set forth below.
*****
(a) In addition to the effect of any final judgment entered in accordance with this Settlement Agreement, and provided that the Bankruptcy Court approves the Claim Stipulation and that the District Court approves this Settlement Agreement, effective upon the Effective Date each and every Futures Class member, all of their past, present or future parents, subsidiaries, divisions, affiliates, shareholders, general or limited partners, attorneys, spouses, insurers, beneficiaries, employees, officers, directors, legal and equitable owners, members, predecessors in interest, successors in interest, legal representatives, trustees,

associated heirs, executors, trustees, administrators, and assigns) and of their respective shareholders, parents, subsidiaries, divisions, affiliates, shareholders, general or limited partners, assigns, attorneys, insurers, beneficiaries, employees, officers, directors, legal and equitable owners, members, predecessors in interest, successors in interest, legal representatives, trustees, associates, heirs, executors, administrators and/or assigns (together the "Releasing Parties"), releases and forever discharges, to the fullest extent permitted by law, the Released Parties from and against any and all present, past, or future claims, demands, debts, damages, losses, offsets, obligations, warranties, costs, fees, penalties, expenses, whenever incurred, rights of action, suits, and causes of action of every kind and nature whatsoever, whether based on contract, tort, federal, state or foreign law, statutory, or other legal or equitable theory of recovery, liabilities of any nature and kind whatsoever, whether known or unknown, suspected or unsuspected, existing, or claimed to exist, and whether arising in the past or future, in law or in equity, that each and every Futures Class member ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, in any way arising from or related to, in full or in part, any transactions in Class Contracts, whether or not asserted in the Futures Action, or from any losses incurred, in whole or in part, as a result of such transactions. Provided that the Welsh Futures Assignment Agreement becomes final, the foregoing release by the Releasing Parties includes all claims against the Relevant Insurers based upon, arising out of, in connection with or in any way involving (1) the Welsh Futures Judgment and Assignment; and (2) the Policy, all excess policies, and all other directors and officers liability policies issued to MFGH for any policy period by the Relevant Insurers. Notwithstanding any other provision of this Settlement, the foregoing release (i) shall not include any claims which a Futures Class member may have in its capacity as a member of any class that may be certified with respect to the claims asserted in the Complaint in the Physical Action; (ii) for the avoidance of doubt, shall not include any claims filed by any members of the Futures Class in the SIPA Proceeding that arise from anything other than transactions in Class Contracts or by any Opt Outs; (iii) and shall not release claims relating to enforcement of the Settlement Agreement which are expressly reserved.

(b)   In addition, each Releasing Party hereby expressly waives and releases any and all provisions, rights, and benefits conferred by §1542 of the California Civil Code, which reads:

> Section 1542.  **General release extent.  A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor[.]**

From the Effective Date each Releasing Party also expressly waives and releases any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or equivalent to §1542 of the California Civil Code.  Each Releasing Party may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this Section 7 but each Releasing Party, through this Settlement Agreement, and with the ability to seek independent advice of counsel, expressly waives and fully, finally and forever settles and releases, as of the Effective Date any known or unknown, suspected or unsuspected, contingent or non-contingent claim that would otherwise fall within the scope of the release provided in Section 7 of this Settlement Agreement, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.  From the Effective Date, the releases herein given by the Releasing Parties shall be and remain in effect as full and complete releases of the claims set forth in the Futures Action, notwithstanding the later discovery or existence of any such additional or different facts relative hereto or the later discovery of any such additional or different claims that would fall within the scope of the release provided in Section 7 of this Settlement Agreement, as if such facts or claims had been known at the time of this release.

*****

The Settlement Agreement does not settle or compromise any claims other than those set out therein.  All rights of the Futures Plaintiffs or any member of the Futures Class against any other Person or entity other than the Released Parties are specifically reserved by the Futures Plaintiffs and the members of the Futures Class.

## III.     YOUR OPTIONS

### A.   Submit A Proof of Claim

As a member of the Futures Class, you may be entitled to share in the Net Settlement Fund if you submit a valid and timely Proof of Claim demonstrating that you are entitled to a recovery under the Plan of Allocation.  Proofs of Claim must be received by the Settlement Administrator (see address in VII below) no later than April 29, 2015.  A copy of the Proof of Claim is attached hereto.  You may also obtain a Proof of Claim on the Settlement website at www.PlatinumPalladiumFuturesLitigation.com.  Futures Class members are encouraged to file Proofs of Claim.

If you filed a proof of claim in connection with the prior settlement with the Moore Capital Defendants and Defendant Welsh, you do NOT need to file another proof of claim in order to participate in the Settlement with Defendant MF Global, Inc.

Any member of the Futures Class may object to any aspect of the Settlement, application for attorneys' fees and expenses, or the Final Judgment and may appear in person or through his or her attorney at the Fairness Hearing and present evidence or argument that may be proper and relevant.

However, except for good cause shown, the objecting member of the Futures Class shall file the following information with the Court and serve same by hand, overnight mail or electronic mail on Futures Lead Counsel and all counsel of record for the Settling Defendant no later than January 21, 2015:  (i) a written notice of intention to appear; (ii) proof of membership in the Futures Class; (iii) a detailed statement of the objections to any matters before the Court; (iv) a statement advising of any court proceeding in which said objector has made an objection to a proposed class action settlement within the past three years, including case name, docket number, and court; (v) the grounds or reasons why the member of the Futures Class desires to appear and be heard; and (vi) all documents or writings the member of the Futures Class desires the Court to consider.

Regardless of whether or not you have objected to the proposed settlement with the Moore Capital Defendants and Defendant Welsh, if you wish to object to the proposed Settlement with Defendant MF Global, you must submit a <u>separate</u> objection in conformity with the above instructions.

The contact information for Futures Lead Counsel and counsel of record for the Settling Defendant is set forth below:

| | |
|---|---|
| Christopher McGrath<br>cmcgrath@lshllp.com<br>**LOVELL STEWART HALEBIAN JACOBSON LLP**<br>61 Broadway Suite 501<br>New York, NY  10006 | *Counsel for Futures Plaintiffs* |
| Dustin P. Smith.<br>dustin.smith@hugheshubbard.com<br>**HUGHES HUBBARD & REED LLP**<br>One Battery Park Plaza<br>New York, New York 10004 | *Counsel for James W. Giddens,*<br>*Trustee for the SIPA Liquidation of MF Global, Inc.* |

**C.    Request To Be Excluded From the Settlement**

Any request for exclusion from the Settlement by a member of the Futures Class must be made in writing and received by the Settlement Administrator no later than January 9, 2015.  Any such request for exclusion must contain the following information:  (a) the Futures Class member's name, address, and phone number; (b) the name of the Futures Action ("*In re: Platinum and Palladium Commodities Litigation—Futures Action*"); and (c) a signed statement that "I/we hereby request that I/we be excluded from the Futures Class in In re: Platinum and Palladium Commodities Litigation—Futures Action." Additionally, the Person seeking exclusion must submit documents establishing: (i) the date of acquisition of each position in any NYMEX platinum futures contract or NYMEX palladium futures contract for which recovery is sought by a Futures Class member or that was acquired or sold during the Class Period; (ii) when and at what price such position(s) was/were acquired, closed out or sold; (iii) any and all broker(s) or futures commission merchant(s) used; and (iv) a statement and description of whether positions in NYMEX platinum futures contracts or NYMEX palladium futures contracts were acquired as a hedge to off-exchange positions or exposures that relate to platinum or palladium during the Class Period.

Requests for exclusion from the Settlement must be sent by First-Class Mail (preferably certified mail) to counsel for the Futures Plaintiffs, counsel for the Settling Defendant (see address in B. above) and the Settlement Administrator (see address in VII below).  A Request for Exclusion form is attached hereto.

If you exclude yourself from the Futures Class, you will not be bound by the Settlement Agreement and can independently pursue claims at your own expense.  However, if you exclude yourself, you will not be eligible to share in the Net Settlement Fund.  Further, the Trustee's asserts that to the extent any potential Opt Out did not file a bankruptcy proof of claim prior to the Bar Date established in the SIPA Proceeding, such claim would be late filed and should be disallowed and expunged. Additionally, the Trustee asserts that the claim of any Class Member who opts out (even if they filed a timely bankruptcy proof of claim in the SIPA Proceeding) will be subject to the claims allowance process in the Bankruptcy Court and may be subject to denial and expungement. The Trustee also expects to object to any bankruptcy claim by any potential Opt Out as untimely filed and barred under SIPA to the extent that such Class member did not file a bankruptcy proof of claim in the SIPA Proceeding before the Bar Date asserting a claim to recover on any basis related to the purchase or sale of Class Contracts in the Class Period.

Regardless of whether or not you have requested to be excluded from the proposed settlement with the Moore Capital Defendants and Defendant Welsh, if you wish to request to be excluded from the proposed Settlement with Defendant MF Global, you must submit a <u>separate</u> request for exclusion in conformity with the above instructions.

**IV.      PROOF OF CLAIM**

The Proof of Claim, which includes instructions on how and when to make a claim, is attached hereto.  You should consider reading the Settlement Agreement and you should read the Proof of Claim carefully before submitting your Proof of Claim or determining another course of action.

**V.      FAIRNESS APPROVAL HEARING**

The Court has scheduled a public Fairness Hearing for February 13, 2015, at 11:00 a.m. to be held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY, Courtroom 20B. At the Fairness Hearing, the Court will determine if the proposed Settlement is fair, reasonable, and adequate.  The Court will also consider Futures Lead Counsel's request for attorneys' fees and reimbursement of litigation expenses.  See II.D. above.

The time and date of the Fairness Hearing may be continued from time to time without further notice and you are advised to confirm the time and location if you wish to attend; as soon as practicable after any change in the scheduled date and time, such change will be posted on the Settlement website www.PlatinumPalladiumFuturesLitigation.com.

**VI.      CHANGE OF ADDRESS**

If this Notice reached you at an address other than the one on the mailing label, or if your address changes, please enter your current information online at www.PlatinumPalladiumFuturesLitigation.com, or send it to the Settlement Administrator at the address set forth in VII below.

**VII.      THE SETTLEMENT ADMINISTRATOR**

The Court has appointed A.B. Data, Ltd. as the Settlement Administrator.  Among other things, the Settlement Administrator is responsible for providing notice of the Settlement to the Class and processing Proofs of Claim.  You may contact the Settlement Administrator through the Settlement website (www.PlatinumPalladiumFuturesLitigation.com), by telephone toll free at 888-206-5360, or by writing to the Settlement Administrator at the below address:

**PLATINUM AND PALLADIUM COMMODITIES LITIGATION SETTLEMENT—FUTURES ACTION**
c/o A.B. DATA, LTD.
PO Box 170500
MILWAUKEE, WI  53217-8091
888-206-5360
info@PlatinumPalladiumFuturesLitigation.com

**VIII.      ADDITIONAL INFORMATION**

The Settlement Agreement and other important documents related to this Action are available online at www.PlatinumPalladiumFuturesLitigation.com and also available for review during normal business hours at the office of the Clerk of Court, United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007.  If you have questions about this Notice, the procedure for registering, or the Settlement Agreement, you may contact Futures Lead Counsel at the address listed in III.B. above.

**<u>DO NOT CONTACT THE JUDGE OR THE CLERK OF COURT</u>**

DATED:  November 14, 2014

**BY ORDER OF THE COURT**

Clerk of the United States District Court
Southern District of New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In Re: Platinum And Palladium Commodities Litigation* | MASTER FILE No. 10 Civ. 3617 (WHP) |
| This Document Relates To: | |
| Platinum/Palladium Futures Action | |

<u>PROOF OF CLAIM AND RELEASE</u>

**If you wish to participate in BOTH the Futures Plaintiffs' proposed Settlement with the Moore Capital Defendants and Defendant Joseph Welsh AND the Futures Plaintiffs' proposed settlement with Defendant MF Global, Inc., you need only file ONE proof of claim.**

If you are a member of the futures class as defined below, then, in order to be entitled to a distribution, **you must complete, sign, notarize and mail this proof of claim and necessary supporting documentation to the Settlement Administrator at the following address such that it is <u>received</u> no later than April 29, 2015:**

**PLATINUM AND PALLADIUM LITIGATION SETTLEMENT—FUTURES ACTION**
c/o A.B. DATA, LTD.
PO BOX 170500
<u>MILWAUKEE, WI  53217-8091</u>

<u>**Do not submit your claim to the Court**</u>.

<u>**The Futures Class**</u>.  The Futures Class[1] is defined as:  All Persons that purchased or sold a NYMEX platinum futures contract or a NYMEX palladium futures contract during the period from June 1, 2006 through April 29, 2010, inclusive.

Excluded from the Futures Class are (i) the Settling Defendant, Non-Settling Defendants, any co-conspirators alleged in the Complaint or any subsequent amended complaint filed prior to the Exclusion Bar Date, Alan Craig Kleinstein, Dominick Frank Terrone, Richard Peter Trifoglio Sr., Frederick Charles Ferriola, Peter Michael Venus, Lawrence Frasca Favuzza, and John Anthony Sakulich and any NYMEX floor brokers or NYMEX floor traders who refuse to execute the certification in the Proof of Claim attesting that they were not co-conspirators, or aiders or abettors of the Settling Defendant or Non-Settling Defendants, and  (ii) Opt Outs.

Only members of the Futures Class may participate in the Settlement.

If you are a member of the Futures Class as described above, then, by properly filling out, signing, having notarized and returning this Proof of Claim, and furnishing the required supporting documentation, you may be entitled to share in the proceeds from the Net Settlement Fund.  However, submission of this Proof of Claim does not ensure that you will share in any of the proceeds of the Net Settlement Fund.

Omission of necessary information and/or supporting documents will make your claim defective so that it may be rejected, in which case you will be notified of such rejection and given an opportunity to remedy same.  You must include all trade information for transactions in Class Contracts[2] during the Class Period for all accounts you own or control.

If you are a member of the Futures Class and you fail to submit a valid and timely Proof of Claim pursuant to the instructions set forth herein you may be precluded from any recovery from the Net Settlement Fund.  However, unless you validly exclude yourself from the Futures Class, you will be bound by the terms of any judgment entered in the Action **whether or not you submit a Proof of Claim**.

The completed Proof of Claim, and the information submitted therewith, will be treated as confidential and will be used solely for purposes of administering the Settlement.  Knowingly submitting inaccurate or incomplete information may subject you to civil or criminal penalties.

**IF YOU HAVE ANY QUESTIONS CONCERNING THIS PROOF OF CLAIM, WRITE TO, CALL, OR GO ON-LINE AT:**

PLATINUM AND PALLADIUM LITIGATION SETTLEMENT—FUTURES ACTION, c/o A.B. DATA, LTD., PO BOX 170500, MILWAUKEE, WI 53217-8091,

www.PlatinumPalladiumFuturesLitigation.com

**DO <u>NOT</u> CONTACT THE COURT IF YOU HAVE QUESTIONS CONCERNING THIS PROOF OF CLAIM.**

---

[1] Unless otherwise stated, capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement dated October 21, 2014.

[2] "Class Contract" shall mean NYMEX platinum futures contracts and NYMEX palladium futures contracts traded between June 1, 2006 through April 29, 2010, inclusive.



For official use only

*In Re:  Platinum And Palladium Commodities Litigation*
MASTER FILE No. 10 Civ. 3617 (WHP)
**PROOF OF CLAIM AND RELEASE**
Please print or type

**MUST BE RECEIVED NO LATER THAN**

**April 29, 2015**

**MFG**

STATE OF _____ )

COUNTY OF _____ )

_____, being duly sworn, deposes and says:

**Item 1—Claimant Identification**

1.  Please provide the following information for you and your affiliates[3]  that transacted in Class Contracts at any time during the Class Period:

Claimant Name(s) ("Claimant"):

☐ Individual          ☐ Corporation          ☐ Estate          ☐ Other (specify)_____

Name of Person Executing Claim:

Capacity of Person Executing Claim:

Claimant Address:

City                                                                State          Zip Code

Foreign Province                          Foreign Postal Code                          Foreign Country

Claimant Daytime Phone Number
(                    )                    —

Claimant Social Security, Employer Identification, or Federal Tax Identification Number:
____ — ____ — ____          or          ____ — ____

Claimant Email Address:

---

[3] "Affiliates" means any other person or entity that you control, either directly or through one or more intermediaries, or any person or entity that is controlled by or is under common control with such intermediary person or entity.

If you require additional space on this or any other section of the Proof of Claim, append an additional page to the end of the claim form.  Do not submit multiple Proofs of Claim.

If you are unable to identify all transactions in Class Contracts by any affiliates of yours, who, to your knowledge, made any transactions in Class Contracts during the Class Period, then please list below the names of such affiliates.

_____

_____

If you leave the above line blank, then by executing this Proof of Claim, you are affirming that, to the best of your knowledge, you have no affiliates who made transactions in Class Contracts during the Class Period that are not reflected in this Proof of Claim.

**Item 2—List of Futures Commission Merchants**

2.  Please list all futures commission merchants ("FCMs") through which you maintained accounts wherein you traded NYMEX platinum futures contracts or NYMEX palladium futures contracts during the Class Period (*i.e.*, June 1, 2006 – April 29, 2010).

_____

_____

_____

**Item 3—List of Account Names and Account Numbers**

3.  Please provide a list of all account names and account numbers for each FCM you listed in response to "Item 2" above wherein you traded NYMEX platinum futures contracts or NYMEX palladium futures contracts during the Class Period (*i.e.*, June 1, 2006 – April 29, 2010).

_____

_____

_____

**Item 4—Proof of Qualifying Transactions**

4.  Please provide proof of all transactions in Class Contracts you made during the Class Period by, for example, enclosing photocopies of daily brokerage confirmations, monthly account statements, and other documents evidencing purchases and/or sales reflecting any and all transactions in Class Contracts.  Each Claimant must provide sufficient documentation to allow the Settlement Administrator to determine whether a transaction in NYMEX platinum futures contracts or NYMEX palladium futures contracts qualifies as a transaction in a Class Contract.  Such documentation must reflect the date, price, quantity and the time of all such transactions in Class Contracts (see Item 6 below).  It is highly likely that **the most efficient method for Claimants to support their claims is to produce records reflecting all NYMEX platinum futures contract and NYMEX palladium futures contract transactions during the Class Period.**

You should provide proof for each and every transaction in a Class Contract regardless of whether such transaction resulted in a gain or a loss.

If any such documents are not in your possession, please obtain them or their equivalent from your broker or tax advisor or other sources if it is possible for you to do so.

If you have this information in an electronic form, you are strongly encouraged to submit the information electronically along with a hard copy printout of your trading records in order to expedite the treatment of your Proof of Claim.  The following formats are acceptable: ASCII, MS Excel, MS Access, and dBase.

**Item 5—Instructions for List of Transactions In Class Contracts**

5.   The Settlement Administrator will determine each Claimant's Net Artificiality Paid and Net Loss (as set forth in the Plan of Allocation) by analyzing each Claimant's transactions in Class Contracts.  Claimants are required to list each transaction in Class Contracts in the form provided in Item 6 below.  If additional space is necessary, or if Claimants wish to use a Microsoft Excel format, please go to www.PlatinumPalladiumFuturesLitigation.com to obtain an electronic filing template.

In listing the information requested in Item 6 below, you should always use trade dates, not settlement dates.  Do not average prices of separate transactions, including transactions within a given date.  It is important that you supply the information requested to the fullest extent that you are able to do so.

**Item 6—List of Transactions in Class Contracts**

6(a).  If you purchased or sold a NYMEX platinum futures contract during the Class Period (*i.e.*, June 1, 2006 – April 29, 2010), then you must provide the information set forth in the Table I below for all such transactions.

| TABLE I—PURCHASE(S) AND SALE(S) OF NYMEX PLATINUM FUTURES CONTRACTS DURING THE CLASS PERIOD | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Date of Transaction** | **Time of Execution of Transaction (if known)[4]** | **Contract Month** | **Number of Contracts In Transaction** | **Transaction Price** | **Purchase or Sale** | **Brokerage Firm and Account Number in Which Transaction Was Made** | **Hedging Transaction? (Yes or No)[5]** |
| /       / | | | | . | | | |
| /       / | | | | . | | | |
| /       / | | | | . | | | |

6(b).  The Settlement Administrator needs to determine any open or close positions (long or short) in NYMEX platinum futures contracts that you held as of the start of the Class Period on June 1, 2006 or the end of the Class period on April 29, 2010.  This determination shall be based on trade dates, not settlement dates.

| **Open Positions in NYMEX Platinum Futures Contract Prior to June 1, 2006 (Identify Contract Month)** | **Short Position (Insert the number of contracts)** | **Long Position (Insert the number of contracts)** |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

---

[4] To the extent known, please provide for purchase and sale transactions between November 19, 2007 and June 18, 2008, inclusive, whether the time of day of the execution for each transaction was at or prior to 1:05 p.m.

[5] Hedging Transactions are defined as any offsetting exposures held or acquired by you or any of your affiliates in the cash, spot, or physical platinum or palladium markets, or other off-exchange markets related to platinum or palladium, that operated as a hedge (in whole or in part) against your transaction(s) in Class Contracts listed in Section 6(a) or 6(c).

| Closed Positions in NYMEX Platinum Futures Contract Prior to April 29, 2010 (Identify Contract Month) | Short Position (Insert the number of contracts) | Long Position (Insert the number of contracts) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

6(c).  If you purchased or sold a NYMEX palladium futures contract during the Class Period (*i.e.*, June 1, 2006 – April 29, 2010), then you must provide the information set forth in the Table II below for all such transactions.

| TABLE II—PURCHASE(S) AND SALE(S) OF NYMEX PALLADIUM FUTURES CONTRACTS DURING THE CLASS PERIOD | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date of Transaction | Time of Execution of Transaction[6] (if known) | Contract Month | Number of Contracts In Transaction | Transaction Price | Purchase or Sale | Brokerage Firm and Account Number in Which Transaction Was Made | Hedging Transaction? (Yes or No) |
| /        / | | | | . | | | |
| /        / | | | | . | | | |
| /        / | | | | . | | | |

6(d).  The Settlement Administrator needs to determine any open or close positions (long or short) in NYMEX palladium futures contracts that you held as of the start of the Class Period on June 1, 2006 or the end of the Class period on April 29, 2010.  This determination shall be based on trade dates, not settlement dates.

| Open Positions in NYMEX Palladium Futures Contract Prior to June 1, 2006 (Identify Contract Month) | Short Position (Insert the number of contracts) | Long Position (Insert the number of contracts) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

---

[6] To the extent known, please provide for purchase and sale transactions between November 1, 2007 and June 18, 2008, inclusive, whether the time of day of the execution for each transaction was at or prior to 1:00 p.m. Eastern standard time.

| Closed Positions in NYMEX Palladium Futures Contract Prior to April 29, 2010 (Identify Contract Month) | Short Position (Insert the number of contracts) | Long Position (Insert the number of contracts) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

6(e).  For any line in which you stated Hedging Transactions in 6(a) or 6(c) above, were all of the transactions in that line Hedging Transactions?  YES ____ or NO ____.  If your answer is NO, please list all of your Hedging Transactions in that line that were not Hedging Transactions.

_____

_____

_____

6(f).  Were any of the transactions you listed in 6(a) or 6(c) above conducted by you as a "Swap Dealer"?  A Swap Dealer is any person who (i) holds itself out as a dealer in swaps (ii) makes a market in swaps, (iii) regularly enters into swaps with counterparties as an ordinary course of business for its own account, or (iv) engages in activity causing itself to be commonly known in the trade as a dealer or market maker in swaps.  If your answer is YES, please list all of your transactions as a Swap Dealer in the space provided below.

_____

_____

_____

7.  Futures Lead Counsel and the Settlement Administrator reserve the right to seek further information from you regarding your Proof of Claim.

8.  If you were a NYMEX floor broker or NYMEX floor trader between October 17, 2007 and June 6, 2008, inclusive, by executing this Proof of Claim you are certifying that you were not a co-conspirator or aider or abettor of the Settling Defendant or Non-Settling Defendants.

9.  It is important that you accurately disclose all transactions in Class Contracts open at the start of or made during the Class Period.  The Claimant expressly consents to the release to the Settlement Administrator of any and all documents reflecting the Claimant's transactions in Class Contract that may be obtained from third parties, including, but not limited to, your brokerage firm(s), the Commodity Futures Trading Commission ("CFTC") and the NYMEX.  By executing this Proof of Claim, the Claimant hereby permits the Settlement Administrator to request from the NYMEX the Claimant's account and relevant trade information prior to receiving a payment from the Net Settlement Fund.

10.  The Claimant certifies that reasonable efforts have been made to locate all information requested in Items 1-6 above and that all information supplied in connection with this Proof of Claim is true, correct and complete.

11.  The Claimant understands that the information provided herein is subject to verification and the Claimant agrees to cooperate in any such verification including by furnishing additional information to support this claim and by assisting the Settlement Administrator if requested to do so.

12.  The Claimant understands that the Settlement Administrator will determine the adequacy of the Claimant's Proof of Claim and supporting documentation.  The foregoing is subject to the Settling Defendant's right to object and the ultimate power of the Court to determine whether your Proof of Claim and supporting documentation are adequate.

13.  The Claimant consents to the jurisdiction of the Court with respect to this Proof of Claim and for purposes of enforcing the terms of the Settlement Agreement or any order or judgment of the Court.

14.   The Claimant agrees to the terms of the Settlement as set forth in the Settlement Agreement and acknowledges being bound by and subject to the terms of any order or judgment that may be entered in the Futures Action, including the Final Judgment.

15.   Each Claimant must execute a release and covenant not to sue in conformity with Section 6 of the Settlement Agreement in order to receive his/her/its *pro rata* share of the Net Settlement Fund.  The Claimant agrees that the submission of this Proof of Claim constitutes a full release of and covenant not to sue on the Released Claims against the Released Parties as set forth in the Settlement Agreement and at the end of this Proof of Claim.

16.   The Claimant certifies that it is not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because: (a) the Claimant is exempt from backup withholding, or (b) the Claimant has not been notified by the Internal Revenue Service (the "I.R.S.") that the Claimant is subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified that Claimant that the Claimant is no longer subject to backup withholding.

This Proof of Claim was executed this _____ day of _____, 20_____ in _____, _____.

(City/Province)                    (State/Country)

_____
Signature of Claimant

_____
Type or Print Name

_____
Capacity of Person Signing (*e.g.*, President, Trustee, Custodian, etc.)

If you are acting for an entity, please submit proof of your authority (*e.g.*, corporate resolution, trust agreement, etc.).

Sworn to before me this _____ day of _____, 20_____.

_____
Notary Public

**MFG**

RELEASES AND COVENANT NOT TO SUE

(a)   In addition to the effect of any final judgment entered in accordance with this Settlement Agreement, and provided that the Bankruptcy Court approves the Claim Stipulation and that the District Court approves this Settlement Agreement, effective upon the Effective Date each and every Futures Class member, all of their past, present or future parents, subsidiaries, divisions, affiliates, shareholders, general or limited partners, attorneys, spouses, insurers, beneficiaries, employees, officers, directors, legal and equitable owners, members, predecessors in interest, successors in interest, legal representatives, trustees, associates, heirs, executors, administrators and/or assigns and each and any of their respective shareholders, parents, subsidiaries, divisions, affiliates, shareholders, general or limited partners, assigns, attorneys, insurers, beneficiaries, employees, officers, directors, legal and equitable owners, members, predecessors in interest, successors in interest, legal representatives, trustees, associates, heirs, executors, administrators and/or assigns (together the "Releasing Parties"), releases and forever discharges, to the fullest extent permitted by law, the Released Parties from and against any and all present, past, or future claims, demands, debts, damages, losses, offsets, obligations, warranties, costs, fees, penalties, expenses, whenever incurred, rights of action, suits, and causes of action of every kind and nature whatsoever, whether based on contract, tort, federal, state or foreign law, statutory, or other legal or equitable theory of recovery, liabilities of any nature and kind whatsoever, whether known or unknown, suspected or unsuspected, existing, or claimed to exist, and whether arising in the past or future, in law or in equity, that each and every Futures Class member ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, in any way arising from or related to, in full or in part, any transactions in Class Contracts, whether or not asserted in the Futures Action, or from any losses incurred, in whole or in part, as a result of such transactions. Provided that the Welsh Futures Assignment Agreement becomes final, the foregoing release by the Releasing Parties includes all claims against the Relevant Insurers based upon, arising out of, in connection with or in any way involving (1) the Welsh Futures Judgment and Assignment; and (2) the Policy, all excess policies, and all other directors and officers liability policies issued to MFGH for any policy period by the Relevant Insurers.  Notwithstanding any other provision of this Settlement, the foregoing release (i) shall not include any claims which a Futures Class member may have in its capacity as a member of any class that may be certified with respect to the claims asserted in the Complaint in the Physical Action; (ii) for the avoidance of doubt, shall not include any claims filed by any members of the Futures Class in the SIPA Proceeding that arise from anything other than transactions in Class Contracts or by any Opt Outs; (iii) and shall not release claims relating to enforcement of the Settlement Agreement  which are expressly reserved.

(b)   In addition, each Releasing Party hereby expressly waives and releases any and all provisions, rights, and benefits conferred by §1542 of the California Civil Code, which reads:

> **Section 1542.  General release extent.  A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor[.]**

From the Effective Date each Releasing Party also expressly waives and releases any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or equivalent to §1542 of the California Civil Code. Each Releasing Party may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the claims which are the subject matter of this Section 7 but each Releasing Party, through this Settlement Agreement, and with the ability to seek independent advice of counsel, expressly waives and fully, finally and forever settles and releases, as of the Effective Date any known or unknown, suspected or unsuspected, contingent or non-contingent claim that would otherwise fall within the scope of the release provided in Section 7 of this Settlement Agreement, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.  From the Effective Date, the releases herein given by the Releasing Parties shall be and remain in effect as full and complete releases of the claims set forth in the Futures Action, notwithstanding the later discovery or existence of any such additional or different facts relative hereto or the later discovery of any such additional or different claims that would fall within the scope of the release provided in Section 7 of this Settlement Agreement, as if such facts or claims had been known at the time of this release.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In Re: Platinum And Palladium Commodities Litigation*<br><br>This Document Relates To:<br><br>    Platinum/Palladium Futures Action | MASTER FILE<br>No. 10 Civ. 3617 (WHP) |

**[PROPOSED] PLAN OF ALLOCATION**

1.    (a) Except for the terms defined herein, this Plan of Allocation adopts and incorporates the definitions in the Stipulation and Agreement of Settlement, dated October 21, 2014, to which this Plan of Allocation is attached as an exhibit.

(b) As used in this Plan, "NAP" refers to net artificiality paid as defined below. "NL" means net losses. "NAP Transactions" means any purchase and/or sale transactions in Class Contracts executed between 1:00 pm Eastern Time[1] on November 1, 2007, for palladium futures contracts, and 1:05 pm on November 19, 2007 for platinum futures contracts, and any time on June 18, 2008, inclusive, as well as any offsetting purchase and/or sale transactions to such transactions. Examples:  If an opening sale (or purchase) transaction was made in January 2007 and the closing purchase (or sale) transaction occurred on November 30, 2007, then both the sale and the purchase would be NAP Transactions.  If an opening purchase (or sale) transaction occurred on May 6, 2008 and the closing sale (or purchase) transaction occurred on October 4, 2008, then both transactions would be NAP Transactions.  Thus, all purchases (or sales) performed on a day where alleged inflation was not zero (as provided in Exhibit A and Exhibit B) will be credited (or debited) a dollar amount of inflation on each of these NAP transactions in respect to their volume irrespective of when the accompanying offset transaction occurred, if any.

(c) "NL Transactions" means round trip transactions in Class Contracts in which both legs of the transaction were executed outside of the period between 1:00 pm on November 1, 2007 for palladium futures contracts or 1:05 pm on November 19, 2007 for platinum futures contracts, and any time on June 18, 2008, inclusive, but one leg of which (either the purchase or the sale) was executed within the Class Period.

2.    Ninety percent (90%) of the Net Settlement Fund will be paid and allocated according to Claiming Futures Class Member's NAP Transactions.  However, to any extent that 90% of the Net Settlement Fund exceeds 100% of all Claiming Futures Class Members' NAP, then 50% of any such excess amount shall be added to the 10% of the Net Settlement Fund to be distributed to Claiming Futures Class Members' NL Transactions unless and until 100% of Claiming Futures Class Members' NL has been paid. See "3" below.  The NAP for these transactions is described in ¶¶5 - 9 below and in the attached Platinum and Palladium artificiality tables (see Exhibits A and B hereto).  In order to be entitled to NAP, the Claiming Futures Class Member must adequately support his, her or its claim as determined by the Settlement Administrator, subject to the Class member's rights to object.

3.    Ten percent (10%) of the Net Settlement Fund will be distributed to Claiming Futures Class Members' NL Transactions as explained in ¶¶10-14(a)-(d) below.  The NL for these transactions is described in ¶¶10 – 14 below.   Each Claiming Futures Class Member must adequately support its NL as determined by the Settlement Administrator, subject to the Class member's right to object.

4.    Each Claiming Futures Class Member shall be entitled to receive the sum of their payment, if any, described in ¶9 and their payment, if any, described in ¶14(b)-(c). See Paragraph ¶15 below. Net gains on the NL Transactions will **not** be netted against, nor subtracted, from the NAP Transactions.

5.    NAP as used herein and in the Stipulation and Agreement of Settlement shall be the amount by which a Futures Class Member's Total Artificiality Paid exceeds their Total Artificiality Received, plus ten percent (10%) and less any applicable Hedging Reduction or Swaps-Dealer Reduction as defined below.  Example: If a Futures Class member's Total Artificiality Paid is $1,500 and Total Artificiality Received is $1,000, then the NAP shall be $550.00, which is $1,500 minus $1,000 equals $500.00 plus 10% of $500 equals $550.00.  However, to the extent that a Claiming Futures Class Member's trading was hedging (as defined in the Proof of Claim), the NAP shall be subject to a 50% reduction (the "Hedging Reduction").  *Example*:  If the Claiming Futures Class Member's Total Artificiality Paid minus Total Artificiality Received is $100, then the NAP is $110.00 and if such Class member was a hedger throughout the Class Period, then the NAP shall be $55.00.  The Settlement Administrator shall also require Futures Class Members to identify whether they are swap-dealers.  The NAP of a Claiming Futures Class Member whose trading was undertaken as a swap-dealer (as defined in the Proof of Claim) shall be subject to a reduction of 91%, rather than 50% (the "Swap-Dealer Reduction").

6.    The Total Artificiality Paid shall be determined by multiplying the number of Class Contracts purchased by the Claiming Futures Class Member on NAP Transactions by the amount of alleged artificiality, if any, as provided in Exhibit A and Exhibit B for such Class Contracts at the time of each such purchase for such Class Contract.

7.    The Total Artificiality Received shall be determined by multiplying the number of Class Contracts sold by the Claiming Futures Class Member on NAP Transactions by the amount of alleged artificiality, if any, as provided in Exhibit A and Exhibit B for such Class Contracts for each such Class Contract at the time of such sale.

8.    If the Claiming Futures Class Member's Total Artificiality Paid exceeds their Total Artificiality Received, then the Claiming Futures Class Member will have NAP and will be entitled to participate on a pro rata basis in the 90% of the Net Settlement Fund being paid in respect of NAP.

---

[1] All times set forth herein are Eastern Time.

9.       (a) Specifically, Claiming Futures Class Members with NAP will be entitled to receive a pro rata share of 90% of the Net Settlement Fund.  This share shall be calculated for each Claiming Futures Class Member by multiplying 90% of the Net Settlement Fund by a fraction, the numerator of which is the Claiming Futures Class Member's NAP and the denominator of which is the sum total NAP of all Claiming Futures Class Members who have positive NAP.

10.       **NL Transactions.**  For the purposes of the Stipulation and Agreement of Settlement and this Plan of Allocation, NL shall be the amount by which a Futures Class Member's Total Losses (see ¶11 below) on their NL Transactions exceed their Total Gains (see ¶12 below) on their NL Transactions, plus ten percent (10%) and less any applicable Hedging Reduction or Swaps-Dealer Reduction. <u>Example</u>:  If the Total Losses are $1,500 and Total Gains are $1,000 on TL Transactions for a Claiming Futures Class Member, then NL shall be $550.00 which ($1,500 minus $1,000) plus ten percent.  However, to the extent that the Claiming Futures Class Members' trading was hedging, this amount shall be subject to a 50% reduction.  *Example*:  If the Claiming Futures Class Member's Total Losses minus Total Gains results in a figure of $10, and such Class member's trading was hedging throughout the Class Period, then the NL shall be $5.50.  The Settlement Administrator shall also require Futures Class Members to identify whether they are swaps-dealers.  The NL of a Claiming Futures Class Member whose trading was undertaken as a swaps-dealer, shall be subject to a reduction of 91%.

11.       The Total Losses shall be determined by adding together the sum total of each Claiming Futures Class Member's losses on NL Transactions.

12.       The Total Gains shall be determined by adding together the sum total of each Claiming Futures Class Member's gains on NL Transactions.

13.       If the Claiming Futures Class Member's Total Losses exceed their Total Gains, then the Claiming Futures Class Member will have positive NL and will be entitled to participate as described in ¶14 below.

14.       (a) Specifically, 10% of the Net Settlement Fund will be distributed to Claiming Futures Class Members who have positive NL as described in Subparagraphs (b) – (c) below.

