**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In Re: Platinum And Palladium Commodities Litigation* | Master File No. 10 Civ. 3617 (WHP) |
| This Document Relates To:<br><br>  Platinum/Palladium Physical Action | Physical Plaintiffs' Supplemental Memorandum Of Law in Support of Plaintiffs' Motion for Order to Distribute Settlement Funds |

The Physical Plaintiffs ("Plaintiffs") submit this memorandum in further support of their motion to distribute the net settlement funds (ECF Nos. 336, 337, 338) and to provide the Court with (1) the resolution reached as result of the mediation with Professor Francis McGovern (the "Mediator"). *See* Exhibit 1 (Mediator's Status Report re Settlement Stipulation).

A mediated resolution of this matter was reached only immediately prior to this Court-ordered filing. Accordingly, revised proposed distribution orders will be filed with the Court as soon as practicable incorporating the mediated resolution. If the Court accepts the results of the mediation and otherwise grants the relief sought by Physical Plaintiffs' distribution motion, (i) eligible claimants are projected to receive a payout of approximately 88% of the value of their "net artificiality paid" (or "NAP") after payment of previously-requested costs and fees, which concerns 90% of the net settlement proceeds, and (ii) the two late physical claimants who participated in the mediation shall participate in net settlement proceeds.

I.     **The Mediation**

Pursuant to the Court's December 27 Order, a mediation took place on January 22, 2019 in New York City. The Mediator, Lead Counsel for the Physical Plaintiffs on behalf of eligible Class Claimants and on behalf of eligible Late Claimants, counsel for the Moore Defendants, and counsel and participants for Corning participated in the mediation. Following the January 22, 2019 mediation session, continuous, contentious, and ongoing mediation negotiations ensued between and among the Mediator and those parties eligible to participate in the Court-ordered mediation. A stipulated mediated resolution was not reached until just moments ago.

The Court-ordered mediation was conducted at arm's length, and was both vigorous and contentious. The resolution reached as a result of the negotiations is reflected in Exhibit 1 hereto. Among other things, the two eligible Physical Late Claimants who participated in the mediation

shall be accepted for purposes of sharing in the net settlement proceeds of the Moore Settlement and the MF Global settlement. Further, eligible Physical claimants who participated in the mediation shall receive approximately 88% of their NAP after the payment of the previously-requested costs and fees.

**II.     Conclusion**

Plaintiffs and those parties eligible to participate in the Court-ordered mediation respectfully request the Court accept the mediated resolution, and enter (1) the proposed revised distribution order for the Moore Settlement, (2) the proposed revised distribution order for the MF Global Settlement, and (3) proposed order approving the Plan of Allocation for the remaining seven percent of the net settlement funds for both Settlements; the orders effectuating this mediated resolution will be submitted to the Court as soon as practicable.  These orders effectuating the Court-ordered mediated resolution were not submitted with this report and memorandum because the mediated resolution in the Physical Class matter was not reached until moments before this filing.

Dated:  January 31, 2019                                                 Respectfully submitted,

DOYLE LOWTHER LLP

*/s/ John Lowther*

John A. Lowther
William J. Doyle
Christopher C. Cantrell
4400 NE 77th Ave., Suite 275
Vancouver, WA 98662
(360) 818-9320 phone
(360) 450-3116 fax

*Class Counsel for Physical Plaintiffs and the Physical Class*