UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In Re: Platinum and Palladium Commodities Litigation*<br><br>This Document Relates To:<br><br>    Platinum/Palladium Futures Action | MASTER FILE<br>No. 10 Civ. 3617 (WHP) |

### ~~[PROPOSED]~~ ORDER FOR DISTRIBUTION OF NET SETTLEMENT FUND FOR THE MOORE SETTLEMENT

WHEREAS, the Court previously granted final approval (ECF No. 293) of the Stipulation and Agreement of Settlement between the Futures Plaintiffs ("Plaintiffs"), the Moore Defendants[1] and defendant Joseph Welsh ("Moore Settlement") (ECF No. 141-1);

WHEREAS, the Court-appointed Settlement Administrator, A.B. Data, Ltd. ("AB Data"), has made its final determinations concerning proofs of claim submitted by persons seeking to share in the net settlement proceeds from the Moore Settlement;

WHEREAS, on July 27, 2018 Plaintiffs filed a motion seeking approval for a distribution of the net settlement funds ("Distribution Motion");

WHEREAS, the Distribution Motion and its supporting papers, including AB Data's final determinations, have been posted on the official website for the Moore Settlement;

WHEREAS, on December 27, 2018 the Court ordered certain parties and claimants to mediate certain issues concerning late but otherwise valid claims;

WHEREAS, on January 31, 2019 Plaintiffs filed a supplemental memorandum in further support of the Distribution Motion detailing the results of the Court-ordered mediation;

---

[1] The "Moore Defendants" are Moore Capital Management, LP, Moore Capital Management, LLC, Moore Capital Advisors, LLC, Moore Advisors, Ltd., Moore Macro Fund, LP, Moore Global Fixed Income Master Fund, LP, Christopher Pia, Louis Bacon and Eugene Burger.

1

WHEREAS, the Plaintiffs' supplemental memorandum has been posted on the official website for the Moore Settlement;

WHEREAS the Court issued a Memorandum & Order dated March 1, 2019 (ECF No. 368) granting in part and denying in part Plaintiffs' distribution motion and directing counsel to file revised proposed orders reflecting the determinations in the Court's Memorandum & Order; and

WHEREAS, the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.  The Court approves the administrative determinations of the Court-appointed Settlement Administrator, AB Data, concerning the proofs of claim submitted by claimants as set forth in the declaration of Eric J. Miller of AB Data dated July 27, 2018 ("Miller Declaration") and submitted in connection with the Distribution Motion.

2.  The Court further finds that the determinations made by AB Data with respect to proofs of claim and the distribution of the Net Settlement Fund for the Moore Settlement based on AB Data's calculations and determinations are all fair, reasonable and adequate to the Futures Class and are hereby approved.

3.  Accordingly, the Court directs the distribution of the Net Settlement Fund for the Moore Settlement—after deducting the amounts referenced in ¶¶4-8 below—to the claimants who have submitted claims that AB Data has determined to be eligible to share in the Net Settlement Fund for the Moore Settlement and in such shares as set forth in the Miller Declaration.  This includes the 171 claims that AB Data originally determined to be late but

otherwise valid and were later accepted as a result of the Court-ordered mediation.[2] With respect to the one remaining late but otherwise claim submitted by FideliTrade, Inc. (claim number 21454738-0), the Court accepts this claim for purposes of participating in the Moore Settlement and accepts this claim for purposes of calculating the Moore Defendants' reversionary interest.

4. The Court hereby approves payment of incentive awards from the Settlement Fund for the Moore Settlement to the three Court-appointed representatives of the Futures Class—Harry Ploss, The Stuart Sugarman Trust and Richard White—in an aggregate amount of $35,000. The Court finds such award fair, reasonable and adequate.

5. The Court hereby approves payment of $118,509.93 from the Settlement Fund for the Moore Settlement to the Court-appointed counsel for the Futures Class, Lovell Stewart Halebian Jacobson LLP, for attorneys' fees incurred in connection with the settlement administration process. The Court also approves a further payment to Lovell Stewart from the Settlement Fund for the Moore Settlement in an amount equal to $9,385.68 [WHP] ~~$9,385.69~~, i.e., 68.6% of the Mediator's fees and expenses for his services rendered in connection with the Court-ordered mediation. The Court finds such payments are fair, reasonable and adequate.