(b) Solely for purposes of the distribution *inter se* among Claiming Futures Class Members with NL will be as set forth in (i)-(iv) below.  Any inability by any Class member to supply data to complete the following calculations shall be a matter among Class members *inter se.*

     i.   **First Pool**.  Three percent (3%) of the Net Settlement Fund will be paid out pro rata based on each Claiming Futures Class Member's total NL.  <u>Example</u>:  If a Claiming Futures Class Member's NL constitutes 1% of the total NL of all Claiming Futures Class Members who have positive NL, then that Claiming Futures Class Member will receive 1% of the payment from this First Pool.

     ii.  **Second Pool**.  Seven percent (7%) of the Net Settlement Fund will be paid out pursuant to a method of distribution that will be proposed by Futures Class Counsel after (a) all the proofs of claim have been analyzed and (b) the Net Artificiality Paid and Net Losses have been determined.

     iii. Notice of this proposed method of distribution of the 7% of the Net Settlement Fund will be provided to Claiming Futures Class Members who will have a right to object such method.  Such proposed method will be subject to approval by the Court.

     iv.  Such proposed method of distribution will take reasonable, fair account of Futures Class Counsel's assessment of the strengths and weaknesses of Claiming Futures Class Members' potential equitable and legal entitlements.  In this regard, it is anticipated that losses and gains incurred after September 17, 2008, will be discounted, significant net artificiality received by Claiming Futures Class Members will be deducted, and/or payouts in respect of pre-September 17, 2008, transactions may be enhanced in varying amounts.[2]  This will be proposed in the manner that, in Futures Class Counsel's judgment, is most fair and reasonable in light of all the circumstances including the resulting amounts of distribution to Claiming Futures Class Members.

(c) For purposes of the distribution *inter se* among Claiming Futures Class Members, each Claiming Futures Class Member shall be entitled to receive the sum of their payments due, if any, under the First Pool and Second Pool above.

15.       Each Claiming Futures Class Member will be entitled to a total payment from the Net Settlement Fund equal to their NAP plus their sum total NL under ¶14(c).  Again, negative NAP is not netted against NL and net gains in the NL are not netted against NAP.

16.       All determinations under this Plan of Allocation shall be made by the Settlement Administrator subject to review by Futures Lead Counsel and the Court.

17.       This Plan shall be subject to change by the Court without further notice to Class members.

---

[2] This also includes transactions during the period prior to November 15, 2007, including on or about June 7, 2006, June 8, 2006, June 14, 2006, June 20, 2006, June 27, 2006, July 19, 2006, August 1, 2006, August 22, 2006, August 30, 2006, September 7, 2006, September 8, 2006, September 15, 2006, October 6, 2006, February 13, 2007, March 18, 2007, May 17, 2007, August 10, 2007, October 18, 2007, October 24, 2007 and October 25, 2007

EXHIBIT A

**PLATINUM**

For transactions between 1:05 p.m. for platinum futures contracts on November 19, 2007, and anytime on June 18, 2008, inclusive, the amount of positive artificiality for each futures contract is set forth below. For each day after November 19, 2007, the amount of artificiality shall be the amount reflected for the prior day UNTIL 1:05 p.m. for platinum. For transactions occurring after 1:05 p.m. for platinum the artificiality shall be the amount of artificiality listed for that day.

As a practical matter, a substantial portion of the trading volume in NYMEX platinum futures contracts is limited to the quarterly contract months of January, April, July and October. However, intermediate contracts (*i.e.*, contracts expiring between the foregoing four quarterly contracts) do occasionally trade.

The artificiality for further out contracts (*i.e.*, contracts trading beyond the third month contract in the quarterly cycle) shall be the same as the artificiality for the third month quarterly contract. The artificiality for intermediate contracts shall be based on a time-weighted average of the two bounding quarterly contracts. Example: The January NYMEX platinum futures contract is the first month quarterly contract and has artificiality of $200. The April NYMEX platinum futures contract is the second month quarterly contract and has artificiality of $170. The February NYMEX platinum futures contract is an intermediate contract. In the foregoing example, the artificiality of the intermediate February contract would be $190 (*i.e.*, 2/3 of the artificiality of the first month January quarterly contract PLUS 1/3 of the artificiality of the second month April quarterly contract).

**Platinum Daily Artificiality Estimates**
**($ per troy ounce)**

| Date | Front Month | Artificiality | Second Month | Artificiality | Third Month | Artificiality |
|---|---|---|---|---|---|---|
| 19-Nov-07 | Jan-08 | $1.9299 | Apr-08 | $1.7673 | Jul-08 | $1.1725 |
| 20-Nov-07 | Jan-08 | $2.8948 | Apr-08 | $2.6509 | Jul-08 | $1.7587 |
| 21-Nov-07 | Jan-08 | $4.8247 | Apr-08 | $4.4182 | Jul-08 | $2.9312 |
| 23-Nov-07 | Jan-08 | $4.8247 | Apr-08 | $4.4182 | Jul-08 | $2.9312 |
| 26-Nov-07 | Jan-08 | $4.8247 | Apr-08 | $4.4182 | Jul-08 | $2.9312 |
| 27-Nov-07 | Jan-08 | $5.7897 | Apr-08 | $5.3018 | Jul-08 | $3.5174 |
| 28-Nov-07 | Jan-08 | $7.7196 | Apr-08 | $7.0690 | Jul-08 | $4.6899 |
| 29-Nov-07 | Jan-08 | $7.7196 | Apr-08 | $7.0690 | Jul-08 | $4.6899 |
| 30-Nov-07 | Jan-08 | $9.6495 | Apr-08 | $8.8363 | Jul-08 | $5.8623 |
| 3-Dec-07 | Jan-08 | $10.6144 | Apr-08 | $9.7199 | Jul-08 | $6.4486 |
| 4-Dec-07 | Jan-08 | $12.5443 | Apr-08 | $11.4872 | Jul-08 | $7.6210 |
| 5-Dec-07 | Jan-08 | $14.4742 | Apr-08 | $13.2545 | Jul-08 | $8.7935 |
| 6-Dec-07 | Jan-08 | $16.4041 | Apr-08 | $15.0217 | Jul-08 | $9.9660 |
| 7-Dec-07 | Jan-08 | $18.3340 | Apr-08 | $16.7890 | Jul-08 | $11.1384 |
| 10-Dec-07 | Jan-08 | $20.2639 | Apr-08 | $18.5563 | Jul-08 | $12.3109 |
| 11-Dec-07 | Jan-08 | $20.2639 | Apr-08 | $18.5563 | Jul-08 | $12.3109 |
| 12-Dec-07 | Jan-08 | $24.1237 | Apr-08 | $22.0908 | Jul-08 | $14.6558 |
| 13-Dec-07 | Jan-08 | $24.1237 | Apr-08 | $22.0908 | Jul-08 | $14.6558 |
| 14-Dec-07 | Jan-08 | $27.0185 | Apr-08 | $24.7417 | Jul-08 | $16.4145 |
| 17-Dec-07 | Jan-08 | $28.9484 | Apr-08 | $26.5089 | Jul-08 | $17.5870 |
| 18-Dec-07 | Jan-08 | $30.8783 | Apr-08 | $28.2762 | Jul-08 | $18.7595 |
| 19-Dec-07 | Jan-08 | $30.8783 | Apr-08 | $28.2762 | Jul-08 | $18.7595 |
| 20-Dec-07 | Jan-08 | $30.8783 | Apr-08 | $28.2762 | Jul-08 | $18.7595 |
| 21-Dec-07 | Jan-08 | $34.7381 | Apr-08 | $31.8107 | Jul-08 | $21.1044 |
| 24-Dec-07 | Jan-08 | $34.7381 | Apr-08 | $31.8107 | Jul-08 | $21.1044 |
| 26-Dec-07 | Jan-08 | $36.6680 | Apr-08 | $33.5780 | Jul-08 | $22.2769 |
| 27-Dec-07 | Jan-08 | $38.5979 | Apr-08 | $35.3452 | Jul-08 | $23.4493 |
| 28-Dec-07 | Jan-08 | $40.5278 | Apr-08 | $37.1125 | Jul-08 | $24.6218 |
| 31-Dec-07 | Jan-08 | $44.3876 | Apr-08 | $40.6470 | Jul-08 | $26.9667 |
| 2-Jan-08 | Jan-08 | $46.3175 | Apr-08 | $42.4143 | Jul-08 | $28.1392 |

| Date | Front Month | Artificiality | Second Month | Artificiality | Third Month | Artificiality |
|---|---|---|---|---|---|---|
| 3-Jan-08 | Jan-08 | $50.1773 | Apr-08 | $45.9488 | Jul-08 | $30.4841 |
| 4-Jan-08 | Jan-08 | $52.1072 | Apr-08 | $47.7161 | Jul-08 | $31.6566 |
| 7-Jan-08 | Jan-08 | $54.0371 | Apr-08 | $49.4833 | Jul-08 | $32.8291 |
| 8-Jan-08 | Jan-08 | $55.9670 | Apr-08 | $51.2506 | Jul-08 | $34.0015 |
| 9-Jan-08 | Jan-08 | $57.8969 | Apr-08 | $53.0179 | Jul-08 | $35.1740 |
| 10-Jan-08 | Jan-08 | $59.8268 | Apr-08 | $54.7851 | Jul-08 | $36.3465 |
| 11-Jan-08 | Jan-08 | $61.7567 | Apr-08 | $56.5524 | Jul-08 | $37.5189 |
| 14-Jan-08 | Jan-08 | $65.6165 | Apr-08 | $60.0869 | Jul-08 | $39.8639 |
| 15-Jan-08 | Jan-08 | $67.5464 | Apr-08 | $61.8542 | Jul-08 | $41.0363 |
| 16-Jan-08 | Jan-08 | $67.5464 | Apr-08 | $61.8542 | Jul-08 | $41.0363 |
| 17-Jan-08 | Jan-08 | $71.4062 | Apr-08 | $65.3887 | Jul-08 | $43.3813 |
| 18-Jan-08 | Jan-08 | $75.2659 | Apr-08 | $68.9232 | Jul-08 | $45.7262 |
| 22-Jan-08 | Jan-08 | $79.1257 | Apr-08 | $72.4578 | Jul-08 | $48.0711 |
| 23-Jan-08 | Jan-08 | $82.9855 | Apr-08 | $75.9923 | Jul-08 | $50.4161 |
| 24-Jan-08 | Jan-08 | $86.8453 | Apr-08 | $79.5268 | Jul-08 | $52.7610 |
| 25-Jan-08 | Jan-08 | $90.7051 | Apr-08 | $83.0613 | Jul-08 | $55.1059 |
| 28-Jan-08 | Jan-08 | $94.5649 | Apr-08 | $86.5959 | Jul-08 | $57.4508 |
| 29-Jan-08 | Jan-08 | $98.4247 | Apr-08 | $90.1304 | Jul-08 | $59.7958 |
| 30-Jan-08 | Apr-08 | $100.3546 | Jul-08 | $91.8976 | Oct-08 | $60.9682 |
| 31-Jan-08 | Apr-08 | $100.3546 | Jul-08 | $91.8976 | Oct-08 | $60.9682 |
| 1-Feb-08 | Apr-08 | $100.3546 | Jul-08 | $91.8976 | Oct-08 | $60.9682 |
| 4-Feb-08 | Apr-08 | $102.2845 | Jul-08 | $93.6649 | Oct-08 | $62.1407 |
| 5-Feb-08 | Apr-08 | $106.1443 | Jul-08 | $97.1994 | Oct-08 | $64.4856 |
| 6-Feb-08 | Apr-08 | $110.0041 | Jul-08 | $100.7340 | Oct-08 | $66.8306 |
| 7-Feb-08 | Apr-08 | $113.8639 | Jul-08 | $104.2685 | Oct-08 | $69.1755 |
| 8-Feb-08 | Apr-08 | $117.7237 | Jul-08 | $107.8030 | Oct-08 | $71.5204 |
| 11-Feb-08 | Apr-08 | $119.6536 | Jul-08 | $109.5703 | Oct-08 | $72.6929 |
| 12-Feb-08 | Apr-08 | $123.5133 | Jul-08 | $113.1048 | Oct-08 | $75.0378 |
| 13-Feb-08 | Apr-08 | $125.4432 | Jul-08 | $114.8721 | Oct-08 | $76.2103 |
| 14-Feb-08 | Apr-08 | $129.3030 | Jul-08 | $118.4066 | Oct-08 | $78.5552 |
| 15-Feb-08 | Apr-08 | $133.1628 | Jul-08 | $121.9411 | Oct-08 | $80.9002 |
| 19-Feb-08 | Apr-08 | $133.1628 | Jul-08 | $121.9411 | Oct-08 | $80.9002 |
| 20-Feb-08 | Apr-08 | $137.0226 | Jul-08 | $125.4756 | Oct-08 | $83.2451 |
| 21-Feb-08 | Apr-08 | $140.8824 | Jul-08 | $129.0102 | Oct-08 | $85.5900 |
| 22-Feb-08 | Apr-08 | $144.7422 | Jul-08 | $132.5447 | Oct-08 | $87.9350 |
| 25-Feb-08 | Apr-08 | $148.6020 | Jul-08 | $136.0792 | Oct-08 | $90.2799 |
| 26-Feb-08 | Apr-08 | $152.4618 | Jul-08 | $139.6137 | Oct-08 | $92.6248 |
| 27-Feb-08 | Apr-08 | $156.3216 | Jul-08 | $143.1483 | Oct-08 | $94.9698 |
| 28-Feb-08 | Apr-08 | $156.3216 | Jul-08 | $143.1483 | Oct-08 | $94.9698 |
| 29-Feb-08 | Apr-08 | $160.1814 | Jul-08 | $146.6828 | Oct-08 | $97.3147 |
| 3-Mar-08 | Apr-08 | $164.0412 | Jul-08 | $150.2173 | Oct-08 | $99.6596 |
| 4-Mar-08 | Apr-08 | $165.9711 | Jul-08 | $151.9846 | Oct-08 | $100.8321 |
| 5-Mar-08 | Apr-08 | $169.8309 | Jul-08 | $155.5191 | Oct-08 | $103.1770 |
| 6-Mar-08 | Apr-08 | $173.6906 | Jul-08 | $159.0536 | Oct-08 | $105.5220 |
| 7-Mar-08 | Apr-08 | $173.6906 | Jul-08 | $159.0536 | Oct-08 | $105.5220 |

| Date | Front Month | Artificiality | Second Month | Artificiality | Third Month | Artificiality |
|---|---|---|---|---|---|---|
| 10-Mar-08 | Apr-08 | $177.5504 | Jul-08 | $162.5881 | Oct-08 | $107.8669 |
| 11-Mar-08 | Apr-08 | $177.5504 | Jul-08 | $162.5881 | Oct-08 | $107.8669 |
| 12-Mar-08 | Apr-08 | $177.5504 | Jul-08 | $162.5881 | Oct-08 | $107.8669 |
| 13-Mar-08 | Apr-08 | $177.5504 | Jul-08 | $162.5881 | Oct-08 | $107.8669 |
| 14-Mar-08 | Apr-08 | $177.5504 | Jul-08 | $162.5881 | Oct-08 | $107.8669 |
| 17-Mar-08 | Apr-08 | $177.5504 | Jul-08 | $162.5881 | Oct-08 | $107.8669 |
| 18-Mar-08 | Apr-08 | $177.5504 | Jul-08 | $162.5881 | Oct-08 | $107.8669 |
| 19-Mar-08 | Apr-08 | $177.5504 | Jul-08 | $162.5881 | Oct-08 | $107.8669 |
| 20-Mar-08 | Apr-08 | $181.4102 | Jul-08 | $166.1227 | Oct-08 | $110.2118 |
| 24-Mar-08 | Apr-08 | $183.3401 | Jul-08 | $167.8899 | Oct-08 | $111.3843 |
| 25-Mar-08 | Apr-08 | $183.3401 | Jul-08 | $167.8899 | Oct-08 | $111.3843 |
| 26-Mar-08 | Apr-08 | $187.1999 | Jul-08 | $171.4245 | Oct-08 | $113.7292 |
| 27-Mar-08 | Apr-08 | $187.1999 | Jul-08 | $171.4245 | Oct-08 | $113.7292 |
| 28-Mar-08 | Apr-08 | $191.0597 | Jul-08 | $174.9590 | Oct-08 | $116.0742 |
| 31-Mar-08 | Apr-08 | $194.9195 | Jul-08 | $178.4935 | Oct-08 | $118.4191 |
| 1-Apr-08 | Apr-08 | $198.7793 | Jul-08 | $182.0280 | Oct-08 | $120.7640 |
| 2-Apr-08 | Apr-08 | $198.7793 | Jul-08 | $182.0280 | Oct-08 | $120.7640 |
| 3-Apr-08 | Apr-08 | $200.7092 | Jul-08 | $183.7953 | Oct-08 | $121.9365 |
| 4-Apr-08 | Apr-08 | $201.6741 | Jul-08 | $184.6789 | Oct-08 | $122.5227 |
| 7-Apr-08 | Apr-08 | $203.6040 | Jul-08 | $186.4462 | Oct-08 | $123.6952 |
| 8-Apr-08 | Apr-08 | $203.6040 | Jul-08 | $186.4462 | Oct-08 | $123.6952 |
| 9-Apr-08 | Apr-08 | $207.4638 | Jul-08 | $189.9807 | Oct-08 | $126.0401 |
| 10-Apr-08 | Apr-08 | $209.3937 | Jul-08 | $191.7480 | Oct-08 | $127.2126 |
| 11-Apr-08 | Apr-08 | $211.3236 | Jul-08 | $193.5152 | Oct-08 | $128.3851 |
| 14-Apr-08 | Apr-08 | $211.3236 | Jul-08 | $193.5152 | Oct-08 | $128.3851 |
| 15-Apr-08 | Apr-08 | $211.3236 | Jul-08 | $193.5152 | Oct-08 | $128.3851 |
| 16-Apr-08 | Apr-08 | $213.2535 | Jul-08 | $195.2825 | Oct-08 | $129.5575 |
| 17-Apr-08 | Apr-08 | $215.1834 | Jul-08 | $197.0498 | Oct-08 | $130.7300 |
| 18-Apr-08 | Apr-08 | $217.1133 | Jul-08 | $198.8170 | Oct-08 | $131.9025 |
| 21-Apr-08 | Apr-08 | $219.0432 | Jul-08 | $200.5843 | Oct-08 | $133.0749 |
| 22-Apr-08 | Apr-08 | $220.9731 | Jul-08 | $202.3516 | Oct-08 | $134.2474 |
| 23-Apr-08 | Apr-08 | $220.9731 | Jul-08 | $202.3516 | Oct-08 | $134.2474 |
| 24-Apr-08 | Apr-08 | $220.9731 | Jul-08 | $202.3516 | Oct-08 | $134.2474 |
| 25-Apr-08 | Apr-08 | $220.9731 | Jul-08 | $202.3516 | Oct-08 | $134.2474 |
| 28-Apr-08 | Apr-08 | $220.9731 | Jul-08 | $202.3516 | Oct-08 | $134.2474 |
| 29-Apr-08 | Apr-08 | $222.9030 | Jul-08 | $204.1188 | Oct-08 | $135.4199 |
| 30-Apr-08 | Jul-08 | $223.8679 | Oct-08 | $205.0024 | Jan-09 | $136.0061 |
| 1-May-08 | Jul-08 | $225.7978 | Oct-08 | $206.7697 | Jan-09 | $137.1786 |
| 2-May-08 | Jul-08 | $227.7277 | Oct-08 | $208.5370 | Jan-09 | $138.3510 |
| 5-May-08 | Jul-08 | $227.7277 | Oct-08 | $208.5370 | Jan-09 | $138.3510 |
| 6-May-08 | Jul-08 | $229.6576 | Oct-08 | $210.3042 | Jan-09 | $139.5235 |
| 7-May-08 | Jul-08 | $231.5875 | Oct-08 | $212.0715 | Jan-09 | $140.6960 |
| 8-May-08 | Jul-08 | $235.4473 | Oct-08 | $215.6060 | Jan-09 | $143.0409 |
| 9-May-08 | Jul-08 | $239.3071 | Oct-08 | $219.1405 | Jan-09 | $145.3858 |
| 12-May-08 | Jul-08 | $243.1669 | Oct-08 | $222.6751 | Jan-09 | $147.7308 |

| Date | Front Month | Artificiality | Second Month | Artificiality | Third Month | Artificiality |
|---|---|---|---|---|---|---|
| 13-May-08 | Jul-08 | $245.0968 | Oct-08 | $224.4423 | Jan-09 | $148.9032 |
| 14-May-08 | Jul-08 | $247.9916 | Oct-08 | $227.0932 | Jan-09 | $150.6619 |
| 15-May-08 | Jul-08 | $251.8514 | Oct-08 | $230.6278 | Jan-09 | $153.0069 |
| 16-May-08 | Jul-08 | $255.7112 | Oct-08 | $234.1623 | Jan-09 | $155.3518 |
| 19-May-08 | Jul-08 | $257.6411 | Oct-08 | $235.9295 | Jan-09 | $156.5242 |
| 20-May-08 | Jul-08 | $261.5009 | Oct-08 | $239.4641 | Jan-09 | $158.8692 |
| 21-May-08 | Jul-08 | $263.4308 | Oct-08 | $241.2313 | Jan-09 | $160.0416 |
| 22-May-08 | Jul-08 | $263.4308 | Oct-08 | $241.2313 | Jan-09 | $160.0416 |
| 23-May-08 | Jul-08 | $263.4308 | Oct-08 | $241.2313 | Jan-09 | $160.0416 |
| 27-May-08 | Jul-08 | $248.1304 | Oct-08 | $227.2203 | Jan-09 | $150.7462 |
| 28-May-08 | Jul-08 | $157.8278 | Oct-08 | $144.5275 | Jan-09 | $95.8848 |
| 29-May-08 | Jul-08 | $95.0675 | Oct-08 | $87.0561 | Jan-09 | $57.7562 |
| 30-May-08 | Jul-08 | $95.0675 | Oct-08 | $87.0561 | Jan-09 | $57.7562 |
| 2-Jun-08 | Jul-08 | $91.2073 | Oct-08 | $83.5212 | Jan-09 | $55.4110 |
| 3-Jun-08 | Jul-08 | $89.8490 | Oct-08 | $82.2774 | Jan-09 | $54.5858 |
| 4-Jun-08 | Jul-08 | $76.6657 | Oct-08 | $70.2051 | Jan-09 | $46.5766 |
| 5-Jun-08 | Jul-08 | $64.8719 | Oct-08 | $59.4051 | Jan-09 | $39.4115 |
| 6-Jun-08 | Jul-08 | $64.8719 | Oct-08 | $59.4051 | Jan-09 | $39.4115 |
| 9-Jun-08 | Jul-08 | $64.8719 | Oct-08 | $59.4051 | Jan-09 | $39.4115 |
| 10-Jun-08 | Jul-08 | $39.9260 | Oct-08 | $36.5614 | Jan-09 | $24.2561 |
| 11-Jun-08 | Jul-08 | $39.9260 | Oct-08 | $36.5614 | Jan-09 | $24.2561 |
| 12-Jun-08 | Jul-08 | $39.9260 | Oct-08 | $36.5614 | Jan-09 | $24.2561 |
| 13-Jun-08 | Jul-08 | $39.9260 | Oct-08 | $36.5614 | Jan-09 | $24.2561 |
| 16-Jun-08 | Jul-08 | $15.1968 | Oct-08 | $13.9162 | Jan-09 | $9.2325 |
| 17-Jun-08 | Jul-08 | $14.4375 | Oct-08 | $13.2208 | Jan-09 | $8.7712 |
| 18-Jun-08 | Jul-08 | $14.4375 | Oct-08 | $13.2208 | Jan-09 | $8.7712 |

**EXHIBIT B**

**PALLADIUM**

For transactions between 1:00 p.m. for palladium futures contracts on November 1, 2007, and any time on June 18, 2008, inclusive, the amount of positive artificiality for each futures contract is set forth below.  For each day after November 1, 2007, the amount of artificiality shall be the amount reflected for the prior day UNTIL 1:00 p.m. for palladium.  For transactions occurring after 1:00 p.m. for palladium, the artificiality shall be the amount of artificiality listed for that day.

As a practical matter, a substantial portion of the trading volume in NYMEX palladium futures contracts is limited to the quarterly contract months of March, June, September and December.  However, intermediate contracts (*i.e.*, contracts expiring between the foregoing four quarterly contracts) do occasionally trade.

The artificiality for further out contracts (*i.e.*, contracts trading beyond the third month contract in the quarterly cycle) shall be the same as the artificiality for the third month quarterly contract.  The artificiality for intermediate contracts shall be based on a time-weighted average of the two bounding quarterly contracts.  Example:  The March NYMEX palladium futures contract is the first month quarterly contract and has artificiality of $70.  The June NYMEX palladium futures contract is the second month quarterly contract and has artificiality of $40.  The May NYMEX palladium futures contract is an intermediate contract.  In the foregoing example, the artificiality of the intermediate May contract would be $50 (*i.e.*, 1/3 of the artificiality of the first month March quarterly contract PLUS 2/3 of the artificiality of the second month June quarterly contract).

**Palladium Daily Artificiality Estimates**
**($ per troy ounce)**

| Date | Front Month | Artificiality | Second Month | Artificiality | Third Month | Artificiality |
|------|-------------|---------------|--------------|---------------|-------------|---------------|
| 1-Nov-07 | Dec-07 | $0.2715 | Mar-08 | $0.2758 | Jun-08 | $0.2744 |
| 2-Nov-07 | Dec-07 | $0.2715 | Mar-08 | $0.2758 | Jun-08 | $0.2744 |
| 5-Nov-07 | Dec-07 | $0.5429 | Mar-08 | $0.5515 | Jun-08 | $0.5488 |
| 6-Nov-07 | Dec-07 | $1.0859 | Mar-08 | $1.1031 | Jun-08 | $1.0976 |
| 7-Nov-07 | Dec-07 | $1.3574 | Mar-08 | $1.3788 | Jun-08 | $1.3720 |
| 8-Nov-07 | Dec-07 | $1.6288 | Mar-08 | $1.6546 | Jun-08 | $1.6464 |
| 9-Nov-07 | Dec-07 | $1.9003 | Mar-08 | $1.9304 | Jun-08 | $1.9208 |
| 12-Nov-07 | Dec-07 | $2.1718 | Mar-08 | $2.2062 | Jun-08 | $2.1952 |
| 13-Nov-07 | Dec-07 | $2.7147 | Mar-08 | $2.7577 | Jun-08 | $2.7440 |
| 14-Nov-07 | Dec-07 | $2.9862 | Mar-08 | $3.0335 | Jun-08 | $3.0184 |
| 15-Nov-07 | Dec-07 | $3.2577 | Mar-08 | $3.3092 | Jun-08 | $3.2928 |
| 16-Nov-07 | Dec-07 | $3.2577 | Mar-08 | $3.3092 | Jun-08 | $3.2928 |
| 19-Nov-07 | Dec-07 | $3.2577 | Mar-08 | $3.3092 | Jun-08 | $3.2928 |
| 20-Nov-07 | Dec-07 | $3.5291 | Mar-08 | $3.5850 | Jun-08 | $3.5672 |
| 21-Nov-07 | Dec-07 | $3.8006 | Mar-08 | $3.8608 | Jun-08 | $3.8416 |
| 23-Nov-07 | Dec-07 | $4.0721 | Mar-08 | $4.1365 | Jun-08 | $4.1160 |
| 26-Nov-07 | Dec-07 | $4.3436 | Mar-08 | $4.4123 | Jun-08 | $4.3904 |
| 27-Nov-07 | Dec-07 | $4.8865 | Mar-08 | $4.9638 | Jun-08 | $4.9392 |
| 28-Nov-07 | Dec-07 | $5.4294 | Mar-08 | $5.5154 | Jun-08 | $5.4880 |
| 29-Nov-07 | Dec-07 | $5.7009 | Mar-08 | $5.7912 | Jun-08 | $5.7624 |
| 30-Nov-07 | Dec-07 | $6.7868 | Mar-08 | $6.8942 | Jun-08 | $6.8600 |
| 3-Dec-07 | Dec-07 | $7.0583 | Mar-08 | $7.1700 | Jun-08 | $7.1344 |
| 4-Dec-07 | Dec-07 | $7.3297 | Mar-08 | $7.4458 | Jun-08 | $7.4088 |
| 5-Dec-07 | Dec-07 | $7.8727 | Mar-08 | $7.9973 | Jun-08 | $7.9576 |
| 6-Dec-07 | Dec-07 | $8.4156 | Mar-08 | $8.5488 | Jun-08 | $8.5064 |
| 7-Dec-07 | Dec-07 | $8.4156 | Mar-08 | $8.5488 | Jun-08 | $8.5064 |
| 10-Dec-07 | Dec-07 | $8.9586 | Mar-08 | $9.1004 | Jun-08 | $9.0552 |
| 11-Dec-07 | Dec-07 | $8.9586 | Mar-08 | $9.1004 | Jun-08 | $9.0552 |
| 12-Dec-07 | Dec-07 | $9.5015 | Mar-08 | $9.6519 | Jun-08 | $9.6040 |
| 13-Dec-07 | Dec-07 | $10.0445 | Mar-08 | $10.2035 | Jun-08 | $10.1528 |

| Date | Front Month | Artificiality | Second Month | Artificiality | Third Month | Artificiality |
|---|---|---|---|---|---|---|
| 14-Dec-07 | Dec-07 | $10.5874 | Mar-08 | $10.7550 | Jun-08 | $10.7016 |
| 17-Dec-07 | Dec-07 | $11.1304 | Mar-08 | $11.3065 | Jun-08 | $11.2503 |
| 18-Dec-07 | Dec-07 | $11.6733 | Mar-08 | $11.8581 | Jun-08 | $11.7991 |
| 19-Dec-07 | Dec-07 | $11.6733 | Mar-08 | $11.8581 | Jun-08 | $11.7991 |
| 20-Dec-07 | Dec-07 | $11.6733 | Mar-08 | $11.8581 | Jun-08 | $11.7991 |
| 21-Dec-07 | Dec-07 | $12.2162 | Mar-08 | $12.4096 | Jun-08 | $12.3479 |
| 24-Dec-07 | Dec-07 | $12.7592 | Mar-08 | $12.9612 | Jun-08 | $12.8967 |
| 26-Dec-07 | Dec-07 | $13.3021 | Mar-08 | $13.5127 | Jun-08 | $13.4455 |
| 27-Dec-07 | Dec-07 | $13.8451 | Mar-08 | $14.0642 | Jun-08 | $13.9943 |
| 28-Dec-07 | Mar-08 | $14.3880 | Jun-08 | $14.6158 | Sep-08 | $14.5431 |
| 31-Dec-07 | Mar-08 | $15.4739 | Jun-08 | $15.7188 | Sep-08 | $15.6407 |
| 2-Jan-08 | Mar-08 | $16.0169 | Jun-08 | $16.2704 | Sep-08 | $16.1895 |
| 3-Jan-08 | Mar-08 | $16.5598 | Jun-08 | $16.8219 | Sep-08 | $16.7383 |
| 4-Jan-08 | Mar-08 | $17.1027 | Jun-08 | $17.3735 | Sep-08 | $17.2871 |
| 7-Jan-08 | Mar-08 | $17.6457 | Jun-08 | $17.9250 | Sep-08 | $17.8359 |
| 8-Jan-08 | Mar-08 | $18.1886 | Jun-08 | $18.4765 | Sep-08 | $18.3847 |
| 9-Jan-08 | Mar-08 | $18.7316 | Jun-08 | $19.0281 | Sep-08 | $18.9335 |
| 10-Jan-08 | Mar-08 | $19.2745 | Jun-08 | $19.5796 | Sep-08 | $19.4823 |
| 11-Jan-08 | Mar-08 | $19.8175 | Jun-08 | $20.1312 | Sep-08 | $20.0311 |
| 14-Jan-08 | Mar-08 | $20.9034 | Jun-08 | $21.2342 | Sep-08 | $21.1287 |
| 15-Jan-08 | Mar-08 | $21.4463 | Jun-08 | $21.7858 | Sep-08 | $21.6775 |
| 16-Jan-08 | Mar-08 | $21.4463 | Jun-08 | $21.7858 | Sep-08 | $21.6775 |
| 17-Jan-08 | Mar-08 | $22.5322 | Jun-08 | $22.8888 | Sep-08 | $22.7751 |
| 18-Jan-08 | Mar-08 | $23.6181 | Jun-08 | $23.9919 | Sep-08 | $23.8727 |
| 22-Jan-08 | Mar-08 | $24.1610 | Jun-08 | $24.5435 | Sep-08 | $24.4215 |
| 23-Jan-08 | Mar-08 | $24.7040 | Jun-08 | $25.0950 | Sep-08 | $24.9703 |
| 24-Jan-08 | Mar-08 | $25.7899 | Jun-08 | $26.1981 | Sep-08 | $26.0679 |
| 25-Jan-08 | Mar-08 | $26.8757 | Jun-08 | $27.3012 | Sep-08 | $27.1655 |
| 28-Jan-08 | Mar-08 | $27.9616 | Jun-08 | $28.4042 | Sep-08 | $28.2631 |
| 29-Jan-08 | Mar-08 | $29.0475 | Jun-08 | $29.5073 | Sep-08 | $29.3607 |
| 30-Jan-08 | Mar-08 | $29.0475 | Jun-08 | $29.5073 | Sep-08 | $29.3607 |
| 31-Jan-08 | Mar-08 | $29.0475 | Jun-08 | $29.5073 | Sep-08 | $29.3607 |
| 1-Feb-08 | Mar-08 | $29.0475 | Jun-08 | $29.5073 | Sep-08 | $29.3607 |
| 4-Feb-08 | Mar-08 | $29.5905 | Jun-08 | $30.0588 | Sep-08 | $29.9095 |
| 5-Feb-08 | Mar-08 | $30.1334 | Jun-08 | $30.6104 | Sep-08 | $30.4583 |
| 6-Feb-08 | Mar-08 | $31.2193 | Jun-08 | $31.7135 | Sep-08 | $31.5559 |
| 7-Feb-08 | Mar-08 | $31.7622 | Jun-08 | $32.2650 | Sep-08 | $32.1047 |
| 8-Feb-08 | Mar-08 | $32.8481 | Jun-08 | $33.3681 | Sep-08 | $33.2022 |
| 11-Feb-08 | Mar-08 | $33.3911 | Jun-08 | $33.9196 | Sep-08 | $33.7510 |
| 12-Feb-08 | Mar-08 | $33.9340 | Jun-08 | $34.4711 | Sep-08 | $34.2998 |
| 13-Feb-08 | Mar-08 | $34.4770 | Jun-08 | $35.0227 | Sep-08 | $34.8486 |
| 14-Feb-08 | Mar-08 | $35.5629 | Jun-08 | $36.1258 | Sep-08 | $35.9462 |
| 15-Feb-08 | Mar-08 | $36.6487 | Jun-08 | $37.2288 | Sep-08 | $37.0438 |
| 19-Feb-08 | Mar-08 | $37.7346 | Jun-08 | $38.3319 | Sep-08 | $38.1414 |
| 20-Feb-08 | Mar-08 | $38.8205 | Jun-08 | $39.4350 | Sep-08 | $39.2390 |