6. The Court hereby approves payment of $226,372.20 from the Settlement Fund for the Moore Settlement to the Court-appointed Settlement Administrator, AB Data, for the balance of its outstanding fees and expenses incurred in connection with its provision of notice to the Futures Class and the administration of the Moore Settlement. The Court further approves payment of up to an additional $24,419.33 in fees and expenses from the Settlement Fund for the Moore Settlement to AB Data, which AB Data estimates it will incur as a result of effecting the

---

[2] On December 27, 2018, the Court ordered that five claims originally identified by AB Data as late but otherwise valid be reclassified as timely and eligible. ECF No. 362, p. 1. The claim numbers for these five claims are 21454730, 25289484, 25289487, 25289489, and 25289490. Id.

3

distribution of the Net Settlement Fund for the Moore Settlement pursuant to this Order and otherwise finalizing the administration of the Moore Settlement. If AB Data incurs fees and expenses in an amount less than $24,419.33, then the remaining funds shall revert back to the settlement fund and be made available for further distribution. *See* ¶11 below.

7. The Court hereby approves a reversion payment to Moore Capital pursuant to Section 12 of the Moore Settlement. The reversion payment shall be calculated by AB Data as set forth in paragraph 10(d) below.

8. The Court hereby approves a "reserve fund" in the amount of $250,000, which shall consist of post-reversion payment settlement funds.

9. As soon as practicable after sixty (60) days from the entry of this Order, the Clerk of the Court is directed to disburse funds to AB Data from the Court Registry Investment System ("CRIS") account previously established for the Futures Action in the amount of $37,312,937.26 plus 90% of any income that has been earned on the foregoing amount since it was deposited into the CRIS account. The remaining 10% of any such income shall be retained as an investment fee pursuant to Local Civil Rule 67.1. The foregoing disbursement shall be made by wire transfer to an escrow account established by AB Data for purposes of distributing the settlement proceeds of the Moore Settlement as directed by this Order. Lovell Stewart shall provide wire instructions for such account to the Clerk of the Court. AB Data shall act as escrow agent for the settlement funds that are the subject of this paragraph for the benefit of the Futures Class and pursuant to the previously executed escrow agreement dated March 14, 2014 and attached as exhibit C to the Moore Settlement.

10. As soon as practicable after receipt of the settlement funds that are the subject of ¶9 above, AB Data shall disburse such funds as directed by ¶¶3-7 of this Order. Specifically:

a. AB Data shall disburse an aggregate payment of $35,000 to the three class representatives (*see* ¶4 above);

b. AB Data shall disburse a payment of $118,509.93 to Lovell Stewart plus ~~$9,385.69~~ [handwritten: 19,385.68] as reimbursement for its payment of the Mediator's fees and expenses (*see* ¶5 above);

c. AB Data shall disburse a payment of $226,372.20 to itself (*see* ¶6 above) and may also reserve $24,419.33 for purposes of future payments as set forth in ¶6 above;

d. The Moore net settlement fund shall be equal to the funds in the Moore CRIS account that are transferred to the escrow account maintained by AB Data pursuant to ¶9 above plus the $125,614.24 remaining in the settlement administration escrow account (*see* Distribution Motion, fn. 7), less the Court-approved distributions in sub-paragraphs 10(a), (b) and (c) above. AB Data shall disburse a reversion payment to the Moore Defendants (*see* ¶7 above) to be calculated by AB Data as follows. First, subtract the total NAP for all timely and eligible claimants as approved by the Court (including the claim submitted by FideliTrade, Inc. (claim number 21454738-0)) from 90% of the Moore net settlement fund (*i.e.*, the Moore settlement funds allocated to pay NAP). Second, reduce the resulting difference by 50% and then subtract $200,000.00;

e. AB Data shall withhold from distribution and retain $250,000 in settlements funds as a "reserve fund" (which, again, shall consist of post-reversion funds); and

f. The remaining settlement funds in the escrow account shall be distributed to the claimants who have submitted claims that AB Data has determined to be eligible to share in the Net Settlement Fund for the Moore Settlement and in such shares as set forth in the Miller Declaration.

11. In the event the distribution contemplated by this Order does not result in a full and final distribution of all settlement funds associated with the Moore Settlement, then Lovell Stewart shall report back to the Court and seek approval for a final distribution of the remaining settlement monies.

12. The Court hereby bars any further claims against the settlement fund created by the Moore Settlement.

13. AB Data and Lovell Stewart are directed to execute this Order and shall not be liable to Class members or claimants for any reason in executing and complying with this Order.

**IT IS SO ORDERED**.

DATED: __March 11_____, 2019

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.