| Date | Front Month | Artificiality | Second Month | Artificiality | Third Month | Artificiality |
|------|-------------|---------------|--------------|---------------|-------------|---------------|
| 21-Feb-08 | Mar-08 | $39.9064 | Jun-08 | $40.5381 | Sep-08 | $40.3366 |
| 22-Feb-08 | Mar-08 | $40.9923 | Jun-08 | $41.6411 | Sep-08 | $41.4342 |
| 25-Feb-08 | Mar-08 | $42.0782 | Jun-08 | $42.7442 | Sep-08 | $42.5318 |
| 26-Feb-08 | Mar-08 | $43.1641 | Jun-08 | $43.8473 | Sep-08 | $43.6294 |
| 27-Feb-08 | Mar-08 | $44.2500 | Jun-08 | $44.9504 | Sep-08 | $44.7270 |
| 28-Feb-08 | Mar-08 | $44.2500 | Jun-08 | $44.9504 | Sep-08 | $44.7270 |
| 29-Feb-08 | Mar-08 | $45.3359 | Jun-08 | $46.0535 | Sep-08 | $45.8246 |
| 3-Mar-08 | Mar-08 | $46.4217 | Jun-08 | $47.1565 | Sep-08 | $46.9222 |
| 4-Mar-08 | Mar-08 | $47.5076 | Jun-08 | $48.2596 | Sep-08 | $48.0198 |
| 5-Mar-08 | Mar-08 | $48.5935 | Jun-08 | $49.3627 | Sep-08 | $49.1174 |
| 6-Mar-08 | Mar-08 | $49.6794 | Jun-08 | $50.4658 | Sep-08 | $50.2150 |
| 7-Mar-08 | Mar-08 | $50.4938 | Jun-08 | $51.2931 | Sep-08 | $51.0382 |
| 10-Mar-08 | Mar-08 | $51.5797 | Jun-08 | $52.3961 | Sep-08 | $52.1358 |
| 11-Mar-08 | Mar-08 | $52.1227 | Jun-08 | $52.9477 | Sep-08 | $52.6846 |
| 12-Mar-08 | Mar-08 | $52.6656 | Jun-08 | $53.4992 | Sep-08 | $53.2334 |
| 13-Mar-08 | Mar-08 | $52.6656 | Jun-08 | $53.4992 | Sep-08 | $53.2334 |
| 14-Mar-08 | Mar-08 | $53.7515 | Jun-08 | $54.6023 | Sep-08 | $54.3309 |
| 17-Mar-08 | Mar-08 | $54.8374 | Jun-08 | $55.7054 | Sep-08 | $55.4285 |
| 18-Mar-08 | Mar-08 | $54.8374 | Jun-08 | $55.7054 | Sep-08 | $55.4285 |
| 19-Mar-08 | Mar-08 | $54.8374 | Jun-08 | $55.7054 | Sep-08 | $55.4285 |
| 20-Mar-08 | Mar-08 | $55.9233 | Jun-08 | $56.8085 | Sep-08 | $56.5261 |
| 24-Mar-08 | Mar-08 | $56.4662 | Jun-08 | $57.3600 | Sep-08 | $57.0749 |
| 25-Mar-08 | Mar-08 | $57.5521 | Jun-08 | $58.4631 | Sep-08 | $58.1725 |
| 26-Mar-08 | Mar-08 | $58.6380 | Jun-08 | $59.5661 | Sep-08 | $59.2701 |
| 27-Mar-08 | Mar-08 | $58.6380 | Jun-08 | $59.5661 | Sep-08 | $59.2701 |
| 28-Mar-08 | Jun-08 | $59.1809 | Sep-08 | $60.1177 | Dec-08 | $59.8189 |
| 31-Mar-08 | Jun-08 | $60.5057 | Sep-08 | $61.4634 | Dec-08 | $61.1580 |
| 1-Apr-08 | Jun-08 | $61.5916 | Sep-08 | $62.5665 | Dec-08 | $62.2556 |
| 2-Apr-08 | Jun-08 | $62.6775 | Sep-08 | $63.6696 | Dec-08 | $63.3532 |
| 3-Apr-08 | Jun-08 | $63.7634 | Sep-08 | $64.7727 | Dec-08 | $64.4508 |
| 4-Apr-08 | Jun-08 | $64.8493 | Sep-08 | $65.8757 | Dec-08 | $65.5484 |
| 7-Apr-08 | Jun-08 | $65.3922 | Sep-08 | $66.4273 | Dec-08 | $66.0972 |
| 8-Apr-08 | Jun-08 | $65.3922 | Sep-08 | $66.4273 | Dec-08 | $66.0972 |
| 9-Apr-08 | Jun-08 | $65.9352 | Sep-08 | $66.9788 | Dec-08 | $66.6460 |
| 10-Apr-08 | Jun-08 | $67.0211 | Sep-08 | $68.0819 | Dec-08 | $67.7436 |
| 11-Apr-08 | Jun-08 | $67.5640 | Sep-08 | $68.6334 | Dec-08 | $68.2924 |
| 14-Apr-08 | Jun-08 | $68.1069 | Sep-08 | $69.1850 | Dec-08 | $68.8412 |
| 15-Apr-08 | Jun-08 | $68.6499 | Sep-08 | $69.7365 | Dec-08 | $69.3899 |
| 16-Apr-08 | Jun-08 | $69.1928 | Sep-08 | $70.2881 | Dec-08 | $69.9387 |
| 17-Apr-08 | Jun-08 | $69.7358 | Sep-08 | $70.8396 | Dec-08 | $70.4875 |
| 18-Apr-08 | Jun-08 | $70.8217 | Sep-08 | $71.9427 | Dec-08 | $71.5851 |
| 21-Apr-08 | Jun-08 | $71.3646 | Sep-08 | $72.4942 | Dec-08 | $72.1339 |
| 22-Apr-08 | Jun-08 | $71.9076 | Sep-08 | $73.0457 | Dec-08 | $72.6827 |
| 23-Apr-08 | Jun-08 | $71.9076 | Sep-08 | $73.0457 | Dec-08 | $72.6827 |
| 24-Apr-08 | Jun-08 | $71.9076 | Sep-08 | $73.0457 | Dec-08 | $72.6827 |

| Date | Front Month | Artificiality | Second Month | Artificiality | Third Month | Artificiality |
|------|-------------|---------------|--------------|---------------|-------------|---------------|
| 25-Apr-08 | Jun-08 | $72.7220 | Sep-08 | $73.8731 | Dec-08 | $73.5059 |
| 28-Apr-08 | Jun-08 | $72.7220 | Sep-08 | $73.8731 | Dec-08 | $73.5059 |
| 29-Apr-08 | Jun-08 | $73.8079 | Sep-08 | $74.9761 | Dec-08 | $74.6035 |
| 30-Apr-08 | Jun-08 | $74.0793 | Sep-08 | $75.2519 | Dec-08 | $74.8779 |
| 1-May-08 | Jun-08 | $74.6223 | Sep-08 | $75.8034 | Dec-08 | $75.4267 |
| 2-May-08 | Jun-08 | $75.1652 | Sep-08 | $76.3550 | Dec-08 | $75.9755 |
| 5-May-08 | Jun-08 | $75.7082 | Sep-08 | $76.9065 | Dec-08 | $76.5243 |
| 6-May-08 | Jun-08 | $76.7941 | Sep-08 | $78.0096 | Dec-08 | $77.6219 |
| 7-May-08 | Jun-08 | $77.3370 | Sep-08 | $78.5611 | Dec-08 | $78.1707 |
| 8-May-08 | Jun-08 | $77.8799 | Sep-08 | $79.1127 | Dec-08 | $78.7195 |
| 9-May-08 | Jun-08 | $78.4229 | Sep-08 | $79.6642 | Dec-08 | $79.2683 |
| 12-May-08 | Jun-08 | $78.9658 | Sep-08 | $80.2157 | Dec-08 | $79.8171 |
| 13-May-08 | Jun-08 | $80.0517 | Sep-08 | $81.3188 | Dec-08 | $80.9147 |
| 14-May-08 | Jun-08 | $80.8661 | Sep-08 | $82.1461 | Dec-08 | $81.7379 |
| 15-May-08 | Jun-08 | $81.9520 | Sep-08 | $83.2492 | Dec-08 | $82.8355 |
| 16-May-08 | Jun-08 | $83.0379 | Sep-08 | $84.3523 | Dec-08 | $83.9331 |
| 19-May-08 | Jun-08 | $84.1238 | Sep-08 | $85.4554 | Dec-08 | $85.0307 |
| 20-May-08 | Jun-08 | $85.2097 | Sep-08 | $86.5584 | Dec-08 | $86.1283 |
| 21-May-08 | Jun-08 | $86.2956 | Sep-08 | $87.6615 | Dec-08 | $87.2259 |
| 22-May-08 | Jun-08 | $86.2956 | Sep-08 | $87.6615 | Dec-08 | $87.2259 |
| 23-May-08 | Jun-08 | $86.2956 | Sep-08 | $87.6615 | Dec-08 | $87.2259 |
| 27-May-08 | Jun-08 | $81.2834 | Sep-08 | $82.5700 | Dec-08 | $82.1597 |
| 28-May-08 | Jun-08 | $51.7018 | Sep-08 | $52.5201 | Dec-08 | $52.2591 |
| 29-May-08 | Jun-08 | $31.1425 | Sep-08 | $31.6355 | Dec-08 | $31.4783 |
| 30-May-08 | Jun-08 | $31.1425 | Sep-08 | $31.6355 | Dec-08 | $31.4783 |
| 2-Jun-08 | Jun-08 | $29.8780 | Sep-08 | $30.3509 | Dec-08 | $30.2001 |
| 3-Jun-08 | Jun-08 | $29.4330 | Sep-08 | $29.8989 | Dec-08 | $29.7503 |
| 4-Jun-08 | Jun-08 | $25.1144 | Sep-08 | $25.5119 | Dec-08 | $25.3852 |
| 5-Jun-08 | Jun-08 | $21.2510 | Sep-08 | $21.5873 | Dec-08 | $21.4800 |
| 6-Jun-08 | Jun-08 | $21.2510 | Sep-08 | $21.5873 | Dec-08 | $21.4800 |
| 9-Jun-08 | Jun-08 | $21.2510 | Sep-08 | $21.5873 | Dec-08 | $21.4800 |
| 10-Jun-08 | Jun-08 | $13.0791 | Sep-08 | $13.2861 | Dec-08 | $13.2201 |
| 11-Jun-08 | Jun-08 | $13.0791 | Sep-08 | $13.2861 | Dec-08 | $13.2201 |
| 12-Jun-08 | Jun-08 | $13.0791 | Sep-08 | $13.2861 | Dec-08 | $13.2201 |
| 13-Jun-08 | Jun-08 | $13.0791 | Sep-08 | $13.2861 | Dec-08 | $13.2201 |
| 16-Jun-08 | Jun-08 | $4.9782 | Sep-08 | $5.0570 | Dec-08 | $5.0319 |
| 17-Jun-08 | Jun-08 | $4.7295 | Sep-08 | $4.8043 | Dec-08 | $4.7805 |
| 18-Jun-08 | Jun-08 | $4.7295 | Sep-08 | $4.8043 | Dec-08 | $4.7805 |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MUST BE RECEIVED NO LATER THAN JANUARY 9, 2015 | |

*In Re: Platinum And Palladium Commodities Litigation*

This Document Relates To:

    Platinum/Palladium Futures Action

MASTER FILE
No. 10 Civ. 3617 (WHP)

**REQUEST FOR EXCLUSION FROM CLASS ACTION SETTLEMENT**

*This Request for Exclusion Form relates to the proposed Settlement with Defendant MF Global, Inc.  If you wish to request exclusion from the settlement with the Moore Capital Defendants and Defendant Joseph Welsh, you must submit a __SEPARATE__ request for exclusion.*

*Complete This Form Only If You Choose __Not__ To Participate In the MF Global Settlement*

**I.  INSTRUCTIONS**

1.  This "Request For Exclusion" may be used to exclude yourself from the Settlement with Defendant MF Global, Inc. in the above captioned class action ("Futures Action").  If you wish to remain a member of the Futures Class (as defined below), do not complete or return this Request For Exclusion.  Before deciding whether to request exclusion from the Settlement with MF Global or take other action, make sure you have read the Notice of Proposed Class Action Settlement, February 13, 2015 Hearing Thereon, and Class Members' Rights ("Notice").

2.  In order to validly exclude yourself from the Settlement with MF Global, you must complete, sign, and return this Request For Exclusion to the Settlement Administrator at the address set forth below.  Your Request For Exclusion must be received by the Settlement Administrator on or before January 9, 2015.

**PLATINUM AND PALLADIUM COMMODITIES LITIGATION SETTLEMENT—FUTURES ACTION**
EXCLUSIONS
c/o A.B. DATA, LTD.
PO BOX 170500
MILWAUKEE, WI  53217-8091
info@PlatinumPalladiumFuturesLitigation.com

3.  This Request For Exclusion adopts and incorporates the definitions in the Stipulation and Agreement of Settlement with MF Global, dated October 21, 2014, which is available on the settlement website at www.PlatinumPalladiumFuturesLitigation.com.

4.  In order to exclude yourself from the Settlement with MF Global, you must be a member of the following Futures Class:

    All Persons that purchased or sold a NYMEX platinum futures contract or a NYMEX palladium futures contract during the period from June 1, 2006 through April 29, 2010, inclusive.  Excluded from the Futures Class are (i) the Non-Settling Defendants, MF Global, Inc., any co-conspirators alleged in the Complaint or any subsequent amended complaint filed prior to the Exclusion Bar Date, Alan Craig Kleinstein, Dominick Frank Terrone, Richard Peter Trifoglio Sr., Frederick Charles Ferriola, Peter Michael Venus, Lawrence Frasca Favuzza, and John Anthony Sakulich and any NYMEX floor brokers or NYMEX floor traders who refuse to execute the certification in the Proof of Claim attesting that they were not co-conspirators, or aiders or abettors of the Settling Defendants or Non-Settling Defendants, and  (ii) Opt Outs.

**II.  BACKGROUND INFORMATION**

STATE OF _____ COUNTY OF _____

_____, being duly sworn, deposes and says:

1.  Please provide the following information:

Name of Person Requesting Exclusion:

Individual _____   Corporation _____   Estate _____   Other (please specify) _____

Name of Person Executing Request for Exclusion:

Capacity of Person Executing Request for Exclusion:

Address Line 1

Address Line 2

City                                        State            Zip Code

Daytime Phone Number

Social Security Number                    OR        Tax Identification Number

E-mail Address:

Nature of Business:

## III. INFORMATION CONCERNING CERTAIN TRANSACTIONS

1.   If you purchased or sold a NYMEX platinum futures contract during the Class Period (*i.e.*, June 1, 2006 – April 29, 2010), then you must provide the information set forth in the Table I below for all such transactions.

| TABLE I—PURCHASE(S) AND SALE(S) OF NYMEX PLATINUM FUTURES CONTRACTS DURING THE CLASS PERIOD | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Date of Transaction** | **Time of Execution of Transaction (if known)[1]** | **Contract Month** | **Number of Contracts In Transaction** | **Transaction Price** | **Purchase or Sale** | **Brokerage Firm and Account Number in Which Transaction Was Made** | **Hedging Transaction? (Yes or No)[2]** |
| /       / | | | | . | | | |
| /       / | | | | . | | | |
| /       / | | | | . | | | |

[1] To the extent known, please provide for purchase and sale transactions between November 19, 2007 and June 18, 2008, inclusive, whether the time of day of the execution for each transaction was in the instance of platinum futures contracts, at or prior to 1:05 p.m.
[2] Hedging Transactions are defined as any offsetting exposures held or acquired by you or any of your affiliates in the cash, spot, or physical platinum or palladium markets, or other off-exchange markets related to platinum or palladium, that operated as a hedge (in whole or in part) against your transaction(s) in Class Contracts listed in Table I or Table II.

2.    In the below table, please identify any open positions (long or short) in NYMEX platinum futures contracts that you held as of the start of the Class Period on June 1, 2006. This determination shall be based on trade dates, not settlement dates.

| Open Positions in NYMEX Platinum Futures Contract Prior to June 1, 2006 (Identify Contract Month) | Short Position (Insert the number of contracts) | Long Position (Insert the number of contracts) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

3.    If you purchased or sold a NYMEX palladium futures contract during the Class Period (*i.e.*, June 1, 2006 – April 29, 2010), then you must provide the information set forth in the Table II below for all such transactions.

| TABLE II—PURCHASE(S) AND SALE(S) OF NYMEX PALLADIUM FUTURES CONTRACTS DURING THE CLASS PERIOD | | | | | | | |
|---|---|---|---|---|---|---|---|
| Date of Transaction | Time of Execution of Transaction[3] (if known) | Contract Month | Number of Contracts In Transaction | Transaction Price | Purchase or Sale | Brokerage Firm and Account Number in Which Transaction Was Made | Hedging Transaction? (Yes or No) |
| /        / |  |  |  | . |  |  |  |
| /        / |  |  |  | . |  |  |  |
| /        / |  |  |  | . |  |  |  |

4.    In the below table, please identify any open positions (long or short) in NYMEX palladium futures contracts that you held as of the start of the Class Period on June 1, 2006. This determination shall be based on trade dates, not settlement dates.

| Open Positions in NYMEX Palladium Futures Contract Prior to June 1, 2006 (Identify Contract Month) | Shot Position (Insert the number of contracts) | Long Position (Insert the number of contracts) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

5.    For any line in which you stated Hedging Transactions in Table I or Table II above, were all of the transactions in that line Hedging Transactions?  YES _____ or NO _____. If your answer is NO, please list all of your Hedging Transactions in that line that were not Hedging Transactions.

_____

_____

---

[3] To the extent known, please provide for purchase and sale transactions between November 1, 2007 and June 18, 2008, inclusive, whether the time of day of the execution for each transaction was in the instance of palladium futures contracts, at or prior to 1:00 p.m.

6.   Were any of the transactions you listed in 6(a), 6(b) or 6(c) above conducted by you as a "Swap Dealer"?  A Swap Dealer is any person who (i) holds itself out as a dealer in swaps (ii) makes a market in swaps, (iii) regularly enters into swaps with counterparties as an ordinary course of business for its own account, or (iv) engages in activity causing itself to be commonly known in the trade as a dealer or market maker in swaps.  If your answer is YES, please list all of your transactions as a Swap Dealer in the space provided below.

_____

_____

7.   Please list all futures commission merchants ("FCMs") through which you maintained accounts wherein you traded NYMEX platinum futures contracts or NYMEX palladium futures contracts during the Class Period (*i.e.*, June 1, 2006 – April 29, 2010).

_____

_____

## IV.  CERTIFICATIONS

1.   I certify that I am a member of the Futures Class as defined in Section I above.

2.   I certify that I have read the Notice which explains my rights with respect to the Settlement.  After reading the Notice, I have decided to opt out of the Settlement with MF Global.  By opting out of the Settlement with MF Global, I understand that I will not be eligible to share in the Net Settlement Fund associated with the Settlement with MF Global.  And I understand that by opting out I may independently pursue any claims I may have against the Settling Defendant at my own expense.

3.   I certify that I have taken reasonable efforts to locate all the information requested in Section III above.

4.   By signing below, I acknowledge that I am voluntarily excluding myself from the Settlement.

**I declare and affirm under penalties of perjury that the foregoing statements and the information provided herein are true, correct and complete.**

This Request for Exclusion was executed this _____ day of _____, 20_____ in _____, _____

                                                                                                                     (City/Province)                          (State/Country)

_____

Signature of Class Member Requesting Exclusion

_____

Type or Print Name

_____

Capacity of Person Signing (*e.g.*, President, Trustee, Custodian, etc.)

*If you are acting for an entity, please submit proof of your authority (e.g., corporate resolution, trust agreement, etc.).*

Sworn to before me this _____ day of _____, 20_____

_____

   Notary Public

# EXHIBIT B

# EXHIBIT B

PLATINUM AND PALLADIUM LITIGATION SETTLEMENT-
FUTURES ACTION
C/O A.B. DATA, LTD.
PO BOX 170500
MILWAUKEE, WI  53217



## NOTICE OF REJECTION OF CLAIM

**DATE:**                     **5/27/2016**

**RE:**                       ***In re: Platinum And Palladium Commodities Litigation - Futures Action***

**CLAIM NUMBER:**

**RESPONSE DEADLINE:** 6/16/2016

Dear Claimant:

We have processed the claim submitted by you or on your behalf in the above-referenced litigation. Your claim, based on our review, is ineligible for a recovery for the reason(s) listed below. Please note, some reasons for ineligibility are curable.  To resolve the identified curable condition(s) of ineligibility, please follow the instructions below. Please include a copy of this notice with your response.

In order for this claim to be eligible, the identified curable conditions of ineligibility must be resolved and the claim must then calculate to an "Allowed Claim" under the Court-approved Plan of Allocation.  **If you fail to respond by the response deadline printed above, or if your response fails to cure the condition(s) identified below, your claim will be rejected in its entirety.  Please note, this is the only notice you will receive with respect to this claim.**

### Inadequate or Missing Documentation for Entire Claim

Your Claim did not include any documentation to support the information you provided or the documentation previously provided was deemed inadequate.

To resolve this deficiency, please submit acceptable documentation to support your entire Claim, including all transactions set forth in your Claim. Acceptable documentation must be in the form of broker confirmations, monthly brokerage statements, or letters signed by your broker on brokerage letterhead.  For transactions, the documentation must include the trade date, number of NYMEX platinum and palladium futures contracts, price per contract, and cost or proceeds of the transaction.  Also, for each brokerage account, please include at least one page that contains the full name of the account and the names of all individuals listed on the account. Examples of unacceptable documentation include: spreadsheets from your personal records; statements that are missing pertinent information or missing the account holder's name; and printouts from broker websites that do not include the required information.

**Claims that are not cured by the response deadline above will be rejected.** If you believe your claim has been rejected in error, you must —<u>within twenty (20) days of the date of this notice (see deadline above)</u>— send us a signed written statement that states your reasons for contesting the rejection of your claim, along with supporting documentation confirming your purchases meet the aforementioned requirements of an Allowed Claim. If the dispute concerning your claim cannot be otherwise resolved, your claim will be presented to Futures Lead Counsel, counsel for the Settling Defendants, and/or the Mediator for binding resolution.

Please note: Review should only be sought if you disagree with the determination regarding this claim.

All responses should be sent to the above address or emailed to <u>info@platinumpalladiumfutureslitigation.com</u>; responses must be postmarked or received within 20 days of the date of this letter. Please include a copy of this letter and reference your claim number in all correspondence.

If you have any questions, please contact the Settlement Administrator at (888) 206-5360 or email your questions to <u>info@platinumpalladiumfutureslitigation.com</u>. Please reference the claim number listed above in any communication.

Sincerely,

Settlement Administrator

# EXHIBIT C

| Claim ID | Sub Claim | Name | Attention | Street1 | Street2 | City | Province | Country | Status | NL Loss | NAP Loss | Deficiency |
|----------|-----------|------|-----------|---------|---------|------|----------|---------|--------|---------|----------|------------|
| | | | | | | | | | | $0.00 | $3,291,905.75 | |
| | | | | | | | | | | $1,309,434.50 | $0.00 | |
| | | | | | | | | | | $109,098.00 | $0.00 | |
| | | | | | | | | | | $4,346,138.50 | $823,044.14 | |
| | | | | | | | | | | $0.00 | $0.00 | No Loss |

# EXHIBIT D

PLATINUM AND PALLADIUM LITIGATION SETTLEMENT -
FUTURES ACTION
C/O A.B. DATA, LTD.
PO BOX 170500
MILWAUKEE, WI 53217



**NOTICE OF FINAL CALCULATION OF CLAIM**

**DATE:**              September 22, 2016
**RE:**                *In re: Platinum And Palladium Commodities Litigation - Futures Action*
**CLAIM NUMBER:**
**NAP:**
**NL:**

Dear Claimant:

We have processed the Proof of Claim and Release Form ("Claim") that you submitted in connection with the settlement reached in the class action entitled *In re: Platinum and Palladium Commodities Litigation - Futures Action*.  Your claim, based on our review, calculates to Net Artificiality Paid, or "NAP," and/or Net Loss, or "NL," based upon the Court-approved Plans of Allocation.  *See above.*

If you believe the calculation of your NAP and/or NL set forth above is incorrect, you must, within thirty (30) days of the date of this notice, send us a signed written statement that states your reasons for contesting the calculation of your NAP and/or NL, along with supporting documentation confirming your transactions in New York Mercantile Exchange ("NYMEX") platinum and/or palladium futures contracts meet the requirements of an Allowed Claim.

The Settlement Administrator will review any information you submit in response to this notification and, if appropriate, adjust its determination of your claim.  The Settlement Administrator will then present its final determination of your claim, as it relates to the Moore Settlement, to Futures Lead Counsel and Counsel for the Moore Defendants.[1]  If there is any dispute concerning the Settlement Administrator's determination of your claim, such dispute will be presented to the Mediator for binding resolution.  However, in all events, you have the right to submit to the Court any objections to the determination of your claim after Futures Lead Counsel files their distribution motion.  *See below.*

The Net Settlement Funds will be distributed on a *pro rata* basis, meaning any payment you may receive will be a reflection of your NAP and/or NL proportionate to the total recognized NAP and/or NL of all valid, accepted claims.  We do not yet know what this *pro rata* ratio will be.  In other words, any NAP and/or NL referenced above is <u>not</u> the dollar amount you may ultimately receive.

---

[1] The Court approved two separate settlements in connection with the Futures Action.  The first settlement was with the Moore Defendants and Defendant Welsh.  Section 12 of this settlement provides for a potential reversion to the Moore Defendants if certain conditions are met.  The second settlement, with MF Global, Inc., does not provide for any reversionary rights.  The net settlement funds for the two settlements are separate and distinct.  The settlement agreements for both settlements are available for review on the official Settlement website.  http://platinumpalladiumfutureslitigation.com/

The Plans of Allocation.  The Plans of Allocation approved by the Court have two primary parts.[2]  First, is Net Artificiality Paid, or "NAP," which concerns 90% of the Net Settlement Funds.  Second, is Net Loss, or "NL," which concern the remaining 10% of the Plans of Allocation.  The NL portion of the Plan of Allocation has two sub-parts.  The "first pool" of NL concerns 3% of the Net Settlement Funds and the Court has previously approved an allocation plan for this "first pool."  The allocation for the "second pool" of NL, which concerns the remaining 7% of the Net Settlement Fund, has yet to be proposed by Futures Lead Counsel or approved by the Court.  Accordingly, this notification concerns the NAP portion of the Plans of Allocation and the "first pool" of the NL portion of the Plans of Allocation.  It does not concern the "second pool" of the NL portion of the Plans of Allocation.  *See* below.

Distribution Motion.  After claimants have had an opportunity to respond to the notifications from the Settlement Administrator concerning the determinations of their claims and determinations for all claims have been finalized, Futures Lead Counsel will prepare a "distribution motion" for submission to the Court.  Among other things, the distribution motion will detail the claims administration process, present the final determinations of all claims and request that the Court approve a distribution to eligible claimants concerning NAP and "first pool" NL.  The distribution motion will be posted on the official website for the Settlements so that it may be reviewed by all claimants.  Again, claimants will have an opportunity to submit objections to the determination of their claim or otherwise make submissions to the Court in response to the distribution motion.

"Second Pool" NL.  As part of the distribution motion, Futures Lead Counsel will also propose and seek Court approval for a plan of allocation concerning the "second pool" NL.  The proposed plan of allocation will be posted on the official website for the Settlements so that it may be reviewed by all claimants.  Claimants will have an opportunity to submit objections to the proposed plan of allocation.  Following Court approval of a plan of allocation concerning the "second pool" NL, the Settlement Administrator will send notifications to claimants concerning second pool NL determinations and then Futures Lead Counsel will file a second distribution motion with the Court that seeks to distribute the remaining 7% of the Net Settlement Funds to eligible claimants.

If you have any questions, please contact the Settlement Administrator at 888-206-5360 or e-mail your questions to info@PlatinumPalladiumFuturesLitigation.com.  Please reference the Claim number listed above in any communication.  Please continue to monitor the official website for the Settlements for important updates, including the anticipated initial distribution motion.  *See* http://platinumpalladiumfutureslitigation.com/

Sincerely,


Settlement Administrator

---

[2] The Court approved a separate Plan of Allocation for each of the two settlements.  The Plans of Allocation for the two settlements are virtually identical in all material respects except for the reversionary rights relative to the settlement with the Moore Defendants.  *See* fn. 1.  The Plans of Allocation for both settlements are available for review on the official Settlement website.  http://platinumpalladiumfutureslitigation.com/

# EXHIBIT E

**EXHIBIT E - TIMELY ELIGIBLE CLAIMS**

Exhibit Summary:

Total Claims: 201, Total NL Recognized Loss: $259,398,161.14; Total NAP Recognized Loss: $17,345,451.01

| Claim ID | NL | NAP |
|---|---|---|
| 21454475-0 | - | 522.58 |
| 21454477-0 | - | 8,035.03 |
| 21454478-0 | 1,100.00 | - |
| 21454480-0 | 1,373,146.50 | 44,807.48 |
| 21454481-0 | - | 2,560.84 |
| 21454483-0 | 2,986.50 | - |
| 21454488-0 | 4,829.00 | - |
| 21454490-0 | 4,279.00 | - |
| 21454491-0 | 99.00 | - |
| 21454493-0 | 742.50 | - |
| 21454495-0 | 742.50 | - |
| 21454499-0 | 2,762,668.15 | - |
| 21454497-0 | 742.50 | - |
| 21454498-0 | 742.50 | - |
| 21454501-0 | - | 528.47 |
| 21454502-0 | 15,807.00 | - |
| 21454504-0 | 7,667.00 | - |
| 21454510-0 | 1,683.00 | 459.75 |
| 21454512-0 | 21,180.50 | - |
| 21454514-0 | 7,788.00 | - |
| 21454517-0 | 1,958.00 | - |
| 21454518-0 | 4,889.50 | - |
| 21454520-0 | 440.00 | - |
| 21454523-0 | 14,190.00 | 2,018.43 |
| 21454525-0 | 4,774.00 | - |
| 21454555-0 | 4,213.00 | - |
| 21454529-0 | 6,303.00 | - |
| 21454532-0 | 1,386.00 | - |
| 21454533-0 | - | 1,206,620.01 |
| 21454534-0 | - | 1,206,620.01 |
| 21454535-0 | - | 603,310.00 |
| 21454537-0 | 259,941.00 | 8,297.97 |
| 21454540-0 | 4,790.50 | - |
| 21454540-8 | 1,155.00 | - |
| 21454540-9 | 30,690.00 | - |
| 21454540-10 | - | 485.36 |
| 21454541-0 | 65,780.00 | - |
| 21454549-0 | 132,990.00 | 42,534.03 |
| 21454550-0 | 421,272.50 | 28,356.02 |
| 21454516-0 | 7,123.05 | - |
| 21454516-1 | 39.60 | - |
| 21454516-2 | 4,890.11 | - |

EXHIBIT E - TIMELY ELIGIBLE CLAIMS

| Claim ID | NL | NAP |
|---|---|---|
| 21454516-3 | 8,951.58 | - |
| 21454516-4 | - | 1,049.76 |
| 21454530-0 | 5,225.00 | - |
| 21454559-0 | - | 1,547.66 |
| 21454562-0 | 30,294.00 | - |
| 21454563-0 | 172,920.00 | - |
| 21454565-0 | 27,104.00 | - |
| 21454575-0 | 58,091.00 | - |
| 21454577-0 | - | 7,488.44 |
| 21454583-0 | 9,966.00 | - |
| 21454578-0 | 4,702.50 | - |
| 21454580-0 | 90,788.50 | - |
| 21454580-1 | 37,323.00 | - |
| 21454584-0 | 6,314.03 | - |
| 21454585-0 | 11,368.50 | - |
| 21454586-0 | 357,645.20 | 48,972.61 |
| 21454592-0 | 6,528.50 | - |
| 21454593-0 | 11,170.50 | - |
| 21454589-0 | 742.50 | - |
| 21454591-0 | 36,377.00 | - |
| 21454591-1 | 63,987.00 | - |
| 21454597-3 | 28,033.50 | - |
| 21454602-0 | 92,856.50 | 23,145.59 |
| 21454605-0 | 52,514.00 | - |
| 21454605-1 | 12,177.00 | - |
| 21454605-2 | - | 727.14 |
| 21454604-1 | 30,118.00 | 274,221.92 |
| 21454607-0 | 951.50 | - |
| 21454617-0 | 10,565.50 | 5,054.38 |
| 21454613-0 | 984.50 | - |
| 21454614-0 | - | 74,870.30 |
| 21454622-0 | 23,617.00 | - |
| 21454621-0 | - | 436,785.04 |
| 21454619-0 | 24,596.00 | - |
| 25289486-0 | 7,388,521.25 | - |
| 25289486-1 | 115,494.50 | - |
| 25289486-2 | 233,612.50 | - |
| 25289486-3 | 1,059,905.00 | - |
| 25289486-4 | - | 10,899.65 |
| 21454623-0 | 42,234.50 | 9,860.73 |
| 21454624-0 | 5,138,226.50 | 3,040,311.34 |
| 21454627-0 | - | 15,300.45 |
| 21454627-1 | 24,420.00 | - |
| 21454628-0 | 12,375.00 | 20,016.88 |
| 21454631-0 | 135,363.25 | 6,159.34 |
| 21454651-0 | 132,494.49 | 18,515.81 |

EXHIBIT E - TIMELY ELIGIBLE CLAIMS

| Claim ID | NL | NAP |
|---|---|---|
| 21454653-0 | 13,090.00 | - |
| 21454654-0 | 2,021,112.50 | - |
| 21454660-0 | 56,144.00 | - |
| 21454655-0 | 2,625,612.00 | - |
| 21454656-0 | 217,360.00 | - |
| 21454661-0 | 25,685.00 | - |
| 21454690-4 | 458,188.50 | - |
| 21454690-6 | - | 253,866.62 |
| 21454690-12 | 131,642.50 | - |
| 21454690-15 | 3,069.00 | - |
| 21454690-17 | 5,690,536.50 | - |
| 25289459-0 | 70,298.90 | - |
| 25289459-1 | 66,630.01 | - |
| 21454682-0 | 2,425.50 | - |
| 21454684-0 | 17,468.00 | - |
| 21454687-0 | 1,760.00 | - |
| 21454689-10 | 14,888,594.05 | - |
| 21454689-12 | - | 31,577.50 |
| 21454689-14 | - | 117,355.17 |
| 21454690-0 | 14,580.50 | - |
| 21454712-0 | 86,449.00 | 168,634.08 |
| 21454712-2 | 1,513,996.00 | - |
| 21454712-3 | 11,115.50 | - |
| 21454712-4 | 57,475.00 | - |
| 21454691-0 | - | 3,297,212.98 |
| 21454691-1 | 1,309,434.50 | - |
| 21454691-2 | 109,098.00 | - |
| 21454691-3 | 4,346,138.50 | 823,044.14 |
| 25289483-4 | 41,030.00 | - |
| 25289483-8 | 39,292.00 | - |
| 25289483-22 | 351,049.26 | - |
| 25289483-23 | 1,670,630.21 | - |
| 25289483-26 | 90,728.00 | - |
| 25289483-27 | 70,213.00 | - |
| 25289483-31 | 140,596.38 | - |
| 25289483-32 | 45,816.66 | - |
| 25289483-34 | 407.00 | - |
| 25289483-35 | 14,168.00 | - |
| 25289483-46 | 5,220,042.30 | - |
| 25289483-47 | 5,141,623.08 | - |
| 25289483-48 | 297,000.00 | - |
| 25289483-59 | - | 6,384.21 |
| 25289483-60 | 3,124.00 | 338.40 |
| 25289483-64 | - | 19,445.80 |
| 25289483-74 | 72,611.00 | - |
| 25289483-75 | 4,460.50 | - |

EXHIBIT E - TIMELY ELIGIBLE CLAIMS

| Claim ID | NL | NAP |
|---|---|---|
| 25289483-76 | 62,931.00 | - |
| 25289483-77 | 1,828,750.00 | - |
| 25289483-78 | 260,277.17 | - |
| 25289483-80 | 1,828,750.00 | - |
| 25289483-81 | 1,828,750.00 | - |
| 25289483-83 | - | 335,564.25 |
| 25289483-84 | 4,262.50 | - |
| 25289483-88 | 34,710.50 | - |
| 25289483-92 | 11,913.00 | - |
| 21454707-0 | - | 507,991.70 |
| 21454708-0 | 2,135,754.50 | - |
| 21454711-0 | 259,567.00 | - |
| 25289474-992 | 1,189,952.50 | 18,105.96 |
| 25289474-995 | 694,232.00 | 65,353.18 |
| 25289474-996 | 1,010,779.00 | - |
| 25289474-997 | 41,844.00 | - |
| 25289474-998 | 1,417,080.50 | 190,628.15 |
| 25289474-999 | 1,186,801.00 | - |
| 25289474-1001 | 886,325.00 | - |
| 25289474-1002 | 6,142,466.00 | - |
| 25289474-1003 | 207,036.50 | - |
| 25289474-1004 | 10,042,285.00 | - |
| 25289474-1005 | 30,573,369.20 | - |
| 25289474-1006 | 9,428,628.00 | 39,495.17 |
| 25289474-1011 | 1,086,800.00 | - |
| 25289474-1020 | 628,732.50 | - |
| 25289474-1021 | 19,267,594.50 | - |
| 25289474-1022 | 5,272,030.50 | 21,694.53 |
| 25289474-1029 | 6,313,961.50 | 138,599.62 |
| 25289474-1030 | 700,139.00 | 10,644.98 |
| 25289474-1031 | 84,876.00 | - |
| 25289474-1032 | 22,860,898.50 | 475,939.97 |
| 25289474-1033 | 2,553,111.00 | 46,408.04 |
| 25289474-1034 | 297,627.00 | - |
| 25289474-1042 | 70,895.24 | - |
| 25289474-1049 | 399,758.44 | 191,871.72 |
| 25289474-1050 | 499,260.06 | 1,160,367.06 |
| 25289474-1059 | 850,613.50 | - |
| 25289474-1061 | 270,627.50 | - |
| 25289474-1064 | 84,507.50 | - |
| 25289474-1069 | 310,535.50 | 9,782.14 |
| 25289474-1070 | 1,535,970.70 | - |
| 25289474-1071 | 9,636.00 | - |
| 25289474-1072 | 1,289,032.81 | 465,974.17 |
| 25289474-1087 | 2,482,078.50 | - |
| 25289474-1093 | 177,100.00 | - |

**EXHIBIT E - TIMELY ELIGIBLE CLAIMS**

| Claim ID | NL | NAP |
|---|---|---|
| 25289474-1096 | 140,794.50 | - |
| 25289474-1099 | 857,796.50 | - |
| 25289474-1109 | 177,100.00 | - |
| 25289474-1110 | 140,794.50 | - |
| 25289474-1119 | 43,406.00 | 108,289.54 |
| 25289474-1123 | - | 26,836.37 |
| 25289474-1126 | 88,995.50 | 6,364.97 |
| 25289474-1129 | - | 119,821.59 |
| 25289474-1138 | 118,793.40 | - |
| 25289474-1139 | 103,389.00 | - |
| 25289474-1148 | - | 475,939.97 |
| 25289474-1149 | - | 46,408.04 |
| 25289474-1155 | 60,311.90 | - |
| 21454724-10 | 81,779.50 | - |
| 21454728-0 | 560,301.47 | - |
| 21454729-0 | - | 12,641.48 |
| 25289476-1 | 351,572.19 | - |
| 25289476-2 | - | 164,750.09 |
| 21454735-0 | 1,698,198.57 | 208,714.70 |
| 21454735-1 | 362,251.93 | 21,483.01 |
| 21454735-2 | 48,878,142.50 | 607,838.69 |

# EXHIBIT F

EXHIBIT F - LATE ACCEPTED CLAIMS

Exhibit Summary:

Total Claims: 172, Total NL Recognized Loss: $37,806,154.15; Total NAP Recognized Loss: $4,762,893.47

| Claim ID | PostedDate | Lg Trader | NL | NAP |
|---|---|---|---|---|
| 21454723-0 | 6/11/2015 | No | 11,000.00 | - |
| 21454730-0 | 7/21/2015 | No | 3,818,980.00 | 297,700.18 |
| 25289482-0 | 7/27/2015 | No | 105,165.50 | 2,274.35 |
| 25289482-2 | 7/27/2015 | No | 182,776.00 | 76,016.95 |
| 25289482-3 | 7/27/2015 | No | 885.50 | - |
| 25289482-5 | 7/27/2015 | No | 1,233,980.00 | 725,683.84 |
| 25289482-6 | 7/27/2015 | No | - | 277,723.84 |
| 25289482-8 | 7/27/2015 | No | 712,794.50 | 129,205.77 |
| 25289482-9 | 7/27/2015 | No | - | 43,931.79 |
| 25289482-12 | 7/27/2015 | No | 908,154.50 | 630,415.69 |
| 25289482-14 | 7/27/2015 | No | 6,715.50 | - |
| 25289482-19 | 7/27/2015 | No | - | 161,412.44 |
| 25289482-21 | 7/27/2015 | No | - | 6,692.92 |
| 25289482-22 | 7/27/2015 | No | 19,662.50 | 2,281.76 |
| 25289482-23 | 7/27/2015 | No | - | 6,628.52 |
| 25289482-24 | 7/27/2015 | No | 10,934.00 | 11,456.62 |
| 25289482-25 | 7/27/2015 | No | - | 15,891.33 |
| 25289482-27 | 7/27/2015 | No | 7,045.50 | - |
| 25289482-28 | 7/27/2015 | No | 8,343.50 | 6,677.65 |
| 25289482-29 | 7/27/2015 | No | - | 5,654.04 |
| 25289482-30 | 7/27/2015 | No | 2,365.00 | - |
| 25289482-31 | 7/27/2015 | No | 10,439.00 | - |
| 25289482-32 | 7/27/2015 | No | 33,330.00 | 180,974.33 |
| 25289482-33 | 7/27/2015 | No | 14,459.50 | 1,583.63 |
| 25289482-34 | 7/27/2015 | No | 74,470.00 | 4,855.22 |
| 25289482-35 | 7/27/2015 | No | 51,150.00 | - |
| 25289482-36 | 7/27/2015 | No | 6,429.50 | 6,020.13 |
| 25289482-39 | 7/27/2015 | No | 5,879.50 | 8,430.39 |
| 25289482-40 | 7/27/2015 | No | 441,980.00 | 110,436.94 |
| 25289482-41 | 7/27/2015 | No | - | 9,961.75 |
| 25289482-42 | 7/27/2015 | No | 6,935.50 | - |
| 25289482-43 | 7/27/2015 | No | - | 1,603.53 |
| 25289482-44 | 7/27/2015 | No | 3,558.50 | 9,675.19 |
| 25289482-45 | 7/27/2015 | No | 5,280.00 | 6,868.96 |
| 25289482-46 | 7/27/2015 | No | 15,834.50 | 16,552.59 |
| 25289482-47 | 7/27/2015 | No | 4,559.50 | 20,541.27 |
| 25289482-48 | 7/27/2015 | No | 15,570.50 | 8,628.57 |
| 25289482-49 | 7/27/2015 | No | 21,994.50 | 1,813.81 |
| 25289482-50 | 7/27/2015 | No | 17,220.50 | 1,813.81 |
| 25289482-51 | 7/27/2015 | No | 26,389.00 | 7,999.76 |
| 25289482-52 | 7/27/2015 | No | 14,558.50 | 9,088.55 |
| 25289482-53 | 7/27/2015 | No | - | 18,052.54 |

EXHIBIT F - LATE ACCEPTED CLAIMS

| Claim ID | PostedDate | Lg Trader | NL | NAP |
|---|---|---|---|---|
| 25289482-54 | 7/27/2015 | No | 3,355.00 | - |
| 25289482-55 | 7/27/2015 | No | 6,556.00 | 4,661.16 |
| 25289482-56 | 7/27/2015 | No | - | 40,473.31 |
| 25289482-60 | 7/27/2015 | No | - | 17,314.68 |
| 25289482-64 | 7/27/2015 | No | 4,598.00 | 1,814.29 |
| 25289482-65 | 7/27/2015 | No | - | 83,484.82 |
| 25289482-66 | 7/27/2015 | No | 45,171.50 | 53,547.09 |
| 25289482-67 | 7/27/2015 | No | 8,772.50 | 9,697.35 |
| 25289482-68 | 7/27/2015 | No | 20,300.50 | - |
| 25289482-69 | 7/27/2015 | No | 31,883.50 | 309.70 |
| 25289482-70 | 7/27/2015 | No | 105,550.50 | 13,674.72 |
| 25289482-71 | 7/27/2015 | No | 104,373.50 | 9,701.33 |
| 25289482-72 | 7/27/2015 | No | 9,135.50 | - |
| 25289482-73 | 7/27/2015 | No | 15,873.00 | - |
| 25289482-74 | 7/27/2015 | No | 10,268.50 | - |
| 25289482-75 | 7/27/2015 | No | 9,108.00 | 8,943.45 |
| 25289482-76 | 7/27/2015 | No | 12,980.00 | 3,905.17 |
| 25289482-77 | 7/27/2015 | No | 25,157.00 | 1,586.21 |
| 25289482-78 | 7/27/2015 | No | 14,173.50 | 2,350.78 |
| 25289482-79 | 7/27/2015 | No | 47,740.00 | 732.39 |
| 25289482-80 | 7/27/2015 | No | 1,963.50 | 5,899.17 |
| 25289482-81 | 7/27/2015 | No | - | 79,142.87 |
| 25289482-82 | 7/27/2015 | No | 9,817.50 | - |
| 25289482-83 | 7/27/2015 | No | 1,952.50 | 528.47 |
| 25289482-84 | 7/27/2015 | No | 112,354.00 | 11,543.38 |
| 25289482-85 | 7/27/2015 | No | 2,964.50 | - |
| 25289482-86 | 7/27/2015 | No | 19,662.50 | 8,091.64 |
| 25289482-87 | 7/27/2015 | No | 16,461.50 | 17,899.08 |
| 25289482-88 | 7/27/2015 | No | 23,232.00 | - |
| 25289482-89 | 7/27/2015 | No | 7,634.00 | - |
| 25289482-90 | 7/27/2015 | No | 53,757.00 | 21,190.32 |
| 25289482-92 | 7/27/2015 | No | 2,403.50 | - |
| 25289482-93 | 7/27/2015 | No | 135,520.00 | 29,677.95 |
| 25289482-94 | 7/27/2015 | No | 204,303.00 | 21,867.13 |
| 25289482-96 | 7/27/2015 | No | 478,153.50 | 142,880.49 |
| 25289482-97 | 7/27/2015 | No | 7,815.50 | - |
| 25289482-98 | 7/27/2015 | No | 24,475.00 | 5,278.27 |
| 25289482-99 | 7/27/2015 | No | 33,269.50 | - |
| 25289482-100 | 7/27/2015 | No | 21,356.50 | 488.08 |
| 25289482-101 | 7/27/2015 | No | 27,021.50 | 211.28 |
| 25289482-102 | 7/27/2015 | No | 9,366.50 | - |
| 25289482-104 | 7/27/2015 | No | - | 10,750.49 |
| 25289482-105 | 7/27/2015 | No | - | 4,471.42 |
| 25289482-106 | 7/27/2015 | No | 12,039.50 | - |
| 25289482-107 | 7/27/2015 | No | 4,284.50 | - |
| 25289482-108 | 7/27/2015 | No | 11,951.50 | 2,728.01 |

EXHIBIT F - LATE ACCEPTED CLAIMS

| Claim ID | PostedDate | Lg Trader | NL | NAP |
|---|---|---|---|---|
| 25289482-109 | 7/27/2015 | No | 2,112.00 | 12,231.80 |
| 25289482-110 | 7/27/2015 | No | 4,185.50 | 19,827.63 |
| 25289482-111 | 7/27/2015 | No | 86,828.50 | 20,526.67 |
| 25289482-112 | 7/27/2015 | No | 228,305.00 | 32,218.38 |
| 25289482-113 | 7/27/2015 | No | 7,392.00 | 5,296.16 |
| 25289482-114 | 7/27/2015 | No | 9,828.50 | 3,378.43 |
| 25289482-115 | 7/27/2015 | No | 18,755.00 | - |
| 25289482-116 | 7/27/2015 | No | 50,660.50 | 44,964.00 |
| 25289482-117 | 7/27/2015 | No | 4,455.00 | 14,971.20 |
| 25289482-118 | 7/27/2015 | No | 6,825.50 | - |
| 25289482-119 | 7/27/2015 | No | 32,928.50 | 20,914.92 |
| 25289482-120 | 7/27/2015 | No | 116,594.50 | 23,157.61 |
| 25289482-121 | 7/27/2015 | No | 177,265.00 | 23,942.54 |
| 25289482-122 | 7/27/2015 | No | 2,013.00 | 6,952.15 |
| 25289482-123 | 7/27/2015 | No | 3,019.50 | - |
| 25289482-124 | 7/27/2015 | No | 11,874.50 | - |
| 25289482-125 | 7/27/2015 | No | 14,927.00 | - |
| 25289482-126 | 7/27/2015 | No | 13,376.00 | - |
| 25289482-127 | 7/27/2015 | No | 6,732.00 | 710.19 |
| 25289482-128 | 7/27/2015 | No | 4,383.50 | 5,700.23 |
| 25289482-129 | 7/27/2015 | No | 3,850.00 | - |
| 25289482-130 | 7/27/2015 | No | 8,668.00 | - |
| 25289482-131 | 7/27/2015 | No | 7,100.50 | 2,496.20 |
| 25289482-132 | 7/27/2015 | No | 11,709.50 | 4,786.00 |
| 25289482-133 | 7/27/2015 | No | 20,784.50 | 1,798.50 |
| 25289482-134 | 7/27/2015 | No | 6,429.50 | 1,798.50 |
| 25289482-135 | 7/27/2015 | No | 27,692.50 | 79,777.84 |
| 25289482-136 | 7/27/2015 | No | - | 5,095.47 |
| 25289482-137 | 7/27/2015 | No | 32,279.50 | - |
| 25289482-138 | 7/27/2015 | No | - | 6,769.24 |
| 25289482-139 | 7/27/2015 | No | 18,221.50 | 2,130.47 |
| 25289482-140 | 7/27/2015 | No | 4,053.50 | 2,927.45 |
| 25289482-141 | 7/27/2015 | No | 51,865.00 | 25,034.67 |
| 25289482-142 | 7/27/2015 | No | - | 7,519.36 |
| 25289482-143 | 7/27/2015 | No | 85,552.50 | 26,781.58 |
| 25289482-144 | 7/27/2015 | No | 21,406.00 | 8,287.79 |
| 25289482-145 | 7/27/2015 | No | 68,788.50 | 40,169.64 |
| 25289482-146 | 7/27/2015 | No | 63,668.00 | 33,390.96 |
| 25289482-147 | 7/27/2015 | No | 53,504.00 | 33,101.92 |
| 25289482-148 | 7/27/2015 | No | 64,762.50 | 41,691.04 |
| 25289482-149 | 7/27/2015 | No | 99,132.00 | 14,771.37 |
| 25289482-150 | 7/27/2015 | No | 12,034.00 | 10,928.28 |
| 25289482-152 | 7/27/2015 | No | 59,444.00 | 12,799.62 |
| 25289482-153 | 7/27/2015 | No | 75,086.00 | 24,665.74 |
| 25289482-154 | 7/27/2015 | No | - | 9,080.92 |
| 25289482-155 | 7/27/2015 | No | 59,163.50 | 28,598.43 |

EXHIBIT F - LATE ACCEPTED CLAIMS

| Claim ID | PostedDate | Lg Trader | NL | NAP |
|---|---|---|---|---|
| 25289482-156 | 7/27/2015 | No | 18,947.50 | 10,150.56 |
| 25289482-157 | 7/27/2015 | No | 24,612.50 | 2,306.47 |
| 25289482-158 | 7/27/2015 | No | 71,566.00 | 12,120.58 |
| 25289482-159 | 7/27/2015 | No | 64,168.50 | 15,230.14 |
| 25289482-160 | 7/27/2015 | No | 4,009.50 | 2,002.02 |
| 25289482-161 | 7/27/2015 | No | - | 2,129.08 |
| 25289482-162 | 7/27/2015 | No | 2,744.50 | 15,071.55 |
| 25289482-163 | 7/27/2015 | No | 9,135.50 | 3,912.46 |
| 25289482-164 | 7/27/2015 | No | 22,473.00 | 12,400.03 |
| 25289482-165 | 7/27/2015 | No | 28,259.00 | 8,169.17 |
| 25289482-166 | 7/27/2015 | No | - | 9,351.56 |
| 25289482-167 | 7/27/2015 | No | 45,573.00 | 18,431.56 |
| 25289482-168 | 7/27/2015 | No | - | 895.59 |
| 25289482-169 | 7/27/2015 | No | 18,920.00 | 1,798.50 |
| 25289482-170 | 7/27/2015 | No | 28,143.50 | 6,469.54 |
| 25289482-171 | 7/27/2015 | No | 63,145.50 | 24,715.95 |
| 25289482-172 | 7/27/2015 | No | 69,085.50 | 23,892.30 |
| 25289482-173 | 7/27/2015 | No | 11,148.50 | 26,540.68 |
| 25289482-175 | 7/27/2015 | No | - | 8,062.51 |
| 25289482-176 | 7/27/2015 | No | 35,733.50 | 13,538.73 |
| 25289482-177 | 7/27/2015 | No | - | 58,268.34 |
| 25289482-178 | 7/27/2015 | No | 124,019.50 | 37,705.70 |
| 25289482-179 | 7/27/2015 | No | - | 9,991.54 |
| 25289482-180 | 7/27/2015 | No | 6,187.50 | - |
| 25289482-182 | 7/27/2015 | No | 25,151.50 | - |
| 25289482-183 | 7/27/2015 | No | 11,698.50 | - |
| 25289482-184 | 7/27/2015 | No | 7,122.50 | 4,875.83 |
| 21454737-0 | 8/31/2015 | | 1,420,448.48 | 31,303.26 |
| 21454738-0 | 9/8/2015 | | - | 296,927.85 |
| 21454741-0 | 3/4/2016 | | - | 8,045.91 |
| 21454742-0 | 3/31/2016 | | 5,668,294.50 | - |
| 21454742-1 | 3/31/2016 | | 8,119,265.00 | - |
| 21454743-0 | 6/13/2016 | | 465,818.35 | - |
| 25289487-0 | 6/17/2016 | | 1,174,712.00 | - |
| 25289484-0 | 7/13/2016 | | 405,115.81 | - |
| 25289489-0 | 12/12/2016 | | 2,931,230.50 | - |
| 25289490-0 | 2/8/2017 | | 4,735,572.51 | - |
| 21454749-2 | 6/26/2017 | | 1,040,600.00 | - |

# EXHIBIT G

EXHIBIT G - REJECTED CLAIMS

Exhibit Summary:
Total Claims: 2,873

| Claim ID | Reason |
|----------|--------|
| 21454474-0 | No Loss |
| 21454476-0 | No Loss |
| 21454479-0 | No Loss |
| 21454482-0 | No Loss |
| 21454484-0 | No Loss |
| 21454485-0 | No Loss |
| 21454486-0 | No Loss |
| 21454487-0 | No Loss |
| 25289447-0 | No Loss |
| 21454489-0 | No Loss |
| 21454492-0 | No Loss |
| 21454494-0 | No Loss |
| 21454496-0 | No Loss |
| 21454500-0 | No Loss |
| 21454503-0 | No Loss |
| 21454505-0 | No Loss |
| 21454506-0 | No Loss |
| 21454507-0 | No Loss |
| 21454508-0 | No Loss |
| 21454509-0 | Duplicate |
| 25289448-0 | No Loss |
| 21454513-0 | No Loss |
| 21454515-0 | No Loss |
| 21454519-0 | No Loss |
| 21454521-0 | No Loss |
| 21454522-0 | No Loss |
| 21454524-0 | No Loss |
| 21454526-0 | Duplicate |
| 21454527-0 | No Documentation |
| 21454528-0 | No Loss |
| 21454531-0 | No Loss |
| 21454531-1 | No Loss |
| 21454536-0 | No Loss |
| 21454538-0 | Duplicate |
| 21454539-0 | No Loss |
| 21454540-1 | No Loss |
| 21454540-2 | No Loss |
| 21454540-3 | No Loss |
| 21454540-4 | No Loss |
| 21454540-5 | No Loss |
| 21454540-6 | No Loss |
| 21454540-7 | No Loss |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|----------|--------|
| 21454543-0 | Duplicate |
| 21454544-0 | No Loss |
| 21454545-0 | No Loss |
| 21454546-0 | No Loss |
| 21454547-0 | No Loss |
| 21454548-0 | No Loss |
| 21454551-0 | No Loss |
| 21454552-0 | No Loss |
| 21454511-0 | No Loss |
| 21454516-5 | No Loss |
| 21454516-6 | No Loss |
| 21454553-0 | No Loss |
| 21454554-0 | No Loss |
| 21454556-0 | No Loss |
| 21454557-0 | No Loss |
| 21454558-0 | No Loss |
| 21454560-0 | No Loss |
| 21454564-0 | No Loss |
| 21454566-0 | No Loss |
| 21454567-0 | No Loss |
| 21454568-0 | No Loss |
| 21454569-0 | No Loss |
| 21454570-0 | No Loss |
| 21454571-0 | No Loss |
| 21454572-0 | No Loss |
| 21454573-0 | No Loss |
| 21454574-0 | No Loss |
| 21454561-0 | No Loss |
| 21454576-0 | No Loss |
| 21454580-2 | No Loss |
| 21454581-0 | No Loss |
| 21454581-1 | No Loss |
| 21454582-0 | No Loss |
| 21454600-0 | No Loss |
| 21454587-0 | No Loss |
| 25289455-0 | No Loss |
| 21454588-0 | Duplicate |
| 25289454-0 | No Loss |
| 21454590-0 | No Loss |
| 21454591-2 | No Loss |
| 21454594-0 | No Loss |
| 21454595-0 | No Loss |
| 21454597-0 | No Loss |
| 21454597-1 | No Loss |
| 21454597-2 | No Loss |
| 21454597-4 | No Loss |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|----------|--------|
| 21454597-5 | No Loss |
| 21454597-6 | No Loss |
| 25289449-0 | Duplicate |
| 25289450-0 | Duplicate |
| 25289451-0 | Duplicate |
| 25289452-0 | No Loss |
| 21454596-0 | No Loss |
| 21454598-0 | No Loss |
| 21454599-0 | No Loss |
| 21454601-0 | No Loss |
| 21454603-0 | No Loss |
| 21454604-0 | No Loss |
| 25289453-0 | No Loss |
| 21454606-0 | Duplicate |
| 21454608-0 | No Loss |
| 25289469-0 | No Loss |
| 21454609-0 | No Loss |
| 21454610-0 | No Loss |
| 21454611-0 | No Loss |
| 21454612-0 | No Loss |
| 21454618-0 | No Loss |
| 21454616-0 | Duplicate |
| 21454625-0 | No Loss |
| 21454620-0 | No Loss |
| 21454688-0 | Duplicate |
| 21454688-1 | Duplicate |
| 21454688-2 | Duplicate |
| 21454688-3 | Duplicate |
| 21454688-4 | Duplicate |
| 21454664-0 | Withdrawn |
| 21454665-0 | Withdrawn |
| 21454666-0 | Withdrawn |
| 21454667-0 | No Loss |
| 21454668-0 | Withdrawn |
| 21454669-0 | Withdrawn |
| 21454670-0 | Withdrawn |
| 21454671-0 | No Loss |
| 21454672-0 | Withdrawn |
| 21454673-0 | Withdrawn |
| 21454674-0 | No Loss |
| 21454675-0 | No Loss |
| 21454676-0 | No Loss |
| 21454677-0 | Duplicate |
| 21454678-0 | Withdrawn |
| 21454679-0 | No Loss |
| 21454681-0 | No Loss |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|---|---|
| 25289458-0 | No Loss |
| 21454626-0 | No Loss |
| 21454629-0 | No Loss |
| 21454630-0 | No Loss |
| 21454632-0 | No Loss |
| 21454633-0 | Withdrawn |
| 21454634-0 | Withdrawn |
| 21454635-0 | Withdrawn |
| 21454636-0 | Withdrawn |
| 21454637-0 | Withdrawn |
| 21454638-0 | Withdrawn |
| 21454639-0 | Withdrawn |
| 21454640-0 | Withdrawn |
| 21454641-0 | Withdrawn |
| 21454642-0 | Withdrawn |
| 21454643-0 | No Loss |
| 21454644-0 | No Loss |
| 21454645-0 | No Loss |
| 21454646-0 | Duplicate |
| 21454647-0 | Withdrawn |
| 21454648-0 | No Loss |
| 21454649-0 | No Loss |
| 21454650-0 | Withdrawn |
| 21454662-0 | No Loss |
| 21454663-0 | No Loss |
| 25289456-0 | Duplicate |
| 21454652-0 | No Loss |
| 21454658-0 | No Loss |
| 21454659-0 | No Loss |
| 21454690-1 | No Loss |
| 21454690-2 | Duplicate |
| 21454690-3 | Duplicate |
| 21454690-5 | No Loss |
| 21454690-7 | No Loss |
| 21454690-8 | No Loss |
| 21454690-9 | No Loss |
| 21454690-10 | No Loss |
| 21454690-11 | No Loss |
| 21454690-13 | No Loss |
| 21454690-14 | No Loss |
| 21454690-16 | No Loss |
| 21454690-18 | No Loss |
| 25289459-2 | No Loss |
| 25289459-3 | No Loss |
| 21454683-0 | Duplicate |
| 21454685-0 | Insufficient Documentation, P&L |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|---|---|
| 21454706-0 | No Loss |
| 21454686-0 | No Loss |
| 21454689-0 | No Loss |
| 21454689-1 | No Loss |
| 21454689-2 | No Loss |
| 21454689-3 | No Loss |
| 21454689-4 | No Loss |
| 21454689-5 | No Loss |
| 21454689-6 | No Loss |
| 21454689-7 | No Loss |
| 21454689-8 | No Loss |
| 21454689-9 | No Loss |
| 21454689-11 | No Loss |
| 21454689-13 | No Loss |
| 21454689-15 | No Loss |
| 21454689-16 | No Loss |
| 21454689-17 | No Loss |
| 21454695-0 | Duplicate |
| 21454697-0 | No Loss |
| 21454698-0 | No Loss |
| 21454699-0 | No Loss |
| 21454700-0 | No Loss |
| 21454701-0 | No Loss |
| 21454702-0 | No Loss |
| 21454703-0 | No Loss |
| 21454704-0 | No Loss |
| 21454705-0 | No Loss |
| 21454712-1 | No Loss |
| 25289460-0 | Duplicate |
| 25289461-0 | No Loss |
| 25289462-0 | No Loss |
| 25289463-0 | Duplicate |
| 25289464-0 | No Loss |
| 25289465-0 | No Loss |
| 25289466-0 | No Loss |
| 25289467-0 | No Loss |
| 25289468-0 | No Loss |
| 25289470-0 | No Loss |
| 25289470-1 | No Loss |
| 21454691-4 | No Loss |
| 21454692-0 | Duplicate |
| 21454692-1 | Duplicate |
| 21454692-2 | Duplicate |
| 21454692-3 | Duplicate |
| 21454692-4 | Duplicate |
| 21454692-5 | Duplicate |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|---|---|
| 21454692-6 | Duplicate |
| 21454692-7 | Duplicate |
| 21454692-8 | Duplicate |
| 21454692-9 | Duplicate |
| 21454692-10 | Duplicate |
| 21454692-11 | Duplicate |
| 21454692-12 | Duplicate |
| 21454692-13 | Duplicate |
| 21454692-14 | Duplicate |
| 21454692-15 | Duplicate |
| 21454692-16 | Duplicate |
| 21454692-17 | Duplicate |
| 21454692-18 | Duplicate |
| 21454692-19 | Duplicate |
| 21454692-20 | Duplicate |
| 21454692-21 | Duplicate |
| 21454692-22 | Duplicate |
| 21454692-23 | Duplicate |
| 21454692-24 | Duplicate |
| 21454692-25 | Duplicate |
| 21454692-26 | Duplicate |
| 21454692-27 | Duplicate |
| 21454692-28 | Duplicate |
| 21454692-29 | Duplicate |
| 21454692-30 | Duplicate |
| 21454692-31 | Duplicate |
| 21454692-32 | Duplicate |
| 21454692-33 | Duplicate |
| 21454692-34 | Duplicate |
| 21454692-35 | Duplicate |
| 21454692-36 | Duplicate |
| 21454692-37 | Duplicate |
| 21454692-38 | Duplicate |
| 21454692-39 | Duplicate |
| 21454692-40 | Duplicate |
| 21454692-41 | Duplicate |
| 21454692-42 | Duplicate |
| 21454692-43 | Duplicate |
| 21454692-44 | Duplicate |
| 21454692-45 | Duplicate |
| 21454692-46 | Duplicate |
| 21454692-47 | Duplicate |
| 21454692-48 | Duplicate |
| 21454692-49 | Duplicate |
| 21454692-50 | Duplicate |
| 21454692-51 | Duplicate |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|----------|--------|
| 21454692-52 | Duplicate |
| 21454692-53 | Duplicate |
| 21454692-54 | Duplicate |
| 21454692-55 | Duplicate |
| 21454692-56 | Duplicate |
| 21454692-57 | Duplicate |
| 21454692-58 | Duplicate |
| 21454692-59 | Duplicate |
| 21454692-60 | Duplicate |
| 21454692-61 | Duplicate |
| 21454692-62 | Duplicate |
| 21454692-63 | Duplicate |
| 21454692-64 | Duplicate |
| 21454692-65 | Duplicate |
| 21454692-66 | Duplicate |
| 21454692-67 | Duplicate |
| 21454692-68 | Duplicate |
| 21454692-69 | Duplicate |
| 21454692-70 | Duplicate |
| 21454692-71 | Duplicate |
| 21454692-72 | Duplicate |
| 21454692-73 | Duplicate |
| 21454692-74 | Duplicate |
| 21454692-75 | Duplicate |
| 21454692-76 | Duplicate |
| 21454692-77 | Duplicate |
| 21454692-78 | Duplicate |
| 21454692-79 | Duplicate |
| 21454692-80 | Duplicate |
| 21454692-81 | Duplicate |
| 21454692-82 | Duplicate |
| 21454692-83 | Duplicate |
| 21454692-84 | Duplicate |
| 21454692-85 | Duplicate |
| 21454692-86 | Duplicate |
| 21454692-87 | Duplicate |
| 21454692-88 | Duplicate |
| 21454692-89 | Duplicate |
| 21454692-90 | Duplicate |
| 21454692-91 | Duplicate |
| 21454692-92 | Duplicate |
| 21454692-93 | Duplicate |
| 21454692-94 | Duplicate |
| 21454692-95 | Duplicate |
| 21454692-96 | Duplicate |
| 21454692-97 | Duplicate |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|---|---|
| 21454692-98 | Duplicate |
| 21454692-99 | Duplicate |
| 21454692-100 | Duplicate |
| 21454692-101 | Duplicate |
| 21454692-102 | Duplicate |
| 21454692-103 | Duplicate |
| 21454692-104 | Duplicate |
| 21454692-105 | Duplicate |
| 21454692-106 | Duplicate |
| 21454692-107 | Duplicate |
| 21454692-108 | Duplicate |
| 21454692-109 | Duplicate |
| 21454692-110 | Duplicate |
| 21454692-111 | Duplicate |
| 21454692-112 | Duplicate |
| 21454692-113 | Duplicate |
| 21454692-114 | Duplicate |
| 21454692-115 | Duplicate |
| 21454692-116 | Duplicate |
| 21454692-117 | Duplicate |
| 21454692-118 | Duplicate |
| 21454692-119 | Duplicate |
| 21454692-120 | Duplicate |
| 21454692-121 | Duplicate |
| 21454692-122 | Duplicate |
| 21454692-123 | Duplicate |
| 21454692-124 | Duplicate |
| 21454692-125 | Duplicate |
| 21454692-126 | Duplicate |
| 21454692-127 | Duplicate |
| 21454692-128 | Duplicate |
| 21454692-129 | Duplicate |
| 21454692-130 | Duplicate |
| 21454692-131 | Duplicate |
| 21454692-132 | Duplicate |
| 21454692-133 | Duplicate |
| 21454692-134 | Duplicate |
| 21454692-135 | Duplicate |
| 21454692-136 | Duplicate |
| 21454692-137 | Duplicate |
| 21454692-138 | Duplicate |
| 21454692-139 | Duplicate |
| 21454692-140 | Duplicate |
| 21454692-141 | Duplicate |
| 21454692-142 | Duplicate |
| 21454692-143 | Duplicate |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|----------|--------|
| 21454692-144 | Duplicate |
| 21454692-145 | Duplicate |
| 21454692-146 | Duplicate |
| 21454692-147 | Duplicate |
| 21454692-148 | Duplicate |
| 21454692-149 | Duplicate |
| 21454692-150 | Duplicate |
| 21454692-151 | Duplicate |
| 21454692-152 | Duplicate |
| 21454692-153 | Duplicate |
| 21454692-154 | Duplicate |
| 21454692-155 | Duplicate |
| 21454692-156 | Duplicate |
| 21454692-157 | Duplicate |
| 21454692-158 | Duplicate |
| 21454692-159 | Duplicate |
| 21454692-160 | Duplicate |
| 21454692-161 | Duplicate |
| 21454692-162 | Duplicate |
| 21454692-163 | Duplicate |
| 21454692-164 | Duplicate |
| 21454692-165 | Duplicate |
| 21454692-166 | Duplicate |
| 21454692-167 | Duplicate |
| 21454692-168 | Duplicate |
| 21454692-169 | Duplicate |
| 21454692-170 | Duplicate |
| 21454692-171 | Duplicate |
| 21454692-172 | Duplicate |
| 21454692-173 | Duplicate |
| 21454692-174 | Duplicate |
| 21454692-175 | Duplicate |
| 21454692-176 | Duplicate |
| 21454692-177 | Duplicate |
| 21454692-178 | Duplicate |
| 21454692-179 | Duplicate |
| 21454692-180 | Duplicate |
| 21454692-181 | Duplicate |
| 21454692-182 | Duplicate |
| 21454692-183 | Duplicate |
| 21454692-184 | Duplicate |
| 21454692-185 | Duplicate |
| 21454692-186 | Duplicate |
| 21454692-187 | Duplicate |
| 21454692-188 | Duplicate |
| 21454692-189 | Duplicate |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|----------|--------|
| 21454692-190 | Duplicate |
| 21454692-191 | Duplicate |
| 21454692-192 | Duplicate |
| 21454692-193 | Duplicate |
| 21454692-194 | Duplicate |
| 21454692-195 | Duplicate |
| 21454692-196 | Duplicate |
| 21454692-197 | Duplicate |
| 21454692-198 | Duplicate |
| 21454692-199 | Duplicate |
| 21454692-200 | Duplicate |
| 21454692-201 | Duplicate |
| 21454692-202 | Duplicate |
| 21454692-203 | Duplicate |
| 21454692-204 | Duplicate |
| 21454692-205 | Duplicate |
| 21454692-206 | Duplicate |
| 21454692-207 | Duplicate |
| 21454692-208 | Duplicate |
| 21454692-209 | Duplicate |
| 21454692-210 | Duplicate |
| 21454692-211 | Duplicate |
| 21454692-212 | Duplicate |
| 21454692-213 | Duplicate |
| 21454692-214 | Duplicate |
| 21454692-215 | Duplicate |
| 21454692-216 | Duplicate |
| 21454692-217 | Duplicate |
| 21454692-218 | Duplicate |
| 21454692-219 | Duplicate |
| 21454692-220 | Duplicate |
| 21454692-221 | Duplicate |
| 21454692-222 | Duplicate |
| 21454692-223 | Duplicate |
| 21454692-224 | Duplicate |
| 21454692-225 | Duplicate |
| 21454692-226 | Duplicate |
| 21454692-227 | Duplicate |
| 21454692-228 | Duplicate |
| 21454692-229 | Duplicate |
| 21454692-230 | Duplicate |
| 21454692-231 | Duplicate |
| 21454692-232 | Duplicate |
| 21454692-233 | Duplicate |
| 21454692-234 | Duplicate |
| 21454692-235 | Duplicate |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|---|---|
| 21454692-236 | Duplicate |
| 21454692-237 | Duplicate |
| 21454692-238 | Duplicate |
| 21454692-239 | Duplicate |
| 21454692-240 | Duplicate |
| 21454692-241 | Duplicate |
| 21454692-242 | Duplicate |
| 21454692-243 | Duplicate |
| 21454692-244 | Duplicate |
| 21454692-245 | Duplicate |
| 21454692-246 | Duplicate |
| 21454692-247 | Duplicate |
| 21454692-248 | Duplicate |
| 21454692-249 | Duplicate |
| 21454692-250 | Duplicate |
| 21454692-251 | Duplicate |
| 21454692-252 | Duplicate |
| 21454692-253 | Duplicate |
| 21454692-254 | Duplicate |
| 21454692-255 | Duplicate |
| 21454692-256 | Duplicate |
| 21454692-257 | Duplicate |
| 21454692-258 | Duplicate |
| 21454692-259 | Duplicate |
| 21454692-260 | Duplicate |
| 21454692-261 | Duplicate |
| 21454692-262 | Duplicate |
| 21454692-263 | Duplicate |
| 21454692-264 | Duplicate |
| 21454692-265 | Duplicate |
| 21454692-266 | Duplicate |
| 21454692-267 | Duplicate |
| 21454692-268 | Duplicate |
| 21454692-269 | Duplicate |
| 21454692-270 | Duplicate |
| 21454692-271 | Duplicate |
| 21454692-272 | Duplicate |
| 21454692-273 | Duplicate |
| 21454692-274 | Duplicate |
| 21454692-275 | Duplicate |
| 21454692-276 | Duplicate |
| 21454692-277 | Duplicate |
| 21454692-278 | Duplicate |
| 21454692-279 | Duplicate |
| 21454692-280 | Duplicate |
| 21454692-281 | Duplicate |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|----------|--------|
| 21454692-282 | Duplicate |
| 21454692-283 | Duplicate |
| 21454692-284 | Duplicate |
| 21454692-285 | Duplicate |
| 21454692-286 | Duplicate |
| 21454692-287 | Duplicate |
| 21454692-288 | Duplicate |
| 21454692-289 | Duplicate |
| 21454692-290 | Duplicate |
| 21454692-291 | Duplicate |
| 21454692-292 | Duplicate |
| 21454692-293 | Duplicate |
| 21454692-294 | Duplicate |
| 21454692-295 | Duplicate |
| 21454692-296 | Duplicate |
| 21454692-297 | Duplicate |
| 21454692-298 | Duplicate |
| 21454692-299 | Duplicate |
| 21454692-300 | Duplicate |
| 21454692-301 | Duplicate |
| 21454692-302 | Duplicate |
| 21454692-303 | Duplicate |
| 21454692-304 | Duplicate |
| 21454692-305 | Duplicate |
| 21454692-306 | Duplicate |
| 21454692-307 | Duplicate |
| 21454692-308 | Duplicate |
| 21454692-309 | Duplicate |
| 21454692-310 | Duplicate |
| 21454692-311 | Duplicate |
| 21454692-312 | Duplicate |
| 21454692-313 | Duplicate |
| 21454692-314 | Duplicate |
| 21454692-315 | Duplicate |
| 21454692-316 | Duplicate |
| 21454692-317 | Duplicate |
| 21454692-318 | Duplicate |
| 21454692-319 | Duplicate |
| 21454692-320 | Duplicate |
| 21454692-321 | Duplicate |
| 21454692-322 | Duplicate |
| 21454692-323 | Duplicate |
| 21454692-324 | Duplicate |
| 21454692-325 | Duplicate |
| 21454692-326 | Duplicate |
| 21454692-327 | Duplicate |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|---|---|
| 21454692-328 | Duplicate |
| 21454692-329 | Duplicate |
| 21454692-330 | Duplicate |
| 21454692-331 | Duplicate |
| 21454692-332 | Duplicate |
| 21454692-333 | Duplicate |
| 21454692-334 | Duplicate |
| 21454692-335 | Duplicate |
| 21454692-336 | Duplicate |
| 21454692-337 | Duplicate |
| 21454692-338 | Duplicate |
| 21454692-339 | Duplicate |
| 21454692-340 | Duplicate |
| 21454692-341 | Duplicate |
| 21454692-342 | Duplicate |
| 21454692-343 | Duplicate |
| 21454692-344 | Duplicate |
| 21454692-345 | Duplicate |
| 21454692-346 | Duplicate |
| 21454692-347 | Duplicate |
| 21454692-348 | Duplicate |
| 21454692-349 | Duplicate |
| 21454692-350 | Duplicate |
| 21454692-351 | Duplicate |
| 21454692-352 | Duplicate |
| 21454692-353 | Duplicate |
| 21454692-354 | Duplicate |
| 21454692-355 | Duplicate |
| 21454692-356 | Duplicate |
| 21454692-357 | Duplicate |
| 21454692-358 | Duplicate |
| 21454692-359 | Duplicate |
| 21454692-360 | Duplicate |
| 21454692-361 | Duplicate |
| 21454692-362 | Duplicate |
| 21454692-363 | Duplicate |
| 21454692-364 | Duplicate |
| 21454692-365 | Duplicate |
| 21454692-366 | Duplicate |
| 21454692-367 | Duplicate |
| 21454692-368 | Duplicate |
| 21454692-369 | Duplicate |
| 21454692-370 | Duplicate |
| 21454692-371 | Duplicate |
| 21454692-372 | Duplicate |
| 21454692-373 | Duplicate |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|---|---|
| 21454692-374 | Duplicate |
| 21454692-375 | Duplicate |
| 21454692-376 | Duplicate |
| 21454692-377 | Duplicate |
| 21454692-378 | Duplicate |
| 21454692-379 | Duplicate |
| 21454692-380 | Duplicate |
| 21454692-381 | Duplicate |
| 21454692-382 | Duplicate |
| 21454692-383 | Duplicate |
| 21454692-384 | Duplicate |
| 21454692-385 | Duplicate |
| 21454692-386 | Duplicate |
| 21454692-387 | Duplicate |
| 21454692-388 | Duplicate |
| 21454692-389 | Duplicate |
| 21454692-390 | Duplicate |
| 21454692-391 | Duplicate |
| 21454692-392 | Duplicate |
| 21454692-393 | Duplicate |
| 21454692-394 | Duplicate |
| 21454692-395 | Duplicate |
| 21454692-396 | Duplicate |
| 21454692-397 | Duplicate |
| 21454692-398 | Duplicate |
| 21454692-399 | Duplicate |
| 21454692-400 | Duplicate |
| 21454692-401 | Duplicate |
| 21454692-402 | Duplicate |
| 21454692-403 | Duplicate |
| 21454692-404 | Duplicate |
| 21454692-405 | Duplicate |
| 21454692-406 | Duplicate |
| 21454692-407 | Duplicate |
| 21454692-408 | Duplicate |
| 21454692-409 | Duplicate |
| 21454692-410 | Duplicate |
| 21454692-411 | Duplicate |
| 21454692-412 | Duplicate |
| 21454692-413 | Duplicate |
| 21454692-414 | Duplicate |
| 21454692-415 | Duplicate |
| 21454692-416 | Duplicate |
| 21454692-417 | Duplicate |
| 21454692-418 | Duplicate |
| 21454692-419 | Duplicate |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|----------|--------|
| 21454692-420 | Duplicate |
| 21454692-421 | Duplicate |
| 21454692-422 | Duplicate |
| 21454692-423 | Duplicate |
| 21454692-424 | Duplicate |
| 21454692-425 | Duplicate |
| 21454692-426 | Duplicate |
| 21454692-427 | Duplicate |
| 21454692-428 | Duplicate |
| 21454692-429 | Duplicate |
| 21454692-430 | Duplicate |
| 21454692-431 | Duplicate |
| 21454692-432 | Duplicate |
| 21454692-433 | Duplicate |
| 21454692-434 | Duplicate |
| 21454692-435 | Duplicate |
| 21454692-436 | Duplicate |
| 21454692-437 | Duplicate |
| 21454692-438 | Duplicate |
| 21454692-439 | Duplicate |
| 21454692-440 | Duplicate |
| 21454692-441 | Duplicate |
| 21454692-442 | Duplicate |
| 21454692-443 | Duplicate |
| 21454692-444 | Duplicate |
| 21454692-445 | Duplicate |
| 21454692-446 | Duplicate |
| 21454692-447 | Duplicate |
| 21454692-448 | Duplicate |
| 21454692-449 | Duplicate |
| 21454692-450 | Duplicate |
| 21454692-451 | Duplicate |
| 21454692-452 | Duplicate |
| 21454692-453 | Duplicate |
| 21454692-454 | Duplicate |
| 21454692-455 | Duplicate |
| 21454692-456 | Duplicate |
| 21454692-457 | Duplicate |
| 21454692-458 | Duplicate |
| 21454692-459 | Duplicate |
| 21454692-460 | Duplicate |
| 21454692-461 | Duplicate |
| 21454692-462 | Duplicate |
| 21454692-463 | Duplicate |
| 21454692-464 | Duplicate |
| 21454692-465 | Duplicate |

| Claim ID | Reason |
|---|---|
| 21454692-466 | Duplicate |
| 21454692-467 | Duplicate |
| 21454692-468 | Duplicate |
| 21454692-469 | Duplicate |
| 21454692-470 | Duplicate |
| 21454692-471 | Duplicate |
| 21454692-472 | Duplicate |
| 21454692-473 | Duplicate |
| 21454692-474 | Duplicate |
| 21454692-475 | Duplicate |
| 21454692-476 | Duplicate |
| 21454692-477 | Duplicate |
| 21454692-478 | Duplicate |
| 21454692-479 | Duplicate |
| 21454692-480 | Duplicate |
| 21454692-481 | Duplicate |
| 21454692-482 | Duplicate |
| 21454692-483 | Duplicate |
| 21454692-484 | Duplicate |
| 21454692-485 | Duplicate |
| 21454692-486 | Duplicate |
| 21454692-487 | Duplicate |
| 21454692-488 | Duplicate |
| 21454692-489 | Duplicate |
| 21454692-490 | Duplicate |
| 21454692-491 | Duplicate |
| 21454692-492 | Duplicate |
| 21454692-493 | Duplicate |
| 21454692-494 | Duplicate |
| 21454692-495 | Duplicate |
| 21454692-496 | Duplicate |
| 21454692-497 | Duplicate |
| 21454692-498 | Duplicate |
| 21454692-499 | Duplicate |
| 21454692-500 | Duplicate |
| 21454692-501 | Duplicate |
| 21454692-502 | Duplicate |
| 21454692-503 | Duplicate |
| 21454692-504 | Duplicate |
| 21454692-505 | Duplicate |
| 21454692-506 | Duplicate |
| 21454692-507 | Duplicate |
| 21454692-508 | Duplicate |
| 21454692-509 | Duplicate |
| 21454692-510 | Duplicate |
| 21454692-511 | Duplicate |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|----------|--------|
| 21454692-512 | Duplicate |
| 21454692-513 | Duplicate |
| 21454692-514 | Duplicate |
| 21454692-515 | Duplicate |
| 21454692-516 | Duplicate |
| 21454692-517 | Duplicate |
| 21454692-518 | Duplicate |
| 21454692-519 | Duplicate |
| 21454692-520 | Duplicate |
| 21454692-521 | Duplicate |
| 21454692-522 | Duplicate |
| 21454692-523 | Duplicate |
| 21454692-524 | Duplicate |
| 21454692-525 | Duplicate |
| 21454692-526 | Duplicate |
| 21454692-527 | Duplicate |
| 21454692-528 | Duplicate |
| 21454692-529 | Duplicate |
| 21454692-530 | Duplicate |
| 21454692-531 | Duplicate |
| 21454692-532 | Duplicate |
| 21454692-533 | Duplicate |
| 21454692-534 | Duplicate |
| 21454692-535 | Duplicate |
| 21454692-536 | Duplicate |
| 21454692-537 | Duplicate |
| 21454692-538 | Duplicate |
| 21454692-539 | Duplicate |
| 21454692-540 | Duplicate |
| 21454692-541 | Duplicate |
| 21454692-542 | Duplicate |
| 21454692-543 | Duplicate |
| 21454692-544 | Duplicate |
| 21454692-545 | Duplicate |
| 21454692-546 | Duplicate |
| 21454692-547 | Duplicate |
| 21454692-548 | Duplicate |
| 21454692-549 | Duplicate |
| 21454692-550 | Duplicate |
| 21454692-551 | Duplicate |
| 21454692-552 | Duplicate |
| 21454692-553 | Duplicate |
| 21454692-554 | Duplicate |
| 21454692-555 | Duplicate |
| 21454692-556 | Duplicate |
| 21454692-557 | Duplicate |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|---|---|
| 21454692-558 | Duplicate |
| 21454692-559 | Duplicate |
| 21454692-560 | Duplicate |
| 21454692-561 | Duplicate |
| 21454692-562 | Duplicate |
| 21454692-563 | Duplicate |
| 21454692-564 | Duplicate |
| 21454692-565 | Duplicate |
| 21454692-566 | Duplicate |
| 21454692-567 | Duplicate |
| 21454692-568 | Duplicate |
| 21454692-569 | Duplicate |
| 21454692-570 | Duplicate |
| 21454692-571 | Duplicate |
| 21454692-572 | Duplicate |
| 21454692-573 | Duplicate |
| 21454692-574 | Duplicate |
| 21454692-575 | Duplicate |
| 21454692-576 | Duplicate |
| 21454692-577 | Duplicate |
| 21454692-578 | Duplicate |
| 21454692-579 | Duplicate |
| 21454692-580 | Duplicate |
| 21454692-581 | Duplicate |
| 21454692-582 | Duplicate |
| 21454692-583 | Duplicate |
| 21454692-584 | Duplicate |
| 21454692-585 | Duplicate |
| 21454692-586 | Duplicate |
| 21454692-587 | Duplicate |
| 21454692-588 | Duplicate |
| 21454692-589 | Duplicate |
| 21454692-590 | Duplicate |
| 21454692-591 | Duplicate |
| 21454692-592 | Duplicate |
| 21454692-593 | Duplicate |
| 21454692-594 | Duplicate |
| 21454692-595 | Duplicate |
| 21454692-596 | Duplicate |
| 21454692-597 | Duplicate |
| 21454692-598 | Duplicate |
| 21454692-599 | Duplicate |
| 21454692-600 | Duplicate |
| 21454692-601 | Duplicate |
| 21454692-602 | Duplicate |
| 21454692-603 | Duplicate |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|---|---|
| 21454692-604 | Duplicate |
| 21454692-605 | Duplicate |
| 21454692-606 | Duplicate |
| 21454692-607 | Duplicate |
| 21454692-608 | Duplicate |
| 21454692-609 | Duplicate |
| 21454692-610 | Duplicate |
| 21454692-611 | Duplicate |
| 21454692-612 | Duplicate |
| 21454692-613 | Duplicate |
| 21454692-614 | Duplicate |
| 21454692-615 | Duplicate |
| 21454692-616 | Duplicate |
| 21454692-617 | Duplicate |
| 21454692-618 | Duplicate |
| 21454692-619 | Duplicate |
| 21454692-620 | Duplicate |
| 21454692-621 | Duplicate |
| 21454692-622 | Duplicate |
| 21454692-623 | Duplicate |
| 21454692-624 | Duplicate |
| 21454692-625 | Duplicate |
| 21454692-626 | Duplicate |
| 21454692-627 | Duplicate |
| 21454692-628 | Duplicate |
| 21454692-629 | Duplicate |
| 21454692-630 | Duplicate |
| 21454692-631 | Duplicate |
| 21454692-632 | Duplicate |
| 21454692-633 | Duplicate |
| 21454692-634 | Duplicate |
| 21454692-635 | Duplicate |
| 21454692-636 | Duplicate |
| 21454692-637 | Duplicate |
| 21454692-638 | Duplicate |
| 21454692-639 | Duplicate |
| 21454692-640 | Duplicate |
| 21454692-641 | Duplicate |
| 21454692-642 | Duplicate |
| 21454692-643 | Duplicate |
| 21454692-644 | Duplicate |
| 21454692-645 | Duplicate |
| 21454692-646 | Duplicate |
| 21454692-647 | Duplicate |
| 21454692-648 | Duplicate |
| 21454692-649 | Duplicate |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|---|---|
| 21454692-650 | Duplicate |
| 21454692-651 | Duplicate |
| 21454692-652 | Duplicate |
| 21454692-653 | Duplicate |
| 21454692-654 | Duplicate |
| 21454692-655 | Duplicate |
| 21454692-656 | Duplicate |
| 21454692-657 | Duplicate |
| 21454692-658 | Duplicate |
| 21454692-659 | Duplicate |
| 21454692-660 | Duplicate |
| 21454692-661 | Duplicate |
| 21454692-662 | Duplicate |
| 21454692-663 | Duplicate |
| 21454692-664 | Duplicate |
| 21454692-665 | Duplicate |
| 21454692-666 | Duplicate |
| 21454692-667 | Duplicate |
| 21454692-668 | Duplicate |
| 21454692-669 | Duplicate |
| 21454692-670 | Duplicate |
| 21454692-671 | Duplicate |
| 21454692-672 | Duplicate |
| 21454692-673 | Duplicate |
| 21454692-674 | Duplicate |
| 21454692-675 | Duplicate |
| 21454692-676 | Duplicate |
| 21454692-677 | Duplicate |
| 21454692-678 | Duplicate |
| 21454692-679 | Duplicate |
| 21454692-680 | Duplicate |
| 21454692-681 | Duplicate |
| 21454692-682 | Duplicate |
| 21454692-683 | Duplicate |
| 21454692-684 | Duplicate |
| 21454692-685 | Duplicate |
| 21454692-686 | Duplicate |
| 21454692-687 | Duplicate |
| 21454692-688 | Duplicate |
| 21454692-689 | Duplicate |
| 21454692-690 | Duplicate |
| 21454692-691 | Duplicate |
| 21454692-692 | Duplicate |
| 21454692-693 | Duplicate |
| 21454692-694 | Duplicate |
| 21454692-695 | Duplicate |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|---|---|
| 21454692-696 | Duplicate |
| 21454692-697 | Duplicate |
| 21454692-698 | Duplicate |
| 21454692-699 | Duplicate |
| 21454692-700 | Duplicate |
| 21454692-701 | Duplicate |
| 21454692-702 | Duplicate |
| 21454692-703 | Duplicate |
| 21454692-704 | Duplicate |
| 21454692-705 | Duplicate |
| 21454692-706 | Duplicate |
| 21454692-707 | Duplicate |
| 21454692-708 | Duplicate |
| 21454692-709 | Duplicate |
| 21454692-710 | Duplicate |
| 21454692-711 | Duplicate |
| 21454692-712 | Duplicate |
| 21454692-713 | Duplicate |
| 21454692-714 | Duplicate |
| 21454692-715 | Duplicate |
| 21454692-716 | Duplicate |
| 21454692-717 | Duplicate |
| 21454692-718 | Duplicate |
| 21454692-719 | Duplicate |
| 21454692-720 | Duplicate |
| 21454692-721 | Duplicate |
| 21454692-722 | Duplicate |
| 21454692-723 | Duplicate |
| 21454692-724 | Duplicate |
| 21454692-725 | Duplicate |
| 21454692-726 | Duplicate |
| 21454692-727 | Duplicate |
| 21454692-728 | Duplicate |
| 21454692-729 | Duplicate |
| 21454692-730 | Duplicate |
| 21454692-731 | Duplicate |
| 21454692-732 | Duplicate |
| 21454692-733 | Duplicate |
| 21454692-734 | Duplicate |
| 21454692-735 | Duplicate |
| 21454692-736 | Duplicate |
| 21454692-737 | Duplicate |
| 21454692-738 | Duplicate |
| 21454692-739 | Duplicate |
| 21454692-740 | Duplicate |
| 21454692-741 | Duplicate |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|----------|--------|
| 21454692-742 | Duplicate |
| 21454692-743 | Duplicate |
| 21454692-744 | Duplicate |
| 21454692-745 | Duplicate |
| 21454692-746 | Duplicate |
| 21454692-747 | Duplicate |
| 21454692-748 | Duplicate |
| 21454692-749 | Duplicate |
| 21454692-750 | Duplicate |
| 21454692-751 | Duplicate |
| 21454692-752 | Duplicate |
| 21454692-753 | Duplicate |
| 21454692-754 | Duplicate |
| 21454692-755 | Duplicate |
| 21454692-756 | Duplicate |
| 21454692-757 | Duplicate |
| 21454692-758 | Duplicate |
| 21454692-759 | Duplicate |
| 21454692-760 | Duplicate |
| 21454692-761 | Duplicate |
| 21454692-762 | Duplicate |
| 21454692-763 | Duplicate |
| 21454692-764 | Duplicate |
| 21454692-765 | Duplicate |
| 21454692-766 | Duplicate |
| 21454692-767 | Duplicate |
| 21454692-768 | Duplicate |
| 21454692-769 | Duplicate |
| 21454692-770 | Duplicate |
| 21454692-771 | Duplicate |
| 21454692-772 | Duplicate |
| 21454692-773 | Duplicate |
| 21454692-774 | Duplicate |
| 21454692-775 | Duplicate |
| 21454692-776 | Duplicate |
| 21454692-777 | Duplicate |
| 21454692-778 | Duplicate |
| 21454692-779 | Duplicate |
| 21454692-780 | Duplicate |
| 21454692-781 | Duplicate |
| 21454692-782 | Duplicate |
| 21454692-783 | Duplicate |
| 21454692-784 | Duplicate |
| 21454692-785 | Duplicate |
| 21454692-786 | Duplicate |
| 21454692-787 | Duplicate |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
| --- | --- |
| 21454692-788 | Duplicate |
| 21454692-789 | Duplicate |
| 21454692-790 | Duplicate |
| 21454692-791 | Duplicate |
| 21454692-792 | Duplicate |
| 21454692-793 | Duplicate |
| 21454692-794 | Duplicate |
| 21454692-795 | Duplicate |
| 21454692-796 | Duplicate |
| 21454692-797 | Duplicate |
| 21454692-798 | Duplicate |
| 21454692-799 | Duplicate |
| 21454692-800 | Duplicate |
| 21454692-801 | Duplicate |
| 21454692-802 | Duplicate |
| 21454692-803 | Duplicate |
| 21454692-804 | Duplicate |
| 21454692-805 | Duplicate |
| 21454692-806 | Duplicate |
| 21454692-807 | Duplicate |
| 21454692-808 | Duplicate |
| 21454692-809 | Duplicate |
| 21454692-810 | Duplicate |
| 21454692-811 | Duplicate |
| 21454692-812 | Duplicate |
| 21454692-813 | Duplicate |
| 21454692-814 | Duplicate |
| 21454692-815 | Duplicate |
| 21454692-816 | Duplicate |
| 21454692-817 | Duplicate |
| 21454692-818 | Duplicate |
| 21454692-819 | Duplicate |
| 21454692-820 | Duplicate |
| 21454692-821 | Duplicate |
| 21454692-822 | Duplicate |
| 21454692-823 | Duplicate |
| 21454692-824 | Duplicate |
| 21454692-825 | Duplicate |
| 21454692-826 | Duplicate |
| 21454692-827 | Duplicate |
| 21454692-828 | Duplicate |
| 21454692-829 | Duplicate |
| 21454692-830 | Duplicate |
| 21454692-831 | Duplicate |
| 21454692-832 | Duplicate |
| 21454692-833 | Duplicate |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|---|---|
| 21454692-834 | Duplicate |
| 21454692-835 | Duplicate |
| 21454692-836 | Duplicate |
| 21454692-837 | Duplicate |
| 21454692-838 | Duplicate |
| 21454692-839 | Duplicate |
| 21454692-840 | Duplicate |
| 21454692-841 | Duplicate |
| 21454692-842 | Duplicate |
| 21454692-843 | Duplicate |
| 21454692-844 | Duplicate |
| 21454692-845 | Duplicate |
| 21454692-846 | Duplicate |
| 21454692-847 | Duplicate |
| 21454692-848 | Duplicate |
| 21454692-849 | Duplicate |
| 21454692-850 | Duplicate |
| 21454692-851 | Duplicate |
| 21454692-852 | Duplicate |
| 21454692-853 | Duplicate |
| 21454692-854 | Duplicate |
| 21454692-855 | Duplicate |
| 21454692-856 | Duplicate |
| 21454692-857 | Duplicate |
| 21454692-858 | Duplicate |
| 21454692-859 | Duplicate |
| 21454692-860 | Duplicate |
| 21454692-861 | Duplicate |
| 21454692-862 | Duplicate |
| 21454692-863 | Duplicate |
| 21454692-864 | Duplicate |
| 21454692-865 | Duplicate |
| 21454692-866 | Duplicate |
| 21454692-867 | Duplicate |
| 21454692-868 | Duplicate |
| 21454692-869 | Duplicate |
| 21454692-870 | Duplicate |
| 21454692-871 | Duplicate |
| 21454692-872 | Duplicate |
| 21454692-873 | Duplicate |
| 21454692-874 | Duplicate |
| 21454692-875 | Duplicate |
| 21454692-876 | Duplicate |
| 21454692-877 | Duplicate |
| 21454692-878 | Duplicate |
| 21454692-879 | Duplicate |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|---|---|
| 21454692-880 | Duplicate |
| 21454692-881 | Duplicate |
| 21454692-882 | Duplicate |
| 21454692-883 | Duplicate |
| 21454692-884 | Duplicate |
| 21454692-885 | Duplicate |
| 21454692-886 | Duplicate |
| 21454692-887 | Duplicate |
| 21454692-888 | Duplicate |
| 21454692-889 | Duplicate |
| 21454692-890 | Duplicate |
| 21454692-891 | Duplicate |
| 21454692-892 | Duplicate |
| 21454692-893 | Duplicate |
| 21454692-894 | Duplicate |
| 21454692-895 | Duplicate |
| 21454692-896 | Duplicate |
| 21454692-897 | Duplicate |
| 21454692-898 | Duplicate |
| 21454692-899 | Duplicate |
| 21454692-900 | Duplicate |
| 21454692-901 | Duplicate |
| 21454692-902 | Duplicate |
| 21454692-903 | Duplicate |
| 21454692-904 | Duplicate |
| 21454692-905 | Duplicate |
| 21454692-906 | Duplicate |
| 21454692-907 | Duplicate |
| 21454692-908 | Duplicate |
| 21454692-909 | Duplicate |
| 21454692-910 | Duplicate |
| 21454692-911 | Duplicate |
| 21454692-912 | Duplicate |
| 21454692-913 | Duplicate |
| 21454692-914 | Duplicate |
| 21454692-915 | Duplicate |
| 21454692-916 | Duplicate |
| 21454692-917 | Duplicate |
| 21454692-918 | Duplicate |
| 21454692-919 | Duplicate |
| 21454692-920 | Duplicate |
| 21454692-921 | Duplicate |
| 21454692-922 | Duplicate |
| 21454692-923 | Duplicate |
| 21454692-924 | Duplicate |
| 21454692-925 | Duplicate |

| Claim ID | Reason |
|---|---|
| 21454692-926 | Duplicate |
| 21454692-927 | Duplicate |
| 21454692-928 | Duplicate |
| 21454692-929 | Duplicate |
| 21454692-930 | Duplicate |
| 21454692-931 | Duplicate |
| 21454692-932 | Duplicate |
| 21454692-933 | Duplicate |
| 21454692-934 | Duplicate |
| 21454692-935 | Duplicate |
| 21454692-936 | Duplicate |
| 21454692-937 | Duplicate |
| 21454692-938 | Duplicate |
| 21454692-939 | Duplicate |
| 21454692-940 | Duplicate |
| 21454692-941 | Duplicate |
| 21454692-942 | Duplicate |
| 21454692-943 | Duplicate |
| 21454692-944 | Duplicate |
| 21454692-945 | Duplicate |
| 21454692-946 | Duplicate |
| 21454692-947 | Duplicate |
| 21454692-948 | Duplicate |
| 21454692-949 | Duplicate |
| 21454692-950 | Duplicate |
| 21454692-951 | Duplicate |
| 21454692-952 | Duplicate |
| 21454692-953 | Duplicate |
| 21454692-954 | Duplicate |
| 21454692-955 | Duplicate |
| 21454692-956 | Duplicate |
| 21454692-957 | Duplicate |
| 21454692-958 | Duplicate |
| 21454692-959 | Duplicate |
| 21454692-960 | Duplicate |
| 21454692-961 | Duplicate |
| 21454692-962 | Duplicate |
| 21454692-963 | Duplicate |
| 21454692-964 | Duplicate |
| 21454692-965 | Duplicate |
| 21454692-966 | Duplicate |
| 21454692-967 | Duplicate |
| 21454692-968 | Duplicate |
| 21454692-969 | Duplicate |
| 21454692-970 | Duplicate |
| 21454692-971 | Duplicate |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|----------|--------|
| 21454692-972 | Duplicate |
| 21454692-973 | Duplicate |
| 21454692-974 | Duplicate |
| 21454692-975 | Duplicate |
| 21454692-976 | Duplicate |
| 21454692-977 | Duplicate |
| 21454692-978 | Duplicate |
| 21454692-979 | Duplicate |
| 21454692-980 | Duplicate |
| 21454692-981 | Duplicate |
| 21454692-982 | Duplicate |
| 21454692-983 | Duplicate |
| 21454692-984 | Duplicate |
| 21454692-985 | Duplicate |
| 21454692-986 | Duplicate |
| 21454692-987 | Duplicate |
| 21454692-988 | Duplicate |
| 21454692-989 | Duplicate |
| 21454692-990 | Duplicate |
| 21454692-991 | Duplicate |
| 21454692-992 | Duplicate |
| 21454692-993 | Duplicate |
| 21454692-994 | Duplicate |
| 21454692-995 | Duplicate |
| 21454692-996 | Duplicate |
| 21454692-997 | Duplicate |
| 21454692-998 | Duplicate |
| 21454692-999 | Duplicate |
| 21454692-1000 | Duplicate |
| 21454692-1001 | Duplicate |
| 21454692-1002 | Duplicate |
| 21454692-1003 | Duplicate |
| 21454692-1004 | Duplicate |
| 21454692-1005 | Duplicate |
| 21454692-1006 | Duplicate |
| 21454692-1007 | Duplicate |
| 21454692-1008 | Duplicate |
| 21454692-1009 | Duplicate |
| 21454692-1010 | Duplicate |
| 21454692-1011 | Duplicate |
| 21454692-1012 | Duplicate |
| 21454692-1013 | Duplicate |
| 21454692-1014 | Duplicate |
| 21454692-1015 | Duplicate |
| 21454692-1016 | Duplicate |
| 21454692-1017 | Duplicate |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|---|---|
| 21454692-1018 | Duplicate |
| 21454692-1019 | Duplicate |
| 21454692-1020 | Duplicate |
| 21454692-1021 | Duplicate |
| 21454692-1022 | Duplicate |
| 21454692-1023 | Duplicate |
| 21454692-1024 | Duplicate |
| 21454692-1025 | Duplicate |
| 21454692-1026 | Duplicate |
| 21454692-1027 | Duplicate |
| 21454692-1028 | Duplicate |
| 21454692-1029 | Duplicate |
| 21454692-1030 | Duplicate |
| 21454692-1031 | Duplicate |
| 21454692-1032 | Duplicate |
| 21454692-1033 | Duplicate |
| 21454692-1034 | Duplicate |
| 21454692-1035 | Duplicate |
| 21454692-1036 | Duplicate |
| 21454692-1037 | Duplicate |
| 21454692-1038 | Duplicate |
| 21454692-1039 | Duplicate |
| 21454692-1040 | Duplicate |
| 21454692-1041 | Duplicate |
| 21454692-1042 | Duplicate |
| 21454692-1043 | Duplicate |
| 21454692-1044 | Duplicate |
| 21454692-1045 | Duplicate |
| 21454692-1046 | Duplicate |
| 21454692-1047 | Duplicate |
| 21454692-1048 | Duplicate |
| 21454692-1049 | Duplicate |
| 21454692-1050 | Duplicate |
| 21454692-1051 | Duplicate |
| 21454692-1052 | Duplicate |
| 21454692-1053 | Duplicate |
| 21454692-1054 | Duplicate |
| 21454692-1055 | Duplicate |
| 21454692-1056 | Duplicate |
| 21454692-1057 | Duplicate |
| 21454692-1058 | Duplicate |
| 21454692-1059 | Duplicate |
| 21454692-1060 | Duplicate |
| 21454692-1061 | Duplicate |
| 21454692-1062 | Duplicate |
| 21454692-1063 | Duplicate |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|---|---|
| 21454692-1064 | Duplicate |
| 21454692-1065 | Duplicate |
| 21454692-1066 | Duplicate |
| 21454692-1067 | Duplicate |
| 21454692-1068 | Duplicate |
| 21454692-1069 | Duplicate |
| 21454692-1070 | Duplicate |
| 21454692-1071 | Duplicate |
| 21454692-1072 | Duplicate |
| 21454692-1073 | Duplicate |
| 21454692-1074 | Duplicate |
| 21454692-1075 | Duplicate |
| 21454692-1076 | Duplicate |
| 21454692-1077 | Duplicate |
| 21454692-1078 | Duplicate |
| 21454692-1079 | Duplicate |
| 21454692-1080 | Duplicate |
| 21454692-1081 | Duplicate |
| 21454692-1082 | Duplicate |
| 21454692-1083 | Duplicate |
| 21454692-1084 | Duplicate |
| 21454692-1085 | Duplicate |
| 21454692-1086 | Duplicate |
| 21454692-1087 | Duplicate |
| 21454692-1088 | Duplicate |
| 21454692-1089 | Duplicate |
| 21454692-1090 | Duplicate |
| 21454692-1091 | Duplicate |
| 21454692-1092 | Duplicate |
| 21454692-1093 | Duplicate |
| 21454692-1094 | Duplicate |
| 21454692-1095 | Duplicate |
| 21454692-1096 | Duplicate |
| 21454692-1097 | Duplicate |
| 21454692-1098 | Duplicate |
| 21454692-1099 | Duplicate |
| 21454692-1100 | Duplicate |
| 21454692-1101 | Duplicate |
| 21454692-1102 | Duplicate |
| 21454692-1103 | Duplicate |
| 21454692-1104 | Duplicate |
| 21454692-1105 | Duplicate |
| 21454692-1106 | Duplicate |
| 21454692-1107 | Duplicate |
| 21454692-1108 | Duplicate |
| 21454692-1109 | Duplicate |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|---|---|
| 21454692-1110 | Duplicate |
| 21454692-1111 | Duplicate |
| 21454692-1112 | Duplicate |
| 21454692-1113 | Duplicate |
| 21454692-1114 | Duplicate |
| 21454692-1115 | Duplicate |
| 21454692-1116 | Duplicate |
| 21454692-1117 | Duplicate |
| 21454692-1118 | Duplicate |
| 21454692-1119 | Duplicate |
| 21454692-1120 | Duplicate |
| 21454692-1121 | Duplicate |
| 21454692-1122 | Duplicate |
| 21454692-1123 | Duplicate |
| 21454692-1124 | Duplicate |
| 21454692-1125 | Duplicate |
| 21454692-1126 | Duplicate |
| 21454692-1127 | Duplicate |
| 21454692-1128 | Duplicate |
| 21454692-1129 | Duplicate |
| 21454692-1130 | Duplicate |
| 21454692-1131 | Duplicate |
| 21454692-1132 | Duplicate |
| 21454692-1133 | Duplicate |
| 21454692-1134 | Duplicate |
| 21454692-1135 | Duplicate |
| 21454692-1136 | Duplicate |
| 21454692-1137 | Duplicate |
| 21454692-1138 | Duplicate |
| 21454692-1139 | Duplicate |
| 21454692-1140 | Duplicate |
| 21454692-1141 | Duplicate |
| 21454692-1142 | Duplicate |
| 21454692-1143 | Duplicate |
| 21454692-1144 | Duplicate |
| 21454692-1145 | Duplicate |
| 21454692-1146 | Duplicate |
| 21454692-1147 | Duplicate |
| 21454692-1148 | Duplicate |
| 21454692-1149 | Duplicate |
| 21454692-1150 | Duplicate |
| 21454692-1151 | Duplicate |
| 21454692-1152 | Duplicate |
| 21454692-1153 | Duplicate |
| 21454692-1154 | Duplicate |
| 21454692-1155 | Duplicate |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|----------|--------|
| 21454692-1156 | Duplicate |
| 21454692-1157 | Duplicate |
| 21454692-1158 | Duplicate |
| 21454692-1159 | Duplicate |
| 21454692-1160 | Duplicate |
| 21454692-1161 | Duplicate |
| 21454692-1162 | Duplicate |
| 21454692-1163 | Duplicate |
| 21454692-1164 | Duplicate |
| 21454692-1165 | Duplicate |
| 21454692-1166 | Duplicate |
| 21454692-1167 | Duplicate |
| 25289483-0 | No Loss |
| 25289483-1 | No Loss |
| 25289483-2 | No Loss |
| 25289483-3 | No Loss |
| 25289483-5 | No Loss |
| 25289483-6 | No Loss |
| 25289483-7 | No Loss |
| 25289483-9 | No Loss |
| 25289483-10 | No Loss |
| 25289483-11 | No Loss |
| 25289483-12 | No Loss |
| 25289483-13 | No Loss |
| 25289483-14 | No Loss |
| 25289483-15 | No Loss |
| 25289483-16 | No Loss |
| 25289483-17 | No Loss |
| 25289483-18 | No Loss |
| 25289483-19 | No Loss |
| 25289483-20 | No Loss |
| 25289483-21 | No Loss |
| 25289483-24 | No Loss |
| 25289483-25 | No Loss |
| 25289483-28 | No Loss |
| 25289483-29 | No Loss |
| 25289483-30 | No Loss |
| 25289483-33 | No Loss |
| 25289483-36 | No Loss |
| 25289483-37 | No Loss |
| 25289483-38 | No Loss |
| 25289483-39 | No Loss |
| 25289483-40 | No Loss |
| 25289483-41 | No Loss |
| 25289483-42 | No Loss |
| 25289483-43 | No Loss |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|----------|--------|
| 25289483-44 | No Loss |
| 25289483-45 | No Loss |
| 25289483-49 | No Loss |
| 25289483-50 | No Loss |
| 25289483-51 | No Loss |
| 25289483-52 | No Loss |
| 25289483-53 | No Loss |
| 25289483-54 | No Loss |
| 25289483-55 | No Loss |
| 25289483-56 | No Loss |
| 25289483-57 | No Loss |
| 25289483-58 | No Loss |
| 25289483-61 | No Loss |
| 25289483-62 | No Loss |
| 25289483-63 | No Loss |
| 25289483-65 | No Loss |
| 25289483-66 | No Loss |
| 25289483-67 | No Loss |
| 25289483-68 | No Loss |
| 25289483-69 | No Loss |
| 25289483-70 | No Loss |
| 25289483-71 | No Loss |
| 25289483-72 | No Loss |
| 25289483-73 | No Loss |
| 25289483-79 | No Loss |
| 25289483-82 | No Loss |
| 25289483-85 | No Loss |
| 25289483-86 | No Loss |
| 25289483-87 | No Loss |
| 25289483-89 | No Loss |
| 25289483-90 | No Loss |
| 25289483-91 | No Loss |
| 25289483-93 | No Loss |
| 25289483-94 | No Loss |
| 25289483-95 | No Loss |
| 25289483-96 | No Loss |
| 25289483-97 | No Loss |
| 25289483-98 | No Loss |
| 21454693-0 | No Loss |
| 21454694-0 | No Loss |
| 21454696-0 | Duplicate |
| 21454680-0 | No Loss |
| 21454709-0 | No Loss |
| 21454710-0 | No Loss |
| 21454657-0 | No Loss |
| 21454713-0 | Duplicate |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|----------|--------|
| 21454714-0 | No Loss |
| 21454715-0 | No Loss |
| 21454716-0 | No Loss |
| 21454717-0 | No Loss |
| 21454718-0 | No Loss |
| 25289473-0 | No Loss |
| 25289474-0 | No Loss |
| 25289474-1 | No Loss |
| 25289474-2 | No Loss |
| 25289474-3 | No Loss |
| 25289474-4 | No Loss |
| 25289474-5 | No Loss |
| 25289474-6 | No Loss |
| 25289474-7 | No Loss |
| 25289474-8 | No Loss |
| 25289474-9 | No Loss |
| 25289474-10 | No Loss |
| 25289474-11 | No Loss |
| 25289474-12 | No Loss |
| 25289474-13 | No Loss |
| 25289474-14 | No Loss |
| 25289474-15 | No Loss |
| 25289474-16 | No Loss |
| 25289474-17 | No Loss |
| 25289474-18 | No Loss |
| 25289474-19 | No Loss |
| 25289474-20 | No Loss |
| 25289474-21 | No Loss |
| 25289474-22 | No Loss |
| 25289474-23 | No Loss |
| 25289474-24 | No Loss |
| 25289474-25 | No Loss |
| 25289474-26 | No Loss |
| 25289474-27 | No Loss |
| 25289474-28 | No Loss |
| 25289474-29 | No Loss |
| 25289474-30 | No Loss |
| 25289474-31 | No Loss |
| 25289474-32 | No Loss |
| 25289474-33 | No Loss |
| 25289474-34 | No Loss |
| 25289474-35 | No Loss |
| 25289474-36 | No Loss |
| 25289474-37 | No Loss |
| 25289474-38 | No Loss |
| 25289474-39 | No Loss |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|---|---|
| 25289474-40 | No Loss |
| 25289474-41 | Withdrawn |
| 25289474-42 | No Loss |
| 25289474-43 | Withdrawn |
| 25289474-44 | Withdrawn |
| 25289474-45 | Withdrawn |
| 25289474-46 | Withdrawn |
| 25289474-47 | No Loss |
| 25289474-48 | Withdrawn |
| 25289474-49 | Withdrawn |
| 25289474-50 | Withdrawn |
| 25289474-51 | Withdrawn |
| 25289474-52 | Withdrawn |
| 25289474-53 | Withdrawn |
| 25289474-54 | Withdrawn |
| 25289474-55 | Withdrawn |
| 25289474-56 | Withdrawn |
| 25289474-57 | No Loss |
| 25289474-58 | Withdrawn |
| 25289474-59 | Withdrawn |
| 25289474-60 | Withdrawn |
| 25289474-61 | Withdrawn |
| 25289474-62 | Withdrawn |
| 25289474-63 | Withdrawn |
| 25289474-64 | No Loss |
| 25289474-65 | No Loss |
| 25289474-66 | Withdrawn |
| 25289474-67 | Withdrawn |
| 25289474-68 | Withdrawn |
| 25289474-69 | Withdrawn |
| 25289474-70 | Withdrawn |
| 25289474-71 | Withdrawn |
| 25289474-72 | No Loss |
| 25289474-73 | Withdrawn |
| 25289474-74 | No Loss |
| 25289474-75 | Withdrawn |
| 25289474-76 | Withdrawn |
| 25289474-77 | Withdrawn |
| 25289474-78 | Withdrawn |
| 25289474-79 | No Loss |
| 25289474-80 | Withdrawn |
| 25289474-81 | Withdrawn |
| 25289474-82 | No Loss |
| 25289474-83 | Withdrawn |
| 25289474-84 | No Loss |
| 25289474-85 | No Loss |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|----------|--------|
| 25289474-86 | No Loss |
| 25289474-87 | No Loss |
| 25289474-88 | No Loss |
| 25289474-89 | Withdrawn |
| 25289474-90 | No Loss |
| 25289474-91 | No Loss |
| 25289474-92 | No Loss |
| 25289474-93 | No Loss |
| 25289474-94 | Withdrawn |
| 25289474-95 | Withdrawn |
| 25289474-96 | No Loss |
| 25289474-97 | No Loss |
| 25289474-98 | No Loss |
| 25289474-99 | No Loss |
| 25289474-100 | Withdrawn |
| 25289474-101 | Withdrawn |
| 25289474-102 | Withdrawn |
| 25289474-103 | Withdrawn |
| 25289474-104 | Withdrawn |
| 25289474-105 | Withdrawn |
| 25289474-106 | No Loss |
| 25289474-107 | Withdrawn |
| 25289474-108 | Withdrawn |
| 25289474-109 | Withdrawn |
| 25289474-110 | Withdrawn |
| 25289474-111 | Withdrawn |
| 25289474-112 | No Loss |
| 25289474-113 | Withdrawn |
| 25289474-114 | No Loss |
| 25289474-115 | No Loss |
| 25289474-116 | No Loss |
| 25289474-117 | No Loss |
| 25289474-118 | No Loss |
| 25289474-119 | Withdrawn |
| 25289474-120 | Withdrawn |
| 25289474-121 | Withdrawn |
| 25289474-122 | Withdrawn |
| 25289474-123 | Withdrawn |
| 25289474-124 | Withdrawn |
| 25289474-125 | Withdrawn |
| 25289474-126 | Withdrawn |
| 25289474-127 | No Loss |
| 25289474-128 | Withdrawn |
| 25289474-129 | Withdrawn |
| 25289474-130 | Withdrawn |
| 25289474-131 | No Loss |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|---|---|
| 25289474-132 | Withdrawn |
| 25289474-133 | No Loss |
| 25289474-134 | No Loss |
| 25289474-135 | Withdrawn |
| 25289474-136 | Withdrawn |
| 25289474-137 | Withdrawn |
| 25289474-138 | Withdrawn |
| 25289474-139 | Withdrawn |
| 25289474-140 | Withdrawn |
| 25289474-141 | No Loss |
| 25289474-142 | Withdrawn |
| 25289474-143 | Withdrawn |
| 25289474-144 | Withdrawn |
| 25289474-145 | Withdrawn |
| 25289474-146 | No Loss |
| 25289474-147 | Withdrawn |
| 25289474-148 | No Loss |
| 25289474-149 | No Loss |
| 25289474-150 | No Loss |
| 25289474-151 | No Loss |
| 25289474-152 | No Loss |
| 25289474-153 | No Loss |
| 25289474-154 | No Loss |
| 25289474-155 | No Loss |
| 25289474-156 | No Loss |
| 25289474-157 | No Loss |
| 25289474-158 | Withdrawn |
| 25289474-159 | Withdrawn |
| 25289474-160 | No Loss |
| 25289474-161 | No Loss |
| 25289474-162 | No Loss |
| 25289474-163 | No Loss |
| 25289474-164 | No Loss |
| 25289474-165 | No Loss |
| 25289474-166 | Withdrawn |
| 25289474-167 | No Loss |
| 25289474-168 | No Loss |
| 25289474-169 | No Loss |
| 25289474-170 | No Loss |
| 25289474-171 | No Loss |
| 25289474-172 | No Loss |
| 25289474-173 | No Loss |
| 25289474-174 | No Loss |
| 25289474-175 | No Loss |
| 25289474-176 | No Loss |
| 25289474-177 | No Loss |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|---|---|
| 25289474-178 | Withdrawn |
| 25289474-179 | Withdrawn |
| 25289474-180 | No Loss |
| 25289474-181 | No Loss |
| 25289474-182 | No Loss |
| 25289474-183 | No Loss |
| 25289474-184 | Withdrawn |
| 25289474-185 | No Loss |
| 25289474-186 | No Loss |
| 25289474-187 | No Loss |
| 25289474-188 | Withdrawn |
| 25289474-189 | Withdrawn |
| 25289474-190 | No Loss |
| 25289474-191 | No Loss |
| 25289474-192 | Withdrawn |
| 25289474-193 | No Loss |
| 25289474-194 | No Loss |
| 25289474-195 | No Loss |
| 25289474-196 | Withdrawn |
| 25289474-197 | Withdrawn |
| 25289474-198 | Withdrawn |
| 25289474-199 | Withdrawn |
| 25289474-200 | Withdrawn |
| 25289474-201 | Withdrawn |
| 25289474-202 | Withdrawn |
| 25289474-203 | No Loss |
| 25289474-204 | No Loss |
| 25289474-205 | Withdrawn |
| 25289474-206 | No Loss |
| 25289474-207 | No Loss |
| 25289474-208 | Withdrawn |
| 25289474-209 | Withdrawn |
| 25289474-210 | No Loss |
| 25289474-211 | No Loss |
| 25289474-212 | No Loss |
| 25289474-213 | No Loss |
| 25289474-214 | No Loss |
| 25289474-215 | No Loss |
| 25289474-216 | Withdrawn |
| 25289474-217 | No Loss |
| 25289474-218 | No Loss |
| 25289474-219 | Withdrawn |
| 25289474-220 | Withdrawn |
| 25289474-221 | Withdrawn |
| 25289474-222 | Withdrawn |
| 25289474-223 | Withdrawn |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|----------|--------|
| 25289474-224 | Withdrawn |
| 25289474-225 | Withdrawn |
| 25289474-226 | Withdrawn |
| 25289474-227 | Withdrawn |
| 25289474-228 | No Loss |
| 25289474-229 | Withdrawn |
| 25289474-230 | Withdrawn |
| 25289474-231 | Withdrawn |
| 25289474-232 | Withdrawn |
| 25289474-233 | Withdrawn |
| 25289474-234 | No Loss |
| 25289474-235 | Withdrawn |
| 25289474-236 | Withdrawn |
| 25289474-237 | Withdrawn |
| 25289474-238 | Withdrawn |
| 25289474-239 | Withdrawn |
| 25289474-240 | Withdrawn |
| 25289474-241 | Withdrawn |
| 25289474-242 | Withdrawn |
| 25289474-243 | No Loss |
| 25289474-244 | No Loss |
| 25289474-245 | No Loss |
| 25289474-246 | No Loss |
| 25289474-247 | No Loss |
| 25289474-248 | Withdrawn |
| 25289474-249 | Withdrawn |
| 25289474-250 | No Loss |
| 25289474-251 | No Loss |
| 25289474-252 | No Loss |
| 25289474-253 | No Loss |
| 25289474-254 | Withdrawn |
| 25289474-255 | Withdrawn |
| 25289474-256 | Withdrawn |
| 25289474-257 | Withdrawn |
| 25289474-258 | No Loss |
| 25289474-259 | Withdrawn |
| 25289474-260 | Withdrawn |
| 25289474-261 | Withdrawn |
| 25289474-262 | Withdrawn |
| 25289474-263 | No Loss |
| 25289474-264 | Withdrawn |
| 25289474-265 | Withdrawn |
| 25289474-266 | No Loss |
| 25289474-267 | No Loss |
| 25289474-268 | Withdrawn |
| 25289474-269 | Withdrawn |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|----------|--------|
| 25289474-270 | Withdrawn |
| 25289474-271 | Withdrawn |
| 25289474-272 | Withdrawn |
| 25289474-273 | Withdrawn |
| 25289474-274 | Withdrawn |
| 25289474-275 | Withdrawn |
| 25289474-276 | Withdrawn |
| 25289474-277 | No Loss |
| 25289474-278 | Withdrawn |
| 25289474-279 | Withdrawn |
| 25289474-280 | Withdrawn |
| 25289474-281 | Withdrawn |
| 25289474-282 | No Loss |
| 25289474-283 | No Loss |
| 25289474-284 | No Loss |
| 25289474-285 | Withdrawn |
| 25289474-286 | Withdrawn |
| 25289474-287 | Withdrawn |
| 25289474-288 | No Loss |
| 25289474-289 | No Loss |
| 25289474-290 | Withdrawn |
| 25289474-291 | Withdrawn |
| 25289474-292 | Withdrawn |
| 25289474-293 | No Loss |
| 25289474-294 | Withdrawn |
| 25289474-295 | Withdrawn |
| 25289474-296 | Withdrawn |
| 25289474-297 | Withdrawn |
| 25289474-298 | Withdrawn |
| 25289474-299 | Withdrawn |
| 25289474-300 | Withdrawn |
| 25289474-301 | Withdrawn |
| 25289474-302 | Withdrawn |
| 25289474-303 | No Loss |
| 25289474-304 | Withdrawn |
| 25289474-305 | No Loss |
| 25289474-306 | No Loss |
| 25289474-307 | Withdrawn |
| 25289474-308 | Withdrawn |
| 25289474-309 | Withdrawn |
| 25289474-310 | Withdrawn |
| 25289474-311 | No Loss |
| 25289474-312 | No Loss |
| 25289474-313 | No Loss |
| 25289474-314 | No Loss |
| 25289474-315 | No Loss |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|----------|--------|
| 25289474-316 | No Loss |
| 25289474-317 | No Loss |
| 25289474-318 | No Loss |
| 25289474-319 | No Loss |
| 25289474-320 | No Loss |
| 25289474-321 | No Loss |
| 25289474-322 | Withdrawn |
| 25289474-323 | No Loss |
| 25289474-324 | No Loss |
| 25289474-325 | No Loss |
| 25289474-326 | No Loss |
| 25289474-327 | No Loss |
| 25289474-328 | No Loss |
| 25289474-329 | No Loss |
| 25289474-330 | Withdrawn |
| 25289474-331 | Withdrawn |
| 25289474-332 | No Loss |
| 25289474-333 | No Loss |
| 25289474-334 | No Loss |
| 25289474-335 | No Loss |
| 25289474-336 | No Loss |
| 25289474-337 | No Loss |
| 25289474-338 | Withdrawn |
| 25289474-339 | Withdrawn |
| 25289474-340 | Withdrawn |
| 25289474-341 | No Loss |
| 25289474-342 | No Loss |
| 25289474-343 | No Loss |
| 25289474-344 | No Loss |
| 25289474-345 | No Loss |
| 25289474-346 | Withdrawn |
| 25289474-347 | Withdrawn |
| 25289474-348 | No Loss |
| 25289474-349 | No Loss |
| 25289474-350 | Withdrawn |
| 25289474-351 | No Loss |
| 25289474-352 | No Loss |
| 25289474-353 | No Loss |
| 25289474-354 | No Loss |
| 25289474-355 | No Loss |
| 25289474-356 | No Loss |
| 25289474-357 | Withdrawn |
| 25289474-358 | Withdrawn |
| 25289474-359 | No Loss |
| 25289474-360 | Withdrawn |
| 25289474-361 | Withdrawn |

| Claim ID | Reason |
|---|---|
| 25289474-362 | No Loss |
| 25289474-363 | No Loss |
| 25289474-364 | No Loss |
| 25289474-365 | Withdrawn |
| 25289474-366 | Withdrawn |
| 25289474-367 | Withdrawn |
| 25289474-368 | Withdrawn |
| 25289474-369 | No Loss |
| 25289474-370 | Withdrawn |
| 25289474-371 | Withdrawn |
| 25289474-372 | Withdrawn |
| 25289474-373 | No Loss |
| 25289474-374 | Withdrawn |
| 25289474-375 | Withdrawn |
| 25289474-376 | No Loss |
| 25289474-377 | No Loss |
| 25289474-378 | No Loss |
| 25289474-379 | No Loss |
| 25289474-380 | Withdrawn |
| 25289474-381 | Withdrawn |
| 25289474-382 | No Loss |
| 25289474-383 | Withdrawn |
| 25289474-384 | No Loss |
| 25289474-385 | No Loss |
| 25289474-386 | Withdrawn |
| 25289474-387 | Withdrawn |
| 25289474-388 | No Loss |
| 25289474-389 | Withdrawn |
| 25289474-390 | No Loss |
| 25289474-391 | No Loss |
| 25289474-392 | No Loss |
| 25289474-393 | Withdrawn |
| 25289474-394 | No Loss |
| 25289474-395 | No Loss |
| 25289474-396 | Withdrawn |
| 25289474-397 | No Loss |
| 25289474-398 | No Loss |
| 25289474-399 | No Loss |
| 25289474-400 | Withdrawn |
| 25289474-401 | Withdrawn |
| 25289474-402 | Withdrawn |
| 25289474-403 | Withdrawn |
| 25289474-404 | Withdrawn |
| 25289474-405 | Withdrawn |
| 25289474-406 | Withdrawn |
| 25289474-407 | Withdrawn |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|----------|--------|
| 25289474-408 | Withdrawn |
| 25289474-409 | No Loss |
| 25289474-410 | Withdrawn |
| 25289474-411 | Withdrawn |
| 25289474-412 | Withdrawn |
| 25289474-413 | Withdrawn |
| 25289474-414 | Withdrawn |
| 25289474-415 | Withdrawn |
| 25289474-416 | Withdrawn |
| 25289474-417 | Withdrawn |
| 25289474-418 | Withdrawn |
| 25289474-419 | Withdrawn |
| 25289474-420 | Withdrawn |
| 25289474-421 | No Loss |
| 25289474-422 | Withdrawn |
| 25289474-423 | Withdrawn |
| 25289474-424 | No Loss |
| 25289474-425 | Withdrawn |
| 25289474-426 | Withdrawn |
| 25289474-427 | Withdrawn |
| 25289474-428 | Withdrawn |
| 25289474-429 | No Loss |
| 25289474-430 | Withdrawn |
| 25289474-431 | No Loss |
| 25289474-432 | No Loss |
| 25289474-433 | Withdrawn |
| 25289474-434 | No Loss |
| 25289474-435 | No Loss |
| 25289474-436 | Withdrawn |
| 25289474-437 | No Loss |
| 25289474-438 | No Loss |
| 25289474-439 | No Loss |
| 25289474-440 | No Loss |
| 25289474-441 | No Loss |
| 25289474-442 | No Loss |
| 25289474-443 | No Loss |
| 25289474-444 | No Loss |
| 25289474-445 | No Loss |
| 25289474-446 | Withdrawn |
| 25289474-447 | Withdrawn |
| 25289474-448 | No Loss |
| 25289474-449 | No Loss |
| 25289474-450 | Withdrawn |
| 25289474-451 | Withdrawn |
| 25289474-452 | No Loss |
| 25289474-453 | Withdrawn |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|---|---|
| 25289474-454 | Withdrawn |
| 25289474-455 | Withdrawn |
| 25289474-456 | Withdrawn |
| 25289474-457 | Withdrawn |
| 25289474-458 | Withdrawn |
| 25289474-459 | Withdrawn |
| 25289474-460 | Withdrawn |
| 25289474-461 | Withdrawn |
| 25289474-462 | Withdrawn |
| 25289474-463 | Withdrawn |
| 25289474-464 | Withdrawn |
| 25289474-465 | Withdrawn |
| 25289474-466 | Withdrawn |
| 25289474-467 | Withdrawn |
| 25289474-468 | Withdrawn |
| 25289474-469 | Withdrawn |
| 25289474-470 | Withdrawn |
| 25289474-471 | Withdrawn |
| 25289474-472 | Withdrawn |
| 25289474-473 | Withdrawn |
| 25289474-474 | Withdrawn |
| 25289474-475 | Withdrawn |
| 25289474-476 | Withdrawn |
| 25289474-477 | Withdrawn |
| 25289474-478 | Withdrawn |
| 25289474-479 | No Loss |
| 25289474-480 | Withdrawn |
| 25289474-481 | Withdrawn |
| 25289474-482 | No Loss |
| 25289474-483 | No Loss |
| 25289474-484 | No Loss |
| 25289474-485 | No Loss |
| 25289474-486 | No Loss |
| 25289474-487 | No Loss |
| 25289474-488 | No Loss |
| 25289474-489 | No Loss |
| 25289474-490 | Withdrawn |
| 25289474-491 | Withdrawn |
| 25289474-492 | No Loss |
| 25289474-493 | No Loss |
| 25289474-494 | No Loss |
| 25289474-495 | No Loss |
| 25289474-496 | No Loss |
| 25289474-497 | No Loss |
| 25289474-498 | No Loss |
| 25289474-499 | No Loss |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|---|---|
| 25289474-500 | No Loss |
| 25289474-501 | No Loss |
| 25289474-502 | No Loss |
| 25289474-503 | No Loss |
| 25289474-504 | No Loss |
| 25289474-505 | No Loss |
| 25289474-506 | No Loss |
| 25289474-507 | No Loss |
| 25289474-508 | No Loss |
| 25289474-509 | No Loss |
| 25289474-510 | No Loss |
| 25289474-511 | No Loss |
| 25289474-512 | No Loss |
| 25289474-513 | No Loss |
| 25289474-514 | Withdrawn |
| 25289474-515 | No Loss |
| 25289474-516 | No Loss |
| 25289474-517 | Withdrawn |
| 25289474-518 | No Loss |
| 25289474-519 | Withdrawn |
| 25289474-520 | Withdrawn |
| 25289474-521 | No Loss |
| 25289474-522 | No Loss |
| 25289474-523 | No Loss |
| 25289474-524 | No Loss |
| 25289474-525 | Withdrawn |
| 25289474-526 | Withdrawn |
| 25289474-527 | No Loss |
| 25289474-528 | No Loss |
| 25289474-529 | No Loss |
| 25289474-530 | No Loss |
| 25289474-531 | No Loss |
| 25289474-532 | No Loss |
| 25289474-533 | No Loss |
| 25289474-534 | No Loss |
| 25289474-535 | No Loss |
| 25289474-536 | No Loss |
| 25289474-537 | No Loss |
| 25289474-538 | No Loss |
| 25289474-539 | No Loss |
| 25289474-540 | No Loss |
| 25289474-541 | No Loss |
| 25289474-542 | Withdrawn |
| 25289474-543 | No Loss |
| 25289474-544 | Withdrawn |
| 25289474-545 | No Loss |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|----------|--------|
| 25289474-546 | No Loss |
| 25289474-547 | Withdrawn |
| 25289474-548 | Withdrawn |
| 25289474-549 | Withdrawn |
| 25289474-550 | Withdrawn |
| 25289474-551 | No Loss |
| 25289474-552 | No Loss |
| 25289474-553 | No Loss |
| 25289474-554 | Withdrawn |
| 25289474-555 | No Loss |
| 25289474-556 | Withdrawn |
| 25289474-557 | No Loss |
| 25289474-558 | No Loss |
| 25289474-559 | No Loss |
| 25289474-560 | No Loss |
| 25289474-561 | No Loss |
| 25289474-562 | No Loss |
| 25289474-563 | No Loss |
| 25289474-564 | No Loss |
| 25289474-565 | No Loss |
| 25289474-566 | No Loss |
| 25289474-567 | Withdrawn |
| 25289474-568 | Withdrawn |
| 25289474-569 | Withdrawn |
| 25289474-570 | Withdrawn |
| 25289474-571 | Withdrawn |
| 25289474-572 | No Loss |
| 25289474-573 | Withdrawn |
| 25289474-574 | Withdrawn |
| 25289474-575 | Withdrawn |
| 25289474-576 | No Loss |
| 25289474-577 | Withdrawn |
| 25289474-578 | No Loss |
| 25289474-579 | No Loss |
| 25289474-580 | Withdrawn |
| 25289474-581 | No Loss |
| 25289474-582 | No Loss |
| 25289474-583 | Withdrawn |
| 25289474-584 | Withdrawn |
| 25289474-585 | Withdrawn |
| 25289474-586 | Withdrawn |
| 25289474-587 | Withdrawn |
| 25289474-588 | Withdrawn |
| 25289474-589 | Withdrawn |
| 25289474-590 | Withdrawn |
| 25289474-591 | Withdrawn |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|---|---|
| 25289474-592 | Withdrawn |
| 25289474-593 | No Loss |
| 25289474-594 | No Loss |
| 25289474-595 | No Loss |
| 25289474-596 | Withdrawn |
| 25289474-597 | Withdrawn |
| 25289474-598 | No Loss |
| 25289474-599 | No Loss |
| 25289474-600 | No Loss |
| 25289474-601 | No Loss |
| 25289474-602 | No Loss |
| 25289474-603 | No Loss |
| 25289474-604 | No Loss |
| 25289474-605 | No Loss |
| 25289474-606 | No Loss |
| 25289474-607 | No Loss |
| 25289474-608 | No Loss |
| 25289474-609 | No Loss |
| 25289474-610 | No Loss |
| 25289474-611 | No Loss |
| 25289474-612 | No Loss |
| 25289474-613 | No Loss |
| 25289474-614 | No Loss |
| 25289474-615 | No Loss |
| 25289474-616 | Withdrawn |
| 25289474-617 | Withdrawn |
| 25289474-618 | Withdrawn |
| 25289474-619 | Withdrawn |
| 25289474-620 | Withdrawn |
| 25289474-621 | Withdrawn |
| 25289474-622 | Withdrawn |
| 25289474-623 | Withdrawn |
| 25289474-624 | Withdrawn |
| 25289474-625 | No Loss |
| 25289474-626 | No Loss |
| 25289474-627 | Withdrawn |
| 25289474-628 | Withdrawn |
| 25289474-629 | Withdrawn |
| 25289474-630 | Withdrawn |
| 25289474-631 | Withdrawn |
| 25289474-632 | Withdrawn |
| 25289474-633 | Withdrawn |
| 25289474-634 | Withdrawn |
| 25289474-635 | Withdrawn |
| 25289474-636 | Withdrawn |
| 25289474-637 | Withdrawn |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|----------|--------|
| 25289474-638 | Withdrawn |
| 25289474-639 | Withdrawn |
| 25289474-640 | Withdrawn |
| 25289474-641 | No Loss |
| 25289474-642 | No Loss |
| 25289474-643 | No Loss |
| 25289474-644 | No Loss |
| 25289474-645 | No Loss |
| 25289474-646 | No Loss |
| 25289474-647 | No Loss |
| 25289474-648 | No Loss |
| 25289474-649 | No Loss |
| 25289474-650 | No Loss |
| 25289474-651 | No Loss |
| 25289474-652 | No Loss |
| 25289474-653 | No Loss |
| 25289474-654 | No Loss |
| 25289474-655 | No Loss |
| 25289474-656 | No Loss |
| 25289474-657 | No Loss |
| 25289474-658 | No Loss |
| 25289474-659 | Withdrawn |
| 25289474-660 | Withdrawn |
| 25289474-661 | No Loss |
| 25289474-662 | Withdrawn |
| 25289474-663 | No Loss |
| 25289474-664 | No Loss |
| 25289474-665 | No Loss |
| 25289474-666 | No Loss |
| 25289474-667 | No Loss |
| 25289474-668 | No Loss |
| 25289474-669 | Withdrawn |
| 25289474-670 | Withdrawn |
| 25289474-671 | No Loss |
| 25289474-672 | No Loss |
| 25289474-673 | No Loss |
| 25289474-674 | Withdrawn |
| 25289474-675 | No Loss |
| 25289474-676 | Withdrawn |
| 25289474-677 | No Loss |
| 25289474-678 | No Loss |
| 25289474-679 | No Loss |
| 25289474-680 | No Loss |
| 25289474-681 | No Loss |
| 25289474-682 | No Loss |
| 25289474-683 | No Loss |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|---|---|
| 25289474-684 | No Loss |
| 25289474-685 | Withdrawn |
| 25289474-686 | No Loss |
| 25289474-687 | No Loss |
| 25289474-688 | No Loss |
| 25289474-689 | No Loss |
| 25289474-690 | No Loss |
| 25289474-691 | No Loss |
| 25289474-692 | No Loss |
| 25289474-693 | No Loss |
| 25289474-694 | Withdrawn |
| 25289474-695 | Withdrawn |
| 25289474-696 | Withdrawn |
| 25289474-697 | Withdrawn |
| 25289474-698 | Withdrawn |
| 25289474-699 | Withdrawn |
| 25289474-700 | Withdrawn |
| 25289474-701 | Withdrawn |
| 25289474-702 | Withdrawn |
| 25289474-703 | Withdrawn |
| 25289474-704 | Withdrawn |
| 25289474-705 | Withdrawn |
| 25289474-706 | Withdrawn |
| 25289474-707 | No Loss |
| 25289474-708 | Withdrawn |
| 25289474-709 | Withdrawn |
| 25289474-710 | Withdrawn |
| 25289474-711 | Withdrawn |
| 25289474-712 | No Loss |
| 25289474-713 | No Loss |
| 25289474-714 | No Loss |
| 25289474-715 | No Loss |
| 25289474-716 | No Loss |
| 25289474-717 | No Loss |
| 25289474-718 | No Loss |
| 25289474-719 | No Loss |
| 25289474-720 | No Loss |
| 25289474-721 | No Loss |
| 25289474-722 | No Loss |
| 25289474-723 | No Loss |
| 25289474-724 | No Loss |
| 25289474-725 | Withdrawn |
| 25289474-726 | No Loss |
| 25289474-727 | No Loss |
| 25289474-728 | No Loss |
| 25289474-729 | No Loss |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|---|---|
| 25289474-730 | No Loss |
| 25289474-731 | No Loss |
| 25289474-732 | No Loss |
| 25289474-733 | No Loss |
| 25289474-734 | No Loss |
| 25289474-735 | No Loss |
| 25289474-736 | No Loss |
| 25289474-737 | No Loss |
| 25289474-738 | No Loss |
| 25289474-739 | No Loss |
| 25289474-740 | No Loss |
| 25289474-741 | No Loss |
| 25289474-742 | Withdrawn |
| 25289474-743 | Withdrawn |
| 25289474-744 | Withdrawn |
| 25289474-745 | Withdrawn |
| 25289474-746 | No Loss |
| 25289474-747 | Withdrawn |
| 25289474-748 | Withdrawn |
| 25289474-749 | No Loss |
| 25289474-750 | No Loss |
| 25289474-751 | No Loss |
| 25289474-752 | Withdrawn |
| 25289474-753 | No Loss |
| 25289474-754 | No Loss |
| 25289474-755 | No Loss |
| 25289474-756 | No Loss |
| 25289474-757 | No Loss |
| 25289474-758 | No Loss |
| 25289474-759 | No Loss |
| 25289474-760 | Withdrawn |
| 25289474-761 | No Loss |
| 25289474-762 | No Loss |
| 25289474-763 | No Loss |
| 25289474-764 | No Loss |
| 25289474-765 | No Loss |
| 25289474-766 | Withdrawn |
| 25289474-767 | No Loss |
| 25289474-768 | No Loss |
| 25289474-769 | No Loss |
| 25289474-770 | No Loss |
| 25289474-771 | No Loss |
| 25289474-772 | No Loss |
| 25289474-773 | No Loss |
| 25289474-774 | No Loss |
| 25289474-775 | No Loss |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|----------|--------|
| 25289474-776 | No Loss |
| 25289474-777 | No Loss |
| 25289474-778 | No Loss |
| 25289474-779 | No Loss |
| 25289474-780 | No Loss |
| 25289474-781 | No Loss |
| 25289474-782 | No Loss |
| 25289474-783 | Withdrawn |
| 25289474-784 | Withdrawn |
| 25289474-785 | No Loss |
| 25289474-786 | No Loss |
| 25289474-787 | No Loss |
| 25289474-788 | No Loss |
| 25289474-789 | Withdrawn |
| 25289474-790 | Withdrawn |
| 25289474-791 | Withdrawn |
| 25289474-792 | No Loss |
| 25289474-793 | No Loss |
| 25289474-794 | No Loss |
| 25289474-795 | No Loss |
| 25289474-796 | Withdrawn |
| 25289474-797 | Withdrawn |
| 25289474-798 | Withdrawn |
| 25289474-799 | Withdrawn |
| 25289474-800 | Withdrawn |
| 25289474-801 | Withdrawn |
| 25289474-802 | Withdrawn |
| 25289474-803 | Withdrawn |
| 25289474-804 | Withdrawn |
| 25289474-805 | No Loss |
| 25289474-806 | Withdrawn |
| 25289474-807 | No Loss |
| 25289474-808 | Withdrawn |
| 25289474-809 | Withdrawn |
| 25289474-810 | Withdrawn |
| 25289474-811 | Withdrawn |
| 25289474-812 | Withdrawn |
| 25289474-813 | Withdrawn |
| 25289474-814 | No Loss |
| 25289474-815 | Withdrawn |
| 25289474-816 | Withdrawn |
| 25289474-817 | Withdrawn |
| 25289474-818 | Withdrawn |
| 25289474-819 | Withdrawn |
| 25289474-820 | No Loss |
| 25289474-821 | No Loss |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|----------|--------|
| 25289474-822 | No Loss |
| 25289474-823 | Withdrawn |
| 25289474-824 | Withdrawn |
| 25289474-825 | No Loss |
| 25289474-826 | No Loss |
| 25289474-827 | No Loss |
| 25289474-828 | No Loss |
| 25289474-829 | No Loss |
| 25289474-830 | No Loss |
| 25289474-831 | No Loss |
| 25289474-832 | No Loss |
| 25289474-833 | No Loss |
| 25289474-834 | No Loss |
| 25289474-835 | Withdrawn |
| 25289474-836 | No Loss |
| 25289474-837 | No Loss |
| 25289474-838 | No Loss |
| 25289474-839 | No Loss |
| 25289474-840 | No Loss |
| 25289474-841 | No Loss |
| 25289474-842 | No Loss |
| 25289474-843 | No Loss |
| 25289474-844 | No Loss |
| 25289474-845 | No Loss |
| 25289474-846 | No Loss |
| 25289474-847 | No Loss |
| 25289474-848 | No Loss |
| 25289474-849 | No Loss |
| 25289474-850 | No Loss |
| 25289474-851 | No Loss |
| 25289474-852 | No Loss |
| 25289474-853 | Withdrawn |
| 25289474-854 | No Loss |
| 25289474-855 | No Loss |
| 25289474-856 | No Loss |
| 25289474-857 | No Loss |
| 25289474-858 | No Loss |
| 25289474-859 | No Loss |
| 25289474-860 | No Loss |
| 25289474-861 | No Loss |
| 25289474-862 | No Loss |
| 25289474-863 | No Loss |
| 25289474-864 | No Loss |
| 25289474-865 | Withdrawn |
| 25289474-866 | No Loss |
| 25289474-867 | No Loss |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|----------|--------|
| 25289474-868 | No Loss |
| 25289474-869 | No Loss |
| 25289474-870 | No Loss |
| 25289474-871 | No Loss |
| 25289474-872 | No Loss |
| 25289474-873 | No Loss |
| 25289474-874 | No Loss |
| 25289474-875 | No Loss |
| 25289474-876 | No Loss |
| 25289474-877 | No Loss |
| 25289474-878 | Withdrawn |
| 25289474-879 | No Loss |
| 25289474-880 | No Loss |
| 25289474-881 | No Loss |
| 25289474-882 | No Loss |
| 25289474-883 | No Loss |
| 25289474-884 | No Loss |
| 25289474-885 | Withdrawn |
| 25289474-886 | No Loss |
| 25289474-887 | Withdrawn |
| 25289474-888 | No Loss |
| 25289474-889 | No Loss |
| 25289474-890 | No Loss |
| 25289474-891 | No Loss |
| 25289474-892 | No Loss |
| 25289474-893 | No Loss |
| 25289474-894 | No Loss |
| 25289474-895 | No Loss |
| 25289474-896 | No Loss |
| 25289474-897 | No Loss |
| 25289474-898 | No Loss |
| 25289474-899 | No Loss |
| 25289474-900 | No Loss |
| 25289474-901 | No Loss |
| 25289474-902 | No Loss |
| 25289474-903 | Withdrawn |
| 25289474-904 | No Loss |
| 25289474-905 | No Loss |
| 25289474-906 | Withdrawn |
| 25289474-907 | No Loss |
| 25289474-908 | No Loss |
| 25289474-909 | No Loss |
| 25289474-910 | No Loss |
| 25289474-911 | No Loss |
| 25289474-912 | No Loss |
| 25289474-913 | No Loss |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|---|---|
| 25289474-914 | No Loss |
| 25289474-915 | No Loss |
| 25289474-916 | No Loss |
| 25289474-917 | No Loss |
| 25289474-918 | No Loss |
| 25289474-919 | No Loss |
| 25289474-920 | No Loss |
| 25289474-921 | No Loss |
| 25289474-922 | No Loss |
| 25289474-923 | No Loss |
| 25289474-924 | No Loss |
| 25289474-925 | No Loss |
| 25289474-926 | No Loss |
| 25289474-927 | No Loss |
| 25289474-928 | No Loss |
| 25289474-929 | No Loss |
| 25289474-930 | No Loss |
| 25289474-931 | No Loss |
| 25289474-932 | No Loss |
| 25289474-933 | No Loss |
| 25289474-934 | No Loss |
| 25289474-935 | No Loss |
| 25289474-936 | No Loss |
| 25289474-937 | No Loss |
| 25289474-938 | No Loss |
| 25289474-939 | No Loss |
| 25289474-940 | No Loss |
| 25289474-941 | No Loss |
| 25289474-942 | Withdrawn |
| 25289474-943 | No Loss |
| 25289474-944 | No Loss |
| 25289474-945 | Withdrawn |
| 25289474-946 | No Loss |
| 25289474-947 | No Loss |
| 25289474-948 | No Loss |
| 25289474-949 | No Loss |
| 25289474-950 | No Loss |
| 25289474-951 | No Loss |
| 25289474-952 | No Loss |
| 25289474-953 | No Loss |
| 25289474-954 | No Loss |
| 25289474-955 | Withdrawn |
| 25289474-956 | Withdrawn |
| 25289474-957 | Withdrawn |
| 25289474-958 | Withdrawn |
| 25289474-959 | Withdrawn |

| Claim ID | Reason |
|---|---|
| 25289474-960 | No Loss |
| 25289474-961 | No Loss |
| 25289474-962 | No Loss |
| 25289474-963 | No Loss |
| 25289474-964 | No Loss |
| 25289474-965 | No Loss |
| 25289474-966 | No Loss |
| 25289474-967 | No Loss |
| 25289474-968 | No Loss |
| 25289474-969 | Withdrawn |
| 25289474-970 | No Loss |
| 25289474-971 | No Loss |
| 25289474-972 | No Loss |
| 25289474-973 | Withdrawn |
| 25289474-974 | No Loss |
| 25289474-975 | No Loss |
| 25289474-976 | No Loss |
| 25289474-977 | No Loss |
| 25289474-978 | No Loss |
| 25289474-979 | Withdrawn |
| 25289474-980 | Withdrawn |
| 25289474-981 | No Loss |
| 25289474-982 | No Loss |
| 25289474-983 | Withdrawn |
| 25289474-984 | Withdrawn |
| 25289474-985 | Withdrawn |
| 25289474-986 | No Loss |
| 25289474-987 | No Loss |
| 25289474-988 | No Loss |
| 25289474-989 | No Loss |
| 25289474-990 | No Loss |
| 25289474-991 | No Loss |
| 25289474-993 | No Loss |
| 25289474-994 | No Loss |
| 25289474-1000 | No Loss |
| 25289474-1007 | No Loss |
| 25289474-1008 | No Loss |
| 25289474-1009 | No Loss |
| 25289474-1010 | No Loss |
| 25289474-1012 | Duplicate |
| 25289474-1013 | No Loss |
| 25289474-1014 | Duplicate |
| 25289474-1015 | Duplicate |
| 25289474-1016 | Duplicate |
| 25289474-1017 | Duplicate |
| 25289474-1018 | No Loss |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|---|---|
| 25289474-1019 | No Loss |
| 25289474-1023 | Duplicate |
| 25289474-1024 | No Loss |
| 25289474-1025 | Duplicate |
| 25289474-1026 | Duplicate |
| 25289474-1027 | Duplicate |
| 25289474-1028 | Duplicate |
| 25289474-1035 | Duplicate |
| 25289474-1036 | Duplicate |
| 25289474-1037 | Duplicate |
| 25289474-1038 | Duplicate |
| 25289474-1039 | Duplicate |
| 25289474-1040 | Duplicate |
| 25289474-1041 | Duplicate |
| 25289474-1043 | Duplicate |
| 25289474-1044 | Duplicate |
| 25289474-1045 | Duplicate |
| 25289474-1046 | Duplicate |
| 25289474-1047 | Duplicate |
| 25289474-1048 | Duplicate |
| 25289474-1051 | Duplicate |
| 25289474-1052 | Withdrawn |
| 25289474-1053 | Withdrawn |
| 25289474-1054 | Withdrawn |
| 25289474-1055 | Withdrawn |
| 25289474-1056 | Withdrawn |
| 25289474-1057 | Duplicate |
| 25289474-1058 | Duplicate |
| 25289474-1060 | Duplicate |
| 25289474-1062 | No Loss |
| 25289474-1063 | Duplicate |
| 25289474-1065 | No Loss |
| 25289474-1066 | Duplicate |
| 25289474-1067 | Duplicate |
| 25289474-1068 | Duplicate |
| 25289474-1073 | Duplicate |
| 25289474-1074 | Duplicate |
| 25289474-1075 | Duplicate |
| 25289474-1076 | Duplicate |
| 25289474-1077 | Duplicate |
| 25289474-1078 | Duplicate |
| 25289474-1079 | Duplicate |
| 25289474-1080 | Duplicate |
| 25289474-1081 | Duplicate |
| 25289474-1082 | Duplicate |
| 25289474-1083 | Duplicate |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|---|---|
| 25289474-1084 | Duplicate |
| 25289474-1085 | Duplicate |
| 25289474-1086 | Duplicate |
| 25289474-1088 | Duplicate |
| 25289474-1089 | No Loss |
| 25289474-1090 | No Loss |
| 25289474-1091 | No Loss |
| 25289474-1092 | Duplicate |
| 25289474-1094 | Duplicate |
| 25289474-1095 | No Loss |
| 25289474-1097 | No Loss |
| 25289474-1098 | Duplicate |
| 25289474-1100 | Duplicate |
| 25289474-1101 | No Loss |
| 25289474-1102 | No Loss |
| 25289474-1103 | No Loss |
| 25289474-1104 | No Loss |
| 25289474-1105 | Duplicate |
| 25289474-1106 | Duplicate |
| 25289474-1107 | Duplicate |
| 25289474-1108 | No Loss |
| 25289474-1111 | Duplicate |
| 25289474-1112 | Duplicate |
| 25289474-1113 | Duplicate |
| 25289474-1114 | Duplicate |
| 25289474-1115 | Duplicate |
| 25289474-1116 | Duplicate |
| 25289474-1117 | Duplicate |
| 25289474-1118 | Duplicate |
| 25289474-1120 | Duplicate |
| 25289474-1121 | Duplicate |
| 25289474-1122 | Duplicate |
| 25289474-1124 | Duplicate |
| 25289474-1125 | Duplicate |
| 25289474-1127 | Duplicate |
| 25289474-1128 | Duplicate |
| 25289474-1130 | Duplicate |
| 25289474-1131 | Duplicate |
| 25289474-1132 | Duplicate |
| 25289474-1133 | Duplicate |
| 25289474-1134 | Duplicate |
| 25289474-1135 | Duplicate |
| 25289474-1136 | Duplicate |
| 25289474-1137 | Duplicate |
| 25289474-1140 | Duplicate |
| 25289474-1141 | Duplicate |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|---|---|
| 25289474-1142 | Duplicate |
| 25289474-1143 | Duplicate |
| 25289474-1144 | Duplicate |
| 25289474-1145 | Duplicate |
| 25289474-1146 | Duplicate |
| 25289474-1147 | Duplicate |
| 25289474-1150 | Duplicate |
| 25289474-1151 | Duplicate |
| 25289474-1152 | Duplicate |
| 25289474-1153 | Duplicate |
| 25289474-1154 | Duplicate |
| 25289474-1156 | Duplicate |
| 25289474-1157 | Duplicate |
| 25289474-1158 | Duplicate |
| 25289474-1159 | Duplicate |
| 25289474-1160 | No Loss |
| 25289474-1161 | No Loss |
| 25289474-1162 | Duplicate |
| 25289474-1163 | Duplicate |
| 25289474-1164 | Duplicate |
| 25289474-1165 | Duplicate |
| 25289474-1166 | Duplicate |
| 25289474-1167 | Duplicate |
| 21454719-0 | Duplicate |
| 21454720-0 | No Loss |
| 21454721-0 | No Loss |
| 21454722-0 | No Loss |
| 21454725-0 | No Loss |
| 21454725-1 | No Loss |
| 21454724-0 | No Loss |
| 21454724-1 | No Loss |
| 21454724-2 | No Loss |
| 21454724-3 | No Loss |
| 21454724-4 | No Loss |
| 21454724-5 | No Loss |
| 21454724-6 | No Loss |
| 21454724-7 | No Loss |
| 21454724-8 | No Loss |
| 21454724-9 | No Loss |
| 21454724-11 | No Loss |
| 21454579-0 | No Loss |
| 21454579-1 | No Loss |
| 21454579-2 | No Loss |
| 21454579-3 | No Loss |
| 21454726-0 | No Loss |
| 21454727-0 | No Loss |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|---|---|
| 21454731-0 | No Loss |
| 25289475-0 | Duplicate |
| 25289476-0 | No Loss |
| 21454732-0 | Duplicate |
| 21454732-1 | Duplicate |
| 21454732-2 | Duplicate |
| 21454732-3 | Duplicate |
| 21454732-4 | Duplicate |
| 21454732-5 | Duplicate |
| 21454732-6 | Duplicate |
| 21454732-7 | Duplicate |
| 21454732-8 | Duplicate |
| 21454732-9 | Duplicate |
| 21454732-10 | Duplicate |
| 21454732-11 | Duplicate |
| 21454732-12 | Duplicate |
| 21454732-13 | Duplicate |
| 21454732-14 | Duplicate |
| 21454732-15 | Duplicate |
| 21454732-16 | Duplicate |
| 21454732-17 | Duplicate |
| 21454732-18 | Duplicate |
| 21454732-19 | Duplicate |
| 21454732-20 | Duplicate |
| 21454732-21 | Duplicate |
| 21454732-22 | Duplicate |
| 21454732-23 | Duplicate |
| 21454732-24 | Duplicate |
| 21454732-25 | Duplicate |
| 21454732-26 | Duplicate |
| 21454732-27 | Duplicate |
| 21454732-28 | Duplicate |
| 21454732-29 | Duplicate |
| 21454732-30 | Duplicate |
| 21454732-31 | Duplicate |
| 21454732-32 | Duplicate |
| 21454732-33 | Duplicate |
| 21454732-34 | Duplicate |
| 21454732-35 | Duplicate |
| 21454732-36 | Duplicate |
| 21454732-37 | Duplicate |
| 21454732-38 | Duplicate |
| 21454732-39 | Duplicate |
| 21454732-40 | Duplicate |
| 21454732-41 | Duplicate |
| 21454732-42 | Duplicate |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|----------|--------|
| 21454732-43 | Duplicate |
| 21454732-44 | Duplicate |
| 21454732-45 | Duplicate |
| 21454732-46 | Duplicate |
| 21454732-47 | Duplicate |
| 21454732-48 | Duplicate |
| 21454732-49 | Duplicate |
| 21454732-50 | Duplicate |
| 21454732-51 | Duplicate |
| 21454732-52 | Duplicate |
| 21454732-53 | Duplicate |
| 21454732-54 | Duplicate |
| 21454732-55 | Duplicate |
| 21454732-56 | Duplicate |
| 21454732-57 | Duplicate |
| 21454732-58 | Duplicate |
| 21454732-59 | Duplicate |
| 21454732-60 | Duplicate |
| 21454732-61 | Duplicate |
| 21454732-62 | Duplicate |
| 21454732-63 | Duplicate |
| 21454732-64 | Duplicate |
| 21454732-65 | Duplicate |
| 21454732-66 | Duplicate |
| 21454732-67 | Duplicate |
| 21454732-68 | Duplicate |
| 21454732-69 | Duplicate |
| 21454732-70 | Duplicate |
| 21454732-71 | Duplicate |
| 21454732-72 | Duplicate |
| 21454732-73 | Duplicate |
| 21454732-74 | Duplicate |
| 21454732-75 | Duplicate |
| 21454732-76 | Duplicate |
| 21454732-77 | Duplicate |
| 21454732-78 | Duplicate |
| 21454732-79 | Duplicate |
| 21454732-80 | Duplicate |
| 21454732-81 | Duplicate |
| 21454732-82 | Duplicate |
| 21454732-83 | Duplicate |
| 21454732-84 | Duplicate |
| 21454732-85 | Duplicate |
| 21454732-86 | Duplicate |
| 21454732-87 | Duplicate |
| 21454732-88 | Duplicate |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|---|---|
| 21454732-89 | Duplicate |
| 21454732-90 | Duplicate |
| 21454732-91 | Duplicate |
| 21454732-92 | Duplicate |
| 21454732-93 | Duplicate |
| 21454732-94 | Duplicate |
| 21454732-95 | Duplicate |
| 21454732-96 | Duplicate |
| 21454732-97 | Duplicate |
| 21454732-98 | Duplicate |
| 21454732-99 | Duplicate |
| 21454732-100 | Duplicate |
| 21454732-101 | Duplicate |
| 21454732-102 | Duplicate |
| 21454732-103 | Duplicate |
| 21454732-104 | Duplicate |
| 21454732-105 | Duplicate |
| 21454732-106 | Duplicate |
| 21454732-107 | Duplicate |
| 21454732-108 | Duplicate |
| 21454732-109 | Duplicate |
| 21454732-110 | Duplicate |
| 21454732-111 | Duplicate |
| 21454732-112 | Duplicate |
| 21454732-113 | Duplicate |
| 21454732-114 | Duplicate |
| 21454732-115 | Duplicate |
| 21454732-116 | Duplicate |
| 21454732-117 | Duplicate |
| 21454732-118 | Duplicate |
| 21454732-119 | Duplicate |
| 21454732-120 | Duplicate |
| 21454732-121 | Duplicate |
| 21454732-122 | Duplicate |
| 21454732-123 | Duplicate |
| 21454732-124 | Duplicate |
| 21454732-125 | Duplicate |
| 21454732-126 | Duplicate |
| 21454732-127 | Duplicate |
| 21454732-128 | Duplicate |
| 21454732-129 | Duplicate |
| 21454732-130 | Duplicate |
| 21454732-131 | Duplicate |
| 21454732-132 | Duplicate |
| 21454732-133 | Duplicate |
| 21454732-134 | Duplicate |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|----------|--------|
| 21454732-135 | Duplicate |
| 21454732-136 | Duplicate |
| 21454732-137 | Duplicate |
| 21454732-138 | Duplicate |
| 21454732-139 | Duplicate |
| 21454732-140 | Duplicate |
| 21454732-141 | Duplicate |
| 21454732-142 | Duplicate |
| 21454732-143 | Duplicate |
| 21454732-144 | Duplicate |
| 21454732-145 | Duplicate |
| 21454732-146 | Duplicate |
| 21454732-147 | Duplicate |
| 21454732-148 | Duplicate |
| 21454732-149 | Duplicate |
| 21454732-150 | Duplicate |
| 21454732-151 | Duplicate |
| 21454732-152 | Duplicate |
| 21454732-153 | Duplicate |
| 21454732-154 | Duplicate |
| 21454732-155 | Duplicate |
| 21454732-156 | Duplicate |
| 21454732-157 | Duplicate |
| 21454732-158 | Duplicate |
| 21454732-159 | Duplicate |
| 21454732-160 | Duplicate |
| 21454732-161 | Duplicate |
| 21454732-162 | Duplicate |
| 21454732-163 | Duplicate |
| 21454732-164 | Duplicate |
| 21454732-165 | Duplicate |
| 21454732-166 | Duplicate |
| 21454732-167 | Duplicate |
| 21454732-168 | Duplicate |
| 21454732-169 | Duplicate |
| 21454732-170 | Duplicate |
| 21454732-171 | Duplicate |
| 21454732-172 | Duplicate |
| 21454732-173 | Duplicate |
| 21454732-174 | Duplicate |
| 21454732-175 | Duplicate |
| 21454732-176 | Duplicate |
| 21454732-177 | Duplicate |
| 21454732-178 | Duplicate |
| 21454732-179 | Duplicate |
| 21454732-180 | Duplicate |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|----------|--------|
| 21454732-181 | Duplicate |
| 21454732-182 | Duplicate |
| 21454732-183 | Duplicate |
| 21454732-184 | Duplicate |
| 21454734-0 | No Loss |
| 21454734-1 | No Loss |
| 21454734-2 | No Loss |
| 21454734-3 | No Loss |
| 21454734-4 | No Loss |
| 21454734-5 | No Loss |
| 21454734-6 | No Loss |
| 21454734-7 | No Loss |
| 21454734-8 | No Loss |
| 21454734-9 | No Loss |
| 21454734-10 | No Loss |
| 25289477-0 | No Loss |
| 25289477-1 | No Loss |
| 25289482-1 | No Loss |
| 25289482-4 | No Loss |
| 25289482-7 | No Loss |
| 25289482-10 | No Loss |
| 25289482-11 | No Loss |
| 25289482-13 | No Loss |
| 25289482-15 | No Loss |
| 25289482-16 | No Loss |
| 25289482-17 | No Loss |
| 25289482-18 | No Loss |
| 25289482-20 | No Loss |
| 25289482-26 | No Loss |
| 25289482-37 | No Loss |
| 25289482-38 | No Loss |
| 25289482-57 | No Loss |
| 25289482-58 | No Loss |
| 25289482-59 | No Loss |
| 25289482-61 | No Loss |
| 25289482-62 | No Loss |
| 25289482-63 | No Loss |
| 25289482-91 | No Loss |
| 25289482-95 | No Loss |
| 25289482-103 | No Loss |
| 25289482-151 | No Loss |
| 25289482-174 | No Loss |
| 25289482-181 | No Loss |
| 21454733-0 | No Loss |
| 25289478-0 | Duplicate |
| 21454736-0 | Duplicate |

EXHIBIT G - REJECTED CLAIMS

| Claim ID | Reason |
|---|---|
| 25289479-0 | No Loss |
| 21454739-0 | No Loss |
| 21454740-0 | No Loss |
| 25289481-0 | No Loss |
| 21454744-0 | Duplicate |
| 25289485-0 | No Loss |
| 25289485-1 | No Loss |
| 25289484-1 | No Loss |
| 21454746-0 | Duplicate |
| 21454747-0 | Duplicate |
| 21454748-0 | No Loss |
| 21454748-1 | No Loss |
| 21454748-2 | No Loss |
| 21454748-3 | No Loss |
| 21454748-4 | No Loss |
| 21454748-5 | No Loss |
| 21454749-0 | Withdrawn |
| 21454749-1 | No Loss |
| 21454749-3 | No Loss |
| 21454750-0 | No Loss |
| 21454751-0 | No Loss |
| 21454752-0 | No Loss |
| 21454753-0 | Duplicate |
| 25289491-0 | No Loss |
| 21454754-0 | No Loss |

# EXHIBIT H

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| | | | |
|---|---|---|---|
| Lovell Stewart Halebian Jacobson LLP | INVOICE | | 162570 |
| Christopher M. McGrath | PAGE | | 1 of 1 |
| 61 Broadway Suite 501 | DATE | | 11/28/2014 |
| New York, NY 10006 | CLIENT | | 483360 |

# INVOICE

**JOB  50795**                 **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Website Maintenance/Hosting | 1 | 150.000 | $150.00 |
| Notice Design & Payout, Proffing | 5 | 145.000 | $725.00 |
| Csrs/Live Operators (hourly) | 3.75 | 85.000 | $318.75 |
| Process Correspondence and Exclusion Requests (hourly) | 1.75 | 85.000 | $148.75 |
| Senior Management (hourly) | 4.50 | 195.000 | $877.50 |
| Project Management (hourly) | 11 | 145.000 | $1,595.00 |
| Website Updates (hourly) | 3.50 | 135.000 | $472.50 |
| Technical Consulting (hourly) | 19 | 155.000 | $2,945.00 |
| Quality Assurance (hourly) | 7 | 155.000 | $1,085.00 |
| IVR and Line Maintenance | 28 | 0.220 | $6.16 |
| 800 Number Charges (per minute) | 140 | 0.120 | $16.80 |
| Publication Notice (includes digital media) | 1 | 86,234.970 | $86,234.97 |
| Print & Mail Notice | 10,000 | 1.210 | $12,100.00 |
| Print & Mail Notice - Remails | 1 | 1,790.000 | $1,790.00 |
| Postage | 1 | 11,215.130 | $11,215.13 |

| | | |
|---|---|---|
| **TOTAL** | | **$119,680.56** |

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
**Class Action Administration**
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com

**ab** DATA

| | | |
|---|---|---|
| Lovell Stewart Halebian Jacobson LLP | INVOICE | 162955 |
| Christopher M. McGrath | PAGE | 1 of 1 |
| 61 Broadway Suite 501 | DATE | 12/31/2014 |
| New York, NY 10006 | CLIENT | 483360 |

# INVOICE

**JOB  50795**               **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Website Maintenance/Hosting | 1 | 150.000 | $150.00 |
| Csrs/Live Operators (hourly) | 1.25 | 85.000 | $106.25 |
| Process Correspondence and Exclusion Requests (hourly) | 1.25 | 85.000 | $106.25 |
| Senior Management (hourly) | 3.50 | 195.000 | $682.50 |
| Project Management (hourly) | 2 | 145.000 | $290.00 |
| Quality Assurance (hourly) | 1 | 155.000 | $155.00 |
| IVR and Line Maintenance | 1 | 150.000 | $150.00 |
| Interactive Voice Response IVR (per minute) | 34 | 0.220 | $7.48 |
| 800 Number Charges (per minute) | 111 | 0.120 | $13.32 |
| Postage | 1 | 1,810.480 | $1,810.48 |

**TOTAL**            **$3,471.28**

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| | | | |
|---|---|---|---|
| Lovell Stewart Halebian Jacobson LLP | INVOICE | | 163928 |
| Christopher M. McGrath | PAGE | | 1 of 1 |
| 61 Broadway Suite 501 | DATE | | 2/27/2015 |
| New York, NY 10006 | CLIENT | | 483360 |

# INVOICE

**JOB  50795**            **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Website Maintenance/Hosting | 1 | 150.000 | $150.00 |
| Csrs/Live Operators (hourly) | 3.25 | 85.000 | $276.25 |
| Receipt and Preparation of Claim Forms | 8 | 50.000 | $400.00 |
| Claim Processing | 21.50 | 110.000 | $2,365.00 |
| Process Correspondence and Exclusion Requests (hourly) | 0.50 | 85.000 | $42.50 |
| Senior Management (hourly) | 4.25 | 195.000 | $828.75 |
| Project Management (hourly) | 5.00 | 145.000 | $725.00 |
| Technical Consulting (hourly) | 2 | 155.000 | $310.00 |
| Staff (hourly) | 0.75 | 85.000 | $63.75 |
| IVR and Line Maintenance | 1 | 150.000 | $150.00 |
| Interactive Voice Response IVR (per minute) | 39.00 | 0.220 | $8.58 |
| 800 Number Charges (per minute) | 84.50 | 0.120 | $10.14 |
| Tax Services | 1 | 4,000.000 | $4,000.00 |
| Address Searches | 1 | 12.000 | $12.00 |
| Postage | 1 | 59.340 | $59.34 |

| | |
|---|---|
| **TOTAL** | **$9,401.31** |

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| | | |
|---|---|---|
| Lovell Stewart Halebian Jacobson LLP | INVOICE | 164437 |
| Christopher M. McGrath | PAGE | 1 of 1 |
| 61 Broadway Suite 501 | DATE | 3/31/2015 |
| New York, NY 10006 | CLIENT | 483360 |

# INVOICE

**JOB  50795**　　　　　　　**PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Receive and Process Undeliverable Mail | 3,292 | 0.500 | $1,646.00 |
| Website Maintenance/Hosting | 1 | 150.000 | $150.00 |
| Csrs/Live Operators (hourly) | 1.00 | 85.000 | $85.00 |
| Claim Processing | 13.50 | 125.000 | $1,687.50 |
| Senior Management (hourly) | 2.50 | 195.000 | $487.50 |
| Project Management (hourly) | 20.50 | 145.000 | $2,972.50 |
| Technical Consulting (hourly) | 27.00 | 155.000 | $4,185.00 |
| Staff (hourly) | 1.50 | 85.000 | $127.50 |
| IVR and Line Maintenance (hourly) | 1 | 150.000 | $150.00 |
| Interactive Voice Response IVR (per minute) | 23.00 | 0.220 | $5.06 |
| 800 Number Charges (per minute) | 43.18 | 0.120 | $5.18 |
| Advanced Address Updates | 3,292 | 0.950 | $3,127.40 |
| Print and Mail Notice | 1 | 13,877.500 | $13,877.50 |
| Postage | 1 | 1,940.110 | $1,940.11 |
| Fulfillment | 1 | 293.700 | $293.70 |
| Document Storage - Electronic | 4,279 | 0.002 | $8.56 |
| Document Storage - Paper | 1 | 1.500 | $1.50 |

| | |
|---|---|
| **TOTAL** | **$30,750.01** |

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| | | |
|---|---|---|
| Lovell Stewart Halebian Jacobson LLP | INVOICE | 164979 |
| Christopher M. McGrath | PAGE | 1 of 1 |
| 61 Broadway Suite 501 | DATE | 4/30/2015 |
| New York, NY 10006 | CLIENT | 483360 |

# INVOICE

**JOB  50795**               **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Receive and Process Undeliverable Mail | 1,293 | 0.500 | $646.50 |
| Website Maintenance/Hosting | 1 | 150.000 | $150.00 |
| Csrs/Live Operators (hourly) | 6.25 | 85.000 | $531.25 |
| Claim Processing | 6 | 125.000 | $750.00 |
| Senior Management (hourly) | 2.75 | 195.000 | $536.25 |
| Project Management (hourly) | 34 | 145.000 | $4,930.00 |
| Quality Assurance (hourly) | 4 | 155.000 | $620.00 |
| Technical Consulting (hourly) | 1.00 | 155.000 | $155.00 |
| Staff (hourly) | 56 | 50.000 | $2,800.00 |
| IVR and Line Maintenance (hourly) | 1 | 225.000 | $225.00 |
| Interactive Voice Response IVR (per minute) | 66 | 0.220 | $14.52 |
| 800 Number Charges (per minute) | 72.30 | 0.120 | $8.68 |
| Print and Mail Notice | 1.00 | 314.290 | $314.29 |
| Postage | 1 | 6,529.140 | $6,529.14 |
| Document Storage - Electronic | 6,651 | 0.002 | $13.30 |
| Document Storage - Paper | 1 | 1.500 | $1.50 |

| | | |
|---|---|---|
| **TOTAL** | | **$18,225.43** |

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| Lovell Stewart Halebian Jacobson LLP | INVOICE | 165436 |
|---|---|---|
| Christopher M. McGrath | PAGE | 1 of 1 |
| 61 Broadway Suite 501 | DATE | 5/29/2015 |
| New York, NY 10006 | CLIENT | 483360 |

# INVOICE

**JOB 50795**          **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Receive and Process Undeliverable Mail | 206 | 0.500 | $103.00 |
| Address Searches | 851 | 0.950 | $808.45 |
| Website Maintenance/Hosting | 1 | 150.000 | $150.00 |
| Csrs/Live Operators (hourly) | 7.25 | 85.000 | $616.25 |
| Image Claim Forms | 11,523 | 0.100 | $1,152.30 |
| Claim Processing | 68 | 125.000 | $8,500.00 |
| Project Management (hourly) | 3.75 | 145.000 | $543.75 |
| Quality Assurance (hourly) | 8.50 | 155.000 | $1,317.50 |
| Technical Consulting (hourly) | 15.25 | 155.000 | $2,363.75 |
| Staff (hourly) | 19.25 | 50.000 | $962.50 |
| IVR and Line Maintenance (monthly) | 1 | 150.000 | $150.00 |
| Interactive Voice Response IVR (per minute) | 103.14 | 0.220 | $22.69 |
| 800 Number Charges (per minute) | 303.12 | 0.120 | $36.37 |
| BBN Fees | 1.00 | 419.570 | $419.57 |
| Postage | 1 | 5.940 | $5.94 |
| Document Storage - Electronic | 11,523 | 0.002 | $23.05 |
| Document Storage - Paper | 2 | 1.500 | $3.00 |

|  | **TOTAL** | **$17,178.12** |
|---|---|---|

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| Lovell Stewart Halebian Jacobson LLP | INVOICE | 165829 |
| Christopher M. McGrath | PAGE | 1 of 1 |
| 61 Broadway Suite 501 | DATE | 6/30/2015 |
| New York, NY 10006 | CLIENT | 483360 |

# INVOICE

**JOB  50795**                    **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Website Maintenance/Hosting | 1 | 175.000 | $175.00 |
| Receive and Process Undeliverable Mail | 157 | 0.650 | $102.05 |
| Csrs/Live Operators (hourly) | 0.50 | 85.000 | $42.50 |
| Image Claim Forms | 560 | 0.120 | $67.20 |
| Claim Processing | 64 | 125.000 | $8,000.00 |
| Project Management (hourly) | 4 | 145.000 | $580.00 |
| Quality Assurance (hourly) | 29.50 | 155.000 | $4,572.50 |
| Technical Consulting (hourly) | 1.50 | 155.000 | $232.50 |
| Staff (hourly) | 3.00 | 50.000 | $150.00 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Interactive Voice Response IVR (per minute) | 14 | 0.420 | $5.88 |
| 800 Number Charges (per minute) | 24 | 0.120 | $2.88 |
| Document Storage - Electronic | 6,042 | 0.020 | $120.84 |
| Document Storage - Paper | 4 | 1.500 | $6.00 |

**TOTAL**                    **$14,247.35**

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| | | |
|---|---|---|
| Lovell Stewart Halebian Jacobson LLP | INVOICE | 166549 |
| Christopher M. McGrath | PAGE | 1 of 1 |
| 61 Broadway Suite 501 | DATE | 7/31/2015 |
| New York, NY 10006 | CLIENT | 483360 |

# INVOICE

**JOB  50795**            **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Website Maintenance/Hosting | 1 | 175.000 | $175.00 |
| Csrs/Live Operators (hourly) | 2 | 85.000 | $170.00 |
| Process Correspondence (hourly) | 7.50 | 85.000 | $637.50 |
| Image Claim Forms | 154 | 0.120 | $18.48 |
| Claim Processing | 65.20 | 125.000 | $8,150.00 |
| Plan of Allocation Programming and Testing (hourly) | 10.50 | 150.000 | $1,575.00 |
| Project Management (hourly) | 4.50 | 145.000 | $652.50 |
| Quality Assurance (hourly) | 20.50 | 155.000 | $3,177.50 |
| Technical Consulting (hourly) | 2.50 | 155.000 | $387.50 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Interactive Voice Response IVR (per minute) | 39.24 | 0.420 | $16.48 |
| 800 Number Charges (per minute) | 61 | 0.120 | $7.32 |
| Document Storage - Electronic | 6,118 | 0.020 | $122.36 |
| Document Storage - Paper | 2 | 1.500 | $3.00 |
| Post Office Box Rental | 1 | 780.000 | $780.00 |
| Misc Expenses - Barcode Labels | 1 | 250.000 | $250.00 |

|  | TOTAL | $16,312.64 |
|---|---|---|

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| | | | |
|---|---|---|---|
| Lovell Stewart Halebian Jacobson LLP | INVOICE | | 166969 |
| Christopher M. McGrath | PAGE | | 1 of 1 |
| 61 Broadway Suite 501 | DATE | | 8/31/2015 |
| New York, NY 10006 | CLIENT | | 483360 |

# INVOICE

**JOB 50795**          **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Website Maintenance/Hosting | 1 | 175.000 | $175.00 |
| Csrs/Live Operators (hourly) | 2 | 85.000 | $170.00 |
| Process Correspondence (hourly) | 4 | 85.000 | $340.00 |
| Image Claim Forms | 132 | 0.120 | $15.84 |
| Claim Processing | 57.50 | 125.000 | $7,187.50 |
| Project Management (hourly) | 7.00 | 145.000 | $1,015.00 |
| Quality Assurance (hourly) | 1.00 | 155.000 | $155.00 |
| Technical Consulting (hourly) | 8.50 | 155.000 | $1,317.50 |
| IVR and Line Mainteneance (monthly) | 1 | 190.000 | $190.00 |
| Interactive Voice Response IVR (per minute) | 186 | 0.420 | $78.12 |
| 800 Number Charges (per minute) | 73.00 | 0.120 | $8.76 |
| Document Storage - Electronic | 6,184 | 0.020 | $123.68 |
| Document Storage - Paper | 4 | 1.500 | $6.00 |

|  | TOTAL | $10,782.40 |
|---|---|---|

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| | | |
|---|---|---|
| Lovell Stewart Halebian Jacobson LLP | INVOICE | 167555 |
| Christopher M. McGrath | PAGE | 1 of 1 |
| 61 Broadway Suite 501 | DATE | 9/30/2015 |
| New York, NY 10006 | CLIENT | 483360 |

## INVOICE

**JOB  50795**                **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Csrs/Live Operators (hourly) | 0.50 | 85.000 | $42.50 |
| Process Correspondence (hourly) | 2 | 85.000 | $170.00 |
| Image Claim Forms | 113.00 | 0.120 | $13.56 |
| Claim Processing | 38 | 125.000 | $4,750.00 |
| Audits & QAQC | 34 | 125.000 | $4,250.00 |
| Project Management (hourly) | 14.50 | 145.000 | $2,102.50 |
| Technical Consulting (hourly) | 7.00 | 155.000 | $1,085.00 |
| Website Maintenance/Hosting | 1 | 175.000 | $175.00 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Interactive Voice Response IVR (per minute) | 36 | 0.420 | $15.12 |
| 800 Number Charges (per minute) | 56 | 0.120 | $6.72 |
| Document Storage - Electronic | 12,481 | 0.010 | $124.81 |
| Document Storage - Paper | 4 | 1.500 | $6.00 |

| | | |
|---|---|---|
| | TOTAL | $12,931.21 |

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| | | | |
|---|---|---|---|
| Lovell Stewart Halebian Jacobson LLP | INVOICE | | 168052 |
| Christopher M. McGrath | PAGE | | 1 of 1 |
| 61 Broadway Suite 501 | DATE | | 10/30/2015 |
| New York, NY 10006 | CLIENT | | 483360 |

# INVOICE

**JOB  50795**            **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Csr's/Live Operators (per hour) | 3.50 | 85.000 | $297.50 |
| Process Correspondence (hourly) | 3.00 | 85.000 | $255.00 |
| Image Claim Forms | 10 | 0.120 | $1.20 |
| Quality Assurance (hourly) | 47.50 | 125.000 | $5,937.50 |
| Project Management (hourly) | 5.50 | 145.000 | $797.50 |
| Technical Consulting (hourly) | 6 | 155.000 | $930.00 |
| Website Maintenance/Hosting (monthly) | 1 | 175.000 | $175.00 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Interactive Voice Response (per minute) | 21.00 | 0.420 | $8.82 |
| 800 Number Charges (per minute) | 40.20 | 0.120 | $4.82 |
| Document Storage - Electronic | 12,491 | 0.010 | $124.91 |
| Document Storage - Paper | 4 | 1.500 | $6.00 |

|  | **TOTAL** | **$8,728.25** |
|---|---|---|

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| | | |
|---|---|---|
| Lovell Stewart Halebian Jacobson LLP | INVOICE | 168375 |
| Christopher M. McGrath | PAGE | 1 of 1 |
| 61 Broadway Suite 501 | DATE | 11/30/2015 |
| New York, NY 10006 | CLIENT | 483360 |

# INVOICE

**JOB  50795**            **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Csr's/Live Operators (per hour) | 0.50 | 85.000 | $42.50 |
| Process Correspondence (hourly) | 2.60 | 85.000 | $221.00 |
| Document Imaging | 12 | 0.120 | $1.44 |
| Claim Processing (hourly) | 40 | 125.000 | $5,000.00 |
| Audit/Qaqc (hourly) | 91.20 | 125.000 | $11,400.00 |
| Project Management (hourly) | 6.80 | 145.000 | $986.00 |
| Technical Consulting (hourly) | 3.00 | 155.000 | $465.00 |
| Website Maintenance/Hosting (monthly) | 1 | 175.000 | $175.00 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Interactive Voice Response (per minute) | 16 | 0.420 | $6.72 |
| 800 Number Charges (per minute) | 26 | 0.120 | $3.12 |
| Document Storage - Electronic | 12,503 | 0.010 | $125.03 |
| Document Storage - Paper | 5 | 1.500 | $7.50 |

|  | **TOTAL** | **$18,623.31** |
|---|---|---|

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| Lovell Stewart Halebian Jacobson LLP | INVOICE | 168991 |
|---|---|---|
| Christopher M. McGrath | PAGE | 1 of 1 |
| 61 Broadway Suite 501 | DATE | 12/31/2015 |
| New York, NY 10006 | CLIENT | 483360 |

# INVOICE

**JOB  50795**          **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Csr's/Live Operators (per hour) | 1.00 | 85.000 | $85.00 |
| Process Correspondence (hourly) | 0.50 | 85.000 | $42.50 |
| Claim Processing (hourly) | 92.80 | 125.000 | $11,600.00 |
| Project Management (hourly) | 2.80 | 145.000 | $406.00 |
| Audit/Qaqc (hourly) | 7.00 | 125.000 | $875.00 |
| Website Maintenance/Hosting (monthly) | 1 | 175.000 | $175.00 |
| Interactive Voice Response (per minute) | 4 | 0.420 | $1.68 |
| 800 Number Charges (per minute) | 10 | 0.120 | $1.20 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| QSF Income Tax Reporting | 1 | 4,000.000 | $4,000.00 |
| Document Storage - Electronic | 12,503 | 0.010 | $125.03 |
| Document Storage - Paper | 5 | 1.500 | $7.50 |

|  | TOTAL | $17,508.91 |
|---|---|---|

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| | | |
|---|---|---|
| Lovell Stewart Halebian Jacobson LLP | INVOICE | 169495 |
| Christopher M. McGrath | PAGE | 1 of 1 |
| 61 Broadway Suite 501 | DATE | 1/31/2016 |
| New York, NY 10006 | CLIENT | 483360 |

# INVOICE

**JOB  50795**              **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Csr's/Live Operators (per hour) | 0.50 | 85.000 | $42.50 |
| Process Correspondence (hourly) | 0.50 | 85.000 | $42.50 |
| Claim Processing (hourly) | 1.00 | 125.000 | $125.00 |
| Audit/Qaqc (hourly) | 9.50 | 125.000 | $1,187.50 |
| Plan of Allocation Programming and Testing (hourly) | 2 | 135.000 | $270.00 |
| Project Management (hourly) | 7.50 | 145.000 | $1,087.50 |
| Website Maintenance/Hosting (monthly) | 1 | 175.000 | $175.00 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Interactive Voice Response (per minute) | 12 | 0.420 | $5.04 |
| 800 Number Charges (per minute) | 26 | 0.120 | $3.12 |
| Document Storage - Electronic | 12,504 | 0.010 | $125.04 |
| Document Storage - Paper | 5 | 1.500 | $7.50 |

|  | |
|---|---|
| **TOTAL** | **$3,260.70** |

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| | | |
|---|---|---|
| Lovell Stewart Halebian Jacobson LLP | INVOICE | 169928 |
| Christopher M. McGrath | PAGE | 1 of 1 |
| 61 Broadway Suite 501 | DATE | 2/29/2016 |
| New York, NY 10006 | CLIENT | 483360 |

# INVOICE

**JOB  50795**          **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Csr's/Live Operators (per hour) | 1.00 | 85.000 | $85.00 |
| Audit/Qaqc (hourly) | 14 | 125.000 | $1,750.00 |
| Project Management (hourly) | 6 | 145.000 | $870.00 |
| Website Maintenance/Hosting (monthly) | 1 | 175.000 | $175.00 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Interactive Voice Response (per minute) | 16 | 0.420 | $6.72 |
| 800 Number Charges (per minute) | 26 | 0.120 | $3.12 |
| Postage | 1 | 0.940 | $0.94 |
| Document Storage - Electronic | 12,504 | 0.010 | $125.04 |
| Document Storage - Paper | 5 | 1.500 | $7.50 |

| | |
|---|---|
| **TOTAL** | **$3,213.32** |

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| | | |
|---|---|---|
| Lovell Stewart Halebian Jacobson LLP | INVOICE | 170303 |
| Christopher M. McGrath | PAGE | 1 of 1 |
| 61 Broadway Suite 501 | DATE | 3/31/2016 |
| New York, NY 10006 | CLIENT | 483360 |

# INVOICE

**JOB  50795**              **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Receive and Process Undeliverable Mail | 71.00 | 0.500 | $35.50 |
| Website Maintenance/Hosting (monthly) | 1 | 175.000 | $175.00 |
| Csr's/Live Operators (per hour) | 0.50 | 85.000 | $42.50 |
| Process Correspondence (hourly) | 1.00 | 85.000 | $85.00 |
| Project Management (hourly) | 2.80 | 145.000 | $406.00 |
| Quality Assurance (hourly) | 1.00 | 125.000 | $125.00 |
| Postage | 1 | 0.940 | $0.94 |
| Interactive Voice Response (per minute) | 10 | 0.420 | $4.20 |
| 800 Number Charges (per minute) | 8 | 0.120 | $0.96 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Document Storage - Electronic | 12,512 | 0.010 | $125.12 |
| Document Storage - Paper | 5 | 1.500 | $7.50 |

| | |
|---|---|
| **TOTAL** | **$1,197.72** |

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
**Class Action Administration**
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| | | |
|---|---|---|
| Lovell Stewart Halebian Jacobson LLP | INVOICE | 170958 |
| Christopher M. McGrath | PAGE | 1 of 1 |
| 61 Broadway Suite 501 | DATE | 4/30/2016 |
| New York, NY 10006 | CLIENT | 483360 |

# INVOICE

**JOB  50795**              **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Website Maintenance/Hosting (monthly) | 1 | 175.000 | $175.00 |
| Csr's/Live Operators (per hour) | 0.40 | 85.000 | $34.00 |
| Document Imaging | 18 | 0.120 | $2.16 |
| Project Management (hourly) | 0.25 | 145.000 | $36.25 |
| Quality Assurance (hourly) | 18.25 | 125.000 | $2,281.25 |
| Postage | 1.00 | 0.470 | $0.47 |
| Interactive Voice Response (per minute) | 11.00 | 0.420 | $4.62 |
| 800 Number Charges (per minute) | 24 | 0.120 | $2.88 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Document Storage - Electronic | 12,521 | 0.010 | $125.21 |
| Document Storage - Paper | 5 | 1.500 | $7.50 |

|  | TOTAL | $2,859.34 |
|---|---|---|

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| | | | |
|---|---|---|---|
| Lovell Stewart Halebian Jacobson LLP | INVOICE | 171558 |
| Christopher M. McGrath | PAGE | 1 of 1 |
| 61 Broadway Suite 501 | DATE | 5/31/2016 |
| New York, NY 10006 | CLIENT | 483360 |

# INVOICE

**JOB 50795**           **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Receive and Process Undeliverable Mail | 324 | 0.500 | $162.00 |
| Website Maintenance/Hosting (monthly) | 1 | 175.000 | $175.00 |
| Csr's/Live Operators (per hour) | 0.80 | 85.000 | $68.00 |
| Process Correspondence (hourly) | 1.20 | 85.000 | $102.00 |
| Plan of Allocation Programming and Testing | 0.50 | 135.000 | $67.50 |
| Claim Processing (hourly) | 0.80 | 125.000 | $100.00 |
| Project Management (hourly) | 11.00 | 145.000 | $1,595.00 |
| Audit/Qaqc (hourly) | 90.50 | 125.000 | $11,312.50 |
| Interactive Voice Response (per minute) | 10 | 0.420 | $4.20 |
| 800 Number Charges (per minute) | 28 | 0.120 | $3.36 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Document Storage - Electronic | 12,521 | 0.010 | $125.21 |
| Document Storage - Paper | 5 | 1.500 | $7.50 |

| | TOTAL | $13,912.27 |
|---|---|---|

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| | | |
|---|---|---|
| Lovell Stewart Halebian Jacobson LLP | INVOICE | 172040 |
| Christopher M. McGrath | PAGE | 1 of 1 |
| 61 Broadway Suite 501 | DATE | 6/30/2016 |
| New York, NY 10006 | CLIENT | 483360 |

# INVOICE

**JOB  50795**              **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Remail Notice Updated Addresses | 650 | 0.890 | $578.50 |
| Website Maintenance/Hosting (monthly) | 1 | 175.000 | $175.00 |
| Csr's/Live Operators (per hour) | 9.40 | 85.000 | $799.00 |
| Receive, Prepare and Image Incoming Mail | 38 | 2.000 | $76.00 |
| Process Correspondence and Exclusion Requests (hourly) | 26.50 | 85.000 | $2,252.50 |
| Plan of Allocation Programming and Testing | 2 | 135.000 | $270.00 |
| Claim Processing (hourly) | 17.30 | 125.000 | $2,162.50 |
| Project Management (hourly) | 32.50 | 145.000 | $4,712.50 |
| Audit/Qaqc (hourly) | 60.40 | 125.000 | $7,550.00 |
| Print and Mail Deficiency/Ineligibility Notifications | 152 | 2.000 | $304.00 |
| Postage | 1 | 239.220 | $239.22 |
| Interactive Voice Response (per minute) | 74 | 0.420 | $31.08 |
| 800 Number Charges (per minute) | 122 | 0.120 | $14.64 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Document Storage - Electronic | 12,659 | 0.010 | $126.59 |
| Document Storage - Paper | 5 | 1.500 | $7.50 |

| | |
|---|---|
| **TOTAL** | **$19,489.03** |

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| Lovell Stewart Halebian Jacobson LLP | INVOICE | 172715 |
| Christopher M. McGrath | PAGE | 1 of 1 |
| 61 Broadway Suite 501 | DATE | 7/31/2016 |
| New York, NY 10006 | CLIENT | 483360 |

# INVOICE

**JOB  50795**                    **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Receive and Process Undeliverable Mail | 1.00 | 0.500 | $0.50 |
| Website Maintenance/Hosting (monthly) | 1 | 175.000 | $175.00 |
| Csr's/Live Operators (per hour) | 2.20 | 85.000 | $187.00 |
| Receive, Prepare and Image Incomng Mail | 18 | 2.000 | $36.00 |
| Process Correspondence | 36.40 | 85.000 | $3,094.00 |
| Plan of Allocation Programming and Testing | 4 | 135.000 | $540.00 |
| Project Management (hourly) | 6.80 | 145.000 | $986.00 |
| Audit/Qaqc (hourly) | 36.20 | 125.000 | $4,525.00 |
| Claim Processing (hourly) | 22.80 | 125.000 | $2,850.00 |
| Postage | 1 | 20.220 | $20.22 |
| Interactive Voice Response (per minute) | 14.20 | 0.420 | $5.96 |
| 800 Number Charges (per minute) | 56.40 | 0.120 | $6.77 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Document Storage - Electronic | 13,644 | 0.010 | $136.44 |
| Document Storage - Paper | 5 | 1.500 | $7.50 |

| | **TOTAL** | **$12,760.39** |
|---|---|---|

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| | | | |
|---|---|---|---|
| Lovell Stewart Halebian Jacobson LLP | INVOICE | | 173272 |
| Christopher M. McGrath | PAGE | | 1 of 1 |
| 61 Broadway Suite 501 | DATE | | 8/31/2016 |
| New York, NY 10006 | CLIENT | | 483360 |

# INVOICE

**JOB 50795**          **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Website Maintenance/Hosting (monthly) | 1 | 175.000 | $175.00 |
| Csr's/Live Operators (per hour) | 0.50 | 85.000 | $42.50 |
| Receive, Prepare and Image Incomng Mail | 2 | 1.000 | $2.00 |
| Process Correspondence  (hourly) | 3.00 | 85.000 | $255.00 |
| Project Management (hourly) | 1.00 | 145.000 | $145.00 |
| Audit/Qaqc (hourly) | 1.00 | 125.000 | $125.00 |
| Claim Processing (hourly) | 2.80 | 125.000 | $350.00 |
| Interactive Voice Response (per minute) | 5.20 | 0.420 | $2.18 |
| 800 Number Charges (per minute) | 2.60 | 0.120 | $0.31 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Document Storage - Electronic | 13,646 | 0.010 | $136.46 |
| Document Storage - Paper | 5 | 1.500 | $7.50 |

| | |
|---|---|
| **TOTAL** | **$1,430.96** |

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| | | | |
|---|---|---|---|
| Lovell Stewart Halebian Jacobson LLP | INVOICE | | 173755 |
| Christopher M. McGrath | PAGE | | 1 of 1 |
| 61 Broadway Suite 501 | DATE | | 9/30/2016 |
| New York, NY 10006 | CLIENT | | 483360 |

# INVOICE

**JOB  50795**                **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Website Maintenance/Hosting (monthly) | 1 | 175.000 | $175.00 |
| Csr's/Live Operators (per hour) | 0.50 | 85.000 | $42.50 |
| Process Correspondence and Exclusion Requests (hourly) | 1.00 | 85.000 | $85.00 |
| Project Management (hourly) | 7.80 | 145.000 | $1,131.00 |
| Audit/Qaqc (hourly) | 4.20 | 125.000 | $525.00 |
| Claim Processing (hourly) | 0.50 | 125.000 | $62.50 |
| Interactive Voice Response (per minute) | 3.40 | 0.420 | $1.43 |
| 800 Number Charges (per minute) | 10.60 | 0.120 | $1.27 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Document Storage - Electronic | 13,646 | 0.010 | $136.46 |
| Document Storage - Electronic | 5 | 1.500 | $7.50 |

| | | |
|---|---|---|
| | **TOTAL** | **$2,357.66** |

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| Lovell Stewart Halebian Jacobson LLP | INVOICE | 174604 |
| Christopher M. McGrath | PAGE | 1 of 1 |
| 61 Broadway Suite 501 | DATE | 10/31/2016 |
| New York, NY 10006 | CLIENT | 483360 |

# INVOICE

**JOB 50795**               **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Receive and Process Undeliverable Mail | 2 | 0.500 | $1.00 |
| Website Maintenance/Hosting (monthly) | 1 | 175.000 | $175.00 |
| Csr's/Live Operators (per hour) | 0.20 | 85.000 | $17.00 |
| Process Correspondence (hourly) | 5.20 | 85.000 | $442.00 |
| Plan of Allocation Programming and Testing | 2 | 135.000 | $270.00 |
| Project Management (hourly) | 8.70 | 145.000 | $1,261.50 |
| Quality Assurance (hourly) | 33.50 | 125.000 | $4,187.50 |
| Claim Processing (hourly) | 6.30 | 125.000 | $787.50 |
| Postage | 1 | 0.940 | $0.94 |
| Interactive Voice Response (per minute) | 2 | 0.420 | $0.84 |
| 800 Number Charges (per minute) | 2.80 | 0.120 | $0.34 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Document Storage - Electronic | 13,646 | 0.010 | $136.46 |
| Document Storage - Paper | 5 | 1.500 | $7.50 |

**TOTAL**          **$7,477.58**

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| | | | |
|---|---|---|---|
| Lovell Stewart Halebian Jacobson LLP | INVOICE | 175080 |
| Christopher M. McGrath | PAGE | 1 of 1 |
| 61 Broadway Suite 501 | DATE | 11/30/2016 |
| New York, NY 10006 | CLIENT | 483360 |

# INVOICE

JOB  50795               **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Receive and Process Undeliverable Mail | 1.00 | 0.500 | $0.50 |
| Website Maintenance/Hosting (monthly) | 1 | 175.000 | $175.00 |
| Csr's/Live Operators (per hour) | 0.30 | 85.000 | $25.50 |
| Receive, Prepare and Image Incomng Mail | 1.00 | 2.000 | $2.00 |
| Document Imaging | 9.00 | 0.120 | $1.08 |
| Process Correspondence and Exclusion Requests (hourly) | 10.50 | 85.000 | $892.50 |
| Project Management (hourly) | 4.50 | 145.000 | $652.50 |
| Claim Processing (hourly) | 4.50 | 125.000 | $562.50 |
| Audit/Qaqc (hourly) | 1.00 | 125.000 | $125.00 |
| Postage | 1 | 1.840 | $1.84 |
| Interactive Voice Response (per minute) | 14 | 0.420 | $5.88 |
| 800 Number Charges (per minute) | 14 | 0.120 | $1.68 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Document Storage - Electronic | 13,662 | 0.010 | $136.62 |
| Document Storage - Paper | 5 | 1.500 | $7.50 |

**TOTAL**               **$2,780.10**

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| | | | |
|---|---|---|---|
| Lovell Stewart Halebian Jacobson LLP | INVOICE | 175330 |
| Christopher M. McGrath | PAGE | 1 of 1 |
| 61 Broadway Suite 501 | DATE | 12/31/2016 |
| New York, NY 10006 | CLIENT | 483360 |

# INVOICE

**JOB 50795**             **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Receive and Process Undeliverable Mail | 2 | 0.500 | $1.00 |
| Website Maintenance/Hosting (monthly) | 1 | 175.000 | $175.00 |
| Csr's/Live Operators (per hour) | 0.50 | 85.000 | $42.50 |
| Receive, Prepare and Image Incomng Mail | 1.00 | 2.000 | $2.00 |
| Document Imaging | 62 | 0.120 | $7.44 |
| Process Correspondence (hourly) | 0.80 | 85.000 | $68.00 |
| Project Management (hourly) | 1.20 | 145.000 | $174.00 |
| Audit/Qaqc (hourly) | 2.80 | 125.000 | $350.00 |
| Claim Processing (hourly) | 2.80 | 125.000 | $350.00 |
| Interactive Voice Response (per minute) | 3.00 | 0.420 | $1.26 |
| 800 Number Charges (per minute) | 12 | 0.120 | $1.44 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Document Storage - Electronic | 13,697 | 0.010 | $136.97 |
| Document Storage - Paper | 5 | 1.500 | $7.50 |
| QSF Income Tax Reoprting | 1 | 4,000.000 | $4,000.00 |

|  |  |
|---|---|
| **TOTAL** | **$5,507.11** |

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| | | | |
|---|---|---|---|
| Lovell Stewart Halebian Jacobson LLP | INVOICE | | 175912 |
| Christopher M. McGrath | PAGE | | 1 of 1 |
| 61 Broadway Suite 501 | DATE | | 1/31/2017 |
| New York, NY 10006 | CLIENT | | 483360 |

# INVOICE

**JOB  50795**             **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Receive and Process Undeliverable Mail | 2 | 0.500 | $1.00 |
| Website Maintenance/Hosting (monthly) | 1 | 175.000 | $175.00 |
| Csr's/Live Operators (per hour) | 0.80 | 85.000 | $68.00 |
| Receive, Prepare and Image Incomng Mail | 1.00 | 2.000 | $2.00 |
| Process Correspondence and Exclusion Requests (hourly) | 1.20 | 85.000 | $102.00 |
| Project Management (hourly) | 0.80 | 145.000 | $116.00 |
| Audit/Qaqc (hourly) | 0.50 | 125.000 | $62.50 |
| Claim Processing (hourly) | 14.30 | 125.000 | $1,787.50 |
| Interactive Voice Response (per minute) | 12 | 0.420 | $5.04 |
| 800 Number Charges (per minute) | 13.00 | 0.120 | $1.56 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Document Storage - Electronic | 13,698 | 0.010 | $136.98 |
| Document Storage - Paper | 5 | 1.500 | $7.50 |

|  | **TOTAL** | **$2,655.08** |
|---|---|---|

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| | | |
|---|---|---|
| Lovell Stewart Halebian Jacobson LLP | INVOICE | 176478 |
| Christopher M. McGrath | PAGE | 1 of 1 |
| 61 Broadway Suite 501 | DATE | 2/28/2017 |
| New York, NY 10006 | CLIENT | 483360 |

# INVOICE

**JOB  50795**                    **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Website Maintenance/Hosting (monthly) | 1 | 175.000 | $175.00 |
| Csr's/Live Operators (per hour) | 0.50 | 85.000 | $42.50 |
| Process Correspondence and Exclusion Requests (hourly) | 4.80 | 85.000 | $408.00 |
| Project Management (hourly) | 1.50 | 145.000 | $217.50 |
| Audit/Qaqc (hourly) | 11.00 | 125.000 | $1,375.00 |
| Claim Processing (hourly) | 5.20 | 125.000 | $650.00 |
| Interactive Voice Response (per minute) | 2 | 0.420 | $0.84 |
| 800 Number Charges (per minute) | 12 | 0.120 | $1.44 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Document Storage - Electronic | 13,698 | 0.010 | $136.98 |
| Document Storage - Paper | 6 | 1.500 | $9.00 |

|  | |
|---|---|
| **TOTAL** | **$3,206.26** |

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| | | | |
|---|---|---|---|
| Lovell Stewart Halebian Jacobson LLP | INVOICE | | 177288 |
| Christopher M. McGrath | PAGE | | 1 of 1 |
| 61 Broadway Suite 501 | DATE | | 3/31/2017 |
| New York, NY 10006 | CLIENT | | 483360 |

# INVOICE

**JOB  50795**            **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Website Maintenance/Hosting (monthly) | 1 | 175.000 | $175.00 |
| Process Correspondence and Exclusion Requests (hourly) | 0.80 | 85.000 | $68.00 |
| Plan of Allocation Programming and Testing | 1.50 | 135.000 | $202.50 |
| Project Management (hourly) | 1.80 | 145.000 | $261.00 |
| Audit/Qaqc (hourly) | 16 | 125.000 | $2,000.00 |
| Claim Processing (hourly) | 1.20 | 125.000 | $150.00 |
| Interactive Voice Response (per minute) | 2 | 0.420 | $0.84 |
| 800 Number Charges (per minute) | 3.00 | 0.120 | $0.36 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Document Storage - Electronic | 13,698 | 0.010 | $136.98 |
| Document Storage - Paper | 6 | 1.500 | $9.00 |

| | | |
|---|---|---|
| | **TOTAL** | **$3,193.68** |

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| Lovell Stewart Halebian Jacobson LLP | INVOICE | 177627 |
|---|---|---|
| Christopher M. McGrath | PAGE | 1 of 1 |
| 61 Broadway Suite 501 | DATE | 4/30/2017 |
| New York, NY 10006 | CLIENT | 483360 |

# INVOICE

**JOB  50795**          **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Website Maintenance/Hosting (monthly) | 1 | 175.000 | $175.00 |
| Csr's/Live Operators (per hour) | 0.20 | 85.000 | $17.00 |
| Process Correspondence (hourly) | 0.80 | 85.000 | $68.00 |
| Project Management (hourly) | 8 | 145.000 | $1,160.00 |
| Staff (hourly) | 5.80 | 85.000 | $493.00 |
| Audit/Qaqc (hourly) | 0.20 | 125.000 | $25.00 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Document Storage - Electronic | 13,698 | 0.010 | $136.98 |
| Document Storage - Paper | 6 | 1.500 | $9.00 |

| | TOTAL | $2,273.98 |
|---|---|---|

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| Lovell Stewart Halebian Jacobson LLP | INVOICE | 178322 |
| Christopher M. McGrath | PAGE | 1 of 1 |
| 61 Broadway Suite 501 | DATE | 5/31/2017 |
| New York, NY 10006 | CLIENT | 483360 |

# INVOICE

**JOB 50795**          **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Website Maintenance/Hosting (monthly) | 1 | 175.000 | $175.00 |
| Csr's/Live Operators (per hour) | 0.40 | 85.000 | $34.00 |
| Project Management (hourly) | 0.50 | 145.000 | $72.50 |
| Interactive Voice Response (per minute) | 9.00 | 0.420 | $3.78 |
| 800 Number Charges (per minute) | 14 | 0.120 | $1.68 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Document Storage - Electronic | 13,698 | 0.010 | $136.98 |
| Document Storage - Paper | 6 | 1.500 | $9.00 |

|  | **TOTAL** | **$622.94** |
|---|---|---|

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| | | |
|---|---|---|
| Lovell Stewart Halebian Jacobson LLP | INVOICE | 178765 |
| Christopher M. McGrath | PAGE | 1 of 1 |
| 61 Broadway Suite 501 | DATE | 6/30/2017 |
| New York, NY 10006 | CLIENT | 483360 |

# INVOICE

**JOB  50795**          **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Website Maintenance/Hosting (monthly) | 1 | 175.000 | $175.00 |
| Process Correspondence (hourly) | 0.20 | 85.000 | $17.00 |
| Project Management (hourly) | 1.50 | 145.000 | $217.50 |
| Staff (hourly) | 0.50 | 85.000 | $42.50 |
| 800 Number Charges (per minute) | 2 | 0.120 | $0.24 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Document Storage - Electronic | 13,698 | 0.010 | $136.98 |
| Document Storage - Paper | 6 | 1.500 | $9.00 |

| | |
|---|---|
| **TOTAL** | **$788.22** |

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
**Class Action Administration**
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| Lovell Stewart Halebian Jacobson LLP | INVOICE | 179212 |
|---|---|---|
| Christopher M. McGrath | PAGE | 1 of 1 |
| 61 Broadway Suite 501 | DATE | 7/31/2017 |
| New York, NY 10006 | CLIENT | 483360 |

# INVOICE

**JOB  50795**          **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Website Maintenance/Hosting (monthly) | 1 | 175.000 | $175.00 |
| Document Imaging | 16 | 0.120 | $1.92 |
| Process Correspondence (hourly) | 0.50 | 85.000 | $42.50 |
| Project Management (hourly) | 3.50 | 145.000 | $507.50 |
| Staff (hourly) | 0.20 | 85.000 | $17.00 |
| Interactive Voice Response (per minute) | 3.00 | 0.420 | $1.26 |
| 800 Number Charges (per minute) | 2 | 0.120 | $0.24 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Document Storage - Electronic | 13,706 | 0.010 | $137.06 |
| Document Storage - Paper | 6 | 1.500 | $9.00 |

|  | **TOTAL** | **$1,081.48** |
|---|---|---|

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| Lovell Stewart Halebian Jacobson LLP | INVOICE | 180058 |
|---|---|---|
| Christopher M. McGrath | PAGE | 1 of 1 |
| 61 Broadway Suite 501 | DATE | 8/31/2017 |
| New York, NY 10006 | CLIENT | 483360 |

# INVOICE

**JOB 50795**          **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Receive and Process Undeliverable Mail | 1.00 | 0.500 | $0.50 |
| Website Maintenance/Hosting (monthly) | 1 | 175.000 | $175.00 |
| Csr's/Live Operators (per hour) | 0.25 | 85.000 | $21.25 |
| Receive, Prepare and Image Incomng Mail | 16 | 2.000 | $32.00 |
| Document Imaging | 56 | 0.120 | $6.72 |
| Process Correspondence (hourly) | 2.75 | 85.000 | $233.75 |
| Project Management (hourly) | 15.50 | 145.000 | $2,247.50 |
| Quality Assurance (hourly) | 1.00 | 125.000 | $125.00 |
| Postage | 1 | 198.960 | $198.96 |
| Interactive Voice Response (per minute) | 4 | 0.420 | $1.68 |
| 800 Number Charges (per minute) | 8 | 0.120 | $0.96 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Document Storage - Electronic | 13,762 | 0.010 | $137.62 |
| Document Storage - Paper | 6 | 1.500 | $9.00 |

|  | **TOTAL** | **$3,379.94** |
|---|---|---|

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| | | |
|---|---|---|
| Lovell Stewart Halebian Jacobson LLP | INVOICE | 180293 |
| Christopher M. McGrath | PAGE | 1 of 1 |
| 61 Broadway Suite 501 | DATE | 9/30/2017 |
| New York, NY 10006 | CLIENT | 483360 |

# INVOICE

**JOB  50795**          **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Website Maintenance/Hosting (monthly) | 1 | 175.000 | $175.00 |
| Csr's/Live Operators (per hour) | 2.25 | 85.000 | $191.25 |
| Document Imaging | 6 | 0.120 | $0.72 |
| Process Correspondence (hourly) | 2.50 | 85.000 | $212.50 |
| Project Management (hourly) | 1.00 | 145.000 | $145.00 |
| Receive, Prepare and Image Incomng Mail | 2 | 2.000 | $4.00 |
| Quality Assurance (hourly) | 0.25 | 125.000 | $31.25 |
| Claim Processing (hourly) | 2 | 125.000 | $250.00 |
| Staff (hourly) | 2 | 85.000 | $170.00 |
| Interactive Voice Response (per minute) | 12 | 0.420 | $5.04 |
| 800 Number Charges (per minute) | 32 | 0.120 | $3.84 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Document Storage - Electronic | 13,762 | 0.010 | $137.62 |
| Document Storage - Paper | 6 | 1.500 | $9.00 |

| | |
|---|---|
| **TOTAL** | **$1,525.22** |

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| | | | |
|---|---|---|---|
| Lovell Stewart Halebian Jacobson LLP | INVOICE | | 180982 |
| Christopher M. McGrath | PAGE | | 1 of 1 |
| 61 Broadway Suite 501 | DATE | | 10/31/2017 |
| New York, NY 10006 | CLIENT | | 483360 |

# INVOICE

**JOB  50795**              **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Website Maintenance/Hosting (monthly) | 1 | 175.000 | $175.00 |
| Receive, Prepare and Image Incomng Mail | 2 | 2.000 | $4.00 |
| Document Imaging | 16 | 0.120 | $1.92 |
| Process Correspondence (hourly) | 1.00 | 85.000 | $85.00 |
| Project Management (hourly) | 10 | 145.000 | $1,450.00 |
| Audit/Qaqc (hourly) | 29.50 | 125.000 | $3,687.50 |
| Interactive Voice Response (per minute) | 8 | 0.420 | $3.36 |
| 800 Number Charges (per minute) | 10 | 0.120 | $1.20 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Document Storage - Electronic | 13,784 | 0.010 | $137.84 |
| Document Storage - Paper | 6 | 1.500 | $9.00 |

| | | |
|---|---|---|
| **TOTAL** | | **$5,744.82** |

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
**Class Action Administration**
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| | | |
|---|---|---|
| Lovell Stewart Halebian Jacobson LLP | INVOICE | 181453 |
| Christopher M. McGrath | PAGE | 1 of 1 |
| 61 Broadway Suite 501 | DATE | 11/30/2017 |
| New York, NY 10006 | CLIENT | 483360 |

# INVOICE

**JOB  50795**                **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Website Maintenance/Hosting (monthly) | 1 | 175.000 | $175.00 |
| Receive, Prepare and Image Incomng Mail | 4 | 2.000 | $8.00 |
| Document Imaging | 1,580 | 0.120 | $189.60 |
| Process Correspondence (hourly) | 0.50 | 85.000 | $42.50 |
| Project Management (hourly) | 5.50 | 145.000 | $797.50 |
| Quality Assurance (hourly) | 4.50 | 125.000 | $562.50 |
| Interactive Voice Response (per minute) | 6 | 0.420 | $2.52 |
| 800 Number Charges (per minute) | 22 | 0.120 | $2.64 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Document Storage - Electronic | 13,804 | 0.010 | $138.04 |
| Document Storage - Paper | 6 | 1.500 | $9.00 |

|  |  |
|---|---|
| **TOTAL** | **$2,117.30** |

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| | | | |
|---|---|---|---|
| Lovell Stewart Halebian Jacobson LLP | INVOICE | | 181868 |
| Christopher M. McGrath | PAGE | | 1 of 1 |
| 61 Broadway Suite 501 | DATE | | 12/31/2017 |
| New York, NY 10006 | CLIENT | | 483360 |

# INVOICE

**JOB 50795**             **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Website Maintenance/Hosting (monthly) | 1 | 175.000 | $175.00 |
| QSF Income Tax Reoprting | 1 | 2,400.000 | $2,400.00 |
| Project Management (hourly) | 4 | 145.000 | $580.00 |
| Quality Assurance (hourly) | 0.50 | 125.000 | $62.50 |
| Interactive Voice Response (per minute) | 2 | 0.420 | $0.84 |
| 800 Number Charges (per minute) | 8 | 0.120 | $0.96 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Document Imaging | 10 | 0.120 | $1.20 |
| Document Storage - Electronic | 13,813 | 0.010 | $138.13 |
| Document Storage - Paper | 6 | 1.500 | $9.00 |

| | | |
|---|---|---|
| | **TOTAL** | **$3,557.63** |

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| Lovell Stewart Halebian Jacobson LLP | INVOICE | 182201 |
|---|---|---|
| Christopher M. McGrath | PAGE | 1 of 1 |
| 61 Broadway Suite 501 | DATE | 1/31/2018 |
| New York, NY 10006 | CLIENT | 483360 |

# INVOICE

**JOB  50795**            **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Website Maintenance/Hosting (monthly) | 1 | 175.000 | $175.00 |
| Csr's/Live Operators (per hour) | 1.50 | 85.000 | $127.50 |
| Process Correspondence and Exclusion Requests (hourly) | 2 | 85.000 | $170.00 |
| Project Management (hourly) | 8.50 | 145.000 | $1,232.50 |
| Staff (hourly) | 1.00 | 85.000 | $85.00 |
| Interactive Voice Response (per minute) | 12 | 0.420 | $5.04 |
| 800 Number Charges (per minute) | 10 | 0.120 | $1.20 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Document Storage - Electronic | 13,813 | 0.010 | $138.13 |
| Document Storage - Paper | 6 | 1.500 | $9.00 |

|  | **TOTAL** | **$2,133.37** |
|---|---|---|

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| Lovell Stewart Halebian Jacobson LLP | INVOICE | 182980 |
|---|---|---|
| Christopher M. McGrath | PAGE | 1 of 1 |
| 61 Broadway Suite 501 | DATE | 2/28/2018 |
| New York, NY 10006 | CLIENT | 483360 |

# INVOICE

**JOB 50795**               **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Website Maintenance/Hosting (monthly) | 1 | 175.000 | $175.00 |
| Csr's/Live Operators (per hour) | 0.50 | 85.000 | $42.50 |
| Project Management (hourly) | 8.50 | 145.000 | $1,232.50 |
| Audit/Qaqc (hourly) | 6.50 | 125.000 | $812.50 |
| Interactive Voice Response (per minute) | 12 | 0.420 | $5.04 |
| 800 Number Charges (per minute) | 44 | 0.120 | $5.28 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Document Storage - Electronic | 13,813 | 0.010 | $138.13 |
| Document Storage - Paper | 6 | 1.500 | $9.00 |

|  | **TOTAL** | **$2,609.95** |
|---|---|---|

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| Lovell Stewart Halebian Jacobson LLP | INVOICE | 183403 |
|---|---|---|
| Christopher M. McGrath | PAGE | 1 of 1 |
| 61 Broadway Suite 501 | DATE | 3/31/2018 |
| New York, NY 10006 | CLIENT | 483360 |

# INVOICE

**JOB  50795**            **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Website Maintenance/Hosting (monthly) | 1 | 175.000 | $175.00 |
| Csr's/Live Operators (per hour) | 0.50 | 85.000 | $42.50 |
| Document Imaging | 15 | 0.120 | $1.80 |
| Project Management (hourly) | 3.50 | 145.000 | $507.50 |
| Interactive Voice Response (per minute) | 10 | 0.420 | $4.20 |
| 800 Number Charges (per minute) | 40 | 0.120 | $4.80 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Document Storage - Electronic | 13,828 | 0.010 | $138.28 |
| Document Storage - Paper | 6 | 1.500 | $9.00 |

|  | | |
|---|---|---|
| **TOTAL** | | **$1,073.08** |

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| | | |
|---|---|---|
| Lovell Stewart Halebian Jacobson LLP | INVOICE | 183967 |
| Christopher M. McGrath | PAGE | 1 of 1 |
| 61 Broadway Suite 501 | DATE | 4/30/2018 |
| New York, NY 10006 | CLIENT | 483360 |

# INVOICE

**JOB  50795**              **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Website Maintenance/Hosting (monthly) | 1 | 175.000 | $175.00 |
| Csr's/Live Operators (per hour) | 0.50 | 85.000 | $42.50 |
| Project Management (hourly) | 18.50 | 145.000 | $2,682.50 |
| Interactive Voice Response (per minute) | 12 | 0.420 | $5.04 |
| 800 Number Charges (per minute) | 24 | 0.120 | $2.88 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Document Storage - Electronic | 13,828 | 0.010 | $138.28 |
| Document Storage - Paper | 6 | 1.500 | $9.00 |

| | |
|---|---|
| **TOTAL** | **$3,245.20** |

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| | | | |
|---|---|---|---|
| Lovell Stewart Halebian Jacobson LLP | INVOICE | 184489 |
| Christopher M. McGrath | PAGE | 1 of 1 |
| 61 Broadway Suite 501 | DATE | 5/31/2018 |
| New York, NY 10006 | CLIENT | 483360 |

# INVOICE

**JOB  50795**            **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Website Maintenance/Hosting (monthly) | 1 | 175.000 | $175.00 |
| Project Management (hourly) | 7.50 | 145.000 | $1,087.50 |
| Interactive Voice Response (per minute) | 4 | 0.420 | $1.68 |
| 800 Number Charges (per minute) | 8 | 0.120 | $0.96 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Document Storage - Electronic | 13,828 | 0.010 | $138.28 |
| Document Storage - Paper | 6 | 1.500 | $9.00 |

| | |
|---|---|
| **TOTAL** | **$1,602.42** |

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| | | | |
|---|---|---|---|
| Lovell Stewart Halebian Jacobson LLP | INVOICE | | 184904 |
| Christopher M. McGrath | PAGE | | 1 of 1 |
| 61 Broadway Suite 501 | DATE | | 6/30/2018 |
| New York, NY 10006 | CLIENT | | 483360 |

# INVOICE

**JOB  50795**                    **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Website Maintenance/Hosting (monthly) | 1 | 175.000 | $175.00 |
| Csr's/Live Operators (per hour) | 0.50 | 85.000 | $42.50 |
| Project Management (hourly) | 0.50 | 145.000 | $72.50 |
| Interactive Voice Response (per minute) | 10 | 0.420 | $4.20 |
| 800 Number Charges (per minute) | 20 | 0.120 | $2.40 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Document Storage - Electronic | 13,828 | 0.010 | $138.28 |
| Document Storage - Paper | 6 | 1.500 | $9.00 |
| GDPR Compliance | 1 | 100.000 | $100.00 |
| GDPR Compliance - System Support | 1 | 165.000 | $165.00 |

| | |
|---|---|
| **TOTAL** | **$898.88** |

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT

**A.B. DATA, LTD.**
Class Action Administration
600 A.B. Data Drive
Milwaukee, WI 53217
414-961-7523
accounting@abdataclassaction.com
abdataclassaction.com



| Lovell Stewart Halebian Jacobson LLP | INVOICE | 185241 |
|---|---|---|
| Christopher M. McGrath | PAGE | 1 of 1 |
| 61 Broadway Suite 501 | DATE | 7/25/2018 |
| New York, NY 10006 | CLIENT | 483360 |

# INVOICE

**JOB  50795**                 **PLATINUM FUTURES**

| DESCRIPTION | QTY | PRICE | AMOUNT |
|---|---|---|---|
| Website Maintenance/Hosting (monthly) | 1 | 175.000 | $175.00 |
| Csr's/Live Operators (per hour) | 0.25 | 85.000 | $21.25 |
| Receive, Prepare and Image Incomng Mail | 1 | 2.000 | $2.00 |
| Project Management (hourly) | 17.75 | 145.000 | $2,573.75 |
| Quality Assurance (hourly) | 3.50 | 125.000 | $437.50 |
| Staff (hourly) | 2.50 | 85.000 | $212.50 |
| Interactive Voice Response (per minute) | 8 | 0.420 | $3.36 |
| 800 Number Charges (per minute) | 24 | 0.120 | $2.88 |
| IVR and Line Maintenance (monthly) | 1 | 190.000 | $190.00 |
| Document Imaging | 6 | 0.120 | $0.72 |
| Document Storage - Electronic | 13,834 | 0.010 | $138.34 |
| Document Storage - Paper | 6 | 1.500 | $9.00 |

|  | **TOTAL** | **$3,766.30** |
|---|---|---|

**MAIL CHECKS TO**
PO Box 170062, Milwaukee, WI 53217
Make checks payable to A.B. DATA, LTD.

**SEND WIRES TO**
US BANK, N.A.
400 W. Brown Deer Road, Bayside, WI 53217
Routing Number 075000022
Account Number 182377466541 (AB Data, Ltd.)
Swift Code USBKUS44IMT



**A.B. Data, Ltd.**
Class Action Administration Company
600 A.B. Data Drive
Milwaukee, WI 53217

Date:      July 25, 2018
Project:   Platinum Futures

| Distribution Estimate | Quantity | Rate ($) | Estimated Cost ($) |
|---|---|---|---|
| **Class Member Correspondence** | | | |
| Processing of Correspondence *(hourly)* | 20 | 45 | 900 |
| **Fund Distribution** | | | |
| Plan-of-Allocation Programming and Testing *(hourly)* | 8 | 150 | 1,200 |
| Distribution Setup | 1 | 1,500 | 1,500 |
| Receipt and Processing of Undeliverable Checks | 40 | 3.25 | 130 |
| Bank Account Reconciliation *(2 accounts/monthly)* | 24 | 175 | 4,200 |
| **Project Management and Reporting** | | | |
| Project Management *(hourly)* | 40 | 145 | 5,800 |
| System Support *(hourly)* | 10 | 165 | 1,650 |
| Quality Assurance *(hourly)* | 10 | 145 | 1,450 |
| Staff *(hourly)* | 15 | 75 | 1,125 |
| **Printing and Mailing** | | | |
| Printing and Mailing of Checks - MF Global (minimum) | 1 | 750 | 750 |
| Printing and Mailing of Checks - Moore (minimum) | 1 | 750 | 750 |
| Reissuance of Checks to Updated Addresses | 40 | 4.50 | 180 |
| Postage - Checks | 402 | 0.48 | 192.96 |
| **Website and Telephone Support/Charges** | | | |
| Website Maintenance/Hosting *(monthly)* | 12 | 150 | 1,800 |
| Interactive Voice Response (IVR) *(per minute)* | 200 | 0.42 | 84 |
| CSRs/Live Operators *(per hour)* | 25 | 45 | 1,125 |
| 800 Number Charges *(per minute)* | 1,700 | 0.12 | 204 |
| IVR and Line Maintenance *(monthly)* | 12 | 150 | 1,800 |
| **Fund Administration** | | | |
| QSF Income Tax Reporting (2018, 2019) | 2 | 2,250 | 4,500 |
| **Miscellaneous Expenses** | | | |
| Post Office Box Rental/Renewal *(annual)* | 1 | 1,190 | 1,190 |
| Check-Processing Fee *(per check)* | 402 | 0.15 | 60.30 |
| Bank Account Fees | 12 | 175 | 2,100 |
| Document Storage - Electronic ($0.01 per page/per month) | 13,828 | 0.01 x 18 | 2,489.04 |
| Document Storage - Paper ($1.50 per box/per month) | 6 | 1.50 x 18 | 162 |
| Other Miscellaneous Expenses, including labels, supplies, shipping and handling, bank charges and other miscellaneous charges and expenses | | | 250 |
| **Total Estimated Project Cost** | | $ | 35,592.30 |